# **Exhibit 7**

# Employer's Pro Se Motion for Relief from Judgement and Order dated July 14, 2017

 UNIVERSITY
*of* HAWAI'I
MĀNOA

**John A. Burns School of Medicine**
**Office of the Dean**
**Office of Medical Education**

651 Ilalo Street, Medical Education Building, Room 307
Honolulu, Hawai'i 96813-5534
An Equal Opportunity/Affirmative Action Institution

July 14, 2017

Counsel for Litigation
U.S. Department of Labor, Office of the Solicitor
Division of Employment and Training Legal Services
Room N-2101, FPB
200 Constitution Avenue, NW
Washington, DC 20210

RE:     <u>Pro Se Motion for Relief from Judgement and Order and Personal letter from alien beneficiary</u>

     **BALCA Case Number:   2012-PER-02131**
     **ETA Case Number:     A-10344-38244**
     **In the Matter of University of Hawaii, Employer on behalf of Ya-Wen Hsiao, Alien**

Dear Sir/Madam,

Enclosed please find a copy of the timely filed <u>Pro Se Motion for Relief from Judgement and</u> Order and a personal letter from the alien beneficiary filed with the Chief Docket Clerk at:

Office of Administrative Law Judges
Board of Alien Labor Certification Appeals
800 K Street, NW
Suite 400N
Washington, DC 20001-8002

Sincerely,

William. F. Haning, III, MD
Professor and Program Director, Addiction Psychiatry/Addiction Medicine

John A. Burns School of Medicine
University of Hawai'i
651 Ilalo Street, Medical Education Building
Honolulu, Hawai'i 96813-5534



UNIVERSITY
*of* HAWAI'I
MĀNOA

John A. Burns School of Medicine
Office of the Dean
Office of Medical Education

651 Ilalo Street, Medical Education Building, Room 307
Honolulu, Hawai'i 96813-5534
An Equal Opportunity/Affirmative Action Institution

# SERVICE SHEET

Case Name:            University of Hawaii

Case Number:          2012-PER-02131

Document Title:       Pro Se Motion for Relief from Judgement and Order and Personal letter
from alien beneficiary

BALCA Case Number: 2012-PER-02131

ETA Case Number: A-10344-38244

In the Matter of University of Hawaii, Employer on

behalf of Ya-Wen Hsiao, Alien

I hereby certify that a copy of the above-referenced documents was sent to the following this
14th day of July, 2017 by FedEx Overnight.

Counsel for Litigation
U.S. Department of Labor, Office of the Solicitor
Division of Employment and Training Legal Services
Room N-2101, FPB
200 Constitution Avenue, NW
Washington, DC 20210
(Hard Copy – FedEx Overnight)

Most Honorable Chief Judge Stephen Henley
Office of Administrative Law Judges
Board of Alien Labor Certification Appeals
800 K Street, NW
Suite 400N
Washington, DC 20001-8002
(Hard Copy – FedEx Overnight)

William. F. Haning, III, MD
Professor and Program Director, Addiction Psychiatry/Addiction Medicine

John A. Burns School of Medicine
University of Hawai`i
651 Ilalo Street, Medical Education Building
Honolulu, Hawai'i 96813-5534



**UNIVERSITY**
*of* HAWAI'I
MĀNOA

John A. Burns School of Medicine
Office of the Dean
**Office of Medical Education**
651 Ilalo Street, Medical Education Building, Room 307
Honolulu, Hawai'i 96813-5534
An Equal Opportunity Affirmative Action Institution

July 14, 2017

The Most Honorable Chief Judge Stephen Henley
Office of Administrative Law Judges
Board of Alien Labor Certification Appeals
800 K Street, NW
Suite 400N
Washington, DC 20001-8002

RE:   <u>Pro Se Motion for Relief from Judgement and Order and Personal letter from alien beneficiary</u>
**BALCA Case Number:   2012-PER-02131**
**ETA Case Number:      A-10344-38244**
**In the Matter of University of Hawaii, Employer on behalf of Ya-Wen Hsiao, Alien**

Dear Sir/Madam,

Enclosed please find the Pro Se Motion for Relief from Judgement and Order and Personal Letter from Alien beneficiary in connection with the above-referenced case. Please contact me if you require any additional information.

William. F. Haning, III, MD
Professor and Program Director, Addiction Psychiatry/Addiction Medicine

John A. Burns School of Medicine
University of Hawai'i
651 Ilalo Street, Medical Education Building
Honolulu, Hawai'i 96813-5534



UNIVERSITY
*of* HAWAI'I
MĀNOA

John A. Burns School of Medicine
Office of the Dean
Office of Medical Education
651 Ilalo Street, Medical Education Building, Room 307
Honolulu, Hawai'i 96813-5534
An Equal Opportunity Affirmative Action Institution

# SERVICE SHEET

Case Name:                    University of Hawaii

Case Number:                 2012-PER-02131

Document Title:              Pro Se Motion for Relief from Judgement and Order and Personal Letter
from Alien beneficiary

BALCA Case Number: 2012-PER-02131

ETA Case Number: A-10344-38244

In the Matter of University of Hawaii, Employer on

behalf of Ya-Wen Hsiao, Alien

I hereby certify that a copy of the above-referenced document was sent to the following this 14th day of July, 2017 by FedEx Overnight.

Counsel for Litigation
U.S. Department of Labor, Office of the Solicitor
Division of Employment and Training Legal Services
Room N-2101, FPB
200 Constitution Avenue, NW
Washington, DC 20210
(Hard Copy – FedEx Overnight)

Most Honorable Chief Judge Stephen Henley
Office of Administrative Law Judges
Board of Alien Labor Certification Appeals
800 K Street, NW
Suite 400N
Washington, DC 20001-8002
(Hard Copy – FedEx Overnight)

William. F. Haning, III, MD
Professor and Program Director, Addiction Psychiatry/Addiction Medicine

John A. Burns School of Medicine
University of Hawai'i
651 Ilalo Street, Medical Education Building
Honolulu, Hawai'i 96813-5534



**UNIVERSITY**
*of* HAWAI'I
MĀNOA

John A. Burns School of Medicine
Office of the Dean
Office of Medical Education

651 Ilalo Street, Medical Education Building, Room 307
Honolulu, Hawai'i 96813-5534
An Equal Opportunity/Affirmative Action Institution

Department of Labor
Board of Alien Labor Certification Appeals

The Most Honorable Judge Stephen Henley
Chief Administrative Law Judge and Chair of the Board of Alien Labor Certification Appeals

BALCA Case Number: 2012-PER-02131
ETA Case Number: A-10344-38244

July 14, 2017

In the Matter of Permanent Labor Certification Application of

University of Hawaii

On Behalf of

Ya-Wen Hsiao

## Pro Se Motion for Relief from Judgement and Order

We respectfully petition and request a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure to the Chief Administrative Law Judge, the most honorable Judge Henley for relief from the Decision and Order for the instant case dated November 16, 2016 and the Order Denying Petition for En Banc Review dated March 29, 2017.

## Background

On November 16, 2016, a three-member panel of the BALCA issued a Decision and Order on the instant case. The employer filed a timely petition for En Banc review of the Decision and a motion for equitable relief. On March 29, 2017, the BALCA issued an order denying the petition for review but did not address the motion that was requested for in the petition. There were also no named judges on the order as was the standard procedures in past cases when an En Banc review petition was being adjudicated. (Exhibit A) The order appeared to be a "boiler plate" response. On April 5, 2017, the alien Ms. Hsiao called the OALJ office to request the names of the judges who were in the En Banc panel and was told that there were no judges involved. On April 17, 2017, the employer called the office to verify this statement and was given the same information. Ms. Hsiao and the employer, surprised at the answer then initiated a Freedom of Information Act Request to the OALJ to gather more information as to the procedures that were

- 1 -

used. In the process of the documents being released, it was evident that the chances for successful granting of En Banc review has dramatically changed. The responsive documentation also showed that there were only two responses from the call to vote from the Deputy Secretary. There was no evidence through the responsive documents released to the alien that any member of the En Banc panel considered or voted on the motion that the employer requested. The employer through a letter from Associate Chief Judge for Immigration, Judge Almanza also discovered that the En Banc procedures which were adopted on January 7, 2015 were never published. (Exhibit A) The final release of the FOIA documents were received on July 3, 2017.

Discussion

The board in Benish Corporation, 2011-PER-00510 (October 18, 2012) stated that because BALCA's rules of practice and procedure does not contain a provision on motions to reopen a case, it looks to the The Federal Rules of Civil Procedure for guidance. The Federal Rules of Civil Procedure Rule 60 states:

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> …
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The rules on timing states that the motion for relief under Rule 60 must be made within a year of the order and as such, this motion is timely filed. The employer presents the following reasons why the employer believes that the prior orders should be vacated and relief from those orders be granted to the employer.

*Rule 60(b)(1) and 60(b)(6) – Mistake, Inadvertence, Surprise, or excusable neglect; any other reason that justifies relief*

> A) Substantive En Banc Procedures were never published; the employer was not aware of rules that directly would have changed the legal strategy in appealing the instant case.

The Employer was not aware of the procedural changes in the En Banc process that was used by the board. This is significant because if the employer knew that the possibility of En Banc review has dramatically changed, the whole strategy of how to proceed with the appeals would have been different. In particular, the employer would have considered to initially request a motion for reconsideration within ten days of the original three judge panel order (80 Federal Register 28767, 29 CFR 18.93). It is an absolute surprise that the En Banc Procedures have changed, and there was no way that the employer would have known about this because all prior cases after

the procedural changes has not listed the judges involved. The only conceivable way for the employer to "deduce" the current process was to sift through the OALJ website and read the prior En Banc Decisions. Even so, this would have not been possible because there had been no En Banc review granted since the new En Banc procedures were adopted. This is in addition to the fact that these procedures were not published anywhere and the employer only found out from doing a FOIA request. As well as confirmation of this from Judge Almanza's letter.

B) The nine judge panel made a mistake in not considering and ruling on the motion that was clearly articulated in the Petition for En Banc review

The En Banc panel's lack of discussion, consideration and ruling for the motion that was clearly stated in the En Banc petition was a mistake. (Exhibit B – documenting only two votes without any consideration or opinion from anyone on the panel with regards to the equitable relief asked.) Prior to the procedures that was adopted in January of 2015, the five judge panels in the past have addressed other motions or issues that were presented. It was clear from these other cases and that the arguments and distinct facts and situations of those cases were considered in the respective employer's En Banc Petitions

*Benish Corporation, 2011-PER-00510 (October 18, 2012)* – Discussing at length whether FRCP rule 60 applies to the issues at hand. En Banc petition also asked for equitable relief and the panel addressed this.

*Amazon Global Resources, 2011-PER-02476 (May 13, 2013)* - Noting and discussing employer's assertion that it was not given an opportunity to present a brief

*PJ Clake's on the Hudson, 2010-PER-00064 (April 5, 2011)* – Noting that the counsel for the employer misstated the legal requirements for notice under 20 CFR 656.10 (d)

The employer at this point have no way of knowing Mr. Harry Shienfeld's recommendation because it was redacted, but as for the two judges that voted, there was no indication that the motion in the petition was voted on or discussed.

