KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

HARRY YEE  #3790
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email: Harry.Yee@usdoj.gov

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Assistant Director

SAMUEL P. GO  NYS BAR #4234852
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation, District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-9923
E-mail: samuel.go@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YA-WEN HSIAO, | ) Civil No. 1:18-cv-00502-JAO-KJM |
| | ) |
| Plaintiff, | ) MEMORANDUM IN SUPPORT; |
| | ) CERTIFICATE OF SERVICE |
| v. | ) |
| | ) ORAL ARGUMENT REQUESTED |
| ALEXANDER ACOSTA, | ) |
| Secretary of Labor, | ) |
| | ) |
| Defendant. | ) |

TABLE OF CONTENTS

STATEMENT OF JURISDICTION...................................... 2

ISSUE PRESENTED................................................ 2

STATEMENT OF THE CASE.......................................... 2

STATUTORY AND REGULATORY BACKGROUND............................ 3

SUMMARY OF THE ARGUMENT........................................ 5

ARGUMENT...................................................... 6

  A.  Standard of Review Under Federal Rule of
      Civil Procedure 12(b)(1).................................. 6

  B.  Constitutional and Prudential Standing................... 7

  C.  Plaintiff lacks constitutional standing to
      challenge the denial of the Employer's
      Application, as she is not the applicant but
      merely the beneficiary.................................. 10

  D.  Plaintiff lacks constitutional standing because
      she has not sufficiently pled an injury-in-fact
      that is fairly traceable to Defendant's
      challenged conduct and redressable by a
      favorable decision...................................... 13

  E.  Plaintiff lacks prudential standing because she is
      not within the "zone of interest" covered by the
      statute governing alien labor certifications
      filed by the employer................................... 18

      1. Congressional Intent Behind Employment Petition and Labor
         Certification Scheme ................................ 19

      2. Plaintiff's Interests Are Not Among the Protected
         Interests ........................................... 20

F.  Plaintiff's claim that DOL failed to respond to
her FOIA request is moot................................ 22


CONCLUSION.................................................... 24

CERTIFICATE OF SERVICE

TABLE OF AUTHORITIES

Cases

*Air Courier Conference of Am. v. Am. Postal Workers Union*,
   498 U.S. 517 (1991) ......................................... 18

*Allen v. Wright*,
   468 U.S. 737 (1984) .........................................  9

*Amgen Inc. v. Smith*,
   357 F.3d 103 (D.C. Cir. 2004) .............................. 22

*Andros, Inc. v. United States*,
   No. C10303Z, 2010 WL 4983566
   (W.D. Wash. Dec. 2, 2010).................................. 10,21

*Aranas v. Napolitano*,
   No. SACV121137CBMAJWX, 2013 WL 12251153 (C.D. Cal. Apr. 19,
   2013) .................................................. 10,11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................ 15

*Assoc. of Med. Colleges v. United States*,
   217 F.3d 770 (9th Cir. 2000) ...............................  8

*Bennett v. Spear*,
   520 U.S. 154(1997) ........................................ 9,18

*Blacher v. Ridge*,
   436 F. Supp. 2d 602 (S.D.N.Y. 2006) ....................... 11

*Bonnichsen v. United States*,
   367 F.3d 864 (9th Cir. 2004) ...............................  9

*Cheung v. Immigration and Naturalization Servs.*,
   641 F.2d 666 (9th Cir. 1981) .............................. 21

*Cost Saver Mgmt., LLC v. Napolitano*,
   No. CV 102105JST (CWX), 2011 WL 13119439 (C.D. Cal. June 7,
   2011) ..................................................... 11

*East Bay Sanctuary Covenant v. Trump*,
   909 F.3d 1219, 2018 WL 6428204 (9th Cir. 2018) ............  9

*Ezra v. Leifer*,
  No. 2:18CV00871MWF(KS), 2018 WL 4027038 (C.D. Cal. June 20,
  2018) ..................................................... 14

*Fed'n for Am. Immigration Reform, Inc. v. Reno*,
  93 F.3d 897 (D.C. Cir. 1996) ............................... 10

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
  528 U.S. 167 (2000) ........................................ 8

*George v. Napolitano*,
  693 F. Supp. 2d 125 (D.D.C. 2010) .......................... 11

*Gonzales v. Gorsuch*,
  688 F.2d 1263 (9th Cir. 1982) .............................. 15

*Greene v. Wells Fargo Bank, N.A.*,
  No. 18CV06689JSC, 2018 WL 6832092
  (N.D. Cal. Dec. 28, 2018)................................ 15,16

