Ya-Wen Hsiao
1141 Hoolai St. Apt 201
Honolulu HI 96814
808-728-2646
rabbityhsiao@gmail.com
*Pro Se*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YA-WEN HSIAO,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ALEXANDER ACOSTA, in his capacity as the United States Secretary of Labor,<br><br>　　　　　Defendant. | CIVIL NO. 18-CV-00502-JAO-KJM<br><br>**MEMORANDUM OF SUPPORT FOR PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS;**<br><br>**CERTIFICATE OF SERVICE**<br><br>**EXHIBITS**<br>Exhibit 1 – Letter from Dean of JABSOM<br>Exhibit 2 – Work Permit Approval<br>Exhibit 3 – FOIA Email Thread<br>Exhibit 4 – FOIA Tracking Screenshots<br>Exhibit 5 – BALCA Bench Book Chapter 24 |

1

# INTRODUCTION

The Defendants has moved the court to dismiss the instant case pursuant to Federal Rules of Civil Procedure 12 (b)(1) claiming the court has no jurisdiction over this case due to the Plaintiff's lack of Constitutional and Prudential Standing.

In the interest of brevity, efficiency and clarity of arguments, the memorandum of support herein initially follows the Defendant's headings in their Memorandum in Support of Dismissal. The Plaintiff does not construe the headings in the memo as allegations that needs to be addressed but will address the merits in the paragraphs that is addressed in that heading. To the extent that a response is expected, the Plaintiffs oppose and deny the allegations contained in the headings.

The arguments stated here primarily address issues of standing and allegations made by the defendant. The Plaintiff does not reach every issue in the initial pleading. Therefore, an omission of an issue that is present in the original complaint and not addressed here should not be construed as a waiver of those arguments.

This memorandum of opposition was written in haste to accommodate for the Plaintiff's request for an urgent hearing on the matter. The Plaintiff apologizes for redundant and typographical errors which may have been overlooked.

# STATEMENT OF JURISDICTION

The Plaintiff agrees that she invoked the jurisdiction of this court under the Administrative Procedure Act and 28 USC § 1331.

# ISSUE PRESENTED

The Plaintiff agrees that the issue in this motion filed is based on constitutional and prudential standing.

The Plaintiff in this opposition raises the issue of whether the Defendant has actually established standing for the Plaintiff with regards to an Alien beneficiary for a Labor Certification application bringing an action to Federal District Court.

The Plaintiff accuses the Defendant of filing a libelous, scandalous and frivolous Motion to Dismiss. The libelous and scandalous accusation is endangering her and her family's security.

The Plaintiff moves this court to censure and sanction the Defendant. In the interest of justice, order the Defendant to show cause to the court as explaining the untruthful allegations stated.

## STATEMENT OF THE CASE

The Plaintiff generally agrees with the characterization the Defendant presents here.

An important factor however, is inaccurate, which leads the Plaintiff to question the Defendants understanding of the case at hand.

The defendant stated: "In the Application, the Employer asserted that it sought to employ Plaintiff as an information technology specialist."

To clarify, the Plaintiff is currently *legally employed* by the Employer. The employer's PERM application is an assertion by the Employer that it was sponsoring her for a Labor Certification which would allow her to file for permanent residence.

## STATUTORY AND REGULATORY BACKGROUND

The Plaintiff agrees with the characterization on the process of obtaining lawful permanent residence through the means of employment.

The defendant has accurately stated that the prospect of gaining a lawful permanent status and continued employment by the Alien is contingent on the Employer sponsoring her as a beneficiary of that application.

In ETA, Final Rule, Labor Certification for the Permanent Employment of Aliens in the United States; Reducing the Incentives and Opportunities for Fraud and Abuse and Enhancing Program Integrity, 72 Fed. Reg. 27903 (May 17, 2007). Which can be found at:

https://www.oalj.dol.gov/PUBLIC/INA/REFERENCES/FEDERAL_REGISTER/REGULATORY_HISTORY_OF_PERMANENT_LABOR_CERTIFICATION_REGULATIONS.HTM - Prohibits the substitution of alien beneficiaries on permanent labor certification applications and resulting certifications. This simply means that the application that the Employer submitted in sponsoring the Plaintiff is *exclusively* for her.

