# EXHIBIT 5

# DOL BENCHBOOK FOR BALCA CHAPTER 24

DOL Home > OALJ > Immigration > BALCA Benchbook - Chapter 24

**UNITED STATES DEPARTMENT OF LABOR**
**BOARD OF ALIEN LABOR CERTIFICATION APPEALS**
**Judges' Benchbook**
**Second Edition - May 1992**

**CHAPTER 24**
**REQUEST FOR ADMINISTRATIVE-JUDICIAL REVIEW**

Return to Main Headings.
Check Supplement.

TABLE OF CONTENTS

I. Standing to request review

- A. The employer
- B. The alien
    - 1. Request for Board review
    - 2. Request for review by federal district court

II. Timeliness of the request

- A. Requirement that request be made within thirty-five days
- B. Calculation of period
- C. Effect of untimely request -denial
- D. Lack of timeliness excused
    - 1. Excusable neglect standard
    - 2. Retained jurisdiction of Board when matter is remanded
- E. Tolling of period where a timely motion for reconsideration is filed
- F. Authority of CO to rule on timeliness of request

III. Specification of grounds for review

- A. Requirement that the particular grounds for review be stated
- B. Effect of failure to specify grounds - dismissal
    - 1. General statements
    - 2. Undue harshness exception
- C. Withdrawal of argument in request for review

**I. Standing to request review**

**A. The employer**

The employer has standing to request administrative-judicial review before the Board of Alien Labor Certification Appeals pursuant to § 656.26(a)(1).

**B. The alien**

**1. Request for Board review**

The alien can request administrative-judicial review before the Board of Alien Labor Certification Appeals, but only if the employer also requests review. 20 C.F.R. § 656.26(a)(2). Failure by the employer to join the request for review will result in dismissal of the appeal. *Super KQ-1540 A.M.*, 88-INA-397 (May 31, 1989) (*en banc*); *Hub Truck Rental*, 91-INA-262 (Oct. 18, 1991); *United California Citrus, Inc.*, 90-INA-30 (Jan. 4, 1990) (order of dismissal).

**2. Request for review by federal district court**

An alien has independent standing to seek judicial review of a denial of labor certification in federal district court. *Mastroyanis v. United States Dep't of Labor*, No. A88-089 Civil (D.C. Ala. May 5, 1989).

**II. Timeliness of the request**

**A. Requirement that request be made within thirty-five days**

The request for administrative-judicial review must be made in writing and mailed by certified mail to the CO who denied the application within thirty-five calendar days of the date specified on the Final Determination. 20 C.F.R. §§ 656.26(b)(1); *Superseal Manufacturing Co.*, 90-INA-296 (Aug. 13, 1991).

**B. Calculation of period**

Pursuant to 29 C.F.R. § 18.4(a), the time period for requesting review begins the day following the date of the FD. The terminal date is thirty-five calendar days following the beginning date. *See Delmar Family Dental Center*, 88-INA-132 (Sept. 26, 1988) (*en banc*) (holding that 29 C.F.R. § 18.4(c)(3) does not extend the deadline for filing requests for review to forty days after the date of the FD); *accord Illinois Masonic Medical Center*, 89-INA-63 (Mar. 6, 1990) (request for review untimely when not mailed until the 37th day following the Final Determination).

**C. Effect of untimely request - denial**

If a request for review is not mailed within thirtyfive calendar days of the issuance of the Final Determination's denial of labor certification, the denial becomes the final determination of the Secretary of Labor. 20 C.F.R. §§ 656.25(g)(2)(iv) and 656.26(b)(1).

Failure to file a request for review in a timely manner constitutes a failure to exhaust available administrative remedies. § 656.26(b)(2).

See also *Blarney Stone Bar & Restaurant*, 90-INA-67 (Mar. 27, 1991) (the CO's denial of labor certification affirmed where the employer filed an untimely rebuttal and an untimely request for review).

### D. Lack of timeliness excused

#### 1. Excusable neglect standard

The late filing of the request for review may not be fatal if the employer demonstrates "excusable neglect." *See Soccer Exports, Ltd.*, 89-INA-226 (Mar. 29, 1990) (holding that Fed. Rule of Civ. P. 6(b) is applicable to requests for extensions of time to file a request for review).

