CC: JAO

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 1 6 2019

at 3 o'clock and 05 min. P M
SUE BEITIA, CLERK
LS

Ya-Wen Hsiao
1141 Hoolai St. Apt 201
Honolulu HI 96814
808-728-2646
rabbityhsiao@gmail.com
*Pro Se*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

YA-WEN HSIAO,

        Plaintiff,

   vs.

ALEXANDER ACOSTA, in his
capacity as the United States Secretary
of Labor,

        Defendant.

CIVIL NO. 18-CV-00502-JAO-KJM

**MEMORANDUM OF SUPPORT
FOR PLAINTIFFS OPPOSITION
TO DEFENDANTS MOTION TO
DISMISS;**

**CERTIFICATE OF SERVICE**

**EXHIBITS**

Exhibit 1 – Latest FOIA Response from DOL

Exhibit 2 – July 24, 2017 Email inquiry from
Employer

Exhibit 3 – Request for Evidence from USCIS

Hearing Date: June 7, 2019
Dearing Time: 11:00 AM
Place: Aha Kanawai
Before: Honorable Judge Jill A. Otake

# Table of Contents

INTRODUCTION .......................................................................................................... 6

STATEMENT OF JURISDICTION ................................................................................. 6

ISSUE PRESENTED ..................................................................................................... 6

STATEMENT OF THE CASE ......................................................................................... 7

STATUTORY AND REGULATORY BACKGROUND ....................................................... 7

SUMMARY OF THE ARGUMENT ............................................................................... 8

ARGUMENT ............................................................................................................... 9

   A.  Standard of Review Under Federal Rules of Civil Procedure 12(b)(1) ................... 9

   B.  Constitutional and Prudential Standing ................................................................ 9

   C.  Plaintiff lacks constitutional standing to challenge the denial of the Employer's
      Application ......................................................................................................... 10

   D.  Plaintiff lacks constitutional standing because she has no sufficiently pled an injury-in-fact
      ....................................................................................................................... 13

   E.  Plaintiff lacks prudential standing because she is not within the "zone of interest" ........ 16

      1.  Congressional Intent Behind Employment Petition and Labor Certification Scheme .... 18

      2.  Plaintiff's Interest Are not among the Protected interests ............................................. 19

   F.  Plaintiff's claim that the DOL failed to respond to her FOIA request is moot ................. 20

PLAINTIFF'S ARGUMENTS ...................................................................................... 21

   Introduction ........................................................................................................... 21

   Article III Standing ................................................................................................. 24

   Prudential Standing ............................................................................................... 25

FOIA ISSUE IS NOT MOOT ...................................................................................... 26

CONCLUSION .......................................................................................................... 27

CERTIFICATE OF SERVICE ....................................................................................... 28

# Table of Authorities

## Cases

Abboud v. I.N.S.,
140 F.3d 843 (9th Cir., 1998) .............................................................................. 15, 24

Air Courier Conference of Am. V. Am. Postal Workers Union,
495 U.S. 517 (1991) ............................................................................................. 16

Andros, Inc. v. United States,
No. C10303Z, 2010 WL 4983566 (W.D. Wash. Dec. 2, 2010)........................... 11, 19

Aranas v. Napolitano,
No. SACV121137CBMAJWX, 2013 WL 12251153 (C.D. Cal. Apr. 19,2013) .............. 11

Bennet v. Spear,
520 U.S. 154(1997)............................................................................................... 17

Betancur v. Roark,
CV:10cv11131-NG (D. Mass., 2011) .................................................................... 23

Blacher v. Ridge,
436 F. Supp. 2d 602 (S.D.N.Y. 2006)..................................................................... 11

Cheung v. Immigration and Naturalization Servs.,
641 F.2d 666 (9th Cir. 1981) ............................................................................... 19

Cost Saver Mgmt., LLC v. Napolitano,
No. CV 102105JST (CWX), 2011 WL 13119439 (C.D. Cal. June 7, 2011) ................. 10

De Jesus Ramirez v. Reich,
156 F.3d 1273 (D.C. Cir., 1998)............................................................................. 21

Din v. Kerry,
718 F.3d 856 (9th Cir., 2013)............................................................................... 18

Federation for American Immigration Reform, Inc. v. Reno,
93 F.3d 897 (D.C. Cir., 1996).............................................................................. 9, 16

Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,
528 U.S. 167(2000).............................................................................................. 24

George v. Napolitano,
693 F. Supp. 2d 125 (D.D.C. 2010)........................................................................ 10

Hamad  v.  Gates,
CASE NO. C10-591 MJP  (W.D. Wash., 2011) ....................................................... 26

Ibraimi v. Chertoff,
2008 WL 3821678 (D.N.J. 2008)........................................................................... 11

Ibrahim v. Dep't of Homeland Sec.,
   12 Cal. Daily Op. Serv. 1662, 669 F.3d 983, 2012 Daily Journal D.A.R. 1798 (9th Cir., 2012) ................. 15

Knievel v. ESPN
   393 F.3d 1068, 1072 (9th Cir., 2005) ......................................................................................................... 9

Li v. Renaud,
   709 F. Supp. 2d 230 (S.D.N.Y. 2010) ......................................................................................................... 11

Mastroyanis v. United States Dep't of Labor,
   No. A88-089 Civil (D.C. Ala. May 5, 1989) ............................................................................................... 26

Mendoza v. Perez,
   No. 13-5118 (D.C. Cir. June 13, 2014) (2014 WL 2619844) ...................................................................... 21

Mukadam v. US DEPT. OF LABOR, ETC.,
   458 F. Supp. 164 (S.D. N.Y., 1978) ........................................................................................................... 22

Pai v. United States Citizenship and Immigration Services
   810 F. Supp. 2d 102 (D. D.C., 2011) ......................................................................................................... 18

Patel v. U.S. Citizenship & Immigration Servs.,
   732 F.3d 633 (6th Cir., 2013) .................................................................................................................... 13

Shalom Pentecostal Church v. Napolitano,
   2013 WL 162986 (D.N.J. Jan. 15, 2013) .................................................................................................... 12

Stenographic Machines, Inc. v. Regional Administrator for Employment and Training,
   577 F.2d 521 (7th Cir., 1978) .................................................................................................................... 22

Tenrec, Inc. v. U.S. Citizenship & Immigrations Servs.
   Case No. 16-cv-995-SI (D. Or., 2016) .................................................................................................. 12, 13

