KENJI M. PRICE   #10523
United States Attorney
District of Hawaii

HARRY YEE   #3790
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email: Harry.Yee@usdoj.gov

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Assistant Director

SAMUEL P. GO   NYS BAR #4234852
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation, District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-9923
E-mail: samuel.go@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| YA-WEN HSIAO, | ) Civil No. 1:18-cv-00502-JAO-KJM |
|---|---|
| Plaintiff, | ) DEFENDANT'S REPLY IN SUPPORT OF |
| | ) DEFENDANT'S MOTION TO DISMISS; |
| v. | ) CERTIFICATE OF SERVICE |
| | ) |
| ALEXANDER ACOSTA, | ) ORAL ARGUMENT REQUESTED |
| Secretary of Labor, | ) |
| | ) |
| Defendant. | ) |

**INTRODUCTION**

This civil action challenges the Department of Labor's ("DOL") denial of a prospective employer's Application for Permanent Labor Certification ("PERM Application"), but the Plaintiff is not the prospective employer, and was not a party to the underlying administrative proceedings with DOL. Rather, within the three-step employment-based immigration petitioning process, the Plaintiff would be the beneficiary of an I-140 petition that could have been filed on behalf of the Plaintiff *only* if the prospective employer's PERM Application was approved. But here, however, the prospective employer never got past the first step. Nevertheless, Plaintiff alleges that because DOL denied the prospective employer's PERM Application – on the basis that the prospective employer failed to provide adequate documentation of required additional steps to recruit U.S. workers, and provided documentation that offered employment terms and conditions that were less favorable to a U.S. worker than a foreign worker – DOL caused Plaintiff a multitude of injuries. Specifically, Plaintiff alleges that DOL, in denying the prospective employer's PERM Application, caused undue stress to her and her husband, risked the life of her then-unborn child, deprived Plaintiff of the opportunity to pursue several potential higher paying employment opportunities beyond the

prospective employer, and divested Plaintiff from quality time with her dying husband.

Plaintiff is not at fault for the prospective employer's failure to meet DOL's labor certification requirements. However, as Plaintiff did not, and could not play a role in the filing of the PERM Application or in the deficiencies identified by DOL in the prospective employer's PERM Application, Plaintiff also lacks standing to challenge DOL's denial of the PERM Application in federal court. Only the prospective employer can initiate the labor certification process on behalf of a foreign worker, and without it, that foreign worker cannot even commence the process to immigrate permanently to the United States. Furthermore, Plaintiff lacks prudential standing to bring this action as well. Congress did not enact the employment-based adjustment process with the intent of protecting foreign workers such as Plaintiff, but to protect U.S. workers. This intent of Congress is further made clear by the reasons DOL denied the PERM Application, as the PERM Application was denied because the prospective employer failed to show it took the required steps to recruit U.S. workers, and because the submitted documents shows that U.S. workers were being offered employment terms and conditions that were less favorable to a U.S. worker than a foreign worker. On these bases, Plaintiff lacks both

constitutional and prudential standing to bring forth the instant action.

Plaintiff also lacks standing because she has not sufficiently pled an injury-in-fact that is fairly traceable to DOL's challenged conduct and is redressable by a favorable decision. Plaintiff's alleged injuries, as set forth in Count 5 her Complaint, are that DOL, in denying the PERM Application, caused undue stress to her and her husband, risked the life of her then-unborn child, deprived Plaintiff of the opportunity to pursue several potential higher paying employment opportunities beyond the prospective employer, and divested Plaintiff from quality time with her dying husband. These alleged injuries fail to adequately plead an injury-in-fact, as a number of these alleged injuries did not occur to Plaintiff herself, and Plaintiff failed to provide sufficient alleged facts showing that the alleged injuries were fairly traceable to DOL's denial of the PERM Application, and would be redressable by a favorable decision. Accordingly, Plaintiff lacks constitutional standing to bring forth the instant action on this basis as well.

Finally, as DOL sufficiently responded to Plaintiff's Freedom of Information Act ("FOIA") claim, that claim is moot. Thus, for the foregoing reasons, the court should grant Defendant's Motion to Dismiss and dismiss the instant Complaint.

