Ya-Wen Hsiao
1141 Hoolai St. Apt 201
Honolulu HI 96814
808-728-2646
rabbityhsiao@gmail.com
*Pro Se*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YA-WEN HSIAO,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ALEXANDER ACOSTA, in his capacity as the United States Secretary of Labor,<br><br>　　　　　　Defendant. | CIVIL NO. 18-CV-00502-JAO-KJM<br><br>**PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION** |

## PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION

Pursuant to rule 65 of the FRCP and under the requirements of LR 10.2(g), the Plaintiff moves the Court for a temporary injunction enjoining the Department of Labor (Defendant) to re-open the case filed by the University of Hawaii (Employer) on behalf of Ya-Wen Hsiao (Plaintiff) with Board of Alien Labor Certification Appeals(BALCA) case number 2012-PER-02131. The Plaintiff further asks for a certification from BALCA that the case will be administratively open pending litigation for the purpose of extending the Plaintiff's work permit with the United States Customs and Immigration Services (USCIS) until this case is resolved.

## INTRODUCTION

Absent an injunctive relief from this Court, the Plaintiff will suffer irreparable harm in losing her current employment. The Defendant has denied the Employer's application for labor certification on behalf of the Plaintiff. The denial constitutes the final administrative action by the Defendant. The unlawful denial by the Defendant has restricted the Employer from applying for an extension of status for the Plaintiff for her continued employment.

Because the Plaintiff is likely to succeed on the merits of the case and she will suffer irreparable harm if the Defendants are not enjoined to administratively re-open the case within the DOL, the Court should grant the temporary injunction requested.

## STATEMENT OF THE CASE

Plaintiff filed this civil action against Defendant under the APA, 5 U.S.C. § 702 et seq., and 28 U.S.C. § 1331, alleging, among other things, that DOL's denial of the Employer's alien labor certification application, and the BALCA's affirmance of DOL's denial, is an abuse of discretion.

The Defendant filed a motion to dismiss claiming the court has no jurisdiction as the Plaintiff lacks the required Constitutional and Prudential standing to bring this action to Federal District Court.

The USCIS grants one year extensions of working permits to aliens who have a Labor Certification application pending for more than 365 days. See ECF 24-3

In unlawfully denying the labor certification application which constitutes "final agency action" and administratively closing the case, the Employer is denied the

ability to extend the current working permit that the Plaintiff has. This means, her employment *will* be terminated barring any action from the Court that provides legal means of extending her legal status to work. *See ECF 14-2*

# ARGUMENT

*Standard for granting a motion for injunctive relief*

There are generally four requirements for a Court to grant injunctive relief. *Winter v. NRDC, Inc.*, 555 U.S. 7 (2008)

A. Plaintiff must establish that he/she is likely to succeed on the merits
B. He / She is likely to suffer irreparable harm absent the preliminary relief
C. The balance of equities tips to the Plaintiff's favor
D. The impact the injunction may have towards the public's interest

A. Plaintiff is likely to succeed on the merits.

> The Certifying Officer (CO) very clearly abused his discretion wherein he/she used a certain evidence as a sword in one hand and the same evidence as a shield on the other.
>
> The CO denied the Employer's application based on the finding that the proof provided was not acceptable. Yet, he/she uses the very same proof as an additional basis for the denial and in fact referencing and considering the proof provided by the employer in his "final determination".
>
> BALCA who is presumed to be a neutral adjudicator and who reviews the case *de novo* also abused their discretion. Worse, they falsified factual information and no corrections nor explanations were issued despite the Employer pointing it out twice. The exhibits as referred to in the complaint will prove this statement.
>
> The BALCA order *UNIVERSITY OF HAWAII (2012-PER-02131)* dated November 16, 2016 and the submitted record to date, in the Plaintiff's opinion, is more than sufficient for the Court to find that the Plaintiff is likely to succeed on the merits of the case.

The panel in BALCA under the factual "Background" statements said:

"*<u>Since the advertisement on the Employer's website contained a wage less than the offered wage as listed on the ETA Form 9089</u>*, the CO determined that Denial Reason #2 was valid pursuant to 20 C.P.R. § 656.17(£)(7). (AF 1-2)." University of Hawaii, 2012-PER-02131 page 4 (Nov 16, 2016) (Emphasis Added)

Yet, despite saying this, the BALCA has affirmed the CO's determination that there was no adequate proof of the website posting advertising the position for which the Employer was sponsoring the Plaintiff for.

