IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YA-WEN HSIAO,<br><br>    Plaintiff,<br> vs.<br><br>ALEXANDER ACOSTA, Secretary of<br>Labor,<br><br>    Defendant. | CIVIL NO. 1:18-cv-00502 JAO-KJM<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION TO DISMISS |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

## I.   BACKGROUND

Plaintiff Ya-Wen Hsiao brought this action for declaratory and injunctive relief, alleging that the Department of Labor erred in denying her employer's Application for Permanent Employment Certification.  Before the Court is Defendant Secretary of Labor Alexander Acosta's Motion to Dismiss for Lack of Jurisdiction.  The Motion to Dismiss is GRANTED WITHOUT PREJUDICE because Plaintiff lacks constitutional standing.

### A. Facts

Plaintiff is an "alien" who lives in Honolulu, Hawaiʻi.  Compl. at 2, ¶ 1.  On January 13, 2011, Plaintiff's employer, the University of Hawaiʻi John A. Burns School of Medicine ("Employer"), filed an Application for Permanent Employment Certification ("labor certification") on Plaintiff's behalf with the

Department of Labor ("DOL"), for an Educational Technology Specialist position. *Id.* ¶ 2. On March 23, 2012, the Certifying Officer ("CO") denied the application on the grounds that Employer (1) provided inadequate documentation and (2) presented evidence showing the conditions of employment were less favorable to American workers than those offered to Plaintiff. *Id.* ¶ 9. Employer requested reconsideration, which was denied on April 30, 2012. *Id.* ¶¶ 10, 13. The CO forwarded the case and appeal file to the Board of Alien Labor Certification Appeals ("BALCA"), and Employer's counsel submitted legal briefing to BALCA and the DOL's Counsel for Litigation, Harry Sheinfeld. *Id.* ¶ 18. On November 16, 2016, a three-judge panel affirmed the denial. *Id.* ¶¶ 16, 22. Employer requested en banc review, which BALCA denied on March 29, 2017. *Id.* ¶¶ 24, 27.

Plaintiff then filed a Freedom of Information Act ("FOIA") request on May 1, 2017, seeking information related to the en banc process, to which Administrative Law Judge ("ALJ") Paul Almanza responded two months later. *Id.* ¶¶ 30–31. Judge Almanza summarized the en banc procedure, explaining that (1) the Order Denying En Banc Review in Plaintiff's case did not list the judges who reviewed the petition and (2) procedures for en banc voting are not published. *Id.* ¶ 31. A month after Judge Almanza's response, Employer filed a Pro Se Motion for Relief from Judgment and Order. *Id.* ¶¶ 32–44. The Chief ALJ denied

2

Employer's request to reopen the case and barred Employer from raising issues further. *Id.* ¶¶ 50–51.  Plaintiff initiated another FOIA request two days later and received the responsive documents on October 8, 2018.  *Id.* ¶ 52.

## B.    Procedural History

On December 26, 2018, Plaintiff filed a Complaint for Review of Administrative Decision, which is the subject of this Motion.  ECF No. 1.  The Complaint asserts the following claims:  (1) the CO's denial and the BALCA's affirmation of the denial were abuses of discretion, (2) the BALCA's en banc denial was in bad faith, (3) Plaintiff's Fifth Amendment rights were violated, (4) the Chief ALJ and chair of the BALCA engaged in abusive behavior, (5) the DOL's multiple injustices caused Plaintiff and her Employer irreparable harm, (6) the denial was not supported by the regulations, and (7) the DOL violated FOIA regulations.  *Id.*  Plaintiff prays for: (1) review of the DOL's denial; (2) an order directing the DOL to approve the labor certification; (3) a declaration stating: (i) the BALCA's en banc procedures violated the Administrative Procedure Act, (ii) the BALCA falsified facts, (iii) the BALCA violated Plaintiff's due process rights, and (iv) the DOL's employment of Harry Sheinfeld prejudiced Plaintiff; (4) any other relief deemed proper.  *Id*. at 37.

On March 4, 2019, Defendant filed the instant Motion to Dismiss for Lack of Jurisdiction.  ECF No. 13.  Plaintiffs filed an opposition and request for censure

and order to show cause, ECF No. 23, and Defendants responded with a reply,

ECF No. 27.

