IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| YA-WEN HSIAO, | ) | CIVIL NO. 18-00502 JAO-KJM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR LEAVE TO |
| vs. | ) | REFERENCE EXHIBITS |
| | ) | PREVIOUSLY FILED |
| ALEXANDER ACOSTA, Secretary of Labor, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR
LEAVE TO REFERENCE EXHIBITS PREVIOUSLY FILED

On June 28, 2019, the district court issued its Order Granting Defendant's Motion to Dismiss ("06/28/2019 Order"). ECF No. 31. The 06/28/2019 Order dismissed the Complaint and granted Plaintiff Ya-Wen Hsiao ("Plaintiff") leave to file and amended complaint by July 29, 2019. *See id.* at 16. On July 11, 2019, Plaintiff filed a Motion for Leave to Reference Exhibits Previously Filed ("Motion"). ECF No. 32.

The Court elects to decide this matter without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). After carefully considering the Motion, the applicable law, and the record in this case, the Court DENIES the Motion.

## DISCUSSION

The Motion asks the Court to allow Plaintiff to file an amended complaint that references the exhibits attached to her original Complaint, rather than Plaintiff having to re-file the exhibits with her amended complaint.  The exhibits attached to the original Complaint consist of approximately 300 pages.  Plaintiff asserts that she "is not permitted to file documents electronically and thus it would be more practicable to reference exhibits that were filed and are already on the record in the forthcoming amended complaint."  ECF No. 32 at 2.

As Plaintiff notes in the Motion, Local Rule 10.3 provides:  "Any party filing or moving to file an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court."  Requiring parties to reproduce the entire pleading as amended promotes efficiency and clarity, as parties and the court need only look to a single location to review the complete document.  Allowing incorporation of other documents by reference, however, even those already in the record, has the potential to lead to mis-citations and confusion.

Here, Plaintiff does not assert that copies of the exhibits she intends to attach to her amended complaint are unavailable or that she is unable to re-file such documents.  Plaintiff simply asserts that referencing the exhibits in the original Complaint will be more practicable.  *See* ECF No. 32 at 2.  The Court thus finds

that the circumstances do not warrant granting Plaintiff an exception under Local Rule 10.3.

## CONCLUSION

Based on the foregoing, the Court DENIES Plaintiff's Motion for Leave to Reference Exhibits Previously Filed (ECF No. 32).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 12, 2019.



Kenneth J. Mansfield
United States Magistrate Judge

*Hsiao v. Acosta*, Civil No. 18-00502 JAO-KJM; Order Denying Plaintiff's Motion for Leave to Reference Exhibits Previously Filed