# **Exhibit 4**

# Legal Brief Submitted to BALCA

# earthsmart

FedEx carbon-neutral
envelope shipping

Align top of FedEx Express® shipping label here.



FRI - 19 OCT  A1
PRIORITY OVERNIGHT

20001
DC-US
DCA

XC TSGA

TRK# 7992 3068 0305
0201

Ship Date: 18OCT12
ActWgt: 1.0 LB
CAD: 8602557/INET3300

Delivery Address Bar Code

Ref #   DJ 12625
Invoice #
PO #
Dept #

FedEx Express
E
J12201307160305

Origin ID: MSYA

BILL SENDER

From: (504) 830-5900
David M. Janklow
Wara l Gaspartan
3850 N Causeway Blvd., Suite 555

Metairie, LA 70002

SHIP TO: (504) 830-5900
Board of Alien Labor Cert. Appeals
U.S. Department of Labor
800 K Street, NW, Suite 400-N

Washington D.C., DC 20001

Align bottom of peel and stick airbill or pouch here.



**WARE | GASPARIAN**

*Immigration and Nationality Law*

October 18, 2012

U.S. Department of Labor
Board of Alien Labor Certification Appeals
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

**MAIN OFFICE**
3850 N. Causeway Blvd., Suite 555
Metairie, LA 70002-1752

PH:   (800) 537-0179
       (504) 830-5900
F:     (504) 830-5909

info@david-ware.com
www.david-ware.com

**RE:   LEGAL BRIEF**
**BALCA Case Number: 2012-PER-02131**
**ETA Case Number: A-10344-38244**
**In the Matter of University of Hawaii, Employer on behalf of Ya-Wen Hsiao, Alien**

Dear Sir/Madam,

Enclosed please find the legal brief filed in connection with the above-referenced case. The legal brief is timely filed as it has been submitted within 45 days of the September 7, 2012 Notice and Order.

As I am making an entry of appearance after the case has been docketed before BALCA, please find enclosed an executed Form G-28.

Please contact me if you require any additional information.

Sincerely,

David A. M. Ware
Attorney at Law

OMB No. 1615-0105; Expires 04/30/2012

## G-28, Notice of Entry of Appearance as Attorney or Accredited Representative

Department of Homeland Security

## Part 1. Notice of Appearance as Attorney or Accredited Representative

**A. This appearance is in regard to immigration matters before:**

☐ USCIS - List the form number(s): _____

☐ CBP - List the specific matter in which appearance is entered:

☐ ICE - List the specific matter in which appearance is entered:

_____

**B. I hereby enter my appearance as attorney or accredited representative at the request of:**

List Petitioner, Applicant, or Respondent. NOTE: Provide the mailing address of Petitioner, Applicant, or Respondent being represented, and not the address of the attorney or accredited representative, except when filed under VAWA.

| Principal Petitioner, Applicant, or Respondent | | | A Number or Receipt Number, if any | |
|---|---|---|---|---|
| Name:  Last | First | Middle | | ☐ Petitioner |
| Jerris R. Hedges, Dean and Professor of Medicine University of Hawaii at Manoa, John A. Burns School of Medicine | | | | ☐ Applicant |
| | | | | ☐ Respondent |

| Address:  Street Number and Street Name | Apt. No. | City | State | Zip Code |
|---|---|---|---|---|
| 651 Ilalo Street, Medical Education Bldg. | | Honolulu | Hawaii | 96813 |

Pursuant to the Privacy Act of 1974 and DHS policy, I hereby consent to the disclosure to the named Attorney or Accredited Representative of any record pertaining to me that appears in any system of records of USCIS, USCBP, or USICE.

Signature of Petitioner, Applicant, or Respondent                            Date   OCT - 5 2012

## Part 2. Information about Attorney or Accredited Representative *(Check applicable items(s) below)*

**A.** ☒ I am an attorney and a member in good standing of the bar of the highest court(s) of the following State(s), possession(s), territory(ies), commonwealth(s), or the District of Columbia: **Louisiana**

I am not ☒ or ☐ I am subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law (If you are subject to any order(s), explain fully on reverse side).

**B.** ☐ I am an accredited representative of the following non-profit religious, charitable, social service, or similar organization established in the United States, so recognized by the Department of Justice, Board of Immigration Appeals pursuant to 8 CFR 1292.2. Provide name of organization and expiration date of accreditation:

**C.** ☐ I am associated with _____.

The attorney or accredited representative of record previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative is at his or her request (If you check this item, also complete item A or B above in Part 2, whichever is appropriate).

## Part 3. Name and Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before the Department of Homeland Security. I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

| Name of Attorney or Accredited Representative | Attorney Bar Number(s), if any |
|---|---|
| David A. M. Ware | LA13239 |

| Signature of Attorney or Accredited Representative | Date  10/18/2012 |
|---|---|

Complete Address of Attorney or Organization of Accredited Representative (Street Number and Street Name, Suite No., City, State, Zip Code)

Ware|Gasparian 3850 N. Causeway Blvd., Ste. 555, Metairie, LA 70002

| Phone Number *(Include area code)* | Fax Number, if any *(Include area code)* | E-Mail Address, if any |
|---|---|---|
| 504-830-5900 | 504-830-5909 | dware@david-ware.com |

Form G-28 (Rev. 04/22/09)N

DEPARTMENT OF LABOR
BOARD OF ALIEN LABOR CERTIFICATION APPEALS

| | | |
|---|---|---|
| **In the Matter of** | * | **Request for Review** |
| | * | |
| **Permanent Labor Certification** | * | |
| **Application of** | * | |
| | * | |
| **University of Hawaii** | * | **BALCA Case Number 2012-PER-02131** |
| | * | |
| **On behalf of** | * | |
| | * | |
| **Hsiao, Ya-Wen** | * | **ETA Case Number A-10344-38244** |

**Brief in Support of Request for Review**

Please accept this brief in support of our request for review of the denial of the above-referenced Application for Permanent Employment Certification.  The Notice of Docketing is dated September 7, 2012 so this legal brief is timely filed.

We respectfully request that you review the denial of the labor certification and, pursuant, to 20 CFR § 656.27(c)(2), direct the Certifying Officer to grant certification, or in your discretion, remand the case to the CO for further processing.

I.     **Summary of the Facts**

The Application for Permanent Employment Certification filed by the University of Hawaii (hereinafter "the employer") on behalf of Ms. Ya-Wen Hsiao (hereinafter "Ms. Hsiao") was accepted for processing on January 13, 2011. (AF at 1).  On January 18, 2011, the Atlanta National Processing Center (hereinafter "ANPC") issued an Audit Notification (AF at 136).  On February 16, 2011, the employer's response to the Audit Notification was timely delivered to the

Department of Labor. (AF at 37). On February 28, 2012, the ANPC issued a notification seeking a signed statement from the employer indicating whether it would like to proceed with the processing of the application along with a copy of the complete, original response as submitted on February 16, 2011. *Id.* The employer replied with the appropriate documents on March 1, 2012. (AF at 35).

On March 23, 2012, the ANPC denied the labor certification. (AF at 32). The reasons for denial were, as specified by the Certifying Officer, that (1) the employer failed to provide adequate documentation of the additional recruitment steps for professional occupations by not providing dated copies of the pages from the site that advertised the job opportunity and (2) the documentation provided by the employer as proof of the employer's website offered terms and conditions of employment that were less favorable than those offered to the foreign worker. *Id.*

On April 13, 2012, the employer filed a request for reconsideration with the ANPC. (AF at 3). In response, on April 30, 2012 the ANPC notified the employer that it chose not to reconsider the decision to deny the application and forwarded the permanent labor certification file to the Board of Alien Labor Certification Appeals (hereinafter "you" or "the Board"). (AF at 1).

On September 7, 2012, you issued a *Notice of Docketing and Order Requiring Submission of Statement of Intent to Proceed.* The employer responded to the notice on September 14, 2012, and informed you that a separate *Statement of Position/Legal Brief* would be submitted within 45 days of the notice.

2

**II.     The employer provided adequate documentation to satisfy 20 CFR § 656.17(e)(1)(ii)(B).**

**a.  The evidence submitted in the employer's request for reconsideration in connection with Denial Reason #1 was considered by the Certifying Officer, as evidenced in the April 30, 2012 denial notification, and may be considered by the Board.**

The documentation the employer provided in its request for reconsideration in connection with Denial Reason #1 is part of the record forwarded to the Board and may be considered by the Board in its review of the denial of labor certification. The Board "...must review a denial of labor certification...on the basis of the record upon which the decision was made..." 20 CFR § 656.27(c).     When the CO considers documentation submitted by the employer on reconsideration, it becomes part of the record and may be considered by the Board on review. *See Hellmuth Obata + Kassabaum, Inc.*, 2011-PER-00240 (Dec. 14, 2011) (citing to *Waffle House Inc.*, 2010-PER-799 (Dec. 15, 2010); *Kamlainc d/b/a Comfort Inn & Suites*, 2010-PER-616 (Dec. 27, 2010).

On March 23, 2012, the CO denied labor certification, in part, because "[t]he employer failed to provide adequate documentation..." of the use of the employer's website. (AF at 7). It further stated, "[t]he document [submitted] does not appear to be from a website, nor is there any proof that the documentation was posted to the employer's website." *Id.* In its request for reconsideration, the employer included a dated printout of the employer's website posting sufficient to establish that it was properly posted as documented at Section I.d.15 of ETA Form 9089. (AF at 9-11). The website posting submitted in the request for reconsideration was considered by the CO as, in the denial of reconsideration and in connection with the second

3

reason for denial, it is stated that the "…advertisement on the employer's website contained a wage less than the offered wage as listed on the ETA Form 9089." (AF at 1-2). This statement of the CO is a concession, after considering the evidence submitted in response to the audit notification and the request for reconsideration, that the advertisement was posted.

**b. The evidence submitted in the employer's response to the audit notification and in its request for reconsideration satisfied 20 CFR 656.17(e)(1)(ii)(B).**

The employer's response to the audit notification and its request for reconsideration contained evidence clearly adequate to document, under 20 CFR § 656.17(e)(1)(ii)(B), that the position of Information Technology Specialist (hereinafter "IT Specialist") was advertised on the employer's website from August 2, 2010 through September 4, 2010.

The CO improperly applied 20 CFR 656.17(e)(1)(ii)(B), as he/she interpreted the regulation as to only provide one method of documenting use of the employer's website as an additional recruitment step. 20 CFR 656.17(e)(1)(ii)(B) states, "[t]he use of the employer's Web site as a recruitment medium can be documented by providing dated copies from the site that advertise the occupation involved in the application." The regulation does not "preclude an employer from providing documentation of the advertisement posted on its website in a manner other than by submitting dated printouts of the website advertisement." *Matter of EZCHIP, Inc.* 2010-PER-00120 (Jan. 12, 2001).

In connection with the documentation the employer submitted in its response to the audit notification, the CO states:

4

> The document does not appear to be from a website, nor is there any proof that the documentation was posted to the employer's website. The employer failed to provide dated copies of the pages from the site that advertised the job opportunity.

(AF at 7)

Clearly, the CO's narrow interpretation of 20 CFR § 656.17(e)(1)(ii)(B) is not in conformity with the interpretation held by the Board in *Matter of EZCHIP, Inc.* 2010-PER-00120 (BALCA 2010). As a result, the documentation submitted in the employer's response to the audit notification, alone, was sufficient to satisfy 20 CFR § 656.17(e)(1)(ii)(B). (AF at 77-80).

Furthermore, the documentation submitted by the employer in its request for reconsideration and considered by the CO further establishes that the employer complied with 20 CFR § 656.17(e)(1)(ii)(B).

The documentation submitted was sufficient to demonstrate that the employer posted the advertisement for the position of IT Specialist on its website, as specified in Item I.d.15 of ETA form 9089.

## IV. The employer's website did not contain wages or terms and conditions of employment that were less favorable than those offered to the alien.

The employer's website did not contain a wage that was less favorable than the wage offered to the alien. When the wage offered to the alien is greater than the wage advertised due to experience the alien has acquired while the job, the difference cannot form the basis for finding that U.S. workers were offered a wage less favorable than the one offered to the alien. *See Matter of University of North Carolina*, 90-INA-422 (Jun. 9, 1992). While the employer's

5

website advertised a wage of $44,208 and Section G.1 of Form ETA 9089 states the offered wage was $57,194, U.S. workers were not offered a less favorable wage.

The present matter is analogous to *Matter of North Carolina*. In *Matter of North Carolina*, the advertised salary was $23,100 and the salary offered to the alien at the time of filing was $30,000, "due to normal merit increases while working for the Employer in the position offered for several years." *Id*. at 2-3. The Board held that the "no less favorable than offered the alien" language of 656.21(g)(8) requires the employer to advertise a wage offer that is no less than the alien's wage when initially hired in order to match the value of the minimum requirements. *Id*. at 5-6. As a result, the employer is advertising a wage that matches the value of the minimum requirements and not the experience and training gained with the employer, which U.S. workers are not required to possess. *Id*. at 5.

As applied to the present matter before the Board, the wage advertised on the employer's website reflected the minimum salary for the position of IT Specialist, as determined by the Collective Bargaining Agreement (hereinafter "CBA") in place between the University of Hawaii and the Hawaii Government Employees Association. This was acknowledged by the Department of Labor when it issued its prevailing wage determination (hereinafter "PWD"). The DOL, citing to the CBA as the prevailing wage source, determined the prevailing wage to be $44,208 (AF at 66). After the employer's *bona fide* recruitment for the position of IT Specialist and after determining that no U.S. workers were able, willing, qualified, and available for the position, it offered the position to Ms. Hsiao. Thereafter, the employer determined that the appropriate salary to offer Ms. Hsiao, based on her several years of experience and qualifications

6

and using the IT Salary Matrix found at page 15 of the record, was $57,194. Subsequently, the employer posted its Notice of Filing and listed the wage offered to the alien, Ms. Hsiao, of $57,194 and included it at Section G.1 of Form ETA 9089.

The Board's discussion of *Matter of North Carolina* in *Matter of Sensus Metering Systems*, 2010-PER-00849 (Jul. 20, 2011) is consistent with the position of the employer. The Board, in *Matter of Sensus Metering* only limited the application of *Matter of North Carolina* to situations in which the employer lists a lower wage on the Notice of Filing than the wage listed at Section G.1 of Form ETA 9089. The Board's decision to shield the Notice of Filing from the holding of *Matter of North Carolina* was necessary in light of 656.10(d)(4). The regulation reads:

> If an application is filed under §656.17, the notice must contain the information required for advertisements by §656.17(f), must state **the rate of pay** (which must equal or exceed the prevailing wage entered by the SWA on the prevailing wage request form), and must contain the information required by paragraph (d)(3) of this section. (emphasis added).

In this case, *Matter of Sensus Metering* is inapplicable because the employer's Notice of Filing properly listed the alien's rate of pay of $57,194 per year and this is the same wage listed at Section G.1 of Form ETA 9089.

Consistent with the Board's decision in *Matter of North Carolina*, the employer's website did not contain wages or terms and conditions of employment that were less favorable than those offered to the alien.

**V.    Conclusion**

For these reasons, we respectfully request that the ETA-9089 Application for Permanent Employment Certification filed by the University of Hawaii on behalf of Ms. Hsiao be certified, or in your discretion, remanded to the CO for further processing.

_____                    10/18/201—
David A. M. Ware                                         Date
Attorney at Law

8

## SERVICE SHEET

**Case Name:**          **University of Hawaii**

**Case Number:**             **2012-PER-02131**

**Document Title:**      **LEGAL BRIEF**
**BALCA Case Number: 2012-PER-02131**
**ETA Case Number: A-10344-38244**
**In the Matter of University of Hawaii, Employer on behalf of Ya-Wen Hsiao, Alien**

I hereby certify that a copy of the above-referenced document was sent to the following this 18 day of October, 2012 by FedEx Overnight.

Counsel for Litigation
U.S. Department of Labor, Office of the Solicitor
Division of Employment and Training Legal Services
Room N-2101, FPB
200 Constitution Avenue, NW
Washington, DC 20210
*{Hard Copy — FedEx Overnight}*

_____
David A. M. Ware
Counsel for applicant appellant

Align top of FedEx Express® shipping label here.

# earthsmart

FedEx carbon-neutral
envelope shipping

FRI - 19 OCT  A2
PRIORITY OVERNIGHT

20210
DC-US
DCA

XC TSGA

TRK# 7992 3075 4907
0201

Ship Date: 18OCT12
ActWgt: 1.0 LB
CAD: 5602557/INET3300

Delivery Address Bar Code

Ref #    DJ 12625
Invoice #
PO #
Dept #

FedEx Express  E  J122020706025

Origin ID: MSYA

BILL SENDER

From: (504) 830-5900
David M. Janklow
Waters Gasparian
3850 N Causeway Blvd., Suite 555

Metairie, LA 70002

SHIP TO: (504) 830-5900
Counsel for Litigation
U.S. DOL, Office of the Solicitor
200 Constitution Avenue, NW
Room N-2101, FPB
Washington, DC 20210

After printing this label:

Align bottom of peel and stick airbill or pouch here.



**WARE | GASPARIAN**

*Immigration and Nationality Law*

October 18, 2012

MAIN OFFICE
3850 N. Causeway Blvd., Suite 555
Metairie, LA 70002-1752

Counsel for Litigation
U.S. Department of Labor, Office of the Solicitor
Division of Employment and Training Legal Services
Room N-2101, FPB
200 Constitution Avenue, NW
Washington, DC 20210

PH:  (800) 537-0179
       (504) 830-5900
F:    (504) 830-5909

info@david-ware.com
www.david-ware.com

RE:   **LEGAL BRIEF**
      **BALCA Case Number: 2012-PER-02131**
      **ETA Case Number: A-10344-38244**
      **In the Matter of University of Hawaii, Employer on behalf of Ya-Wen Hsiao, Alien**

Dear Sir/Madam,

Enclosed please find a copy of the Legal Brief timely filed with the Board of Alien Labor
Certification Appeals.

Sincerely,

David A. M. Ware
Counsel for applicant appellant



**WARE | GASPARIAN**

*Immigration and Nationality Law*

October 18, 2012

MAIN OFFICE
3850 N. Causeway Blvd., Suite 555
Metairie, LA 70002-1752

U.S. Department of Labor
Board of Alien Labor Certification Appeals
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

PH:   (800) 537-0179
        (504) 830-5900
F:      (504) 830-5909

RE:   **LEGAL BRIEF**
        **BALCA Case Number: 2012-PER-02131**
        **ETA Case Number: A-10344-38244**
        **In the Matter of University of Hawaii, Employer on behalf of Ya-Wen Hsiao, Alien**

info@david-ware.com
www.david-ware.com

Dear Sir/Madam,

Enclosed please find the legal brief filed in connection with the above-referenced case.  The legal brief is timely filed as it has been submitted within 45 days of the September 7, 2012 Notice and Order.

As I am making an entry of appearance after the case has been docketed before BALCA, please find enclosed an executed Form G-28.

Please contact me if you require any additional information.

Sincerely,

David A. M. Ware
Attorney at Law

NEW ORLEANS, LA • BATON ROUGE, LA • JACKSON, MS • PENSACOLA, FL • BIRMINGHAM, AL • SEATTLE, WA

OMB No. 1615-0105; Expires 04/30/2012

## G-28, Notice of Entry of Appearance
## as Attorney or Accredited Representative

Department of Homeland Security

---

### Part 1.  Notice of Appearance as Attorney or Accredited Representative

**A.  This appearance is in regard to immigration matters before:**

☐ USCIS - List form number(s): _____

☐ ICE - List the specific matter in which appearance is entered:

☐ CBP - List the specific matter in which appearance is entered:

_____

**B.  I hereby enter my appearance as attorney or accredited representative at the request of:**

List Petitioner, Applicant, or Respondent. NOTE: Provide the mailing address of Petitioner, Applicant, or Respondent being represented, and not the address of the attorney or accredited representative, except when filed under VAWA.

| Principal Petitioner, Applicant, or Respondent | | | A Number or Receipt Number, if any | ☐ Petitioner |
|---|---|---|---|---|
| Name:  Last | First | Middle | | ☐ Applicant |
| Jerris R. Hedges, Dean and Professor of Medicine University of Hawaii at Manoa, John A. Burns School of Medicine | | | | ☐ Respondent |

| Address:  Street Number and Street Name | Apt. No. | City | State | Zip Code |
|---|---|---|---|---|
| 651 Ilalo Street, Medical Education Bldg. | | Honolulu | Hawaii | 96813 |

Pursuant to the Privacy Act of 1974 and DHS policy, I hereby consent to the disclosure to the named Attorney or Accredited Representative of any record pertaining to me that appears in any system of records of USCIS, USCBP, or USICE.

Signature of Petitioner, Applicant or Respondent

Date **OCT - 5 2012**

---

### Part 2.  Information about Attorney or Accredited Representative  *(Check applicable items(s) below)*

**A.** ☒  I am an attorney and a member in good standing of the bar of the highest court(s) of the following State(s), possession(s), territory(ies), commonwealth(s), or the District of Columbia: Louisiana

I am not ☒ or ☐ am subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law (If you are subject to any order(s), explain fully on reverse side).

**B.** ☐  I am an accredited representative of the following qualified non-profit religious, charitable, social service, or similar organization established in the United States, so recognized by the Department of Justice, Board of Immigration Appeals pursuant to 8 CFR 1292.2. Provide name of organization and expiration date of accreditation:

_____

**C.** ☐  I am associated with _____

The attorney or accredited representative of record previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative is at his or her request (If you check this item, also complete Item A or B above in Part 2, whichever is appropriate).

---

### Part 3.  Name and Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before the Department of Homeland Security.  I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

| Name of Attorney or Accredited Representative | Attorney Bar Number(s), if any |
|---|---|
| David A. McWare | LA13239 |

| Signature of Attorney or Accredited Representative | Date 10/18/2012 |
|---|---|

Complete Address of Attorney or Organization of Accredited Representative (Street Number and Street Name, Suite No., City, State, Zip Code)

Ware|Gasparian 3850 N. Causeway Blvd., Ste. 555, Metairie, LA  70002

| Phone Number *(Include area code)* | Fax Number, if any *(Include area code)* | E-Mail Address, if any |
|---|---|---|
| 504-830-5900 | 504-830-5909 | dware@david-ware.com |

Form G-28 (Rev. 04/22/09)N

DEPARTMENT OF LABOR
BOARD OF ALIEN LABOR CERTIFICATION APPEALS

| | | |
|---|---|---|
| In the Matter of | * | Request for Review |
| | * | |
| Permanent Labor Certification | * | |
| Application of | * | |
| | * | |
| University of Hawaii | * | BALCA Case Number 2012-PER-02131 |
| | * | |
| On behalf of | * | |
| | * | |
| Hsiao, Ya-Wen | * | ETA Case Number A-10344-38244 |

---

**Brief in Support of Request for Review**

---

Please accept this brief in support of our request for review of the denial of the above-referenced Application for Permanent Employment Certification. The Notice of Docketing is dated September 7, 2012 so this legal brief is timely filed.

We respectfully request that you review the denial of the labor certification and, pursuant to 20 CFR § 656.27(c)(2), direct the Certifying Officer to grant certification, or in your discretion, remand the case to the CO for further processing.

I.     **Summary of the Facts**

The Application for Permanent Employment Certification filed by the University of Hawaii (hereinafter "the employer") on behalf of Ms. Ya-Wen Hsiao (hereinafter "Ms. Hsiao") was accepted for processing on January 13, 2011. (AF at 1). On January 18, 2011, the Atlanta National Processing Center (hereinafter "ANPC") issued an Audit Notification (AF at 136). On February 16, 2011, the employer's response to the Audit Notification was timely delivered to the

Department of Labor. (AF at 37).  On February 28, 2012, the ANPC issued a notification seeking a signed statement from the employer indicating whether it would like to proceed with the processing of the application along with a copy of the complete, original response as submitted on February 16, 2011. *Id.*  The employer replied with the appropriate documents on March 1, 2012. (AF at 35).

On March 23, 2012, the ANPC denied the labor certification. (AF at 32).  The reasons for denial were, as specified by the Certifying Officer, that (1) the employer failed to provide adequate documentation of the additional recruitment steps for professional occupations by not providing dated copies of the pages from the site that advertised the job opportunity and (2) the documentation provided by the employer as proof of the employer's website offered terms and conditions of employment that were less favorable than those offered to the foreign worker. *Id.*

On April 13, 2012, the employer filed a request for reconsideration with the ANPC. (AF at 3).  In response, on April 30, 2012 the ANPC notified the employer that it chose not to reconsider the decision to deny the application and forwarded the permanent labor certification file to the Board of Alien Labor Certification Appeals (hereinafter "you" or "the Board"). (AF at 1).

On September 7, 2012, you issued a *Notice of Docketing and Order Requiring Submission of Statement of Intent to Proceed*.  The employer responded to the notice on September 14, 2012, and informed you that a separate *Statement of Position/Legal Brief* would be submitted within 45 days of the notice.

**II.** **The employer provided adequate documentation to satisfy 20 CFR § 656.17(e)(1)(ii)(B).**

    **a.** **The evidence submitted in the employer's request for reconsideration in connection with Denial Reason #1 was considered by the Certifying Officer, as evidenced in the April 30, 2012 denial notification, and may be considered by the Board.**

The documentation the employer provided in its request for reconsideration in connection with Denial Reason #1 is part of the record forwarded to the Board and may be considered by the Board in its review of the denial of labor certification. The Board "...must review a denial of labor certification...on the basis of the record upon which the decision was made..." 20 CFR § 656.27(c). When the CO considers documentation submitted by the employer on reconsideration, it becomes part of the record and may be considered by the Board on review. *See Hellmuth Obata + Kassabaum, Inc.*, 2011-PER-00240 (Dec. 14, 2011) (citing to *Waffle House Inc.*, 2010-PER-799 (Dec. 15, 2010); *Kamlainc d/b/a Comfort Inn & Suites*, 2010-PER-616 (Dec. 27, 2010).

On March 23, 2012, the CO denied labor certification, in part, because "[t]he employer failed to provide adequate documentation..." of the use of the employer's website. (AF at 7). It further stated, "[t]he document [submitted] does not appear to be from a website, nor is there any proof that the documentation was posted to the employer's website." *Id.* In its request for reconsideration, the employer included a dated printout of the employer's website posting sufficient to establish that it was properly posted as documented at Section I.d.15 of ETA Form 9089. (AF at 9-11). The website posting submitted in the request for reconsideration was considered by the CO as, in the denial of reconsideration and in connection with the second

reason for denial, it is stated that the "…advertisement on the employer's website contained a wage less than the offered wage as listed on the ETA Form 9089." (AF at 1-2). This statement of the CO is a concession, after considering the evidence submitted in response to the audit notification and the request for reconsideration, that the advertisement was posted.

**b.  The evidence submitted in the employer's response to the audit notification and in its request for reconsideration satisfied 20 CFR 656.17(e)(1)(ii)(B).**

The employer's response to the audit notification and its request for reconsideration contained evidence clearly adequate to document, under 20 CFR § 656.17(e)(1)(ii)(B), that the position of Information Technology Specialist (hereinafter "IT Specialist") was advertised on the employer's website from August 2, 2010 through September 4, 2010.

The CO improperly applied 20 CFR 656.17(e)(1)(ii)(B), as he/she interpreted the regulation as to only provide one method of documenting use of the employer's website as an additional recruitment step. 20 CFR 656.17(e)(1)(ii)(B) states, "[t]he use of the employer's Web site as a recruitment medium can be documented by providing dated copies from the site that advertise the occupation involved in the application." The regulation does not "preclude an employer from providing documentation of the advertisement posted on its website in a manner other than by submitting dated printouts of the website advertisement." *Matter of EZCHIP, Inc.* 2010-PER-00120 (Jan. 12, 2001).

In connection with the documentation the employer submitted in its response to the audit notification, the CO states:

> The document does not appear to be from a website, nor is there any proof that the documentation was posted to the employer's website. The employer failed to provide dated copies of the pages from the site that advertised the job opportunity.

(AF at 7)

Clearly, the CO's narrow interpretation of 20 CFR § 656.17(e)(1)(ii)(B) is not in conformity with the interpretation held by the Board in *Matter of EZCHIP, Inc.* 2010-PER-00120 (BALCA 2010). As a result, the documentation submitted in the employer's response to the audit notification, alone, was sufficient to satisfy 20 CFR § 656.17(e)(1)(ii)(B). (AF at 77-80).

Furthermore, the documentation submitted by the employer in its request for reconsideration and considered by the CO further establishes that the employer complied with 20 CFR § 656.17(e)(1)(ii)(B).

The documentation submitted was sufficient to demonstrate that the employer posted the advertisement for the position of IT Specialist on its website, as specified in Item I.d.15 of ETA form 9089.

## IV. The employer's website did not contain wages or terms and conditions of employment that were less favorable than those offered to the alien.

The employer's website did not contain a wage that was less favorable than the wage offered to the alien. When the wage offered to the alien is greater than the wage advertised due to experience the alien has acquired while the job, the difference cannot form the basis for finding that U.S. workers were offered a wage less favorable than the one offered to the alien. *See Matter of University of North Carolina*, 90-INA-422 (Jun. 9, 1992). While the employer's

website advertised a wage of $44,208 and Section G.1 of Form ETA 9089 states the offered wage was $57,194, U.S. workers were not offered a less favorable wage.

The present matter is analogous to *Matter of North Carolina*. In *Matter of North Carolina*, the advertised salary was $23,100 and the salary offered to the alien at the time of filing was $30,000, "due to normal merit increases while working for the Employer in the position offered for several years." *Id.* at 2-3. The Board held that the "no less favorable than offered the alien" language of 656.21(g)(8) requires the employer to advertise a wage offer that is no less than the alien's wage when initially hired in order to match the value of the minimum requirements. *Id.* at 5-6. As a result, the employer is advertising a wage that matches the value of the minimum requirements and not the experience and training gained with the employer, which U.S. workers are not required to possess. *Id.* at 5.

As applied to the present matter before the Board, the wage advertised on the employer's website reflected the minimum salary for the position of IT Specialist, as determined by the Collective Bargaining Agreement (hereinafter "CBA") in place between the University of Hawaii and the Hawaii Government Employees Association. This was acknowledged by the Department of Labor when it issued its prevailing wage determination (hereinafter "PWD"). The DOL, citing to the CBA as the prevailing wage source, determined the prevailing wage to be $44,208 (AF at 66). After the employer's *bona fide* recruitment for the position of IT Specialist and after determining that no U.S. workers were able, willing, qualified, and available for the position, it offered the position to Ms. Hsiao. Thereafter, the employer determined that the appropriate salary to offer Ms. Hsiao, based on her several years of experience and qualifications

6

and using the IT Salary Matrix found at page 15 of the record, was $57,194. Subsequently, the employer posted its Notice of Filing and listed the wage offered to the alien, Ms. Hsiao, of $57,194 and included it at Section G.1 of Form ETA 9089.

The Board's discussion of *Matter of North Carolina* in *Matter of Sensus Metering Systems*, 2010-PER-00849 (Jul. 20, 2011) is consistent with the position of the employer. The Board, in *Matter of Sensus Metering* only limited the application of *Matter of North Carolina* to situations in which the employer lists a lower wage on the Notice of Filing than the wage listed at Section G.1 of Form ETA 9089. The Board's decision to shield the Notice of Filing from the holding of *Matter of North Carolina* was necessary in light of 656.10(d)(4). The regulation reads:

> If an application is filed under §656.17, the notice must contain the information required for advertisements by §656.17(f), must state **the rate of pay** (which must equal or exceed the prevailing wage entered by the SWA on the prevailing wage request form), and must contain the information required by paragraph (d)(3) of this section. (emphasis added).

In this case, *Matter of Sensus Metering* is inapplicable because the employer's Notice of Filing properly listed the alien's rate of pay of $57,194 per year and this is the same wage listed at Section G.1 of Form ETA 9089.

Consistent with the Board's decision in *Matter of North Carolina*, the employer's website did not contain wages or terms and conditions of employment that were less favorable than those offered to the alien.

7

**V.     Conclusion**

For these reasons, we respectfully request that the ETA-9089 Application for Permanent Employment Certification filed by the University of Hawaii on behalf of Ms. Hsiao be certified, or in your discretion, remanded to the CO for further processing.

_____                                    10/18/2012
David A. M. Ware                                              Date
Attorney at Law

8

## SERVICE SHEET

| | |
|---|---|
| **Case Name:** | **University of Hawaii** |
| **Case Number:** | **2012-PER-02131** |
| **Document Title:** | **LEGAL BRIEF**<br>**BALCA Case Number: 2012-PER-02131**<br>**ETA Case Number: A-10344-38244**<br>**In the Matter of University of Hawaii, Employer on behalf of Ya-Wen Hsiao, Alien** |

I hereby certify that a copy of the above-referenced document was sent to the following this 18 day of October, 2012 by FedEx Overnight.

Counsel for Litigation
U.S. Department of Labor, Office of the Solicitor
Division of Employment and Training Legal Services
Room N-2101, FPB
200 Constitution Avenue, NW
Washington, DC 20210
*{Hard Copy – FedEx Overnight}*

David A. M. Ware
Counsel for applicant appellant