KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

HARRY YEE  #3790
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email: Harry.Yee@usdoj.gov

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Assistant Director

SAMUEL P. GO  NYS BAR #4234852
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation, District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-9923
E-mail: samuel.go@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YA-WEN HSIAO, | ) Civil No. 1:18-cv-00502-JAO-KJM |
| | ) |
| Plaintiff, | ) DEFENDANT'S REPLY IN SUPPORT OF |
| | ) MOTION TO DISMISS; |
| v. | ) CERTIFICATE OF SERVICE |
| | ) |
| PATRICK PIZZELLA, | ) ORAL ARGUMENT REQUESTED |
| Acting Secretary of Labor, | ) |
| Defendant. | ) |

## TABLE OF CONTENTS

**INTRODUCTION**..................................................................................................................2

**ARGUMENT**.........................................................................................................................3

    A.    Plaintiff's Opposition fails to show that the Amended Complaint sufficiently pleads an injury-in-fact that is fairly traceable to Defendant's challenged conduct and redressable by a favorable decision. ...................................................................3

    B.    Plaintiff's Opposition fails to show that Plaintiff has constitutional standing to challenge the denial of the Employer's Application.................................................5

    C.    Plaintiff's Opposition fails to show that Plaintiff has prudential standing. .............8

    D.    Plaintiff's Opposition fails to show that the Amended Complaint states a valid due process claim..............................................................................................................9

    E.    Plaintiff's Opposition fails to show that she has meet the heightened standard required for a mandatory injunction ...................................................................11

**CONCLUSION** ..................................................................................................................13

**CERTIFICATE OF SERVICE**

## TABLE OF AUTHORITIES

## CASES

*Cobb v. Murrell*,
   386 F.2d 947 (5th Cir.1967) .................................................................................... 7

*Cost Saver Mgmt., LLC v. Napolitano*,
   No. 10-cv-2105, 2011 WL 13119439 (C.D. Cal. June 7, 2011) ................................ 7

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
   528 U.S. 167 (2000) .................................................................................................. 5

*Garcia v. Google, Inc.*,
   786 F.3d 733 (9th Cir. 2015) .................................................................................. 11

*George v. Napolitano*,
   693 F. Supp. 2d 125 (D.D.C. 2010) .......................................................................... 8

*Kwan v. Donovan*,
   777 F.2d 479 (9th Cir. 1985) ................................................................................ 6, 7

*Munoz v. Ashcroft*,
   339 F.3d 950 (9th Cir. 2003) .................................................................................. 10

*New Motor Vehicle Bd. of California v. Orrin W. Fox Co.*,
   434 U.S. 1345 (1977) .............................................................................................. 13

*Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*,
   810 F.3d 631 (9th Cir. 2015) .................................................................................. 11

*Reddy, Inc. DOL*,
   492 F.2d 538 (5th Cir. 1974) .................................................................................... 7

*River Runners for Wilderness v. Martin*,
   593 F.3d 1064 (9th Cir. 2010) ................................................................................ 12

*Salt Pond Assocs. v. U.S. Army Corps of Eng'rs*,
   815 F. Supp. 766 (D. Del. 1993) ............................................................................ 12

*Seo v. DOL*,
   523 F.2d 10 (9th Cir. 1975) .................................................................................. 6, 7

*Small v. Avanti Health Systems, LLC*,

   661 F.3d 1180 (9th Cir. 2011) ................................................................................ 13

*Songbyrd, Inc. v. Bearsville Records, Inc.*,

   104 F.3d 773 (5th Cir. 1997) .................................................................................. 10

*Vemuri v. Napolitano*,

   845 F. Supp. 2d 125 (D.D.C. 2012) .......................................................................... 8

## STATUTES

5 U.S.C. § 705 ............................................................................................................. 12

8 U.S.C. § 1101(a)(15)(H)(i)(b) .............................................................................. 9, 12

8 U.S.C. § 1182 ............................................................................................................. 8

8 U.S.C. § 1182(a)(5)(A) ........................................................................................... 6, 7

8 U.S.C. § 1182(a)(5)(A)(i) ......................................................................................... 13

8 U.S.C. § 1182(a)(5)(A)(i)(II) ..................................................................................... 8

8 U.S.C. § 1182(a)(14) .................................................................................................. 6

8 U.S.C. § 1182(n)(4)(C) .............................................................................................. 9

8 U.S.C. § 1182(n)(4)(E) .............................................................................................. 9

8 U.S.C. § 1182(t)(4)(D) ............................................................................................... 9

## REGULATIONS

8. C.F.R. § 214.2(h)(4)(iii) ......................................................................................... 12

20 C.F.R. § 656.26(a)(1) ............................................................................................... 6

## FEDERAL RULES FOR CIVIL PROCEDURE

Fed. R. Civ. P. 12(b) ..................................................................................................... 9

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 3, 9, 10

Fed. R. Civ. P. 12(c) ................................................................................................... 10

Fed. R. Civ. P. 12(g)(1) ................................................................................................ 9

Fed. R. Civ. P. 12(h)(2) .............................................................................................. 10

## FEDERAL REGISTER

67 Fed. Reg. 30466 ................................................................................................................. 6, 7

# INTRODUCTION

Although Plaintiff's Amended Complaint attempts to attribute a litany of purported injuries to the U.S. Department of Labor's ("DOL") denial of an employer's Application for Permanent Labor Certification ("PERM Application") for a prospective job, the injuries she alleges are not, and cannot, be plausibly caused by DOL's denial decision. As Defendant explained in his Motion to Dismiss, the denial does not cause the "imminent threat of losing her employment and becoming out-of-status"; does not mean Plaintiff cannot "apply for any other job within the United States, move to another employer, or pursue higher paying employment opportunities"; and does not force Plaintiff "to leave the United States and be separated from her husband and child." Rather, the denial of a labor certification application in this case simply meant that the Employer did not establish that there are no domestic workers available to perform the job being offered to a foreign national worker – which is a statutory requirement under the Immigration and Nationality Act ("INA"). As the Employer failed to show that the job could not be filled by a United States worker and would not adversely affect the domestic worker's wages or working conditions, the *employer* cannot be granted the opportunity of petitioning the Department of Homeland Security ("DHS") for the immigration benefit of employing a foreign national worker for that job. Moreover, even assuming *arguendo* DOL's denial should be set aside, the proper remedy under the Administrative Procedure Act ("APA") is remand back to the agency, not approval of the labor certification application. Thus, not only are Plaintiff's alleged injuries not plausibly caused by DOL's denial, they would not be redressed by a favorable decision in this case. Accordingly, Plaintiff's alleged injuries do not constitute an injury-in-fact, and Plaintiff lacks constitutional standing in this matter.

Plaintiff further lacks constitutional standing to challenge the denial of the Employer's PERM Application because the application was filed by, and belongs to, the Employer. As the case law cited by Defendant demonstrates, the employer, and not the beneficiary, is the proper party to challenge the denial of an employer's labor certification application. It is the employer's failure to meet the labor certification requirements, not the beneficiary's, that is the basis of the denial; and thus, the proper party to contend and show that the requirements were in fact met would be the employer. Plaintiff also lacks prudential standing, as she does not fall in the "zone of interests" contemplated by the statute being invoked. For these reasons, the Court should find that Plaintiff lacks standing to bring her Amended Complaint and dismiss the case in its entirety.

Finally, Plaintiff's Fifth Amendment due process claim, as set forth in Count 6 of the Amended Complaint, should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Plaintiff's due process claim fails to sufficiently plead the requisite liberty or property interest for a procedural due process claim, and fails to meet the requirements for a substantive due process claim. Thus, Plaintiff's due process claim should be dismissed.

## ARGUMENT

**A.      Plaintiff's Opposition fails to show that the Amended Complaint sufficiently pleads an injury-in-fact that is fairly traceable to Defendant's challenged conduct and redressable by a favorable decision.**

In her Opposition, Plaintiff does not identify any allegation in her Amended Complaint that counters Defendant's argument that the injuries she alleges are not, and cannot, be plausibly caused by DOL's denial of an employer's PERM Application for a prospective job. As Defendant explained in his Motion to Dismiss, the denial of the PERM Application in this case simply meant that the Employer did not establish that there are no domestic workers available to perform the job being offered to the foreign national worker. *See* Defendant's Motion to Dismiss

("Def.'s MTD") at 9-13. As the Employer failed to show that the job could not be filled by a U.S. worker or that employment of a foreign worker would not adversely affect similarly employed U.S. workers' wages or working conditions, it cannot be granted the opportunity of petitioning DHS for the immigration benefit of employing a foreign national worker for that job.

Consequently, DOL's denial of the Employer's PERM Application did not cause Plaintiff the "imminent threat of losing her employment and becoming out-of-status"; does not mean she cannot "apply for any other job within the United States, move to another employer, or pursue higher paying employment opportunities"; and does not force Plaintiff "to leave the United States and be separated from her husband and child." *See* Plaintiff's Amended Complaint ("Am. Compl.") at ¶¶ 75-76, 115-16, 141-42, 162-63, 169, 170, 177. Plaintiff cannot attribute those injuries to the fact that the Employer could not demonstrate eligibility to employ a foreign national for a certain occupation, which is the initial step which must be satisfied in a three-step process. This is because approval of the PERM Application would have only permitted the Employer to proceed to step two and *submit* an I-140 immigrant worker visa petition to DHS on the foreign national's behalf, rather than entitling Plaintiff to an employment-based immigrant visa.

Contrary to Plaintiff's assertions, her alleged injury of otherwise being eligible "to apply for permanent residence status and even citizenship" is dependant upon approval of the Employer's PERM Application, which was not granted, and then upon subsequent independent actions by third party agencies not before the Court, namely DHS and the Department of State. Moreover, the denial only rejected the Employer's application to employ a foreign national worker for a prospective job, and made no change to Plaintiff's existing employment or status. Thus, Plaintiff's injuries are not traceable to DOL's denial of the Employer's PERM

Application, even if the ultimate consequence is that Plaintiff cannot have an expectation of seeking legal permanent resident status based on the proposed position with the Employer.

Assuming, *arguendo*, that the denial should be set aside, the proper remedy under the APA is remand, not approval. *See* Def.'s MTD at 12. As Plaintiff recognizes, *see* Plaintiff's Opposition ("Pl.'s Opp.") at 6, the normal remedy for agency action found unlawful under the APA is to remand the matter back to the DOL and/or Board of Alien Labor Certification ("BALCA"). Thus, not only are Plaintiff's alleged injuries not plausibly caused by DOL's denial, but they would not be redressed by a favorable decision in this case. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (requiring plaintiff to show that "it is likely, not merely speculative, that a favorable decision would redress the injury"). Accordingly, Plaintiff's alleged injuries do not constitute an injury-in-fact, and Plaintiff lacks constitutional standing in this matter.

**B.     Plaintiff's Opposition fails to show that Plaintiff has constitutional standing to challenge the denial of the Employer's Application.**

As explained in the Motion to Dismiss, Plaintiff lacks constitutional standing to challenge the denial of the Employer's PERM Application because the application was filed by, and belongs to, the Employer. *See* Def.'s MTD at 13-16. As the case law cited by Defendant demonstrates, Def.'s MTD at 14, the employer, and not the beneficiary, is the proper party to challenge the denial of an employer's labor certification application. Only an employer can initiate the labor certification process on behalf of a foreign national worker, and without it, the foreign worker cannot be the named beneficiary on the employer's I-140 petition filed by the company to commence the process to permanently employ the foreign worker in the United States.

In her Opposition, Plaintiff cites to several cases to support her claim that she has independent standing as the beneficiary of a propective employer's PERM Application. Pl.'s Opp. at 5. Plaintiff's reliance is misplaced, as the law and facts in those cases are distinguishable from this case. Specifically, *Kwan v. Donovan*, 777 F.2d 479, 480 (9th Cir. 1985), is an action brought by the *employer*, a sole practitioning attorney, challenging DOL's denial of a labor certification application for a prospective foreign national beneficiary.

Similarly, *Seo v. DOL*, 523 F.2d 10, 11 (9th Cir. 1975), is a forty-year-old pre-PERM Application case in which a foreign national challenged DOL's denial of her employer's labor certification application under the predecessor statute to 8 U.S.C. § 1182(a)(5)(A), former Section 1182(a)(14) (1975). The beneficiary's standing was not at issue in *Seo* because, under the prior statute and regulations, courts have found that foreign nationals could join with their employers in filing an appeal from the denial of a labor certification application. *Seo*, 523 F.2d at 12. *See also*, 2002 NPRM, *Labor Certification for the Permanent Employment of Aliens in the United States; Implementation of New System* ("2002 NPRM"), 67 Fed. Reg. 30466, 30476 (May 6, 2002) ("The current regulations provide that if a labor certification is denied, a request for review of the denial may be made to [BALCA], by the employer and by the alien, but in the case of the alien, only if the employer also requests such a review.").

In contrast, the key issue in this action – the approval or denial of a prospective employer's PERM Application – involves the broad question under the present labor certification statute, 8 U.S.C. § 1182(a)(5)(A), of whether there are sufficient U.S. workers available to fill the job opportunity being offered to the foreign worker, and whether the employment of the foreign worker would adversely affect the wages and working conditions of similarly employed U.S. workers. *See also*, 20 CFR 656.26(a)(1) (providing that only the

employer may request administrative review of a denial or revocation of certification); 2002 NPRM, 67 Fed. Reg. at 30476 ("Only an employer can file an Application for Alien Employment Certification. Moreover, the employer can withdraw its application at any time. In view of the primacy of the employer in the labor certification process, we . . . are proposing to only authorize employer appeals.").

In *Reddy, Inc. v. DOL*, 492 F.2d 538, 540 (5th Cir. 1974), another pre-PERM case under the predecessor statute, the employer *and* the beneficiary challenged DOL's denial of a labor certification application. The Fifth Circuit distinguished its prior decision in *Cobb v. Murrell*, 386 F.2d 947 (5th Cir.1967), in which the court determined that it "lacked power" to review a potential employer's challenge to an application denial for a foreign national beneficiary that had been removed prior to her employer's attempt to seek a labor certification on her behalf. *Reddy*, 492 F.2d at 542. The court determined that the action could proceed in *Reddy* because, unlike in *Cobb*, the foreign national plaintiff was "already lawfully present in the United States" when the labor certification application was filed. *Reddy*, 492 F.2d at 542. Given the distinguishable law and facts in *Kwan*, *Seo*, and *Reddy*, the findings by the courts in those cases, with regard to a defunct predecessor statutory provision, are not applicable to the instant action challenging DOL's decision made under the present labor certification statute, 8 U.S.C. § 1182(a)(5)(A).

In this case, it is the Employer's failure to meet the labor certification requirements, not the beneficiary's, that is the basis of the denial of the Employer's PERM Application. Thus, the Employer is the proper party to contend and show that the statutory and regulatory requirements were met. *See Cost Saver Mgmt., LLC v. Napolitano*, No. 10-cv-2105, 2011 WL 13119439, at *3 (C.D. Cal. June 7, 2011) (noting that an employer, as the party that filed the labor certification application, "is considered the proper party having a personal stake in the outcome sufficient to

warrant ... invocation of federal court jurisdiction," not the beneficiary) (quoting *George v. Napolitano*, 693 F. Supp. 2d 125, 130 (D.D.C. 2010)) (further quotation omitted).

**C.        Plaintiff's Opposition fails to show that Plaintiff has prudential standing.**

Plaintiff also lacks prudential standing, as she does not fall in the "zone of interests" contemplated by the statute being invoked, 8 U.S.C. § 1182(a)(5)(A)(i)(II) (requiring DOL to certify that the "employment of the alien will not adversely affect the wages and working conditions of United States workers similarly employed"). As noted in the Motion to Dismiss, the labor certification process was intended by Congress to protect United States workers, not to benefit foreign workers. *See* Def.'s MTD at 16-18. In *Vemuri v. Napolitano*, the court analyzed the congressional intent in the enactment of the employment-based adjustment process and concluded that the labor certification process was enacted "to protect the American economy from job competition and from adverse working standards as a consequence of immigrant workers entering the labor market." 845 F. Supp. 2d 125, 131 (D.D.C. 2012) (quoting S. Rep. No. 89-748, reprinted in 1965 U.S.C.C.A.N. 3328, 3329).

In her Opposition, Plaintiff claims that she is a "legally admitted resident alien" and therefore qualifies as a "United States worker" under 8 U.S.C. § 1182(a)(5)(A)(i)(II). Pl.'s Opp. at 5. But as Defendant has established, under 8 U.S.C. § 1182, she is not. Section 1182 states as follows:

> (E) The term "United States worker" means an employee who--
>
> (i) is a citizen or national of the United States; or
>
> (ii) is an alien who is lawfully admitted for permanent residence, is admitted as a refugee under section 1157 of this title, is granted asylum under section 1158 of this title, or is an immigrant otherwise authorized, by this chapter or by the Attorney General, to be employed.

8 U.S.C. § 1182(n)(4)(E); *see also*, 8 U.S.C. § 1182(t)(4)(D) (defining "United States worker" in the same manner).

Here, Plaintiff cannot satisfy the statutory definition of "United States Worker." This is because Plaintiff's current U.S. immigration status is H-1B non-immigrant worker, since she holds an H-1B visa classification as a qualified *nonimmigrant* alien who is temporarily in the United States to perform services in a specialty occupation. *See* 8 U.S.C. § 1101(a)(15)(H)(i)(b); 8 U.S.C. § 1182(n)(4)(C). Accordingly, Plaintiff is a foreign worker whose interests are not protected by the labor certification process. For these reasons, and the reasons stated in Defendant's Motion to Dismiss, the Court should find that Plaintiff lacks standing to bring her Amended Complaint and dismiss the case in its entirety.

**D.    Plaintiff's Opposition fails to show that the Amended Complaint states a valid due process claim.**

Plaintiff's claim that Defendant waived his challenge to Plaintiff's due process claim under Fed. R. Civ. P. 12(b)(6), *see* Pl.'s Opp. at 7, is unavailing. On March 4, 2019, Defendant filed his Motion to Dismiss Plaintiff's Complaint for lack of jurisdiction. ECF No. 13. After the motion was briefed and argued before the Court, the Court granted Defendant's Motion to Dismiss without prejudice because Plaintiff lacks constitutional standing. *See* ECF No. 31, Order Granting Defendant's Motion to Dismiss ("Order") at 1. Plaintiff subsequently filed her Amended Complaint on July 19, 2019. *See* ECF No. 35. Accordingly, Defendant properly asserted this affirmative defense in a preliminary motion under Rule 12(b)(6), before the answer is pleaded. *See* Fed. R. Civ. P. 12(b) ( "[A] party may assert the following defenses by motion: [listing the seven defenses]. A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Defendant also properly joined all motions under Rule 12 into a single motion. Fed. R. Civ. P. 12(g)(1).

Notably, "certain affirmative defenses that clearly appear on the face of the plaintiff's complaint . . . may properly be asserted in a Rule 12(b)(6) motion." *Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 775 n.3 (5th Cir. 1997). Legal arguments contained in Rule 12(b)(6) motions are not waived if not raised pre-answer, and may be raised in the answer, in a Rule 12(c) motion, or as late as trial. *See* Fed. R. Civ. P. 12(h)(2). Accordingly, Plaintiff's waiver objection is without merit.

As discussed in the Motion to Dismiss, Plaintiff's Fifth Amendment due process claim, as set forth in Count 6 of the Amended Complaint, should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *See* Def.'s MTD at 18-22. Plaintiff's due process claim fails to sufficiently plead the requisite liberty or property interest for a procedural due process claim with regard to BALCA's adjudication of the Employer's Pro Se Request for En Banc Review. Plaintiff did not show that she was involved in the en banc review such that she had a liberty or property interest in (1) being notified of BALCA's alleged adoption of En Banc rules in 2015; (2) BALCA's representation of dates when the Employer responded to the CO's audit request; or (3) Mr. Sheinfeld's alleged conflict of interest. *See* Am. Compl. at ¶¶ 118-43.

Plaintiff also fails to meet the requirements for a substantive due process claim, as she does not identify a government deprivation of life, liberty, or property, and does not allege conduct that "shock[s] the conscience and offend[s] the community's sense of fair play and decency." *See Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir. 2003) (noting that, because discretionary immigration relief "is a privilege created by Congress, denial of such relief cannot violate a substantive interest protected by the Due Process clause"). Thus, the Court should dismiss Count 6 of the Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**E.     Plaintiff's Opposition fails to show that she has meet the heightened standard required for a mandatory injunction.**

In her Opposition, Plaintiff does not present any argument that counters Defendant's position that, as a threshold matter, the Court lacks the authority to grant Plaintiff's requested relief to reopen the Employer's PERM Applciation so that she can can attempt to obtain a one-year H-1B extension pursuant to Section 106 of the American Competitiveness in the Twenty-First Century Act ("AC 21 § 106"). *See* Def.'s MTD at 22-25. Because the PERM Application submitted by Plaintiff's Employer already has been adjudicated and denied, AC 21 § 106 cannot apply. Congress intended for the provision to provide flexibility to United States employers to retain foreign nationals for whom the employers have a pending immigrant visa petition, and by extension allow the sponsored foreign national to maintain status during a lengthy adjudication of a labor certification application and/or immigration petition. Plaintiff cannot utilize AC 21 § 106 to obtain injunctive relief from the Court because she disagrees with DOL's adjudication of the Employer's PERM Application. Accordingly, the Court should not grant Plaintiff injunctive relief under AC 21 § 106, as this "Special Provision" by Congress does not apply to Plaintiff's situation and has no relationship or nexus to the claims set forth in the underlying Amended Complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 635-38 (9th Cir. 2015).

Moreover, Plaintiff reiterates her conclusory allegations in her Opposition, *see* Pl.'s Opp. at 10-11, which is insufficient to demonstrate a likelihood of success on the merits, let alone the heightened standard that "the law and facts *clearly favor* her position." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (emphasis in original). As explained in the Motion to Dismiss, Plaintiff bears a heightened burden to overturn an agency decision under the deferential judicial standard of review for agency actions under the APA. *See* Def.'s MTD at 26-27; *River Runners*

*for Wilderness v. Martin*, 593 F.3d 1064, 1067 (9th Cir. 2010) (explaining how a plaintiff must satisfy a "high threshold" to overturn an agency under the APA, and noting how "[t]he court's task is not to make its own judgment"). Moreover, Plaintiff lacks constitutional and prudential standing to bring forth this action, and fails to state a due process claim upon which relief can be granted. *See* Def.'s MTD at 9-22, 26-27.

Plaintiff mischaracterizes Defendant's arguments in support of his position that Plaintiff will not suffer any irreparable harm absent her requested injunctive relief. *Compare* Pl.'s Opp. at 11-13, *with* Def.'s MTD at 27-29. As Defendant noted, Plaintiff fails to demonstrate the immediate threatened injury required for preliminary injunctive relief. Plaintiff's H-1B nonimmigrant status continues to November 1, 2019, and the Court very well may adjudicate the Motion to Dismiss before November 1. Since this case may be resolved prior to November 1, and Plaintiff's status remains unchanged prior to that date, Plaintiff has not demonstrated that she has an immediate threatened injury requiring preliminary injunctive relief.

As Defendant properly noted, the reopening of the Employer's PERM Application does not mean Plaintiff will receive an H-1B extension. Not only will the Employer have to file an H-1B extension petition on Plaintiff's behalf, but the H-1B extension petition will have to meet all the requirements of eligibility for the H-1B extension (specialty occupation, no U.S. workers can fill the position, etc.). *See* 8 U.S.C. § 1101(a)(15)(H)(i)(b); 8 C.F.R. §§ 214.2(h)(4)(iii), *et seq*. Given the speculative nature of the relief, Plaintiff fails to show that she will suffer irreparable harm absent her requested relief.

Contrary to Plaintiff's claim, 5 U.S.C. § 705 does not authorize district courts to issue preliminary injunctions that alter the status quo or dictate specific terms and conditions to an agency. *Salt Pond Assocs. v. U.S. Army Corps of Eng'rs*, 815 F. Supp. 766, 776 (D. Del. 1993).

Plaintiff does not acknowledge that, by seeking resolution of an APA suit through a preliminary injunction, she effectively is bypassing the normal manner of review under the APA, in which the court reviews the administrative record and determines whether the agency's decision violates the APA. Accordingly, Plaintiff's APA claims do not support the relief she seeks.

As discussed in the Motion to Dismiss and above, *supra*, Congress did not intend for the "Special Provision" of AC 21 § 106 to be used in the situation that Plaintiff is asking the Court to employ – to enter a temporary injunction so that she can attempt to obtain an immigration benefit reserved for otherwise qualified foreign worker beneficiaries whose employer's labor certification application or immigrant petition remains pending due to an immigration visa quota backlog. *See* Def.'s MTD, 29-30. Moreover, Congress requires DOL to administer the labor certification process to ensure that the employment of foreign workers will not adversely affect the employment, wages, and working conditions of U.S. workers. *See* 8 U.S.C. § 1182(a)(5)(A)(i). Plaintiff's request for relief requires DOL to act contrary to this authority and is against the public's interest. *See Small v. Avanti Health Systems, LLC*, 661 F.3d 1180, 1197 (9th Cir. 2011) (noting that "the public interest favors applying federal law correctly"). Plaintiff does not acknowledge that her requested relief in this case would require the agency to take affirmative action that is contrary to governing law and its congressionally-mandated authority, and therefore weighs heavily against the entry of an injunction. *See New Motor Vehicle Bd. of California v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977). Accordingly, the balance of equities and the public interest tip in favor of the Government.

## CONCLUSION

For the reasons indicated above and in Defendant's Motion to Dismiss, the Court should find that Plaintiff lacks standing to challenge the denial of the Employer's PERM Application,

and that Plaintiff's due process claim fails to state a claim upon which relief can be granted. The Court, therefore, should dismiss Plaintiff's Amended Complaint in its entirety. The Court should also deny Plaintiff's "Motion for Temporary Injunction."

Dated: August 19, 2019

Respectfully submitted,

KENJI M. PRICE
United States Attorney
District of Hawaii

By: /s/ Harry Yee
HARRY YEE
Assistant U.S. Attorney
JOSEPH H. HUNT
Assistant Attorney General
WILLIAM C. PEACHEY
Director
GLENN M. GIRDHARRY
Assistant Director

By: /s/ Samuel P. Go
SAMUEL P. GO
NYS Bar No. 4234852
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-9923
E-mail: Samuel.go@usdoj.gov

ELIZABETH D. KURLAN
Trial Attorney

*Attorneys for Defendant*

and that Plaintiff's due process claim fails to state a claim upon which relief can be granted. The Court, therefore, should dismiss Plaintiff's Amended Complaint in its entirety. The Court should also deny Plaintiff's "Motion for Temporary Injunction."

Dated: August 19, 2019

Respectfully submitted,

KENJI M. PRICE
United States Attorney
District of Hawaii

By: /s/ Harry Yee
HARRY YEE
Assistant U.S. Attorney
JOSEPH H. HUNT
Assistant Attorney General
WILLIAM C. PEACHEY
Director
GLENN M. GIRDHARRY
Assistant Director

By: /s/ Samuel P. Go
SAMUEL P. GO
NYS Bar No. 4234852
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-9923
E-mail: Samuel.go@usdoj.gov

ELIZABETH D. KURLAN
Trial Attorney

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 19, 2019, by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served by First-Class Mail:

Ya-Wen Hsiao                              August 19, 2019
1141 Hoolai St., Apt. 201
Honolulu, HI 96814


　　　　　　　　　　　　　　　　　　*/s/ Elizabeth D. Kurlan*
　　　　　　　　　　　　　　　　　　Elizabeth D. Kurlan
　　　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　　　District Court Section
　　　　　　　　　　　　　　　　　　Office of Immigration Litigation
　　　　　　　　　　　　　　　　　　Civil Division
　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　P.O. Box 868, Ben Franklin Station
　　　　　　　　　　　　　　　　　　Washington, D.C. 20044