KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

HARRY YEE  #3790
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email: Harry.Yee@usdoj.gov

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Assistant Director

SAMUEL P. GO  NYS BAR #4234852
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation, District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-9923
E-mail: samuel.go@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YA-WEN HSIAO, | ) Civil No. 1:18-cv-00502-JAO-KJM |
| | ) |
| Plaintiff, | ) DEFENDANT'S SUPPLEMENTAL BRIEF |
| | ) PURSUANT TO THE COURT'S |
| v. | ) SEPTEMBER 6, 2019 ORDER; |
| | ) CERTIFICATE OF SERVICE |
| PATRICK PIZZELLA, | ) |
| Acting Secretary of Labor, | ) |
| Defendant. | ) |

Pursuant to the Court's September 6, 2019 Order (ECF No. 47), Defendant files the instant supplemental brief to address (1) how *Ray Charles Found. v. Robinson*, 795 F.3d 1109, 1119 (9th Cir. 2015) is distinguishable from this case, and (2) Defendant's position on whether Plaintiff's employer was precluded from filing another labor certification, and whether Plaintiff could have pursued other avenues for a visa.

I. **How *Ray Charles Found. v. Robinson*, 795 F.3d 1109 (9th Cir. 2015) is distinguishable from this case.**

In *Ray Charles Found. v. Robinson*, 795 F.3d 1109 (9th Cir. 2015) ("*Ray Charles*"), the Ninth Circuit Court of Appeals analyzed whether the Plaintiff Ray Charles Foundation ("Foundation") was asserting its own legal rights, or the rights of a third party. *See id.* at 1118. First, the court noted the general principle that a plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief in the legal rights or interests of third parties." *Id.* (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). The court then found:

> It is undisputed that copyright ownership lies with Warner/Chappell, but just as the termination notices affect Warner/Chappell's ownership of copyrights, they also directly affect the Foundation's right to royalties. *See* 17 U.S.C. §§ 203(b), 304(c)(6); *Larry Spier, Inc. v. Bourne Co.*, 953 F.2d 774, 780 (2d Cir.1992). The Foundation is the sole recipient of royalties flowing from Charles's copyright grants and effective termination would deprive it of the right to receive prospective royalties. *See Larry Spier*, 953 F.2d at 780. We thus have little difficulty concluding that the Foundation is litigating its own stake in this controversy.

*Id.* at 1119.

A key distinction between *Ray Charles* and the instant case is that while the court in *Ray Charles* noted that the termination notices "directly affect the Foundation's right to royalties," the filing of an application for labor certification does not vest the alien with any right to an I-140 immigrant visa petition ("I-140 petition") approval, to adjustment of status to lawful permanent resident, or relief from removal. If an alien is the beneficiary of an approved

immigrant visa petition (which is not the case here), he or she can apply for adjustment of status under 8 U.S.C. § 1255(a) or (i) only if he or she: "is eligible to receive an immigrant visa and is admissible to the United States for permanent residence" and "an immigrant visa is immediately available to [him or her] at the time [his or her] application is filed." *See id*. However, an alien in Plaintiff's situation can only be the beneficiary of an approved immigrant visa petition if, *inter alia*, she is the beneficiary of an employer's labor certification approved by the Department of Labor ("DOL"). "Thus, filing of an application for labor certification does not vest the alien with any right to relief from removal, but is merely the first step in the 'long and discretionary process' of obtaining an adjustment of status" under section 1255. *Mehmood v. Mukasey*, 292 F. App'x 377, 378 (5th Cir. 2008) (citing *Ahmed v. Gonzales*, 447 F.3d 433, 438–39 (5th Cir. 2006)); *see also Silva Rosa v. Gonzales*, 490 F.3d 403, 407 (5th Cir. 2007) ("the right to adjust status and relief from removal are not vested when an applicant only completes the first of several steps to become eligible for discretionary relief, such as filing a labor certification petition") (citing *Ahmed*). Accordingly, while the *Ray Charles* court found that the Foundation could be deprived of "the right to receive prospective royalties," filing of an application for labor certification by Plaintiff's employer does not vest Plaintiff with any right to adjust status or relief from removal.

      The *Ray Charles* court then went on to state:

This conclusion is buttressed by comparing the Foundation's interests to Warner/Chappell's. The publisher's interests will be prejudiced only if Charles's heirs are successful in their efforts to terminate the existing grants and then either agree to grant copyright ownership to another publisher, or renegotiate grants with Warner/Chappell on terms less favorable to the publisher than the terms of the existing grants. Otherwise, it makes no difference to Warner/Chappell whether it continues to pay royalties to the Foundation under the current grants, or to Charles's heirs under new grants. . .

> Because Warner/Chappell's interests are not necessarily at risk, it has diminished reason to litigate, particularly because challenging the Terminating Heirs might endanger its interests.
>
> In this case, the party presenting the most concrete adverseness to the Terminating Heirs is the Foundation.

795 F.3d at 1119. Unlike Warner/Chappell's interests in *Ray Charles*, the interests of Plaintiff's employer are at issue here: Plaintiff's employer filed a labor certification application for the purpose of hiring a foreign worker permanently, on the premise that there is no U.S. worker available to fill the position being offered (and the hiring of a foreign worker for the subject position would not adversely affect U.S. wages and working conditions). Thus, the employer has an interest in filling that position with an employee, such that it is willing to file a labor certification application under the Immigration and Nationality Act ("INA") to fill the position with a foreign worker. The employer's interests are at risk, and the employer has reason to litigate, because the filling of that position is at stake. Consequently, because the employer is seeking to fill a permanent position with a foreign worker and not a U.S. worker, the denial of the employer's labor certification application in the instant action is most concretely adverse to the employer.

The *Ray Charles* court then turned to the zone-of-interests test, "which looks to the statutory provisions at issue and asks whether Congress authorized the plaintiff to sue under them." *See id.* at 1119-20 (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127-31 (2014)). The *Ray Charles* court noted, "[a]s the holder of legal rights and interests that will be truncated if the termination notices are valid, the Foundation has standing to challenge whether the underlying works are subject to the termination provisions." *Id.* at 1120. However, as noted previously, filing of an application for labor certification by Plaintiff's employer does not vest Plaintiff with any right to adjust status or relief from removal. *See supra*

at 1-2. The *Ray Charles* court proceeded to analyze whether the statutory causes of action encompass the Foundation's claims. *See id.* at 1123. The court found that "the central question is whether the Foundation alleges injuries *'to precisely the sorts of ... interests the Act protects.'*" *Id.* (quoting *Lexmark*, 572 U.S. at 137 (emphasis added)). The court then proceeded to note:

> [T]he Foundation alleges injury to its interest in continuing to receive the royalty stream generated by Charles's works, which is the same interest that the Terminating Heirs seek to redirect to themselves. This interest is the one Congress contemplated, regulated, and protected in enacting the termination provisions. . . We therefore conclude that the Foundation does "come[ ] within the zone of interests" of § 203 and § 304(c).

*Id.* at 1123. In contrast, in the instant case, Plaintiff does not allege injury to an interest that is one Congress contemplated, regulated, and protected in enacting the applicable INA provision, 8 U.S.C. § 1182(a)(5), which governs the labor certification process. As noted in Defendant's Motion to Dismiss, the congressional intent behind the labor certification process is "to protect the American economy from job competition and from adverse working standards as a consequence of immigrant workers entering the labor market." ECF No. 41-1 at 17 (citing *Vemuri v. Napolitano*, 845 F. Supp. 2d 125, 131 (D.D.C. 2012) (quoting S. Rep. No. 89-748, reprinted in 1965 U.S.C.C.A.N. 3328, 3329)). The statutory section requiring a labor certification before the filing of an I-140 petition was enacted both to exclude foreign workers from competing for jobs that U.S. workers could fill and to protect the U.S. labor market from an influx of foreign labor. *Id.* at 18 (citing *Cheung v. Immigration and Naturalization Servs.*, 641 F.2d 666, 669 (9th Cir. 1981)). Thus, *Ray Charles* is distinguishable from the instant case in that, unlike the Foundation in *Ray Charles*, Plaintiff's alleged injuries are not to an interest that is one Congress contemplated, regulated, and protected in enacting 8 U.S.C. § 1182(a)(5).

Finally, the *Ray Charles* court noted that "proximate cause bars suits for alleged harm that is too remote from the defendant's unlawful conduct." 795 F.3d at 1124 (further quotation

omitted). The court then found that there was no remoteness between Foundation's injuries and the defendant's purported unlawful conduct. *See id.* In contrast, DOL's denial of the Employer's Application made no change to Plaintiff's existing employment or status, and thus did not proximately or plausibly cause Plaintiff's alleged injuries of purportedly (1) rendering her unable to apply for any other job within the United States, move to another employer, or pursue higher paying employment opportunities; (2) placing Plaintiff in "imminent danger of losing her legal status and start accruing illegal presence and being barred from being able to adjust her status to a lawful permanent resident, or force Plaintiff "to leave the United States and be separated from her husband and child"; and (3) causing "physical consequences to Plaintiff's physical well-being." *See* ECF No. 41-1 at 12-13. Thus, unlike the Foundation in *Ray Charles*, Plaintiff's alleged injuries were not proximately caused by Defendant's conduct, that being the denial of the employer's labor certification application.

**II.     Defendant's position on whether Plaintiff's employer was precluded from filing another labor certification, or whether Plaintiff could have pursued other avenues for a visa.**

Under 20 C.F.R. § 656.24(e)(5), "if an application for a labor certification is denied, and a request for review is not made in accordance with the procedures at § 656.26(a) and (b), a new application may be filed at any time." Further, under 20 C.F.R. § 656.24(e)(6), "a new application in the same occupation for the same alien can not [sic] be filed while a request for review is pending with the Board of Alien Labor Certification Appeals." Thus, when DOL denied the labor certification application by Plaintiff's employer, the employer could have filed a new application. However, when the employer filed a request for review, it was precluded from filing a new application for Plaintiff in the same occupation while the request for review was pending.

To be clear, at this point, Plaintiff is not precluded from having a different employer pursue another labor certification application on her behalf. "Each application is for a single, specific job opportunity, not for general job opportunities with the employer." Labor Certification for the Permanent Employment of Aliens in the United States; Implementation of New System, 69 FR 77326-01 (Dec. 27, 2004). Accordingly, Plaintiff is not precluded from having another employer file a labor certification application listing her as a beneficiary.

Moreover, the DOL's decision on Plaintiff's employer's labor certification application does not preclude Plaintiff from pursuing other avenues to obtain valid immigration status in the United States. Defendant takes no position on Plaintiff's eligibility for other immigrant or non-immigrant visa classifications.

Dated: September 10, 2019

Respectfully submitted,

KENJI M. PRICE
United States Attorney
District of Hawaii

By:/s/ Harry Yee
HARRY YEE
Assistant U.S. Attorney

JOSEPH H. HUNT
Assistant Attorney General
WILLIAM C. PEACHEY
Director
GLENN M. GIRDHARRY
Assistant Director

By:/s/ Samuel P. Go
SAMUEL P. GO
NYS Bar No. 4234852
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation

       District Court Section
       P.O. Box 868, Ben Franklin Station
       Washington, D.C. 20044
       Telephone: (202) 353-9923
       E-mail: Samuel.go@usdoj.gov

       Attorneys for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that, on September 10, 2019 by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served by First-Class Mail:

Ya-Wen Hsiao                                September 10, 2019
1141 Hoolai St., Apt. 201
Honolulu, HI 96814

                                        */s/ Samuel P. Go*
                                        Samuel P. Go
                                        Senior Litigation Counsel
                                        District Court Section
                                        Office of Immigration Litigation
                                        Civil Division
                                        U.S. Department of Justice
                                        P.O. Box 868, Ben Franklin Station
                                        Washington, D.C. 20044
                                        Tel: (202) 353-9923
                                        Fax: (202) 305-7000