IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YA-WEN HSIAO,<br><br>    *Plaintiff,*<br> vs.<br><br>PATRICK PIZZELLA, Secretary of<br>Labor,<br><br>    *Defendant.* | CIVIL NO. 1:18-00502 JAO-KJM<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION TO DISMISS |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

   Plaintiff Ya-Wen Hsiao brought this action for declaratory and injunctive

relief, alleging that the Department of Labor erred in denying her employer's

Application for Permanent Employment Certification.  Before the Court is

Defendant's Motion to Dismiss and Plaintiff's Motion for Preliminary Injunction.

Defendant's Motion to Dismiss is GRANTED WITH PREJUDICE because

Plaintiff lacks constitutional standing.  As this Court lacks jurisdiction, Plaintiff's

Motion for Preliminary Injunction is DISMISSED.

## I.  BACKGROUND

**A.  Facts**

   Plaintiff is an "alien" who lives in Honolulu, Hawaiʻi.  ECF No. 35 at 2, ¶ 1.

On January 13, 2011, Plaintiff's employer, the University of Hawaiʻi John A.

Burns School of Medicine ("Employer"), filed an Application for Permanent

Employment Certification ("labor certification") on Plaintiff's behalf with the Department of Labor ("DOL"), for an Educational Technology Specialist position.[1]  *Id.* ¶ 2.  On March 23, 2012, the Certifying Officer ("CO") denied the application on the grounds that Employer (1) provided inadequate proof that the job advertisement was posted on a website and (2) presented evidence showing the advertisement offered a lower wage to American workers than that offered to Plaintiff.  *Id.* ¶ 9.  Employer requested reconsideration, which was denied on April 30, 2012.  *Id.* ¶¶ 10, 13.  The CO forwarded the case and appeal file to the Board of Alien Labor Certification Appeals ("BALCA"), and Employer's counsel submitted legal briefing to BALCA and the DOL's Counsel for Litigation, Harry Sheinfeld. *Id.* ¶ 18.  In the brief, Employer argued that the two reasons for the application's denial contradicted one another, because the job vacancy had to have been posted on Employer's website if it offered a lower wage to American workers than it did to Plaintiff.  *Id.* ¶ 20.  On November 16, 2016, a three-judge panel affirmed the denial of the application.  *Id.* ¶¶ 16, 22.  Employer requested en banc review, which BALCA denied on March 29, 2017.  *Id.* ¶¶ 24, 27.

Plaintiff then filed a Freedom of Information Act ("FOIA") request on May 1, 2017, seeking information related to the en banc process, to which

---

[1] According to the FAC, Plaintiff will remain employed by Employer until November 1, 2019.  FAC at 6.

Administrative Law Judge ("ALJ") Paul Almanza responded two months later. *Id.* ¶¶ 30–31. Judge Almanza summarized the en banc procedure, explaining that (1) the Order Denying En Banc Review in Plaintiff's case did not list the judges who reviewed the petition and (2) procedures for en banc voting are not published. *Id.* ¶ 31. A month after Judge Almanza's response, Employer filed a Motion for Relief from Judgment and Order. *Id.* ¶¶ 32–44. The Chief ALJ denied Employer's request to reopen the case and barred Employer from raising issues further. *Id.* ¶¶ 50–51. Plaintiff initiated another FOIA request two days later and received the responsive documents on October 8, 2018. *Id.* ¶ 52.

## B.    Procedural History

On December 26, 2018, Plaintiff filed a Complaint for Review of Administrative Decision. ECF No. 1. The Complaint asserted the following claims: (1) the CO's denial of the labor certification and the BALCA's affirmation of the denial were abuses of discretion, (2) the BALCA's en banc denial was in bad faith, (3) the DOL violated Plaintiff's Fifth Amendment rights, (4) the Chief ALJ and chair of the BALCA engaged in abusive behavior, (5) the DOL's multiple injustices caused Plaintiff and her Employer irreparable harm, (6) the denial was not supported by the regulations, and (7) the DOL violated FOIA regulations. *Id.* Plaintiff prays for: (1) review of the DOL's denial; (2) an order directing the DOL to approve the labor certification; (3) a declaration stating:

3

(i) the BALCA's en banc procedures violated the Administrative Procedures Act ("APA"), (ii) the BALCA falsified facts, (iii) the BALCA violated Plaintiff's due process rights, and (iv) the DOL's employment of Harry Sheinfeld prejudiced Plaintiff; and (4) any other relief deemed proper. *Id*. at 37.

On March 4, 2019, Defendant filed a motion to dismiss for lack of jurisdiction, ECF No. 13, which the Court granted on June 28, 2019, ECF No. 31. The Court found that Plaintiff failed to allege that she sustained an injury-in-fact fairly traceable to Defendant's conduct and redressable by a favorable decision, as required to establish Constitutional standing. Finding that additional facts could exist that would cure these deficiencies, the Court granted Defendant's motion to dismiss without prejudice. Plaintiff then filed her Amended Complaint ("FAC") on July 19, 2019, ECF No. 35, along with a "Motion for Temporary Injunction," ECF No. 34. During a telephonic conference held on July 23, 2019, Plaintiff confirmed that she intended the Motion as a motion for preliminary injunction, not a motion for temporary restraining order. ECF No. 37. Defendant responded to the Motion for Temporary Injunction by filing a Motion to Dismiss for Lack of Jurisdiction and Opposition to Plaintiff's Motion for Temporary Injunction. ECF No. 41. Plaintiff filed an Opposition to Defendant's Motion and Reply to Defendant's Opposition, ECF No. 44, and Defendant replied, ECF No. 45.

On September 6, 2019, the Court held a hearing on Defendant's Motion to

Dismiss and Plaintiff's Motion for Temporary Injunction. The Court requested

supplemental briefing from Defendant addressing *Ray Charles Found. v.*

*Robinson*, 795 F.3d 1109, 1119 (9th Cir. 2015), and asked both parties for briefing

on the law regarding an employer's ability to refile a labor certification and

Plaintiff's ability to pursue other avenues for a visa. Both parties filed the

requested supplemental briefs. ECF Nos. 48, 49.

## II.     LEGAL ANALYSIS

### A.     Legal Standard under Rule 12(b)(1)

Defendant brings the Motion pursuant to Federal Rule of Civil Procedure

("FRCP") 12(b)(1).[2] A Rule 12(b)(1) motion to dismiss for lack of subject matter

jurisdiction may attack either the allegations of the complaint or the existence of

subject matter jurisdiction in fact. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs.*

*Corp.*, 594 F.2d 730, 733 (9th Cir.1979) (internal citations omitted). When the

motion to dismiss finds fault with the allegations of the complaint, the court

accepts all factual allegations as true and construes them in the light most favorable

to the nonmoving party. *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir.

2011). "This is not to say that plaintiff may rely on [] bare legal conclusion[s]."

*Id.* If the motion attacks a jurisdictional issue separable from the merits of the

---

[2] Defendant also moves to dismiss Plaintiff's Fifth Amendment due process claim
(Count 3) for failure to state a claim pursuant to Rule 12(b)(6). For reasons
discussed below, the Court does not address that argument.

case, the judge may consider the evidence presented with respect to jurisdiction and rule on that issue, resolving factual disputes and considering matters outside the complaint when necessary. *Thornhill*, 594 F.2d at 733. Dismissal without prejudice is proper when a plaintiff may establish standing by amendment. *Maya*, 658 F.3d at 1069.

## B.    Statutory Framework

The relevant process for noncitizens to obtain employment in the United States is a three-step procedure outlined in the Immigration and Nationality Act ("INA"). First, the employer must submit an Application for Permanent Employment Certification, verifying:

> **(I)** there are not sufficient workers who are able, willing, qualified (or equally qualified in the case of an alien described in clause (ii))[3] and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor, and

> **(II)** the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed.

8 U.S.C.A. § 1182(5)(A).

If the DOL approves the labor certification, the employer must then submit the certification on behalf of the alien worker, who is known as the "beneficiary,"

---

[3] Clause (ii) addresses certain aliens who are in the teaching profession or have exceptional scientific or artistic ability. 8 U.S.C.A. § 1182(5)(A).

with an I–140 (Immigrant Petition for Alien Worker) visa petition to the United States Citizenship and Immigration Services ("USCIS").  8 C.F.R. § 204.5(1)(1); *see* 8 U.S.C. § 1153(b)(3)(C).  In addition, the employer must submit documentation showing that the non-citizen worker meets all requirements outlined in the labor certification, 8 C.F.R. § 204.5(1)(3)(ii), and proving the employer has the ability to pay the wage specified in the certification, 8 C.F.R. § 204.5(g)(2).

If the USCIS approves the I–140 petition, the non-citizen worker may then apply for lawful permanent residency by filing an I–485 Application to Register Permanent Residence or Adjust Status.  8 U.S.C. § 1255(a).  The USCIS will not approve the I–485 application unless and until it approves the I–140 visa petition. 8 U.S.C. § 1255(a).  The non-citizen may also file an I–765 Application for Employment Authorization while the I–485 application is pending.  8 C.F.R. § 274a.12(c)(9).

Plaintiff brings this case pursuant to the APA, which states that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.

## C. Discussion

At the outset, the Court acknowledges its difficult role in this case.  The

Court may form its own opinions about how valuable Plaintiff's presence in the United States is to her Employer and family. However, the Constitution limits the Court's jurisdiction. This is not a case of an employer appealing the DOL's denial of a labor certification. This case does not involve an injunction regarding an open application. It is not an appeal of a denial of an I–140 petition or an I–485 application, or a deportation order. Instead, Plaintiff asks the Court to do something it cannot do because it does not have the jurisdiction to do it.

Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court has an independent duty to ensure it has subject matter jurisdiction over this case. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The Court must first assess Plaintiff's constitutional standing in order to establish its jurisdiction to hear the case and reach the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998). As Plaintiff seeks judicial review of agency action under the APA, Plaintiff must also meet prudential standing requirements to proceed with her case. *See Havasupai Tribe v. Provencio*, 906 F.3d 1155, 1166 (9th Cir. 2018). Plaintiff bears the burden of establishing that she satisfies the standing requirements for each claim and each form of relief. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (2017); *Maya*, 658 F.3d at 1068–69.

In his Motion to Dismiss, Defendant argues: (1) Plaintiff lacks constitutional standing because she has not sufficiently pled an injury-in-fact that is fairly traceable to Defendant's challenged conduct and redressable by a favorable decision; (2) Plaintiff also lacks constitutional standing because Plaintiff is not the applicant, but merely the beneficiary of the application; (3) Plaintiff lacks prudential standing because she is not within the "zone of interests" covered by the INA; and (4) Plaintiff's Fifth Amendment due process claim should be dismissed for failure to state a claim. The Court concludes that Plaintiff does not have constitutional standing to bring this case and GRANTS Defendant's Motion WITH PREJUDICE.

i.     **Constitutional Standing**

To satisfy Article III standing requirements, a plaintiff must show:

> (1) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81, (2000). As the party invoking federal jurisdiction, Plaintiff bears the burden of establishing these elements. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

Because Plaintiff seeks declaratory and injunctive relief only, she is also required to show "a very significant possibility of future harm." *San Diego Cty.*

*Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996); *see also Canatella v. California*, 304 F.3d 843, 852 (9th Cir. 2002) (stating that the future harm must be of a similar nature to past injuries); *Sample v. Johnson*, 771 F.2d 1335, 1340 (9th Cir. 1985) ("Plaintiffs must demonstrate a credible threat exists that they will again be subject to the specific injury for which they seek injunctive or declaratory relief." (internal quotations omitted)); *Williams v. Bank of Am.*, No. 2:12-cv-2513 JAM AC PS, 2013 WL 1907529, at *5–6 (E.D. Cal. May 7, 2013) ("Declaratory judgment is not a corrective remedy and should not be used to remedy past wrongs.").

### a.    Injury-In-Fact

To survive a 12(b)(1) motion, a plaintiff must have clearly alleged facts demonstrating each standing element. *Spokeo*, 136 S. Ct. at 1547. To establish injury-in-fact, a plaintiff must show that she "suffered an invasion of a legally protected interest." *Id.* A "particularized" injury is one that affects the plaintiff personally. *Id.* (internal quotation and citation omitted). Plaintiff may not rely on "bare legal conclusion[s] to assert injury-in-fact." *Maya*, 658 F.3d at 1068.

Plaintiff alleges in the FAC:

> 72.  Had the Employer received a lawful decision from BALCA in a timely manner (which it did not due to BALCA's unlawful actions, as previously alleged in great detail), Plaintiff would have applied for permanent residence status, if not citizenship. But due to the unlawfully late decision, Plaintiff lost the opportunity to apply for either status.

73.  The Employer has no means to continue the Plaintiff's employment even though it has affirmatively shown that it intends to . . . . This is because the DOL's denial of the Application for Labor Certification prevents the Employer from extending her visa further which is [sic] has been consistently doing for the last 13 years.

74.  Plaintiff has been injured by the unlawful acts of the DOL because she can no longer renew her employment with the Employer due to those acts, as previously alleged in greater detail.

75.  Plaintiff has been injured by the unlawful acts of the DOL because she cannot apply for any other job within the United States, let alone a job that would sponsor for an H1-B visa, due to those acts, as previously alleged in greater detail.  As previously alleged, Plaintiff is beyond the 6-year limit[4] and is on an annual renewal with the USCIS, and therefore there is no conceivable way to move to another employer.

76.  Because of the unlawful denial by the DOL, the Plaintiff is in imminent danger of losing her legal status and start [sic] accruing illegal presence and being barred from being able to adjust her status to a lawful permanent resident.  As an illegal alien, Plaintiff would be forced to leave the United States and be separated from her husband and her child.

77.  As alleged in further detail in Count 5, the unlawful denial by the DOL, and in particular the prolonged tragi-comedy of errors perpetuated by its employees (e.g., losing Plaintiff's files, arbitrarily and capriciously refusing to evaluate their prior decisions despite the fact that those decisions were obviously based on plain errors) has perpetuated untold amounts of stress upon Plaintiff over these years, with attendant physical consequences to Plaintiff's well-being.

---

[4] HI-B visas allow aliens to work in the United States for three years and are renewable once, placing a six-year limit on H1-B holders.  8 C.F.R. § 214.2(h)(15)(ii)(B)(1).

78.  The court can remedy all of these irreparable injuries by ordering the Defendant to issue an approved Labor Verification Application to the Employer.

. . .

170.  Plaintiff's visa is renewed annually because her six-year limit has expired.  The beneficiary of a Labor Certification application is named and is non-transferable.  Therefore, she is not able to pursue other opportunities since 2011 because changing jobs would mean withdrawal of the Labor Certification Application.  Simply put, the current Employer cannot petition for her I-140 if she is not employed by them.

171.  If the labor certification had been justly and timely adjudicated at the processing time of a liberal time of 12 months, the I-140 would have been approved in January of 2012.  If the Labor Certification Application was adjudicated justly, she would be eligible and applying for US citizenship right now.  That opportunity to apply for Citizenship has passed and continues to pass.

172.  Even if the Labor Ceritification Application is approved today.  [sic] The five year wait to be eligible to apply for citizenship does not start until the I-485 is approved.  This is a concrete, particularized and continuing irreparable injury that the [sic] stems directly from the unlawful conduct of the Defendant. The court may redress this injury by ordering the Defendant to approve the Labor Certification Application.

. . .

177.  The issuance of the approved Labor Certification would give her the opportunity to pursue more economically advantageous employment opportunities.

FAC ¶¶ 72−78, 170−172, 177.

In sum, Plaintiff alleges that as a result of Defendant's acts: (1) her

12

Employer cannot extend her employment; (2) she cannot apply for other jobs in the United States or pursue higher paying employment opportunities; (3) she will be forced to leave the U.S. and be separated from her husband and child; and (4) she has experienced stress and physical consequences. Plaintiff has at least alleged concrete and particularized injuries-in-fact. *See, e.g.*, *Abboud v. I.N.S.*, 140 F.3d 843, 847 (9th Cir. 1998) (finding that a lost opportunity represents a concrete injury), *superseded in part on other grounds*, 8 U.S.C. § 1154.

Because Plaintiff seeks only declaratory and injunctive relief, she must also allege a substantial likelihood of future harm similar to her past injuries. *See San Diego Cty. Gun Rights Comm.*, 98 F.3d at 1126. Plaintiff has not alleged facts showing she will experience stress and physical consequences in the future due to Defendant's conduct. Plaintiff has, however, alleged that Defendant prevented her from seeking other employment opportunities or applying for citizenship, and that Defendant's actions continue to prevent her from seeking these opportunities, and will cause her to lose her job and separate from her family. Accordingly, Plaintiff has sufficiently asserted an injury-in-fact.

### b. Causation

Plaintiff must also allege that the agency's denial of Employer's labor certification caused her injuries. Plaintiff must demonstrate that her injury is "fairly traceable to the challenged action of the defendant, and not the result of the

13

independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (internal quotation and citation omitted). Plaintiff may not "engage in an ingenious academic exercise in the conceivable to explain how defendant['s] actions caused [her] injury." *Maya*, 658 F.3d at 1068 (internal quotations and footnotes omitted). The line of causation between Plaintiff's injuries and Defendant's conduct must be "more than attenuated," but "[a] causal chain does not fail simply because it has several links, provided those links are not hypothetical or tenuous and remain plausible." *Id.* at 1070 (internal quotation, alterations, and citation omitted). It is Plaintiff's burden to establish by a preponderance of the evidence that its theory of causation is at least "plausib[le]." *Id.*

In other words, Plaintiff must show that there are no independent actions of third parties that break the causal link between Defendant's allegedly unlawful acts and Plaintiff's harm. *See Ass'n of Pub. Agency Customers v. Bonneville Power Admin.*, 733 F.3d 939, 953 (9th Cir. 2013). If Defendant's actions are "determinative" of the actions of a third party, the causal chain is not broken. *Id.*

Defendant persuasively argues Plaintiff lacks constitutional standing because she did not sufficiently plead that her injury-in-fact is fairly traceable to Defendant's challenged conduct. Plaintiff repeatedly states that her injuries were caused by Defendant's conduct, FAC ¶¶ 72−78, 171−172, but this is a conclusion

of law unsupported by facts. To survive a motion to dismiss for lack of standing, legal conclusions must be supported by factual allegations. *Maya*, 658 F.3d at 1068. Plaintiff has failed to allege facts demonstrating that her injury is "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *See Lujan*, 504 U.S. at 560; *see also Snake River Farmers' Ass'n, Inc. v. Dep't of Labor*, 9 F.3d 792, 796–97 (9th Cir. 1993) (finding plaintiff failed to establish that his injury—a delay in receiving a job offer—was caused by the DOL's denial of his employer's proposed wage schedules for foreign workers, as administrative issues or the employer's lack of need could have caused the delay).

First, Plaintiff failed to allege facts showing the DOL's denial (1) prevented her from applying for other jobs in the United States or pursue higher paying employment opportunities, or (2) will cause her to have to leave the U.S. and be separated from her husband and child. The DOL's denial only affected her employment with Employer. 8 U.S.C.A. § 1182(5)(A). The denial did not preclude Plaintiff from looking for another employer to submit a labor certification on her behalf. Labor Certification for the Permanent Employment of Aliens in the United States; Implementation of New System, 69 FR 77326-01 (Dec. 27, 2004). Accordingly, Plaintiff cannot allege that the DOL's denial prevented her from applying for other jobs.

Second, Plaintiff failed to allege facts showing the DOL's denial prevented her employer from extending her employment. Under 20 C.F.R. § 656.24(e)(5), "if an application for a labor certification is denied, and a request for review is not made in accordance with the procedures at § 656.26(a) and (b), a new application may be filed at any time." 20 C.F.R. § 656.24(e)(5). Employer is not prevented from filing another application because of the DOL's denial, but because Employer's own policies prevent it from being able to comply with the application requirements.[5] Plaintiff failed to allege specific facts showing that it was Defendant's behavior—and not other factors, such as her Employer's policies or handling of the labor certification application—that are causing Plaintiff to lose her job.

Because the Court found Plaintiff did not sufficiently plead facts showing she will suffer a future injury-in-fact related to stress and physical consequences, the Court does not address causation regarding this alleged injury. Although amendment could partially cure the deficiencies related to claims of alleged stress and physical injury, amendment cannot cure Plaintiff's failure to allege sufficient facts establishing redressability, as discussed below.

---

[5] Specifically, according to Plaintiff, Employer cannot advertise a position unless it is vacant. *See* ECF No. 49 at 2.

### c.  Redressability

Plaintiff fails to allege sufficient facts showing that the relief she seeks is likely to redress her injuries.  *See Ibrahim v. Dep't of Homeland Sec.*, 669 F.3d 983, 993 (9th Cir. 2012).  When seeking declaratory relief, a plaintiff demonstrates redressability if a court's action would require the defendant "to act in any way that will redress [] past injuries or prevent future harm."  *Mayfield v. United States*, 599 F.3d 964, 972 (9th Cir. 2010).  Plaintiff must show that "it is likely, not merely speculative, that a favorable decision would redress the injury."  *Friends of the Earth, Inc.*, 528 U.S. at 180−81.  There is a presumption of redressability when a plaintiff "seeks declaratory relief against the type of government action that indisputably caused him injury."  *Id.* at 971.

Plaintiff alleges, "The court can remedy all of these *irreparable* injuries by ordering the Defendant to issue an approved Labor Verification Application to the Employer."  FAC ¶ 78 (emphasis added).  Such conclusory—and contradictory—statements are insufficient to defeat a motion to dismiss.  *See Iqbal*, 556 U.S. at 678.

First, even if the Court could demand the DOL approve Employer's labor application, an approval would not necessarily result in Plaintiff obtaining an employment-based immigrant visa, and Plaintiff has not shown that it is *likely* that it would.  Employer would still have to submit an I–140 visa petition to the USCIS.

17

8 C.F.R. § 204.5(1)(1); *see* 8 U.S.C. § 1153(b)(3)(C). In addition, Employer

would need to submit documentation showing that Plaintiff meets all requirements

outlined in the labor certification, 8 C.F.R. § 204.5(1)(3)(ii), and proving Employer

has the ability to pay the wage specified in the certification, 8 C.F.R.

§ 204.5(g)(2).[6] If the USCIS approved the I–140 petition, Plaintiff would then

apply for lawful permanent residency by filing an I–485 application, 8 U.S.C. §

1255(a), or an I–765 application, 8 C.F.R. § 274a.12(c)(9). That application would

fall within the purview of the Department of Homeland Security. The fact that so

many different entities are involved is itself proof that any of the steps are not a

foregone conclusion and are indeed speculative.

 Second, a favorable decision from the Court would not result in an approval

of the labor application, but rather a remand to the DOL. "Under the APA, the

normal remedy for an unlawful agency action is to set aside the action. In other

words, a court should vacate the agency's action and remand to the agency."

*WildEarth Guardians v. Jeffries*, 370 F. Supp. 3d 1208, 1251 (D. Or. 2019) (citing

*Se. Alaska Conservation Council v. U.S. Army Corps of Eng'rs*, 486 F.3d 638, 654

(9th Cir. 2007), *rev'd on other grounds*, 557 U.S. 261 (2009)). Accordingly, the

Court's proper remedy to redress Plaintiff's claims is remand, and Plaintiff fails to

---

[6] While the Declaration of Jill Omori provides evidence that Employer would
submit this documentation, ECF No. 44-3, Plaintiff cannot establish that the
USCIS is likely to approve the petition.

clearly allege facts demonstrating that remand would redress her injuries.  Plaintiff alleges that the DOL's two reasons for denial contradict one another, but the DOL—within its discretion on remand—could simply choose one of the previously cited reasons and deny the application again, and Plaintiff conceded as much at the hearing.

Because Plaintiff's injury cannot be redressed for legal—as opposed to factual—reasons, amendment would be futile.  Accordingly, the Court GRANTS Defendant's Motion WITH PREJUDICE.

Because the Court found Plaintiff lacked standing to bring her claims—including her Fifth Amendment claim—Defendant's Motion to Dismiss Plaintiff's Fifth Amendment claim for failure to state a claim is DISMISSED.

### ii.    Prudential Standing

Even if a plaintiff has Article III standing, he or she may still lack prudential standing to pursue claims.  *See Ass'n of Data Processing Serv. Orgs., Inc. v. Camp*, 397 U.S. at 153 (1970).  In the past, the Supreme Court stated that prudential standing "concern[ed], apart from the 'case' or 'controversy' test, the question whether the interest sought to be protected by the complainant [was] arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question."  *Id*.  However, in *Lexmark Int'l, Inc. v. Static Control Components, Inc*., 572 U.S. 118, 127 (2014), the Supreme Court removed

the zone-of-interests test from the prudential standing analysis. 572 U.S. 118, 127 (2014) ("Although we admittedly have placed [the zone-of-interests test] test under the 'prudential' rubric in the past, it does not belong there.").

Whether the zone of interest test is part of the prudential standing analysis has been an unsettled question for some time. Wright & Miller, 13A Fed. Prac. & Proc. Juris. § 3531.7 (3d ed.). Indeed, in cases before and after *Lexmark*, some lower federal courts conducted a zone-of-interests analysis as part of a prudential standing inquiry while others did not. *Id.* (collecting cases that chose to rest the denial of standing on grounds other than the zone-of-interests tests, cases that find the test has been discarded, cases that find the test should be applied, and cases acknowledging the test's obscurity).

In *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015), the Ninth Circuit acknowledged that *Lexmark* "made clear that . . . [the] zone of interests [test] is not a jurisdictional question." 793 F.3d 1147, 1155 (9th Cir. 2015). However, the *Pit River* court chose to conduct a zone-of-interests analysis in an APA case, stating:

> Because *Lexmark* addressed a claim arising under the Lanham
> Act rather than under [] the APA, the Supreme Court did not
> directly revisit its APA zone-of-interests precedent. But in
> discussing the Court's prior APA decisions, *Lexmark*
> reaffirmed its consistent statement that the zone-of-interests test
> forecloses suit only when a plaintiff's interests are so
> marginally related to or inconsistent with the purposes implicit
> in the statute that it cannot reasonably be assumed that

Congress authorized that plaintiff to sue.

*Id.* (internal citations omitted). Accordingly, the Court must determine whether

plaintiff's interests are "marginally related to or inconsistent with" the purposes

implicit in the INA. *See id.*

Plaintiff does not fall in the "zone of interests" contemplated by the statute

being invoked, 8 U.S.C. § 1182(a)(5)(A)(i)(II). Stated differently, her interests are

"inconsistent with the purposes implicit in the statute." *Pit River*, 793 F.3d at

1156. The labor certification process requires that United States employers verify

that "employment of the alien will not adversely affect the wages and working

conditions of United States workers similarly employed." *See* 8 C.F.R. § 656.17.

"The labor certification requirement was incorporated in the [INA] to prevent an

influx of aliens entering the United States for the purpose of performing skilled or

unskilled labor where the economy of individual localities is not capable of

absorbing them at the time they desire to enter the country." *Yiu Tsang Cheung v.

Dist. Dir., Immigration & Naturalization Serv.*, 641 F.2d 666, 669 (9th Cir. 1980)

(citation omitted); *see also Vemuri v. Napolitano*, 845 F. Supp. 2d 125, 131

(D.D.C. 2012) (finding the statute "reflect[s] a clear congressional concern for

protecting the interests of American labor over those of foreign workers")

(citations omitted).

Plaintiff is a foreign worker and her interests are inconsistent with those

protected by the labor certification process outlined in § 1182(a)(5)(A)(i)(II). Assuming the zone-of-interest test remains part of APA jurisdictional jurisprudence in the Ninth Circuit, Plaintiff does not have prudential standing and the Court GRANTS Defendant's Motion WITH PREJUDICE.

### iii.    Plaintiff's Motion for Preliminary Injunction

Plaintiff also filed a Motion for Temporary Injunction asking the Court to order Defendant to re-open Employer's BALCA case and provide a certificate stating that the case is open.  ECF No. 34 at 2.  For the reasons stated above, the Court lacks jurisdiction and Plaintiff's Motion is DISMISSED.

## III.    CONCLUSION

In accordance with the foregoing, the Court GRANTS Defendant's Motion. All claims and pending motions are DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, September 20, 2019.



Jill A. Otake
United States District Judge

CIVIL NO. 18-00502 JAO-KJM; *HSIAO V. PIZZELLA*; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS