**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YA-WEN HSIAO, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> EUGENE SCALIA, in his capacity as the United States Secretary of Labor, <br><br> Defendant-Appellee. | No.   19-16870 <br><br> D.C. No. <br> 1:18-cv-00502-JAO-KJM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Jill Otake, District Judge, Presiding

Argued and Submitted April 14, 2020
San Francisco, California

Before: PAEZ and CLIFTON, Circuit Judges, and HARPOOL,** District Judge.

Ya-Wen Hsiao, an "alien" within the meaning of 8 U.S.C. § 1101(a)(3), appeals the district court's dismissal of her First Amended Complaint. Hsiao's First Amended Complaint sought review, pursuant to the Administrative Procedure

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

Act, 5 U.S.C. § 704, of the Department of Labor's ("DOL") denial of an application for permanent employment certification.  The DOL denied the application that Hsiao's employer, the University of Hawaii John A. Burns School of Medicine, filed on her behalf.  The district court dismissed Hsiao's amended complaint because it concluded she lacked Article III standing and prudential standing to seek review of the DOL's denial.

I.  Article III Standing

A.  Standard of Review

We review the district court's grant of a motion to dismiss de novo. *Chamber of Commerce of the United States of Am. v. City of Seattle*, 890 F.3d 769, 779 (9th Cir. 2018) (citing *Shames v. Cal. Travel & Tourism Comm'n*, 626 F.3d 1079, 1082 (9th Cir. 2010)).

B.  Causation and Redressability

To establish constitutional standing, plaintiff must: 1) have an injury-in-fact; 2) that is fairly traceable to the challenged conduct of the defendant; and 3) can likely be redressed with a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  The district court held that Hsiao had alleged an injury-in-fact from the denial of the application for permanent employment certification, but that she could not show causation and redressability, and therefore did not have standing to pursue her claim.

The Immigration and Nationality Act provides a three-step process for a noncitizen to become a permanent resident by obtaining an employment visa. First, the alien's employer is required to submit an Application for Permanent Employment Certification to the DOL on behalf of the alien as the beneficiary in the process.  A certification is issued if the Secretary of Labor determines that:

> I)   there are not sufficient workers who are able, willing, qualified … and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor, and
>
> II)   the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed.

8 U.S.C. § 1182(a)(5)(A)(i).  Second, if the DOL approves the labor certification, the employer must then submit the employment certification on behalf of the alien worker as the beneficiary of the application process through an I-140 (Immigrant Petition for Alien Worker) with the U.S. Citizenship and Immigration Services ("USCIS").  The employer must also submit documentation to show that the noncitizen worker meets any educational, training and experience, or other requirements dictated by the labor certification.  8 U.S.C. § 1153(b)(3); 8 C.F.R. § 204.5.  Third, if USCIS approves the visa petition, the alien may file an I-485 Application to Register Permanent Residence or Adjust Status with the USCIS.  8 U.S.C. § 1255.

Hsiao's First Amended Complaint alleges the DOL's denial of the

application for permanent employment certification has concrete and lasting effects on her that are fairly traceable to the denial. Among other things, she is prevented from taking the next step in the process toward obtaining permanent residency through an employment visa and ultimately applying for citizenship.

This Court has found that an alien has standing to challenge the denial of a petition for an immigrant visa filed on his behalf by a relative. *Abboud v. I.N.S.*, 140 F.3d 843 (9th Cir. 1998), superseded by statute as stated by *Spencer Enters. Inc. v. United States*, 345 F.3d 683, 692 n. 5 (9th Cir. 2003). This Court held that Abboud, the petitioner, had "lost a significant opportunity to receive an immigrant visa when the INS denied the Relative Petition. This lost opportunity represents a concrete injury to Abboud that is traceable to the INS's conduct…" *Id*. at 847. In *Abboud*, the plaintiff was the beneficiary of the visa petition filed on his behalf and this Court found that "when a Relative Petition is filed, [t]he immigrant beneficiary is more than just a mere onlooker; it is her own status that is at stake when the agency takes action on a preference classification petition." *Id*. (internal quotations omitted).

Here, DOL's denial of Hsiao's application for permanent employment certification also places her immigration status at stake. Hsiao lost a significant opportunity to proceed in the three-step immigration process when the DOL denied the application that was filed on her behalf as the beneficiary. As in *Abboud*,

Hsiao's lost opportunity represents a concrete injury to her that is traceable to the DOL's denial and is remediable by a favorable decision in this case. *See id*. (holding plaintiff had standing to bring the claim but dismissing it for failure to state a claim for violation of the Fifth Amendment). Hsiao has Article III standing to pursue her claim for a review of the DOL's denial.

II. Prudential Standing

In addition, Hsiao's claim falls within the "zone of interests" protected or regulated by the Immigration and Nationality Act. *See Lexmark Int'l, Inc. v. Static Control Components, Inc*., 572 U.S. 118, 127 (2014). The zone of interest test is "not meant to be especially demanding." See *Match-E-Be-Nash-She Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 225 (2012) (internal quotation marks omitted). The Immigration and Nationality Act governs the requirements for obtaining a labor certification for aliens. The labor certification would provide Hsiao eligibility to work in the United States and the DOL's regulations specifically refer to the alien as the "beneficiary" of the application. *See* 20 C.F.R. § 656.17. Further, if Hsiao was able to successfully complete the three-step process she would receive a visa and the opportunity to apply for adjustment of status. As a result, Hsiao clearly falls within the zone of interests regulated by the Act.

**VACATED AND REMANDED.**