KENJI M. PRICE  #10523
United States Attorney
District of Hawaii
HARRY YEE  #3790
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Email: Harry.Yee@usdoj.gov

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director
GLENN M. GIRDHARRY
Assistant Director
SAMUEL P. GO  NYS BAR #4234852
Assistant Director
United States Department of Justice
Office of Immigration Litigation, District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-9923
E-mail: samuel.go@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YA-WEN HSIAO, | ) Civil No. 1:18-cv-00502-JAO-KJM |
| | ) |
| Plaintiff, | ) MEMORANDUM IN SUPPORT; |
| | ) CERTIFICATE OF SERVICE |
| v. | ) |
| | ) Hon. Jill A. Otake |
| EUGENE SCALIA, Secretary of Labor, | ) |
| | ) ORAL ARGUMENT REQUESTED |
| Defendant. | ) |

## STATEMENT OF JURISDICTION

Plaintiff invoked the jurisdiction of the district court under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 *et seq.*, and 28 U.S.C. § 1331.

## ISSUES PRESENTED

1. Whether Plaintiff fails to state a Fifth Amendment due process claim upon which relief can be granted.

## STATEMENT OF THE CASE

Plaintiff filed her Amended Complaint in this civil action against Defendant under the APA, 5 U.S.C. § 702 *et seq.*, and 28 U.S.C. § 1331, alleging, among other things, that (1) DOL's denial of the University of Hawaii John A. Burns School of Medicine's ("Employer") permanent labor certification application ("Application"), and the Board of Alien Labor Certification's ("BALCA") affirmance of DOL's denial, is an abuse of discretion in violation of the APA; (2) the En Banc denial by BALCA was in bad faith, and that the procedures used were arbitrary, capricious, and not in accordance with applicable laws; and that (3) Plaintiff was denied due process "when notice on substantive changes to the [en banc] procedures were withheld, the case was adjudicated by a biased tribunal and the facts of the case are falsified." *See* ECF No. 35, Amended Complaint ("Am. Compl."). In the Application, the Employer asserted that it sought to employ

Plaintiff as an information technology specialist. *See* ECF No. 35-1, at 148-58. On March 23, 2012, DOL denied the Employer's Application, noting that (1) the prospective employer "failed to provide adequate documentation of the additional recruitment steps for professional occupations as required in its Audit Notification Letter," and that (2) "the documentation provided by the employer as proof of the employer's website offers terms and conditions of employment that are less favorable than those offered to the foreign worker." *See id.* at 13-14. The Employer subsequently appealed DOL's denial to BALCA, which affirmed DOL's denial on November 16, 2016. *See* Am. Compl. at ¶ 22. The Employer filed a petition for En Banc Review, which BALCA denied on March 29, 2017. *See id.* at ¶ 27. The Employer then filed a "Pro Se Motion for Relief from Judgement and Order" on July 14, 2017, challenging the En Banc procedures. *See id.* at ¶ 32. On August 20, 2018, the Chief Administrative Law Judge denied the motion for relief. *See id.* at ¶ 44. Plaintiff, but not the Employer, then filed her Complaint in the instant action on December 26, 2018. ECF No. 1, Complaint.

On July 13, 2020, the Ninth Circuit Court of Appeals vacated the district court's dismissal of the Amended Complaint for lack of standing and remanded the instant matter back to the district court. *Hsiao v. Scalia*, 821 F. App'x 680 (9th Cir. 2020).

## STATUTORY AND REGULATORY BACKGROUND

The Immigration and Nationality Act ("INA") provides a three-step process for non-citizens to obtain permanent employment in the United States in certain occupations. First, the employer must apply for a permanent labor certification from DOL confirming that:

> there are not sufficient workers who are able, willing, qualified ... and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor, and the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed.

8 U.S.C. § 1182(a)(5)(A)(i)(I)-(II). Simply put, approval of the labor certification application means that DOL has determined that there are no U.S. workers available for the position the company seeks to fill with a foreign worker.

Second, once the certification is obtained, the employer must submit the certification along with an I–140 visa petition to United States Citizenship and Immigration Services ("USCIS") on behalf of the non-citizen worker, who is known as the "beneficiary" to the petition, to obtain an immigrant visa based on employment. 8 C.F.R. § 204.5(l)(1); *see* 8 U.S.C. § 1153(b)(3)(C). The employer must also submit documentation to show that the non-citizen worker meets any educational, training and experience, or other requirements dictated by the labor certification. 8 C.F.R. § 204.5(l)(3)(ii). The employer must also show that it has the ability to pay the wage specified in the labor certification, from the date on which

the request for the labor certification was submitted to DOL until the non-citizen worker obtains lawful permanent resident status. 8 C.F.R. § 204.5(g)(2).

Third, if USCIS approves the I–140 petition, the non-citizen worker, if lawfully present in the United States and is otherwise eligible, may apply to adjust his or her immigration status to that of a lawful permanent resident by filing an I–485 Application to Register Permanent Residence or Adjust Status. 8 U.S.C. § 1255(a).

## SUMMARY OF THE ARGUMENT

Plaintiff's Fifth Amendment due process claim, as set forth in Count 3 of the Amended Complaint, should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## ARGUMENT

### I.  Standard of Review under Federal Rule of Civil Procedure 12(b)(6)

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). The court, however, need not accept as true a legal conclusion presented as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). A pleading that offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.*

**II.    Plaintiff's Fifth Amendment Due Process Claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.**

Plaintiff alleges in her Amended Complaint that BALCA's alleged adoption of En Banc rules in 2015 without proper notice to the Employer and the Plaintiff violated Plaintiff's due process rights under the Fifth Amendment. *See* Am. Compl. at ¶ 135. Plaintiff also alleges that BALCA's alleged misrepresentation of dates regarding when the Employer responded to the audit request by the Certifying Officer ("CO") and the alleged conflict of interest of Harry L. Sheinfeld violated her Fifth Amendment due process rights. *See id.* at ¶¶ 120, 122, 131.

While Plaintiff does not allege whether she is asserting a substantive or procedural due process claim, her claim fails on either ground.

The Fifth Amendment provides that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "The base requirement of the Due Process Clause is that a person" deprived of a protected interest "be given an opportunity to be heard 'at a meaningful time and in a meaningful manner.' " *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 984 (9th Cir. 1998) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). "[N]o process is due if one is not deprived of 'life, liberty, or property.' " *Kerry v. Din*, ––– U.S. –––, 135 S. Ct. 2128, 2132 (2015).

Plaintiff appears to assert a procedural due process claim. *See* Am. Compl. at ¶¶ 118-43. "A procedural due process claim has two elements: deprivation of a constitutionally protected liberty or property interest and denial of adequate procedural protection." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 970 (9th Cir. 2010) (internal citation omitted). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (internal citations omitted). Protected property interests are normally not created by the Constitution; rather, they are created and defined by independent sources such as

state statutes and rules entitling a citizen to certain benefits. *Goss v. Lopez*, 419 U.S. 565, 572-73 (1975) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). Neither the INA nor its implementing regulations create a property interest on behalf of Plaintiff. *See Dave v. Ashcroft*, 363 F.3d 649, 653 (7th Cir. 2004) ("[I]n immigration proceedings, a petitioner has no liberty or property interest in obtaining purely discretionary relief[.]"); *Joseph v. Landon*, 679 F.2d 113, 115 (7th Cir. 1982) (holding that an alien "d[oes] not have a vested right upon approval of [a] visa petition").

Plaintiff's due process claim has not pleaded any facts sufficient to show that she had a liberty or property interest in BALCA's adjudication of the Employer's Pro Se Request for En Banc review. *See* Am. Compl. at ¶¶ 118-43. Corollary to the Plaintiff's lack of standing in this matter, the adjudication of the Employer's request for en banc review was between BALCA and the Employer, and not the Plaintiff. *See* ECF No. 35-5, Exhibit 6. Plaintiff's due process claim fails to plead any facts sufficient to show that she was involved in the en banc review such that she had a liberty or property interest in (1) being notified of BALCA's alleged adoption of En Banc rules in 2015; (2) BALCA's representation of dates when the Employer responded to the CO's audit request; or (3) Mr. Sheinfeld's alleged conflict of interest. *See* Am. Compl. at ¶¶ 118-43.

Accordingly, Plaintiff's due process claim fails to state a procedural due process claim under the Fifth Amendment upon which relief can be granted.

Plaintiff's due process claim also fails to state a substantive due process claim upon which relief can be granted. Substantive due process analysis entails two elements. First, "[a]s a threshold matter, 'to establish a substantive due process claim a plaintiff must show a government deprivation of life, liberty, or property.'" *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 948 (9th Cir. 2004) (punctuation omitted) (quoting *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998)); *see also Vargas v. City of Philadelphia*, 783 F.3d 962, 973 (3d Cir. 2015). Second, whether substantive due process is violated turns on the nature of the challenged government conduct. "[P]laintiffs must allege conduct that 'shock[s] the conscience and offend[s] the community's sense of fair play and decency.'" *Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, 908 F.3d 476, 518 (9th Cir. 2018) (quoting *Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1195 (9th Cir. 2013)). "'Substantive due process' analysis must begin with a careful description of the asserted right[.]" *Reno v. Flores*, 507 U.S. 292, 302 (1993).

Plaintiff's due process claim fails to identify a government deprivation of life, liberty, or property, and does not allege conduct that "shock[s] the conscience and offend[s] the community's sense of fair play and decency." *See* Am. Compl. at

- 8 -

¶¶ 118-43. Moreover, because discretionary immigration relief "is a privilege created by Congress, denial of such relief cannot violate a substantive interest protected by the Due Process clause." *Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir. 2003). Accordingly, Plaintiff's due process claim fails to state a substantive due process claim under the Fifth Amendment upon which relief can be granted. As Plaintiff's due process claim fails to state either a procedural or substantive due process claim upon which relief can be granted, the Court should dismiss Count 6 of the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

For the reasons indicated above, the Court should find that Plaintiff's due process claim fails to state a claim upon which relief can be granted.  The Court, therefore, should dismiss Plaintiff's due process claim as set forth in her Amended Complaint.

Dated: December 2, 2020                     Respectfully submitted,

KENJI M. PRICE
United States Attorney
District of Hawaii

By:/s/ Harry Yee
HARRY YEE
Assistant U.S. Attorney

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Assistant Director

By: /s/ Samuel P. Go
SAMUEL P. GO
NYS Bar No. 4234852
Assistant Director
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-9923
E-mail: Samuel.go@usdoj.gov

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 2, 2020 by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served by First-Class Mail:

Ya-Wen Hsiao                                December 2, 2020
1141 Hoolai St., Apt. 201
Honolulu, HI 96814

                                              */s/ Samuel P. Go*
                                              Samuel P. Go
                                              Assistant Director
                                              District Court Section
                                              Office of Immigration Litigation
                                              Civil Division
                                              U.S. Department of Justice
                                              P.O. Box 868, Ben Franklin Station
                                              Washington, D.C. 20044
                                              Tel: (202) 353-9923
                                              Fax: (202) 305-7000