ORIGINAL

CC: FILED ONLY

Ya-Wen Hsiao
1141 Hoolai St. Apt 201
Honolulu HI 96814
808-728-2646
rabbityhsiao@gmail.com
*Pro Se*

RECEIVED BY OVERNIGHT FILING

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

**DEC 10 2020**

at __9__ o'clock and __14__ min. __A__ M
MICHELLE RYNNE, CLERK

USDC DEC 10 '20  9:14 AM

25

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YA-WEN HSIAO,<br><br>        Plaintiff,<br><br>vs.<br><br>EUGENE SCALIA, in his capacity as the United States Secretary of Labor,<br><br>        Defendant. | CIVIL NO. 1:18-CV-00502-JAO-KJM<br><br>**PLAINTIFF'S AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY PRESIDING JUDGE (ECF 70)**<br><br><br>**CERTIFICATE OF SERVICE** |

Mailed On
Date 12/10/20

25

## INTRODUCTION

On November 25, 2020, the Plaintiff filed a "Motion to Disqualify Presiding Judge" (*See* ECF 70). On November 27, 2020, the Court entered an EO directing the Plaintiff to file the requisite affidavit by December 11, 2020.

## EXTRAJUDICIAL SOURCE

The Court cites United States v. Sibla, 624 F.2d 864 (9th Cir. 1980) for the proposition of the "Extrajudicial Source Doctrine" that states that the judge's bias or prejudice *must* stem from an extrajudicial source.

However, the Supreme Court at Liteky v. United States, 510 U.S. 540 (1994) specifically rejected this per se rule and said that rather than treating the rule as a "doctrine", it must instead be treated as an "extrajudicial source factor".

> "For all these reasons, we think that the "extrajudicial source" doctrine, as we have described it, applies to § 455(a). As we have described it, however, there is not much doctrine to the doctrine. The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a necessary condition for "bias or prejudice" recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice. Nor is it a sufficient condition for "bias or prejudice" recusal, since some opinions acquired outside the context of judicial proceedings (for example, the judge's

view of the law acquired in scholarly reading) will not suffice. Since neither the presence of an extrajudicial source necessarily establishes bias, nor the absence of an extrajudicial source necessarily precludes bias, it would be better to speak of the existence of a significant (and often determinative) "extrajudicial source" factor, than of an "extrajudicial source" doctrine, in recusal jurisprudence." *Liteky v. United States*, 510 U.S. 540, 554-55 (1994)

Justice Kennedy, Justice Blackmun, Justice Stevens and Justice Souter joined in a concurring opinion stating:

"I agree, then, with the Court's rejection of the per se rule applied by the Court of Appeals, which provides that "matters arising out of the course of judicial proceedings are not a proper basis for recusal" under § 455(a). 973 F.2d 910, (CA11 1992)." *Liteky v. United States*, 510 U.S. 540, 558 (1994)

## CONTENTIONS AND REASONS FOR MOTION

A. Factual Issues

*""[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" do not form the basis of a successful recusal motion. Clemens v. U.S. Dist. Ct. for the Cent. Dist. of Cal., 428 F.3d 1175, 1178 (9th Cir.2005)"* Sivak v. Hardison, 658 F.3d 898, 926 (9th Cir. 2011)

Factual matters however may be a basis for whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.

The Plaintiff in her Motion at ECF 70 states in detail, factual contentions which she believes a reasonable person who is a well-informed, thoughtful observer . . . who understands all the relevant facts and has examined the record and law could conclude that the presiding judge's impartiality might be questioned. United States v. Holland, 519 F.3d 909, 913-14 (9th Cir. 2008)

  B. Predetermined Outcome

When the height of relief has been pre-determined even before the merits of the case has been presented, this may seem prejudicial to the objective and knowledgeable person.

In U.S. v. Antar, 53 F.3d 568 (3d Cir. 1995), the Court said:

> "Rather, this is a case where the district judge, in stark, plain and unambiguous language, told the parties that his goal in the criminal case, *from the beginning*, was something other than what it should have been and, indeed, was improper." U.S. v. Antar, 53 F.3d 568, 576 (3d Cir. 1995) (emphasis added)

When the Court has decided the breadth of relief it intends to issue even before the merits stage, a reasonable observer could possibly question the Court's impartiality.

C. Refusal to take all alleged facts as true

In the Motion to Dismiss stage, the rule is: All allegations must be taken as true and all inferences must be found in favor of the non-movant. An appearance of bias is displayed when the Court finds exactly the opposite of what was alleged. The Court instead found the Plaintiff's reasoning to be an "ingenious academic exercise".

Certainly, that conclusion, on its own, could not be a basis for bias. However, when taken in as a *factor* in addition to refusing to follow well established practice of resolving facts and inference for the Plaintiff, an appearance of bias may impress on a reasonable observer. Furthermore, a reasonable observer could also rationally conclude the same if he/she is informed that supporting documents were actually submitted in support of those allegations.

## CONCLUSION

To be clear, the Plaintiff does not bring the Motion because this Court found against her in reaching the legal conclusions that she lacks Article III and Prudential Standing. As demonstrated, questions such as those wherein a party disagrees could bring it to the correct forum such as the Appeals Court.

The substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. The Plaintiff believes that such is the instance here.

## **DECLARATION**

I, Ya-Wen Hsiao, under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. §§ 144 & 455 hereby submits this affidavit in support of the Motion to Disqualify Presiding Judge at ECF 70.

The factual contentions and statements at the Motion of Disqualify Judge at ECF 70 and this Affidavit in Support of Plaintiff's Motion to Disqualify Presiding Judge are accurate and correct to the best of my knowledge and belief, and the assertions made therein are made in good faith

Respectfully Submitted in Honolulu, Hawaii on December 9, 2020

State of Hawaii
County of Honolulu

Subscribed and sworn before me this 9th day of
December 2020.

Jessica Ching Warmoth

Jessica Ching Warmoth
Notary Public, State of Hawaii
My commission expired 2/9/2022

Doc Date: _____ # Pages: _____
Name: Jessica Ching Warmoth     1st Circuit
Doc. Description: _Declaration_

Jessica Ching Warmoth      12/9/_____

_Signature_                          _Date_

NOTARY CERTIFICATION

**/s/Ya-Wen Hsiao**
Ya-Wen Hsiao
1141 Hoolai St. Apt 201
Honolulu HI 96814
(808) 728-2646
rabbityhsiao@gmail.com

CIVIL NO. 1:18-CV-00502-JAO-KJM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date stated below, a true and correct copy of the foregoing document was duly served upon the following by USPS and electronic mail.


**Harry Yee**
PJKK Federal Building
300 Ala Moana Blvd. Room 6-100
Honolulu HI 96850


**Samuel P Go**
USDOJ/CIVIL/OIL/DCS
U.S. Department of Justice
P.O. Box, Ben Franklin Station,
Washington, DC 20044


/s/ Ya-Wen Hsiao
Ya-Wen Hsiao
Dated: December 9, 2020, Honolulu HI