UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| YA-WEN HSIAO,<br><br>    Plaintiff,<br><br>  vs.<br><br>EUGENE SCALIA,<br><br>    Defendant. | CIV. NO. 18-00502 JAO-KJM |

**ORDER DENYING PLAINTIFF'S MOTION FOR**
**THE RECUSAL OF JUDGE JILL A. OTAKE, FILED 11/25/20**

   Plaintiff Ya-Wen Hsiao ("Plaintiff") seeks recusal of United States District Judge Jill A. Otake pursuant to 28 U.S.C. §§ 144 and 455.  [Plaintiff's Motion to Disqualify Presiding Judge ("Motion"), filed 11/25/20 (dkt. no. 70).]  The matter was assigned to this Court on December 11, 2020.  [Order Assigning Motion to Disqualify Presiding Judge, ECF No. 70, filed 12/11/20 (dkt. no. 77).]  The Court has considered the Motion as a non-hearing matter pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").

   After careful consideration of the pleadings and filings in this case, the Motion is denied as explained below.

**BACKGROUND**

Plaintiff's reasons for seeking Judge Otake's recusal arise out of the granting of a motion to dismiss Plaintiff's lawsuit. See Order Granting Defendant's Motion to Dismiss, filed 9/23/19 (dkt. no. 51) ("9/23/19 Order"). Plaintiff contends that this dismissal is flawed in that "[t]here were several factual misrepresentations that were misleading and inaccurate on [sic] Judge Otake's grant of the Motion to Dismiss." [Motion at 5.] Plaintiff also states that Judge Otake erroneously stated that, at oral argument held on September 6, 2019, Plaintiff conceded "that the Defendants could simply choose one of the previously cited reasons to deny the application again"; [id. at 9;] Judge Otake "decided, without considering the merits or evidence, that the ultimate relief . . . would be a remand to the agency" and thus "pre-determined the height of relief that it is willing to give"; [id. at 10;] and Judge Otake disregarded the law and "totally ignored the factual allegations and concluded directly opposite of what was alleged[,]" [id.]. Although acknowledging that a "wrong decision" is insufficient by itself to disqualify a judge, Plaintiff argues that "the false facts adduced from the proceedings and briefings display a clear inability to render fair judgment." [Id. at 12.]

**DISCUSSION**

Disqualification of a judge is mandated where his or her impartiality may be reasonably questioned. 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."). Moreover, personal bias or prejudice concerning a party also requires disqualification. Section 455(b)(1) ("He shall also disqualify himself . . . : [w]here he has a personal bias or prejudice concerning a party[.]"). Plaintiff also invokes 28 U.S.C. § 144 which provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 144.

Plaintiff proceeds in this matter *pro se* and signed the instant Motion as a declaration under penalty of perjury.

3

This Court thus considers the matter in the context of both §§ 455(b)(1) and 144.

Plaintiff's contentions of bias arise out of Judge Otake's 9/23/19 Order that granted dismissal of Plaintiff's complaint. While Plaintiff may disagree with the decision and find it unfair and erroneous, such disagreement is more appropriate for an appeal,[1] not recusal. As explained by the United States Supreme Court:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. See United States v. Grinnell Corp., 384 U.S. [568,] 583 [(1966)]. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They **may**

---

[1] Plaintiff, in fact, is familiar with the appeal process. On September 23, 2019, Plaintiff timely filed a Notice of Appeal of the 9/23 Order. [Notice of Appeal, filed 9/23/20 (dkt. no. 53).] This appeal resulted in a ruling in her favor, and the dismissal was vacated, and the case was remanded. [Memorandum, filed 7/13/20 (dkt. no. 61); Mandate, filed 10/21/20 (dkt. no. 62).]

>do so if they reveal an opinion that derives from an extrajudicial source; and they **will** do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. An example of the latter (and perhaps of the former as well) is the statement that was alleged to have been made by the District Judge in Berger v. United States, 255 U.S. 22 (1921), a World War I espionage case against German-American defendants: "One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty." Id., at 28 (internal quotation marks omitted). **Not** establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune.

Liteky v. United States, 510 U.S. 540, 555-56 (1994) (emphases and some alterations in Liteky).

The Court is aware that Plaintiff proceeds *pro se*. Plaintiff is not held to the same standard in drafting pleadings as attorneys, and the submissions are to be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (holding that pro se pleadings are held "to less stringent standards than [those] drafted by lawyers"); see also Morrison v. Hall, 261 F.3d 896, 899 n.2 (9th Cir. 2001) (stating that pro se pleadings must be liberally construed and the pro se litigant must be given "the benefit of any doubt" (quotation marks and citation omitted)). Plaintiff's assertions are thus liberally

construed as seeking to disqualify Judge Otake because of undue bias.  Even when given the benefit of every doubt, however, these complaints (separately and jointly) do not constitute a legally valid basis for recusal.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Disqualify Presiding Judge, filed November 25, 2020, [dkt. no. 70,] is hereby DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 14, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**YA-WEN HSIAO VS. EUGENE SCALIA; CV 18-00502 JAO-KJM; ORDER DENYING PLAINTIFF'S MOTION FOR THE RECUSAL OF JUDGE JILL A. OTAKE FILED 11-25-20**

6