C) The threshold for En Banc review being necessary to secure or maintain uniformity of the Board's decisions has been met as described and pointed out in the petition for En Banc.

The Denial for En Banc review did not address or explain why the instant case is distinguishable from IBM Corporation, 2011-PER-01264 (August 23, 2012). The facts of the case are point for point identical. The indistinguishable nature of these two cases is the quintessential demonstration of "en banc consideration is necessary to secure or maintain uniformity of the Board's decisions" Again, there was no indication of consideration or discussion of this in the records that were released.

D) The original decision and order had factual and adjudicative errors which were clearly not typographical errors.

i)   The original decision and order dated November 16, 2016 stated material and adjudicative facts wrong. The panel incorrectly stated that a second audit notification was requested on February 18, 2011. The statement of facts also stated that the employer replied on March 1, 2011. Due process demands correct and undisputable finding of facts. The footnote on page two of the order shows that the panel was clearly operating on the assumption that the Certifying Officer gave the employer another chance to comply with the second audit request. Attached is Exhibit C which demonstrates that the employer actually followed up with ETA well over a year after the initial audit request then the ETA requesting another copy of the complete audit response as opposed to what the original panel stated. Appeal File (AF 35) and (AF 36) will also prove that the dates were a mistake, as well as AF 131 which is the mailing envelope with the postmarked date of March 5, 2012.

ii)  On the decision and order, that panel stated that "the record *unambiguously* demonstrates that the CO refused to consider the Employer's new evidence"

We strongly disagree. On the final determination, the CO stated "**Since the advertisement on the employer's website** contained a wage less than the offered wage as listed on the ETA Form 9089, the certifying officer has determined this reason for denial as valid in accordance with Departmental Regulations at 20 CFR 656.17(f)(7)"

It is logically fallacious and intellectually dishonest to state that there was no website posting because the employer cannot prove it, reject the evidence, then say the employer posted something wrong on its website. Using the first reason for denial as a basis for the second reason by the CO is the very antithesis of unambiguous.

*Rule 60(b)(5) - the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable:*

A)   In CB & I, 2015-PER-000005 (December 30, 2016), the very same panel reversed a denial of certification which by if that standard of deliberation that was applied, should have reversed the instant case. The panel accepted not only a statement that was not in existence during the time of application, it was just the body of the advertisement from "Career Builder" pointing to their internal website. By the same analysis, the instant case has Ms. Signe Nakayama signing form 9089, the Notice of Filing and other documents, and Dr. Damon Sakai attesting to the posting in the recruitment report in addition to the campus placement ad that has the body of the website advertisement that has a direct link to the original posting and the newspaper ad directing applicants to the website. Applying the denial prospectively to this case is clearly not equitable. It is not point for point indistinguishable, because there is even more evidence in the record for the instant case that shows that there was a website posting, but the standard applied to the reversal in CB & I was clearly lower than the instant case.

### Relief sought

The employer would like to respectfully petition the Chief Judge to vacate both orders and to assign the instant case to a different panel to review the case with a new review and impartial view.

It would not be equitable to request this motion to the nine judge panel because the employer believes that the rules were changed without notice on a such a substantive procedure that it would be clearly unfair to request this relief from that panel. This was also the reason for addressing this motion for relief to the Chief Judge as opposed to the nine-judge panel.

It would also be untenable in the employers' opinion, to return the instant case to the original panel because as stated in the Employer's En Banc petition, apart from the factual and adjudicative errors, with evidence, the employer has demonstrated that the original panel has shown favoritism towards the certifying officer in the instant case. This in addition to the complete appellate procedures being inconsistent from past procedures.

We respectfully ask these in the interest of justice or in the alternative, a just and fair solution to the issues presented. Thank you.

William. F. Haning, III, MD
Professor and Program Director, Addiction Psychiatry/Addiction Medicine

John A. Burns School of Medicine
University of Hawai'i
651 Ilalo Street, Medical Education Building
Honolulu, Hawai'i 96813-5534


Cc:

Counsel for Litigation
U.S. Department of Labor, Office of the Solicitor
Division of Employment and Training Legal Services
Room N-2101, FPB
200 Constitution Avenue, NW
Washington, DC 20210
{hard copy – FedEx Overnight}

July 14, 2017

The Most Honorable Judge Stephen Henley

Chief Administrative Law Judge and Chair of the Board of Alien Labor Certification Appeals

Aloha,

My name is Ya-Wen Hsiao and my friends and colleagues call me Sarah. I moved to this country, particularly to Hawaii in 2003. I met the love of my life the second day I arrived here and from that day on, I had no doubt I was "home". I earned my Master Degree in Information Systems and was blessed with the opportunity to work for University of Hawaii. It has been 14 years since I have built a life here. Hawaii is what I consider my home, 14 years in any place will make you fall in love with the people and the place. If you have been to Hawaii and felt how special the "Aloha spirit" is, you will understand what I mean.

In 2011, an opportunity came up for me to serve John A. Burns School of Medicine as an Educational Technology Specialist. I took this opportunity in to be able to file for the PERM process, but on the other hand, the labor union rules do not allow us to do a "labor market test", this means, I had to quit my then current position and re-apply as a regular applicant at the risk of not being the chosen candidate and losing everything. I took that risk and went through the bona fide recruitment process as demanded by the policies of the labor union and the university.

The following events that followed has been, in my opinion, a series of mistakes and injustices that continues to frustrate, confuse and sadden me to this day. First, the CO essentially loses our audit response, in which the original panel basically dismissed by stating significant dates and adjudicative facts wrong. Second, the panel allowed a denial reason to be used as sword on one hand and a shield on another. There is absolutely no sense in saying "there is no proof of a website posting" on the first denial reason, then saying "you posted something wrong on your website" on another. This is like a prosecutor having evidence thrown out, then using the same evidence to convict someone. After the denial of En Banc review, my employer and I deemed it so unlikely that our arguments were not on point that we called the office and was given erroneous information. Not only did we find a case that was point for point indistinguishable compared to our case, we also pointed out due process issues on the consideration of facts. On getting more information from my FOIA request, we then find out that the En Banc review rules have been changed so dramatically that it was essentially impossible to get an En Banc review approved and there was absolutely no evidence that any judge considered our motions that was in the petition for En Banc review. There were 2 judges that voted, not even enough for a "quorum" based on the old procedure of 5 judges, and one judge decided on voting to deny it in less than 20 minutes from the sending of the request to vote. Additionally, our motion was ignored and was not addressed at all.

Your honor, I introduced myself, described my history and attached pictures (on page 3) of me and my husband to let you know that I do not expect to have special treatment if the rules are fair and to put a face to this. I have no problems with following the rules, I have waited for more than 7 years over adjudicating this case. We have gone through the reconsideration and motions, but these motions would all be moot if the people who are expected to impartially consider the facts and situations of the case, ignore it. We live

in a civil society and you and your colleagues, as judges, are the pillars of that. Going through five miscarriages and my husband now battling stage 4 terminal cancer and currently on my sixth pregnancy, I know and accept that life is never fair. What I refuse to accept is that the court system carries that injustice. It is in your office that justice is meant to be served, it is your office and the judges in it that ensures that the system is fair. It is the judges that enforces that intellectual honesty and justice is served. That the rule of law is upheld fairly.

I implore you and your office to consider the motion that my employer has filed. I plead with you to read the facts of the case as outlined in our petition for En Banc review. I write this letter, not to ask for pity, as I have said, I have accepted that life is not fair. What I do want to impress upon you and your office is that I am more than a number, I am more than a case file. Behind the 200 or so pages of the record and Appeal File is a hopeful mother, a grieving wife and a caregiver who fights a terrible disease together with her husband every day. I do not demand to deserve an outright reversal. Right from the beginning, all we wanted was a fair and honest hearing of our case. At the very least, my future, my unborn child's future and the life of my husband which depends on this deserves more than "silence". At the very least, this case deserves more than 20 minutes of consideration. Judges are human beings too, and so I appeal to your humanity and honor to recognize that the decision that you or your colleagues impose impacts us much more than the word "denied". I do not yet know what I would do if this was not successful, the implications of this case is of such an incomprehensible magnitude that my mind still cannot grasp it. My current working visa status expires in less than two months and we are in limbo right now.

I apologize from the bottom of my heart if this letter does not rise to the professionalism or legal intellectual level that you are used to. I am just a lay person trying my best to understand the legalities of this with the support of my employer. We have tried to ask many lawyers and every single one would not meet us because they would not believe our story, I pray that with the record in front of you, that you will.

With warm Aloha


Ya-Wen Hsiao



Joined and endorsed by


William. F. Haning, III, MD



Baby ultrasound at 18 weeks





Husband at treatment for cancer

Exhibit   A

**U.S. Department of Labor**

Board of Alien Labor Certification Appeals
800 K Street, NW, Suite 400-N
Washington, DC  20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



JUN 0 6 2017

Ms. Yawen Hsiao
651 Ilalo St., MEB 307
Honolulu, HI  96813

     Subject:  BALCA En Banc Voting Procedures

Dear Ms. Hsiao:

     Thank you for your email inquiry to Todd R. Smyth on June 5, 2017.  Mr. Smyth has brought it to my attention as I am the Associate Chief Administrative Law Judge ("ALJ") who currently manages the operations of the Board of Alien Labor Certification Appeals ("BALCA" or "Board") under the direction of the Chief ALJ, Stephen R. Henley.  Your email indicates that in a telephone call, our receptionist gave you incorrect information about the Board's process for reviewing petitions for en banc review.  Please accept my apology on behalf of the Board for this error.

     Under the en banc procedure used by the Board at the time of receipt of the petition for en banc review in *University of Hawai'i*, 2012-PER-02131, when the Board received a petition for en banc review, the Board's paralegal, Carla Thomas, used an online application to randomly select eight BALCA ALJs to consider the petition.  The Chief ALJ, as Chair of BALCA, reviewed all en banc petitions.  Thus, there was a nine ALJ panel who considered the petition.  As you can see from the documents sent to you with the FOIA response, the ALJs who considered the petition in *University of Hawai'i*, 2012-PER-02131, were Chief ALJ Henley, District Chief ALJ Geraghty, and ALJs Price, Barto, Kennington, Romero, Calianos, Rosen and Rosenow.  Under the voting procedure, the petition would be automatically denied at the end of the voting period unless a majority of the en banc panel voted to grant the petition.  In the *University of Hawai'i* matter, no ALJs voted to grant en banc review.  The Order Denying En Banc Review was issued by Mr. Smyth as the Secretary to the Board.  Mr. Smyth's role in issuing the Order, however, was ministerial; he played no part in deciding whether to grant or deny the petition.

     You are correct that the Board's procedure for considering en banc petitions has changed over the years, and that at one time, only five ALJs considered en banc petitions and a vote sheet was used to record a "yes" or "no" vote.  You are also correct that the Board's internal procedures for voting on en banc petitions are not published.

     I again apologize for the incorrect information you were given by our receptionist.  I will address this matter with her so that a similar incident does not happen again.

Ms. Yawen Hsaio
Subject:  BALCA En Banc Voting Procedures
Page 2


Additionally, I would like to note that the Order Denying En Banc Review in your case did not list the ALJs who reviewed the petition.  The Board's staff has been directed to list the reviewing ALJs in such documents in the future.

As to the other parts of your email to Mr. Smyth about the continuation of your FOIA request, I will defer to the FOIA officers for a response.

Sincerely,

Paul R. Almanza
Associate Chief Administrative Law Judge for
Longshore and Immigration

Exhibit  B

**U.S. Department of Labor**

Office of Administrative Law Judges
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



June 30, 2017

Ya-Wen Hsiao
651 Illalo St., MEB 307
Honolulu, HI 96813

Subject:                  FOIA No. F2017-830108
                          Final Release of Responsive Documents

Dear Ms. Hsiao,

This is the final release of documents in response to your Freedom of Information Act (FOIA) request, received by the Office of Administrative Law Judges (OALJ) on May 9, 2017. Your FOIA request involved four appeals before Board of Alien Labor Certification Appeals (BALCA): *University of Hawaii*, 2012-PER-02131; *The China Press*, 2011-PER-02924; *Symantec Corp.*, 2011-PER-01856; and *CB&I Inc.*, 2015-PER-00005.

*Background*

In the initial release on May 30, 2017, OALJ provided you with documents in OALJ's custody regarding the four BALCA appeals, including Appeal Files transferred from the Certifying Officer, copies of the documents issued by BALCA in regard to those cases, and internal memoranda and other documents relating to assignment of the three-judge and en banc panels.

For the initial release, OALJ had not yet attempted a dedicated search for documents other than those stated above because most of the remaining documents would involve the judges' deliberations on these cases (i.e., draft decisions, legal memoranda, and emails between judges and staff such as law clerks, etc.). You were provided a costs estimate for searching for these additional materials, and notified you that you would have to pay for search costs even if most, if not all documents located were withheld based on the FOIA Exemption 5, deliberative process privilege. In a June 7, 2017 email, you indicated that you understood that deliberative process materials would be withheld, but that you would like continue the search for additional materials, albeit limited to the *University of Hawaii*, 2012-PER-02131 case. You agreed to pay up to $700 to continue the search. In subsequent emails, you noted your expectation that in applying deliberative process privilege, OALJ would apply the distinction between deliberative and factual materials. OALJ agreed that factual portions of otherwise deliberative materials that are segregable should be released, but OALJ noted that the caselaw recognizes that the factual/deliberative distinction is not a rigid rule, and that the very act of distilling facts can be an exercise of judgment and interpretation by agency personnel.

This is to reiterate that judicial deliberations may be the quintessential example of deliberative process. Judges need to be able to communicate frankly with support staff without fear that their deliberations will be later released. Such releases would chill communications and make judicial deliberations less efficient. Thus, OALJ firmly applies EX 5 deliberative process privilege.

*The search*

To complete this FOIA search, all judges who participated in the three-judge panel review, and the nine-judge en banc review panel , and their legal and clerical staffs, were asked to search their files for any documents relating to the *University of Hawaii* appeal beyond the materials which had already been provided to you. The Board's paralegal and senior attorneys at BALCA headquarters were also asked to search their files for similar documents.

*The documents located*

Two categories of documents were located.

The first category involves communications between the judges and support staff, both legal and clerical, from assignment through disposition of the en banc petition. Everything located in this category was in the form of emails and attachments to those emails. Redactions were made of information from these emails under FOIA EX 5 when they may have identified which support staff worked on the matter,[1] or when there were deliberative communications about the appeal. Some of the redacted communications included statements about the facts of the appeal; but these were not purely factual materials that could be segregated without revealing the judges' or support staff's exercise of judgment and interpretation of case. Draft decisions attached to the emails were withheld in their entirety under EX 5.

The second category involves case management materials maintained by the Board's senior attorneys and paralegal who work for the Associate Chief Judge for Immigration These materials are used to monitor the location and status of appeals, and to assist in case assignments. Prior to late 2016, an Excel spreadsheet was used to maintain this information. There are several copies of this Excel spreadsheet in existence. Included in the responsive materials are excerpts from spreadsheets specific to the *University of Hawaii* appeal. These excerpts are part of a very large spreadsheet covering the docketed cases at the time. The excerpts cover several dates so that you can see what they looked like on those dates. The FOIA disclosure officer was informed that there are other existing copies of the spreadsheet, but they have identical information. Redactions to these materials were made for the column that identified the issue in the appeal. These identifications are done by the legal staff of BALCA and represent their mental impression of the main issue or issues in the appeal. As such, they are deliberative process materials protected from release by FOIA EX 5.

---

[1] *See Brinton v. Dep't of State*, 636 F.2d 600, 604 (D.C. Cir. 1980) (protecting identities of attorneys who provided legal advice to Secretary of State).

Also included in the responsive materials is an excerpt from BALCA's internal SharePoint site. The Excel spreadsheets were imported into SharePoint in late 2016 and maintenance of the spreadsheet discontinued. Unlike the Excel spreadsheets, SharePoint is constantly updated. Thus, what is being provided in the FOIA response materials is the entry for the *University of Hawaii* appeal on the date the search was conducted (June 12, 2017). The "Issue" column was redacted under EX 5 for the same reason as the redactions from the Excel spreadsheet excerpts.

*Costs*

When the search instructions were distributed to the judges and staff, they were asked to accurately track their search time and report back to the FOIA disclosure officer. Although 20 employees were asked to search their records, just six employees reported their time,[2] for a total of 1.5 hours of search time. Thus, you will only be charged $60.00 for professional search time.[3]

The photocopies total 54 pages, which amounts to a fee of $8.10.[4]

We are waiving mailing costs.

In total, your search and duplication costs amount to $68.10.

Please remit a check payable to the Treasury of the United States in the amount of $68.10. Please send the check to my attention.

Sincerely,

Jason Nuñez
FOIA Coordinator

---

[2] Many of the 20 employees may have had only minimal involvement, and therefore probably did not bother to report insignificant search time.

[3] Most of the time involved in processing your request was in complying and reviewing the materials, coming in at just under six hours of professional time. As a first person requester, however, you are not charged for document compilation and review time.

[4] In order to assist you when reviewing the materials, divider sheets were placed between documents. You are not being charged for these divider sheets.

If you need any further assistance or would like to discuss any aspect of your request please do not hesitate to contact this office or the DOL FOIA Public Liaison, Thomas Hicks, at 202-693-5427. Alternatively, you may contact the Office of Government Information Services National Archives and Records Administration (OGIS) to inquire the mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road, College Park, MD 20740-6001. You can also reach that office by e-mail at ogis@nara.gov, by phone at 202-741-5770, by fax at 202-741-5769, or by calling toll-free at 1-877-684-6448.

If you are not satisfied with the response to this request, you may administratively appeal by writing to the Solicitor of Labor within 90 days from the date of this letter. The appeal must state in writing the grounds for the appeal, and it may include any supporting statements or arguments, but such statements are not required. In order to facilitate processing of the appeal, please include your mailing address and daytime telephone number, as well as a copy of the initial request and copy of this letter. The envelope and letter of the appeal should be clearly marked "Freedom of Information Act Appeal." Any amendment to the appeal must be made in writing and received prior to a decision. The appeal should be addressed to the Solicitor of Labor, Division of Management and Administrative Legal Services, U.S. Department of Labor, 200 Constitution Avenue, NW, Room N2420, Washington, DC 20210. Appeals may also be submitted by email to foiaappeal@dol.gov. Appeals submitted to any other email address will not be accepted.

2 -16 -17

**Nielsen, Rebecca A. - OALJ**

| | |
|---|---|
| **From:** | Thomas, Carla - OALJ |
| **Sent:** | Thursday, February 16, 2017 10:53 AM |
| **To:** | Henley, Stephen R. - OALJ; Geraghty, Colleen - OALJ; Price, Larry - OALJ; Barto, William T. - OALJ; Kennington, Clement - OALJ; Romero, Lee - OALJ; Calianos, Jonathan C - OALJ; Rosen, Dana A. - OALJ; Rosenow, Patrick - OALJ |
| **Cc:** | Smyth, Todd - OALJ; Sheinfeld, Harry L. - OALJ; Koll, Kevin J. - OALJ; Nielsen, Rebecca A. - OALJ |
| **Subject:** | Petition for En Banc Review University of Hawaii 2012-PER-02131 |
| **Attachments:** | Petition for En Banc Review University of Hawaii 2012-PER-02131.pdf |

Greetings Judges,

You were selected to evaluate the above-referenced petition for en banc review. The attached PDF includes a copy of the petition and the associated three-judge panel decision. The administrative file is available on CTS, and Harry Sheinfeld's recommendation is attached below. If you wish to grant the petition, please email your vote to me by **March 2, 2017**. If a majority of you do not vote in favor of granting en banc review by the end of this voting period, the Employer's petition will be denied and the Board will not hear this matter en banc.


Regards,

Carla Thomas
Paralegal Specialist
Office of Administrative Law Judges
(202) 693-7336


_University of Hawaii_, 2012-PER-02131

EX 5

ι

2 - 16 - 17

## Smyth, Todd - OALJ

**From:** Geraghty, Colleen - OALJ
**Sent:** Monday, June 12, 2017 2:24 PM
**To:** Smyth, Todd - OALJ; Nunez, Jason - OALJ
**Subject:** FW: Petition for En Banc Review University of Hawaii 2012-PER-02131

---

**From:** Geraghty, Colleen - OALJ
**Sent:** Thursday, February 16, 2017 11:20 AM
**To:** Thomas, Carla - OALJ
**Subject:** RE: Petition for En Banc Review University of Hawaii 2012-PER-02131

Luck of the draw I gues...

Colleen A. Geraghty
*District Chief Judge*
*U.S. Department of Labor*
*Office of Administrative Law Judges*
*O'Neill Federal Building*
*10 Causeway Street, Room 411*
*Boston, MA 02222*
*(617)223-9355*

---

**From:** Geraghty, Colleen - OALJ
**Sent:** Thursday, February 16, 2017 11:06 AM
**To:** Thomas, Carla - OALJ
**Subject:** RE: Petition for En Banc Review University of Hawaii 2012-PER-02131

How can I have been selected for two en bacn reviews on the same day?

Colleen A. Geraghty
*District Chief Judge*
*U.S. Department of Labor*
*Office of Administrative Law Judges*
*O'Neill Federal Building*
*10 Causeway Street, Room 411*
*Boston, MA 02222*
*(617)223-9355*

---

**From:** Thomas, Carla - OALJ
**Sent:** Thursday, February 16, 2017 10:53 AM
**To:** Henley, Stephen R. - OALJ; Geraghty, Colleen - OALJ; Price, Larry - OALJ; Barto, William T. - OALJ; Kennington, Clement - OALJ; Romero, Lee - OALJ; Calianos, Jonathan C - OALJ; Rosen, Dana A. - OALJ; Rosenow, Patrick - OALJ
**Cc:** Smyth, Todd - OALJ; Sheinfeld, Harry L. - OALJ; Koll, Kevin J. - OALJ; Nielsen, Rebecca A. - OALJ
**Subject:** Petition for En Banc Review University of Hawaii 2012-PER-02131

Greetings Judges,

You were selected to evaluate the above-referenced petition for en banc review. The attached PDF includes a copy of the petition and the associated three-judge panel decision. The administrative file is available on CTS, and Harry Sheinfeld's recommendation is attached below. If you wish to grant the petition, please email your vote to me by **March 2, 2017.** If a majority of you do not vote in favor of granting en banc review by the end of this voting period, the Employer's petition will be denied and the Board will not hear this matter en banc.


Regards,

Carla Thomas
Paralegal Specialist
Office of Administrative Law Judges
(202) 693-7336

---

*University of Hawaii*, 2012-PER-02131



2-16-17

**From:** Barto, William T. - OALJ
**To:** EX 5
**Subject:** Fw: Petition for En Banc Review University of Hawaii 2012-PER-02131
**Date:** Thursday, February 16, 2017 11:10:45 AM
**Attachments:** Petition for En Banc Review University of Hawaii 2012-PER-02131.pdf

EX 5

**From:** Thomas, Carla - OALJ
**Sent:** Thursday, February 16, 2017 10:52 AM
**To:** Henley, Stephen R. - OALJ; Geraghty, Colleen - OALJ; Price, Larry - OALJ; Barto, William T. - OALJ; Kennington, Clement - OALJ; Romero, Lee - OALJ; Calianos, Jonathan C - OALJ; Rosen, Dana A. - OALJ; Rosenow, Patrick - OALJ
**Cc:** Smyth, Todd - OALJ; Sheinfeld, Harry L. - OALJ; Koll, Kevin J. - OALJ; Nielsen, Rebecca A. - OALJ
**Subject:** Petition for En Banc Review University of Hawaii 2012-PER-02131

Greetings Judges,

You were selected to evaluate the above-referenced petition for en banc review.  The attached PDF includes a copy of the petition and the associated three-judge panel decision.  The administrative file is available on CTS, and Harry Sheinfeld's recommendation is attached below.  **If you wish to grant the petition, please email your vote to me by March 2, 2017.**  If a majority of you do not vote in favor of granting en banc review by the end of this voting period, the Employer's petition will be denied and the Board will not hear this matter en banc.


Regards,


Carla Thomas
Paralegal Specialist
Office of Administrative Law Judges
(202) 693-7336


*University of Hawaii, 2012-PER-02131*

EX 5



3-2-17

| | |
|---|---|
| **From:** | Barto, William T. - OALJ |
| **To:** | Thomas, Carla - OALJ |
| **Subject:** | RE: Petition for En Banc Review University of Hawaii 2012-PER-02131 |
| **Date:** | Thursday, March 02, 2017 8:38:00 AM |

Carla: I vote to deny the petition.

WTB

---

**From:** Thomas, Carla - OALJ
**Sent:** Thursday, February 16, 2017 10:53 AM
**To:** Henley, Stephen R. - OALJ; Geraghty, Colleen - OALJ; Price, Larry - OALJ; Barto, William T. - OALJ;
Kennington, Clement - OALJ; Romero, Lee - OALJ; Callanos, Jonathan C - OALJ; Rosen, Dana A. - OALJ;
Rosenow, Patrick - OALJ
**Cc:** Smyth, Todd - OALJ; Sheinfeld, Harry L. - OALJ; Koll, Kevin J. - OALJ; Nielsen, Rebecca A. - OALJ
**Subject:** Petition for En Banc Review University of Hawaii 2012-PER-02131

Greetings Judges,

You were selected to evaluate the above-referenced petition for en banc review. The attached PDF
includes a copy of the petition and the associated three-judge panel decision. The administrative file
is available on CTS, and Harry Sheinfeld's recommendation is attached below. **If you wish to grant
the petition, please email your vote to me by March 2, 2017**. If a majority of you do not vote in
favor of granting en banc review by the end of this voting period, the Employer's petition will be
denied and the Board will not hear this matter en banc.



Regards,

Carla Thomas
Paralegal Specialist
Office of Administrative Law Judges
(202) 693-7336

---

*University of Hawaii*, 2012-PER-02131



EX 5



## Thomas, Carla - OALJ

| | |
|---|---|
| **From:** | Rosen, Dana A. - OALJ |
| **Sent:** | Thursday, February 16, 2017 11:13 AM |
| **To:** | Thomas, Carla - OALJ |
| **Subject:** | RE: Petition for En Banc Review University of Hawaii 2012-PER-02131 |

Dear Hank ...

In ...

**From:** Thomas, Carla - OALJ
**Sent:** Thursday, February 16, 2017 10:53 AM
**To:** Henley, Stephen R. - OALJ; Geraghty, Colleen - OALJ; Price, Larry - OALJ; Barto, William T. - OALJ; Kennington, Clement - OALJ; Romero, Lee - OALJ; Calianos, Jonathan C - OALJ; Rosen, Dana A. - OALJ; Rosenow, Patrick - OALJ
**Cc:** Smyth, Todd - OALJ; Sheinfeld, Harry L. - OALJ; Koll, Kevin J. - OALJ; Nielsen, Rebecca A. - OALJ
**Subject:** Petition for En Banc Review University of Hawaii 2012-PER-02131

Greetings Judges,

You were selected to evaluate the above referenced petition for en banc review. The attached PDF includes a copy of the petition and the associated three judge panel decision. The administrative file is available on CTS, and Harry Sheinfeld's recommendation is attached below. If you wish to grant the petition, **please email your vote to me by March 2, 2017.** If a majority of you do not vote in favor of granting en banc review by the end of this voting period, the Employer's petition will be denied and the Board will not hear this matter en banc.

Regards,

Carla Thomas
Paralegal Specialist
Office of Administrative Law Judges
(202) 693-7336

---

*University of Hawaii,* 2012-PER-02131

To the En Banc panel



EX 5

1

EX 5

# Thomas, Carla - OALJ

| | |
|---|---|
| **From:** | Barto, William T - OALJ |
| **Sent:** | Thursday, March 02, 2017 8:38 AM |
| **To:** | Thomas, Carla - OALJ |
| **Subject:** | RE: Petition for En Banc Review University of Hawaii 2012-PER-02131 |

Carla I vote to deny the petition.

W.Th

**From:** Thomas, Carla - OALJ
**Sent:** Thursday, February 16, 2017 10:53 AM
**To:** Henley, Stephen R. - OALJ; Geraghty, Colleen - OALJ; Price, Larry - OALJ; Barto, William T. - OALJ; Kennington, Clement - OALJ; Romero, Lee - OALJ; Calianos, Jonathan C - OALJ; Rosen, Dana A. - OALJ; Rosenow, Patrick - OALJ
**Cc:** Smyth, Todd - OALJ; Sheinfeld, Harry L. - OALJ; Koll, Kevin J. - OALJ; Nielsen, Rebecca A. - OALJ
**Subject:** Petition for En Banc Review University of Hawaii 2012-PER-02131

Greetings Judges,

You were selected to evaluate the above referenced petition for en banc review. The attached PDF includes a copy of the petition and the associated three judge panel decision. The administrative file is available on CTS, and Harry Sheinfeld's recommendation is attached below. If you wish to grant the petition, please email your vote to me by **March 2, 2017**. If a majority of you do not vote in favor of granting en banc review by the end of this voting period, the Employer's petition will be denied and the Board will not hear this matter en banc.

Regards,

Carla Thomas
Paralegal Specialist
Office of Administrative Law Judges
(202) 693-7336

*University of Hawaii, 2012-PER-02131*

To the En Banc panel





Thomas, Carla - OALJ

| | |
|---|---|
| **From:** | Thomas, Carla - OALJ |
| **Sent:** | Thursday, February 16, 2017 10:53 AM |
| **To:** | Henley, Stephen R. - OALJ; Geraghty, Colleen - OALJ; Price, Larry - OALJ; Barto, William F. - OALJ; Kennington, Clement - OALJ; Romero, Lee - OALJ; Calianos, Jonathan C - OALJ; Rosen, Dana A. - OALJ; Rosenow, Patrick - OALJ |
| **Cc:** | Smyth, Todd - OALJ; Sheinfeld, Harry L. - OALJ; Koll, Kevin J. - OALJ; Nielsen, Rebecca A. - OALJ |
| **Subject:** | Petition for En Banc Review University of Hawaii 2012-PER-02131 |
| **Attachments:** | Petition for En Banc Review University of Hawaii 2012-PER-02131.pdf |

| **Tracking:** | **Recipient** | **Read** |
|---|---|---|
| | Henley, Stephen R. - OALJ | Read: 2/16/2017 10:55 AM |
| | Geraghty, Colleen - OALJ | Read: 2/16/2017 11:05 AM |
| *9 Judges* | Price, Larry - OALJ | Read: 2/16/2017 2:30 PM |
| | Barto, William F. - OALJ | Read: 2/16/2017 10:55 AM |
| | Kennington, Clement - OALJ | |
| | Romero, Lee - OALJ | Read: 2/16/2017 10:59 AM |
| | Calianos, Jonathan C - OALJ | Read: 2/16/2017 12:46 PM |
| | Rosen, Dana A. - OALJ | |
| | Rosenow, Patrick - OALJ | |
| *4 attorney* | Smyth, Todd - OALJ | |
| | Sheinfeld, Harry L. - OALJ | |
| | Koll, Kevin J. - OALJ | |
| | Nielsen, Rebecca A. - OALJ | Read: 2/16/2017 11:11 AM |

Greetings Judges,

You were selected to evaluate the above-referenced petition for en banc review. The attached PDF includes a copy of the petition and the associated three-judge panel decision. The administrative file is available on CTS, and Harry Sheinfeld's recommendation is attached below. If you wish to grant the petition, please email your vote to me by **March 2, 2017**. If a majority of you do not vote in favor of granting en banc review by the end of this voting period, the Employer's petition will be denied and the Board will not hear this matter en banc.

Regards,

Carla Thomas
Paralegal Specialist
Office of Administrative Law Judges
(202) 693-7336

*University of Hawaii, 2012-PER-02131*

1

To the En Banc panel



Exhibit   C



UNIVERSITY
of HAWAI'I
SYSTEM

Yawen Hsiao <yawen@hawaii.edu>

# Fwd: UNIVERSITY OF HAWAII - A-10344-38244- YA-WEN HSIAO
1 message

**Signe Nakayama** <signen@hawaii.edu>                                   Thu, Feb 2, 2012 at 10:57 AM
To: Damon H Sakai <damon@hawaii.edu>, Kathy Matsumoto <morifuji@hawaii.edu>, Ya-wen Hsiao
<yawen@hawaii.edu>

All,

Just fyi - got the boilerplate response below. I must say I wasn't really expecting anything more, but I was certainly
hoping.

Signe

-------- Original Message --------
Subject:UNIVERSITY OF HAWAII - A-10344-38244- YA-WEN HSIAO
   Date:Thu, 02 Feb 2012 15:50:34 -0500
  From:PLC, Atlanta - ETA <plc.atlanta@dol gov>
    To:Signe Nakayama <signen@hawaii.edu>

Dear Signe Nakayama,

Thank you for your inquiry to the Atlanta National Processing Center concerning your application filed under the Permanent
Labor Certification Program.

Please be advised, case# **A-10344-38244** is still in process and official correspondence will be forthcoming.

Applications are processed in the order they are received. Once the Analyst reaches your case in their queue, based on the
principles of **FIFO** (first in first out) it will be reviewed and official correspondence will be issued.

However, because each application is unique, processing times may vary depending on the specific circumstances of the
case.

The policy of the U.S. DOL/ETA National Office prohibits the expediting of applications.

We apologize for the delay.

If the case was mailed in, then the employer and representative must await correspondence from this office.  If the case was
filed online, status of the case may be checked online, by following the directions below.

To check the status of your case filed online, go to the My Applications tab, then the Search Cases tab, you can enter your case
number and see the current status. You can also search by a partial number.  For more details, see Page 40 of the User Guide
by clicking the Online Help link at the top of the PERM web page.

Sincerely,
ANPC Permanent Program Help Desk #24

**From:** Signe Nakayama [mailto:signen@hawaii.edu]
**Sent:** Wednesday, February 01, 2012 5:13 PM

**To:** PLC, Atlanta - ETA
**Cc:** Ya-wen Hsiao; Damon H Sakai; Kathy Matsumoto
**Subject:** Status of audited ETA 9089 - A-10344-38244

Hello,

We filed an ETA 9089 application for permanent labor certification on behalf of Ya-Wen Hsiao on 01/13/2011, case number A-10344-38244, which was audited on 01/18/2011. Since the PERM processing time posted on iCERT for audited applications is now June 2011, which is more than 3 months after our filing date, I'm inquiring about the status of this application.

Please let me know if you need additional information.

Thank you,

Signe Nakayama
Interim Director & Immigration Specialist
Faculty & Scholar Immigration Services
University of Hawaii
Contact: www.hawaii.edu/fs/s/about.html

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.



Yawen Hsiao <yawen@hawaii.edu>

## Fwd: Second notice for Ya-Wen Hsiao
1 message

**Damon Sakai** <damon@hawaii.edu>                                    Fri, Mar 2, 2012 at 4:00 PM
To: "Yawen (Sarah) Hsiao" <yawen@hawaii.edu>

Here it is.

Damon
Damon H. Sakai, M.D.
Associate Professor of Medicine
Director of Medical Student Education
Director of the Office of Medical Education
John A. Burns of School of Medicine
University of Hawaii
651 Ilalo Street, Suite 307V
Honolulu, Hawaii 96813
Phone (808)692-1001  Fax (808)692-1252
Email: damon@hawaii.edu

---------- Forwarded message ----------
From: **Signe Nakayama** <signen@hawaii.edu>
Date: Fri, Mar 2, 2012 at 1:41 PM
Subject: Re: Second notice for Ya-Wen Hsiao
To: Damon Sakai <damon@hawaii.edu>
Cc: Kathy Matsumoto <morifuji@hawaii.edu>

Thanks Damon. It's completely ludicrous - I know! That's the Dept of Labor!

I'll send the response with a copy today.

Thanks!
Signe

On 3/2/2012 12:49 PM, Damon Sakai wrote:

Hi Signe,

I'm definitely in favor of proceeding as we have in asking them to confirm the application. It's interesting to
ask people for an audit response in two weeks. take a year to review it, not allow inquiries into it's processing for a
year or so, then ask us again did we really, really, really want to pursue this... if so, please send another copy of
your audit response. :'(

Oh well. Our answer is yes lol. Thank so much for your help Signe. I really appreciate it! Perhaps we should send
a letter to our congressman.

Damon

University of Hawaii Mail - Fwd: Second notice for Ya-Wen Hsiao          https://mail.google.com/mail/u/0/?ui=2&ik=ad0a05bc06&jsver=XX0Xe...

Damon H. Sakai, M.D.
Associate Professor of Medicine
Director of Medical Student Education
Director of the Office of Medical Education
John A. Burns of School of Medicine
University of Hawaii
651 Ilalo Street, Suite 307V
Honolulu, Hawaii 96813
Phone (808)692-1001   Fax (808)692-1252
Email: damon@hawaii.edu

On Fri, Mar 2, 2012 at 9:11 AM, Signe Nakayama <signen@hawaii.edu> wrote:
  Hi Damon and Kathy,

  I received another notice from the Dept of Labor regarding Ya-Wen Hsiao's labor certification application. The
  letter is just asking us to confirm that we would like them to continue processing the application. If so, we are
  required to send a copy of our previous audit response. If not, I just need to send a letter asking that the
  application be withdrawn.

  I've never received such a notice before, so I double checked with an immigration lawyer to confirm that this
  shouldn't be of major concern and he agreed. He said they've most likely lost our audit response and that's why
  they need us to send it again. I know - it's ridiculous.

  Please let me know either way as soon as possible.

  Thanks,
  Signe

**noname**
1K

**U.S. Department of Labor**    Board of Alien Labor Certification Appeals
800 K Street, NW, Suite 400-N
Washington, DC  20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



**Issue Date: 18 October 2012**

BALCA Case No.:   **2011-PER-00510**
ETA Case No.:      C-08080-35036

*In the Matter of:*

# BENISH CORPORATION,
       *Employer*

   *on behalf of*

# JUDHANI, FATEH ALI,
       *Alien.*

Certifying Officer:    William Carlson
                Atlanta Processing Center

Appearances:      Sherin Thawer, Esquire
                Irving, Texas
                *For the Employer*

                Gary M. Buff, Associate Solicitor
                Stephen R. Jones, Attorney
                Office of the Solicitor
                Division of Employment and Training Legal Services
                Washington, DC
                *For the Certifying Officer*

Before:          **Burke, Colwell, Johnson, Purcell and Vittone**
          Administrative Law Judges

## ORDER DENYING EN BANC REVIEW
## AND DENYING REOPENING OF APPEAL

    The Certifying Officer's filing date determination was affirmed by a panel decision of the Board issued on December 23, 2011.  On January 12, 2012, the Board received the Employer's

petition for *en banc* review. Upon consideration of the arguments presented in the petition, the Board concludes that *en banc* review is not necessary either to secure or maintain uniformity of decisions or to resolve a question of exceptional importance. Accordingly, the Employer's petition for *en banc* review is hereby **DENIED**.

Although the Employer expressly sought en banc review, because the petition for en banc review presented documentation that potentially shows that the CO's filing date determination was based on a faulty premise – that there was no pre-PERM application filed with the Texas State Workforce Agency under the SWA Case No. 0063813 – and because labor certification was granted and the filing date determination is of crucial importance to the USCIS priority date determination – we have sua sponte also considered whether grounds exist to reopen the matter. BALCA's rules of practice and procedure do not contain a provision on motions to reopen. Accordingly, it looks to the Federal Rules of Civil Procedure for guidance. Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> * * *
>
> (6) any other reason that justifies relief.

In the instant case, the Employer indicated on its pro se PERM application that it was seeking to retain the filing date of a pre-PERM application filed in Texas on April 23, 2011. (AF 20). The CO granted certification, but declined to award the pre-PERM filing date based on a finding that there had been no pre-PERM application. (AF 5). The Employer and the Alien, through newly retained counsel, requested reconsideration. (AF 2-17). The attorney noted that the only information the Employer had provided about the identity of the pre-PERM application on the Form 9089 application was that it was filed in "Texas." The attorney stated that the Employer had filed such a pre-PERM application, and provided the Case Number 0063813. (AF 2). The CO reconsidered, but stated that a "review of our records does not show a pre-PERM filing with the case number 0063813;" found that the Employer had not provided sufficient information to support its claim of an eligible pre-PERM application; and found that the decision not to award the earlier filing date was valid. (AF 1). On appeal, a new attorney made an entry of appearance. The Employer, however, did not file an appellate brief or other statement of position, and based on the record before it, the BALCA panel affirmed the CO's filing date determination.

Attached to the Employer's petition for en banc review is documentation that very clearly shows that an employer under the name "Ramzan Punjani, $1.00 Store" filed a pre-PERM

application with the Texas SWA on April 23, 2011 under the ALC Case No 0063813. In a supplemental filing the Employer submitted documentation which purports to establish that the named Employer for the PERM application, "Benish Corporation," has a direct business relationship to the named Employer for the pre-PERM application "Ramzan Punjani, $1.00 Store." Thus, at least arguably, the CO's finding in his decision on reconsideration that there was no pre-PERM application under the case number 0063813 was an error.

Nonetheless, we decline to order relief under the criteria of FRCP 60(b). First, this documentation was not presented to either the CO or the Board prior to the Employer's petition for en banc review. The only explanation for the tardy submission of this documentation was that the Employer's newly retained attorney "relied on the record believing that it already contains evidence of ETA 750 filing (now (re)submitted)." (Employer's petition for en banc review at 3). However, this was not a reasonable belief. The CO's decision on reconsideration clearly notified the Employer that the CO had been unable to find evidence of a pre-PERM filing in Texas under the case number provided by the Employer and that there was insufficient evidence before the CO to support the claimed pre-PERM filing. Thus, the failure to present the concrete documentation of the pre-PERM filing with the Texas SWA until the petition for en banc review cannot be found to have been due to "mistake, inadvertence, surprise, or excusable neglect." Nor can the documentation be found to constitute "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move" for a reopening of the record prior to the BALCA panel's decision. Thus, the only remaining potential ground for Rule 60(b) relief is the generic "any other reason that justifies relief."

The Employer's en banc petition makes a plea for equitable relief given that the Employer and the Alien had much time and money invested in the labor certification process and that "clearly there exists evidence of ETA 750 filing on April 23, 2001." (Employer's petition for en banc review at 5). BALCA's caselaw has recognized equitable relief from non-jurisdictional time deadlines where not to provide such relief would work a "manifest injustice." *See Madeleine S. Bloom*, 1988-INA-152 (Oct. 13, 1989) (en banc), recon. den. (Dec. 20, 1990) (per curiam). However, such equitable relief is only granted in rare instances, and has been limited to type of egregious circumstances as occurred in *Bloom*. In *Bloom*, a pre-PERM case involving an untimely rebuttal of a Notice of Findings, the Employer had provided a single piece of rebuttal evidence to its attorney, which if timely filed, made a grant of certification virtually inevitable. Such equitable relief has not been granted where "evaluation of the Employer's rebuttal documentation in the present case would require more than the essentially ministerial function anticipated by the *Bloom* case facts." *Park Woodworking, Inc.*, 1990-INA-93 (Jan. 29, 1992)(en banc). In the instant case, it is unlikely that reopening the record to consider the pre-PERM application would result in a change to the CO's filing date determination.

As the Department of Labor implemented the PERM regulatory scheme, it included a regulatory provision which permitted, under certain narrow circumstances, re-filing of pending pre-PERM applications under the PERM regulations without loss of the filing date of the pre-PERM application. Specifically, the regulation at 20 C.F.R. § 656.17(d) provides in pertinent part:

(d) *Refiling Procedures*. (1) Employers that filed applications under the regulations in effect prior to March 28, 2005, may, if a job order has not been placed pursuant to those regulations, refile such applications under this part without loss of the original filing date by:

(i) Submitting an application for an identical job opportunity after complying with all of the filing and recruiting requirements of this part 656; and

* * *

(4) For purposes of paragraph (d)(1)(i) of this section, a job opportunity shall be considered identical if the employer, alien, job title, job location, job requirements, and job description are the same as those stated in the original application filed under the regulations in effect prior to March 28, 2005.

* * *

Thus, Section 656.17(d)(4) unambiguously requires that the job requirements be "identical" under the PERM and the pre-PERM applications in order for the pre-PERM filing date to be retained. The Board has repeatedly affirmed the CO's decision to assign a priority date based on the PERM application where the job requirements or the job description specified on the PERM application differed from those specified on the employer's pre-PERM application. *See, e.g., North Forest Independent School District*, 2008-PER-62 (Aug. 27, 2008); *M & K Enterprises*, 2008-PER-91 (Oct. 29, 2008); *B&M Auto Service Inc.*, 2008-PER-122 (Oct. 28, 2008); *Hatzlocha Holdings Corp.*, 2011-PER-2346 (May 25, 2012). So too, under the regulations the location of the job opportunity must be identical in order to retain the pre-PERM filing date.

In the instant case, assuming arguendo that "Benish Corporation" and "Ramzan Punjani, $1.00 Store" are in fact the same Employer, the job requirements and the job location specified on the Forms 750 and 9089 are not identical. The Form 750 stated the job requirements to be a high school education, *no training*, and two years of experience in either the job offered or a related occupation. The Form 9089 stated a different set of job requirements: a high school education, *six months of training*, and two years of experience in the job offered, *or an Associate's degree with one year of experience*. The Form 750 listed the Employer's address as 11122 Airline Drive, Houston, Texas. The Form 9089 listed the Employer's address, and the job location, as 1520 E I-30, Garland, Texas. We take administrative notice that Garland, Texas is a suburb of Dallas. Given these obvious differences in the Form 750 and the Form 9089, the circumstances of this case clearly do not fit into the narrow "manifest injustice" standard of *Bloom* and *Park Woodworking* as it is hardly likely reopening the matter would result in a reversal of the CO's filing date determination.

- 4 -

Based on the foregoing, we decline to reopen this appeal.

For the Board:



Digitally signed by WILLIAM COLWELL
DN: CN=WILLIAM COLWELL,
OU=ADMINISTRATIVE LAW JUDGE,
O=Office of Administrative Law Judges,
L=Washington, S=DC  C=US
Location: Washington DC

**WILLIAM S. COLWELL**
Associate Chief Administrative Law Judge

**U.S. Department of Labor**   Board of Alien Labor Certification Appeals
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



**Issue Date: 23 August 2012**

BALCA Case No.:   **2011-PER-01264**
ETA Case No.:   A-08252-85098

*In the Matter of:*

## IBM CORPORATION,
*Employer*

   *on behalf of*

## WABINSKI, TOM,
   *Alien.*

Certifying Officer:   William Carlson
   Atlanta National Processing Center

Appearances:   Jeffrey M. Crusha, Esq.
   Fragomen, Del Rey, Bernsen & Loewy, LLP
   New York, New York
   *For the Employer*

Before:   Sarno, Bergstrom, Krantz
   Administrative Law Judges

## DECISION AND ORDER
## VACATING DENIAL OF LABOR CERTIFICATION
## AND REMANDING FOR FURTHER PROCESSING

This matter arises under Section 212 (a)(5)(A) of the Immigration and Nationality Act, 8

U.S.C. § 1182(a)(5)(A), and the "PERM" regulations found at Title 20, Part 656 of the Code of

Federal Regulations ("C.F.R.").

# BACKGROUND

On September 15, 2008, the Certifying Officer ("CO") accepted for filing the Employer's Application for Permanent Employment Certification for the position of "Software Engineer" (AF 65-76).[1]   On April 8, 2009, the CO sent the Employer an Audit Notification Letter requesting that the Employer provide certain information in accordance with 20 C.F.R. § 656.20. (AF 61-64) On May 11, 2009, the Employer responded to the audit notification. (AF 12-60).

On October 19, 2010, the CO denied the application. (AF 10-11). The CO listed a single reason for denial stating that the "[t]he employer failed to provide adequate documentation of the additional recruitments steps for professional occupations as required in the Audit Notification letter. The employer indicated in Item I.d.15 of ETA Form 9089 that it used its web site to advertise the job opportunity described in Section H. However, the employer has provided only a typed word document, and thus there is no indication of the employer's actual website being used." (AF 11). Specifically, the CO cited to the regulation at 20 C.F.R. 656.17(e)(1)(ii)(B) that states, "[t]he use of the employer's web site as a recruitment medium can be documented by providing dated copies of pages from the site that advertise the occupation involved in the application." *Id.*

On November 18, 2010 the Employer requested reconsideration. (AF 2-9). The Employer explained that it had provided documentation of the job opportunity posting from its website in its audit notification response. (AF 2). The Employer also attached additional documentation as evidence that it had posted the job opportunity on its website. (AF 2-9). On May 3, 2011 the CO found that the Employer had not overcome the deficiencies in its application. (AF 1).

The CO forwarded the case to BALCA on May 3, 2011, and BALCA issued a Notice of Docketing on July 22, 2011. The Employer filed a Statement of Intent to Proceed on August 3, 2011, but did not file an appellate brief. The CO did not file a Statement of Position.

---

[1] In this decision, AF is an abbreviation for Appeal File.

## DISCUSSION

An employer can satisfy one of its recruitment requirements for a professional position by advertising the position on the employer's website. 20 C.F.R. § 656.17(e)(4)(ii).   The regulation states that "the use of the employer's Web site as a recruitment medium *can* be documented by providing dated copies of pages from the site that advertise the occupation involved in the application." 20 C.F.R. § 656.17(e)(4)(ii)(B) (emphasis added). Copies of all supporting documentation must be retained by the employer for five years from the date of filing the application for permanent labor certification. 20 C.F.R. § 656.10(f). Audit regulations provide that a substantial failure by the employer to provide the required documentation will result in denial of the application. 20 C.F.R. § 656.20(b).

However, BALCA has previously held:

> [t]he regulations do not preclude an employer from providing documentation of the advertisement posted on its website *in a manner other than by submitting dated printouts* of the website advertisement, and the Office of Foreign Labor Certification (OFLC) website notes that the CO may find documentation adequate even if the Employer cannot provide the dated copies of the advertisement from the website. The OFLC website includes a response to a Frequently Asked Question (FAQ) stating that if an employer does not have a copy of the posting from its website, "the employer may provide an affidavit from the official within the employer's organization responsible for the posting of such occupations on the web site attesting, under penalty of perjury, to the posting of the job."

*Living Earth Landscape Design, LLC,* 2009-PER-00490, slip. op. at 5 (April 15, 2010) (emphasis added).

In the instant case, the Employer submitted a signed statement as evidence of its additional recruitment steps. (AF 50). This document, which states the name of the job opportunity found on ETA Form 9089 and describes the details of this job opportunity, is signed by the Employer's "Immigration Coordinator" (Brenda Foster) and dated June 13, 2008. *Id.* The document states that "[a] copy of this notice [advertising the position in question] was posted on [the Employer's website] from 5/29/08 to 6/13/08." *Id.* These dates match the dates provided by the Employer in section I(d)(15) of its ETA Form 9089. (AF 69). Furthermore, according to the Employer's ETA Form 9089, Brenda Foster is the Employer's contact under Section D. (AF 65).

- 3 -

She is the signer of not only this document, but also of the Employer's Notice of Filing. (AF 43-44). Thus, it is logical that Brenda Foster is "an official in the employer's organization responsible for the posting of such occupations on the web site." (FAQ). In addition, the Employer submitted a copy of an e-mail from its "NetMedia eRecruitment System" confirming that the posting for the "Software Engineer" position went live on May 29, 2008. (AF 51). This e-mail, which provides a hyperlink to the Employer's site, establishes that the position of "Software Engineer" was "made live" on May 29, 2008 on the Employer's website. *Id.*

The CO argues that the evidence "was insufficient to reach a logical nexus that the additional recruitment steps were conducted." (AF 1). To the contrary, the evidence provided by the Employer in its response to audit notification documents the position being advertised, the dates, and the location of the Employer's web posting. (AF 12-60). Together, this evidence constitutes a sufficient nexus that the additional recruitment steps were conducted. Although it would have been more efficient for the Employer to provide dated screen-shots of the job posting on its own webpage, such as were provided for the first time in the Request for Reconsideration, we find that the regulations do not require the documentation of webpage recruitment in this manner. We find the information provided here, the body of the advertisement as well as the attesting signature from the Employer's listed contact, are sufficient to establish the webpage advertisement complied with 20 C.F.R. § 656.17(e)(4)(ii)(B).

Based on the foregoing, we find that the most appropriate remedy is to remand this case to permit the CO to continue processing the Employer's application.

- 4 -

# ORDER

**IT IS HEREBY ORDERED** that the Certifying Officer's denial of Employer's application for labor certification in the above-captioned matter is **VACATED** and **REMANDED** for further processing consistent with this opinion.

For the Panel:

# A

DANIEL A. SARNO, JR.
District Chief Administrative Law Judge

DAS.JR./AMJ/jcb
Newport News, Virginia

**NOTICE OF OPPORTUNITY TO PETITION FOR REVIEW:** This Decision and Order will become the final decision of the Secretary unless within twenty days from the date of service a party petitions for review by the full Board. Such review is not favored and ordinarily will not be granted except (1) when full Board consideration is necessary to secure or maintain uniformity of its decisions, or (2) when the proceeding involves a question of exceptional importance. Petitions must be filed with:

> Chief Docket Clerk
> Office of Administrative Law Judges
> Board of Alien Labor Certification Appeals
> 800 K Street, NW Suite 400
> Washington, DC 20001-8002

Copies of the petition must also be served on other parties and should be accompanied by a written statement setting forth the date and manner of service. The petition shall specify the basis for requesting full Board review with supporting authority, if any, and shall not exceed five double-spaced pages. Responses, if any, shall be filed within ten days of service of the petition, and shall not exceed five double-spaced pages. Upon the granting of a petition the Board may order briefs.

**U.S. Department of Labor**     Board of Alien Labor Certification Appeals
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



Issue Date: 30 December 2016

**BALCA Case No.:**   **2015-PER-00005**
ETA Case No.:   A-13008-28632

*In the Matter of:*

**CB & I, INC.,**
   *Employer,*

   *on behalf of*

**MARCIAL MAYAM ONG PANGANIBAN, Jr.,**
   *Alien.*

Certifying Officer:   William L. Carlson, Ph.D.
   National Certifying Officer
   Atlanta National Processing Center

Appearance:   Laurie E. Snider, Esquire
   Berry Appleman & Leiden LLP
   Dallas, Texas
   *For the Employer*

Before:   Colleen A. Geraghty, *District Chief Administrative Law Judge,* and
   Timothy J. McGrath and Daniel F. Sutton,[1] *Administrative Law Judges*

Opinion for the Board filed by GERAGHTY, *District Chief Administrative Law Judge,* with whom
McGRATH and SUTTON, *Administrative Law Judges,* join:

## DECISION AND ORDER
## REVERSING DENIAL OF CERTIFICATION

   This matter which arises under Section 212(a)(5)(A) of the Immigration and Nationality
Act ("INA"), 8 U.S.C. § 1182(a)(5)(A) and the "PERM" labor certification regulations at 20
C.F.R. Part 656[2] is before the Board of Alien Labor Certification Appeals ("the Board") on the

---

[1] Appointed under the U.S. Office of Personnel Management Senior Administrative Law Judge Program. *See* 5
C.F.R. § 930.209.

[2] "PERM" is an acronym for the "Program Electronic Review Management" system established by the regulations
that went into effect on March 28, 2005. 69 Fed. Reg. 77326 (Dec. 27, 2004).

Employer's request for review pursuant to 20 C.F.R. § 656.26 of the administrative denial of its application for a Permanent Employment Certification by the Certifying Officer ("CO") of the Department of Labor's Office of Foreign Labor Certification ("OFLC"). The Board's consideration of the request for review is based on a review of the record upon which the denial of certification was made, the request for review, and any statement of position or legal brief. 20 C.F.R. § 656.27(c). For the reasons set forth below, we reverse the CO's denial of the Employer's Application for Permanent Employment Certification.

## BACKGROUND

On February 1, 2013, the Employer filed an *Application for Permanent Employment Certification* ("Form 9089") with the CO sponsoring the Alien for permanent employment in the United States as a "Senior Process Engineer" in Houston, Texas at the offered annual wage of $96,071.56. (AF 93-94).[3] The occupational title listed on the Employer's Form 9089, Section F-3 was "Chemical Engineers," Standard Occupational Classification Code 17-2041. (AF 94). The Employer stated in Section I.a.1. of the Form 9089 that its application was for a professional position. (AF 96). Section I of the Form (Recruitment Information) also requires the Employer to list its efforts to recruit candidates for the job opportunity, and the Employer stated in Section I.d.15. that one of the recruitment steps that it had used was advertising the job opportunity on the Employer's website from September 5, 2012 to November 2, 2012. (AF 97).

The CO's office notified the Employer by letter dated July 29, 2013 that its application had been selected for audit, and it requested the employer to submit information. (AF 88-92). Among the items requested by the CO were a "recruitment report" for the job opportunity as described in 20 C.F.R. §656.17(g)(1) and recruitment documentation as outlined in 20 C.F.R. §656.17(e). (AF 89). The CO stated that the requested documentation must be submitted by August 28, 2013 or the application would be denied. (AF 89).

The Employer responded to the CO's audit request on August 27, 2013. (AF 17-87). The response included a report of the Employer's recruitment steps and supporting documentation. (AF 49-87). In its report, the Employer indicated that "[a]ttached are print-outs of the job opportunity which was listed from 9/05/2012 to 11[/]02/2012 on CB&I Inc.'s external website." (AF 49). Attached to the report is a memorandum dated August 22, 2013 from Carla Aguilar, the Employer's Human Resources Manager, who stated, "[p]lease note that the website advertisement, for the above mentioned recruitment, was posted on CB&I Inc.'s website from 9/05/2012 to 11[/]02/2012." (AF 63). No copy of pages from the Employer's website were included in the Employer's audit response, but the Employer did attach a copy of a job advertisement from the website www.careerbuilder.com. (AF 60-62). This advertisement contains the following statement: "TO APPLY: www.cbi.com/careers/job-search-and-registration/ indicating job code 1892.79." (AF 62).

On July 29, 2014, the CO informed the Employer that certification of its application was denied because the Employer failed to provide dated copies of the pages from its website that advertised the job opportunity. (AF 14-16). The CO acknowledged the copy of the

---

[3] Citations to the Appeal File are abbreviated as "AF" followed by the page number.

advertisement that the Employer submitted from the Careerbuilder.com website but stated that Careerbuilder is a commercial job search site that could not qualify as one of the Employer's required recruitment steps because the employer had listed another job search website, "chron.com," on its Form 9089. (AF 16). As authority for the denial of certification, the CO cited § 656.17(e)(l)(ii)(B) of the PERM regulations which states, that "[t]he use of the employer's web site as a recruitment medium can be documented by providing dated copies of pages from the site that advertise the occupation involved in the application." 20 C.F.R. § 656.17(e)(l)(ii)(B). (AF 16).

On August 27, 2014, the Employer mailed a "REQUEST FOR RECONSIDERATION / REQUEST FOR REVIEW" to the CO, arguing that it had in fact advertised the job opportunity on its own website in addition to the commercial job search sites discussed in the CO's denial letter. (AF 3-13). As evidence that the job opportunity was posted on its website, the Employer submitted an affidavit from William Stein, Global Talent Acquisition Manager, who stated that "[b]ased on the parameters of CB&I's account with CareerBuilder, the job posting was posted on CareerBuilder's job board first and fed immediately to CB&I's career page." (AF 12). Mr. Stein further stated that the Employer no longer had a copy of the advertisement that was posted on its website, but he confirmed "under penalty of perjury" that the advertisement was posted on the Employer's website from September 5, 2012 to November 2, 2012. (AF 12). The Employer also submitted a letter dated August 22, 2013 from Ms. Aguilar who stated that the job opportunity was posted on the Employer's website. (AF 11).

By letter dated October 1, 2014, the CO informed the Employer that its request for reconsideration did not overcome the deficiency noted in the denial letter. (AF 1-2). The CO acknowledged the affidavit that the Employer submitted from Mr. Stein and that an employer "is permitted to provide an affidavit from a company official attesting to the Website posting based on the Department's Frequently Asked Questions (FAQs) which allows the employer to submit alternative evidence of an advertisement, such as an affidavit attesting to the posting of the job opportunity." (AF 1). However, the CO further stated that the Employer "did not provide any documentary evidence that its advertisement was placed on its website" and that "[t]here is no evidence from CareerBuilder that the employer's posting was placed on the employer's website." (AF 1). The CO noted that the Employer had not submitted a "sworn affidavit from CareerBuilder" and that the Employer did not "adequately demonstrate that its website posting was displayed during the required recruitment period." (AF 1). The CO thus concluded:

> Although the employer is not specifically required to provide dated copies of its Website advertisement, documentation provided must demonstrate a logical nexus between the job listed on the ETA Form 9089 and the placement of an advertisement on the employer's Website to allow the Certifying Officer to verify the appropriate use and compliance of the employer's Website advertisement as an additional recruitment step.

(AF 1-2). Since he found that the Employer failed to provide adequate documentation proving recruitment on its website during the required recruitment period for the job opportunity, the CO determined that denial of the application was valid in accordance with § 656.17(e)(l)(ii)(B). (AF 2).

Having confirmed denial of the Employer's application on reconsideration, the CO
transferred the case to the Board for administrative review. Upon receipt of the Appeal File, the
Board issued a Notice of Docketing and Briefing Schedule. The Employer's attorney filed a
statement of the Employer's intent to proceed in response to the Board's notice. Neither the CO
nor Employer filed any brief with the Board.

## STANDARD OF REVIEW

The Board's review of the CO's legal and factual determinations when denying an
application for permanent alien labor certification is *de novo*, limited in scope by 20 C.F.R. §
656.27(c). *Albert Einstein Medical Center*, 2009-PER-00379 (Nov. 21, 2011) (*en banc*), slip op.
at 32. Thus, the Board engages in *de novo* review of the record upon which the CO denied
permanent alien labor certification, together with the request for review, and any statements of
position or legal briefs. *Id.* at 25. The Board may not consider evidence first presented in an
appellate brief. *Id.* at 7. The Board permits general legal argument in briefs, but will not consider
wholly new arguments not made before the CO. *Id.* at 8. The Board will not decide an appeal on
grounds for denial not raised while the case was before the CO. *Loews Anatole Hotel*, 1989-
INA-00230 (Apr. 26, 1991) (*en banc*); *Mandy Donuts Corp.*, 2009-PER-00481 (Jan. 7, 2011).

## DISCUSSION

The permanent labor certification process is the first step an employer must complete in
order to sponsor certain foreign workers for lawful permanent resident status.[4] 8 U.S.C. §
1182(a). The labor certification represents the Secretary of Labor's certification that there are no
able, willing, qualified, and available U.S. workers for the position the alien seeks to perform on
a permanent basis.[5] 8 U.S.C. § 1182(a)(5)(A)(i)(I). PERM is an attestation-based program. 20
C.F.R. § 656.10(c). Among other attestations, an employer must attest that the job opportunity
listed in the application for permanent employment certification has been and is clearly open to
any U.S. worker. 20 C.F.R. § 656.10(c)(8). Accordingly, the regulations require an employer to
conduct mandatory recruitment steps and make a good-faith effort to recruit U.S. workers prior
to filing an application for permanent alien labor certification. *See* 20 C.F.R. § 656.17(e); *Labor
Certification for the Permanent Employment of Aliens in the United States; Implementation of
New System*, 69 Fed. Reg. 77326, 77348 (Dec. 27, 2004). If the employer's recruitment efforts
do not yield any able, willing, qualified, and available U.S. workers, the employer may file an
application on Form 9089. *See, e.g.*, 20 C.F.R. § 656.17(a). An employer sponsoring a foreign
worker for permanent labor certification bears the burden of proving that all regulatory
requirements have been satisfied before the CO can grant certification. 8 U.S.C. § 1361; 20
C.F.R. § 656.2(b).

---

[4] Lawful permanent resident status is commonly referred to as having a green card. Among the benefits afforded to
lawful permanent residents is the opportunity to apply for naturalization. 8 U.S.C. § 1427(a).

[5] The labor certification also represents the Secretary of Labor's certification that the permanent employment of the
foreign worker will not adversely affect the wages and working conditions of similarly employed U.S. workers. 8
U.S.C. § 1182(a)(5)(A)(i)(II).

Where, as in this case, an employer sponsors an alien worker for a job opportunity classified as a professional occupation, the employer must conduct additional recruitment steps, one of which is advertising the job opportunity on the employer's website. 20 C.F.R. § 656.17(e)(1)(ii)(B). Section 656.17(e)(1)(ii)(B) provides that "[t]he use of the employer's Web site as a recruitment medium can be documented by providing dated copies of pages from the site that advertise the occupation involved in the application." In his decision on reconsideration, the CO conceded that this documentation requirement can be satisfied by alternative means such as an affidavit attesting to the posting of the job opportunity, and Board panels have also interpreted § 656.17(e)(1)(ii)(B) flexibly to afford employers the opportunity to document their efforts through "reasonably equivalent alternative methods." *Amneal Pharmaceuticals, LLC*, 2012-PER-03266, slip op. at 3 (Oct. 16, 2016); *see also St. Landry Parish School Board*, 2012-PER-01135 (Apr. 28, 2016); *DGN Technologies, Inc.*, 2011-PER-01366 (July 31, 2015). However, the Board has also cautioned that because of the often "ephemeral" nature of website, "retention of reliable contemporaneous documentation of the status of a web page on the dates attested to in the Form 9089 is essential for an employer to be able to meet the PERM documentation requirement of dated copies of company website postings." *EZChip, Inc.*, 2010-PER-00120, slip op., at 5 (Jan. 12, 2011). *See also Spring Branch Independent School Dist.*, 2012-PER-01160, slip op. at 4-5 (Mar. 10, 2016) (documentation of the "actual content" of the website advertisement is necessary in addition to the dates of posting for the CO to determine whether the advertisement is for the occupation listed on the ETA Form 9089 and whether the advertisement was placed in good faith and the job was clearly open to U.S. applicants).

In this case, the Employer did not submit dated copies of the pages from its website containing the job advertisement that it attested to posting in the Form 9089, but it did submit a dated copy of the advertisement posted on Careerbuilder.com and an affidavit from Mr. Stein who states that the advertisement posted on Careerbuilder.com was simultaneously "fed" to the Employer's website where it was posted from September 5, 2012 to November 2, 2012. Because the CO did not bar Mr. Stein's affidavit pursuant to 20 C.F.R. § 656.24(g), we have considered it along with the other documentation submitted by the Employer. *See Amneal Pharmaceuticals*, slip op. at 3 n.6 (citing *Actuarial Systems Corp.*, 2012-PER-01599 (May 26, 2016)). Based on our review of the record which contains the full text of the job advertisement that was posted on Careerbuilder and Mr. Stein's sworn statement that Careerbuilder advertisement was also posted on the Employer's website from September 5, 2012 to November 2, 2012, we find that the Employer's documentation is reasonably equivalent to a dated copy of the website job advertisement and thus satisfied the requirements of § 656.17(e)(1)(ii)(B). Accordingly, we find no basis for the CO's determination that the Employer was also required to submit an affidavit from Careerbuilder, and we reverse his denial of certification.

## **ORDER**

**IT IS ORDERED** that the denial of labor certification in this matter is hereby **REVERSED,** and the CO is directed to **GRANT** certification.

**SO ORDERED.**

For the panel:



Digitally signed by Colleen Geraghty
DN CN=Colleen Geraghty,
OU=Administrative Law Judge O=US
OCL Office of Administrative Law
Judges E=Boston_S=MA C=US
Location Boston MA

**COLLEEN A. GERAGHTY**
Administrative Law Judge

**NOTICE OF OPPORTUNITY TO PETITION FOR REVIEW:** This Decision and Order will become the final decision of the Secretary unless within twenty days from the date of service a party petitions for en banc review by the Board. Such review is not favored and ordinarily will not be granted except (1) when en banc consideration is necessary to secure or maintain uniformity of the Board's decisions, or (2) when the proceeding involves a question of exceptional importance. Petitions must be filed with:

**Chief Docket Clerk**
**Office of Administrative Law Judges**
**Board of Alien Labor Certification Appeals**
**800 K Street, NW**
**Suite 400N**
**Washington, DC 20001-8002**

Copies of the petition must also be served on other parties and should be accompanied by a written statement setting forth the date and manner of service. The petition shall specify the basis for requesting en banc review with supporting authority, if any, and shall not exceed ten double-spaced pages. Responses, if any, shall be filed within ten days of service of the petition, and shall not exceed ten double-spaced pages. Upon the granting of a petition the Board may order briefs.

**U.S. Department of Labor**      Board of Alien Labor Certification Appeals
800 K Street, NW, Suite 400-N
Washington, DC  20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



**Issue Date: 05 April 2011**

**BALCA No.:**      **2010-PER-00064**
ETA No.:      A-07226-65947

*In the Matter of:*

**PJ CLARKE'S ON THE HUDSON,**
            *Employer,*

      *on behalf of*

**JUAN HERRERA,**
            *Alien.*

Appearance:      Carina Defferrire-Duffy, Esquire
            New York, New York

Before:      **Bergstrom, Colwell, Krantz, Malamphy and Sarno**
            Administrative Law Judges

## ORDER DENYING PETITION FOR EN BANC REVIEW

    The Certifying Officer's denial of labor certification was affirmed by a panel decision of the Board on February 11, 2011. On March 10, 2011, the Board received the Employer's petition for *en banc* review. Upon consideration of the arguments presented in the petition, the Board concludes that *en banc* review is not necessary either to secure or maintain uniformity of decisions or to resolve a question of exceptional importance. Employer's counsel misstated the legal requirements for Notice under 20 C.F.R. § 656.10(d). Subsection 656.10(d)(4) requires the Notice to also contain all the information required in 20 C.F.R. § 656.17(f). Accordingly, the Employer's petition for *en banc* review is hereby **DENIED.**

                        Entered at the direction of the Board by:



**A**

Todd R. Smyth
Secretary to the Board of Alien
Labor Certification Appeals

**U.S. Department of Labor**     Board of Alien Labor Certification Appeals
800 K Street, NW, Suite 400-N
Washington, DC  20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



**Issue Date: 13 May 2013**

**BALCA Case No.:**   **2011-PER-02476**
ETA Case No.:   A-08311-02831

*In the Matter of:*

**AMAZON GLOBAL RESOURCES, INC.,**
*Employer*

*on behalf of*

**NAIR, SHYAMLAL PURUSHOTHAMAN,**
*Alien.*

Appearance:   Dan Marani, Esquire
Fragromen, Del Rey, Bernsen & Loewy, LLP
Boston, Massachusetts
*For the Employer*

Before:   **Calianos, Colwell, Geraghty, Johnson and McGrath**
Administrative Law Judges

## ORDER DENYING PETITION FOR EN BANC REVIEW

The Certifying Officer's denial of labor certification was affirmed by a panel decision of the Board issued on December 17, 2012.  Thereafter, the Board received the Employer's petition for *en banc* review.  Upon consideration of the arguments presented in the petition, the Board concludes that *en banc* review is not necessary either to secure or maintain uniformity of decisions or to resolve a question of exceptional importance.

We note that in its petition for en banc review, the Employer asserted that it had not been given the opportunity to present a brief or statement of position as required by 20 C.F.R. § 656.27(b).  This contention is based on the lack of a briefing schedule stated in an email sent to the Employer's attorney by a Legal Intern for the Board on September 5, 2012.  But the purpose of the Intern's email was merely to verify that the appeal was still active.  The Board issued its Notice of Docketing on November 21, 2011.  That Notice of Docketing set a briefing schedule permitting the filing of briefs within 45 days of the date of the Notice.  Although the Employer's

attorney did not receive the Notice of Docketing until December 15, 2011 due to a change of the law firm's address, that attorney filed the Employer's statement of intent to proceed with the Board. Thus, the Employer's attorney was on actual notice of the opportunity to file a brief no later than December 15, 2011, which was still within the 45 day period for filing a brief. Thus, the contention that the Employer was denied the opportunity to file a brief is without merit.

Accordingly, the Employer's petition for *en banc* review is hereby **DENIED.**

For the Board:



Digitally signed by WILLIAM COLWELL
DN: CN=WILLIAM COLWELL,
OU=ADMINISTRATIVE LAW JUDGE,
O=Office of Administrative Law Judges,
L=Washington S=DC C=US
Location: Washington DC

**WILLIAM S. COLWELL**
Associate Chief Administrative Law Judge



Address:       590 QUEEN ST
               HONOLULU
               HI 96813
Location:      NIKKO
Device Id:     BTC01
Transaction:   69017115370/

Fedex Priority Overnight  $L (ETA)
7/9651/31454 *  0.7 lbs. (S)       22.90
     Direct signature required
     Declared Value   1

Fedex Priority Overnight
7/9651/43160    0.7 lbs. (S)       22.90
     Direct signature required
     Declared Value   0

Chief          Shipment subtotal:     $45.80
(RALC4)
               Total Due:             $45.80

        FedEx SENDER Account
             *****4277

     M - Weight entered manually
     S - Weight read from scale
     T - Taxable item

Terms and conditions apply.  See
Fedex.com/us/service guide for details

        Visit us at: fedex.com
        Or call 1.800.GoFedEx
           1.800.463.3339

     Jul 14, 2017 3:42:21 PM



TO  COUNSEL FOR LITIGATION
    US DEPT OF LABOR OFFICE OF THE SOLI
    200 CONSTITUTION AVE, NW
    ROOM N-2101, FPB
    WASHINGTON DC 20210
    (808) 692-0877



TRK# 7796 5173 1454        MON - 17 JUL 10:30A
0201                       PRIORITY OVERNIGHT
                                          DSR
XC TSGA                    20210      IAD
                           DC-US



July 17,2017

Dear Customer:

The following is the proof-of-delivery for tracking number **779651731454**.

| Delivery Information: | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | K.GROGANS | Delivery location: | 200 CONSTITUTION AV |
| | | | Washington, DC 20210 |
| Service type: | FedEx Priority Overnight | Delivery date: | Jul 17, 2017 09:44 |
| Special Handling: | Deliver Weekday | | |
| | Direct Signature Required | | |



| Shipping Information: | | | |
|---|---|---|---|
| Tracking number: | 779651731454 | Ship date: | Jul 15, 2017 |
| | | Weight: | 1.0 lbs/0.5 kg |

Recipient:
Counsel For Litigation
US Dept of Labor Office of The Soli
200 Constitution Ave, NW
Room N-2101, FPB
Washington, DC 20210 US

Shipper:
William Haning
John A. Burns School of Medicine,UH
651 ILALO ST RM 307
HONOLULU, HI 96813 US

Thank you for choosing FedEx.

# FedEx Office

Address:        590 QUEEN ST
                HONOLULU
                HI 96813
Location:       NIKKO
Device ID:      BTC01
Transaction:    6901711537/07

FedEx Priority Overnight  CL (ETA)
779651731454   0.7 lbs. (S)        22.90
  Direct signature required
  Declared Value   1

FedEx Priority Overnight
779651741160   0.7 lbs. (S)        22.90
  Direct signature required
  Declared Value   0

Chief           Shipment subtotal:    $45.80
(BALCA)
                Total Due:            $45.80


        FedEx SENDER Account
             *****4277


M = Weight entered manually
S = Weight read from scale
T = Taxable item

Terms and Conditions apply.  See
fedex.com/us/service guide for details


       Visit us at: fedex.com
       Or call 1.800.GoFedEx
           1.800.463.3339

       Jul 14, 2017 3:42:21 PM



ORIGIN ID:HIKA  (808) 692-0877
WILLIAM HANING
JOHN A. BURNS SCHOOL OF MEDICINE UH
651 ILALO ST RM 307
HONOLULU, HI 96813
UNITED STATES US

SHIP DATE: 15JUL17
ACTWGT: 0.70 LB
CAD: 6901211/SSF01002

BILL THIRD PARTY

TO  ATTN: CHIEF DOCKET CLERK

800 K STREET, NW SUITE 400N

WASHINGTON DC 20001

(808) 692-0877        REF:
THU:
PO:                   DEPT:

FedEx
Express
E

TRK#  7796 5174 3160
0201

MON – 17 JUL 10:30A
PRIORITY OVERNIGHT
DSR

XC TSGA                20001    IAD
                       DC-US



July 17,2017

Dear Customer:

The following is the proof-of-delivery for tracking number **779651743160**.

## Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | T.MILTON | Delivery location: | 800 K STREET  NW |
| | | | Washington, DC 20001 |
| Service type: | FedEx Priority Overnight | Delivery date: | Jul 17, 2017 10:44 |
| Special Handling: | Deliver Weekday | | |
| | Direct Signature Required | | |



## Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 779651743160 | Ship date: | Jul 15, 2017 |
| | | Weight: | 1.0 lbs/0.5 kg |

Recipient:
Attn: CHIEF DOCKET CLERK
800 K Street, NW Suite 400N
Washington, DC 20001 US

Shipper:
William Haning
John A. Burns School of Medicine,UH
651 ILALO ST RM 307
HONOLULU, HI 96813 US

Thank you for choosing FedEx.