*Havasupai Tribe v. Provencio*,
  906 F.3d 1155 (9th Cir. 2018) .............................. 7

*Ibraimi v. Chertoff*,
  2008 WL 3821678 (D.N.J. 2008) .............................. 11

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994) ........................................ 6

*Li v. Renaud*,
  709 F. Supp. 2d 230 (S.D.N.Y. 2010) ........................ 11

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ........................................ 8

*MatchEBeNashSheWish Band of Pottawatomi Indians v. Patchak*,
  567 U.S. 209 (2012) ...................................... 7,10

*Naruto v. Slater*,
  888 F.3d 418 (9th Cir. 2018) ............................... 8

*Nat'l Credit Union Admin. v. First Nat'l Bank & Trust Co.*,
  522 U.S. 479 (1998) ........................................ 7

*Ogala v. Chevron Corp.*,
  No. 14CV173SC, 2014 WL 2089901
  (N.D. Cal. May 19, 2014)................................... 15

*Pai v. USCIS*,
  810 F. Supp. 2d 102 (D.D.C. 2011) ........................... 19

*Papa v. United States*,
  281 F.3d 1004 (9th Cir. 2002) .............................. 22

*Perry v. Block*,
  684 F.2d 121 (D.C. Cir. 1982) .............................. 22

*Republic of Marshall Islands v. United States,*
  865 F.3d 1187 (9th Cir. 2017) .......................... 15,17

*Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency*,
  581 F.3d 1169 (9th Cir. 2009) .............................. 22

*Safe Air for Everyone v. Meyer*,
  373 F.3d 1035 (9th Cir. 2004) ............................. 6,7

*Sec'y of State of Md. v. Joseph H. Munson Co.*,
  467 U.S. 947 (1984) ....................................... 10

*Sessions v. Morales-Santana*,
  --- U.S. ----, 137 S.Ct. 1678 (2017) ....................... 8

*Shanks v. Dressel*,
  540 F.3d 1082 (9th Cir. 2008) .............................. 9

*Spokeo, Inc. v. Robins*,
  --- U.S. ----, 136 S.Ct. 1540 (2017) ....................... 8

*St. Clair v. City of Chico*,
  880 F.2d 199 (9th Cir. 1989) ............................... 6

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998) ......................................... 7

*Warth v. Seldin*,
  422 U.S. 490 (1975) ...................................... 8,10

## Statutes

8 U.S.C. § 1153(b)(3)(C).......................................  4

8 U.S.C. § 1182(a)(5)......................................... 19

8 U.S.C. § 1255(a)............................................  5

28 U.S.C. § 1331.............................................  2

## Rules

Fed. R. Civ. P. 12(b)(1)................................... 5,6

## Regulations

8 C.F.R. § 204.5(g)(2).......................................  4

8 C.F.R. § 204.5(l)(1).......................................  4

8 C.F.R. § 204.5(l)(3)(ii)...................................  4

8 C.F.R. § 656.17............................................ 21

## STATEMENT OF JURISDICTION

Plaintiff invoked the jurisdiction of the district court under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 *et seq.*, and 28 U.S.C. § 1331.

## ISSUE PRESENTED

Whether Plaintiff has established standing to challenge the Department of Labor's ("DOL's") denial of the alien labor certification application that a U.S. employer, that sought to permanently employ her, filed on her behalf.

## STATEMENT OF THE CASE

Plaintiff filed this civil action against Defendant under the APA, 5 U.S.C. § 702 *et seq.*, and 28 U.S.C. § 1331, alleging, among other things, that (1) DOL's denial of the University of Hawaii John A. Burns School of Medicine's ("Employer") alien labor certification application ("Application"), and the Board of Alien Labor Certification's ("BALCA") affirmance of DOL's denial, is an abuse of discretion; (2) the En Banc procedures adopted by BALCA are arbitrary, capricious, and violate the APA; and that (3) BALCA's adjudication violated Plaintiff's Fifth Amendment due process rights. *See* ECF No. 1, Complaint. In the Application, the Employer asserted that it sought to employ Plaintiff as an information technology specialist. *See* ECF No. 1-1, at 148-58. On March 23, 2012, DOL denied the Employer's Application, noting that (1) the prospective employer "failed to

- 2 -

provide adequate documentation of the additional recruitment steps for professional occupations as required in its Audit Notification Letter," and that (2) "the documentation provided by the employer as proof of the employer's website offers terms and conditions of employment that are less favorable than those offered to the foreign worker." *See id.* at 13-14. The Employer subsequently appealed DOL's denial to BALCA, which affirmed DOL's denial on November 16, 2016. *See* Complaint at ¶ 22. The Employer filed a petition for En Banc Review, which BALCA denied on March 29, 2017. *See id.* at ¶ 27. The Employer then filed a "Pro Se Motion for Relief from Judgement and Order" on July 14, 2017, challenging the En Banc procedures. *See id.* at ¶ 32. On August 20, 2018, the Chief Administrative Law Judge denied the motion for relief. *See id.* at ¶ 44. The instant action filed only by Plaintiff – and not the Employer - followed.

## STATUTORY AND REGULATORY BACKGROUND

The Immigration and Nationality Act ("INA") provides a three-step process for non-citizens to obtain permanent employment in the United States in certain occupations. First, the employer must apply for an alien labor certification from DOL confirming that:

> there are not sufficient workers who are able,
> willing, qualified ... and available at the time of
> application for a visa and admission to the United
> States and at the place where the alien is to perform
> such skilled or unskilled labor, and the employment of

such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed.

8 U.S.C. § 1182(a)(5)(A)(i)(I)-(II). Simply put, approval of the labor certification application means that DOL has determined that there are no U.S. workers available for the position the company seeks to fill with a foreign worker.

Second, once the certification is obtained, the employer must submit the certification along with an I-140 visa petition to United States Citizenship and Immigration Services ("USCIS") on behalf of the non-citizen worker, who is known as the "beneficiary" to the petition, to obtain an immigrant visa based on employment. 8 C.F.R. § 204.5(l)(1); *see* 8 U.S.C. § 1153(b)(3)(C). The employer must also submit documentation to show that the non-citizen worker meets any educational, training and experience, or other requirements dictated by the labor certification. 8 C.F.R. § 204.5(l)(3)(ii). The employer must also show that it has the ability to pay the wage specified in the labor certification, from the date on which the request for the labor certification was submitted to DOL until the non-citizen worker obtains lawful permanent resident status. 8 C.F.R. § 204.5(g)(2).

Third, if USCIS approves the I-140 petition, the non-citizen worker, if lawfully present in the United States and is otherwise eligible, may apply to adjust his or her immigration

- 4 -

status to that of a lawful permanent resident by filing an I-485 Application to Register Permanent Residence or Adjust Status. 8 U.S.C. § 1255(a).

## SUMMARY OF THE ARGUMENT

Under Fed. R. Civ. P. 12(b)(1), this court lacks subject matter jurisdiction over Plaintiff's claims, as Plaintiff's Complaint fails to satisfy the requirements for standing in her challenge of DOL's denial of the Employer's Application. Plaintiff lacks constitutional standing to challenge the denial of the Employer's Application because the application was filed by, and belongs to, the Employer. Plaintiff is not the applicant, but merely the named beneficiary on the Application. Plaintiff also lacks constitutional standing because she has not sufficiently pled an injury-in-fact that is fairly traceable to Defendant's challenged conduct that could be redressable by a favorable decision. Plaintiff also lacks prudential standing, as she does not fall in the "zone of interest" contemplated by the statute being invoked. Finally, Plaintiff's claim that DOL has violated its FOIA regulations is moot. For these reasons, the Court should find that Plaintiff lacks standing to bring her complaint and dismiss the case in its entirety.

**ARGUMENT**

**A. Standard of Review Under Federal Rule of Civil Procedure 12(b)(1)**

A district court must dismiss an action if the court lacks jurisdiction over the subject matter of the suit. *See* Fed. R. Civ. P. 12(b)(1), 12(h)(3). Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citation omitted). Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a lawsuit for lack of subject matter jurisdiction.

Rule 12(b)(1) challenges come in two forms: facial attacks and factual attacks. A facial attack challenges the sufficiency of the jurisdictional allegations in a complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual challenge "attack[s] the substance of a complaint's jurisdictional allegations[…], and in so doing rel[ies] on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). In

resolving a factual attack on jurisdiction, the court "need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039.

## B. Constitutional and Prudential Standing

A plaintiff seeking judicial review of agency action under the APA must meet Article III and prudential standing requirements to proceed with his or her case. *See Havasupai Tribe v. Provencio*, 906 F.3d 1155, 1166 (9th Cir. 2018)("[A] person suing under the APA must satisfy not only Article III's standing requirements, but an additional test: The interest he asserts must be arguably within the zone of interests to be protected or regulated by the statute that he says was violated.") (quoting *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 224 (2012)); *see also Nat'l Credit Union Admin. v. First Nat'l Bank & Trust Co.* ("*NCUA*"), 522 U.S. 479, 488 (1998) ("We have interpreted § 10(a) of the APA to impose a prudential standing requirement in addition to the requirement, imposed by Article III of the Constitution, that a plaintiff have suffered a sufficient injury in fact."). A plaintiff's constitutional standing under Article III must be determined first in order to establish the jurisdiction of the Court to hear the case and reach the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998).

- 7 -

To establish Article III standing, a plaintiff must show: "(1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' " *Spokeo, Inc. v. Robins*, --- U.S. ----, 136 S.Ct. 1540, 1548 (2017) (quoting *Lujan*, 504 U.S. at 560). The party invoking federal jurisdiction bears the burden of establishing that the standing requirements of Article III are satisfied. *Id.* at 1547; *see also Assoc. of Med. Colleges v. United States*, 217 F.3d 770, 778-79 (9th Cir. 2000).

Part of the Article III case-or-controversy requirement is the obvious derivative premise that "the plaintiff generally must assert his own legal rights and interests." *Naruto v. Slater*, 888 F.3d 418, 429 (9th Cir. 2018) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)); *see also Sessions v. Morales-Santana*, --- U.S. ----, 137 S.Ct. 1678, 1689 (2017)

- 8 -

("Ordinarily, a party must assert his own legal rights and cannot rest his claim to relief on the legal rights of third parties." (alterations, internal quotation marks, and citations omitted)). A claim alleging injury by the plaintiff based on the government's treatment of a third party must satisfy each of the stringent constitutional standing requirements. *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008) (citing *Lujan*, 504 U.S. at 561-62) ("When . . . a plaintiff's asserted injury arises from the government's allegedly unlawful regulation (or lack of regulation) of someone else, much more is needed [to establish causation and redressability].").

Even if Article III standing exists, a litigant may still lack prudential standing to pursue claims. *Allen v. Wright*, 468 U.S. 737, 751 (1984) (noting that prudential standing embodies "judicially self-imposed limits on the exercise of federal jurisdiction"). "The 'zone-of-interests' test ... is a judge-made 'prudential standing requirement,' independent of the three immutable constitutional standing requirements of Article III." *Bonnichsen v. United States*, 367 F.3d 864, 873 (9th Cir. 2004) (citing *Bennett v. Spear*, 520 U.S. 154, 163(1997)). In the context of a claim brought under the APA, "the relevant zone of interests is not that of the APA itself, but rather 'the zone of interests to be protected or regulated by the statute that the plaintiff says was violated.'" *East Bay Sanctuary Covenant v.*

*Trump*, 909 F.3d 1219, 1244, 2018 WL 6428204, at *13 (9th Cir. 2018) (internal brackets and some internal quotation marks omitted) (quoting *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians*, 567 U.S. at 224). If a court finds that a plaintiff lacks prudential standing, the court may dismiss the case for lack of standing without considering whether the plaintiff has constitutional standing. *See, e.g., Fed'n for Am. Immigration Reform, Inc. v. Reno*, 93 F.3d 897, 899 (D.C. Cir. 1996) ("Because we find that the Federation lacks prudential standing, we need not consider the issue of constitutional standing or the political question doctrine.").

**C. Plaintiff lacks constitutional standing to challenge the denial of the Employer's Application, as she is not the applicant but merely the beneficiary.**

A party ordinarily "cannot rest his claim to relief on the legal rights or interests of third parties." *Aranas v. Napolitano*, No. SACV-12-1137-CBM-AJWX, 2013 WL 12251153, at *3 (C.D. Cal. Apr. 19, 2013) (quoting *Sec'y of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 955 (1984)); *see also Warth*, 422 U.S. at 499. District courts have held that an alien lacks constitutional standing to challenge the denial of an immigration petition where the alien is not the petitioner but merely the beneficiary. *See Andros, Inc. v. United States*, No. C10-303Z, 2010 WL 4983566, at *3 n. 6 (W.D. Wash. Dec. 2, 2010)

- 10 -

(citing *George v. Napolitano*, 693 F. Supp. 2d 125, 130 (D.D.C. 2010); *Li v. Renaud*, 709 F. Supp. 2d 230, 236 n. 3 (S.D.N.Y. 2010); *Ibraimi v. Chertoff*, 2008 WL 3821678 (D.N.J. 2008)). In *Aranas*, the Court found that Plaintiff lacked standing to challenge the government's denial of his mother's immigration petition, as he was only a derivative beneficiary of the immigration benefits sought by his mother. 2013 WL 12251153, at *4. In *George*, the Court held that the employer was the sole party with standing to seek review of a denial of a I-140 work visa, rather than beneficiary employee. 693 F. Supp. 2d at 130. Similarly, in *Blacher v. Ridge*, 436 F. Supp. 2d 602, 606 n.3 (S.D.N.Y. 2006), the Court found that the employer was the only party with standing to seek review of the denial of the H1-B visa petition, rather than the beneficiary-employee.

The same principle applies here. Plaintiff is challenging the Application filed by the Employer, of which she is only a beneficiary. Only the Employer can initiate the labor certification process on behalf of an alien worker, and without it, the alien cannot even commence the process to immigrate permanently to the United States.  The Employer, as the party that filed the labor certification application, "is considered the proper party having a personal stake in the outcome sufficient to warrant ... invocation of federal court jurisdiction," not the Plaintiff.  *Cost Saver Mgmt., LLC v.*

*Napolitano*, No. CV 10-2105-JST (CWX), 2011 WL 13119439, at *3

(C.D. Cal. June 7, 2011)(quoting *George*, 693 F. Supp. 2d at 130)

(further quotation omitted).  Accordingly, as Plaintiff lacks

the requisite standing to challenge the denial of the Employer's

Application, her Complaint must be dismissed.[1]

---

[1] While some courts have found that alien beneficiaries can
establish standing to challenge denied nonimmigrant and
immigrant visa petitions filed by employers, these cases are
distinguishable from the instant action. In *Tenrec, Inc. v.
United States Citizenship & Immigrations Servs.*, the court found
that the alien beneficiary had standing to challenge USCIS's
denial of a nonimmigrant H-1B visa petition filed by the company
on the alien's behalf. However, the court based its finding on
the *second* step in the visa process (*see* outline of second step,
*supra* page 4), noting that it is the alien's "status that is at
stake" when USCIS takes action on an H-1B petition. No. 3:16-CV-
995-SI, 2016 WL 5346095, at *6 (D. Or. Sept. 22, 2016). Here, no
"status is at stake" because a labor certification application
does not provide an alien worker with any U.S. immigration
status.  Rather, if approved, it merely permits the employer to
proceed to the second step in the immigrant visa process.
   In *Patel v. U.S. Citizenship and Immigration Services*, the
court found that the alien beneficiary of an I-140 visa petition
filed by an employer (who had an approved labor certification
application) had constitutional standing to challenge a denial
of the second step of the immigrant visa process, noting that
the alien "lost a significant opportunity to receive an
immigrant visa." 732 F.3d 633, 638 (6th Cir. 2013). Unlike the
aforementioned cases, however, at issue in the instant action is
the first step in the immigrant visa process, which must be
commenced by an employer based on a job offer to the alien
worker. At this stage, the relevant issue is not whether or not
a particular alien beneficiary can receive a visa, but whether a
position offered to a foreign worker by the prospective employer
can be sufficiently filled by a U.S. worker.
   Finally, *Shalom Pentecostal Church v. Acting Sec'y U.S.
Dep't of Homeland Sec.*, a case in which the court found that an
immigrant religious worker had statutory standing to challenge
the denial of the church's petition for special immigrant
religious worker visa on his behalf, is distinguishable from the

**D. Plaintiff lacks constitutional standing because she has not sufficiently pled an injury-in-fact that is fairly traceable to Defendant's challenged conduct and redressable by a favorable decision.**

Plaintiff also lacks constitutional standing because her Complaint fails to adequately plead an injury-in-fact fairly traceable to Defendant's challenged conduct and redressable by a favorable decision. In her Complaint, Plaintiff's only allegations regarding her injuries are found in Count 5 of her Complaint, in Paragraphs 115 through 117. *See generally* Complaint. In these paragraphs, she alleges that "[t]he injustice that Plaintiff has endured from the DOL has caused undue stress to her family," noting her husband's worrying about this case and his countless hours doing legal research; that "[t]he deprivation and unreasonable delay of the Labor Certification due to Plaintiff has also caused undue stress to her and risked the life of her then-unborn child"; that "[t]he deprivation of a timely issued Labor Certification from the DOL has made Plaintiff unable to pursue several potential higher

---

instant action, as the court based its decision on a "specific carve-out within [8 C.F.R.] § 204.5(c)," providing that, for special immigrant religious workers, "the alien, or any person in the alien's behalf" has standing to file. 783 F.3d 156, 163 (3d Cir. 2015). Accordingly, these cases are distinguishable from the instant action.

paying employment opportunities"; and that "[t]he unjustified extended uncertainty has divested Plaintiff from not only material opportunities but also quality time with her dying husband." Complaint at ¶¶ 115-17. These allegations fail to allege the Plaintiff suffered a concrete injury-in-fact "fairly traceable" to the challenged action of the Defendant and redressable by a favorable decision.

Plaintiff's allegation of injury in Paragraph 115 pertains to alleged injuries incurred not by her, but by her husband, who is not a party to this case. As noted previously, Plaintiff must show that she *herself* must have suffered an injury-in-fact. *See supra* at 7-8 (citing *Spokeo*, 136 S. Ct. at 1547). The alleged injuries incurred by her husband do not satisfy Plaintiff's burden to show that she suffered an injury-in-fact. *See Ezra v. Leifer*, No. 2:18-CV-00871-MWF(KS), 2018 WL 4027038, at **7-8 (C.D. Cal. June 20, 2018), *report and recommendation adopted*, No. CV 18-871-MWF (KS), 2018 WL 4026999 (C.D. Cal. Aug. 20, 2018).

Plaintiff's allegation of injury in Paragraph 116 also fails to adequately plead an injury-in-fact. Plaintiff's allegation states that "[t]he deprivation and unreasonable delay of the Labor Certification due to Plaintiff has also caused undue stress to her and risked the life of her then-unborn child." *See* Complaint at ¶ 116. However, Plaintiff alleges no

concrete facts giving rise to a reasonable inference that Plaintiff's alleged injuries – undue stress, risk to the life of her then-unborn child, early labor, and time spent by Plaintiff in the NICU – were caused by Defendants' challenged conduct. *See id.; see also Greene v. Wells Fargo Bank, N.A.*, No. 18-CV-06689-JSC, 2018 WL 6832092, at *11 (N.D. Cal. Dec. 28, 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Accordingly, Plaintiff fails to adequately allege causation. *See id.* While the alleged maladies of her husband and child are indeed worthy of great sympathy, they do not satisfy Plaintiff's burden to show that she suffered an injury-in-fact that was caused by DOL's denial of the Employer's Application. Plaintiff's Complaint fails to support these conclusory allegations with sufficient facts showing how Defendant could be reasonably held liable for these purported injuries. *See Ogala v. Chevron Corp.*, No. 14-CV-173-SC, 2014 WL 2089901, at *4 (N.D. Cal. May 19, 2014). Moreover, Plaintiff fails to allege, much less show, how these injuries would be redressed by a favorable decision – in other words, injuries for which the Court possesses the "power to right or to prevent." *See* Complaint at ¶ 116; *Republic of Marshall Islands v. United States,* 865 F.3d 1187, 1199 (9th Cir. 2017)(quoting *Gonzales v. Gorsuch*, 688 F.2d 1263, 1267 (9th Cir. 1982)).

Plaintiff similarly fails to adequately allege causation regarding her allegations of injury in Paragraph 117 – that "[t]he deprivation of a timely issued Labor Certification from the DOL has made Plaintiff unable to pursue several potential higher paying employment opportunities," and that "[t]he unjustified extended uncertainty has divested Plaintiff from not only material opportunities but also quality time with her husband." *See* Complaint at ¶ 117. Again, Plaintiff alleges no facts giving rise to a reasonable inference that Defendant's challenged conduct caused these purported injuries; accordingly, these allegations do not suffice to adequately plead an injury-in-fact. *See id.; see also Greene*, 2018 WL 6832092 at *11; *Ogala*, 2014 WL 2089901 at *4. Additionally, like the alleged injuries in Paragraph 116, Plaintiff does not allege in her Complaint, much less show, how the injuries alleged in Paragraph 117 would be redressed by a favorable decision. An employer commences the alien labor certification process on behalf of an alien based on an offer of permanent employment to that alien. Plaintiff, however, arguably indicates her intent to use the employment-based immigrant visa process to seek employment from an employer *other* than the employer that offered her a permanent position and commenced the labor certification process on her behalf. Plaintiff, therefore, cannot plausibly argue that the purported injury of being "unable to pursue several potential

- 16 -

higher paying employment opportunities" would be redressed by a favorable decision by the Court. *See* Complaint at ¶ 117; *Republic of Marshall Islands,* 865 F.3d at 1199.

As noted previously, the labor certification process at issue in this case is only the first step in a three-step process for non-citizens to obtain permanent employment in the United States in certain occupations. *See supra* at 3-4. Thus, while Plaintiff allegedly attributes her injuries to the denial of her Employer's Application, the approval of the Application would not necessarily result in her obtaining an employment-based immigrant visa. Rather, the approval would only satisfy step one of the three-step process, which when completed, would only permit the Employer to *submit* an immigrant worker visa petition to the Department of Homeland Security on the alien's behalf. While Plaintiff's Complaint seeks relief in the form of approval of the Employer's Application and a declaration that BALCA's En Banc Procedures violated the APA, *see* Complaint at 25-26, Plaintiff fails to allege sufficient facts showing how the granting of this relief will rectify her alleged harms. Accordingly, Plaintiff lacks constitutional standing to bring forth this case, and this case should be dismissed in its entirety.

**E. Plaintiff lacks prudential standing because she is not within the "zone of interest" covered by the statute governing alien labor certifications filed by employers.**

Prudential standing requires Plaintiff to show that her alleged injuries "arguably fall within the zone of interests protected or regulated by the statutory provision." *Bennett v. Spear*, 520 U.S. 154, 162 (1997). Plaintiff has not demonstrated that her interests are within the zone of interest covered by the labor certification process that can be commenced only by an employer willing to offer permanent employment to a foreign worker. This process protects the domestic workforce from foreign workers filling positions for which U.S. workers are available for hire, and it protects U.S. employers who are seeking employees when no U.S. workers are available. Because Plaintiff is not a member of the domestic workforce protected by the labor certification process or a U.S. employer, she lacks standing to challenge DOL's detemination on alien labor certification applications.

In determining whether a litigant's interests fall within the protected zone of interests, the Court should look at the specific statutory provision at issue in "complete isolation," and only to provisions having an "integral relationship" with the provisions at issue in the cause of action. *Air Courier Conference of Am. v. Am. Postal Workers Union*, 498 U.S. 517,

529-30 (1991). In this case, the relevant provision is 8 U.S.C.
§ 1182(a)(5), which governs the labor certification process.

**1. Congressional Intent Behind Employment Petition and
Labor Certification Scheme.**

The zone of interests inquiry first requires the Court to
determine the interests arguably protected by the statutory
provision at issue. *NCUA*, 522 U.S. at 492. In 1965, Congress
enacted the preferential immigration system that allotted visas
based on familial relationships, employment, and refugee and
asylee status, among others. *See* Immigration and Nationality Act
Amendments, Pub. L. No. 89-236, 79 Stat. 911-922 (1965). In *Pai
v. USCIS*, the District Court for the District of Columbia
analyzed the congressional intent behind the general employment-
based visa application system and labor certification statutes,
and concluded that they "reflect a clear congressional concern
for protecting the interests of American labor over those of
foreign workers . . . . [and] ensuring that American employers
have the ability to hire qualified non-resident alien workers
where no qualified American workers are available." *Pai v.
USCIS*, 810 F. Supp. 2d 102, 111 (D.D.C. 2011). The visa
allocation system was not meant to protect non-citizens seeking
to enter the United States for employment purposes. *Pai*, 810 F.
Supp. 2d. at 111.

- 19 -

The labor certification process in general is even more indicative of congressional intent to protect citizen workers. In *Vemuri v. Napolitano*, the District Court for the District of Columbia analyzed the congressional intent in the enactment of the employment-based adjustment process and concluded that the labor certification process was enacted "to protect the American economy from job competition and from adverse working standards as a consequence of immigrant workers entering the labor market." 845 F. Supp. 2d 125, 131 (D.D.C. 2012)(quoting S. Rep. No. 89-748, reprinted in 1965 U.S.C.C.A.N. 3328, 3329).

**2. Plaintiff's Interests Are Not Among the Protected Interests.**

The second prong of the zone of interests test concerns whether the plaintiff's interests affected by the agency action in question are among the interests protected by the statutory provisions at issue. *NCUA*, 522 U.S. at 492. Here, Plaintiff is an alien without lawful status seeking the approval of a labor certification application that had been filed by the Employer. Her interests do not fall within the zone of interests protected by the labor certification and employment-based immigrant visa petition statutes.

The labor certification process was intended by Congress to protect U.S. workers, not to benefit foreign workers. *Vemuri*, 845 F. Supp. 2d at 131. In *Vemuri*, the court analyzed the

congressional intent in the enactment of the employment-based adjustment process and concluded that the labor certification process was enacted "to protect the American economy from job competition and from adverse working standards as a consequence of immigrant workers entering the labor market." 845 F. Supp. 2d at 131 (quoting S. Rep. No. 89-748, reprinted in 1965 U.S.C.C.A.N. 3328, 3329). The labor certification process makes U.S. employers undertake a thorough analysis to conclude that no U.S. worker is available for the position that the U.S. employer has applied to hire a foreign worker from abroad. *See* 8 C.F.R. § 656.17. The DOL is required to certify that the "employment of the alien will not adversely affect the wages and working conditions of United States workers similarly employed." 8 U.S.C. § 1182(a)(5)(A)(i)(II). The statutory section requiring a labor certification before the filing of a Form I-140 petition was enacted both to exclude foreign workers from competing for jobs that U.S. workers could fill and to protect the U.S. labor market from an influx of foreign labor. *See Cheung v. Immigration and Naturalization Servs.*, 641 F.2d 666, 669 (9th Cir. 1981). Plaintiff is not a lawful member of the U.S. workforce whose interests are protected by the labor certification process.

The labor certification is necessary to ensure that the issuance of an employment-based petition will not have an

adverse effect on the United States' labor force. *See Andros, Inc. v. United States*, No. C10-303Z, 2010 WL 4983566, at *2 (W.D. Wash. Dec. 2, 2010). Plaintiff's interests are not consistent with the purposes of the labor certification provisions, so she lacks prudential standing and the case should be dismissed. *Amgen Inc. v. Smith*, 357 F.3d 103, 108-09 (D.C. Cir. 2004).

For these reasons, Plaintiff has failed to establish standing to challenge DOL's denial of the alien labor certification application filed on her behalf by a U.S. employer.

**F. Plaintiff's claim that DOL failed to respond to her FOIA request is moot.**

"In general, when an administrative agency has performed the action sought by a plaintiff in litigation, a federal court 'lacks the ability to grant effective relief,' and the claim is moot." *Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009)(citation omitted). Here, Plaintiff claims that DOL failed to respond to her FOIA request. *See* Complaint at ¶¶ 120-24. DOL, however, has fully responded to Plaintiff's FOIA request. Accordingly, any claim for relief arising from such request is now moot. *Papa v. United States*, 281 F.3d 1004, 1013 (9th Cir. 2002)(*quoting Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982)).

Plaintiff submitted a FOIA request to DOL on August 22, 2018 for records recalling administrative file 2012-PER-02131,University of Hawaii, and for records regarding Mr. Harry L. Sheinfeld's employment with DOL's Office of Administrative Law Judges ("OALJ"). *See* Complaint at ¶ 52. On October 3, 2018, OALJ responded with records recalling the administrative file and referred Plaintiff's request for employment records to another custodian, DOL's Office of the Assistant Secretary for Administration and Management ("OASAM"). *See* Oct. 3, 2018 OALJ FOIA Response, attached as Defendant Exhibit 1. On January 8, 2019, OASAM produced to Plaintiff eight (8) pages of documents responsive to her FOIA request. *See* January 8, 2019, OASAM FOIA Response, attached as Defendant Exhibit 2. DOL has now produced all responsive, non-exempt records requested by Plaintiff and the Court should dismiss any claims for relief under FOIA/APA as moot. *Papa*, 281 F.3d at 1013.

## CONCLUSION

For the reasons indicated above, the Court should find that Plaintiff lacks standing to challenge the denial of the Employer's Application for labor certification, and that Plaintiff's FOIA claim is moot.  The Court, therefore, should dismiss Plaintiff's Complaint in its entirety under Rule 12(b)(1).


Dated: March 4, 2019             Respectfully submitted,

                                 KENJI M. PRICE
                                 United States Attorney
                                 District of Hawaii

                                 By: /s/ Harry Yee
                                 HARRY YEE
                                 Assistant U.S. Attorney

                                 JOSEPH H. HUNT
                                 Assistant Attorney General

                                 WILLIAM C. PEACHEY
                                 Director

                                 GLENN M. GIRDHARRY
                                 Assistant Director

                                 By: /s/ Samuel P. Go
                                 SAMUEL P. GO
                                 NYS Bar No. 4234852
                                 Senior Litigation Counsel
                                 United States Department of
                                 Justice
                                 Civil Division
                                 Office of Immigration Litigation
                                 District Court Section
                                 P.O. Box 868, Ben Franklin
                                 Station
                                 Washington, D.C. 20044

Telephone: (202) 353-9923
E-mail: Samuel.go@usdoj.gov

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that, on March 4, 2019 by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served by First-Class Mail:

Ya-Wen Hsiao                              March 4, 2019
1141 Hoolai St., Apt. 201
Honolulu, HI 96814

                              /s/ Samuel P. Go
                              Samuel P. Go
                              Senior Litigation Counsel
                              District Court Section
                              Office of Immigration Litigation
                              Civil Division
                              U.S. Department of Justice
                              P.O. Box 868, Ben Franklin Station
                              Washington, D.C. 20044
                              Tel: (202) 353-9923
                              Fax: (202) 305-7000