## **SUMMARY OF THE ARGUMENT**

The Defendants claims on standing fails because as the Defendant stated, the Plaintiff *is* the beneficiary of the Labor Certification Application made by the Employer.

While it is true that the application belongs to the employer, the Plaintiff is the sole beneficiary of that application. The regulations will not allow the Employer to "give" that Labor Certification to any other Alien looking to gain a lawful permanent status or a "Green Card".

However desperate the Defendant is to paint the picture of the Alien as "merely" a beneficiary or a third party who has no interest in the application, the Plaintiff is the sole beneficiary for this application.

The Defendant seems to miss a general idea of this complaint: The denial of an approved Labor Certification to the Employer has denied her the ability to work after her current visa expires. The denial also deprives her of the ability to take the following steps in gaining lawful permanent status.

This is a concrete "injury-in-fact" that is clearly traceable to the unjustified and unlawful actions by the Defendant. The Defendant's motion to dismiss seems a bit outlandish given the fact that the Defendant just recited the whole premise of why the Plaintiff is bringing this action to this court.

The Defendant further contends that the plaintiff lacks prudential standing because she is not within the "zone of interest" contemplated by the statute being invoked. Again, this fails simply by looking and reading the Statutory and Regulatory rules that the Defendant just mentioned. The Plaintiff is regulated by the Labor Certification Rules wherein she may or may not file for an I-485 to adjust her status to that of a lawful permanent resident.

The Plaintiff also opposes and denies that the allegation of the DOL violating it FOIA regulations is moot. The Defendant claims that they have fulfilled their responsibilities and statutory duties but evidence shows that they are being deceitful on this claim. To the date of this memorandum, the Plaintiff still has not received the responsive documents.

# ARGUMENT

## A. Standard of Review Under Federal Rules of Civil Procedure 12(b)(1)

The plaintiff generally agrees with the characterization.

The Plaintiff adds that in considering a motion to dismiss under Rule 12(b)(1), courts must construe the pleadings in the light most favorable to the nonmoving party and view the facts in the complaint as true.

## B. Constitutional and Prudential Standing

The plaintiff agrees with the characterization presented by the defendant here. This section is general statements about standing. The plaintiff will address the arguments as the defendant applies these general statements specifically to her.

## C. Plaintiff lacks constitutional standing to challenge the denial of the Employer's Application, as she is not the applicant but merely the beneficiary.

The Defendants' claim that the Plaintiff is a third party in this case fails because the denial of labor certification by the employer directly and solely benefits the Plaintiff in securing the first step in applying for lawful permanent residence status.

The Defendant seems to forget that they are the Department of Labor, not the United States Customs and Immigration Services (USCIS). The multiple caselaw that the Defendant presented are predominantly cases involving the USCIS, the sole agency who has the statutory right to issue visas. The cases that the Defendant cites are multiple cases where the parties involved are involved in litigation with the USCIS, the department responsible for approving or denying visas.

The Defendant oddly seems to have forgotten what they have stated in "Statutory and Regulatory Background".

The Defendant states: "Simply put, approval of the labor certification application means that DOL has determined that there are no U.S. workers available for the position the company seeks to fill with a foreign worker."

The Defendant puts forward a litany of caselaw that muddies the arguments, taking statements in generalities where it is not applicable in this situation. For instance, the Defendant cites George v Napolitano, stating in dictum that the court held that the Employer was the sole party with standing to seek review of a denial of a I-140 work visa rather than a beneficiary employee.

This was a case against the USCIS. Further, in George, the application for Labor Certification was actually granted. George then sued USCIS because he switched jobs and the USCIS denied him the I-485 because the previous employer has withdrawn the approved labor certification or I-140.

The Defendant seems to have a weak grasp of the very program they implement, the PERM regulations do not confer any "visa benefits" to the alien. In fact, the original denial by BALCA in this case, states precisely the regulatory function that the Defendant has:

"The permanent labor certification process is the first step an employer must complete in order to sponsor certain foreign workers for lawful permanent resident status. 8 U.S.C. § 1182(a). The labor certification represents the Secretary of Labor's certification that there are no able, willing, qualified, and available U.S. workers for the position the alien seeks to perform on a permanent basis. 8 U.S.C. § 1182(a)(5)(A)(i)(I). PERM is an attestation-based program. 20 C.F.R. § 656.10(c). Among other attestations, an employer must attest that the job opportunity listed in the application for permanent employment certification has been and is clearly open to any U.S. worker. 20 C.F.R. § 656.10(c)(8). Accordingly, the regulations require an employer to conduct mandatory recruitment steps and make a good-faith effort to recruit U.S. workers prior to filing an application for permanent alien labor certification. See 20 C.F.R. § 656.17(e); Labor Certification for the Permanent Employment of Aliens in the United States; Implementation of New System, 69 Fed. Reg. 77326, 77348 (Dec. 27, 2004). If the employer's recruitment efforts do not yield any able, willing, qualified, and available U.S. workers, the employer may file an application on Form 9089. See, e.g., 20 C.F.R. § 656.17(a). An employer sponsoring a foreign worker for permanent labor certification bears the burden of proving that all regulatory requirements have been satisfied before the CO can grant certification. 8 U.S.C. § 1361; 20 C.F.R. § 656.2(b)."

The Defendant says that the Plaintiff is only a beneficiary, the Defendant however fails to state that she is the *sole* beneficiary. She *is* in the words the Defendant cites, "the proper party having a personal stake in the outcome sufficient to warrant ... invocation of federal court jurisdiction"

The defendant's contention here indeed describes the Plaintiff and confirms her standing to sue.

### D. Plaintiff lacks constitutional standing because she has not sufficiently pled an injury-in-fact that is fairly traceable to Defendant's challenged conduct and redressable by a favorable decision.

The arguments the Defendants make here demonstrates that they have a lack of knowledge of the very program they implement.

Either that or they are just filing this motion to dismiss as a delaying measure and wasting the court's resources.

The Defendants also appear to not understand the lawsuit brought to this court.

The original order by BALCA as quoted above describes the purpose of the Labor Certification procedures. It is the first step towards the Plaintiff being able to work permanently and gain lawful permanent status. The main premise of this lawsuit is the denial of the labor certification not only deprives her of the possibility for applying for lawful permanent status, but the basic ability to actually work in this country.

The Plaintiff appreciates the sympathy that the Defendant expresses, but the Defendant's five full pages of analysis towards the personal damages is misplaced.

The Defendant goes into the merits of the allegations the Plaintiff made in the complaint and how the Plaintiff fails to show causality. The Plaintiff is not a lawyer, but it would seem that a motion to dismiss is not an appropriate venue to litigate this portion of the case. Further, for the purposes of this motion, the court must take all allegations as true.

The allegation that a favorable ruling for the Plaintiff in this case would not redress the injury-in-fact is not true. The court finding in favor of the Plaintiff would allow her to continue working therefore providing for her family and providing healthcare for her child and her husband.

The Defendant reiterates that "This is only the first step in a three-step" process and that even if it was approved, it would not necessarily result in her obtaining an employment-based visa. This is an oversimplification of the facts. Yes, it does not guarantee an approval of an employment-based visa, but clearly this argument speaks directly to the fact that but for the denial, the Employer was denied the ability to sponsor the Plaintiff towards the next step.

Attached as Exhibit 1 is a letter from the Dean of the School of Medicine after the Chief Judge denied the last motion to BALCA, which will address the lack of injury-in-fact claim by the Defendant into perspective.

### E. Plaintiff lacks prudential standing because she is not within the "zone of interest" covered by the statute governing alien labor certifications filed by employers.

The Defendant cites Bennett v Spear, in part stating the prudential standing requires Plaintiff to show that her alleged injuries did not "arguably fall within the zone of interests protected or regulated by the statutory provision."

The Defendant states that the regulation must be seen as solely protecting US workers. The Defendant conveniently leaves out the "regulated" part of this quote.

The Defendant states the relevant provision as 8 USC § 1182(a)(5) and the court must only look at it from this perspective. But this it would be ludicrous to claim that this Court is forbidden to look beyond a single paragraph. It is ridiculous to allege that the Labor Certification regulations only protects "US Citizen Workers".

A singular intent such as what the defendant asks the court to consider would not only be non-sensical, it would be unconstitutional because it would be discriminatory. The Defendant seems to have forgotten all of a sudden, the interest of the US Employer.

The Labor Certification not only regulates and protects the US Workers, it also regulates and protects the Employer who ensures that the Labor Conditions of the alien is at par with what they would have offered a US worker.

### 1. Congressional Intent Behind Employment Petition and Labor Certification Scheme.

Again, the case stated here is not analogous, in Pai, the issue was about a non-resident alien waiting to be admitted into the United States.

More importantly, the Defendant seems to have a knack of cherry-picking statement in caselaw in dictum and taking them out of context.

Pai in pertinent part said: This Court agrees that the plain language, as well as the legislative history of, the numerical limits of Section 1153(b)(3) and the labor certification requirements of Section 1182(a)(5)(A) reflect a clear congressional concern for protecting the interests of American labor over those of foreign workers. *In addition, the congressional concern extends to ensuring that American employers*

*have the ability to hire qualified non-resident alien workers where no qualified American workers are available.* Pai v. United States Citizenship and Immigration Services (D. D.C., 2011) (Emphasis added)

### 2. Plaintiff's Interest Are not among the Protected interests.

Plaintiff vehemently object and abhor the libelous statement the Defendant claims in this section. The plaintiff takes offense to the allegation that the Plaintiff is an illegal immigrant.

It is no secret that the current societal climate towards immigrants is one of animosity and suspicion. Branding the Plaintiff as an illegal immigrant has put her and her family's security in jeopardy. It is documented that Immigration and Customs Enforcement (ICE) has detained people for mere suspicions, what more an accusation by a government agency?

Attached as Exhibit 2 is the approval from USCIS authorizing the Plaintiff to work for the Employer until November of 2019. The complete history of H1-B approvals up to the 13th year is available upon request.

It is important to note, since the defendant brought it up, and since the defendant seems ill versed at programs they actually implement, that H1-B working visas are typically valid for 3 years and renewable once which extends to 6 years. A yearly extension is then given to aliens who have pending labor certification applications. The Plaintiff is currently on her *thirteenth year.* (emphasis strongly added)

Not only has the defendant in writing defamed the Plaintiff, but by association also has accused the University of Hawaii of criminal activity in knowingly hiring an illegal immigrant.

The Plaintiff hereby notifies the Defendant that she reserves the right to bring any consequences of any future adverse applications to the government against the defendant that can be attributed to this untruthful and unsubstantiated claim. The Plaintiff will also refer this motion to the Employer's general counsel for legal consideration. The Plaintiff rejects the idea that this statement is covered by "litigation privilege" as other serious issues not related to this case nor solely to the Plaintiff may arise from this libelous claim.

Moving on to the merits of the argument by the defendant, it could summarily be then said that if the Plaintiff can prove that she is not an unlawful immigrant, the Defendant then concedes that the Plaintiff's interests are within the "protected interests". See Exhibit 2

The Plaintiffs ask the court to order the Defendant to show cause as to why they would accuse the Plaintiff without proof as being an illegal immigrant. If the Defendant is not able to show good cause for this scandalous and libelous statement, the Plaintiff moves the court to strike the motion to dismiss with prejudice or any other sanctions that the court would deem fit.

### F. Plaintiff's claim that the DOL failed to respond to her FOIA request is moot.

Attached as Exhibit 3 is the Email thread to the DOL asking for status updates on the FOIA request. The plaintiff also has phone records on the multitude of times that an update was requested since October of 2018. As mentioned in the original pleading, the OALJ has furnished their part of the FOIA request in a timely manner. The letter provided by the Defendant apparently proving completing the request from the OASAM is not dated, nor has the Plaintiff received the records they claim to have sent. The letter attached was received by the Plaintiff through electronic means as seen in the Exhibit. Nothing has been received through FedEx, UPS, or USPS.

OASAM, the Human Resource arm of the DOL seems to be manipulating data and doing questionable actions. Attached as Exhibit 4 are screenshots taken on January 30, 2019. If these are all standard procedures, then the Plaintiff asks the court for an order to the Defendant to show cause why the Defendants lied in its statements. In light of evidence of further malfeasance, the Plaintiff asks the court to order the Defendant explanations for its actions, in particular, why are they trying to purposely hide public information to the point of falsifying data on the FOIA tracking system to protect a retired government worker who evidently have committed conflict of interest crimes?

This is the first time the Plaintiff found out that there were 8 pages of responsive documents. These are employment documents of an employee with more than 30 years of service to the DOL. Finally, the FOIA regulations provide for an appeal process from the receipt of the letter. Again, the plaintiff has not received any documents nor letter from OASAM. The plaintiff has not reviewed any of the purported responsive documents and consequently have not had the chance to appeal the adequacy of the supposed released records. The email thread ended on January 30, 2019 without any response from the DOL. For these reasons, the FOIA request issue is not moot.

# **PLAINTIFF'S ARGUMENTS**

## **Introduction**

The Defendant conflates and muddies the water in discussing the requirements of both Article III Standing and Prudential Standing. The Defendant cites a litany of cases where it is completely not analogous nor applicable. The Motion to Dismiss which hit the page limit of this court attempts to complicate an issue which is one of the basic concepts that is drilled into first year law students.

The Plaintiff invites the court's attention to two cases which directly address the issues undifferentiated to the instant case:

MENDOZA v. PEREZ, No. 13-5118 (D.C. Cir. June 13, 2014) (2014 WL 2619844)

This case in its well detailed analysis on standing on labor certifications, states that a third-party intervenor has standing to sue. The issue presented and which the Defendant conveniently leaves out and fails in its analysis is that the Plaintiff is also asserting procedural rights under the APA. A procedural agency action that clearly threatens her concrete interest.

And;

De Jesus Ramirez v. Reich, 156 F.3d 1273 (D.C. Cir., 1998) De Jesus Ramirez v. Reich, 156 F.3d 1273 (D.C. Cir., 1998)

This case exhaustively analyzes the Defendants standing in court in Permanent Labor Certification by the DOL without the Employer joining in the lawsuit. Though the decision was averse to the Plaintiffs, the reason for this was the Employer did not join in the Administrative Appeals process. In the Plaintiff's case, the Employer went above and beyond the traditional Administrative Appeals process.

## **Article III Standing**

The Plaintiff has Constitutional Standing to bring this action in Federal District court.

The Defendant sites this case to establish Article III standing. "to satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be

redressed by a favorable decision." *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180-181 (2000).

1. Plaintiff has suffered an 'injury in fact' that is concrete and particularized and actual or imminent

   The DOL in denying the Labor Certification application unlawfully has caused the Plaintiff the inability to work past her current H1-B working permit as well as depriving her the ability to apply for an adjustment of status to a lawful permanent resident.

2. The injury is fairly traceable to the challenged action of the defendant

   The labor certification represents the Secretary of Labor's certification that there are no able, willing, qualified, and available U.S. workers for the position the alien seeks to perform on a permanent basis. The unreasonable denial has caused the injury-in-fact as stated above.

3. It is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

   The approved labor certification will allow the Employer to continue the process of sponsoring the Plaintiff towards her lawful permanent status adjustment. (see Exhibit 1)

### **Prudential Standing**

Even when Article III constitutional standing rules have been satisfied, the courts has held that principles of prudence may counsel the judiciary to refuse to adjudicate some claims. The Defendant cites Match-E-Be-Nash-She-Wish Band Of Pottawatomi Indians v. Patchak, which basically states that the rule is "not meant to be especially demanding,". Prudential Standing as the Defendant articulates is a judge-made concept. It is clear that the Court feels free to disregard any of these prudential rules when it sees fit. Warth v. Seldin, 422 U.S. 490, 500–501 (1975); Craig v. Boren, 429 U.S. 190, 193–194 (1976).

The Plaintiff is well within the zone of interests. The Defendant is correct that the Labor Certification approval is vested to the Employer. In its analysis, the Defendant, though ambiguous due to the Defendants shifting opinions, contends that it is the Employer whose interests are protected by the regulation at hand. Where the

defendant fails in this analysis is that because the Plaintiff is the sole beneficiary of this application, she is well within the zone of interests.

The Plaintiff also asserts procedural rights under the APA by challenging the En Banc Procedures by BALCA. To establish standing under this type of challenge, the Plaintiff simply must demonstrate a personal injury. In the instant case, the denial of due process by a biased tribunal, falsification of facts, failure of notifying the Employer of the substantive changes made in contravention of the Defendant's own rules, and the conspiracy of the Defendant in "stacking" an expected neutral court is clearly enough to establish standing.

### DOL BALCA's "BenchBook" proves that the Defendant's Motion is Frivolous

Attached as Exhibit 5 is a screenshot of BALCA's Bench book Chapter 24, the link of which as of the date of this memo is still "alive" and can be found at: https://www.oalj.dol.gov/PUBLIC/INA/REFERENCES/REFERENCE_WORKS/DBCH24.HTM

BALCA Bench book Chapter 24 Part I(B)(2) states the following in verbatim:

2. Request for review by federal district court

An alien has independent standing to seek judicial review of a denial of labor certification in federal district court. Mastroyanis v. United States Dep't of Labor, No. A88-089 Civil (D.C. Ala. May 5, 1989).

The case cited is not published, the Plaintiff has attempted to procure a copy of the rulings from the Alaska Court, but it seems that the case has already been disposed of. Nevertheless, the Defendant's position on the Alien's standing is crystal clear here.

The motion filed is therefore evidently a frivolous one. The Plaintiff asks the court for appropriate sanctions and hold the Defendant in contempt.

### FOIA ISSUE IS NOT MOOT

Exhibit 3 demonstrates the month's long and still continuing ordeal with the DOL to secure documents with regards to Harry Shienfeld's employment records. The last email of which was sent on January 30, 2019 was not responded to by the appropriate officials.

Further, the Plaintiff submits for the record Exhibit 4 as a collection of screenshots taken at the timestamps indicated. The original softcopies are available with the metadata intact to authenticate the dates if the court so orders them be produced. These show the DOL inappropriately manipulating agency records. Further, the contention of the Defendant that OASAM have fulfilled their duties is moot fails simply because the Plaintiff has not received these records. Furthermore, even without receiving the records, the testimony that there were only 8 pages that were responsive for an employee with more than 30 years of service, makes it a near certainty that those records are not complete and will be subject to appeal by FOIA regulations.

## CONCLUSION

For the reasons above, this Court should find the Motion to Dismiss by the Defendant is without merit and frivolous. That in filing a frivolous motion, have shown contempt to this court. This court has jurisdiction because the Plaintiff has plainly shown that she has standing to bring this to this Court and the Defendant has already waived that the Plaintiff has standing to sue. The Plaintiff further requests relief that it deems fit due to the defamatory statements made by the Defendant.

Respectfully Submitted and Dated: March 6, 2019

Ya-Wen Hsiao
1141 Hoolai St. Apt 201
Honolulu, HI 96814
(808) 381-4058
rabbityhsiao@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date stated below, a true and correct copy of the foregoing document was duly served upon the following by USPS Priority Mail.

**Harry Yee**
PJKK Federal Building
300 Ala Moana Blvd. Room 6-100
Honolulu HI 96850
USPS Tracking: 9410 8036 9930 0106 5648 11

**Samuel P Go**
USDOJ/CIVIL/OIL/DCS
P.O. Box 868
Ben Franklin Station
Washington, D.C. 20044
USPS Tracking: 9410 8036 9930 0106 5648 04

Ya-Wen Hsiao
Dated: March 6, 2019, Honolulu HI