Excusable neglect is established by a showing of a legitimate reason as to why a timely request could not have been made. *See Soccer Exports, Ltd.*, 89-INA-226 (Mar. 28, 1990) (employer offered no legitimate reason why motion for extension could not have been submitted prior to the expiration of the original deadline); *Charleedane Industries*, 88-INA-69 (Apr. 9, 1990) (newly obtained evidence did not establish excusable neglect where the employer was aware of the need for the evidence since the time of the NOF, approximately five months earlier).

#### 2. Retained jurisdiction of Board when matter is remanded

In *Vexcel Corporation*, 91-INA-138 (Dec. 5, 1991) (en banc petition pending), a panel concluded that, where the Board previously remanded a case for the CO to rule on a pending motion for reconsideration and the CO denied the motion, at which time the employer took no action for eight months, it was proper to consider the matter despite an untimely appeal, as the employer could have wrongly assumed that the Board retained jurisdiction based upon the initial appeal.

### E. Tolling of period where a timely motion for reconsideration is filed

Upon the filing of a timely motion for reconsideration, the period for filing a request for review runs from the date of the CO's order denying the motion for reconsideration or decision on reconsideration. *Meriko Tomaki Wong*, 90-INA-407 (Jan. 27, 1992).

### F. Authority of CO to rule on timeliness of request

The CO does not have the authority to rule on whether a request for administrative-judicial review is timely. *Delmar Family Dental Center*, *supra*; *International Dadlani, Inc.*, 90-INA-250 (Apr. 27, 1990) (order of remand) (CO does have authority, however, to rule on timeliness of motion for reconsideration).

## III. Specification of grounds for review

### A. Requirement that the particular grounds for review be stated

Under § 656.26(b)(1), a request for review shall be in writing and shall clearly identify the particular labor certification determination from which review is sought and shall set forth the particular grounds for the request.

### B. Effect of failure to specify grounds - dismissal

Where the request for review does not set forth specific grounds for review *and* no brief is filed, the request for review will be dismissed. *North American Printing Ink Co.*, 88-INA-42 (Mar. 31, 1988) (*en banc*); *Bixby/Jalama Ranch*, 88-INA-449 (Mar. 14, 1990); *Rank Enterprises, Inc.*, 89-INA-124 (Nov. 13, 1989); *The Little Mermaid Restaurant*, 88-INA-489 (Sept. 1, 1989).

#### 1. General statements

A general statement of disagreement with the CO does not constitute an assignment of error and such a request for review will be dismissed. *GCG Corp.*, 90-INA-498 (May 20, 1991). *See also Ajem Thread Rolling*, 90-INA-412 (May 20, 1991).

#### 2. Undue harshness exception

Despite the general rule of dismissal where there is a failure to specify the grounds for the request for review, dismissal may not be appropriate where it would be:

unfair,

> *Midway Distributors, Inc.*, 87-INA-682 (Aug. 30, 1988) (remand was appropriate where the posture of the case was so confusing that dismissal would be unfair),

or unduly harsh.

> *Wonder Fashion*, 90-INA-97 (May 30, 1990) (order vacating dismissal) (dismissal would be unduly harsh where the employer had submitted timely briefs in two "companion" appeals, but had failed to change the docket number on the second brief which resulted in the two briefs being placed in the appeal file of the first appeal).

*See also Gary M. Burke*, 88-INA-547 and *Birkholm's Solvang Danish Bakery*, 88-INA-548 (Apr. 17, 1990) (*en banc*) (order referring cases to panel for consideration on merits), where the Board vacated dismissals based on the failure to file a brief or state the particular grounds for review in the request for review, where the employer made an "uncontroverted affirmation that the U.S. Department of Labor was timely served briefs." In those matters, the employer had served the briefs on an "Administrative Law Judge" at the same address of the CO in San Francisco.

### C. Withdrawal of argument in request for review

The employer's withdrawal in its request for review of an argument made in its rebuttal leaves the NOF allegation admitted. *Agha Khan Gems Corp.*, 88-INA-66 (Aug. 23, 1989).