Vemuri v. Napolitano,
   845 F. Supp. 2d 125 (D. D.C., 2012) ..................................................................................................... 18, 19

Wang v. Reno,
   81 F.3d 808 (9th Cir., 1996) ............................................................................................................ 12, 19, 26

Warth v. Seldin,
   422 U.S. 490 (1975) ................................................................................................................................... 25

## Statutes

5 USC § 702 ............................................................................................................................... 22

8 USC § 1182 ............................................................................................................................. 17

8 USC § 1182(a)(5) ............................................................................................................. 17, 18

8 USC § 1182(a)(5)(A)(i)(I) ......................................................................................................... 17

8 USC § 1182(a)(5)(A)(i)(II) ........................................................................................................ 17

8 USC § 1182(n)(4)(E) ................................................................................................................ 17

8 USC § 1182(t)(4)(D) ................................................................................................................ 17

28 USC § 1331 ............................................................................................................................. 6

## Rules

Fed. R. Civ. P. 12(b)(1) .............................................................................................................. 6, 9

## Federal Register Publications

72 Fed. Reg. 27903 (May 17, 2007) ............................................................................................. 8

# INTRODUCTION

The Defendant has moved the Court to dismiss the instant case in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) claiming the Court has no jurisdiction over this case due to the Plaintiff's lack of Constitutional and Prudential Standing.

This is a resubmitted opposition to the Defendant's Motion to Dismiss. To the best extent possible, the Plaintiff references the corresponding exhibits to the ECF system rather than file the exhibits again.

In the interest of brevity, efficiency and clarity of arguments, the memorandum of support herein initially follows the Defendant's headings in their Memorandum in Support of Dismissal. The Plaintiff does not construe the headings in the memo as allegations that needs to be addressed but will address the merits in the paragraphs that is brought up in that heading. To the extent that a response is expected, the Plaintiffs oppose and deny the allegations contained in the headings.

The arguments stated here primarily address issues of standing and allegations made by the Defendant. The Plaintiff does not touch every issue in the initial pleading. Therefore, an omission of an issue that is present in the original complaint and not addressed here should not be construed as a waiver of those arguments.

# STATEMENT OF JURISDICTION

The Plaintiff agrees that she invoked the jurisdiction of this Court under the Administrative Procedure Act and 28 USC § 1331.

# ISSUE PRESENTED

The Plaintiff agrees that the issue in this motion filed is based on constitutional and prudential standing.

The Plaintiff in her opposition raises the issue of whether the Defendant has actually established standing for the Plaintiff with regards to an Alien beneficiary for a Labor Certification application bringing an action to Federal District Court.

The Plaintiff accuses the Defendant of filing a frivolous Motion to Dismiss because the Defendant already has published its admission that the Plaintiff has independent

standing to sue in Federal District Court for a denial of a Labor Certification application.

The Plaintiff moves this court to deny the Defendant's Motion to Dismiss and to censure and sanction the Defendant. In the interest of justice, order the Defendant to show cause to the court explaining the untruthful allegations stated.

## STATEMENT OF THE CASE

The Plaintiff generally agrees with the characterization the Defendant presents here.

An important factor however, is inaccurate. The Defendant stated: "In the Application, the Employer asserted that it sought to employ Plaintiff as an information technology specialist."

To clarify, the Plaintiff is currently *legally employed* by the Employer as an Information Technology Specialist (ECF 14-7). The employer's PERM application is an assertion by the Employer that it was sponsoring her for a Labor Certification which would allow her continued employment and a chance to file for permanent residence. It is an assertion by the employer that from the bona fide recruitment steps it took that there are not sufficient U.S. workers able, willing, qualified, and available to accept the job offered the alien at the prevailing wage for that occupation in the area of intended employment, and that employment of the foreign worker will not adversely affect the wages and working conditions of similarly employed U.S. workers.

The Defendant also states that the Employer's "Pro Se Motion for Relief" challenged the En Banc Procedures used by BALCA. This is true, but to clarify, it is one of a host of other issues that the Employer brought up in this particular motion.

## STATUTORY AND REGULATORY BACKGROUND

The Plaintiff agrees with the characterization on the process of obtaining lawful permanent residence through the means of employment.

The Defendant has accurately stated that the prospect of gaining lawful permanent status and continued employment by the Alien is contingent on the Employer sponsoring her as a beneficiary of that application.

In *ETA, Final Rule, Labor Certification for the Permanent Employment of Aliens in the United States; Reducing the Incentives and Opportunities for Fraud and Abuse and Enhancing Program Integrity, 72 Fed. Reg. 27903 (May 17, 2007)*, prohibits the substitution of alien beneficiaries on permanent labor certification applications and resulting certifications. This means that the application that the Employer submitted in sponsoring the Plaintiff is *exclusively* for her.

## SUMMARY OF THE ARGUMENT

The Defendant's claims on standing fails because as the Defendant stated, the Plaintiff *is* the beneficiary of the Labor Certification Application made by the Employer.

While it is true that the application belongs to the Employer, the Plaintiff is the sole beneficiary of that application. The regulations will not allow the Employer to "give" that Labor Certification to any other alien looking to gain a lawful permanent status or a "Green Card".

The Defendant tries hard to paint the picture of the Alien as "merely" a beneficiary or a third party who has no interest in the application, the Plaintiff is the sole beneficiary for this application.

The denial of an approved Labor Certification to the Employer has denied her the ability to work after her current work permit expires. The denial also deprives her of the opportunity to take the next regulatory steps in gaining lawful permanent status.

This is a concrete "injury-in-fact" that is clearly traceable to the unjustified and unlawful actions by the Defendant. The Defendant's motion to dismiss on constitutional standing seems a bit outlandish given the fact that the Defendant just recited the whole premise of why the Plaintiff is bringing this action.

The Defendant further argues that the Plaintiff lacks prudential standing because she is not within the "zone of interests" contemplated by the statute being invoked. The Defendant's analysis of the "zone of interests" is too narrow and applied erroneously. Further, the Defendant's contentions fail simply by looking and reading the Statutory and Regulatory rules that the Defendant just mentioned. The Plaintiff is regulated by the Labor Certification Rules and the INA wherein she is the sole beneficiary who may or may not file for an I-485 to adjust her status to that of a lawful permanent resident. Further, the Plaintiff by the definition of the INA section cited by the Defendant *is* a U.S. Worker.

CIVIL NO. 18-CV-00502-JAO-KJM

The Plaintiff also opposes and denies that the allegation of the DOL violating its FOIA regulations is moot. The Defendant claims that they have fulfilled their responsibilities and statutory duties but evidence shows that they are being deceitful on this claim. To the date of this memorandum, the Plaintiff still has not received the complete responsive documents.

## ARGUMENT

### A. Standard of Review Under Federal Rules of Civil Procedure 12(b)(1)

The Plaintiff generally agrees with the characterization.

The Plaintiff adds that in considering a motion to dismiss, courts must construe the pleadings in the light most favorable to the nonmoving party and view the allegations in the complaint as true. *Knievel v. Espn*, 393 F.3d 1068, 1072 (9th Cir., 2005)

### B. Constitutional and Prudential Standing

The Plaintiff agrees with the characterization presented by the Defendant here. This section is general statements about standing.

Defendant cites *Fed'n For Am. Immigration Reform v. Reno*, 93 F.3d 897,899 (D.C. Cir. 1996). This case is not applicable to Plaintiff's standing because this was a third-party Plaintiff who is an "association" or an "interest group". That Court has found that their members have no prudential standing to sue. The court made clear though that if even one of their members have shown prudential standing, then the Plaintiffs in this case would be entitled to bring that action to Court.

With regards to prudential standing, the Court in this case also said:

"In light of the Supreme Court's decision in Clarke v. Securities Indus. Ass'n, 479 U.S. 388, 107 S.Ct. 750, 93 L.Ed.2d 757 (1987), we have viewed parties as showing a protected interest if either they were intended by Congress as "beneficiaries" of the statute or we could infer that Congress intended them as a "suitable challenger." Hazardous Waste Treatment Council v. EPA, 861 F.2d 277, 283 (D.C.Cir.1988). To qualify as the latter, a party must show "less than an intent to benefit but more than a 'marginal relationship' to the statutory purposes." Id. (quoting Clarke, 479 U.S. at 399, 107 S.Ct. at 757)." *Federation for American Immigration Reform, Inc. v. Reno*, 93 F.3d 897, 900 (D.C. Cir., 1996)

CIVIL NO. 18-CV-00502-JAO-KJM

### C. Plaintiff lacks constitutional standing to challenge the denial of the Employer's Application, as she is not the applicant but merely the beneficiary.

The Defendants' claim that the Plaintiff is a third party in this case fails because the denial of the application for labor certification by the Employer directly and solely benefits the Plaintiff in securing the first step in applying for lawful permanent residence status and the ability to legally work and provide for her family.

ECF 1-7 Page 11-13 is the personal letter the Plaintiff attached to Employer's Pro Se Motion to Re-Open urging the Chief ALJ to review the case. This letter was not rejected by the Chief ALJ in his August 20, 2018 ruling. The Defendant did not contend that the Plaintiff is not an integral party to this case then and the Defendant may not do so now.

The Defendant seems to forget that they are the Department of Labor, not the United States Customs and Immigration Services (USCIS). The multiple case law that the Defendant presented are predominantly cases involving the USCIS, the sole agency who has the statutory right to issue visas.

The Defendant puts forward a litany of cases that muddies the arguments, taking statements in generalities where it is not applicable in this situation. For instance, the Defendant cites *George v. Napolitano*, 693 F. Supp. 2d 125 (D.D.C. 2010), stating in dictum that the court held that the Employer was the sole party with standing to seek review of a denial of a I-140 work visa rather than a beneficiary employee.

This was a case against the USCIS under a different set of circumstances. In *George*, the application for Labor Certification was actually granted. The alien then sued USCIS because he switched jobs and the USCIS denied him the I-485 because the previous employer has withdrawn the approved labor certification or I-140. This case had nothing to do with an "abuse of discretion" charge against the Department of Labor.

The Defendant says that the Plaintiff is only a beneficiary, the Defendant however fails to state that she is the _sole_ beneficiary. Defendant cites *Cost Saver Mgmt., LLC v. Napolitano,* No. CV 102105JST (CWX), 2011 WL 13119439 (C.D. Cal. June 7, 2011), stating the Employer is "the proper party having a personal stake in the outcome sufficient to warrant … invocation of federal court jurisdiction". The Court in *Cost Saver* actually distinguishes from this case wherein the beneficiary for *Cost*

CIVIL NO. 18-CV-00502-JAO-KJM

*Saver* was for a non-immigrant visa who has not been admitted to the US. Indeed, that Court stated that beneficiaries of immigrant visas would have standing.

*Aranas v. Napolitano*, No. SACV121137CBMAJWX, 2013 WL 12251153 (C.D. Cal. Apr. 19, 2013) does not apply to this case because the Plaintiffs were a class of undocumented immigrants facing removal proceedings. The Plaintiff in *Aranas* brought up the constitutionality of the Defense Of Marriage Act (DOMA) claiming because the act barred USCIS from recognizing her same-sex marriage with her partner, she would not be protected from deportation through the "undue hardship waiver". Further, the "derivative immigration benefit" the Defendant speaks of is one of the son of the undocumented immigrant is claiming. The Court found that the undocumented immigrant had standing due to the possibility of being granted a "waiver of inadmissibility" as the direct beneficiary of the US citizen partner. In Ms. Hsiao's case, she is not a "derivative" beneficiary of the Labor Certification application, she is a direct beneficiary of the Employer's sponsorship.

*Andros, Inc. v. United States*, No. C10303Z, 2010 WL 4983566 (W.D. Wash. Dec. 2, 2010) is another case that the Defendant misrepresents, in this case, the court did not find the alien lacked standing because he is merely the beneficiary. The court in Andros found that the Plaintiff did not have standing under the requirement of "redressability" because he was an undocumented immigrant and even if the court granted him the requested relief, his illegal status would bar him from obtaining legal permanent residence or adjusting his status.

*Li v. Renaud*, 709 F. Supp. 2d 230 (S.D.N.Y. 2010) was a case with regards to the priority date of a family-based immigration petition. The Plaintiff was moving the Court to retain an older priority date so they can immigrate to the US faster. The footnote does exclude the beneficiary from having standing to sue, but this was for a "derivative immigrant benefit" through a family based petition to the USCIS, specifically for I-130 petitions and the court restricted its opinion to such petitions not Labor Certifications.

*Ibraimi v. Chertoff*, 2008 WL 3821678 (D.N.J. 2008) also does not apply because the Plaintiff in that case is an undocumented immigrant and it is a case against the USCIS. Noteworthy is that this case is an unpublished case from a different circuit and therefore, the findings are limited to the facts of that case.

*Blacher v. Ridge*, 436 F. Supp. 2d 602 (S.D.N.Y. 2006), the Defendant states that the Court found that the employer was the only party with standing to seek review of the denial of the H1-B petition. This fails for three reasons; First, this is a case

against the USCIS, and the denial of an H1-B visa petition. The court also in its analysis of the alien's "protected interest" limited it to the facts of that case in relation to the administrative process, not as part of Article III standing. The footnote does indicate that the Employer was the appropriate party to the case, but the reason the Court gave for that was clear, the alien was not admitted to the US as part of the US workforce. Certainly an alien such as Ms. Hsiao who was admitted and authorized to work in the United States have constitutionally protected rights to due process. *Wang v. Reno*, 81 F.3d 808, 817 (9th Cir. 1996)

The "principles" that the Defendant seeks to portray does not apply. Defendant has not shown any case nor plausible argument that points directly to the Plaintiff's supposed lack of standing. The cases mentioned actually affirms Plaintiff's standing.

The Defendant cites to multiple other cases where courts have found the alien to have standing to sue. The argument that these cases are distinguishable from Ms. Hsiao's case is non sequitur from the perspective of all the cases the Defendant cites. The Defendant essentially says that all these cases where the courts have found the alien have to standing are distinguishable because it was on the "second step" of the visa process, yet, *all* the cases the Defendant cites against the Plaintiff's standing are all on the "second step". All the cases the Defendant cites are mainly actions against the USCIS for a visa petition, not the Department of Labor for a Labor Certification.

*Tenrec, Inc. v. U.S. Citizenship & Immigrations Servs.* (D. Or., 2016) – The Plaintiff agrees this is distinguishable, but only because it is a case against the USCIS. The analysis in this case is instructive. The Defendant claims this did not apply because it is the alien's "status is at stake" and because a labor certification application does not provide an alien worker with any US immigration status. As mentioned, the legal H1-B status and the ability to continue to work and provide for her family is what is "at stake" here, and exactly what the court in *Tenrec* mentions as well. The Court in *Tenrec* spoke to more than what the Defendant presents, in its lengthy analysis of both the Plaintiff and the Employer's independent standing has rebutted the numerous cases the Department of Labor cites in the present case and has explained why they are distinguishable.

Further, *Tenrec* said: "The Court does not find persuasive the limited analysis in Blacher relating to standing. See Shalom Pentecostal Church v. Napolitano, 2013 WL 162986, at *3-4 (D.N.J. Jan. 15, 2013) ("Shalom I") (holding that visa petition beneficiaries do have standing and disregarding Blacher and the other cases cited by Defendants for improperly relying on "the regulatory requirement that only the petitioner, and not the petition's beneficiary" may file an administrative appeal

(emphasis in original))." *Tenrec, Inc. v. U.S. Citizenship & Immigrations Servs.* (D. Or., 2016)

The Defendant also conveniently left out that the *Tenrec* court specifically found that the alien's "status is at stake" is because the alien is "more than a mere onlooker".

*Patel v. U.S. Citizenship & Immigration Servs.,* 732 F.3d 633 (6th Cir., 2013) – The Defendant quotes the court as saying the alien "lost a significant opportunity to receive an immigrant visa". Ms. Hsiao has been waiting for this case to be justly adjudicated for more than 7 years. She has been on a legal working visa for 13 years. The Plaintiff in *Patel* was an undocumented immigrant. Further, reading the majority opinion and even the dissenting opinion of that Court reinforces the standing of Ms. Hsiao.

*Patel* further found that the INA protects the interests of potentially qualified aliens and that the INA gives the visa ultimately to the immigrant and not the employer, therefore showing that the immigrant has a stake in the proceedings. *Patel v. U.S. Citizenship & Immigration Servs.,* 732 F.3d 633, 636 (6th Cir., 2013)

Reading the opinions of the cases that the Defendant cites reinforces and confirm the standing of Ms. Hsiao.

Interestingly enough, this is the same argument that Ms. Hsiao makes in the original complaint. That the Defendant has tried to have their cake and eat it too. The Defendant cannot say that cases where the courts have found the alien to have standing does not apply because it is at the "second stage of the visa process" then on the very same breath, cite the very same type of cases to say "these cases apply".

### D. Plaintiff lacks constitutional standing because she has not sufficiently pled an injury-in-fact that is fairly traceable to Defendant's challenged conduct and redressable by a favorable decision.

The arguments the Defendants make here demonstrates that they have a lack of knowledge of the very program they implement. Either that or they are just filing this motion to dismiss as a delaying measure and wasting the Court's resources.

Paragraph 41 of the complaint states:

"On May 11, 2018, Plaintiff again requested a status update because she was due for visa renewal and USCIS requires a status confirmation from OALJ to confirm she is eligible for extension of status."

The Defendant has for more than 7 years adjudicated this case, and the Employer has asked twice for status updates specifically for the purpose of extending her working permit with USCIS. To feign ignorance on the fact that the Plaintiff's livelihood depends on a fair adjudication of her Employer's application is disingenuous at best and dishonest at its worst.

Exhibit 2 is the e-mail dated July 24, 2017, from the Employer to the DOL OALJ, asking for a status update specifically for the purpose of extending the Plaintiff's working permit allowing her to continue working. The response of which is at ECF 1-8.

Exhibit 3 is the Request for Evidence (RFE) by USCIS requesting evidence to extend the Plaintiff's work permit.

One of the main premises of this lawsuit is that the unlawful denial and unlawful appeals process of the labor certification used in this case, not only deprives her of the opportunity for applying for lawful permanent status, but also the basic ability to actually continue to legally work in this country.

The Plaintiff appreciates the sympathy that the Defendant expresses, but the Defendant's five full pages of analysis towards the personal damages is misplaced.

The Defendant goes primarily into the merits of the allegations the Plaintiff made in the complaint and how the Plaintiff fails to show causality. The Plaintiff is not a lawyer, however, the Defendant is *not* a doctor. The grave injustice suffered by the Plaintiff at the hands of the Defendant undoubtedly caused her and her family added undue stress and suffering. Any person with knowledge her family's situation, the facts of the case and the consequences of these illegal acts can confidently assume that the experience is *not* one of euphoria. There is no expert medical advice needed to make such an assumption and the claim is certainly more than plausible. It would seem that a motion to dismiss is not an appropriate venue to litigate this portion of the case. For the purposes of this motion, the Court must take all allegations as true and construe the pleadings in the light most favorable to the non-moving party.

The allegation that a favorable ruling for the Plaintiff in this case would not redress the injury-in-fact is not true. The court finding in favor of the Plaintiff would allow her to continue working therefore providing for her family and providing healthcare

for her child and her husband and the Defendant is aware of this. (ECF 1-7 Page 11-13)

The 9th Circuit in *Abboud v. I.N.S.,* 140 F.3d 843, 847 (9th Cir., 1998), have stated that the "lost opportunity" is in itself a concrete injury. The Plaintiff finds it odd that the Defendant would leave out this significant case which applies directly to the injury-in-fact claim that the Defendant denies happened. This Court can redress this injury by ordering the Defendant to issue the Labor Certification and grant the Plaintiff the opportunity to pursue the next steps in obtaining her permanent immigrant status.

The Defendant reiterates that "This is only the first step in a three-step" process and that even if it was approved, it would not necessarily result in her obtaining an employment-based visa. This is an oversimplification of the facts and precisely the type of argument that cannot be made for these types of cases. Yes, it does not guarantee an approval of an employment-based visa, but this argument speaks directly to the fact that but for the denial, the Employer was denied the ability to sponsor the Plaintiff towards the next step. A step that the Employer has affirmatively shown that it intends to do. It also deprives the Plaintiff the ability to continue her employment past her current working permit and also deprives her of the opportunity to apply for an adjustment of status to that of a lawful permanent immigrant.

"[P]laintiffs need not demonstrate that there is a 'guarantee' that their injuries will be redressed by a favorable decision ... [P]laintiffs must show only that a favorable decision is likely to redress [their injuries], not that a favorable decision will inevitably redress [their injuries]." *Ibrahim v. Dep't of Homeland Sec.,* 12 Cal. Daily Op. Serv. 1662, 669 F.3d 983, 2012 Daily Journal D.A.R. 1798 (9th Cir., 2012) citing *Wilbur v. Locke,* 423 F.3d 1101, 1108 (9th Cir.2005) (internal quotations omitted, emphasis and alterations in original)

On ECF 14-2 is a letter from the Dean of the School of Medicine after the Chief Judge denied the last motion to BALCA, which will illustrate the lack of injury-in-fact claim by the Defendant into the Plaintiff's perspective.

**E. Plaintiff lacks prudential standing because she is not within the "zone of interest" covered by the statute governing alien labor certifications filed by employers.**

The Defendant is wrong in claiming the Plaintiff is not within the "zone of interests". The Defendant uses the following words repeatedly in this section: "U.S. Workers" and "Domestic Workforce". The Defendant states that the idea of which is that the Labor Certification Process protects the interests of said parties. The Plaintiff disagrees with the Defendant's contention that she is not a member of the domestic workforce.

The Plaintiff was initially admitted into the country on an F-1 Student Visa and has legally worked for the school she was admitted to on a part-time basis since 2002 until she graduated with a Master's Degree. Following her receiving her graduate degree, she was granted an H1-B working visa and proceeded to work for the University of Hawaii. She has paid all taxes, Social Security contributions, and other taxes or fees expected of a participant in the "domestic workforce" continuously since her admittance into the United States. Plaintiff's tax returns are available upon request.

The Defendant states that the regulation must be seen as solely protecting US workers, but to state that the INA was created without considering the interests of qualified aliens for whatever class they are admitted to is preposterous. Further, the Plaintiff *is* a US worker.

The Defendant cites *Air Courier Conference of Am. V. Am. Postal Workers Union*, 495 U.S. 517, 529-30 (1991). This was a case brought about by Unions challenging USPS' monopoly over the carriage of letters in and for the United States is codified in a group of statutes known as the Private Express Statutes (PES). The monopoly was created by Congress as a revenue protection measure for the Postal Service. The quoted "complete isolation" was never used in the opinion. And with regards to "integral relationship", the Court specifically said: "This statement, like all others in our opinions, must be taken in the context in which it was made." *Air Courier Conference of America v. American Postal Workers Union,* 498 U.S. 517, 111 S.Ct. 913, 112 L.Ed.2d 1125 (1991). The point that the Court was making was plainly mis-quoted and taken out of context. In fact, *Fed'n For Am. Immigration Reform* (a case the Defendant cited) says: "In applying the zone-of-interests test, we *do not* look at the specific provision said to have been violated in complete isolation." *Federation for American Immigration Reform, Inc. v. Reno*, 93 F.3d 897 (D.C. Cir., 1996) (Emphasis added).

The Defendant states the relevant provision at 8 USC § 1182(a)(5) makes the Plaintiff "inadmissible" and the court must only look at it from this perspective. But it would be ludicrous to claim that this Court is forbidden to look beyond a single paragraph.

*Patel* 732 F.3d at 636 said:" But it is folly to talk about "the purpose" of the statute when the statute reflects a compromise between multiple purposes. One can speculate that Congress meant to exclude certain aliens to protect American workers, and admit other, "qualified" aliens to help American employers. But there is no basis in the text of the statute—none—to conclude that Congress was completely indifferent to the interests of the "qualified immigrants" themselves."

The Defendant cites *Bennet v. Spear*, 520 U.S. 154(1997) saying prudential standing requirements preempt her to show her alleged injuries to "arguably fall within the zone of interest protected or regulated by the statutory provision". The Plaintiff satisfies *both*.

For the purposes of 8 USC § 1182, the Plaintiff has already been deemed as "admissible" because of her H1-B status. The provision protects US workers, citizens or not, who are contributing to the US economy. It precludes aliens who are not yet in the country or not authorized to work in the country. The Plaintiff is part of the former and not the latter.

Further, § 1182 defines "United States Workers" twice. 8 USC § 1182(n)(4)(E) and 8 USC § 1182(t)(4)(D) both of which considers the Plaintiff as a "United States Worker"

It is ridiculous to allege that the Labor Certification regulations only protects "US Citizen Workers" because nothing in that provision states anything about citizenship. In fact, 8 USC § 1182(a)(5)(A)(i)(II), the very statute the Defendant cites, states:

"the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed."

The Plaintiff is a "worker in the United States similarly employed"

In 8 USC § 1182(a)(5)(A)(i)(I), the INA creates a special carve out for aliens in the teaching profession as well as aliens with exceptional abilities.

The language used in this specific statute does not have the words "United States Worker". The intent is plainly stated.

As Ms. Hsiao is a worker in the United States and in fact by definition of the INA, a "United States Worker", her interests are clearly protected by 8 USC § 1182(a)(5).

The Plaintiff also has standing as 8 USC § 1182(a)(5) has been applied to her. *Din v. Kerry,* 718 F.3d at 868 (9th Cir., 2013)

## 1. Congressional Intent Behind Employment Petition and Labor Certification Scheme.

The Defendant's unacceptable narrow analysis is antithetical to the word "zone" in "zone of interests". It would be difficult to imagine the viability of judicial review to any unconstitutional action or law if Courts were to base the concept of prudential standing to the singular condition of "congressional intent". The picture that the Defendant paints here is the very definition of "arbitrary and capricious".

The case stated here is not analogous, in *Pai v. United States Citizenship and Immigration Services* (D. D.C., 2011), the issue was about a non-resident alien waiting to be admitted into the United States. Ms. Hsiao is for all intents and purposes and by definition at § 1182, a US Worker. Therefore, by the Defendant's own analysis, the Plaintiff *is* part of the American Workforce.

More importantly, *Pai* in a pertinent part said: "This Court agrees that the plain language, as well as the legislative history of, the numerical limits of Section 1153(b)(3) and the labor certification requirements of Section 1182(a)(5)(A) *reflect a clear congressional concern for protecting the interests of American labor over those of foreign workers.* In addition, the congressional concern extends to ensuring that American employers have the ability to hire qualified non-resident alien workers where no qualified American workers are available." (Emphasis added)

The intent of the Labor Certification Scheme and even the H1-B working visa permit regulations protects those who are in the country and already part of the US workforce.

Nothing in *Pai* nor in *Vemuri v. Napolitano,* 845 F. Supp. 2d 125 (D. D.C., 2012) mentions anything about "citizenship".

## 2. Plaintiff's Interest Are not among the Protected interests.

Plaintiff's interests are clearly part of the protected interests the Defendant alleges. *Vemuri v. Napolitano*, 845 F. Supp. 2d 125 (D. D.C., 2012) does not apply to the instant case. In *Vemuri,* the court by its own admission, very narrowly analyzed congress intent in the Labor Certification scheme. Even if we were to apply the admittedly narrow analysis in that Court, the Plaintiff in this case having shown that she is part of the U.S. Workforce is within the interests that Congress intended to protect.

The Defendant's assertion that the Labor Certification process protects American *Citizen* Workers have no basis. The Plaintiff is a contributing, tax paying, law abiding member of the United States economy.

On ECF 14-7 is the approval from USCIS authorizing the Plaintiff to work for the Employer until November of 2019. The complete history of H1-B approvals up to the 13th year is available upon request.

It is important to note, that H1-B working visas are typically valid for 3 years and renewable once which extends to 6 years. A yearly extension is then given to aliens who have pending labor certification applications. The Plaintiff is currently on her ***thirteenth year***. (emphasis strongly added)

*Cheung v. Immigration and Naturalization Servs.*, 641 F.2d 666 (9th Cir. 1981) does not apply because Chueng was self-petitioning directly to INS for an "investor visa" and the analysis of the Court was centered on business investor visas. Ms Hsiao *is* a lawful member of the U.S. Workforce whose interests are protected by the INA in which the labor certification process was promulgated upon.

*Andros, Inc. v. United States*, No. C10303Z, 2010 WL 4983566 (W.D. Wash. Dec. 2, 2010) does not apply because the alien in this case is an undocumented immigrant.

The Defendant has cited to no less than five cases where the alien beneficiary is an undocumented immigrant. Clearly, this is a contention that demonstrates the Plaintiff has standing because she is a legal, tax contributing and productive member of the American workforce. It is in fact deplorable that the Department of Labor, who is tasked in the protection of US workers, citizen or not, has actively engaged in misconduct to deny due process to aliens similarly situated as Ms. Hsiao. *Wang v. Reno*, 81 F.3d at 820 (9th Cir., 1996)

## F. Plaintiff's claim that the DOL failed to respond to her FOIA request is moot.

The Defendants assertion on the FOIA issue is not truthful. On ECF 14-4 is the e-mail thread to the DOL asking for status updates on the FOIA request. The Plaintiff also has phone records on the multitude of times that an update was requested since October of 2018. As mentioned in the original pleading, the Office of Administrative Law Judges (OALJ) has furnished their part of the FOIA request in a timely manner. The letter provided by the Defendant apparently proving that Office of the Assistant Secretary for Administration and Management (OASAM) has completed the request is not dated, nor has the Plaintiff received the records they claim to have sent. The letter attached was received by the Plaintiff through electronic means as seen in the Exhibit without any responsive records attached. Nothing from OASAM has been received through FedEx, UPS, or USPS. The Plaintiff in her email offered to pay for a traceable means of sending the records without any response.

On March 7, 2019, the Plaintiff received a set of responsive documents with a postmark date of February 27, 2019, from the Office of the Solicitor of the Department of Labor. It includes 5 pages of documents excluding the cover letter which means two things. One, this cannot be the document the Defendant referenced in their Motion to Dismiss. Two, the Defendant's claim that OASAM's supposed release of documents has satisfied and mooted the FOIA issue is a willful misrepresentation. In the interest of perspicuity, the Plaintiff attaches as Exhibit 1 of this re-filed opposition, the cover letter received on March 7, 2019.

OASAM, the Human Resource arm of the DOL or the Office of the Solicitor of the DOL who oversees the FOIA compliance for the department, seems to be manipulating data and doing questionable actions. ECF 14-5 are screenshots taken on January 30, 2019 and other significant dates. The Plaintiff asks the court for an order to the Defendant to show cause why the Defendants stated inaccuracies in its statements. In light of evidence of further malfeasance, the Plaintiff asks the court to order the Defendant explanations for its actions, in particular, why are they trying to purposely hide public information to the point of falsifying data on the FOIA tracking system to protect a retired government worker who evidently have committed conflict of interest crimes?

This is the first time the Plaintiff found out that there were 8 pages of responsive documents. These are employment documents of an employee with more than 30 years of service to the DOL. Finally, the FOIA regulations provide for an appeal process from the receipt of the letter. Again, the Plaintiff has not received any

CIVIL NO. 18-CV-00502-JAO-KJM

documents nor letter from OASAM. The Plaintiff has not reviewed any of the purported responsive documents and consequently have not had the chance to appeal the adequacy of the supposed released records. The email thread ended on January 30, 2019 without any response from the DOL. For these reasons, the FOIA request issue is not moot.

## PLAINTIFF'S ARGUMENTS

### Introduction

The Defendant conflates and muddies the water in discussing the requirements of both Article III Standing and Prudential Standing. The Defendant cites a litany of cases where it is completely not analogous, corollary nor applicable. Further, the cases cited which address the issues of standing as applied to the present case, are virtually exclusively out of this Court's circuit.

The Plaintiff invites the court's attention to the following cases which directly address the issues directly related to the instant case:

a) *Mendoza v. Perez*, No. 13-5118 (D.C. Cir. June 13, 2014) (2014 WL 2619844)

This case in its well detailed analysis on standing on labor certifications, states that a third-party intervenor has standing to sue. The issue presented and which the Defendant fails to address is that the Plaintiff is among other things, asserting procedural rights under the APA. A procedural agency action that clearly threatens her concrete interest.

b) *De Jesus Ramirez v. Reich*, 156 F.3d 1273 (D.C. Cir., 1998)

Even though the DOL did not challenge the Plaintiff's independent standing in this case, the Court in this case exhaustively analyzes the Defendants standing in court in Permanent Labor Certification by the DOL without the Employer joining in the lawsuit. Though the final decision was averse to the Plaintiffs, the reason for this was the Employer did not join in the Administrative Appeals process. The Court found that the Plaintiffs plainly have standing but would not prevail in the case because the Employer did not completely participate in the Administrative Appeals Process. In Ms. Hsiao's case, the Employer went above and beyond the traditional Administrative

Appeals process. This case further cites all other District Court and Appeals Court decisions that apply directly to the question of standing of an alien in bringing a denied Labor Certification to Federal District Court.

c) *Stenographic Machines, Inc. v. Regional Administrator for Employment and Training,* 577 F.2d 521 (7th Cir., 1978)

This case plainly finds that the alien has standing to sue. The analysis of which partly stated:

"Similarly, the prospective alien employee would be economically injured if not given a certificate and has an interest which is within the zone of interests to be regulated. Moreover, even if Rahman had to show that his interest is within the zone of interests protected by the statute, as the Administrator incorrectly suggests is necessary, Rahman would have standing. Although the 1965 amendment to § 212(a)(14), 79 Stat. 911, 917-918, was designed to protect American workers, that provision is part of chapter 12 of the Immigration and Nationality Act, which, Inter alia, states the standards for determining whether given classes of aliens are to be permitted to enter and remain in the United States, and was necessarily intended at least in part for the protection of aliens who are arguably entitled to enter or remain in the United States on the basis of those standards. Cf. Digilab, Inc. v. Secretary of Labor, 495 F.2d 323, 326 (1st Cir. 1974). Accordingly, Rahman was a person adversely affected or aggrieved by the administrative action within the meaning of § 10 of the Administrative Procedure Act, 5 U.S.C. § 702, and has standing to sue." Stenographic Machines, Inc. v. Regional Administrator for Employment and Training, 577 F.2d 521 (7th Cir., 1978)

d) *Mukadam v. US DEPT. OF LABOR, ETC.,* 458 F. Supp. 164 (S.D. N.Y., 1978)

This case directly addresses the narrow analysis by the Defendant in its Motion to Dismiss. In pertinent part, it said:

"The government's analysis of § 212(a)(14) is unduly narrow. While it is undeniable that this section places the burden on the alien, nevertheless, it is part of a statutory scheme which extends to aliens who are professionals the right to seek permanent residence in the United States. Moreover, in 1975, when Mukadam filed his application for certification, the Immigration Act

permitted aliens residing in the United States to apply for third preference status (which requires certification) without a specific offer of employment. It follows that at that time Congress did intend to confer directly on aliens the right to seek permanent residence without the intercession of an employer. It would be inconsistent with this intent to limit judicial review of a denial of certification to aliens whose petitions are joined in by an employer when denial of certification forecloses an alien from seeking a third preference visa."

The current employment-based regulations also allow for an alien to self-petition themselves for a second preference status (EB-2/NWI) with a "National Waiver Interest"

e) *Betancur v. Roark* (D. Mass., 2011)

The Plaintiff cites this case to illustrate that even at the second step, the Plaintiff would have standing to sue. The important analysis is quoted as follows:

"Indeed, it is clearly the employee and not the petitioning employer in this case who has suffered an injury. The only court in this jurisdiction to address the question found that the employee-beneficiary has standing to bring suit in federal court even if he has no standing to appeal through the administrative process. See Ore v. Clinton, 675 F. Supp. 2d 217, 223 (D. Mass. 2009) ("Whether a litigant has standing to sue in federal court, however, is not dependent on any agency regulation. Instead, the Supreme Court has established a three-factor test for standing, requiring (1) injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) a substantial likelihood that the requested relief will remedy the injury in fact. McConnell v. Fed. Election Comm'n, 540 U.S. 93, 225, 124 S.Ct. 619, 157 L.Ed.2d 491 (2003). As the person who stands to benefit from being permitted to enter to the United States to work, [the plaintiff] clearly has suffered an injury caused by USCIS's action, which this Court has the power to set aside pursuant to the APA. Accordingly, [the plaintiff] has standing before this Court."). I agree. Moreover, the fact that a beneficiary does not have standing in the administrative process to appeal a denial or revocation of an

employment-based visa petition is all the more reason that he should have standing here."

f) *Abboud v. I.N.S.,* 140 F.3d 843 (9th Cir., 1998)

The 9th Circuit states that the alien beneficiary has standing, and not merely an onlooker. It also states that the mere lost opportunity to the alien beneficiary was an injury-in-fact that is traceable to the Defendant that is remediable by the Court. *Abboud v. I.N.S.,* 140 F.3d 843, 847

## Article III Standing

The Plaintiff has Constitutional Standing to bring this action in Federal District court.

The Defendant cites this case to establish Article III standing. "to satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167, 180-181 (2000).

1. Plaintiff has suffered an 'injury in fact' that is concrete and particularized and actual or imminent.

   The DOL in denying the Labor Certification application unlawfully has caused the Plaintiff the inability to work past her current H1-B working permit as well as depriving her the opportunity to apply for an adjustment of status to a lawful permanent resident.

2. The injury is fairly traceable to the challenged action of the Defendant.

   The labor certification represents the Secretary of Labor's certification that there are no able, willing, qualified, and available U.S. workers for the position the alien seeks to perform on a permanent basis. The unlawful denial and procedures has caused the injury-in-fact as stated above.

3. It is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

> The approved labor certification will allow the Plaintiff to continue working therefore providing food, shelter and healthcare for her family. The approved labor certification will allow the Employer to continue employing her and continue the process of sponsoring the Plaintiff towards her lawful permanent status adjustment. (see ECF 14-2)

### **Prudential Standing**

Even when Article III constitutional standing rules have been satisfied, the courts have held that principles of prudence may counsel the judiciary to refuse to adjudicate some claims. The Defendant cites *Match-E-Be-Nash-She-Wish Band Of Pottawatomi Indians v. Patchak,* which basically states that the rule is "not meant to be especially demanding,". Prudential Standing as the Defendant articulates is a judge-made concept. It is clear that the Court feels free to disregard any of these prudential rules when it sees fit. *Warth v. Seldin,* 422 U.S. 490, 500–501 (1975).

The Plaintiff is well within the zone of interests. The Defendant is correct that the Labor Certification approval is vested to the Employer. In its analysis, the Defendant, contends that it is the Employer whose interests are protected by the regulation at hand. Where the Defendant fails in this analysis is that because the Plaintiff is the sole beneficiary of this application, she is not a mere onlooker and she is well within the zone of interests. Additionally, the Plaintiff is part of the US Workforce, the very party that the Defendant claims that the Labor Certification process seeks to protect.

The Plaintiff asserts procedural rights under the APA and constitutional rights to due process by challenging the misconduct that occurred and En Banc Procedures utilized by BALCA. To establish standing under this type of challenge, the Plaintiff simply must demonstrate a personal injury or be "aggrieved" by the actions of the Defendant. In the instant case, the denial of due process by a biased tribunal, falsification of facts, failure of notice of the substantive changes made in contravention of the APA and Defendant's own rules, and the conspiracy of the Defendant in "packing" an expected neutral court resulting directly to her inability to work past her current working permit and denying her the opportunity to apply

for a lawful permanent resident status is more than sufficient to establish statutory standing. "In addition, the Ninth Circuit specifically recognizes Fifth Amendment protections extend to aliens. Wang v. Reno, 81 F.3d 808, 817 (9th Cir. 1996) (finding the Fifth Amendment protects aliens, especially those who became an alien through the purposeful actions of the United States government)." *Hamad v. Gates* (W.D. Wash., 2011)

## DOL BALCA's "BenchBook" proves that the Defendant's Motion is Frivolous

ECF 14-6 is a screenshot of BALCA's Bench book Chapter 24, the link of which as of the date of this memo is still "alive" and can be found at: https://www.oalj.dol.gov/PUBLIC/INA/REFERENCES/REFERENCE_WORKS/ DBCH24.HTM

BALCA Bench Book Chapter 24 Part I(B)(2) states the following in verbatim:

"2. Request for review by federal district court

An alien has independent standing to seek judicial review of a denial of labor certification in federal district court. Mastroyanis v. United States Dep't of Labor, No. A88-089 Civil (D.C. Ala. May 5, 1989)."

The case cited is not published, the Plaintiff has attempted to procure a copy of the rulings from the Alaska District Court, but it seems that the case has already been disposed of.

Of course, a "bench book" is not law, but nevertheless, the Defendant's position and analysis on the Alien's independent standing in federal district court is crystal clear here.

The motion filed is therefore evidently a frivolous one. The Plaintiff asks the court for appropriate sanctions and hold the Defendant in contempt.

## FOIA ISSUE IS NOT MOOT

ECF 14-4 demonstrates the half a year's long and still continuing ordeal with the DOL to secure documents with regards to Harry Shienfeld's employment records. The last email of which was sent on January 30, 2019 was not responded to by the appropriate officials.

ECF 14-5 demonstrates a collection of screenshots taken at the timestamps indicated. The original softcopies are available with the metadata intact to authenticate the dates if the court so orders them be produced. These show the DOL inappropriately manipulating agency records. Further, the contention of the Defendant that OASAM have fulfilled their duties is moot fails simply because the Plaintiff has not received these records. Furthermore, even without receiving the records, the testimony that there were only 8 pages that were responsive for an employee with more than 30 years of service, makes it a near certainty that those records are not complete and will be subject to appeal by FOIA regulations.

## <u>CONCLUSION</u>

For the reasons above, this Court should deny the Motion to Dismiss and find that the motion of the Defendant is without merit and frivolous. That in filing a frivolous motion, have shown contempt to this court. This court has jurisdiction because the Plaintiff has plainly shown that she has constitutional standing to bring this lawsuit to this Court and that she is within the zone-of-interests to demonstrate prudential/statutory standing. Furthermore, the Defendant has already waived the argument that that the Plaintiff has no standing.


Respectfully Submitted and Dated: May 16, 2019


Ya-Wen Hsiao

1141 Hoolai St. Apt 201

Honolulu, HI 96814

(808) 728-2646

rabbityhsiao@gmail.com

CIVIL NO. 18-CV-00502-JAO-KJM

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date stated below, a true and correct copy of the foregoing document was duly served upon the following by USPS Priority Mail.

**Harry Yee**
PJKK Federal Building
300 Ala Moana Blvd. Room 6-100
Honolulu HI 96850

**Samuel P Go**
USDOJ/CIVIL/OIL/DCS
P.O. Box 868
Ben Franklin Station
Washington, D.C. 20044

Ya-Wen Hsiao
Dated: May 16, 2019, Honolulu HI

CIVIL NO. 18-CV-00502-JAO-KJM