**ARGUMENT**

**A. Plaintiff lacks constitutional standing to challenge the denial of the prospective employer's PERM Application.**

As previously explained in the Motion to Dismiss, an alien lacks constitutional standing to challenge the denial of an immigration petition where the alien is not the petitioner but merely the beneficiary. *See* ECF No. 13-1 ("Mot.") at 10-12. Along with Defendant's previously cited cases, recent district court cases continue to support this principle. *See Siddhantam v. Sessions*, No. 3:17-CV-2001-S, 2018 WL 4053366, at *3 (N.D. Tex. Aug. 24, 2018)(finding beneficiary lacked standing to challenge the denial of an immigration petition); *Desmore v. Dep't of Homeland Sec.*, No. CV G-14-191, 2016 WL 561176, at *4 (S.D. Tex. Feb. 12, 2016)(same). *See also Opoku-Agyeman v. Perez*, 886 F. Supp. 2d 1143, 1148 (W.D. Missouri 2012)(same). While the issue of whether a beneficiary has standing to challenge a denial of a prospective employer's PERM Application remains an open question in this court, these cases, as well as the cases cited in the Motion to Dismiss, offer pertinent guidance as to why a beneficiary lacks standing to bring this type of challenge. Only the prospective employer can initiate the labor certification process on behalf of a foreign worker, and without it, the foreign worker cannot even commence the process to immigrate permanently to the United States. The

prospective employer, as the party that filed the labor certification application, "is considered the proper party having a personal stake in the outcome sufficient to warrant ... invocation of federal court jurisdiction," not the Plaintiff. *Cost Saver Mgmt., LLC v. Napolitano*, No. CV 10-2105-JST (CWX), 2011 WL 13119439, at *3 (C.D. Cal. June 7, 2011)(further quotations omitted).

In her Opposition, Plaintiff attempts to minimize the case law, claiming that they do not apply because "she is the sole beneficiary" and "not a 'derivative' beneficiary" of the PERM Application; and because they are cases "against the USCIS." ECF No. 24 ("Opp.") at 11-12. Plaintiff does not explain why being a "sole beneficiary" is a distinction that gives her standing to challenge DOL's denial of a prospective employer's PERM Application. *See id.* In *Aranas v. Napolitano*, No. SACV121137CBMAJWX, 2013 WL 12251153 (C.D. Cal. Apr. 19, 2013), the court found that "[a] party ordinarily "cannot rest his claim to relief on the legal rights or interests of third parties," and that "this principle appears to extend to the beneficiaries of immigration petitions." 2013 WL 12251153, at *3. The *Aranas* court then noted that "Aranas is not a petitioner but merely a derivative beneficiary of the immigration benefits sought by his mother." *Id.* at *4. Similarly, Plaintiff is not a petitioner, but merely a possible beneficiary of a potential

I-140 petition that could be filed *only* if the prospective employer's PERM Application was approved. Plaintiff contends that she is "not a 'derivative' beneficiary" of the PERM Application, but offers no explanation why this purported distinction gives her standing. *See* Opp. at 12. Finally, Plaintiff contends that Defendant's cited case law is distinguishable because they are cases "against the USCIS." *See id*. at 10-12. Indeed, there is no direct case law on point in this circuit, which is why the issue of whether a beneficiary has standing to challenge a denial of a prospective employer's PERM Application remains an open question in this court. However, the guidance provided by cases in this circuit such as *Aranas* and *Cost Saver Mgmt.* establish the general rule that an alien lacks constitutional standing to challenge the denial of an immigration petition where the alien is not the petitioner but merely the beneficiary, and Plaintiff fails to show why her case should be excepted from this general rule.

Defendant also noted certain cases where courts found alien beneficiaries to have standing, but noted that the key distinction in those cases dealt with the second step in the visa process: the approval or denial of an I-140 petition. *See* Mot. at 12 n. 1. This is key because the issue in the instant action – the approval or denial of a prospective employer's PERM Application – are the broad questions of whether there are

sufficient U.S. workers available to fill the available job opportunities and whether the employment of the foreign worker would adversely affect the wages and working conditions of U.S. workers, 8 U.S.C. § 1182(a)(5)(A), whereas the issue with the approval or denial of an I-140 petition is the specific question of whether a particular alien beneficiary can receive a visa. Accordingly, the findings by the courts in *Tenrec, Inc. v. United States Citizenship & Immigrations Servs.,* No. 3:16-CV-995-SI, 2016 WL 5346095 (D. Or. Sept. 22, 2016) and *Patel v. U.S. Citizenship and Immigration Services,* 732 F.3d 633 (6th Cir. 2013) – that the alien's "status is at stake" (*Tenrec*) and that the alien "lost a significant opportunity to receive an immigrant visa" (*Patel*) are not applicable to the instant action. While Plaintiff contends that these findings do apply, she makes no argument as to why these findings apply to the broad questions of whether there are sufficient U.S. workers available to fill the position offered to foreign workers by the prospective employer, and whether the employment of the foreign worker would adversely affect the wages and working conditions of U.S. workers. *See* Opp. at 12-13.

**B. Plaintiff lacks constitutional standing because she has not sufficiently pled an injury-in-fact that is fairly traceable to Defendant's challenged conduct and redressable by a favorable decision.**

Notably, Plaintiff's Opposition fails to identify any specific allegation in the Complaint that counters Defendant's argument that the Complaint fails to adequately plead an injury-in-fact fairly traceable to DOL's challenged conduct and redressable by a favorable decision. *See* Opp. at 13-15, 24-25. Plaintiff points to paragraph 41 of her Complaint, which alleges that she requested a status update on May 11, 2018, but fails to show how this paragraph satisfied the injury-in-fact requirement. *See id.* at 13-14. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016)(quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Here, Plaintiff references an extension to her work permit, which is not the subject of the Complaint. *See* Opp. at 13-14.

Plaintiff then claims in her Opposition that a main premise of this action is that the "unlawful" denial of the PERM Application and the labor certification appeals process "deprives her of the opportunity for applying for lawful

permanent status" and "the basic ability to continue to legally work in this country." Opp. at 14. However, Plaintiff makes no such allegation in the Complaint. *See* ECF No. 1, Complaint ("Compl.")

With regard to the injuries alleged in Count 5 of the Complaint, Plaintiff states that "Defendant is *not* a doctor," that Defendant's actions "undoubtedly caused her and her family added undue stress and suffering." Opp. at 14. However, the issues are that the alleged injuries suffered by Plaintiff's husband (Compl. at ¶ 115) do not establish that Plaintiff herself suffered an injury-in-fact, and that the complaint alleges no specific facts giving rise to a reasonable inference that Plaintiff's alleged injuries of "risk[ing] the life of her then-unborn child," making Plaintiff "unable to pursue several potential higher paying employment opportunities" and divesting Plaintiff from quality time with her husband, were caused by Defendant's conduct (Compl. at ¶¶ 116-17). *See* Mot. at 13-16. The challenged conduct is the denial of a prospective employer's PERM Application and the administrative appeals process affirming that denial. The Complaint fails to allege specific facts reasonably showing that the PERM Application denial caused the aforementioned alleged injuries, or that a favorable decision will redress these injuries, and Plaintiff's Opposition points to no allegations in the Complaint showing otherwise. The

- 9 -

injuries Plaintiff later presents in her Opposition, *see* Opp. at 15, 24-25, are not alleged in the Complaint.

**C. Plaintiff lacks prudential standing because she is not within the "zone of interest" covered by the statute governing alien labor certifications filed by employers.**

As noted in Defendant's Motion to Dismiss, the labor certification process was intended by Congress to protect U.S. workers, not to benefit foreign workers. *See* Mot. at 20-21 (citing *Vemuri v. Napolitano*, 845 F. Supp. 2d 125, 131 (D.D.C. 2012)). The *Vemuri* court noted that "Congress revised the labor certification process for employment visas to require the Secretary of Labor to affirmatively find that a non-citizen seeking to enter the United States for employment purposes would not replace a U.S. worker or adversely affect U.S. wages or working conditions." *Vemuri*, 845 F. Supp. 2d at 131 (citing Immigration and Nationality Act—Amendments, Pub.L. No. 89–236, 79 Stat. 911–922, § 10(a)(1965).

In her Opposition, Plaintiff claims that she, in fact, is a "U.S. Worker." *See* Opp. at 16-19, 25. She is not. 8 U.S.C. § 1182 states as follows:

E) The term "United States worker" means an employee who--

(i) is a citizen or national of the United States; or

(ii) is an alien who is lawfully admitted for permanent residence, is admitted as a refugee under section 1157 of this title, is granted asylum under section 1158 of this title, or is an immigrant otherwise authorized, by this chapter or by the Attorney General, to be employed.

8 U.S.C. § 1182(n)(4)(E); *see also* 8 U.S.C. § 1182(t)(4)(D) (defining "United States worker" in the same manner). Here, Plaintiff is not a citizen or national of the United States; is not an alien who is lawfully admitted for permanent residence; it not admitted as a refugee or granted asylum; and is not an immigrant otherwise authorized to be employed. Plaintiff appears to contend that she falls under the last category – "an immigrant otherwise authorized, by this chapter or by the Attorney General, to be employed." *See* Opp. at 17 (referencing 8 U.S.C.A. § 1182(n)(4)(E)). However, she is not an immigrant, as the H-1B visa she currently holds is a classification for qualified *nonimmigrant* aliens who are coming temporarily to the United States to perform services in a specialty occupation. 8 U.S.C. § 1101(a)(15)(H)(i)(b). Thus, Plaintiff's status is as a non-immigrant. *See* 8 U.S.C. § 1182(n)(4)(C). Plaintiff's citation to 8 U.S.C. § 1182(a)(5)(A)(i)(II), *see* Opp. at 17, does not prove that she is a "U.S. Worker," as this provision only relates to the labor certification ensuring that U.S. wages or working conditions will not be adversely affected.[1] For these reasons and the reasons stated in Defendant's Motion to Dismiss,

---

[1] Plaintiff's cited case of *Din v. Kerry*, 718 F.3d 856 (9th Cir. 2013) was vacated and is no longer valid case law.

Plaintiff lacks prudential standing and this case should be dismissed.

**D. Plaintiff's claim that DOL failed to respond to her FOIA request is moot.**

Plaintiff's sole FOIA claim in this case seeks the production of records from the Office of the Assistant Secretary for Administration and Management ("OASAM") that are responsive to her August 22, 2018 FOIA request to DOL. DOL has argued that this claim is moot because OASAM submitted its responsive records to Plaintiff on January 8, 2019 ("OASAM's FOIA Response"). *See* ECF No. 13, at 22-23; *see also* Plaintiff's Exhibit 3, Email from Thomas Hicks to Ya-Wen Hsiao, January 30, 2019 ("January 30, 2019 Email"), ECF No. 14-4. Plaintiff disputes this argument, claiming that she still has not received OASAM's FOIA Response. *See* Opp. at 20-21, 26-27. Although DOL's records indicate that OASAM's FOIA Response was sent on January 8, 2019, *see January 30, 2019 Email*, ECF No. 14-4, DOL has provided this Response to Plaintiff, again, to ensure its receipt. *See* Email from Anna Walker to Ya-Wen Hsiao, May 23, 2019, ("May 23, 2019 Email"), attached hereto as Exhibit A. Thus, DOL maintains that any claims arising from Plaintiff's August 22, 2018 FOIA request are moot because OASAM has responded to Plaintiff's FOIA Request and DOL has provided this Response to Plaintiff a second time.

As Defendant stated in his Motion to Dismiss, "when an administrative agency has performed the action sought by a plaintiff in litigation, a federal court 'lacks the ability to grant effective relief,' and the claim is moot." Mot. at 22 (citing *Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009)). Plaintiff's Opposition does not dispute this principle, *see* Opp. at 20-21, 26-27, and DOL has again provided Plaintiff with OASAM's FOIA Response. *See* May 23, 2019 Email. Accordingly, there is no question that Plaintiff's sole FOIA claim in this case is now moot. *See Papa v. United States*, 281 F.3d 1004, 1013 (9th Cir. 2002)(quoting *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982)). Plaintiff concludes that OASAM's FOIA Response is certain to be subject to appeal by FOIA regulations. *See* Opp. at 21. However, such unspecified claim that Plaintiff intends to seek possible administrative or legal relief is not ripe for this court's adjudication. *See National Sec. Archive v. C.I.A.*, 564 F. Supp. 2d 29, 34 (D.D.C. 2008) (finding that relief for potential future conduct must be dismissed as unripe); *see also Long v. U.S. Dept. of Justice*, 450 F. Supp. 2d 42, 84-85 (D.D.C. 2006) (finding that question of whether the FOIA requester was an "educational institution" or a "representative of the news media" was not ripe for adjudication, as that the main relief sought was a fee waiver, which the agency already granted to the

requester). Thus, Plaintiff's sole FOIA claim in this case, regarding the production of records from OASAM, should be denied.

Plaintiff has asked the court to order DOL to show cause regarding "inaccuracies" and attempts by DOL to "purposely hide public information to the point of falsifying data on the FOIA tracking system to protect a retired government worker who evidently have [sic] committed conflict of interest crimes." *See* ECF No. 24, 20-21. Plaintiff's request to show cause is unsupported, moot, and should be denied. Plaintiff has alleged nothing on the face of the pleadings or in her Response in Opposition to indicate that DOL has intentionally hidden records responsive to her request or falsified data. To the contrary, Plaintiff admits that DOL's Office of Administrative Law Judges ("OALJ") has furnished its part of the FOIA request in a timely manner and that DOL's Office of the Solicitor ("SOL") postmarked responsive documents within its custody on February 27, 2019. *See id.* Likewise, while DOL's records show that OASAM's FOIA Response was sent on January 8, 2019, as soon as DOL received Plaintiff's Response in Opposition indicating that she still has not received this Response from OASAM, DOL forwarded that Response to Plaintiff, again, to ensure its receipt. *See* May 23, 2019 Email. Accordingly, Plaintiff's request to show cause is unsupported, and because DOL has sent to Plaintiff OASAM's

FOIA Response, for a second time to ensure its receipt, any request to show cause is moot and should be dismissed.

## CONCLUSION

For the reasons indicated above and in the Motion to Dismiss, the Court should find that Plaintiff lacks standing to challenge the denial of the Employer's Application for labor certification, and that Plaintiff's FOIA claim is moot. The Court, therefore, should dismiss Plaintiff's Complaint in its entirety under Rule 12(b)(1). The Court should also deny Plaintiff's Request for Censure and Order to Show Cause. Contrary to Plaintiff's assertion, Defendant did not waive the standing argument, and did not accept that Plaintiff has independent standing to seek review in federal district court.

Dated: May 24, 2019  Respectfully submitted,

KENJI M. PRICE
United States Attorney
District of Hawaii

By:/s/ Harry Yee
HARRY YEE
Assistant U.S. Attorney

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Assistant Director

By: /s/ Samuel P. Go  
SAMUEL P. GO  
NYS Bar No. 4234852  
Senior Litigation Counsel  
United States Department of Justice  
Civil Division  
Office of Immigration Litigation  
District Court Section  
P.O. Box 868, Ben Franklin Station  
Washington, D.C. 20044  
Telephone: (202) 353-9923  
E-mail: Samuel.go@usdoj.gov  

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 24, 2019 by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served by Federal Express:

Ya-Wen Hsiao                              May 24, 2019
1141 Hoolai St., Apt. 201
Honolulu, HI 96814

                                          */s/ Samuel P. Go*
                                          Samuel P. Go
                                          Senior Litigation Counsel
                                          District Court Section
                                          Office of Immigration Litigation
                                          Civil Division
                                          U.S. Department of Justice
                                          P.O. Box 868, Ben Franklin Station
                                          Washington, D.C. 20044
                                          Tel: (202) 353-9923
                                          Fax: (202) 305-7000