It simply does not make sense that the BALCA finds it as a fact that the website advertisement contained a "deficient" wage, yet affirm the finding that there was no proof that a website advertisement ever existed.

The issue of the allegedly deficient wage was never reached by BALCA. However, an *en banc* ruling by BALCA makes it a certainty that the second reason for denial by the CO is not supported by regulations. *Symantec Corp.*, 2011-PER-01856 (July 30, 2014) (en banc)

The Appeal File submitted with the initiating complaint further will show proof that it was indeed posted even if the evidence that was rejected by the CO was not taken into consideration. (ECF 1-1)

B. The Plaintiff will lose her employment if the Court does not grant injunctive relief.

The Defendant's actions are considered Final Agency actions for the purpose of the APA. Because the case is administratively closed, the denial of the Labor Certification effectively prevents the Employer being able to legally employ the Plaintiff past her current working permit which expires on November 1, 2019. The Employer has affirmatively shown that absent this relief, the Employer will have to terminate the Plaintiff's employment. *See* ECF 14-2

The USCIS allows for a petition for extension of status in one year increments allowing the alien to continue her employment if the Employer has an

application for Labor Certification pending for more than 365 days or if the case before the BALCA is pending or administratively open.

I-129 petitions for extension of status for specialty occupations processed at the USCIS California Processing Center currently take an average of 6.5 to 8.5 months to complete. https://egov.uscis.gov/processing-times/

This is in addition to the time the University needs to prepare the paperwork needed to file the extension request to the USCIS. As of this filing, there is less than 5 months to complete this application.

C. Balance of equities tips to the Plaintiff's favor

For the purposes of this request for temporary injunctive relief, the Plaintiff only asks that her specific individual case be certified by BALCA as administratively open until such time that this Court renders its decision on the merits.

Granting this relief does not prevent the Defendant from adjudicating or processing other cases. Nor does it stop the DOL from conducting its normal business. Nor is the Plaintiff asking for the Defendant to shoulder the costs for the petition to USCIS.

Denying this relief however, strips away the livelihood of the Plaintiff. Simply put, she would not be able to work or provide for her family. This is not merely a "tip" to her favor, it is a "lopsided" tilt.

D. The injunction does not have an impact towards the public's interest

The Plaintiff only requests an injunction with regards to her specific individual case. For the purposes of this request for a temporary injunction, the public interest is not applicable.

## LOCAL RULE 10.2(g)

Local Rule 10.2(g) requires the Plaintiff to include a statement why a request for an injunction was not made contemporaneously with the initiating complaint.

Simply put, the Plaintiff did not realize that an administrative case would take so long. The Plaintiff saw the Defendant's position on their website that she had standing to bring this action to Federal District Court and was expecting good faith on their part to file an answer to the complaint. The Defendant filed their Motion to

Dismiss and therefore a request for a temporary injunction may be deemed as premature as jurisdictional issues were raised and the hearing for the Motion to Dismiss was set for June 7, 2019.

## CONCLUSION

Because Plaintiffs have shown a substantial likelihood of success on the merits, that irreparable harm will result if temporary relief is not granted, and the balance of equities tip in her favor, the Plaintiff prays for:

1. The Court to grant a temporary injunction enjoining the Defendant to administratively re-open the case while this action is pending.

2. The Court to enjoin BALCA in issuing a certification to the Plaintiff and Employer that the BALCA case *University of Hawaii on Behalf of Ya-Wen Hsiao 2012-PER-02131* is open pending resolution in the District Court of Hawaii for the purpose of extending her H1-B status.

Respectfully submitted on June 7, 2019

Ya-Wen Hsiao
1141 Hoolai St. Apt 201
Honolulu HI 96814
808-728-2646
rabbityhsiao@gmail.com
*Pro Se*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date stated below, a true and correct copy of the foregoing document was duly served upon the following by USPS First Class Mail.

**Harry Yee**
PJKK Federal Building
300 Ala Moana Blvd. Room 6-100
Honolulu HI 96850

**Samuel P Go**
USDOJ/CIVIL/OIL/DCS
P.O. Box 868
Ben Franklin Station
Washington, D.C. 20044

*/s/ Ya-Wen Hsiao*

Ya-Wen Hsiao
Dated: June 7, 2019 at Honolulu, HI