## II.     LEGAL ANALYSIS

### A.     Legal Standard under Rule 12(b)(1)

Defendant brings the Motion pursuant to Federal Rule of Civil Procedure

("FRCP") 12(b)(1).  A Rule 12(b)(1) motion to dismiss for lack of subject matter

jurisdiction may attack either the allegations of the complaint or the existence of

subject matter jurisdiction in fact.  *Thornhill Publ'g Co. v. Gen. Tel. & Elecs.*

*Corp.*, 594 F.2d 730, 733 (9th Cir.1979) (internal citations omitted).  When the

motion to dismiss finds fault with the allegations of the complaint, the court

accepts all factual allegations as true and construes them in the light most favorable

to the nonmoving party.  *Fed'n of African Am. Contractors v. City of Oakland*, 96

F.3d 1204, 1207 (9th Cir.1996).  If the motion attacks a jurisdictional issue

separable from the merits of the case, the judge may consider the evidence

presented with respect to jurisdiction and rule on that issue, resolving factual

disputes and considering matters outside the complaint when necessary.

*Thornhill*, 594 F.2d at 733.  Dismissal without prejudice is proper when plaintiff

may establish standing by amendment.  *Maya v. Centex Corp.*, 658 F.3d 1060,

1069 (9th Cir. 2011).

## B.    Statutory Framework

The relevant process for noncitizens to obtain employment in the United

States is a three-step process outlined in the Immigration and Nationality Act

("INA").  First, the employer must submit an Application for Permanent

Employment Certification, verifying:

> **(I)** there are not sufficient workers who are able, willing,
> qualified (or equally qualified in the case of an alien described
> in clause (ii))[1] and available at the time of application for a visa
> and admission to the United States and at the place where the
> alien is to perform such skilled or unskilled labor, and
>
> **(II)** the employment of such alien will not adversely affect the
> wages and working conditions of workers in the United States
> similarly employed.

8 U.S.C.A. § 1182(5)(A).

If the employer receives the labor certification, the employer must then

submit the certification on behalf of the alien worker, who is known as the

"beneficiary," with an I–140 (Immigrant Petition for Alien Worker) visa petition to

the United States Citizenship and Immigration Services ("USCIS").  8 C.F.R.

§ 204.5(1)(1); *see* 8 U.S.C. § 1153(b)(3)(C).  In addition, the employer must

submit documentation showing that the non-citizen worker meets all requirements

outlined in the labor certification, 8 C.F.R. § 204.5(1)(3)(ii), and proving the

---

[1]  Clause (ii) addresses certain aliens who are in the teaching profession or
have exceptional scientific or artistic ability.  8 U.S.C.A. § 1182(5)(A).

employer has the ability to pay the wage specified in the certification, 8 C.F.R.

§ 204.5(g)(2).

If the USCIS approves the I–140 petition, the non-citizen worker may then

apply for lawful permanent residency by filing an I–485 Application to Register

Permanent Residence or Adjust Status.  8 U.S.C. § 1255(a).  The USCIS will not

approve the I–485 application unless and until it approves the I–140 visa petition.

8 U.S.C. § 1255(a).  The non-citizen may also file an I–765 Application for

Employment Authorization while the I–485 application is pending.  8 C.F.R.

§ 274a.12(c)(9).

The Administrative Procedures Act ("APA") states that "[a] person suffering

legal wrong because of agency action, or adversely affected or aggrieved by

agency action within the meaning of a relevant statute, is entitled to judicial review

thereof."  5 U.S.C. § 702.

**C.    Discussion**

Federal district courts are courts of limited jurisdiction; "[t]hey possess only

that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life*

*Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The Court has an independent duty to

ensure it has subject matter jurisdiction over this case.  *See Arbaugh v. Y & H*

*Corp.*, 546 U.S. 500, 514 (2006).  The Court must first assess Plaintiff's

constitutional standing in order to establish its jurisdiction to hear the case and

6

reach the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998).

As Plaintiff seeks judicial review of agency action under the APA, Plaintiff must

also meet prudential standing requirements to proceed with her case. *See*

*Havasupai Tribe v. Provencio*, 906 F.3d 1155, 1166 (9th Cir. 2018). Plaintiff

bears the burden of establishing that she satisfies the standing requirements for

each claim and each form of relief. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548

(2017); *Maya*, 658 F.3d at 1068–69.

In its motion to dismiss, Defendant argues: (1) Plaintiff lacks constitutional

standing to challenge the denial of the labor certification, as she was not the

applicant but merely the beneficiary; (2) Plaintiff lacks constitutional standing

because she has not sufficiently pled an injury-in-fact that is fairly traceable to

Defendant's challenged conduct and redressable by a favorable decision;

(3) Plaintiff lacks prudential standing because she is not within the "zone of

interests" covered by the INA; and (4) Plaintiff's claim that DOL failed to respond

to her FOIA request is moot. Finding Plaintiff did not sufficiently plead an injury-

in-fact fairly traceable to Defendant and redressable by a favorable decision,

Defendant's motion is GRANTED WITHOUT PREJUDICE.[2]

---

[2] Having found Plaintiff lacks constitutional standing, the Court need not
determine whether Plaintiff has prudential standing. *See Steel Co.*, 523 U.S. at
101. The Court also need not address whether the "zone of interests" analysis is a
jurisdictional issue in this case. *See Ray Charles Found. v. Robinson*, 795 F.3d
(continued . . . )

### i.     Constitutional Standing

First, Defendant argues that Plaintiff lacks standing to challenge the denial of Employer's application because she is not the labor certification applicant but rather the beneficiary.  Plaintiff counters that Defendant cites inapplicable caselaw, and offers caselaw that she says supports her position.

The Court need not decide the open question of whether a beneficiary has standing to challenge a denial of an employer's labor certification, because even if a beneficiary does have standing, Plaintiff lacks constitutional standing here.  She did not sufficiently plead an injury-in-fact that is fairly traceable to Defendant's challenged conduct and redressable by a favorable decision.

To satisfy Article III standing requirements, a plaintiff must show:

> (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81, (2000).

Because Plaintiff seeks declaratory and injunctive relief only, she is also

---

1109, 1119 (9th Cir. 2015); *Lexmark International, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387–88 (2014).

required to show "a very significant possibility of future harm." *San Diego Cty.*
*Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996); *see also Canatella*
*v. California*, 304 F.3d 843, 852 (9th Cir. 2002) (stating that the future harm must
be of a similar nature to past injuries); *Sample v. Johnson*, 771 F.2d 1335, 1340
(9th Cir. 1985) ("Plaintiffs must demonstrate a credible threat exists that they will
again be subject to the specific injury for which they seek injunctive or declaratory
relief." (internal quotations omitted)); *Williams v. Bank of Am.*, No. 2:12-cv-2513
JAM AC PS, 2013 WL 1907529, at *5–6 (E.D. Cal. May 7, 2013) ("Declaratory
judgment is not a corrective remedy and should not be used to remedy past
wrongs.").

### a.    Injury-In-Fact

Defendant argues that Plaintiff lacks constitutional standing because she did
not sufficiently plead an injury-in-fact that is fairly traceable to Defendant's
challenged conduct and redressable by a favorable decision.  The Court disagrees.

Plaintiff may not rely on "bare legal conclusion[s] to assert injury-in-fact, or
engage in an ingenious academic exercise in the conceivable to explain how
defendants' actions caused his injury." *Maya*, 658 F.3d at 1068 (internal
quotations and footnotes omitted).  To survive a 12(b)(1) motion, a plaintiff must
have clearly alleged facts demonstrating each standing element. *Spokeo*, 136 S. Ct.
at 1547.  To establish injury in fact, a plaintiff must show that she "suffered an

invasion of a legally protected interest." *Id.* A "particularized" injury is one that

affects the plaintiff personally. *Id.* (internal quotation and citation omitted).

Plaintiff alleges in the Complaint:

> 115. As pointed out in the Motion to Re-open, Plaintiff's husband suffers from terminal stage 4 cancer. The injustice that Plaintiff has endured from the DOL has caused undue stress to her family. During chemo sessions, instead of trying to calm down and concentrate on getting better, my husband spends his time worrying about this case. Days after his chemotherapy, he spends the time where he is supposed to be resting, continuously doing research on why such an injustice could happen as well as spending countless hours doing legal research, as well as trying to find a lawyer who would believe us and help. This stress has adversely affected his already fragile health. *See* Exhibit 7.

> 116. The deprivation and unreasonable delay of the Labor Certification due to Plaintiff has also caused undue stress to her and risked the life of her then-unborn child. The baby was born 10 weeks premature on September, 2017 and weighed a mere 3.5 pounds during an emergency caesarian section. The stress caused by these unfair procedures likely contributed to her going into labor early.  The following 2 months, Plaintiff was in the NICU not only wondering if her baby would make it, but also having to deal with the emotional distress of the prospect of leaving the place she has considered home.

> 117. The deprivation of a timely issued Labor Certification from the DOL has made Plaintiff unable to pursue several potential higher paying employment opportunities. The unjustified extended uncertainty has divested Plaintiff from not only material opportunities but also quality time with her dying husband.

> 118. The denial of due process caused years of delay as well as unnecessary additional renewal costs for Employer.  It also caused uncertainty in its ability to continue to hire Plaintiff who

it has depended on.

Compl. ¶¶ 115–118.

Injuries suffered by Plaintiff's husband and Employer are not particularized to Plaintiff, and cannot support her standing.  *See Spokeo*, 136 S. Ct. at 1548 (collecting cases).  However, Plaintiff adequately alleged an injury-in-fact by alleging undue stress, risk of the life of her then-unborn baby, premature labor, and the stressful time spent in the NICU.  *See Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1141–1142 (9th Cir. 2010) (finding plaintiff's allegations of "generalized anxiety and stress" sufficient to confer Article III standing, but only as to him).  Plaintiff's inability to pursue other jobs could also be a concrete injury.  *See Abboud v. I.N.S.*, 140 F.3d 843, 847 (9th Cir. 1998) (finding that a lost opportunity represents a concrete injury), *superseded in part on other grounds*, 8 U.S.C. § 1154.[3]

### b.    Causation

To establish Article III standing, Plaintiff must allege that the agency's denial of Employer's labor certification caused her injuries.  Plaintiff must demonstrate that her injury is "fairly traceable to the challenged action of the

---

[3]  Plaintiff alleges injuries in her Opposition that are absent from her Complaint: deprivation of the opportunity to apply for lawful permanent status and the basic ability to continue to legally work in this country.  Because these are not alleged in the Complaint, the Court does not consider them.

defendant, and not the result of the independent action of some third party not before the court." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation and citation omitted).  The line of causation between Plaintiff's injuries and Defendant's conduct must be "more than attenuated," but "[a] causal chain does not fail simply because it has several links, provided those links are not hypothetical or tenuous and remain plausible." *Maya*, 658 F.3d at 1070 (internal quotation, alterations, and citation omitted).

In other words, Plaintiff must show that there are no independent actions of third parties that break the causal link between Defendant's allegedly unlawful acts and Plaintiff's harm.  *See Ass'n of Pub. Agency Customers v. Bonneville Power Admin.*, 733 F.3d 939, 953 (9th Cir. 2013).  If Defendant's actions are "determinative" of the actions of a third party, the causal chain is not broken.  *Id.*

Plaintiff does not allege facts supporting the contention that her injuries were caused by Defendant's conduct.  For example, no facts in the Complaint indicate that the stress she suffered caused her pregnancy complications.[4]  Plaintiff also failed to allege facts showing how the DOL's denial limited or extinguished her ability to apply for other jobs.  The DOL's denial only affected her employment

---

[4]  Indeed, the Complaint merely boldly alleges, "The stress caused by these unfair procedures likely contributed to her going into labor early."  Compl. ¶ 116.  *See Maya*, 658 F.3d at 1068 (holding that plaintiff may not rely on "bare legal conclusion[s]" to assert causation).

with Employer.  8 U.S.C.A. § 1182(5)(A).  As amendment could cure this

deficiency, the Court grants leave to amend.  *See Maya*, 658 F.3d at 1072.

### c.    Likelihood of Future Harm

Because Plaintiff seeks only declaratory and injunctive relief, she must

allege a substantial likelihood of future harm similar to her past injuries.  *See San

Diego Cty. Gun Rights Comm.*, 98 F.3d at 1126.  The only allegations that could be

construed to constitute a likelihood of future harm are: (1) the uncertainty caused

by DOL, divesting Plaintiff of "material opportunities" and "quality time with her

dying husband," and (2) Plaintiff's inability to pursue higher paying employment

opportunities, allegedly caused by the DOL's deprivation of a timely labor

certification.  Compl. ¶ 117.

Employer's case is closed, so any "uncertainty" Plaintiff may suffer in the

future stems from her immigration status as it existed prior to the DOL's decision,

and not from the DOL's actions.[5]  The DOL has remained consistent in its position

since 2012.  Compl. ¶¶ 9–24.   No uncertainty remains.

Plaintiff has not alleged why she is not free to pursue other employment

opportunities in the future.  The conclusory statement in paragraph 117 of her

Complaint is insufficient to defeat a motion to dismiss.  *See Iqbal*, 556 U.S. at 678.

---

[5]  Plaintiff's immigration status is uncertain because her visa is due for renewal—
just as it was when she and Employer were in the midst of the DOL process.  *See*
Compl. ¶ 41.

Amending the Complaint could cure this deficiency, and the Court grants leave to amend.

### d.    Redressability

Plaintiff must also show that a favorable decision is substantially likely to redress her injuries, and she fails to allege as much here. *See Ibrahim v. Dep't of Homeland Sec.*, 669 F.3d 983, 993 (9th Cir. 2012). When seeking declaratory relief, a plaintiff demonstrates redressability if a court's action would require the defendant "to act in any way that will redress [] past injuries or prevent future harm." *Mayfield v. United States*, 599 F.3d 964, 972 (9th Cir. 2010). There is a presumption of redressability when a plaintiff "seeks declaratory relief against the type of government action that indisputably caused him injury." *Id.* at 971.

As stated above, Plaintiff did not sufficiently allege that the DOL caused her injury, and therefore there is no presumption of redressability. The declaratory and injunctive relief Plaintiff seeks will not redress the injuries she suffered during and after her pregnancy. The chance that a favorable decision would decrease Plaintiff's stress is not enough to allege redressability and confer standing. *See Steel Co.*, 523 U.S. at 107 ("By the mere bringing of his suit, *every* plaintiff demonstrates his belief that a favorable judgment will make him happier."). There are no facts alleged showing that Plaintiff is unable to apply for higher-paying positions with other employers, provided they undergo the process outlined in the

14

INA.  *See Spokeo*, 136 S. Ct. at 1547 (holding that plaintiff must have clearly alleged facts demonstrating each standing element).  Again, it is possible that amending the Complaint with additional facts could cure this deficiency.

Finding Plaintiff failed to plead that she sustained an injury-in-fact fairly traceable to Defendant's conduct and redressable by a favorable decision, Defendant's motion is GRANTED WITHOUT PREJUDICE.

### ii.   FOIA Claim

Finally, Defendant argues that Plaintiff's claim arising from her FOIA request is moot because the DOL responded in full to Plaintiff's FOIA request.  Plaintiff conceded at the hearing that the DOL provided all documents responsive to her FOIA request.  Accordingly, Plaintiff's claims arising from her FOIA request are MOOT.  *See Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009).  Defendant's motion is GRANTED WITH PREJUDICE as to Plaintiff's claims for relief arising from her FOIA request.

### iii.   Plaintiff's Motions

In her Opposition, Plaintiff moved the Court to "censure the Defendant and to order them to show cause in the issues presented."  ECF No. 23 at 3.  Plaintiff also filed a Motion for Temporary Injunction on June 7, 2019, asking the Court to enjoin Defendant to re-open Employer's BALCA case pending resolution of this

case.  ECF No. 28 at 6.  For the reasons stated above, the Court lacks jurisdiction and Plaintiff's Motions are DISMISSED WITHOUT PREJUDICE.

## III.   CONCLUSION

In accordance with the foregoing, the Court GRANTS Defendant's Motion. All claims are DISMISSED WITHOUT PREJUDICE, with leave to amend the Complaint.  Plaintiff must file an Amended Complaint correcting the deficiencies noted above by July 29, 2019.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, June 28, 2019.



    /s/   Jill A. Otake_____
Jill A. Otake
United States District Judge

CIVIL NO. 18-00502 JAO-KJM; *HSIAO V. ACOSTA*; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS