**U.S. Department of Labor**   **Employment and Training Administration**
Office of Foreign Labor Certification
Atlanta National Processing Center
Harris Tower
233 Peachtree Street, Suite 410
Atlanta, GA 30303



**MEMORANDUM**

**TO:**        Board of Alien Labor Certification Appeals
             U.S. Department of Labor
             800 K Street, NW Suite 400-N
             Washington, D.C. 20001-8002

**FROM:**      William Carlson, Ph.D.
             National Certifying Officer

**SUBJECT:**   Foreign Labor Certification Appeal for
             UNIVERSITY OF HAWAII, *Employer*
             *On behalf of* YA-WEN HSIAO, *Alien Beneficiary*
             ETA Case Number: A-10344-38244

The document(s) listed below are not available for inclusion in the administrative file:

- Employer's Response to Audit Notification letter received 02/16/2011

If this document becomes available, a supplement to the administrative file will be immediately provided to the Board of Alien Labor Certification Appeals (BALCA); the employer/employer's authorized representative (as appropriate); and the Employment and Training Legal Services (ETLS).

000001

Application #:      A-10344-38244
Employer:           UNIVERSITY OF HAWAII
Foreign Worker:   YA-WEN HSIAO

# I N D E X

| <u>Pages</u> | <u>Document(s)</u> | <u>Date</u> |
|---|---|---|
| 1-2 | Transmittal Letter | 04/30/2012 |
| 3-31 | Employer's Request for Reconsideration | 04/13/2012 |
| 32-34 | DOL Denial Letter | 03/23/2012 |
| 35-132 | Employer's Response to Additional Audit Information Letter | 03/01/2012 |
| 133-135 | DOL Additional Audit Information Letter | 02/28/2012 |
| 136 | Employer's Response to Audit Notification Letter-Not included | 02/16/2011 (Received Date) |
| 137-140 | DOL Audit Notification Letter | 01/18/2011 |
| 141-152 | ETA Form 9089 | 01/13/2011 |

**U.S. Department of Labor**    **Employment and Training Administration**

Office of Foreign Labor Certification
Atlanta National Processing Center
Harris Tower
233 Peachtree Street, Suite 410
Atlanta, GA 30303

**MEMORANDUM**

DATE:            April 30, 2012

TO:              Board of Alien Labor Certification Appeals
                 U.S. Department of Labor
                 800 K Street, NW Suite 400-N
                 Washington, D.C. 20001-8002

FROM:            William Carlson, Ph.D.
                 National Certifying Officer

SUBJECT:         Foreign Labor Certification Appeal for
                 UNIVERSITY OF HAWAII, *Employer*
                 *On behalf of* YA-WEN HSIAO, *Alien Beneficiary*
                 ETA Case Number: A-10344-38244

Enclosed is a copy of the referenced permanent labor certification application file, which is forwarded for your review in accordance with the regulations effective March 28th, 2005.

Enclosure

CC: CC: Associate Solicitor for Employment and Training

000003

**U.S. Department of Labor**   **Employment and Training Administration**

Office of Foreign Labor Certification
Atlanta National Processing Center
Harris Tower
233 Peachtree Street, Suite 410
Atlanta, GA 30303



April 30, 2012

UNIVERSITY OF HAWAII
c/o Signe Nakayama
Faculty & Scholar Immigration Services
2565 McCarthy Mall, PSB 105
Honolulu, HI 96822

ETA Case Number:  A-10344-38244

Alien's Name:  YA-WEN HSIAO

Occupation:  Computer Software Engineers, Applications, Non R&D, 15-1034.00

Date of Acceptance for Processing:  January 13, 2011

Dear UNIVERSITY OF HAWAII

You have requested the United States Department of Labor (Department) reconsider the decision made on the above referenced Application for Permanent Employment Certification. The employer's request did not overcome the deficiencies stated in the determination letter for the reasons provided below.

The denial notification states the employer failed to provide adequate documentation of its website advertisement which was one of the additional recruitment steps for professional occupations, as required in the Audit Notification letter. Specifically, the documentation provided is not dated nor does it contain proof that it was posted to the employer's website. In its request for reconsideration, the employer states it is providing a printout containing the URL and the print date which was not previously provided. However, Departmental regulations at 20 CFR §§ 656.24(g)(2)(i) and 656.24(g)(2)(ii) state, for applications submitted after July 16, 2007, a request for reconsideration submitted on behalf of an application may include only documentation received from the employer in response to a request from the Office of Foreign Labor Certification Certifying Officer or documentation the employer did not have an opportunity to present to the Certifying Officer, but existed at the time the application was filed. Since the employer had the opportunity to submit adequate proof of the employer's website with its audit response and failed to do so, the Certifying Officer cannot consider the documentation submitted in the reconsideration, as it was not part of the documentation on which the denial was based. Furthermore, the use of the employer's website as a recruitment medium can be documented by providing dated copies of pages from the site that advertised the occupation involved in the application in accordance with Departmental regulations at 20 CFR § 656.17(e)(1)(ii)(B). Since the employer failed to provide adequate proof of the advertisement on the employer's website in response to the audit letter, the Certifying Officer has determined this reason for denial as valid in accordance with Departmental regulations at 20 CFR § 656.17(e)(1)(ii)(B).

The denial notification states the advertisement on the employer's website contains a wage, $3,684 month ($44,220.80 year), which is lower than the offered wage, $57,194.00 year listed in section G.1 of the ETA Form 9089. In its request for reconsideration, the employer states the Department's regulations at 20 CFR § 656.17(f) only applies to newspapers of general circulation or professional journals. Additionally, the employer states the salary listed was clearly labeled as "minimum" and any applicant could have inferred that they could negotiate for a higher salary. However, the employer's website is one part of the recruitment effort used by the employer to test the labor market and must therefore contain the same information required of advertisements set forth in Departmental regulations at 20 CFR § 656.17(f). Additionally, the advertisements must not contain wages and terms and conditions of employment that are less favorable than those offered to the foreign worker in accordance with Departmental regulations at 20 CFR § 656.17(f)(7). Since the advertisement on the employer's website contained a wage less than the offered wage as listed on

the ETA Form 9089, the Certifying Officer has determined this reason for denial as valid in accordance with Departmental regulations at 20 CFR § 656.17(f)(7).

Based on the above, we are forwarding your case to the Board of Alien Labor Certification Appeals (BALCA) for administrative review. Procedures for this review process can be found in the Departmental regulations at 20 CFR §§ 656.26 and 656.27. Pursuant to Departmental regulations at 20 CFR § 656.24(e)(6), when a case is pending on appeal at BALCA, an employer cannot file a new application for the same foreign worker and job opportunity. If you wish to file a new application showing changed or corrected information, you will need to withdraw your appeal.

Sincerely,


William Carlson, Ph.D.
National Certifying Officer

CC: UNIVERSITY OF HAWAII

Enclosure(s): Appeal File



Office of International and Exchange Programs
**Faculty and Scholar Immigration Services**

April 13, 2012

U.S. Department of Labor
Office of Foreign Labor Certification
Atlanta National Processing Center
Harris Tower, 233 Peachtree Street, Suite 410
Atlanta, GA 30303

APR 19 2012

RE:   Request for Reconsideration under 20 CFR 656.24(g)(1)
      ETA Case Number: A-10344-38244 / Alien's Name: Ya-Wen Hsiao

Dear Certifying Officer,

Under 20 CFR 656.24(g)(1), we request that you reconsider the denial of the PERM application filed by the University of Hawaii, employer, on behalf of Ya-Wen Hsiao, beneficiary. Our reasons for requesting reconsideration are explained below and the following supporting documents are enclosed:

1.   Denial notice, dated March 23, 2012
2.   ETA Form 9089, filed on January 13, 2011
3.   Printout of University of Hawaii web ad which includes the URL and print date of August 3, 2010
4.   Salary schedule, effective July 1, 2010
5.   IT Point Conversion Worksheet, effective July 1, 2008
6.   IT salary matrix form, effective August 31, 2000

<u>Response to Denial Reason #1:</u>

As a matter of University of Hawaii (UH) policy, every position being recruited is advertised on our Work at UH website (workatuh.hawaii.edu). Attached is a printout of the advertisement from the Work at UH website which contains the URL and print date of August 3, 2010 as proof that this ad was indeed posted on the University's website during the period stated in the ETA Form 9089. This particular printout was not previously provided by the UH John A. Burns School of Medicine, which conducted the recruitment, to the Office of Faculty and Scholar Immigration Services (FSIS), which handled the filing of the PERM application. Thus, only the printout of the ad without the URL and print date (due to printer settings) was available to FSIS at the time of the audit response.

<u>Response to Denial Reason #2:</u>

*The language and structure of Sec. 656.17(e)(1)(ii), "Additional recruitment steps," indicates that ads placed under this section do not need to meet the requirements of Sec. 656.17(f)(7).*

The denial notice states that the Certifying Officer relied upon what he perceived to be inadequate evidence of an ad posting on the UH website to determine that the University was putting forth a "wage...less favorable than [that] offered to the alien" (20 CFR 656.17(f)(7)). We respectfully contend, though, that Sec. 656.17(f)(7) only applies to "advertisements placed in **newspapers of general circulation or in professional journals**" (emphasis added). The requirements for "advertisements in newspapers or professional journals" are described in Sec. 656.17(e)(1)(i)(B); this section includes a provision, 656.17(e)(1)(i)(B)(3), specifying that the "advertisements must satisfy the requirements of paragraph (f) of this section" – paragraph (f) contains the clause that an ad may not contain a less favorable wage than the one offered to the alien.

However, the requirement of satisfying paragraph (f) is unmistakably omitted from the "additional recruitment steps" section at 656.17(e)(1)(ii). The Sec. 656.17(f)(7) requirement should therefore not be applied to advertisements which fall under Sec. 656.17(e)(1)(ii), including an ad on the "employer's web site" (656.17(e)(1)(ii)(B)). The newspaper advertisements that were placed and which are not in dispute did not contain a salary amount and a professional journal was not used as a recruitment source. Thus, based on the language

2565 McCarthy Mall, PSB 102-106, Honolulu, Hawai'i 96822
Phone: (808) 956-0935 I Fax: (808) 956-5030
signen@hawaii.edu I www.hawaii.edu/fsis
An Equal Opportunity/Affirmative Action Institution

Page 3 of 151

000006

Request for Reconsideration
ETA Case Number: A-10344-38244
Page 2

and structure of Sec. 656.17(e) and 656.17(f), it would appear that the Certifying Officer improperly applied the requirements of 656.17(f)(7) to 656.17(e)(1)(ii).

*The salary in the Work at UH ad was clearly labeled "minimum"; any applicant could have inferred that they could negotiate for a higher salary.*

Even if Sec. 656.17(f)(7) can be applied to advertisements under 656.17(e)(1)(ii), the University clearly indicated in the ad that the salary included in the Work at UH advertisement was a "minimum" amount. Any applicant would have been immediately apprised of this fact upon even a cursory glance at the ad. Since it was specified that this salary was the starting point from which a successful applicant could negotiate, the University was not attempting to offer the foreign national a more favorable wage than it would to an equally or better qualified or applicant. (Although, as the recruitment report, which was submitted with our audit response, demonstrates, there were no other applicants who were qualified for the position.) As such, the inclusion of "minimum" would have signaled prospective applicants, and particularly U.S. workers, who are familiar with the U.S. labor market norm of negotiation for a higher salary at hiring, that it was certainly possible to obtain an increased offer if selected for the position.

*University IT Specialist positions are classified as Administrative, Professional, and Technical (APT) positions, which are covered by a collective bargaining agreement that contains salary schedules.*

At the time of the original posting of the position, all University APT positions were advertised on the Work at UH job posting website stating only the minimum salary per the collective bargaining agreement between the University of Hawaii and the Hawaii Government Employees Association (HGEA). The IT Specialist position described in the ETA Form 9089 is a Pay Band B position with a possible salary range from $42,492 per year through $107,748 per year. The details of the salary ranges are available to the public on the University Office of Human Resources website for the APT Broadband System (www.hawaii.edu/ohr/projects/projects.html) under the "Information Technology Point Conversion Worksheet" (attached and available at www.hawaii.edu/ohr/download/salsched/it708.pdf). Information on the salary computation method is also available on the Broadband System website.

In the process of creating the Work at UH website posting for this position, the Broadband System automatically determined the minimum salary for the position at Step 3 of Pay Band B, which is the reason the minimum salary stated in the Work at UH ad was $44,208 per year. These salary schedules have always been posted in the public domain on the University's Office of Human Resources website (www.hawaii.edu/ohr) for any prospective applicant to view. The attached salary schedule has been in effect since July 1, 2010 and the attached IT Point Conversion Worksheet has been in effect since July 1, 2008. Neither document was requested in the January 18, 2011 audit notice.

*As a standard practice, the University utilizes a qualifications-based salary matrix to determine salary offers for IT Specialists; applicants are routinely offered more than the minimum salaries in the ads.*

The determination of a salary offer has always been based on the experience and qualifications of the selectee. After selecting a candidate for an IT Specialist position, the hiring unit must utilize the "IT Salary recommendation" form (IT Salary Matrix, August 31, 2000 revision) to determine the salary placement. Unlike other University APT positions, all IT position salaries are determined using the process described below.  This salary determination form is available from the open-access UH Human Resources website under "Information Technology Salary Matrix" (attached and available at www.hawaii.edu/ohr/bor/forms/ITSalaryMatrix.pdf). This document was not requested in the January 18, 2011 audit notice.

000007

Request for Reconsideration
ETA Case Number: A-10344-38244
Page 3

The matrix is scored in three (3) sections with the total point score used to determine the starting salary for the position. Based on "Education Level", "Relevant Experience", and "Qualitative Assessment of Relevant Experience" a candidate's Designated New Hire Rate is computed. Although there is an additional section that can be used to request exceptional compensation above the designated new hire rate, no such request was made for Ms. Hsiao. The criteria for scoring each section are listed on the form, with the guidelines for the "Qualitative Assessment of Relevant Experience" being available on a separate website page.

Once the candidate has been scored and the entire IT Salary Matrix form has been completed and approved by the unit, it requires approval from the unit's Human Resources department and the Director/Dean. Once approved by the local Unit/Department/School, it is forwarded to the University of Hawaii at Manoa's Chancellor's Office where it is further reviewed. It will then be forwarded to an IT Review Committee, comprised of IT professionals who review the recommendation and can concur, reject or revise the hiring rate based on their evaluation of the documentation. The IT Review Committee submits their recommendation of the salary rate submitted to the University of Hawaii at Manoa Chancellor for final approval. The Chancellor's Office then communicates the final salary rate to the local Human Resources Department, in this case the Human Resources Department for the John A. Burns School of Medicine. At that time, an official offer can be made to the candidate by the hiring unit's Dean/Director.

*The offered salary was available to other applicants on the notice of filing.*

Finally, as required by 20 CFR 656.10(d)(3), the notice of filing sent to the Hawaii Government Employees Association, which is the collective bargaining representative, instructs potential applicants for the position to report to the University of Hawaii John A. Burns School of Medicine Human Resources office and pursuant to Sec. 656.10(d)(4), the notice contains the offered rate of pay. The notice of filing, ETA Form 9089, and advertisements remained with HGEA for longer than the 30 days minimally required by Sec. 656.10(d)(3)(iv). Altogether, this means any applicant, through HGEA, had over one month to review the PERM application and become aware of the offered rate of pay.

In light of our responses and documentation provided here, we request that you reconsider your previous decision and instead grant certification for this PERM application. Please contact me if you require additional information. Thank you for your attention to this matter.

Sincerely,

Signe Nakayama
Immigration Specialist

**U.S. Department of Labor**

**Employment and Training Administration**

Office of Foreign Labor Certification
Atlanta National Processing Center
Harris Tower
233 Peachtree Street, Suite 410
Atlanta, GA 30303



March 23, 2012

UNIVERSITY OF HAWAII
c/o Signe Nakayama
Faculty & Scholar Immigration
Services
2565 McCarthy Mall, PSB 105
Honolulu, HI 96822

| | |
|---|---|
| ETA Case Number: | A-10344-38244 |
| Alien's Name: | YA-WEN HSIAO |
| Occupation: | Computer Software Engineers, Applications, Non R&D, 15-1034.00 |
| Date of Acceptance for Processing: | January 13, 2011 |

Dear UNIVERSITY OF HAWAII

The Department of Labor has made a determination on your Application for Permanent Employment Certification (Form ETA 9089) in accordance with the Department's regulations at 20 CFR § 656.24 and as required by the Immigration and Nationality Act (INA), as amended. **Form ETA 9089 has not been certified.** A certification cannot be issued as required by Section 212(a)(5)(A) of the INA, as amended. The reasons for denial are outlined in the attachment "Reasons for Denial". A request for review of this denial may be made to the Board of Alien Labor Certification Appeals (BALCA) by the employer. When seeking review of this determination, the request must be in accordance with the following:

- The request for review must be in writing;
- The request must clearly identify the particular labor certification determination from which review is sought;
- The request must set forth the particular grounds for the request;
- The request must include all the documents that accompany this Final Determination form;
- The request for review, statements, briefs, and other submissions of the parties and amicus curiae must contain only legal arguments and only such evidence that was within the record upon which the denial of the labor certification was based; and
- The request must be mailed to the attention of the Office of Foreign Labor Certification Certifying Officer who denied the application within **30 calendar days** of the date of this determination.

If this application was denied because it was incomplete or because the employer did not submit documentation requested by the Certifying Officer to finalize review of the application by the date specified, the failure to provide the requested documentation in a timely manner constitutes refusal to exhaust available administrative remedies and the employer cannot request review of this denial with BALCA as outlined in §656.26.

Failure to request review within 30 calendar days, as specified in §656.26, constitutes a failure to exhaust administrative remedies. If a request for review is not made within 30 calendar days, the denial shall become the final determination of the Secretary. If an application for a labor certification is denied, and a request for review is not made in accordance with the procedures at §656.26(a) and (b), a new application may be filed. *A new application in the same occupation for the same alien cannot be filed while a request for review is pending with the Board of Alien Labor Certification Appeals.* Reconsideration may be requested any time within 30 days from the date of issuance of this denial. The Certifying Officer may, in his or her complete discretion, reconsider the determination or treat it as a request for review under §656.26(a).

Sincerely,

William Carlson, Ph.D.
National Certifying Officer

CC: UNIVERSITY OF HAWAII
Enclosure: Reasons for Denial

## Reasons for Denial

## Case # A-10344-38244

Your Application for Permanent Employment Certification was not certified due to the following:

**Denial Reason #1:**

The employer failed to provide adequate documentation of the additional recruitment steps for professional occupations as required in the Audit Notification letter.  The employer indicated in Item I.d.15 of ETA Form 9089 that it used its web site to advertise the job opportunity described in Section H.  The employer also provided a document which looks to be a word document that is title, "Work at UH Advertisement." The document does not appear to be from a website, nor is there any proof that the documentation was posted to the employer's website. The employer failed to provide dated copies of the pages from the site that advertised the job opportunity.

AUTHORITY FOR DENIAL: Departmental regulations at 20 CFR § 656.17(e)(1)(ii)(B), states:  "The use of the employer's web site as a recruitment medium can be documented by providing dated copies of pages from the site that advertise the occupation involved in the application."

**Denial Reason #2:**

The documentation provided by the employer as proof of the employer's website offers terms and conditions of employment that are less favorable than those offered to the foreign worker.  Specifically, the advertisement contains a wage of $3,684 per month, $44,220.80 per year which is lower than the offered wage, $57,194.00 per year listed in section G.1 on the ETA Form 9089.

AUTHORITY FOR DENIAL: In accordance with the Department's regulations at 20 CFR § 656.17(f)(7), advertisements placed in newspapers of general circulation or in professional journals must "not contain wages or terms and conditions of employment that are less favorable than those offered to the alien."

The employer is reminded that, as an alternative to filing an appeal, i.e., either a request for reconsideration, in accordance with the Department's regulations at 20 CFR § 656.24, or request for review, in accordance with the Department's regulations at § 656.26, it may correct the deficiencies as outlined in the denial and submit a new application to the Atlanta National Processing Center for review.

000010

UNIVERSITY OF HAWAII
c/o Signe Nakayama

Faculty & Scholar Immigration Services
2565 McCarthy Mall, PSB 105
Honolulu, HI 96822

REC'D MAR 2 8 2012

000011

**Work at UH Advertisement**

| | |
|---|---|
| Title: | Information Technology (Educational Technology Specialist) |
| Position Number: | 0078233 |
| Hiring Unit: | John A. Burns School of Medicine |
| Location: | Kakaako |
| Date Posted: | August 02, 2010 |
| Closing Date: | August 17, 2010 |
| Band: | B |
| Minimum Monthly Salary: | Band B: $3,684 |
| Full Time/Part Time: | Full Time |
| Temporary/Permanent: | Permanent |
| Other Conditions: | General funds, to begin approximately Sept 2010, subject to position clearance. |

Duties and Responsibilities:

Develops medical education and administrative software applications for JABSOM, utilizing personal data assistants (PDA), web, & other interfaces, packaged & in-house developed software programs, & data repositories in a distributed environment.

System Administration: manages & administers applications used by faculty, staff, & students for medical education, including user administration, security management, & virtual group management.

Designs, implements & integrates subsystems of medium to high complexity using a variety of programming languages, including Microsoft Access, Visual Basic, Active Server Pages, .NET, SQL, & PHP.

Tests & debugs systems of medium to high complexity for a distributed computing environment.

Mobile Devices: provides application training & support, as well as technical support/troubleshooting for Mobile device access (iPhone, Windows Mobile, Palm, Blackberry, etc.) & applications (T-Res) for coursework/clinical rotations.

Prepares written technical documentation for systems of medium to high complexity.

Generates materials & conducts training for end-users including faculty, staff, & students on use of software, web applications, PDAs, Databases, etc.

Database Management: Designs, develops, implements & maintains databases supporting student education & curriculum administration.

Database Management: supports statistical analysis & data management of exam responses, survey questions, course materials, and curriculum map.

Keeps abreast of emerging technologies & trends in higher education by reviewing articles in trade journals, periodicals, technical manuals, etc. in both paper & electronic formats & by attending classes, conferences, presentations.

Identifies technologies applicable to or of potential use to JABSOM; acquires knowledge of these technologies/systems, hardware/software in order to perform current duties & advise users on the application of identified technologies.

Assists users in evaluating & selecting appropriate computer hardware & software to meet operational requirements or problem resolution; also, provides technical consulting on the implementation & application of selected solutions.

work at UH                                                                                                    Page 2 of 3

Integrates IT skills and knowledges in support of JABSOM's educational mission, which may include the usage of principles of education in conjunction with leading edge technology for JABSOM.

Other duties as assigned

Minimum Qualifications:

Possession of a pertinent baccalaureate educational degree in Management Information Systems, Computer Science, Project Management, or related field and 3 years of progressively responsible professional information technology experience with responsibilities for desktop application support, web application support, and/or user application support/help desk, of which 2 years of the experience must have been comparable in scope and complexity to the next lower payband in the University of Hawai'i broadband system; or equivalent education/training or experience.

Considerable working knowledge of the use of computers for teaching, training and /or learning (e.g., educational technology systems) as demonstrated by the broad knowledge and understanding of the full range of pertinent standard and evolving information technology concepts, principles and methodology.

Considerable working knowledge and understanding of the broad technology, systems, hardware and software associated with application development, teaching, training, and/or learning with technology (e.g., educational technology).

Demonstrated ability to recognize a wide range of intricate problems, use reasoning and logic to determine accurate causes, and apply principles and practices to determine, evaluation, integrate, and implement practical and thorough solutions in an effective and timely manner.

Demonstrated ability to interpret and present information and ideas clearly and accurately in writing, verbally and by preparation of reports and other materials.

Demonstrated ability to establish and maintain effective working relationships with internal and external organizations, groups, team leaders and members, and individuals.

For supervisory work, demonstrated ability to lead subordinates, manage work priorities and projects, and manage employee relations.

Any equivalent combination of education and/or professional work experience which provides the required education, knowledge, skills and abilities as indicated.

Considerable working knowledge of scripting languages & web development platforms such as ASP, ASP.NET, PHP, and Perl.

Considerable working knowledge of system administration as related to user provisioning, security management, systems optimization, upgrade implementation, & customer service.

Knowledge of application development as demonstrated by a comprehensive understanding of current application development principles & methodology.

Working knowledge of database integration and management including SQL and MySQL, & ability to create relational databases as needed.

Considerable knowledge of the limitations, capabilities, uses for desktop applications (e.g. Microsoft Word, Microsoft Excel, Microsoft PowerPoint, Microsoft Outlook).

Desirable Qualifications:

Knowledge of medical education or curriculum management.

Knowledge of troubleshooting procedures & practices for hardware, software, & connectivity in a distributed computing environment.

work at UH                                                                    Page 5 of 5

Considerable knowledge of hand held devices including iPhone, Palm, WindowsMobile, and Smart Phones & their software applications.

Knowledge of student financial accounting and human resource information systems.

| | |
|---|---|
| To Apply: | Submit cover letter indicating how you satisfy the minimum and desirable qualifications, UH Form 64 ( standard format ) ( large format ), resume, names of 3 professional references which include phone numbers and email addresses and official transcripts (copies accepted, however originals required upon hire) to the address below. |
| Address: | Lori Chau<br>UH, John A. Burns School of Medicine<br>Office of Medical Education<br>651 Ilalo Street, Medical Education Bldg., 3rd Floor<br>Honolulu, HI 96813 |
| Inquiries: | Dr. Damon Sakai; 808-692-1001 |

The University of Hawaii is an equal opportunity/affirmative action institution and is committed to a policy of nondiscrimination on the basis of race, sex, gender identity and expression, age, religion, color, national origin, ancestry, disability, marital status, sexual orientation, status as a protected veteran, National Guard participation, breastfeeding, and arrest/court record (except as permissible under State law).

Employment is contingent on satisfying employment eligibility verification requirements of the Immigration Reform and Control Act of 1986; reference checks of previous employers; and for certain positions, criminal history record checks.

In accordance with the Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics Act, annual campus crime statistics for the University of Hawaii may be viewed at: http://ope.ed.gov/security/, or a paper copy may be obtained upon request from the respective UH Campus Security or Administrative Services Office.

In accordance with Article 10A of the unit 08 collective bargaining agreement, bargaining unit members receive priority consideration for APT job vacancies. As a result, external or non BU 08 applicants may not be considered for some APT vacancies. BU 08 members with re-employment rights or priority status are responsible for informing the hiring unit of their status.

http://www.pers.hawaii.edu/wuh/nadvert.aspx?m=10482                          8/3/2010

000014

SALARY SCHEDULE
ADMINISTRATIVE, PROFESSIONAL AND TECHNICAL (APT)
(EXCLUDING COACHES)
11 MONTH - Effective 07-01-2010

**STEPS 1 - 24**

| | | Step 1N | Step 2N | Step 3N | Step 4N | Step 5N | Step 6N | Step 7N | Step 8N | Step 9N | Step 10N | Step 11N | Step 12N | Step 13N | Step 14N | Step 15N | Step 16N | Step 17N | Step 18N | Step 19N | Step 20N | Step 21N | Step 22N | Step 23N | Step 24N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | ANNUAL | 34,848 | 35,544 | 36,252 | 36,984 | 37,728 | 38,472 | 39,252 | 40,032 | 40,836 | 41,652 | 42,492 | 43,344 | 44,208 | 45,096 | 45,996 | 46,920 | 47,856 | 48,816 | 49,800 | 50,784 | 51,804 | 52,836 | 53,904 | 54,984 |
| | MONTHLY | 2,904 | 2,962 | 3,021 | 3,082 | 3,144 | 3,206 | 3,271 | 3,336 | 3,403 | 3,471 | 3,541 | 3,612 | 3,684 | 3,758 | 3,833 | 3,910 | 3,988 | 4,068 | 4,150 | 4,232 | 4,317 | 4,403 | 4,492 | 4,582 |
| B | ANNUAL | 42,492 | 43,344 | 44,208 | 45,096 | 45,996 | 46,920 | 47,856 | 48,816 | 49,800 | 50,784 | 51,804 | 52,836 | 53,904 | 54,984 | 56,076 | 57,192 | 58,332 | 59,496 | 60,684 | 61,896 | 63,132 | 64,404 | 65,688 | 66,996 |
| | MONTHLY | 3,541 | 3,612 | 3,684 | 3,758 | 3,833 | 3,910 | 3,988 | 4,068 | 4,150 | 4,232 | 4,317 | 4,403 | 4,492 | 4,582 | 4,673 | 4,766 | 4,861 | 4,958 | 5,057 | 5,158 | 5,261 | 5,367 | 5,474 | 5,583 |
| C | ANNUAL | 51,804 | 52,836 | 53,904 | 54,984 | 56,076 | 57,192 | 58,332 | 59,496 | 60,684 | 61,896 | 63,132 | 64,404 | 65,688 | 66,996 | 68,340 | 69,708 | 71,100 | 72,528 | 73,980 | 75,456 | 76,956 | 78,504 | 80,076 | 81,672 |
| | MONTHLY | 4,317 | 4,403 | 4,492 | 4,582 | 4,673 | 4,766 | 4,861 | 4,958 | 5,057 | 5,158 | 5,261 | 5,367 | 5,474 | 5,583 | 5,695 | 5,809 | 5,925 | 6,044 | 6,165 | 6,288 | 6,413 | 6,542 | 6,673 | 6,806 |
| D | ANNUAL | 56,076 | 57,192 | 58,332 | 59,496 | 60,684 | 61,896 | 63,132 | 64,404 | 65,688 | 66,996 | 68,340 | 69,708 | 71,100 | 72,528 | 73,980 | 75,456 | 76,956 | 78,504 | 80,076 | 81,672 | 83,304 | 84,960 | 86,664 | 88,392 |
| | MONTHLY | 4,673 | 4,766 | 4,861 | 4,958 | 5,057 | 5,158 | 5,261 | 5,367 | 5,474 | 5,583 | 5,695 | 5,809 | 5,925 | 6,044 | 6,165 | 6,288 | 6,413 | 6,542 | 6,673 | 6,806 | 6,942 | 7,080 | 7,222 | 7,366 |

**STEPS 25 - 48**

| | | Step 25N | Step 26N | Step 27N | Step 28N | Step 29N | Step 30N | Step 31N | Step 32N | Step 33N | Step 34N | Step 35N | Step 36N | Step 37N | Step 38N | Step 39N | Step 40N | Step 41N | Step 42N | Step 43N | Step 44N | Step 45N | Step 46N | Step 47N | Step 48N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | ANNUAL | 56,076 | 57,192 | 58,332 | 59,496 | 60,684 | 61,896 | 63,132 | 64,404 | 65,688 | 66,996 | 68,340 | 69,708 | 71,100 | 72,528 | 73,980 | 75,456 | 76,956 | 78,504 | 80,076 | 81,672 | 83,304 | 84,960 | 86,664 | 88,392 |
| | MONTHLY | 4,673 | 4,766 | 4,861 | 4,958 | 5,057 | 5,158 | 5,261 | 5,367 | 5,474 | 5,583 | 5,695 | 5,809 | 5,925 | 6,044 | 6,165 | 6,288 | 6,413 | 6,542 | 6,673 | 6,806 | 6,942 | 7,080 | 7,222 | 7,366 |
| B | ANNUAL | 68,340 | 69,708 | 71,100 | 72,528 | 73,980 | 75,456 | 76,956 | 78,504 | 80,076 | 81,672 | 83,304 | 84,960 | 86,664 | 88,392 | 90,168 | 91,968 | 93,804 | 95,676 | 97,596 | 99,540 | 101,544 | 103,572 | 105,648 | 107,748 |
| | MONTHLY | 5,695 | 5,809 | 5,925 | 6,044 | 6,165 | 6,288 | 6,413 | 6,542 | 6,673 | 6,806 | 6,942 | 7,080 | 7,222 | 7,366 | 7,514 | 7,664 | 7,817 | 7,973 | 8,133 | 8,295 | 8,462 | 8,631 | 8,804 | 8,979 |
| C | ANNUAL | 83,304 | 84,960 | 86,664 | 88,392 | 90,168 | 91,968 | 93,804 | 95,676 | 97,596 | 99,540 | 101,544 | 103,572 | 105,648 | 107,748 | 109,908 | 112,104 | 114,348 | 116,640 | 118,980 | 121,368 | 123,792 | 126,264 | 128,796 | 131,376 |
| | MONTHLY | 6,942 | 7,080 | 7,222 | 7,366 | 7,514 | 7,664 | 7,817 | 7,973 | 8,133 | 8,295 | 8,462 | 8,631 | 8,804 | 8,979 | 9,159 | 9,342 | 9,529 | 9,720 | 9,915 | 10,114 | 10,316 | 10,522 | 10,733 | 10,948 |
| D | ANNUAL | 90,168 | 91,968 | 93,804 | 95,676 | 97,596 | 99,540 | 101,544 | 103,572 | 105,648 | 107,748 | 109,908 | 112,104 | 114,348 | 116,640 | 118,980 | 121,368 | 123,792 | 126,264 | 128,796 | 131,376 | | | | |
| | MONTHLY | 7,514 | 7,664 | 7,817 | 7,973 | 8,133 | 8,295 | 8,462 | 8,631 | 8,804 | 8,979 | 9,159 | 9,342 | 9,529 | 9,720 | 9,915 | 10,114 | 10,316 | 10,522 | 10,733 | 10,948 | | | | |

Page 12 of 151

The attached Information Technology Point Conversion Worksheet references the Bargaining Unit 8 salary schedule effective 07/01/08.  The step designation on the worksheet should continue to be used to determine the appropriate salaries for the 11/01/2009 and 07/01/2010 salary schedules based on the computed points.

000016

Information Technology Point Conversion Worksheet Effective 07-01-08

| Step | BAND A Points | BAND A Annual | BAND A Monthly | Step | BAND B Points | BAND B Annual | BAND B Monthly | Step | BAND C Points | BAND C Annual | BAND C Monthly | Step | BAND D Points | BAND D Annual | BAND D Monthly |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 |  | 36684 | 3057 | 1 |  | 44724 | 3727 | 1 |  | 54528 | 4544 | 1 |  | 59028 | 4919 |
| 2 |  | 37416 | 3118 | 2 |  | 45624 | 3802 | 2 | 0-1 | 55620 | 4635 | 2 |  | 60204 | 5017 |
| 3 |  | 38160 | 3180 | 3 | 0-1 | 46536 | 3878 | 3 | 2-3 | 56736 | 4728 | 3 |  | 61404 | 5117 |
| 4 |  | 38928 | 3244 | 4 | 2-3 | 47472 | 3956 | 4 | 4-5 | 57876 | 4823 | 4 |  | 62628 | 5219 |
| 5 | 0-1 | 39708 | 3309 | 5 | 4-5 | 48420 | 4035 | 5 | 6 | 59028 | 4919 | 5 |  | 63876 | 5323 |
| 6 | 2-3 | 40500 | 3375 | 6 | 6 | 49392 | 4116 | 6 | 7 | 60204 | 5017 | 6 |  | 65148 | 5429 |
| 7 | 4-5 | 41316 | 3443 | 7 | 7 | 50376 | 4198 | 7 | 8 | 61404 | 5117 | 7 |  | 66456 | 5538 |
| 8 | 6 | 42144 | 3512 | 8 | 8 | 51384 | 4282 | 8 | 9 | 62628 | 5219 | 8 |  | 67788 | 5649 |
| 9 | 7 | 42984 | 3582 | 9 | 9 | 52416 | 4368 | 9 | 10 | 63876 | 5323 | 9 |  | 69144 | 5762 |
| 10 | 8 | 43848 | 3654 | 10 | 10 | 53460 | 4455 | 10 | 11 | 65148 | 5429 | 10 |  | 70524 | 5877 |
| 11 | 9 | 44724 | 3727 | 11 | 11 | 54528 | 4544 | 11 | 12 | 66456 | 5538 | 11 |  | 71940 | 5995 |
| 12 | 10 | 45624 | 3802 | 12 | 12 | 55620 | 4635 | 12 | 13 | 67788 | 5649 | 12 |  | 73380 | 6115 |
| 13 | 11 | 46536 | 3878 | 13 | 13 | 56736 | 4728 | 13 | 14 | 69144 | 5762 | 13 | 0-1 | 74844 | 6237 |
| 14 | 12 | 47472 | 3956 | 14 | 14 | 57876 | 4823 | 14 | 15 | 70524 | 5877 | 14 | 2-3 | 76344 | 6362 |
| 15 | 13 | 48420 | 4035 | 15 | 15 | 59028 | 4919 | 15 | 16 | 71940 | 5995 | 15 | 4-5 | 77868 | 6489 |
| 16 | 14 | 49392 | 4116 | 16 | 16 | 60204 | 5017 | 16 | 17 | 73380 | 6115 | 16 | 6 | 79428 | 6619 |
| 17 | 15 | 50376 | 4198 | 17 | 17 | 61404 | 5117 | 17 | 18 | 74844 | 6237 | 17 | 7 | 81012 | 6751 |
| 18 | 16 | 51384 | 4282 | 18 | 18 | 62628 | 5219 | 18 | 19 | 76344 | 6362 | 18 | 8 | 82632 | 6886 |
| 19 | 17 | 52416 | 4368 | 19 | 19 | 63876 | 5323 | 19 | 20 | 77868 | 6489 | 19 | 9 | 84288 | 7024 |
| 20 | 18 | 53460 | 4455 | 20 | 20 | 65148 | 5429 | 20 | 21 | 79428 | 6619 | 20 | 10 | 85968 | 7164 |
| 21 | 19 | 54528 | 4544 | 21 | 21 | 66456 | 5538 | 21 | 22 | 81012 | 6751 | 21 | 11 | 87684 | 7307 |
| 22 | 20 | 55620 | 4635 | 22 | 22 | 67788 | 5649 | 22 | 23 | 82632 | 6886 | 22 | 12 | 89436 | 7453 |
| 23 | 21 | 56736 | 4728 | 23 | 23 | 69144 | 5762 | 23 | 24 | 84288 | 7024 | 23 | 13 | 91224 | 7602 |
| 24 | 22 | 57876 | 4823 | 24 | 24 | 70524 | 5877 | 24 | 25 | 85968 | 7164 | 24 | 14 | 93048 | 7754 |
| 25 | 23 | 59028 | 4919 | 25 | 25 | 71940 | 5995 | 25 | 26 | 87684 | 7307 | 25 | 15 | 94908 | 7909 |
| 26 | 24 | 60204 | 5017 | 26 | 26 | 73380 | 6115 | 26 | 27 | 89436 | 7453 | 26 | 16 | 96804 | 8067 |
| 27 | 25 | 61404 | 5117 | 27 | 27 | 74844 | 6237 | 27 | 28 | 91224 | 7602 | 27 | 17 | 98736 | 8228 |
| 28 | 26 | 62628 | 5219 | 28 | 28 | 76344 | 6362 | 28 | 29 | 93048 | 7754 | 28 | 18 | 100716 | 8393 |
| 29 | 27 | 63876 | 5323 | 29 | 29 | 77868 | 6489 | 29 | 30 | 94908 | 7909 | 29 | 19 | 102732 | 8561 |
| 30 | 28 | 65148 | 5429 | 30 | 30 | 79428 | 6619 | 30 | 31 | 96804 | 8067 | 30 | 20 | 104784 | 8732 |
| 31 | 29 | 66456 | 5538 | 31 | 31 | 81012 | 6751 | 31 | 32 | 98736 | 8228 | 31 | 21 | 106884 | 8907 |
| 32 | 30 | 67788 | 5649 | 32 | 32 | 82632 | 6886 | 32 | 33 | 100716 | 8393 | 32 | 22 | 109020 | 9085 |
| 33 | 31 | 69144 | 5762 | 33 | 33 | 84288 | 7024 | 33 | 34 | 102732 | 8561 | 33 | 23 | 111204 | 9267 |
| 34 | 32 | 70524 | 5877 | 34 | 34 | 85968 | 7164 | 34 | 35 | 104784 | 8732 | 34 | 24 | 113424 | 9452 |
| 35 | 33 | 71940 | 5995 | 35 | 35 | 87684 | 7307 | 35 | 36 | 106884 | 8907 | 35 | 25 | 115692 | 9641 |
| 36 | 34 | 73380 | 6115 | 36 | 36 | 89436 | 7453 | 36 | 37 | 109020 | 9085 | 36 | 26 | 118008 | 9834 |
| 37 | 35 | 74844 | 6237 | 37 | 37 | 91224 | 7602 | 37 | 38 | 111204 | 9267 | 37 | 27 | 120372 | 10031 |
| 38 | 36 | 76344 | 6362 | 38 | 38 | 93048 | 7754 | 38 | 39 | 113424 | 9452 | 38 | 28 | 122784 | 10232 |
| 39 | 37 | 77868 | 6489 | 39 | 39 | 94908 | 7909 | 39 | 40 | 115692 | 9641 | 39 | 29 | 125244 | 10437 |
| 40 | 38 | 79428 | 6619 | 40 | 40 | 96804 | 8067 | 40 | 41 | 118008 | 9834 | 40 | 30 | 127752 | 10646 |
| 41 | 39 | 81012 | 6751 | 41 | 41 | 98736 | 8228 | 41 | 42 | 120372 | 10031 | 41 | 31 | 130308 | 10859 |
| 42 | 40 | 82632 | 6886 | 42 | 42 | 100716 | 8393 | 42 | 43 | 122784 | 10232 | 42 | 32 | 132912 | 11076 |
| 43 | 41 | 84288 | 7024 | 43 | 43 | 102732 | 8561 | 43 | 44 | 125244 | 10437 | 43 | 33 | 135576 | 11298 |
| 44 | 42 | 85968 | 7164 | 44 | 44 | 104784 | 8732 | 44 | 45 | 127752 | 10646 | 44 | 34 | 138288 | 11524 |
| 45 | 43 | 87684 | 7307 | 45 | 45 | 106884 | 8907 | 45 | 46 | 130308 | 10859 |  |  |  |  |
| 46 | 44 | 89436 | 7453 | 46 | 46 | 109020 | 9085 | 46 | 47 | 132912 | 11076 |  |  |  |  |
| 47 | 45 | 91224 | 7602 | 47 | 47 | 111204 | 9267 | 47 | 48 | 135576 | 11298 |  |  |  |  |
| 48 | 46 | 93048 | 7754 | 48 | 48 | 113424 | 9452 | 48 | 49 | 138288 | 11524 |  |  |  |  |

NOTE: Steps marked in a box represent the Designated New Hire Rate (DNHR).

Do not use steps below this DNHR for IT professionals.

* In accordance with step designations indicated on BU08 Salary Schedule 11-Month effective 07-01-08

o:\ssa\salsched\apt it 07-01-08 Point converstion w steps.xls

**IT Salary Recommendation** *(I T Salary Matrix)*

Applicant/Employee Name: _____   Position No.: _____   Band: _____

Career Group: _____Information Technology_____   College/Office: _____

☐New Hire  ☐Promotion  ☐Transfer  ☐Demotion  ☐Other (not including Reallocation) _____
***********************************************************************************************

**Section I - Initial Salary Placement Determination** *(To be completed by supervisor after completing Section IV - Assessment of Pertinent Credentials, and Section V - Request for Exception Beyond Salary Placement Determination, if appropriate)*

SUMMARY OF SECTION IV     POINTS

A. Educational Level          _____     1.  **SALARY DETERMINATION (monthly):**              $_____
                                             (From Salary Matrix Point Conversion Worksheet, based on Section IV)

B. Relevant Experience       _____     2.  **REQUEST FOR EXCEPTION BEYOND SALARY**
                                             **DETERMINATION, IF APPROPRIATE:**               $_____
C. Qualitative Assessment of               (From Section V)
   Relevant Experience       _____
                                         3.  **RECOMMENDED SALARY DETERMINATION:**
**TOTAL POINTS**             _____         **(monthly TOTAL)**                              $_____
                                             (This amount, the sum of 1 and 2 above, must correspond with a "step" in the
                                             respective pay band)

<u>Note</u>: The recommended salary determination shall be based on an accurate assessment of an individual's pertinent credentials. The VP/Chancellor shall determine the final salary, in consideration of the established compensation adjustment rules.

**Supervisor Certification:** *I certify that the recommended monthly salary is based on all relevant information provided by the applicant/employee or available in the personnel file and that the assessment process has been discussed with the applicant/employee.*

_____     _____     _____
Supervisor's Name and Position No.            Signature                       Date
•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••
**Section II - Dean/Director Review and Recommendation** - *If the salary placement and/or Request for Exception Beyond Salary Placement Determination is being approved with changes, please provide substantive justification and amended information below. The recommended salary determination shall be based on an accurate assessment of an individual's pertinent credentials. The VP/Chancellor shall determine the final salary, in consideration of the established compensation adjustment rules.*

| | |
|---|---|
| **A.** <u>RECOMMENDATION</u><br>☐ Recommend<br>(✔ and sign in box C, below) | ☐ Recommend w/ Changes<br>(✔, provide amended information in box B and sign in box C, below) |

**B.** <u>AMENDED INFORMATION</u> (To be completed by the Dean/Director if "recommending w/ changes.")

I. <u>SUMMARY OF SECTION IV</u>  POINTS                         Justification:

  A. Educational Level          _____

  B. Relevant Experience        _____

  C. Qualitative Assessment of  _____
     Relevant Experience

  AMENDED TOTAL POINTS          _____

  AMENDED MONTHLY SALARY                  $_____

2. <u>SECTION V - REQUEST FOR EXCEPTION</u> (if appropriate)
   **Amended Additional Amount**          $_____

3. <u>AMENDED TOTAL MONTHLY SALARY  DETERMINATION</u>   $_____
   (This amended amount, the sum of 1 and 2 above,  must correspond with a "step" in the respective pay band)

| | |
|---|---|
| **C. SIGNATURE**    Dean/Director:_____ | Date:_____ |

®August 31, 2000 University of Hawai‘i

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Section III – VP/Chancellor Approval/Disapproval** - *If the salary placement and/or Request for Exception Beyond Salary Placement Determination is being approved with changes, please provide substantive justification and amended information below.*

**A.  APPROVAL/DISAPPROVAL**

☐ Approved
(✓ and sign in box C, below)

☐ Approved w/ Changes
(✓, provide amended information in box B and sign in box C, below)

☐ Disapproved
(Ó and sign in box C, below)

**B.  AMENDED INFORMATION** (To be completed by the VP/Chancellor Review Committee if "recommending w/ changes."

**1. SUMMARY OF SECTION IV   POINTS**                    **Justification:**

  A.  Educational Level            _____

  B.  Relevant Experience          _____

  C.  Qualitative Assessment of     _____
       Relevant Experience

  AMENDED TOTAL POINTS          _____

  AMENDED MONTHLY SALARY                         $_____

**2. SECTION V - REQUEST FOR EXCEPTION** (if appropriate)

**Amended Additional Amount**                        $_____

**3. AMENDED TOTAL MONTHLY SALARY  DETERMINATION**     $_____
  (This amended amount, the sum of 1 and 2 above,  must correspond with a "step" in the respective pay band)

**C.  SIGNATURE**          VP/Chancellor:_____        Date:_____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Section IV continued on next page**

®August 31, 2000 University of Hawai'i

000019

**Section IV - Salary Matrix** -*The assessment of pertinent credentials is to be completed by the supervisor utilizing the APT Application (UH Form 64), Resume/Vita and/or other appropriate documentation to conduct an assessment of the applicant/employee's pertinent credentials. The recommended salary determination shall be based on an accurate assessment of an individual's pertinent credentials. The VP/Chancellor shall determine the final salary, in consideration of the established compensation adjustment rules. Upon completion of Section IV, the supervisor shall complete Section I, "Summary of Section IV."*

A.   **Educational Level** - Assign points (not cumulative) based on the applicant/employee's highest level of <u>relevant</u> education, <u>relevant</u>   college-level course work and/or formally recognized, industry based certification <u>relevant</u> to the position.

| | | |
|---|---|---|
| ☐ | Relevant, formally recognized, industry based certification(s) | 1 point |
| ☐ | Four (4) relevant college-level courses (100 level to 299 level) | 1 point |
| ☐ | Four (4) relevant college-level upper division courses (300 level and above) | 2 points |
| ☐ | Associate Degree relevant to the field of assignment | 2 points |
| ☐ | Bachelor's Degree relevant to the field of assignment | 4 points |
| ☐ | Master's Degree relevant to the field of assignment | 5 points |
| ☐ | Doctorate relevant to the field of assignment | 6 points |

Degree: _____   Major: _____

Certification: 1)_____   2)_____   3) _____

Course Title
& Level:       1) _____   2)_____

              3)_____   4)_____

**Point Spread:  0 - 6**                    **EDUCATIONAL LEVEL - TOTAL POINTS:_____**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

B.   **Relevant Experience** - State the applicant/employee's years & months of <u>relevant</u> experience and award points as appropriate.

Relevant Experience of Applicant/Employee : Years: _____   Months: _____

| Experience | Points | Experience | Points |
|---|---|---|---|
| Less than one (1) year | 0 | Less than six (6) years | 6 |
| Less than two (2) years | 2 | Less than seven (7) years | 7 |
| Less than three (3) years | 3 | Less than eight (8) years | 8 |
| Less than four (4) years | 4 | Less than nine (9) years | 9 |
| Less than five (5) years | 5 | Nine (9) or more years | 10 |

**Point Spread:   0 - 10**                    **RELEVANT EXPERIENCE - TOTAL POINTS: _____**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

©August 31, 2000 University of Hawai'i

**C.** **Qualitative Assessment of Relevant Experience -** Assign points based on the applicant/employee's quality of relevant experience in terms of functional diversity, complexity and integration, and the overall relevancy of the experience when compared to the job at hand. *(See "Qualitative Assessment of Relative Experience" guidelines)*

**Justification** (this section must be completed):

Point Spread:    0 - 12        QUALITATIVE ASSESSMENT OF RELEVANT EXPERIENCE - TOTAL POINTS: _____

**Note: Upon completion of Section IV, the supervisor shall complete Section I - "Summary of Section IV" and compute total points to determine salary placement.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Section V - Request for Exception Beyond Salary Placement Determination** - *To be completed by the supervisor, in appropriately justified situations where it is determined that the salary placement determination does not adequately compensate the applicant/employee's credentials as evidenced by appropriate documentation.  Upon completion of Section V, the supervisor shall complete Section I - 2, as appropriate.*

**Justification** - Consider factors such as comparable positions in the University, comparable positions in the industry, value of the job in the industry, degree of specialization, need of the University, overall benefit to the work unit and/or University, etc.

| Recommended Additional Amount Beyond Salary Placement Determination | Monthly Exception |
|---|---|
| This is the recommended additional amount beyond the Salary Placement Determination (Section I - 1) resulting from the Salary Matrix Point Conversion Worksheet, based on Section IV.  This recommended additional amount (Section I - 2), when added to the Salary Placement Determination, must correspond with a "step" in the respective pay band. | $ |

**Note: Upon completion of Section V, the supervisor shall complete Section I - 2 and compute the total recommended salary amount (Section I - 3), as appropriate.**

(IT Form - SR)

®August 31, 2000 University of Hawaiʻi

OMB Approval:  1205-0451
Expiration Date:  06/30/2011

 Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**



**Please read and review the filing instructions before completing this form.  A copy of the instructions can be found at http://www.foreignlaborcert.doleta.gov/pdf/9089inst.pdf**

Employing or continuing to employ an alien unauthorized to work in the United States is illegal and may subject the employer to criminal prosecution, civil money penalties, or both.

### A.  Refiling Instructions

| 1. Are you seeking to utilize the filing date from a previously submitted Application for Alien Employment Certification (ETA 750)? | ☐ Yes | ☑ No |
|---|---|---|

1-A.  If Yes, enter the previous filing date

1-B.  Indicate the previous SWA or local office case number OR if not available, specify state where case was originally filed:

### B.  Schedule A or Sheepherder Information

| 1. Is this application in support of a Schedule A or Sheepherder Occupation? | ☐ Yes | ☑ No |
|---|---|---|

If Yes, do NOT send this application to the Department of Labor.  All applications in support of Schedule A or Sheepherder Occupations must be sent directly to the appropriate Department of Homeland Security office.

### C.  Employer Information (Headquarters or Main Office)

1. Employer's name
   UNIVERSITY OF HAWAII
2. Address 1
   FACULTY & SCHOLAR IMMIGRATION SERVICES
   Address 2
   2565 MCCARTHY MALL, PSB 106

| 3. City | State/Province | Country | Postal code |
|---|---|---|---|
| HONOLULU | HI | UNITED STATES OF AMERICA | 96822 |

| 4. Phone number | Extension |
|---|---|
| (808) 956-6374 | |

| 5. Number of employees | 6. Year commenced business |
|---|---|
| 8900 | 1907 |

| 7. FEIN( Federal Employer Identification Number) | 8. NAICS Code |
|---|---|
| 996000354 | 611310 |

| 9. Is the employer a closely held corporation, partnership, or sole proprietorship in which the alien has an ownership interest, or is there a familial relationship between the owners, stockholders, partners, corporate officers, incorporators, and the alien? | ☐ Yes | ☑ No |
|---|---|---|

### D.  Employer Contact Information (This section must be filled out.  This information must be different from the agent or attorney information listed in Section E).

| 1. Contact's last name | First name | Middle initial |
|---|---|---|
| Nakayama | Signe | |

2. Address 1
   Faculty & Scholar Immigration Services
   Address 2
   2565 McCarthy Mall, PSB 105

| 3. City | State/Province | Country | Postal code |
|---|---|---|---|
| Honolulu | HI | UNITED STATES OF AMERICA | 96822 |

| 4. Phone number | Extension |
|---|---|
| (808) 956-0935 | |

5. E-mail address
   signen@hawaii.edu

---

ETA Form 9089                    This Certification is valid from _____ to_____          Page 1 of 12

ETA Case Number: A-10344-38244

000022




OMB Approval:  1205-0451
Expiration Date:  06/30/2011

**Application for Permanent Employment Certification**
ETA Form 9089
**U.S. Department of Labor**

### E. Agent or Attorney Information (If applicable)

1. Agent or attorney's last name        First name                    Middle initial

2. Firm name

3. Firm EIN                    4. Phone number        Extension

5. Address 1

   Address 2

6. City              State/Province          Country          Postal code

7. E-mail address

### F. Prevailing Wage Information (as provided by the State Workforce Agency)

1. Prevailing wage tracking number (if applicable)    2. SOC/O*NET(OES) code
   P10010244371217                                    15-1034.00

3. Occupation Title                                   4. Skill Level
   Computer Software Engineers, Applications, Non

5. Prevailing wage          Per:  (Choose only one)
   $ 44,208.00       ☐ Hour   ☐ Week   ☐ Bi-Weekly   ☐ Month   ☑ Year

6. Prevailing wage source (Choose only one)
   ☐ OES   ☑ CBA   ☐ Employer Conducted Survey   ☐ DBA   ☐ SCA   ☐ Other

6-A. If Other is indicated in question 6, specify:

7. Determination date                8. Expiration date
   09/30/2010                          07/01/2011

### G. Wage Offer Information

1. Offered wage
   From:            To: (Optional)        Per:  (Choose only one)
   $ 57,194.00      $                     ☐ Hour  ☐ Week  ☐ Bi-Weekly  ☐ Month  ☑ Year

### H. Job Opportunity Information (Where work will be performed)

1. Primary worksite (where work is to be performed) address 1
   University of Hawaii at Manoa
   Address 2
   John A. Burns School of Medicine, 651 Ilalo Street

2. City              State          Postal code
   Honolulu          HI             96813

3. Job title
   Information Technology Specialist (Educational Technology Specialist)

4. Education: minimum level required:
   ☐ None   ☐ High School   ☐ Associate's   ☑ Bachelor's   ☐ Master's   ☐ Doctorate   ☐ Other

4-A. If Other is indicated in question 4, specify the education required:

4-B. Major field of study
     Management Information Systems

5. Is training required in the job opportunity?    5-A. If Yes, number of months of training required:
   ☐ Yes   ☑ No

ETA Form 9089          This Certification is valid from _____ to _____          Page 2 of 12

ETA Case Number: A-10344-38244

000023

OMB Approval:  1205-0451
Expiration Date:  06/30/2011

Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**



**H.  Job Opportunity Information Continued**

| | |
|---|---|
| 5-B.  Indicate the field of training: | |

| | |
|---|---|
| 6.  Is experience in the job offered required for the job?  ☐ Yes  ☑ No | 6-A.  If Yes, number of months experience required: |

7.  Is there an alternate field of study that is acceptable?    ☑ Yes   ☐ No

7-A.  If Yes, specify the major field of study:
    Information Systems, Computer Sci, Project Mgmt, Electrical Engineering; s

8.  Is there an alternate combination of education and experience that is acceptable?    ☐ Yes   ☑ No

8-A.  If Yes, specify the alternate level of education required:
☐ None   ☐ High School   ☐ Associate's   ☐ Bachelor's   ☐ Master's   ☐ Doctorate   ☐ Other

8-B.  If Other is indicated in question 8-A, indicate the alternate level of education required:

8-C.  If applicable, indicate the number of years experience acceptable in question 8:

9.  Is a foreign educational equivalent acceptable?    ☑ Yes   ☐ No

10.  Is experience in an alternate occupation acceptable?    ☐ Yes   ☑ No    10-A.  If Yes, number of months experience in alternate occupation required:

10-B.  Identify the job title of the acceptable alternate occupation:

11.  Job duties – If submitting by mail, add attachment if necessary.  Job duties description must begin in this space.
    See Attachment

12.  Are the job opportunity's requirements normal for the occupation?    ☑ Yes   ☐ No

*If the answer to this question is No, the employer must be prepared to provide documentation demonstrating that the job requirements are supported by business necessity.*

13.  Is knowledge of a foreign language required to perform the job duties?    ☐ Yes   ☑ No

*If the answer to this question is Yes, the employer must be prepared to provide documentation demonstrating that the language requirements are supported by business necessity.*

14.  Specific skills or other requirements – If submitting by mail, add attachment if necessary.  Skills description must begin in this space.
    See Attachment

OMB Approval: 1205-0451
Expiration Date: 06/30/2011



Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**



## H.  Job Opportunity Information Continued

| | |
|---|---|
| 15.  Does this application involve a job opportunity that includes a combination of occupations? | ☐ Yes  ☑ No |
| 16.  Is the position identified in this application being offered to the alien identified in Section J? | ☑ Yes  ☐ No |
| 17.  Does the job require the alien to live on the employer's premises? | ☐ Yes  ☑ No |
| 18.  Is the application for a live-in household domestic service worker? | ☐ Yes  ☑ No |
| 18-A.  If Yes, have the employer and the alien executed the required employment contract and has the employer provided a copy of the contract to the alien? | ☐ Yes  ☐ No  ☐ NA |

## I.  Recruitment Information

### a.  Occupation Type – All must complete this section.

| | |
|---|---|
| 1.  Is this application for a **professional occupation**, other than a college or university teacher? Professional occupations are those for which a bachelor's degree (or equivalent) is normally required. | ☑ Yes  ☐ No |
| 2.  Is this application for a college or university teacher?  **If Yes, complete questions 2-A and 2-B below.** | ☐ Yes  ☑ No |
| 2-A.  Did you select the candidate using a competitive recruitment and selection process? | ☐ Yes  ☐ No |
| 2-B.  Did you use the basic recruitment process for professional occupations? | ☐ Yes  ☐ No |

### b.  Special Recruitment and Documentation Procedures for College and University Teachers – Complete only if the answer to question I.a.2-A is Yes.

| |
|---|
| 3.  Date alien selected: |
| 4.  Name and date of national professional journal in which advertisement was placed: |
| 5.  Specify additional recruitment information in this space.  Add an attachment if necessary. |

### c.  Professional/Non-Professional Information –  Complete this section unless your answer to question B.1 or I.a.2-A is YES.

| | |
|---|---|
| 6.  Start date for the SWA job order  08/04/2010 | 7.  End date for the SWA job order  09/03/2010 |
| 8.  Is there a Sunday edition of the newspaper in the area of intended employment? | ☑ Yes  ☐ No |
| 9.  Name of newspaper (of general circulation) in which the first advertisement was placed:  Honolulu Star-Advertiser | |
| 10.  Date of first advertisement identified in question 9:  08/08/2010 | |
| 11.  Name of newspaper or professional journal (if applicable) in which second advertisement was placed:  Honolulu Star-Advertiser | ☑ Newspaper  ☐ Journal |

ETA Form 9089          This Certification is valid from _____ to _____          Page 4 of 12

ETA Case Number: A-10344-38244

000025

OMB Approval:  1205-0451
Expiration Date: 06/30/2011

Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**



---

### I.  Recruitment Information Continued

| 12. Date of second newspaper advertisement or date of publication of journal identified in question 11: 08/15/2010 |
|---|

**d.  Professional Recruitment Information – Complete if the answer to question I.a.1 is YES or if the answer to I.a.2-B is YES.   Complete at least 3 of the items.**

| 13. Dates advertised at job fair  From:          To: | 14. Dates of on-campus recruiting  From:          To: |
|---|---|
| 15. Dates posted on employer web site  From: 08/02/2010 To: 09/04/2010 | 16. Dates advertised with trade or professional organization  From:          To: |
| 17. Dates listed with job search web site  From: 08/05/2010 To: 09/04/2010 | 18. Dates listed with private employment firm  From:          To: |
| 19. Dates advertised with employee referral program  From:          To: | 20. Dates advertised with campus placement office  From: 08/15/2010   To: 09/04/2010 |
| 21. Dates advertised with local or ethnic newspaper  From:          To: | 22. Dates advertised with radio or TV ads  From:          To: |

**e.  General Information – All must complete this section.**

| 23. Has the employer received payment of any kind for the submission of this application? | ☐ Yes  ☑ No |
|---|---|
| 23-A.  If Yes, describe details of the payment including the amount, date and purpose of the payment : | |
| 24.  Has the bargaining representative for workers in the occupation in which the alien will be employed been provided with notice of this filing at least 30 days but not more than 180 days before the date the application is filed? | ☑ Yes  ☐ No  ☐ NA |
| 25.  If there is no bargaining representative, has a notice of this filing been posted for 10 business days in a conspicuous location at the place of employment, ending at least 30 days before but not more than 180 days before the date the application is filed? | ☐ Yes  ☐ No  ☑ NA |
| 26.   Has the employer had a layoff in the area of intended employment in the occupation involved in this application or in a related occupation within the six months immediately preceding the filing of this application? | ☐ Yes  ☑ No |
| 26-A.  If Yes, were the laid off U.S. workers notified and considered for the job opportunity for which certification is sought? | ☐ Yes  ☐ No  ☐ NA |

---

### J.  Alien Information (This section must be filled out.  This information must be different from the agent or attorney information listed in Section E).

| 1.  Alien's last name  HSIAO | First name  YA-WEN | Full middle name |
|---|---|---|
| 2.  Current address 1  423 NAMAHANA ST. #102 | | |
| Address 2 | | |

| 3.  City  HONOLULU | State/Province  HI | Country  UNITED STATES OF AMERICA | Postal code  96815 |
|---|---|---|---|

| 4.  Phone number of current residence  808-728-2646 | |
|---|---|
| 5.  Country of citizenship  TAIWAN | 6.  Country of birth  TAIWAN |
| 7.  Alien's date of birth  01/04/1981 | 8.  Class of admission  H-1B |
| 9.  Alien registration number (A#)  135787942 | 10.  Alien admission number (I-94)  06150274322 |

| 11.  Education: highest level achieved relevant to the requested occupation: |
|---|
| ☐ None   ☐ High School   ☐ Associate's   ☐ Bachelor's   ☑ Master's   ☐ Doctorate   ☐ Other |

---

OMB Approval: 1205-0451
Expiration Date: 06/30/2011

Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**



**J. Alien Information Continued**

| | |
|---|---|
| 11-A.  If Other indicated in question 11, specify | |

| |
|---|
| 12.  Specify major field(s) of study |
| INFORMATION SYSTEMS |

| |
|---|
| 13.  Year relevant education completed |
| 2005 |

| |
|---|
| 14.  Institution where relevant education specified in question 11 was received |
| HAWAII PACIFIC UNIVERSITY |

| |
|---|
| 15.  Address 1 of conferring institution |
| 1164 BISHOP STREET |
| Address 2 |

| 16.  City | State/Province | Country | Postal code |
|---|---|---|---|
| HONOLULU | HI | UNITED STATES OF AMERICA | 96813 |

| | Yes | No | NA |
|---|---|---|---|
| 17.  Did the alien complete the training required for the requested job opportunity, as indicated in question H.5? | ☐ Yes | ☐ No | ✓ NA |
| 18.  Does the alien have the experience as required for the requested job opportunity indicated in question H.6? | ☐ Yes | ☐ No | ✓ NA |
| 19.  Does the alien possess the alternate combination of education and experience as indicated in question H.8? | ☐ Yes | ☐ No | ✓ NA |
| 20.  Does the alien have the experience in an alternate occupation specified in question H.10? | ☐ Yes | ☐ No | ✓ NA |
| 21.  Did the alien gain any of the qualifying experience with the employer in a position substantially comparable to the job opportunity  requested? | ☐ Yes | ✓ No | ☐ NA |
| 22.  Did the employer pay for any of the alien's education or training necessary to satisfy any of the employer's job requirements for this position? | ☐ Yes | ✓ No | |
| 23.  Is the alien currently employed by the petitioning employer? | ✓ Yes | ☐ No | |

**K. Alien Work Experience**

List all jobs the alien has held during the past 3 years.  Also list any other experience that qualifies the alien for the job opportunity for which the employer is seeking certification.

*a. Job 1*

| | |
|---|---|
| 1.  Employer name | |
| University of Hawaii | |

| |
|---|
| 2.  Address 1 |
| John A. Burns School of Medicine, 651 Ilalo St. |
| Address 2 |

| 3.  City | State/Province | Country | Postal code |
|---|---|---|---|
| Honolulu | HI | UNITED STATES OF AMERICA | 96813 |

| 4.  Type of business | 5.  Job title |
|---|---|
| Education - University | Info Technology Specialis |

| 6.  Start date | 7.  End date | 8.  Number of hours worked per week |
|---|---|---|
| 12/05/2005 | | 40 |

Job 1 continued on next page

---

ETA Form 9089          This Certification is valid from _____ to _____          Page 6 of 12

ETA Case Number: A-10344-38244

000027

OMB Approval:  1205-0451
Expiration Date:  06/30/2011

Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**



**K.  Alien Work Experience Continued**

9.  Job details (duties performed, use of tools, machines, equipment, skills, qualifications, certifications, licenses, etc. Include the phone number of the employer and the name of the alien's supervisor.)

Provide IT support; serve on the Help Desk team, including assisting with managing Help Desk operations; documenting procedures; troubleshooting; other related duties in computer software and hardware support.

Supervisor: Terry Gerber
Phone: 808-692-1111

Note: Ms. Hsiao briefly held the position of IT Specialist (Educational Technology Specialist) from 06/24/2010 - 07/21/2010. On 07/22/2010, she resumed the IT Specialist position described here.

**b.  Job 2**

| | | | |
|---|---|---|---|
| 1.  Employer name<br>Hawaii Pacific University | | | |
| 2.  Address 1<br>1164 Bishop Street | | | |
| Address 2 | | | |

| 3.  City<br>Honolulu | State/Province<br>HI | Country<br>UNITED STATES OF AMERICA | Postal code<br>96813 |
|---|---|---|---|
| 4.  Type of business<br>Education - University | | 5.  Job title<br>Asst Computer Support Spec | |
| 6.  Start date<br>02/17/2004 | 7.  End date<br>10/31/2005 | 8.  Number of hours worked per week<br>17 | |

9.  Job details (duties performed, use of tools, machines, equipment, skills, qualifications, certifications, licenses, etc. Include the phone number of the employer and the name of the alien's supervisor.)

Provided telephone support to University users; troubleshooting; resolved hardware and software problems; installed, configured, and maintained personal computers.

Supervisor: Tom Thomas
Phone: 808-544-1193

**c.  Job 3**

| | | | |
|---|---|---|---|
| 1.  Employer name | | | |
| 2.  Address 1 | | | |
| Address 2 | | | |

| 3.  City | State/Province | Country | Postal code |
|---|---|---|---|
| 4.  Type of business | | 5.  Job title | |
| 6.  Start date | 7.  End date | 8.  Number of hours worked per week | |

Job 3 continued on next page

---

OMB Approval:  1205-0451
Expiration Date:  06/30/2011

Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**



**K.  Alien Work Experience Continued**

9.  Job details (duties performed, use of tools, machines, equipment, skills, qualifications, certifications, licenses, etc. Include the phone number of the employer and the name of the alien's supervisor.)

---

**L.  Alien Declaration**

*I declare under penalty of perjury that Sections J and K are true and correct.*  *I understand that to knowingly furnish false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by a fine or imprisonment up to five years or both under 18 U.S.C. §§ 2 and 1001.  Other penalties apply as well to fraud or misuse of ETA immigration documents and to perjury with respect to such documents under 18 U.S.C. §§ 1546 and 1621.*

*In addition, I further declare under penalty of perjury that I intend to accept the position offered in Section H of this application if a labor certification is approved and I am granted a visa or an adjustment of status based on this application.*

| 1.  Alien's last name | First name | Full middle name |
|---|---|---|
| HSIAO | YA-WEN | |

| 2.  Signature | Date signed |
|---|---|
| *[signature]* | 2/15/2011 |

*Note* – The signature and date signed do not have to be filled out when electronically submitting to the Department of Labor for processing, but must be complete when submitting by mail.  If the application is submitted electronically, any resulting certification MUST be signed *immediately upon receipt* from DOL before it can be submitted to USCIS for final processing.

---

**M. Declaration of Preparer**

| 1.  Was the application completed by the employer? If No, you must complete this section. | ✓ Yes | ☐ No |
|---|---|---|

*I hereby certify that I have prepared this application at the direct request of the employer listed in Section C and that to the best of my knowledge the information contained herein is true and correct. I understand that to knowingly furnish false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by a fine, imprisonment up to five years or both under 18 U.S.C. §§ 2 and 1001.  Other penalties apply as well to fraud or misuse of ETA immigration documents and to perjury with respect to such documents under 18 U.S.C. §§ 1546 and 1621.*

| 2.  Preparer's last name | First name | Middle initial |
|---|---|---|
| | | |

| 3.  Title |
|---|
| |

| 4.  E-mail address |
|---|
| |

| 5.  Signature | Date signed |
|---|---|
| | |

*Note* – The signature and date signed do not have to be filled out when electronically submitting to the Department of Labor for processing, but must be complete when submitting by mail.  If the application is submitted electronically, any resulting certification MUST be signed *immediately upon receipt* from DOL before it can be submitted to USCIS for final processing.

---

ETA Form 9089                    This Certification is valid from _____ to_____ _____                    Page 8 of 12

ETA Case Number: A-10344-38244

OMB Approval: 1205-0451
Expiration Date: 06/30/2011

Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**



### N. Employer Declaration

*By virtue of my signature below, I HEREBY CERTIFY the following conditions of employment:*

1. The offered wage equals or exceeds the prevailing wage and I will pay at least the prevailing wage.
2. The wage is not based on commissions, bonuses or other incentives, unless I guarantees a wage paid on a weekly, bi-weekly, or monthly basis that equals or exceeds the prevailing wage.
3. I have enough funds available to pay the wage or salary offered the alien.
4. I will be able to place the alien on the payroll on or before the date of the alien's proposed entrance into the United States.
5. The job opportunity does not involve unlawful discrimination by race, creed, color, national origin, age, sex, religion, handicap, or citizenship.
6. The job opportunity is not:
   a. Vacant because the former occupant is on strike or is being locked out in the course of a labor dispute involving a work stoppage; or
   b. At issue in a labor dispute involving a work stoppage.
7. The job opportunity's terms, conditions, and occupational environment are not contrary to Federal, state or local law.
8. The job opportunity has been and is clearly open to any U.S. worker.
9. The U.S. workers who applied for the job opportunity were rejected for lawful job-related reasons.
10. The job opportunity is for full-time, permanent employment for an employer other than the alien.

**I hereby designate** the agent or attorney identified in section E (if any) to represent me for the purpose of labor certification and, by virtue of my signature in Block 3 below, **I take full responsibility** for the accuracy of any representations made by my agent or attorney.

**I declare** under penalty of perjury that I have read and reviewed this application and that to the best of my knowledge the information contained herein is true and accurate. *I understand that to knowingly furnish false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by a fine or imprisonment up to five years or both under 18 U.S.C. §§ 2 and 1001. Other penalties apply as well to fraud or misuse of ETA immigration documents and to perjury with respect to such documents under 18 U.S.C. §§ 1546 and 1621.*

| 1. Last name | First name | Middle initial |
|---|---|---|
| Nakayama | Signe | |

| 2. Title |
|---|
| Immigration Specialist |

| 3. Signature | Date signed |
|---|---|
| *Signe Nakayama* | 02/10/2011 |

*Note* – The signature and date signed do not have to be filled out when electronically submitting to the Department of Labor for processing, but must be complete when submitting by mail. If the application is submitted electronically, any resulting certification MUST be signed *immediately upon receipt* from DOL before it can be submitted to USCIS for final processing.

### O. U.S. Government Agency Use Only

Pursuant to the provisions of Section 212 (a)(5)(A) of the Immigration and Nationality Act, as amended, I hereby certify that there are not sufficient U.S. workers available and the employment of the above will not adversely affect the wages and working conditions of workers in the U.S. similarly employed.

This Certification is valid from _____ to _____

_____
Signature of Certifying Officer

_____
Date Signed

A-10344-38244
Case Number

01/13/2011
Filing Date

---

ETA Form 9089          This Certification is valid from _____ ___to_____                Page 9 of 12

OMB Approval:  1205-0451
Expiration Date:  06/30/2011

Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**



**P.  OMB Information**  *Paperwork Reduction Act Information Control Number 1205-0451*

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.

Respondent's reply to these reporting requirements is required to obtain the benefits of permanent employment certification (Immigration and Nationality Act, Section 212(a)(5)).  Public reporting burden for this collection of information is estimated to average 1¼ hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate to the Division of Foreign Labor Certification * U.S. Department of Labor * Room C4312 * 200 Constitution Ave., NW * Washington, DC * 20210.
**Do NOT send the completed application to this address.**

**Q.  Privacy Statement Information**

In accordance with the Privacy Act of 1974, as amended (5 U.S.C. 552a), you are hereby notified that the information provided herein is protected under the Privacy Act.  The Department of Labor (Department or DOL) maintains a System of Records titled Employer Application and Attestation File for Permanent and Temporary Alien Workers (DOL/ETA-7) that includes this record.

Under routine uses for this system of records, case files developed in processing labor certification applications, labor condition applications, or labor attestations may be released as follows:  in connection with appeals of denials before the DOL Office of Administrative Law Judges and Federal courts, records may be released to the employers that filed such applications, their representatives, to named alien beneficiaries or their representatives, and to the DOL Office of Administrative Law Judges and Federal courts; and in connection with administering and enforcing immigration laws and regulations, records may be released to such agencies as the DOL Office of Inspector General, Employment Standards Administration, the Department of Homeland Security, and the Department of State.

Further relevant disclosures may be made in accordance with the Privacy Act and under the following circumstances:  in connection with federal litigation; for law enforcement purposes; to authorized parent locator persons under Pub. L. 93-647; to an information source or public authority in connection with personnel, security clearance, procurement, or benefit-related matters; to a contractor or their employees, grantees or their employees, consultants, or volunteers who have been engaged to assist the agency in the performance of Federal activities; for Federal debt collection purposes; to the Office of Management and Budget in connection with its legislative review, coordination, and clearance activities; to a Member of Congress or their staff in response to an inquiry of the Congressional office made at the written request of the subject of the record; in connection with records management; and to the news media and the public when a matter under investigation becomes public knowledge, the Solicitor of Labor determines the disclosure is necessary to preserve confidence in the integrity of the Department, or the Solicitor of Labor determines that a legitimate public interest exists in the disclosure of information, unless the Solicitor of Labor determines that disclosure would constitute an unwarranted invasion of personal privacy.

ETA Form 9089                       This Certification is valid from _____ to _____                       Page 10 of 12

ETA Case Number: A-10344-38244

000031

Addendum

H. 11. Job duties

Develop medical education & administrative software applications for JABSOM, utilizing personal data assistants (PDA), web, & other interfaces, packaged & in-house developed software programs, & data repositories in a distributed environment; System Administration: manage & administer applications used by faculty, staff, & students for medical education, including user administration, security management, & virtual group management; design, implement & integrate subsystems of medium to high complexity using a variety of programming languages, including Microsoft Access, Visual Basic, Active Server Pages, .NET, SQL, & PHP; test & debug systems of medium to high complexity for a distributed computing environment; Mobile Devices: provide application training & support, as well as technical support/troubleshooting for Mobile device access (iPhone, Windows Mobile, Palm, Blackberry, etc.) & applications (T-Res) for coursework/clinical rotations; prepare written technical documentation for systems of medium to high complexity; generate materials & conduct training for end-users including faculty, staff, & students on use of software, web applications, PDAs, databases, etc.; Database Management: design, develop, implement & maintain databases supporting student education & curriculum administration; Database Management: support statistical analysis & data management of exam responses, survey questions, course materials, & curriculum map; keep abreast of emerging technologies & trends in higher education by reviewing articles in trade journals, periodicals, technical manuals, etc. in both paper & electronic formats & by attending classes, conferences, presentations; identify technologies applicable to or of potential use to JABSOM-acquires knowledge of these technologies/systems, hardware/software in order to perform current duties & advise users on the application of identified technologies; assist users in evaluating & selecting appropriate computer hardware & software to meet operational requirements or problem resolution-also provide technical consulting on the implementation & application of selected solutions; integrates IT skills & knowledge in support of JABSOM's educational mission, which may include the usage of principles of education in conjunction with leading edge technology for JABSOM; other duties as assigned.

---

ETA Form 9089          This Certification is valid from _____ to _____          Page 11 of 12

ETA Case Number: A-10344-38244

Addendum

H. 14.  Specific skills or other requirements

***H.7-A cont: Civil Engineering with emphasis in project mgmt, business degree in mgmt (ie: project mgmt, training, business technology, educational degree with emphasis on technical training, instructional design).***

3 years of progressively responsible professional information technology experience with responsibilities for desktop application support, web application support, &/or user application support/help desk, of which 2 years of the experience must have been comparable in scope & complexity to the next lower payband in the UH broadband system (PBA rank); or equivalent education/training or experience; considerable working knowledge of the use of computers for teaching, training &/or learning (e.g., educational technology systems) as demonstrated by the broad knowledge & understanding of the full range of pertinent standard & evolving information technology concepts, principles & methodology; considerable working knowledge & understanding of the broad technology, systems, hardware & software associated with application development, teaching, training, &/or learning with technology (e.g., educational technology); demonstrated ability to recognize a wide range of intricate problems, use reasoning & logic to determine accurate causes, & apply principles & practices to determine, evaluation, integrate, & implement practical & thorough solutions in an effective & timely manner; demonstrated ability to interpret & present information & ideas clearly & accurately in writing, verbally & by preparation of reports & other materials; demonstrated ability to establish & maintain effective working relationships with internal & external organizations, groups, team leaders & members, & individuals; for supervisory work, demonstrated ability to lead subordinates, manage work priorities & projects, & manage employee relations; any equivalent combination of education &/or professional work experience which provides the required education, knowledge, skills and abilities as indicated; considerable working knowledge of scripting languages & web development platforms such as ASP, ASP.NET, PHP, & Perl; considerable working knowledge of system administration as related to user provisioning, security management, systems optimization, upgrade implementation, & customer service; knowledge of application development as demonstrated by a comprehensive understanding of current application development principles & methodology; working knowledge of database integration & management including SQL & MySQL, & ability to create relational databases as needed; considerable knowledge of the limitations, capabilities, uses for desktop applications (e.g. Microsoft Word, Microsoft Excel, Microsoft PowerPoint, Microsoft Outlook).

fedex.com 1.800.GoFedEx 1.800.463.3339



000034

**U.S. Department of Labor**          **Employment and Training Administration**

Office of Foreign Labor Certification
Atlanta National Processing Center
Harris Tower
233 Peachtree Street, Suite 410
Atlanta, GA 30303



March 23, 2012

UNIVERSITY OF HAWAII                    ETA Case Number:    A-10344-38244
c/o Signe Nakayama                       Alien's Name:    YA-WEN HSIAO
Faculty & Scholar Immigration
Services                                                  Computer Software Engineers,
2565 McCarthy Mall, PSB 105                               Applications, Non R&D,
Honolulu, HI 96822                        Occupation:     15-1034.00
                                    Date of Acceptance for
                                          Processing:     January 13, 2011

Dear UNIVERSITY OF HAWAII

The Department of Labor has made a determination on your Application for Permanent Employment Certification (Form ETA 9089) in accordance with the Department's regulations at 20 CFR § 656.24 and as required by the Immigration and Nationality Act (INA), as amended. **Form ETA 9089 has not been certified.** A certification cannot be issued as required by Section 212(a)(5)(A) of the INA, as amended. The reasons for denial are outlined in the attachment "Reasons for Denial". A request for review of this denial may be made to the Board of Alien Labor Certification Appeals (BALCA) by the employer. When seeking review of this determination, the request must be in accordance with the following:

- The request for review must be in writing;
- The request must clearly identify the particular labor certification determination from which review is sought;
- The request must set forth the particular grounds for the request;
- The request must include all the documents that accompany this Final Determination form;
- The request for review, statements, briefs, and other submissions of the parties and amicus curiae must contain only legal arguments and only such evidence that was within the record upon which the denial of the labor certification was based; and
- The request must be mailed to the attention of the Office of Foreign Labor Certification Certifying Officer who denied the application within **30 calendar days** of the date of this determination.

If this application was denied because it was incomplete or because the employer did not submit documentation requested by the Certifying Officer to finalize review of the application by the date specified, the failure to provide the requested documentation in a timely manner constitutes refusal to exhaust available administrative remedies and the employer cannot request review of this denial with BALCA as outlined in §656.26.

Failure to request review within 30 calendar days, as specified in §656.26, constitutes a failure to exhaust administrative remedies. If a request for review is not made within 30 calendar days, the denial shall become the final determination of the Secretary. If an application for a labor certification is denied, and a request for review is not made in accordance with the procedures at §656.26(a) and (b), a new application may be filed. *A new application in the same occupation for the same alien cannot be filed while a request for review is pending with the Board of Alien Labor Certification Appeals.* Reconsideration may be requested any time within 30 days from the date of issuance of this denial. The Certifying Officer may, in his or her complete discretion, reconsider the determination or treat it as a request for review under §656.26(a).

Sincerely,

William Carlson, Ph.D.
National Certifying Officer

CC: UNIVERSITY OF HAWAII
Enclosure: Reasons for Denial

## Reasons for Denial

### Case # A-10344-38244

Your Application for Permanent Employment Certification was not certified due to the following:

**Denial Reason #1:**

The employer failed to provide adequate documentation of the additional recruitment steps for professional occupations as required in the Audit Notification letter.  The employer indicated in Item I.d.15 of ETA Form 9089 that it used its web site to advertise the job opportunity described in Section H.  The employer also provided a document which looks to be a word document that is title, "Work at UH Advertisement." The document does not appear to be from a website, nor is there any proof that the documentation was posted to the employer's website. The employer failed to provide dated copies of the pages from the site that advertised the job opportunity.

AUTHORITY FOR DENIAL: Departmental regulations at 20 CFR § 656.17(e)(1)(ii)(B), states:  "The use of the employer's web site as a recruitment medium can be documented by providing dated copies of pages from the site that advertise the occupation involved in the application."

**Denial Reason #2:**

The documentation provided by the employer as proof of the employer's website offers terms and conditions of employment that are less favorable than those offered to the foreign worker.  Specifically, the advertisement contains a wage of $3,684 per month, $44,220.80 per year which is lower than the offered wage, $57,194.00 per year listed in section G.1 on the ETA Form 9089.

AUTHORITY FOR DENIAL: In accordance with the Department's regulations at 20 CFR § 656.17(f)(7), advertisements placed in newspapers of general circulation or in professional journals must "not contain wages or terms and conditions of employment that are less favorable than those offered to the alien."

The employer is reminded that, as an alternative to filing an appeal, i.e., either a request for reconsideration, in accordance with the Department's regulations at 20 CFR § 656.24, or request for review, in accordance with the Department's regulations at § 656.26, it may correct the deficiencies as outlined in the denial and submit a new application to the Atlanta National Processing Center for review.

000036

UNIVERSITY OF HAWAII
c/o Signe Nakayama

Faculty & Scholar Immigration Services
2565 McCarthy Mall, PSB 105

Honolulu, HI 96822

000037

Office of International and Exchange Programs
**Faculty and Scholar Immigration Services**



**UNIVERSITY**
*of* **HAWAI'I** *®*

MĀNOA

March 1, 2012

Audit Review Team
Atlanta National Processing Center
Harris Tower
233 Peachtree Street, Suite 410
Atlanta, GA 30303

Re:     ETA Case Number:  A-10344-38244
        Alien's Name:  Ya-Wen HSIAO

Dear Certifying Officer:

As requested in your letter dated February 28, 2012, the University of Hawaii submits     a "copy of the complete, original response as submitted on February 16, 2011." We are providing copies of the response since originals were previously sent.

A copy of the February 28, 2012 letter is also included.

We hope this provides all the required documentation necessary to continue processing this application. Thank you for your assistance.

Sincerely,

Signe Nakayama
Immigration Specialist

cc:     JABSOM

2565 McCarthy Mall, PSB 102-106, Honolulu, Hawai'i 96822
Phone: (808) 956-0935 | Fax: (808) 956-5030
Email: signen@hawaii.edu | Web: www.hawaii.edu/fsis
An Equal Opportunity/Affirmative Action Institution

000038

**U.S. Department of Labor**          **Employment and Training Administration**

Office of Foreign Labor Certification
Atlanta National Processing Center
Harris Tower
233 Peachtree Street, Suite 410
Atlanta, GA 30303

February 28, 2012

| | |
|---|---|
| UNIVERSITY OF HAWAII | ETA Case Number: |
| c/o Signe Nakayama | Alien's Name: |
| Faculty & Scholar Immigration Services | |
| 2565 McCarthy Mall, PSB 105 Honolulu, | |
| HI 96822 | Occupation: |

ETA Case Number:    A-10344-38244

Alien's Name:    YA-WEN HSIAO

Occupation:    Computer Software Engineers, Applications, Non R&D, 15-1034.00

Date of Acceptance for Processing:    January 13, 2011

In Response, refer to:     Audit Review Team
Atlanta National Processing Center
Harris Tower
233 Peachtree Street, Suite 410      MAR   8 2012
Atlanta, GA 30303

Dear UNIVERSITY OF HAWAII

The Application for Permanent Labor Certification (ETA Form 9089) submitted to the United States Department of Labor on January 13, 2011 was selected for audit on January 18, 2011. In an effort to continue the adjudication of your case, the Atlanta National Processing Center will need to obtain the following information:

- A statement signed by the employer indicating whether you would like to proceed with the processing of this application. Should your statement indicate a desire to not continue the processing of this application, the Atlanta National Processing Center will deem the application withdrawn and no further action will be taken.

OR

- Should you choose to continue with the processing of this case, *please provide the information requested in the attachment to this letter*.

The required documentation must be submitted by March 29, 2012. If the required documentation has not been electronically emailed or mailed and post marked by the date specified to the address listed above:

- The application will be denied
- The failure to provide the requested documentation in a timely manner will constitute refusal to exhaust available administrative remedies; and
- The administrative judicial review procedure provided in 20 CFR § 656.26 will not be available

**NOTE:** *In accordance with the Department's regulations at 20 CFR § 656.20(b), a substantial failure by the employer to provide the required audit documentation will result in the application being denied under § 656.24, and may result in a determination by the Certifying Officer to require the employer to conduct supervised recruitment under § 656.21 in future filings of labor certification applications for up to 2 years. Moreover, a pattern or practice of failing to comply in the audit process, which includes but is not limited to, a failure to provide required documentation, in accordance with the Department's regulations at 20 CFR § 656.20, is a ground for debarment of an employer, attorney, agent, or any combination thereof from the permanent labor certification program for a period of up to three years under § 656.31(f)(iv).*

Sincerely,

William Carlson, Ph.D.
National Certifying Officer

Enclosure(s): Requested Information

*Knowingly furnishing false information in the preparation of this form (ETA Form 9089) or any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by a fine, imprisonment up to five years or both (18 U.S.C.2, 1001).*

## Requested Information

**Additional Audit Request:**

Provide a copy of the complete, original response as submitted on February 16, 2011.  Copies may be used if original documents (tear sheets, PWD, etc.) were sent with the prior submission.



Office of International and Exchange Programs
Faculty and Scholar Immigration Services

UNIVERSITY
of HAWAI'I®

MĀNOA

FEB 10 2011

Audit Team
Atlanta Processing Center
Harris Tower, 233 Peachtree Street, Suite 410
Atlanta, GA 30303

Re:    ETA Case Number:  A-10344-38244
       Alien's Name:  Ya-Wen HSIAO

Dear Certifying Officer:

In response to the Audit Notification of January 18, 2011, the University of Hawaii submits the following requested documents:

1.  A copy of the Audit Notification

2.  A copy of the submitted ETA Form 9089 with original signatures in Sections L and N

3.  Proof of business necessity: Not applicable. The answer to H-12 is yes, answers to H-13, H-15, and H-17 are no, and the duties/requirements are not beyond those defined for the job.

4.  Documentation for live-in household domestic service workers: Not applicable. The answer to H-18 is no.

5.  Notice of filing documentation as outlined in 656.10(d): Pursuant to 656.10(d)(1)(i), the University provided notice to the collective bargaining representative, the Hawaii Government Employees Association (HGEA). The following documents are attached as evidence:

    •  Copy of the notice of filing addressed to HGEA
    •  Evidence of electronic transmission of the notice (i.e. UH FileDrop service confirmation printouts)
    •  Evidence that the recipients of the electronic transmission are HGEA agents (i.e. printout of staff contact list from the HGEA website)

6.  656.17 Basic Process Recruitment Documentation:

    •  Recruitment report for the position: Letter from the Director for the Office of Medical Education and the University of Hawaii Board of Regents Recruitment/Selection Form (Form 17)
    •  Copy of the NPWC-issued prevailing wage determination
    •  Copy of the job order placed with the SWA (Oahu WorkLinks Honolulu)
    •  Documentation as outlined in 656.17(e):
        o Copies of Sunday print ads placed in the Honolulu Star-Advertiser newspaper on 08/08/2010 and 08/15/2010
        o Printout of ad placed on employer's website (workatuh.hawaii.edu)
        o Printout of ad placed on job search website other than the employer's (craigslist.org)
        o Printout of ad placed with the campus placement office (UH Center for Career Development and Student Employment)

2565 McCarthy Mall, PSB 102-106, Honolulu, Hawai'i 96822
Phone: (808) 956-0935 | Fax: (808) 956-5030
Email: signen@hawaii.edu | Web: www.hawaii.edu/fsis
An Equal Opportunity/Affirmative Action Institution

000041

ETA Case Number:  A-10344-38244
Alien's Name:  Ya-Wen Hsiao
Page 2 of 2

In response to the Attachment: Required Documentation for Response to Notification of Audit, we are submitting documentation showing that each of the other applicants for the position were rejected for lawful, job-related reasons.

We hope this provides all the required documentation necessary to process this application. Thank you for your assistance.

Sincerely,

Signe Nakayama
Immigration Specialist

cc:  JABSOM

**U.S. Department of Labor**

**Employment and Training Administration**

Atlanta National Processing Center

Harris Tower

233 Peachtree Street, Suite 410

Atlanta, GA 30303



## AUDIT NOTIFICATION

January 18, 2011

| | | |
|---|---|---|
| UNIVERSITY OF HAWAII | ETA Case Number: | A-10344-38244 |
| c/o Signe Nakayama | Alien's Name: | YA-WEN HSIAO |
| Faculty & Scholar Immigration Services | | |
| 2565 McCarthy Mall, PSB 105 Honolulu, | | Computer Software Engineers, |
| HI 96822 | | Applications, Non R&D, |
| | Occupation: | 15-1034.00 |
| | Date of Acceptance for | |
| | Processing: | January 13, 2011 |

In Response, refer
to:
      Audit Team

      Atlanta Processing Center

      Harris Tower

      233 Peachtree Street, Suite 410

      Atlanta, GA 30303

Dear UNIVERSITY OF HAWAII

The Application for Permanent Employment Certification (ETA Form 9089) submitted to the U.S. Department of Labor on January 13, 2011 has been selected for audit. In accordance with § 656.20, please submit the following information to the address specified above:

- The documentation listed on the following attachment supporting the attestations made on the application.
- A copy of this Audit Notification.
- A copy of the submitted ETA Form 9089, **with original signatures** in Section L (Alien Declaration), Section M (Declaration of Preparer (if applicable)), and Section N (Employer Declaration).
- Proof of business necessity as outlined by § 656.17(h) if the answer for question H-12 is no, the answer for questions H-13, H-15, or H-17 are yes, or the job duties and/or requirements are beyond those defined for the job by the SOC/O*Net code and Occupation Title provided by the National Prevailing Wage Center.
- Documentation required for live-in household domestic service workers as outlined by §656.19(b) if the answer to question H-18 is yes.
- Notice of filing documentation as outlined in 656.10(d).
  - Documentation submitted in response to this audit notification must include proof that the employer's notice of filing was posted for ten (10) consecutive business days and was accessible to all employees. If one or more of the 10 business days is a Saturday, Sunday, and/or a holiday, the employer must submit documentation to demonstrate that it was open for business on the Saturday, Sunday, and/or holiday in question and, again, demonstrate that employees had access to the posting location of the notice of filing.
- Recruitment Documentation
  - § 656.17 Basic Process:
    - The recruitment report for this position as described in § 656.17(g)(1) signed by the employer or the employer's representative describing the recruitment steps undertaken and the results achieved, the number of hires, and, if applicable, the number of U.S. workers rejected, summarized by the lawful job-related reasons for such rejections. Be advised, the Certifying

Officer, after reviewing the employer's recruitment report, may request U.S. workers' resumes or applications, sorted by the reasons the workers were rejected.
o A copy of the Prevailing Wage Determination received from the National Prevailing Wage Center (NPWC) and if not included in the Prevailing Wage Determination, a copy of the request for the determination as originally submitted to the NPWC.
o A copy of the job order placed with the SWA serving the area of intended employment downloaded from the SWA Internet job listing site, a copy of the job order provided by the SWA, or other proof of publication from the SWA containing the content of the job order, where a job order is required by the recruitment provisions of 20 CFR 656 and/or a job order is listed on the ETA Form 9089 as a recruitment source.
o Documentation as outlined in 656.17(e).

OR

- § 656.18 College and University Teachers Special Recruitment:
  o A statement signed by an official with actual hiring authority outlining in detail the complete recruitment procedures undertaken; and which set forth the total number of applicants for the job opportunity and the specific lawful job-related reasons why the foreign worker is more qualified than each U.S. worker who applied for the job.
  o A final report of the faculty, student, and/or administrative body making the recommendation or selection of the foreign worker.
  o A copy of the advertisement for the job opportunity and, if appropriate, evidence of all other recruitment sources.
  o A written statement attesting to the degree of the foreign worker's educational or professional qualifications and academic achievements.
  o A copy of the Prevailing Wage Determination received from the National Prevailing Wage Center (NPWC) and if not included in the Prevailing Wage Determination, a copy of the request for the determination as originally submitted to the NPWC.

The required documentation must be submitted by February 17, 2011. If the required documentation has not been mailed and postmarked by the date specified to the address listed above:

- The application will be denied;
- The failure to provide the requested documentation in a timely manner will constitute a refusal to exhaust available administrative remedies; and
- The administrative judicial review procedure provided in § 656.26 will not be available.

If the Certifying Officer determines the employer substantially failed to produce required documentation, i.e., the documentation was not provided or was inadequate:

- The application will be denied; and
- The employer may be required to conduct supervised recruitments pursuant to § 656.21 in future filings of labor certification applications for up to two years from the date of the Final Determination.

Once analysis of the documentation is complete under the standards in § 656.24, the employer will be notified in writing (either electronically and/or mail) of the labor certification determination. In the event the application is denied, the determination can be appealed by filing either a request for reconsideration or a request for review within 30 days of receipt of the notification of the labor certification determination as outlined in 20CFR § 656.24(g) and 656.26.

Sincerely,

Atlanta NPC
Certifying Officer

CC: UNIVERSITY OF HAWAII

**Important note:** *Pursuant to 20 CFR 656.20(b), a substantial failure by the employer to provide the*

*required audit documentation will result in the application being denied under 20 CFR 656.24, and may result in a determination by the Certifying Officer to require the employer to conduct supervised recruitment under 20 CFR 656.21 in future filings of labor certification applications for up to 2 years. Moreover, a pattern or practice of failing to comply in the audit process, which includes but is not limited to, a failure to provide required documentation, pursuant to 20 CFR 656.20, is a ground for debarment of an employer, attorney, agent, or any combination thereof from the permanent labor certification program for a period of up to three years under 20 CFR 656.31(f)(iv).*

**Attachment: Required Documentation for Response to Notification of Audit**

**Case # A-10344-38244:**

In addition to the information requested in the body of the letter, please provide the following:

**Audit Reason:**

The U.S. Department of Labor is unable to determine if potentially qualified U.S. workers who applied for the job opportunity were rejected for lawful, job-related reasons. The Code of Federal Regulations (CFR) at 20 CFR 656.24(b)(2)(i) requires the Certifying Officer to make a determination to grant or deny the labor certification based on whether there are able, willing, qualified, and available U.S. workers to perform the job opportunity. The employer must consider a U.S. worker able and qualified for the job opportunity if the worker, by education, training, experience, or a combination thereof, is able to perform in the normally accepted manner the duties involved in the occupation as customarily performed by other U.S. workers similarly employed. Per 20 CFR 656.17(g)(2), a U.S. worker is able and qualified for the job opportunity if the worker can acquire the skills necessary to perform the duties involved in the occupation during a reasonable period of on-the-job training. It is not a lawful job-related reason to reject a U.S. worker for lacking the skills necessary to perform the duties involved in the occupation, where the U.S. workers are capable of acquiring the skills during a reasonable period of on-the-job training.

**Audit Request:**

Please provide the resumes and applications for all U.S. workers who applied for the employer's job opportunity listed on the ETA Form 9089. In addition, please provide a report that lists the following information for each U.S. worker rejected for the job opportunity: the date(s) the employer contacted the U.S. worker; the date(s) the employer interviewed the U.S. worker; if appropriate, the reason(s) the employer did not interview the employee; the specific lawful job related reason(s) the U.S. worker was rejected; and how the U.S. worker was informed he or she did not qualify for the job opportunity. Also include information that documents the employer contacted the applicant(s) by phone (telephone logs), e-mail (dated copy of electronic transmission) and/or by mail (copy of letter sent to applicant(s) along with a copy of certified mail/"signed" green return receipt card).

*Knowingly furnishing false information in the preparation of this form (ETA 9089) and any subsequent thereto or to aid, abet, or counsel another to do so is a federal offense punishable by a fine, imprisonment up to five years or both (18 U.S.C. 2, 1001)*

OMB Approval: 1205-0451
Expiration Date: 06/30/2011

Application for Permanent Employment Certification 
ETA Form 9089
**U.S. Department of Labor**



**Please read and review the filing instructions before completing this form. A copy of the instructions can be found at http://www.foreignlaborcert.doleta.gov/pdf/9089inst.pdf**

Employing or continuing to employ an alien unauthorized to work in the United States is illegal and may subject the employer to criminal prosecution, civil money penalties, or both.

**A. Refiling Instructions**

| 1. Are you seeking to utilize the filing date from a previously submitted Application for Alien Employment Certification (ETA 750)? | ☐ Yes | ☑ No |
|---|---|---|

1-A. If Yes, enter the previous filing date

1-B. Indicate the previous SWA or local office case number OR if not available, specify state where case was originally filed:

**B. Schedule A or Sheepherder Information**

| 1. Is this application in support of a Schedule A or Sheepherder Occupation? | ☐ Yes | ☑ No |
|---|---|---|

If Yes, do NOT send this application to the Department of Labor. All applications in support of Schedule A or Sheepherder Occupations must be sent directly to the appropriate Department of Homeland Security office.

**C. Employer Information (Headquarters or Main Office)**

1. Employer's name
   UNIVERSITY OF HAWAII
2. Address 1
   FACULTY & SCHOLAR IMMIGRATION SERVICES
   Address 2
   2565 MCCARTHY MALL, PSB 106

| 3. City | State/Province | Country | Postal code |
|---|---|---|---|
| HONOLULU | HI | UNITED STATES OF AMERICA | 96822 |

4. Phone number                    Extension
   (808) 956-6374

| 5. Number of employees | 6. Year commenced business |
|---|---|
| 8900 | 1907 |

| 7. FEIN( Federal Employer Identification Number) | 8. NAICS Code |
|---|---|
| 996000354 | 611310 |

| 9. Is the employer a closely held corporation, partnership, or sole proprietorship in which the alien has an ownership interest, or is there a familial relationship between the owners, stockholders, partners, corporate officers, incorporators, and the alien? | ☐ Yes | ☑ No |
|---|---|---|

**D. Employer Contact Information (This section must be filled out. This information must be different from the agent or attorney information listed in Section E).**

| 1. Contact's last name | First name | Middle initial |
|---|---|---|
| Nakayama | Signe | |

2. Address 1
   Faculty & Scholar Immigration Services
   Address 2
   2565 McCarthy Mall, PSB 105

| 3. City | State/Province | Country | Postal code |
|---|---|---|---|
| Honolulu | HI | UNITED STATES OF AMERICA | 96822 |

4. Phone number                    Extension
   (808) 956-0935
5. E-mail address
   signen@hawaii.edu

---

ETA Form 9089          This Certification is valid from _____ to_____          Page 1 of 12

ETA Case Number: A-10344-38244

000046

OMB Approval:   1205-0451
Expiration Date:  06/30/2011



Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**



### E.  Agent or Attorney Information (If applicable)

| | | |
|---|---|---|
| 1.  Agent or attorney's last name | First name | Middle initial |
| 2.  Firm name | | |
| 3.  Firm EIN | 4.  Phone number | Extension |
| 5.  Address 1 | | |
| Address 2 | | |
| 6.  City | State/Province | Country | Postal code |
| 7.  E-mail address | | |

### F.  Prevailing Wage Information (as provided by the State Workforce Agency)

1.  Prevailing wage tracking number (if applicable)
P10010244371217

2.  SOC/O*NET(OES) code
15-1034.00

3.  Occupation Title
Computer Software Engineers, Applications, Non

4.  Skill Level

5.  Prevailing wage
$ 44,208.00      Per:  (Choose only one)
[ ] Hour   [ ] Week   [ ] Bi-Weekly   [ ] Month   [✓] Year

6.  Prevailing wage source (Choose only one)
[ ] OES   [✓] CBA   [ ] Employer Conducted Survey   [ ] DBA   [ ] SCA   [ ] Other

6-A.  If Other is indicated in question 6, specify:

7.  Determination date
09/30/2010

8.  Expiration date
07/01/2011

### G.  Wage Offer Information

1.  Offered wage
From:      To: (Optional)      Per:  (Choose only one)
$ 57,194.00    $
[ ] Hour   [ ] Week   [ ] Bi-Weekly   [ ] Month   [✓] Year

### H.  Job Opportunity Information (Where work will be performed)

1.  Primary worksite (where work is to be performed) address 1
University of Hawaii at Manoa
Address 2
John A. Burns School of Medicine, 651 Ilalo Street

2.  City
Honolulu

State
HI

Postal code
96813

3.  Job title
Information Technology Specialist (Educational Technology Specialist)

4.  Education: minimum level required:
[ ] None   [ ] High School   [ ] Associate's   [✓] Bachelor's   [ ] Master's   [ ] Doctorate   [ ] Other

4-A.  If Other is indicated in question 4, specify the education required:

4-B.  Major field of study
Management Information Systems

5.  Is training required in the job opportunity?      5-A.  If Yes, number of months of training required:
[ ] Yes   [✓] No

---

ETA Form 9089          This Certification is valid from _____ to _____          Page 2 of 12

ETA Case Number: A-10344-38244

000047

OMB Approval: 1205-0451
Expiration Date: 06/30/2011

Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**



**H. Job Opportunity Information Continued**

| | |
|---|---|
| 5-B. Indicate the field of training: | |

6. Is experience in the job offered required for the job?   ☐ Yes  ☑ No      6-A. If Yes, number of months experience required:

7. Is there an alternate field of study that is acceptable?      ☑ Yes   ☐ No

7-A. If Yes, specify the major field of study:
Information Systems, Computer Sci, Project Mgmt, Electrical Engineering; s

8. Is there an alternate combination of education and experience that is acceptable?   ☐ Yes  ☑ No

8-A. If Yes, specify the alternate level of education required:
☐ None   ☐ High School   ☐ Associate's   ☐ Bachelor's   ☐ Master's   ☐ Doctorate   ☐ Other

8-B. If Other is indicated in question 8-A, indicate the alternate level of education required:

8-C. If applicable, indicate the number of years experience acceptable in question 8:

9. Is a foreign educational equivalent acceptable?   ☑ Yes   ☐ No

10. Is experience in an alternate occupation acceptable?   ☐ Yes  ☑ No      10-A. If Yes, number of months experience in alternate occupation required:

10-B. Identify the job title of the acceptable alternate occupation:

11. Job duties – If submitting by mail, add attachment if necessary.  Job duties description must begin in this space.
See Attachment

12. Are the job opportunity's requirements normal for the occupation?      ☑ Yes   ☐ No

*If the answer to this question is No, the employer must be prepared to provide documentation demonstrating that the job requirements are supported by business necessity.*

13. Is knowledge of a foreign language required to perform the job duties?      ☐ Yes  ☑ No

*If the answer to this question is Yes, the employer must be prepared to provide documentation demonstrating that the language requirements are supported by business necessity.*

14. Specific skills or other requirements – If submitting by mail, add attachment if necessary.  Skills description must begin in this space.
See Attachment

OMB Approval: 1205-0451
Expiration Date: 06/30/2011

 Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**



## H.  Job Opportunity Information Continued

| | |
|---|---|
| 15.  Does this application involve a job opportunity that includes a combination of occupations? | ☐ Yes   ☑ No |
| 16.  Is the position identified in this application being offered to the alien identified in Section J? | ☑ Yes   ☐ No |
| 17.  Does the job require the alien to live on the employer's premises? | ☐ Yes   ☑ No |
| 18.  Is the application for a live-in household domestic service worker? | ☐ Yes   ☑ No |
| 18-A.  If Yes, have the employer and the alien executed the required employment contract and has the employer provided a copy of the contract to the alien? | ☐ Yes   ☐ No   ☐ NA |

## I.  Recruitment Information

### a.  Occupation Type – All must complete this section.

| | |
|---|---|
| 1.  Is this application for a **professional occupation**, other than a college or university teacher? Professional occupations are those for which a bachelor's degree (or equivalent) is normally required. | ☑ Yes   ☐ No |
| 2.  Is this application for a college or university teacher? **If Yes, complete questions 2-A and 2-B below.** | ☐ Yes   ☑ No |
| 2-A.  Did you select the candidate using a competitive recruitment and selection process? | ☐ Yes   ☐ No |
| 2-B.  Did you use the basic recruitment process for professional occupations? | ☐ Yes   ☐ No |

### b.  Special Recruitment and Documentation Procedures for College and University Teachers – Complete only if the answer to question I.a.2-A is Yes.

| |
|---|
| 3.  Date alien selected: |
| 4.  Name and date of national professional journal in which advertisement was placed: |
| 5.  Specify additional recruitment information in this space.  Add an attachment if necessary. |

### c.  Professional/Non-Professional Information – Complete this section unless your answer to question B.1 or I.a.2-A is YES.

| | |
|---|---|
| 6.  Start date for the SWA job order<br>08/04/2010 | 7.  End date for the SWA job order<br>09/03/2010 |
| 8.  Is there a Sunday edition of the newspaper in the area of intended employment? | ☑ Yes   ☐ No |
| 9.  Name of newspaper (of general circulation) in which the first advertisement was placed:<br>**Honolulu Star-Advertiser** | |
| 10.  Date of first advertisement identified in question 9:<br>08/08/2010 | |
| 11.  Name of newspaper or professional journal (if applicable) in which second advertisement was placed:<br>**Honolulu Star-Advertiser** | ☑ Newspaper   ☐ Journal |

OMB Approval: 1205-0451
Expiration Date: 06/30/2011

Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**



### I. Recruitment Information Continued

| 12. Date of second newspaper advertisement or date of publication of journal identified in question 11: |
|---|
| 08/15/2010 |

***d. Professional Recruitment Information – Complete if the answer to question I.a.1 is YES or if the answer to I.a.2-B is YES.   Complete at least 3 of the items.***

| 13. Dates advertised at job fair<br>From:      To: | 14. Dates of on-campus recruiting<br>From:      To: |
|---|---|
| 15. Dates posted on employer web site<br>From: 08/02/2010 To: 09/04/2010 | 16. Dates advertised with trade or professional organization<br>From:      To: |
| 17. Dates listed with job search web site<br>From: 08/05/2010 To: 09/04/2010 | 18. Dates listed with private employment firm<br>From:      To: |
| 19. Dates advertised with employee referral program<br>From:      To: | 20. Dates advertised with campus placement office<br>From: 08/15/2010   To: 09/04/2010 |
| 21. Dates advertised with local or ethnic newspaper<br>From:      To: | 22. Dates advertised with radio or TV ads<br>From:      To: |

***e. General Information – All must complete this section.***

| 23. Has the employer received payment of any kind for the submission of this application? | ☐ Yes ☑ No |
|---|---|
| 23-A. If Yes, describe details of the payment including the amount, date and purpose of the payment : | |
| 24. Has the bargaining representative for workers in the occupation in which the alien will be employed been provided with notice of this filing at least 30 days but not more than 180 days before the date the application is filed? | ☑ Yes ☐ No ☐ NA |
| 25. If there is no bargaining representative, has a notice of this filing been posted for 10 business days in a conspicuous location at the place of employment, ending at least 30 days before but not more than 180 days before the date the application is filed? | ☐ Yes ☐ No ☑ NA |
| 26.  Has the employer had a layoff in the area of intended employment in the occupation involved in this application or in a related occupation within the six months immediately preceding the filing of this application? | ☐ Yes ☑ No |
| 26-A. If Yes, were the laid off U.S. workers notified and considered for the job opportunity for which certification is sought? | ☐ Yes ☐ No ☐ NA |

### J. Alien Information (This section must be filled out.  This information must be different from the agent or attorney information listed in Section E).

| 1. Alien's last name<br>HSIAO | First name<br>YA-WEN | Full middle name |
|---|---|---|
| 2. Current address 1<br>423 NAMAHANA ST. #102 | | |
| Address 2 | | |

| 3. City<br>HONOLULU | State/Province<br>HI | Country<br>UNITED STATES OF AMERICA | Postal code<br>96815 |
|---|---|---|---|

| 4. Phone number of current residence<br>808-728-2646 | |
|---|---|
| 5. Country of citizenship<br>TAIWAN | 6. Country of birth<br>TAIWAN |
| 7. Alien's date of birth<br>01/04/1981 | 8. Class of admission<br>H-1B |
| 9. Alien registration number (A#)<br>135787942 | 10. Alien admission number (I-94)<br>06150274322 |

| 11. Education: highest level achieved relevant to the requested occupation: |
|---|
| ☐ None  ☐ High School  ☐ Associate's  ☐ Bachelor's  ☑ Master's  ☐ Doctorate  ☐ Other |

---



OMB Approval: 1205-0451
Expiration Date: 06/30/2011

Application for Permanent Employment Certification
ETA Form 9089
U.S. Department of Labor



## J. Alien Information Continued

11-A. If Other indicated in question 11, specify

12. Specify major field(s) of study
INFORMATION SYSTEMS

13. Year relevant education completed
2005

14. Institution where relevant education specified in question 11 was received
HAWAII PACIFIC UNIVERSITY

15. Address 1 of conferring institution
1164 BISHOP STREET

Address 2

16. City          State/Province     Country                    Postal code
HONOLULU         HI                 UNITED STATES OF AMERICA    96813

| | | Yes | No | NA |
|---|---|---|---|---|
| 17. | Did the alien complete the training required for the requested job opportunity, as indicated in question H.5? | ☐ | ☐ | ✓ |
| 18. | Does the alien have the experience as required for the requested job opportunity indicated in question H.6? | ☐ | ☐ | ✓ |
| 19. | Does the alien possess the alternate combination of education and experience as indicated in question H.8? | ☐ | ☐ | ✓ |
| 20. | Does the alien have the experience in an alternate occupation specified in question H.10? | ☐ | ☐ | ✓ |
| 21. | Did the alien gain any of the qualifying experience with the employer in a position substantially comparable to the job opportunity requested? | ☐ | ✓ | ☐ |
| 22. | Did the employer pay for any of the alien's education or training necessary to satisfy any of the employer's job requirements for this position? | ☐ | ✓ | |
| 23. | Is the alien currently employed by the petitioning employer? | ✓ | ☐ | |

## K. Alien Work Experience

List all jobs the alien has held during the past 3 years. Also list any other experience that qualifies the alien for the job opportunity for which the employer is seeking certification.

*a. Job 1*

1. Employer name
University of Hawaii

2. Address 1
John A. Burns School of Medicine, 651 Ilalo St.

Address 2

3. City          State/Province     Country                    Postal code
Honolulu         HI                 UNITED STATES OF AMERICA    96813

4. Type of business                              5. Job title
Education - University                          Info Technology Specialis

6. Start date          7. End date              8. Number of hours worked per week
12/05/2005                                      40

Job 1 continued on next page

---

OMB Approval:  1205-0451
Expiration Date:  06/30/2011

Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**



---

**K.  Alien Work Experience Continued**

9.  Job details (duties performed, use of tools, machines, equipment, skills, qualifications, certifications, licenses, etc. Include the phone number of the employer and the name of the alien's supervisor.)

Provide IT support; serve on the Help Desk team, including assisting with managing Help Desk operations; documenting procedures; troubleshooting; other related duties in computer software and hardware support.

Supervisor: Terry Gerber
Phone: 808-692-1111

Note: Ms. Hsiao briefly held the position of IT Specialist (Educational Technology Specialist) from 06/24/2010 - 07/21/2010. On 07/22/2010, she resumed the IT Specialist position described here.

---

*b.  Job 2*

| | |
|---|---|
| 1.  Employer name<br>Hawaii Pacific University | |
| 2.  Address 1<br>1164 Bishop Street | |
| Address 2 | |

| 3.  City<br>Honolulu | State/Province<br>HI        UNITED | Country<br>STATES OF AMERICA | Postal code<br>96813 |
|---|---|---|---|
| 4.  Type of business<br>Education - University | | 5.  Job title<br>Asst Computer Support Spec | |
| 6.  Start date<br>02/17/2004 | 7.  End date<br>10/31/2005 | 8.  Number of hours worked per week<br>17 | |

9.  Job details (duties performed, use of tools, machines, equipment, skills, qualifications, certifications, licenses, etc. Include the phone number of the employer and the name of the alien's supervisor.)

Provided telephone support to University users; troubleshooting; resolved hardware and software problems; installed, configured, and maintained personal computers.

Supervisor: Tom Thomas
Phone: 808-544-1193

---

*c.  Job 3*

| | |
|---|---|
| 1.  Employer name | |
| 2.  Address 1 | |
| Address 2 | |

| 3.  City | State/Province | Country | Postal code |
|---|---|---|---|
| 4.  Type of business | | 5.  Job title | |
| 6.  Start date | 7.  End date | 8.  Number of hours worked per week | |

Job 3 continued on next page

---



OMB Approval: 1205-0451
Expiration Date: 06/30/2011

Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**

**K. Alien Work Experience Continued**

9. Job details (duties performed, use of tools, machines, equipment, skills, qualifications, certifications, licenses, etc.
Include the phone number of the employer and the name of the alien's supervisor.)

**L. Alien Declaration**

*I declare under penalty of perjury that Sections J and K are true and correct. I understand that to knowingly furnish false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by a fine or imprisonment up to five years or both under 18 U.S.C. §§ 2 and 1001. Other penalties apply as well to fraud or misuse of ETA immigration documents and to perjury with respect to such documents under 18 U.S.C. §§ 1546 and 1621.*

*In addition, I further declare under penalty of perjury that I intend to accept the position offered in Section H of this application if a labor certification is approved and I am granted a visa or an adjustment of status based on this application.*

| 1. Alien's last name | First name | Full middle name |
|---|---|---|
| HSIAO | YA-WEN | |
| 2. Signature | | Date signed |
| | | 2/15/2011 |

*Note* – The signature and date signed do not have to be filled out when electronically submitting to the Department of Labor for processing, but must be complete when submitting by mail. If the application is submitted electronically, any resulting certification MUST be signed *immediately upon receipt* from DOL before it can be submitted to USCIS for final processing.

**M. Declaration of Preparer**

| 1. **Was the application completed by the employer?** If No, you must complete this section. | ☑ Yes | ☐ No |
|---|---|---|

*I hereby certify that I have prepared this application at the direct request of the employer listed in Section C and that to the best of my knowledge the information contained herein is true and correct. I understand that to knowingly furnish false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by a fine, imprisonment up to five years or both under 18 U.S.C. §§ 2 and 1001. Other penalties apply as well to fraud or misuse of ETA immigration documents and to perjury with respect to such documents under 18 U.S.C. §§ 1546 and 1621.*

| 2. Preparer's last name | First name | Middle initial |
|---|---|---|
| 3. Title | | |
| 4. E-mail address | | |
| 5. Signature | Date signed | |

*Note* – The signature and date signed do not have to be filled out when electronically submitting to the Department of Labor for processing, but must be complete when submitting by mail. If the application is submitted electronically, any resulting certification MUST be signed *immediately upon receipt* from DOL before it can be submitted to USCIS for final processing.

ETA Form 9089          This Certification is valid from _____ to_____          Page 8 of 12

ETA Case Number: A-10344-38244

000053



OMB Approval:   1205-0451
Expiration Date:   06/30/2011

Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**

### N. Employer Declaration

*By virtue of my signature below, **I HEREBY CERTIFY** the following conditions of employment:*

1. The offered wage equals or exceeds the prevailing wage and I will pay at least the prevailing wage.
2. The wage is not based on commissions, bonuses or other incentives, unless I guarantees a wage paid on a weekly, bi-weekly, or monthly basis that equals or exceeds the prevailing wage.
3. I have enough funds available to pay the wage or salary offered the alien.
4. I will be able to place the alien on the payroll on or before the date of the alien's proposed entrance into the United States.
5. The job opportunity does not involve unlawful discrimination by race, creed, color, national origin, age, sex, religion, handicap, or citizenship.
6. The job opportunity is not:
    a.   Vacant because the former occupant is on strike or is being locked out in the course of a labor dispute involving a work stoppage; or
    b.   At issue in a labor dispute involving a work stoppage.
7. The job opportunity's terms, conditions, and occupational environment are not contrary to Federal, state or local law.
8. The job opportunity has been and is clearly open to any U.S. worker.
9. The U.S. workers who applied for the job opportunity were rejected for lawful job-related reasons.
10. The job opportunity is for full-time, permanent employment for an employer other than the alien.

**I hereby designate** the agent or attorney identified in section E (if any) to represent me for the purpose of labor certification and, by virtue of my signature in Block 3 below, **I take full responsibility** for the accuracy of any representations made by my agent or attorney.

**I declare** under penalty of perjury that I have read and reviewed this application and that to the best of my knowledge the information contained herein is true and accurate. *I understand that to knowingly furnish false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by a fine or imprisonment up to five years or both under 18 U.S.C. §§ 2 and 1001. Other penalties apply as well to fraud or misuse of ETA immigration documents and to perjury with respect to such documents under 18 U.S.C. §§ 1546 and 1621.*

| 1. Last name | First name | Middle initial |
|---|---|---|
| Nakayama | Signe | |
| 2. Title | | |
| Immigration Specialist | | |
| 3. Signature | Date signed | |
| *[signature]* | 02/10/2011 | |

*Note* – The signature and date signed do not have to be filled out when electronically submitting to the Department of Labor for processing, but must be complete when submitting by mail.  If the application is submitted electronically, any resulting certification MUST be signed *immediately upon receipt* from DOL before it can be submitted to USCIS for final processing.

### O.  U.S. Government Agency Use Only

Pursuant to the provisions of Section 212 (a)(5)(A) of the Immigration and Nationality Act, as amended, I hereby certify that there are not sufficient U.S. workers available and the employment of the above will not adversely affect the wages and working conditions of workers in the U.S. similarly employed.

This Certification is valid from _____ to _____

_____
Signature of Certifying Officer

_____
Date Signed

A-10344-38244
_____
Case Number

01/13/2011
_____
Filing Date

| ETA Form 9089 | This Certification is valid from _____ to _____ | Page 9 of 12 |
|---|---|---|

OMB Approval:  1205-0451
Expiration Date:  06/30/2011

Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**



**P.  OMB Information**                    *Paperwork Reduction Act Information Control Number 1205-0451*

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.

Respondent's reply to these reporting requirements is required to obtain the benefits of permanent employment certification (Immigration and Nationality Act, Section 212(a)(5)).  Public reporting burden for this collection of information is estimated to average 1¼ hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate to the Division of Foreign Labor Certification * U.S. Department of Labor * Room C4312 * 200 Constitution Ave., NW * Washington, DC * 20210.
**Do NOT send the completed application to this address.**

**Q.  Privacy Statement Information**

In accordance with the Privacy Act of 1974, as amended (5 U.S.C. 552a), you are hereby notified that the information provided herein is protected under the Privacy Act.  The Department of Labor (Department or DOL) maintains a System of Records titled Employer Application and Attestation File for Permanent and Temporary Alien Workers (DOL/ETA-7) that includes this record.

Under routine uses for this system of records, case files developed in processing labor certification applications, labor condition applications, or labor attestations may be released as follows:  in connection with appeals of denials before the DOL Office of Administrative Law Judges and Federal courts, records may be released to the employers that filed such applications, their representatives, to named alien beneficiaries or their representatives, and to the DOL Office of Administrative Law Judges and Federal courts; and in connection with administering and enforcing immigration laws and regulations, records may be released to such agencies as the DOL Office of Inspector General, Employment Standards Administration, the Department of Homeland Security, and the Department of State.

Further relevant disclosures may be made in accordance with the Privacy Act and under the following circumstances:  in connection with federal litigation; for law enforcement purposes; to authorized parent locator persons under Pub. L. 93-647; to an information source or public authority in connection with personnel, security clearance, procurement, or benefit-related matters; to a contractor or their employees, grantees or their employees, consultants, or volunteers who have been engaged to assist the agency in the performance of Federal activities; for Federal debt collection purposes; to the Office of Management and Budget in connection with its legislative review, coordination, and clearance activities; to a Member of Congress or their staff in response to an inquiry of the Congressional office made at the written request of the subject of the record; in connection with records management; and to the news media and the public when a matter under investigation becomes public knowledge, the Solicitor of Labor determines the disclosure is necessary to preserve confidence in the integrity of the Department, or the Solicitor of Labor determines that a legitimate public interest exists in the disclosure of information, unless the Solicitor of Labor determines that disclosure would constitute an unwarranted invasion of personal privacy.

ETA Form 9089                This Certification is valid from _____ to_____ _____          Page 10 of 12

ETA Case Number: A-10344-38244

000055

Addendum

H. 11. Job duties

Develop medical education & administrative software applications for JABSOM, utilizing personal data assistants (PDA), web, & other interfaces, packaged & in-house developed software programs, & data repositories in a distributed environment; System Administration: manage & administer applications used by faculty, staff, & students for medical education, including user administration, security management, & virtual group management; design, implement & integrate subsystems of medium to high complexity using a variety of programming languages, including Microsoft Access, Visual Basic, Active Server Pages, .NET, SQL, & PHP; test & debug systems of medium to high complexity for a distributed computing environment; Mobile Devices: provide application training & support, as well as technical support/troubleshooting for Mobile device access (iPhone, Windows Mobile, Palm, Blackberry, etc.) & applications (T-Res) for coursework/clinical rotations; prepare written technical documentation for systems of medium to high complexity; generate materials & conduct training for end-users including faculty, staff, & students on use of software, web applications, PDAs, databases, etc.; Database Management: design, develop, implement & maintain databases supporting student education & curriculum administration; Database Management: support statistical analysis & data management of exam responses, survey questions, course materials, & curriculum map; keep abreast of emerging technologies & trends in higher education by reviewing articles in trade journals, periodicals, technical manuals, etc. in both paper & electronic formats & by attending classes, conferences, presentations; identify technologies applicable to or of potential use to JABSOM-acquires knowledge of these technologies/systems, hardware/software in order to perform current duties & advise users on the application of identified technologies; assist users in evaluating & selecting appropriate computer hardware & software to meet operational requirements or problem resolution-also provide technical consulting on the implementation & application of selected solutions; integrates IT skills & knowledge in support of JABSOM's educational mission, which may include the usage of principles of education in conjunction with leading edge technology for JABSOM; other duties as assigned.

Addendum

H. 14.  Specific skills or other requirements

\*\*\*H.7-A cont: Civil Engineering with emphasis in project mgmt, business degree in mgmt (ie: project mgmt, training, business technology, educational degree with emphasis on technical training, instructional design).\*\*\*

3 years of progressively responsible professional information technology experience with responsibilities for desktop application support, web application support, &/or user application support/help desk, of which 2 years of the experience must have been comparable in scope & complexity to the next lower payband in the UH broadband system (PBA rank); or equivalent education/training or experience; considerable working knowledge of the use of computers for teaching, training &/or learning (e.g., educational technology systems) as demonstrated by the broad knowledge & understanding of the full range of pertinent standard & evolving information technology concepts, principles & methodology; considerable working knowledge & understanding of the broad technology, systems, hardware & software associated with application development, teaching, training, &/or learning with technology (e.g., educational technology); demonstrated ability to recognize a wide range of intricate problems, use reasoning & logic to determine accurate causes, & apply principles & practices to determine, evaluation, integrate, & implement practical & thorough solutions in an effective & timely manner; demonstrated ability to interpret & present information & ideas clearly & accurately in writing, verbally & by preparation of reports & other materials; demonstrated ability to establish & maintain effective working relationships with internal & external organizations, groups, team leaders & members, & individuals; for supervisory work, demonstrated ability to lead subordinates, manage work priorities & projects, & manage employee relations; any equivalent combination of education &/or professional work experience which provides the required education, knowledge, skills and abilities as indicated; considerable working knowledge of scripting languages & web development platforms such as ASP, ASP.NET, PHP, & Perl; considerable working knowledge of system administration as related to user provisioning, security management, systems optimization, upgrade implementation, & customer service; knowledge of application development as demonstrated by a comprehensive understanding of current application development principles & methodology; working knowledge of database integration & management including SQL & MySQL, & ability to create relational databases as needed; considerable knowledge of the limitations, capabilities, uses for desktop applications (e.g. Microsoft Word, Microsoft Excel, Microsoft PowerPoint, Microsoft Outlook).

---

ETA Form 9089                This Certification is valid from _____ to _____                Page 12 of 12

ETA Case Number: A-10344-38244

000057

Office of International and Exchange Programs
**Faculty and Scholar Immigration Services**



UNIVERSITY
*of* HAWAI'I®
MĀNOA

**NOTICE OF FILING**

December 13, 2010

Hawaii Government Employees Association
AFSCME Local 152, AFL-CIO
888 Mililani Street, Suite 601
Honolulu, HI 96813

Re:     Form ETA 9089 Permanent Labor Certification Application
        Beneficiary: Ya-Wen Hsiao

Dear Sir/Madam:

This is to notify the collective bargaining representative for the employees of the University of Hawaii in Honolulu, Hawaii of the filing of an application for permanent alien labor certification for an Information Technology Specialist (Educational Technology Specialist), PBB, position in accordance with 20 CFR 656.10(d)(1)(i). This notice of filing is being provided to the collective bargaining representative between 30 and 180 days before the application will be filed with the U.S. Department of Labor. Employment of this alien will not adversely affect the working conditions of U.S. workers similarly employed in the department.

Pursuant to 20 CFR 656.10(d)(3), this notice states the following:

- Applicants for the position should report to the University of Hawaii at Manoa John A. Burns School of Medicine Human Resources Office and not to the local Employment Services Office.
- This notice is being provided as a result of the University of Hawaii, Employer, filing an application for permanent alien labor certification for permanent full-time employment in the occupation classification of Information Technology Specialist (Educational Technology Specialist), SOC Code: 15-1034 Computer Software Engineers, Applications, Non R&D.
- Any person may provide documentary evidence bearing on the application to the Certifying Officer of the Department of Labor at this address: U.S. Department of Labor, Employment and Training Administration, Atlanta Processing Center, Harris Tower, 233 Peachtree Street, Suite 410, Atlanta, GA 30303.

Under 20 CFR 656.10(d)(4), we are also providing the following information:

- 20 CFR 656.17(f) information for advertisements (copies of ads are attached)
- Offered rate of pay: $ 57,194_____ per year

If you have any questions, please feel free to contact me.

Sincerely,

Signe Nakayama
Immigration Specialist

Attachments:   Copy of ETA 9089
               Copies of job advertisements

cc:    JABSOM

2565 McCarthy Mall, PSB 102-106, Honolulu, Hawai'i 96822
Phone: (808) 956-0935  Fax: (808) 956-5030
Email: signen@hawaii.edu  Web: www.hawaii.edu/isis
An Equal Opportunity/Affirmative Action Institution

000058

**Subject:** Your files have been received by the UH FileDrop Service
**From:** uh-filedrop@hawaii.edu
**Date:** Mon, 13 Dec 2010 13:14:55 -1000 (HST)
**To:** signen@hawaii.edu

## Your upload via the UH FileDrop service was successful

Your upload to the UH FileDrop service was successful. The files will be available for download until Sat, December 18 at 1:14 PM HST, after which time they will be automatically deleted.

You provided the following comment:

Hi Dean,

Here are the notice of filing and other documents. Please let me know if you have any questions.

Thanks!
signe

The download URL for the files is:

https://www.hawaii.edu/filedrop/dl/EZJVk-ZtbES-bXndv-tEqOJ

Thank you for using the UH FileDrop service. Please feel free to send us any feedback you have regarding the service via the feedback form, here:

https://www.hawaii.edu/filedrop/feedback

**Subject:** Your files have been received by the UH FileDrop Service
**From:** uh-filedrop@hawaii.edu
**Date:** Mon, 13 Dec 2010 13:13:59 -1000 (HST)
**To:** signen@hawaii.edu

## Your upload via the UH FileDrop service was successful

Your upload to the UH FileDrop service was successful. The files will be available for download until Sat, December 18 at 1:13 PM HST, after which time they will be automatically deleted.

You provided the following comment:

Hi Lena,

Here is the notice of filing and other documents. Please let me know if you have any questions.

Thanks!!
signe

The download URL for the files is:

https://www.hawaii.edu/filedrop/dl/cEIUU-KuzHa-dXtJs-XCMgZ

Thank you for using the UH FileDrop service. Please feel free to send us any feedback you have regarding the service via the feedback form, here:

https://www.hawaii.edu/filedrop/feedback



Home > Contact Us > Staff

# staff

HGEA has offices in Honolulu, Hilo, Wailuku and Lihue. The staff is headed by Executive Director Randy Perreira, who was appointed in January 2008 executive director to lead HGEA since its founding in 1934.

To find the HGEA union agent that represents you, login to your Members Only account and look in the right column for the box labeled "My Union Age unit and corresponding contract & salary schedule can also be found in the left column when you login to your Members Only account.

## Office of the Executive Director

Randy Perreira, Executive Director 543-0011 rperreir@hgea.org
Nora Nomura, Deputy Executive Director - Field 543-0003 nnomura@hgea.org
Derek Mizuno, Deputy Executive Director - Administration 543-0055 dmizuno@hgea.org
Leiomalama Desha, Executive Assistant to the Executive Director 543-0050 ldesha@hgea.org
Sandra Fukuda, Private Secretary to the Executive Director 543-0012 sfukuda@hgea.org
Kay Mendes, Private Secretary to the Deputy Executive Director - Field 543-0013 kmendes@hgea.org
Wesley Aki, Private Secretary to the Deputy Executive Director - Administration 543-0056 waki@hgea.org
Nate Wong, Office Services Specialist to the Office of the Executive Director 543-0064 nwong@hgea.org

## Field Services - Oahu

Sanford Chun, Field Services Officer 543-0070 schun@hgea.org
William Chai, Union Agent 543-0045 wchai@hgea.org
Lena Fernandes, Union Agent 543-0061 lfernandes@hgea.org
Joan Fukumoto, Union Agent 543-0091 jfukumoto@hgea.org
Rajani Jemmari, Union Agent 543-0016 rjemmari@hgea.org
Michele Kurihara-Klein, Legislative Specialist 543-0093 mkurihara@hgea.org
Joy Kuwabara, Union Agent 543-0078 jkuwabar@hgea.org
Brandon Lee, Union Agent 543-0085 blee@hgea.org
Jarnett Lono, Union Agent 543-0060 jarnett@hgea.org
Erika Liashenko, Union Agent 543-0083 eliashenko@hgea.org
Dean Makimoto, Field Support Specialist 543-0028 dmakimot@hgea.org
Kevin Mulligan, Public Policy/Legislative Specialist 543-0067 kmulliga@hgea.org
Kevin Nakata, Union Agent 543-0048 knakata@hgea.org
Chad Ngai, Union Agent 543-0042 cngai@hgea.org
Kretia Peightal, Union Agent 543-0086 kpeightal@hgea.org
Denise Sugihara, Union Agent 543-0046 dsugihara@hgea.org
Joan Takano, Education and Training Specialist 543-0043 jtakano@hgea.org
Mahie Trask, Field Support Specialist 543-0090 mtrask@hgea.org
Florence Yamada, Special Assistant for Membership Services 543-0092 fyamada@hgea.org
Michael Yuen, Union Agent 543-0057 myuen@hgea.org

## Field Services - Big Island: Tel. 935-6841

Ann Ebesuno, Division Chief 961-0763 aebesuno@hgea.org
Kehau Criste, Field Services Assistant 961-0766 kcriste@hgea.org
Bernice Goodness-Viveiros, Field Services Technician 961-0765 bgoodnes@hgea.org
Earl Hatada, Union Agent 961-0762 ehatada@hgea.org
Lorena Kauhi, Union Agent 961-0761 lkauhi@hgea.org
Moana Kelii, Union Agent 961-0767 mkelii@hgea.org

## Field Services - Maui: Tel. 244-5508

Alton Watanabe, Division Chief 243-4465 awatanab@hgea.org
Luke Kaneshiro, Union Agent 243-4462 lkaneshiro@hgea.org
Marc-Andre Kirchhof, Union Agent 243-4463 mkirchhof@hgea.org
Marian Miyaji, Field Services Technician 243-4461 mmiyaji@hgea.org
Michele Mitra, Union Agent 243-4464 mmitra@hgea.org
Leticia Sandoval, Field Services Assistant 243-4460 lsandoval@hgea.org

Page 58 of 151



John A. Burns School of Medicine
Office of Medical Education

# UNIVERSITY of HAWAIʻI
## MĀNOA

December 9, 2010

SUBJECT:    Recruitment Report For The Position Of
Information Technology (Educational Technology Specialist)

To Whom It May Concern:

Ms. Ya-Wen Hsiao was selected for the position of Information Technology (Educational Technology Specialist) for the College of Health Sciences and Social Welfare/John A. Burns School of Medicine, Office of Medical Education at the University of Hawaiʻi at Mānoa, through a competitive recruitment and selection process.

The recruitment sources used to advertise the position included:
--State of Hawaiʻi's Oahu WorkLinks Honolulu, posted on August 4, 2010;
--University of Hawaiʻi's online Work at UH, posted on August 2, 2010 through September 4, 2010;
--Honolulu Star-Advertiser ad, posted on August 8, 2010 and August 15, 2010;
--Craigslist.org, advertised on August 5, 2010; and,
--University of Hawaiʻi's Student Employment & Cooperative Education, posted on August 15, 2010.

There was a total of four (4) applicants who responded to the overall recruitment effort. One candidate later declined to be interviewed and withdrew his application for the position.   The remaining three applicants were interviewed by the Office of Medical Education's Selection Committee with the outcome of one candidate being identified as the selectee for the position of Educational Technology Specialist position.

Two (2) candidates did not meet all of the minimum and desirable qualifications   Ms. Hsiao was interviewed and found to meet both minimum and desirable qualifications as stipulated for the Educational Technology Specialist position.

Sincerely,

Damon Sakai, M.D.
Director, Office of Medical Education

651 Ilalo Street, Medical Education Building
Honolulu, Hawaiʻi 96813-5534
An Equal Opportunity/Affirmative Action Institution

Page 59 of 151

000062

**Position No(s). 0078233**

## Minimum Qualifications

1. Possession of a pertinent baccalaureate educational degree in Management Information Systems, Computer Science, Project Management, or related field and 3 years of progressively responsible professional information technology experience with responsibilities for desktop application support, web application support, and/or user application support/help desk, of which 2 years of the experience must have been comparable in scope and complexity to the next lower payband in the University of Hawai'i broadband system; or equivalent education/training or experience.

2. Considerable working knowledge of the use of computers for teaching, training and /or learning (e.g., educational technology systems) as demonstrated by the broad knowledge and understanding of the full range of pertinent standard and evolving information technology concepts, principles and methodology.

3. Considerable working knowledge and understanding of the broad technology, systems, hardware and software associated with application development, teaching, training, and/or learning with technology (e.g., educational technology).

4. Demonstrated ability to recognize a wide range of intricate problems, use reasoning and logic to determine accurate causes, and apply principles and practices to determine, evaluation, integrate, and implement practical and thorough solutions in an effective and timely manner.

5. Demonstrated ability to interpret and present information and ideas clearly and accurately in writing, verbally and by preparation of reports and other materials.

6. Demonstrated ability to establish and maintain effective working relationships with internal and external organizations, groups, team leaders and members, and individuals.

7. For supervisory work, demonstrated ability to lead subordinates, manage work priorities and projects, and manage employee relations.

8. Any equivalent combination of education and/or professional work experience which provides the required education, knowledge, skills and abilities as indicated.

9. Considerable working knowledge of scripting languages & web development platforms such as ASP, ASP.NET, PHP, and Perl.

10. Considerable working knowledge of system administration as related to user provisioning, security management, systems optimization, upgrade implementation, & customer service.

11. Knowledge of application development as demonstrated by a comprehensive understanding of current application development principles & methodology.

12. Working knowledge of database integration and management including SQL and MySQL, & ability to create relational databases as needed.

13. Considerable knowledge of the limitations, capabilities, uses for desktop applications (e.g. Microsoft Word, Microsoft Excel, Microsoft PowerPoint, Microsoft Outlook).

## Desirable Qualifications

1. Knowledge of medical education or curriculum management.

2. Knowledge of troubleshooting procedures & practices for hardware, software, & connectivity in a distributed computing environment.

3. Considerable knowledge of hand held devices including iPhone, Palm, WindowsMobile, and Smart Phones & their software applications.

4. Knowledge of student financial accounting and human resource information systems.

000063

University of Hawai'i
BOR Recruitment/Selection Form

**Selectee's Name:** Hsiao, Ya-Wen          **Position Title:** INFORMATION TECHNOLOGY

**Position No.** 0078233     **Rank/Band:** PBB  **FTE:** 100% **Appointment Begin:** 2/1/2011

[ ] Faculty Position or [X] APT Position or [ ] E/M (Executive/Managerial) Position

[ ] Temporary Appointment or [X] Permanent Appointment

[X] New Hire or [ ] Transfer or [ ] Promotion

**If Transfer or Promotion, the position selectee is leaving:**

**Position Title:**_____**Rank/Band:** _____[ ] Temporary or [ ] Permanent

**Department:** _____**Campus:** _____

**Was there a screening committee or Department Personnel Committee?**

[X] Yes [ ] No

**No. members:**5          **No. females:**2          **No. minorities:**4

**Are women or minorities underutilized for this position?**

[X] Yes [ ] No

**Group(s):**   Women, BLK, HSP, NA

| Authorizations | Signer | Date Authorized |
|---|---|---|
| **Reviewing Official:** | damon | 12/2/2010 3:13:50 PM |
| **EEO/AA Designee:** | linday | 12/2/2010 4:51:09 PM |
| **Chancellor, Dean, or Director:** | marga | 12/3/2010 8:27:12 AM |

## Screening Summary – Position No(s). 0078233

| Applicant | Minimum Qualifications | | | | | | | | | | | | | Desirable Qualifications | | | | Interviewed? | Rating | APT Priority | Reason |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 1 | 2 | 3 | 4 | | | | |
| Ya-Wen Hsiao | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | yes | | 3 | Selected and accepted offer |
| Lloyd A. Nakata | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | | ✓ | ✓ | ✓ | ✓ | | ✓ | ✓ | ✓ | yes | | 3 | Did not meet MQs |
| James R. Shoemaker | | | | ✓ | | ✓ | | | | | | | | | ✓ | | | no | | | Did not meet MQs |
| Craig T. Spurrier | | | | | | | | | | | | | | | | | | no | | | Withdrew &/or Declined interview |

000065

OMB Approval: 1205-0466
Expiration Date: 11/30/2011

**Application for Prevailing Wage Determination**
ETA Form 9141
**U.S. Department of Labor**



Please read and review the instructions carefully before completing this form and print legibly.  A copy of the instructions can be found at http://www.foreignlaborcert.doleta.gov/.

### A. Employment-Based Visa Information

| 1. Indicate the type of visa classification supported by this application *(Write classification symbol)*: * | PERM |
|---|---|

### B. Requestor Point-of-Contact Information

| 1. Contact's last (family) name * NAKAYAMA | 2. First (given) name * SIGNE | 3. Middle name(s) * R.N. |
|---|---|---|

| 4. Contact's job title * IMMIGRATION SPECIALIST |
|---|

| 5. Address 1 * UNIV. OF HAWAII, FACULTY & SCHOLAR IMM. SVCS. |
|---|

| 6. Address 2 2565 MCCARTHY MALL, PSB 105 |
|---|

| 7. City * HONOLULU | 8. State * HI | 9. Postal code * 96822 |
|---|---|---|
| 10. Country * UNITED STATES OF AMERICA | 11. Province N/A | |

| 12. Telephone number * 808-956-0935 | 13. Extension N/A | 14. Fax Number 808-956-5030 |
|---|---|---|

| 15. E-Mail Address signen@hawaii.edu |
|---|

### C. Employer Information

| 1. Legal business name * UNIVERSITY OF HAWAII |
|---|

| 2. Trade name/Doing Business As (DBA), if applicable N/A |
|---|

| 3. Address 1 * 2565 MCCARTHY MALL, PSB 106 |
|---|

| 4. Address 2 FACULTY & SCHOLAR IMMIGRATION SERVICES |
|---|

| 5. City * HONOLULU | 6. State * HI | 7. Postal code * 96822 |
|---|---|---|
| 8. Country * UNITED STATES OF AMERICA | 9. Province N/A | |
| 10. Telephone number * 808-956-6374 | 11. Extension N/A | |
| 12. Federal Employer Identification Number (FEIN from IRS) * 996000354 | 13. NAICS code (must be at least 4-digits) * 611310 | |

### D. Job Offer Information

**a. Job Description:**

| 1. Job Title * INFORMATION TECHNOLOGY SPEC. (EDUCATIONAL TECH. SPEC.) |
|---|

| 2. *Suggested* SOC (ONET/OES) code * 15-1031.00 | 2a. *Suggested* SOC (ONET/OES) occupation title * Computer Software Engineers, Applications |
|---|---|

---

ETA Form 9141      **FOR DEPARTMENT OF LABOR USE ONLY**      Page 1 of 6

PW Tracking Number: P-100-10244-371217   Case Status: REDETERMINATION MODIF Validity Period: 09/30/2010 to 07/01/2011

OMB Approval: 1205-0466
Expiration Date:  11/30/2011

**Application for Prevailing Wage Determination**
ETA Form 9141
**U.S. Department of Labor**



---

### a. Job Description *(continued)*

| 3. Number of hours of work per week * | 3a. Hourly Work Schedule * |
|---|---|
| Basic: ___40___    Overtime*: ___0___ | From 07:45 AM to 03:30 PM |

| 4. Job Title of Supervisor for the Workers (if applicable) |
|---|
| DIRECTOR OF MEDICAL EDUCATION |

| 5.  Does this position supervise the work of other employees? *    ☐ Yes  ☒ No | 5a.  If yes, number of employees worker will supervise (if applicable)   ___N/A___ |
|---|---|

6.  Job duties – A description of the job duties to be performed **MUST** begin in this space.  If necessary, add attachment to <u>continue and complete</u> description. *

SEE ADDENDUM

| 7.  Will travel be required in order to perform the job duties? *    ☐ Yes  ☒ No | 7a. If "Yes", please explain the travel requirements:  N/A |
|---|---|
| 8.  Are there any other working conditions that  affect the rate of pay? *    ☐ Yes  ☒ No | 8a.  If "Yes", please specify the working conditions.  N/A |

---

| ETA Form 9141 | **FOR DEPARTMENT OF LABOR USE ONLY** | Page 2 of 6 |
|---|---|---|

PW Tracking Number: ___P-100-10244-371217___   Case Status: REDETERMINATION MODIF Validity Period: ___09/30/2010___ to ___07/01/2011___

OMB Approval: 1205-0466
Expiration Date: 11/30/2011

Application for Prevailing Wage Determination
ETA Form 9141
**U.S. Department of Labor**



---

**b. Minimum Job Requirements:**

1. Education: minimum U.S. diploma/degree required *

☐ None  ☐ High School/GED  ☐ Associate's  ☑ Bachelor's  ☐ Master's  ☐ Doctorate (PhD)  ☐ Other degree (JD, MD, etc.)

| 1a. If "Other degree" in question 1, specify the diploma/degree required<br><br>N/A | 1b. Indicate the major(s) and/or field(s) of study required<br>(May list more than one related major and more than one field)<br>MIS/COMP SCI/PROJ. MGMT/RELATED |
|---|---|

| 2. Does the employer require a second U.S. diploma/degree? * | ☐ Yes  ☑ No |
|---|---|

2a. If "Yes" in question 2, indicate the second U.S. diploma/degree and the major(s) and/or field(s) of study required
N/A

| 3. Is training for the job opportunity required? * | ☐ Yes  ☑ No |
|---|---|

| 3a. If "Yes" in question 3, specify the number of <u>months</u> of training required<br><br>N/A | 3b. Indicate the field(s)/name(s) of training required<br>(May list more than one related field and more than one type)<br><br>N/A |
|---|---|

| 4. Is employment experience required? * | ☑ Yes  ☐ No |
|---|---|

| 4a. If "Yes" in question 4, specify the number of <u>months</u> of experience required<br><br>36 | 4b. Indicate the occupation required<br><br>INFORMATION TECHNOLOGY |
|---|---|

5. Special Requirements - List specific skills, licenses/certificates/certifications, and requirements of the job opportunity. *
SEE ADDENDUM

---

**c. Place of Employment Information:**

1. Worksite address 1 *
UHM JOHN A. BURNS SCHOOL OF MEDICINE

2. Address 2
651 ILALO ST.

| 3. City *<br>HONOLULU | 4. County *<br>HONOLULU |
|---|---|

| 5. State/District/Territory *  HI | 6. Postal code *<br>96813 |
|---|---|

| 7. Will work be performed in multiple worksites within an area of intended employment or a location(s) other than the address listed above? * | ☐ Yes  ☑ No |
|---|---|

7a. If Yes in question 7, identify the geographic place(s) of employment with as much specificity as possible. If necessary, submit an attachment to <u>continue and complete</u> a listing of all anticipated worksites.
N/A

---

ETA Form 9141                    FOR DEPARTMENT OF LABOR USE ONLY                    Page 3 of 6

PW Tracking Number: P-100-10244-371217    Case Status: REDETERMINATION MODIF Validity Period: 09/30/2010 to 07/01/2011

OMB Approval: 1205-0466
Expiration Date: 11/30/2011

Application for Prevailing Wage Determination
ETA Form 9141
**U.S. Department of Labor**



### E. Prevailing Wage Determination

| FOR OFFICIAL GOVERNMENT USE ONLY |
|---|

| 1. PW tracking number    P-100-10244-371217 | 2. Date PW request received   09/01/2010 |
|---|---|

| 3. SOC (ONET/OES) code    15-1034.00 | 3a. SOC (ONET/OES) occupation title    Computer Software Engineers, Applications, Non R&D |
|---|---|

| 4. Prevailing wage   $   44208.00 | 4a. Wage level   ☐ I   ☐ II   ☐ III   ☐ IV   ☒ N/A |
|---|---|

5. Per:  (Choose only one)
☐ Hour ☐ Week ☐ Bi-Weekly ☐ Month ☑ Year ☐ Piece Rate

5a. If Piece Rate is indicated in question 2, specify the wage offer requirements :*
N/A

6. Prevailing wage source (Choose only one)
☐ OES   ☑ CBA   ☐ DBA   ☐ SCA   ☐ Other/Alternate Survey

6a. If "Other/Alternate Survey" in question 6, specify

N/A

7. Additional Notes Regarding Wage Determination
The wage is issued based upon the CBA document provided by the employer.

| 8. Determination date    09/30/2010 | 9. Expiration date    07/01/2011 |
|---|---|

### F. OMB Paperwork Reduction Act *(1205-0466)*

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.  Respondent's reply to these reporting requirements is mandatory to obtain the benefits of temporary employment certification (Immigration and Nationality Act, Section 101).  Public reporting burden for this collection of information is estimated to average 55 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate to the Office of Foreign Labor Certification * U.S. Department of Labor * Room C4312 * 200 Constitution Ave., NW * Washington, DC * 20210.  **Do NOT send the completed application to this address.**

| ETA Form 9141 | FOR DEPARTMENT OF LABOR USE ONLY | Page 4 of 6 |
|---|---|---|

PW Tracking Number:  P-100-10244-371217   Case Status:  REDETERMINATION MODIF  Validity Period:  09/30/2010  to  07/01/2011

OMB Approval: 1205-0466
Expiration Date: 11/30/2011

Application for Prevailing Wage Determination
ETA Form 9141
**U.S. Department of Labor**



---

### ADDENDUM

SECTION D.a.6: Job Duties

DEVELOPS MEDICAL EDUCATION AND ADMINISTRATIVE SOFTWARE APPLICATIONS FOR JOHN A. BURNS SCHOOL OF MEDICINE (JABSOM), UTILIZING PERSONAL DATA ASSISTANTS (PDA), WEB, & OTHER INTERFACES, PACKAGES & IN-HOUSE DEVELOPED SOFTWARE PROGRAMS, & DATA REPOSITORIES IN A DISTRIBUTED ENVIRONMENT. SYSTEM ADMINISTRATION: MANAGES & ADMINISTERS APPLICATIONS USED BY FACULTY, STAFF, & STUDENTS FOR MEDICAL EDUCATION, INCLUDING USER ADMINISTRATION, SECURITY MANAGEMENT, & VIRGUAL GROUP MANAGEMENT. DESIGNS, IMPLEMENTS, & INTEGRATES SUBSYSTEMS OF MEDIUM TO HIGH COMPLEXITY USING A VARIETY OF PROGRAMMING LANGUAGES, INCLUDING MICROSOFT ACCESS, VISUAL BASIC, ACTIVE SERVER PAGES, .NET, SQL, & PHP. TESTS & DEBUGS SYSTEMS OF MEDIUM TO HIGH COMPLEXITY FOR A DISTRIBUTED COMPUTING ENVIRONMENT. MOBILE DEVICES: PROVIDES APPLICATION TRAINING & SUPPORT, AS WELL AS TECHNICAL SUPPORT/TROUBLESHOOTING FOR MOBILE DEVICE ACCESS (IPHONE, WINDOWS MOBILE, PALM, BLACKBERRY, ETC.) & APPLICATIONS (T-RES) FOR COURSEWORK/CLINICAL ROTATIONS. PREPARES WRITTEN TECHNICAL DOCUMENTATION FOR SYSTEMS OF MEDIUM TO HIGH COMPLEXITY. GENERATES MATERIALS & CONDUCTS TRAINING FOR END-USERS INCLUDING FACULTY, STAFF & STUDENTS ON USE OF SOFTWARE, WEB APPLICATIONS, PDAs, DATABASES, ETC. DATABASE MANAGEMENT: DESIGNS, DEVELOPS, IMPLEMENTS & MAINTAINS DATABASES SUPPORTING STUDENT EDUCATION & CURRICULUM ADMINISTRATION. DATABASE MANAGEMENT: SUPPORTS STATISTICAL ANALYSIS & DATA MANAGEMENT OF EXAM RESPONSES, SURVEY QUESTIONS, COURSE MATERIALS, AND CURRICULUM MAP. KEEPS ABREAST OF EMERGING TECHNOLOGIES & TRENDS IN HIGHER EDUCATION BY REVIEWING ARTICLES IN TRADE JOURNALS, PERIODICALS, TECHNICAL MANUALS, ETC. IN BOTH PAPER & ELECTRONIC FORMATS & BY ATTENDING CLASSES, CONFERENCES, PRESENTATIONS. IDENTIFIES TECHNOLOGIES APPLICABLE TO OR OF POTENTIAL USE TO JABSOM; ACQUIRES KNOWLEDGE OF THESE TECHNOLOGIES/SYSTEMS, HARDWARE/SOFTWARE IN ORDER TO PERFORM CURRENT DUTIES & ADVISE USERS ON THE APPLICATION OF IDENTIFIED TECHNOLOGIES. ASSISTS USERS IN EVALUATING & SELECTING APPROPRIATE COMPUTER HARDWARE & SOFTWARE TO MEET OPERATIONAL REQUIREMENTS OR PROBLEM RESOLUTION; ALSO, PROVIDES TECHNICAL CONSULTING ON THE IMPLEMENTATION & APPLICATION OF SELECTED SOLUTIONS. INTEGRATES IT SKILLS AND KNOWLEDGES IN SUPPORT OF JABSOM'S EDUCATIONAL MISSION, WHICH MAY INCLUDE THE USAGE OF PRINCIPLES OF EDUCATION IN CONJUNCTION WITH LEADING EDGE TECHNOLOGY FOR JABSOM. OTHER DUTIES AS ASSIGNED. D.B.4.B. 3 YRS PROGRESSIVELY RESPONSIBLE PROFESSIONAL IT EXP. SPECIAL REQ. (CONT'D) - AND THOROUGH SOLUTIONS IN AN EFFECTIVE & TIMELY MANNER. DEMONSTRATED ABILITY TO INTERPRET & PRESENT INFORMATION & IDEAS CLEARLY AND ACCURATELY IN WRITING, VERBALLY & BY PREPARATION OF REPORTS & OTHER MATERIALS. DEMONSTRATED ABILITY TO ESTABLISH & MAINTAIN EFFECTIVE WORKING RELATIONSHIPS W/INTERNAL & EXTERNAL ORGANIZATIONS, GROUPS, TEAM LEADERS & MEMBERS, & INDIVIDUALS. FOR SUPERVISORY WORK, DEMONSTRATED ABILITY TO LEAD SUBORDINATES, MANAGE WORK PRIORITIES & PROJECTS, & MANAGE EMPLOYEE RELATIONS. ANY EQUIVALENT COMBO OF EDUCATION AND/OR PROFESSIONAL WORK EXP. WHICH PROVIDES REQUIRED EDUCATION, KNOWLEDGE, SKILLS & ABILITIES AS INDICATED. CONSIDERABLE WORKING KNOWLEDGE OF SCRIPTING LANGUAGES & WEB DEVELOPMENT PLATFORMS SUCH AS ASP, ASP.NET, PHP, AND PERL. CONSIDERABLE WORKING KNOWLEDGE OF SYSTEMS ADMINISTRATION AS RELATED TO USER PROVISIONING, SECURITY MGMT., SYSTEMS OPTIMIZATION, UPGRADE IMPLEMENTATION, & CUSTOMER SERVICE. KNOWLEDGE OF APPLICATION DEVELOPMENT AS DEMONSTRATED BY A COMPREHENSIVE UNDERSTANDING OF CURRENT APPLICATION DEVELOPMENT PRINCIPLES & METHODOLOGY. WORKING KNOWLEDGE OF DATABASE INTEGRATION & MGMT. INCLUDING SQL AND MYSQL, & ABILITY TO CREATE RELATIONAL DATABASES AS NEEDED. CONSIDERABLE KNOWLEDGE OF, AND NO LIMITATIONS, CAPABILITIES, USES FOR DESKTOP APPLICATIONS (MICROSOFT WORD, MICROSOFT EXCEL, MICROSOFT POWERPOINT, MICROSOFT OUTLOOK).

OMB Approval: 1205-0466
Expiration Date: 11/30/2011

Application for Prevailing Wage Determination
ETA Form 9141
**U.S. Department of Labor**



### ADDENDUM

SECTION D.b.5: Special Requirements

CONSIDERABLE WORKING KNOWLEDGE OF USE OF COMPUTERS FOR TEACHING, TRAINING AND/OR LEARNING (E.G., EDUCATIONAL TECHNOLOGY SYSTEMS) AS DEMONSTRATED BY THE BROAD KNOWLEDGE AND UNDERSTANDING OF THE FULL RANGE OF PERTINENT STANDARD AND EVOLVING INFO. TECH. CONCEPTS, PRINCIPLES AND METHODOLOGY. CONSIDERABLE WORKING KNOWLEDGE & UNDERSTANDING OF BROAD T TECHNOLOGY, SYSTEMS, HARDWARE AND SOFTWARE ASSOCIATED W/APPLICATION DEVELOPMENT, TEACHING, TRAINING, AND/OR LEARNING W/TECHNOLOGY (E.G., EDUC. TECH.). DEMONSTRATED ABILITY TO RECOGNIZE A WIDE RANGE OF INTRICATE PROBLEMS, USE REASONING & LOGIC TO DETERMINE ACCURATE CAUSES, & APPLY PRINCIPLES AND PRACTICES TO DETERMINE, EVALUATION, INTEGRATE, AND IMPLEMENT PRACTICAL (CONT'D D.A.6)

ETA Form 9141                **FOR DEPARTMENT OF LABOR USE ONLY**                Page 6 of 6

Case Number: ___P-100-10244-371217___   Case Status: REDETERMINATION MODIFIED  Validity Period: ___09/30/2010___ to ___07/01/2011___

# Hawaii Job Order Print Document

**Job Order: 1204564**

Office: **Oahu WorkLinks Honolulu**

Print Date: **8/6/2010 3:29:14 PM**

LWIA/Region: **Oahu**

**Location:**

Main Address:

**UHM John A. Burns School of Medicine - Ofc of Medical Education**
**651 ILALO Street MEB**

**HONOLULU, HI 96813**

Mailing Address:

**UHM John A. Burns School of Medicine - Ofc of Medical Education**
**651 ILALO Street MEB**
**HONOLULU, HI 96813**

**Contact:**

Contact: **Damon Sakai**

Phone: **(808) 692-1001 x**     Fax:

Title: **Director & Associate Professor**

Email:

**Job Details:**

Occupational Code: **15103100 Computer Software Engineers, Applications**

Job Title: **Informational Technology (Educational Technology Specialist)**

Industry Code: **611310 - This industry comprises establishments primarily engaged in furnishing academic courses and granting degrees at baccalaureate or graduate levels. The requirement for admission is at least a high school diploma or equivalent general academic training.Illustrative Examples: Colleges (except junior colleges); Military academies, college level; Professional schools (e.g., business administration, dental, law, medical); Theological seminaries offering baccalaureate or graduate degrees; Universities**

Number of Positions: **1**

Earliest Date to Display: **8/4/2010**

Type of Job: **1**

Duration: **Over 150 Days**

Referrals: **25**

Last Date Job Order Will Display: **9/3/2010**

Full Time or Part Time: **1**

Special Job Category: **1**

**Job Duties and Skills:**

Description:

• Develops medical education and administrative software applications for JABSOM, utilizing personal data assistants (PDA), web, & other interfaces, packaged & in-house developed software programs, & data repositories in a distributed environment.

• System Administration: manages & administers applications used by faculty, staff, & students for medical education, including user administration, security management, & virtual group management.
• Designs, implements & integrates subsystems of medium to high complexity using a variety of programming languages, including Microsoft Access, Visual Basic, Active Server Pages, .NET, SQL, & PHP.
• Tests & debugs systems of medium to high complexity for a distributed computing environment.
• Mobile Devices: provides application training & support, as well as technical support/troubleshooting for Mobile device access (iPhone, Windows Mobile, Palm, Blackberry, etc.) & applications (T-Res) for coursework/clinical rotations.
• Prepares written technical documentation for systems of medium to high complexity.
• Generates materials & conducts training for end-users including faculty, staff, & students on use of software, web applications, PDAs, Databases, etc.
• Database Management: Designs, develops, implements & maintains databases supporting student education & curriculum administration.
• Database Management: supports statistical analysis & data management of exam responses, survey questions, course materials, and curriculum map.
• Keeps abreast of emerging technologies & trends in higher education by reviewing articles in trade journals, periodicals, technical manuals, etc. in both paper & electronic formats & by attending classes, conferences, presentations.

000072

• Identifies technologies applicable to or of potential use to JABSOM; acquires knowledge of these technologies/systems, hardware/software in order to perform current duties & advise users on the application of identified technologies.
• Assists users in evaluating & selecting appropriate computer hardware & software to meet operational requirements or problem resolution; also, provides technical consulting on the implementation & application of selected solutions.
• Integrates IT skills and knowledges in support of JABSOM's educational mission, which may include the usage of principles of education in conjunction with leading edge technology for JABSOM.
• Other duties as assigned

Special Software/Hardware Skills Needed: **No**
Special Skills:
• Possession of a pertinent baccalaureate educational degree in Management Information Systems, Computer Science, Project Management, or related field and 3 years of progressively responsible professional information technology experience with responsibilities for desktop application support, web application support, and/or user application support/help desk, of which 2 years of the experience must have been comparable in scope and complexity to the next lower payband in the University of Hawai''''''''''''''''''''''''''''''''i broadband system; or equivalent education/training or experience.

• Considerable working knowledge of the use of computers for teaching, training and /or learning (e.g., educational technology systems) as demonstrated by the broad knowledge and understanding of the full range of pertinent standard and evolving information technology concepts, principles and methodology.
• Considerable working knowledge and understanding of the broad technology, systems, hardware and software associated with application development, teaching, training, and/or learning with technology (e.g., educational technology).
• Demonstrated ability to recognize a wide range of intricate problems, use reasoning and logic to determine accurate causes, and apply principles and practices to determine, evaluation, integrate, and implement practical and thorough solutions in an effective and timely manner.
• Demonstrated ability to interpret and present information and ideas clearly and accurately in writing, verbally and by preparation of reports and other materials.
• Demonstrated ability to establish and maintain effective working relationships with internal and external organizations, groups, team leaders and members, and individuals.
• For supervisory work, demonstrated ability to lead subordinates, manage work priorities and projects, and manage employee relations.
• Any equivalent combination of education and/or professional work experience which provides the required education, knowledge, skills and abilities as indicated.
• Considerable working knowledge of scripting languages & web development platforms such as ASP, ASP.NET, PHP, and Perl.
• Considerable working knowledge of system administration as related to user provisioning, security management, systems optimization, upgrade implementation, & customer service.
• Knowledge of application development as demonstrated by a comprehensive understanding of current application development principles & methodology.
• Working knowledge of database integration and management including SQL and MySQL, & ability to create relational databases as needed.
• Considerable knowledge of the limitations, capabilities, uses for desktop applications (e.g. Microsoft Word, Microsoft Excel, Microsoft PowerPoint, Microsoft Outlook).
Desirable Qualifications:
• Knowledge of medical education or curriculum management.
• Knowledge of troubleshooting procedures & practices for hardware, software, & connectivity in a distributed computing environment.
• Considerable knowledge of hand held devices including iPhone, Palm, WindowsMobile, and Smart Phones & their software applications.
• Knowledge of student financial accounting and human resource information systems.

**Job Requirements:**

# Applicant #1

# Ya-Wen Hsiao

Minimum Age:

Test Done By: **No test required**                    Required Tests: **NA**

Hiring Requirements: **Reference Checks**

Hiring Requirements Other: **Submit cover letter indicating how you satisfy the minimum and desirable qualifications, UH Form 64 ( standard format ) ( large format ), resume, names of 3 professional references which include phone numbers and email addresses and official transcripts (copies accepted, however originals required upon hire) to the address below. Address: Lori Chau UH, John A. Burns School of Medicine Office of Medical Education 651 Ilalo Street, Medical Education Bldg., 3rd Floor Honolulu, HI 96813**

Education Level: **Bachelors Degree**

Months of Experience: **36**

Requires a Drivers License: **No**

Drivers License Certification:

Drivers License Endorsements:

**Compensation and Hours:**

Minimum Salary: **3684.00 Month**                    Maximum Salary: **3684.00 Month**

Pay Comments: **DOE (Depends on Experience)**

Supplemental Compensation: **No**                    Types of Compensation:

Hours per Week: **Hours are Specific**               Actual Hours: **40**

Shift: **Not Applicable**

Benefits:

Other Benefits: **No Benefits Listed**

Near Public Transportation: **No**

**Job Order Information to be Displayed Online:**

Job Order Information Online: **Job details, employer name and contact information will be displayed online.**

**Job Order Methods Accepted:**

How to Apply: **Online Resume, Mail, Apply at Job Service**

Company Website: **NA**

Application Comments:
**Submit cover letter indicating how you satisfy the minimum and desirable qualifications, UH Form 64 ( standard format ) ( large format ), resume, names of 3 professional references which include phone numbers and email addresses and official transcripts (copies accepted, however originals required upon hire) to the address below.**

**Address:**
**Lori Chau**
**UH, John A. Burns School of Medicine**
**Office of Medical Education**
**651 Ilalo Street, Medical Education Bldg., 3rd Floor**
**Honolulu, HI 96813**

**Other Information:**

Green Job: **Not Specified**                         Subsidized by ARRA (Stimulus): **No**

Featured Job: **No**                                 In an Enterprise Zone: **No**

Federal Contractor: **No**                           Court Ordered Affirmative Action: **No**

**Staff Information:**

Category: **Regular (Non Domestic)**                 Job Developer Mandatory Listing: **NA**

Status: **Open and available**                       Employer Status: **Open and available**

Reason: **NA**

**SOCIAL WORKER**
(Mental Health) V - O'ahu
($4,276/Mo.)

**O'AHU CONTINUOUS RECRUITMENTS**
SUPERVISING COURT REPORTER II

Exempt Appointment (Non-Civil Service)
**JUDICIARY HISTORY CENTER**
**JUDICIARY EDUCATION ASSISTANT**

For assistance, call 539-4943, (800)493-9298,
(808)745-7719 (TTY).   EEO/AA Employer

**Website: WORKATUH.HAWAII.EDU**

**UNIVERSITY OF HAWAI'I EMPLOYMENT OPPORTUNITIES**

For full description and other employment listings, visit website above.
Appointments are full time unless otherwise specified and subject to funding and/or position clearance. UH is an Equal Opportunity/Affirmative Action Institution.

**EXECUTIVE**
Univ Assoc General Counsel

**FACULTY**
Instructor, CC (Counselor)

**ADMINISTRATIVE, PROFESSIONAL, & TECHNICAL**

For civil service positions (e.g., clerical, security, maintenance, lab aids, etc.), please view: www.ehawaiigov.org/statejobs/

**OFFICE OF HAWAIIAN AFFAIRS**

HO'OLU LĀNAI ALOHA:
To Raise a Beloved Nation

We currently have openings for a:
- Community Outreach Coordinator III – Part-time position located on the island of Lāna'i
- Community Relations Specialist III
- Procurement Manager

Please send resume and cover letter with salary history and requirements to:

OFFICE OF HAWAIIAN AFFAIRS
711 Kapi'olani Boulevard, Suite 500
Honolulu, Hawai'i 96813
Attention: Human Resources

An Equal Opportunity Employer

www.oha.org

**NCI** the next intelligent step.

**Senior Network Engineer**
(Hickam AFB)

www.ncicareers.com

**HAWAII NATIONAL BANK**

LOAN SERVICING CLERK/SPECIALIST
CREDIT ANALYST
TELLER
RELIEF TELLERS
BRANCH MANAGER
LOAN OFFICER
BUSINESS RELATIONSHIP MANAGER
SALES AND SERVICING REPRESENTATIVE
CUSTOMER SERVICE SUPERVISOR
ASST. CUSTOMER SERVICE SUPERVISOR

An Equal Opportunity Employer
www.hawaiinational.com

THE ISLANDER GROUP

www.staradvertiser.com



Reach for the Star
Subscribe today
538-NEWS



CURRICULUM VITAE

**www.staradvertiser.com**



**JOIN THE LEADER!**
#1 Commercial Cleaning Franchisor
Home-Based Franchise
Top-Ten Franchise for 2010

Join us now! 535-6100 www.coverall.com

08/08/2010

2 of 2

2   HONOLULU STAR-ADVERTISER   Sunday, 8/15/10



## General | General | General | General | Healthcare

**DRIVER**
RETAIL FISH CUTTER
COUNTER HELP
Full-Time Positions
Established Seafood Company. Competitive wages. Excellent benefits & growth opportunity. Abstract req for Driver position.
Call for appt 832-9500

**EARN QUICK**
$$ CASH $$
HAWKERS WANTED
FOR SUNDAY SALE
OF THE STAR-ADVERTISER
OPENINGS IN THE KAPOLEI TO WAIANAE AREA
Call for more information
Aloha 216-7360

**EXPERIENCED JANITOR**
Part-time for Mililani area Monday-Friday evenings.
Call for info 672-8265

**LOVE'S BAKERY, INC.** is seeking individuals to be part of our TEAM. After a training period these individuals must be able to work days, nights and weekends.

DRIVER-CDL
72 hr weekends 1 to 4 days weekly. Early am, heavy lifting. Apply in person.
Call 833-9600

DRIVER-CDL
72 hr weekends 1 to 4 days weekly. Heavy lifting. Familiar w/ Oahu streets. Clean abstract
Call 832-9600

**OFFICE CLERK**
CUST SERVICE REP
F/T W/ benefits 1 to 5 days weekly. Detail oriented, fast w/ data entry, personable. Early am, heavy lifting.

**"WEDDING COORDINATOR"**
Seeking candidates for two positions:
-Sales and Reservation Associate
-Event Coordinator/Wedding Planner
Candidates should be knowledgeable about Oahu and capable of selling the "Ultimate Hawaii Wedding Experience." Must be personable, detail-oriented, self-motivated, computer and Internet savvy and have excellent communication skills. Please send resume to:
#firstlady@aol.com
Fax for info:
(808) 973-1145

**CARE GIVER NEEDED**
Compassionate to assist seniors to remain at home. P/T, Days &
Overnights. 944-0422

Executive Housekeeper
Excellent opportunity to work for a small boutique hotel. Candidate will have 2+ years supervisory experience. HSHA certificate, excellent customer service skills, and must be a team player!

The Sea Star Hotel
KANAANA BEACH HOTEL
2863 Kalakaua Avenue Honolulu, HI 96815
www.koimono.com

YHata & Co.
HUMAN RESOURCES GENERALIST
Performs a variety of tasks associated with the administrative support of the Human resources Department. Computes wages and records data for use in payroll processing on a biweekly pay schedule.

FIELD REPRESENTATIVE/
PATIENT ADVOCATE
Full time position. Must be organized, able to work independently and have excellent people skills.
E-mail/mail/fax resume to:
Outreach Services • 680 Iwilei Rd.
Suite 170 • Honolulu, Hawaii 96817
Fax: 808 525-7243
cstewart@outreachservices.com



OutreachServices

**COPPERTONE SALES REPRESENTATIVE**
Immediate opening for a dynamic sales-oriented person responsible for selling, stocking and implementing merchandising and promotional support in assigned stores.

Positions Available at
Honolulu & Airport Locations.
RENTAL SALES AGENTS
CASHIERS
BUS DRIVERS
CAR WASH AGENTS

Hawaiian Electric Company
Giving you the power

careers.heco.com

TITLE GUARANTY
Hawaii's Largest Title Company

Visit www.tghawaii.com

Get in. Get out.
Get ahead.

Earn your degree in as little as 18 months with help from our friendly staff and flexible schedules!

Learn NOW for a career in
PHARMACY
TECHNOLOGY

Heald COLLEGE
EST. 1863
Healthcare • Business • Legal • Technology

Heald College offers degrees in:
HEALTHCARE
BUSINESS
LEGAL
TECHNOLOGY



Find Your Next Job in Hawaii's Classifieds





Blood Bank of Hawaii

Subscribe Today!
538-NEWS
(6397)

Website: WORKATUH.HAWAII.EDU
UNIVERSITY OF HAWAI'I EMPLOYMENT OPPORTUNITIES

08/15/2010
1 of 2

000078

**LANDSCAPING SUPERVISOR**

Seeking an experienced candidate who will be responsible for the development, training, and monitoring of the Nursery and Estate.

This position requires three to five years landscaping experience, preferably in a supervisory position. Ideal candidate should have strong supervisory and communication skills. C27 Landscaping Contractors License highly preferred and working knowledge and experience in Microsoft Office software required. Must have valid driver's license with clean abstract.

Box # 1029 M
c/o Star Classified
500 Ala Moana Blvd
Ste 7-500
Honolulu, HI 96813

**WAREHOUSE SPECIALIST FT**

Inventory stored materials, remove materials from storage. Able to lift, pull, push 50+ lbs. Able to work and handle high volume; available to work mandatory overtime. Familiar with Army RFI operations and Ordering software, computer literate. Possess a current forklift certificate Avalid driver's license. Obtain security clearance. $20.14 / hour. Send app/resume via: careers@relew.com; fax 440-0612 DFW/EOE



We are recruiting for the following position:
**ELECTRICAL ENGINEER**
(Customer Installations Department)

careersinsco.com
Employment Hotline (808)

**TITLE GUARANTY**
*Hawaii's Largest Title Company*

We are actively seeking goal-oriented and highly motivated individuals who want to be part of our dynamic organization with career advancement opportunities. College graduate preferred with prior real estate or escrow experience as a plus.

Escrow Associates
Account Manager
Office Coordinator
Branch Coordination Technician
Project Title Representative

Visit **www.tghawaii.com** for further information and to apply!
*Salary commensurate with experience.*
We provide an excellent benefit package.

*An Equal Opportunity Employer committed to a drug-free work environment*

maximizing and developing Coppertone presence in the stores. Highly motivated self-starter with excellent customer service and time management skills. Able to lift up to 50 lbs and will have access to the Coppertone Car.

Apply online at aw09.com or fax resume to:
(808) 834-3350
**WEBCO HAWAII, INC.**
2840 Mokumoa St.
Honolulu, HI 96819
EEO/AA

**Blood Bank of Hawaii**

Laboratory Assistants, FT & Temp

Phlebotomist
(continuous recruitment)

CDL (A or B) Driver, PT

Special Perks include fully paid health insurance, medical, sick leave, 16 holidays, retirement, disability, life insurance and more!

To apply, please visit our Employment site at www.bbh.org

**RENTAL SALES AGENTS**
**CASHIERS**
**BUS DRIVERS**
**CAR WASH AGENTS**

**Excellent Benefits**
Medical, Dental & Vision * Tuition Reimbursement 401(k) Plan & Company Match Profit Sharing & Bonus

Interested applicants should apply on-line at WWW.DTAG.COM or apply in person with a driver's license and social security card between the hours of 11am & 3pm at:

3174 N. Nimitz Hwy.

**DIRECTOR of SALES & MARKETING**

Seeking qualified candidates for the "Holiday Inn Waikiki Beachcomber Resort" launching in November 2010. This candidate will have a minimum of five years of recent work experience within the Travel Industry. Previous Holiday Inn(s) experience located in a major market with strong corporate and leisure segments highly preferred. College degree in Travel Industry Management, business or related field; or an equivalent combination of education and experience from which comparable job knowledge and skills have been acquired may be considered in place of a degree. Responsibilities to include but not limited to: marketing development, customer service and retention, market and business research and planning, strategic direction for promotion and advertising, public relations and community and industry relations. Interact with both internal and external customers to achieve brand clarity, operational consistency, and product uniformity and revenue goals. Excellent interpersonal relationship and written and verbal communication skills required. Familiarity with Hawaii, its people, and business culture a must.

Qualified candidates can apply online at:
WWW.OUTRIGGER.COM
*An Affirmative Action/EEO Employer*

**IMMEDIATE OPENINGS**

Ain't Next was opened in 1984 and is operated as a Lutheran Good Samaritan non-profit operator of senior communities in the United States. We are located in Kaneohe, HI.

POSITIONS:
* FT ADMISSIONS COORDINATOR
44 bed SNF / ICF; LTC & Social Services experience required.

* STAFF DEVELOPMENT COORDINATOR
Evening Shift Charge Nurse Must be RN Responsible for campus-wide Inservice training and must maintain facility Learning Center. Works directly with all staff, managers and National Headquarters. Responsible for new staff Physical Screening and maintaining all health records.

* FT HUMAN RESOURCES DIRECTOR
Must have at least one year of experience in a Human Resource position.

* ON CALL REGISTERED NURSE
Must be available to work eves, weekends, holidays.

* PT AND ON-CALL CERTIFIED NURSING ASSISTANT
On-call hours vary, mostly eve, weekends and holidays. Part time evenings.

*Interested candidates may apply at the facility, e-mail, mail, or fax resumes:*
Ann Schaefer, HR Director
Good Samaritan Society – Pohai Nani
45-090 Namoku Street,
Kaneohe, HI 96744
Fax: (808) 234-1059
Email: aschuel@good-sam.com

*The Evangelical Lutheran Good Samaritan Society is an equal opportunity employer and hires qualified individuals without regard to race, color, sex, age, national origin, religion, disability, marital/veteran/citizenship status, or other protected classes.*

**Subscribe Today!**
**538-NEWS**
(6397)

**Find Your Next Job**
in
**Hawaii's Classifieds**
and
**Hawaii's Jobs**
in the
*Honolulu Star-Advertiser*
*The pulse of paradise*

Subscribe Today 538-NEWS
**521-9111**
www.staradvertiser.com

**Get in. Get out. Get ahead.®**

Earn your degree in as little as 18 months with help from our friendly staff and flexible schedules!

Learn NOW for a career in
**PHARMACY TECHNOLOGY**

**Heald COLLEGE**
EST. 1863
Healthcare • Business • Legal • Technology

Heald College offers degrees in:
HEALTHCARE
BUSINESS
LEGAL
TECHNOLOGY

*Programs vary by term*

**Benefits:**
• Lifetime career services assistance for graduates
• Financial aid for those who qualify

**CALL TODAY!**
**1-866-918-9173**
1500 Kapiolani Blvd, Honolulu, HI 96814
www.Reach-Heald.com

Website: WORKATUH.HAWAII.EDU

**UNIVERSITY OF HAWAI'I EMPLOYMENT OPPORTUNITIES**

For full description and other employment listings, visit website above. Appointments are full time unless otherwise specified and subject to funding and/or position clearance. UH is an Equal Opportunity/Affirmative Action Institution.

**FACULTY**
Instructor, CC (Construction Academy), Honolulu Community College, #74765, temp, closes 08/31/10, 808-845-9185

Junior Specialist, HELP-SLS, UH Manoa Campus, #83042T, temp, closes 08/23/10, 808-956-2465

Assistant Professor (Geriatric Medicine), UHM, John A. Burns School of Medicine, DeptJ of Geriatric Medicine, Kuakini Medical Center, #88926T, temp, closes 08/25/10, 808-523-8461

Junior, Assistant, Associate or Full Specialist (Assessment Coordinator), College of Pharmacy (CoP), UH Hilo, #73395, continuous recruitment, 808-933-2865

Junior Researcher, C of Trop Ag & Hum Res, Human Nutrition, Food & Animal Sciences, Manoa, #84045T, temp, closes 08/27/10, 808-956-3848

Junior Researcher, College of Natural Sciences/ Department of Microbiology, University of Hawaii at Manoa, #84359T, temp, closes 08/27/10, 808-956-3522

Associate Professor, CC or Full Professor, CC (Workforce Development), Continuing Education & Workforce Development, Leeward Community College, #86825, closes 09/15/10, 808-455-0326

**ADMINISTRATIVE, PROFESSIONAL, & TECHNICAL**
Information Technology PBB (Educational Technology Specialist), John A. Burns School of Medicine, Kakaako, #78233, closes 09/04/10, 808-692-1001

Instructional and Student Support PBA (Financial Aid Officer), Student Services, Leeward Community College, #79232T, temp, closes 08/31/10, 808-455-0326

Instructional and Student Support PBA (Junior, Technical Education Counselor), Student Services, Leeward Community College, #79233T, temp, closes 08/31/10, 808-455-0326

Institutional Support PBA (Adm & Fiscal Support So), William S. Richardson School of Law, closes 08/23/10, 808-956-7986

Instructional & Student Support PBB (Scholarship Dir. and Financial Aid Counselor), John A. Burns School of Medicine - Office of Student Affairs, #79198, closes 08/25/10, 808-692-0895

Institutional Support PBA (Adm & Fiscal Support So), C of Trop Ag & Hum Res, Tropical Plant & Soil Sciences, Manoa, #77795, closes 08/25/10, 808-956-8089

Physical Plant Management PBB (Chief Security Officer), University of Hawaii Maui College, Kahului, Maui, #79186, closes 08/30/10, 808-984-3253

Legal Affairs PBA (Legal Assistant), VP for Legal Affairs & University General Counsel, Manoa, #79237, closes 08/25/10, 808-956-8501

Instructional and Student Support PBB (Student Services Co-Advising & Co-Curricular Coordinator), University of Hawaii-West Oahu, Pearl City, Oahu, #79205T, temp, closes 08/30/10, 808-454-4840

Instructional and Student Support PBA (Educ & Acad Support Spec), C of Trop Ag & Hum Res, Family & Consumer Sciences, Kona Extension, #79218T, temp, closes 08/31/10, 808-322-4892

Academic Support PBB (Educational Sp), VP for Student Affairs & Comm Relations, Manoa, #80014T, temp, closes 08/27/10, 808-956-8601

Information Technology PBA (System Programmer), Career Development & Student Employment, UHM DLC212, #78699T, temp, closes 08/27/10, 808-956-4399

**OTHER**
Lecturer, Biology Program, Manoa Campus, temp, closes 08/27/10, 808 956-5802

Lecturer (Religion), UHM College of Arts & Humanities, Department of Religion, Manoa, temp, continuous recruitment, 808-956-4203

For civil service positions (e.g., clerical, security, maintenance, lab aids, etc.), please view: www.ehawaii.gov/statejobs/

08/15/2010

2 of 2

000079

## Work at UH Advertisement

| | |
|---|---|
| Title: | Information Technology (Educational Technology Specialist) |
| Position Number: | 0078233 |
| Hiring Unit: | John A. Burns School of Medicine |
| Location: | Kakaako |
| Date Posted: | August 02, 2010 |
| Closing Date: | September 04, 2010 |
| Band: | B |
| Minimum Monthly Salary: | Band B: $3,684 |
| Full Time/Part Time: | Full Time |
| Temporary/Permanent: | Permanent |

Other Conditions:     General funds, to begin approximately Sept 2010, subject to position clearance.

Duties and Responsibilities:

Develops medical education and administrative software applications for JABSOM, utilizing personal data assistants (PDA), web, & other interfaces, packaged & in-house developed software programs, & data repositories in a distributed environment.

System Administration: manages & administers applications used by faculty, staff, & students for medical education, including user administration, security management, & virtual group management.

Designs, implements & integrates subsystems of medium to high complexity using a variety of programming languages, including Microsoft Access, Visual Basic, Active Server Pages, .NET, SQL, & PHP.

Tests & debugs systems of medium to high complexity for a distributed computing environment.

Mobile Devices: provides application training & support, as well as technical support/troubleshooting for Mobile device access (iPhone, Windows Mobile, Palm, Blackberry, etc.) & applications (T-Res) for coursework/clinical rotations.

Prepares written technical documentation for systems of medium to high complexity.

Generates materials & conducts training for end-users including faculty, staff, & students on use of software, web applications, PDAs, Databases, etc.

Database Management: Designs, develops, implements & maintains databases supporting student education & curriculum administration.

Database Management: supports statistical analysis & data management of exam responses, survey questions, course materials, and curriculum map.

Keeps abreast of emerging technologies & trends in higher education by reviewing articles in trade journals, periodicals, technical manuals, etc. in both paper & electronic formats & by attending classes, conferences, presentations.

Identifies technologies applicable to or of potential use to JABSOM; acquires knowledge of these technologies/systems, hardware/software in order to perform current duties & advise users on the application of identified technologies.

Assists users in evaluating & selecting appropriate computer hardware & software to meet operational requirements or problem resolution; also, provides technical consulting on the implementation & application of selected solutions.

Integrates IT skills and knowledges in support of JABSOM's educational mission, which may include the usage of principles of education in conjunction with leading edge technology for JABSOM.

Other duties as assigned

Minimum Qualifications:

Possession of a pertinent baccalaureate educational degree in Management Information Systems, Computer Science, Project Management, or related field and 3 years of progressively responsible professional information technology experience with responsibilities for desktop application support, web application support, and/or user application support/help desk, of which 2 years of the experience must have been comparable in scope and complexity to the next lower payband in the University of Hawai'i broadband system; or equivalent education/training or experience.

Considerable working knowledge of the use of computers for teaching, training and /or learning (e.g., educational technology systems) as demonstrated by the broad knowledge and understanding of the full range of pertinent standard and evolving information technology concepts, principles and methodology.

Considerable working knowledge and understanding of the broad technology, systems, hardware and software associated with application development, teaching, training, and/or learning with technology (e.g., educational technology).

Demonstrated ability to recognize a wide range of intricate problems, use reasoning and logic to determine accurate causes, and apply principles and practices to determine, evaluation, integrate, and implement practical and thorough solutions in an effective and timely manner.

Demonstrated ability to interpret and present information and ideas clearly and accurately in writing, verbally and by preparation of reports and other materials.

Demonstrated ability to establish and maintain effective working relationships with internal and external organizations, groups, team leaders and members, and individuals.

For supervisory work, demonstrated ability to lead subordinates, manage work priorities and projects, and manage employee relations.

Any equivalent combination of education and/or professional work experience which provides the required education, knowledge, skills and abilities as indicated.

Considerable working knowledge of scripting languages & web development platforms such as ASP, ASP.NET, PHP, and Perl.

Considerable working knowledge of system administration as related to user provisioning, security management, systems optimization, upgrade implementation, & customer service.

Knowledge of application development as demonstrated by a comprehensive understanding of current application development principles & methodology.

Working knowledge of database integration and management including SQL and MySQL, & ability to create relational databases as needed.

Considerable knowledge of the limitations, capabilities, uses for desktop applications (e.g. Microsoft Word, Microsoft Excel, Microsoft PowerPoint, Microsoft Outlook).

Desirable Qualifications:

Knowledge of medical education or curriculum management.

Knowledge of troubleshooting procedures & practices for hardware, software, & connectivity in a distributed computing environment.

Considerable knowledge of hand held devices including iPhone, Palm, WindowsMobile, and Smart Phones & their software applications.

Knowledge of student financial accounting and human resource information systems.

---

To Apply:          Submit cover letter indicating how you satisfy the minimum and desirable qualifications, UH Form 64 ( standard format ) ( large format ), resume, names of 3 professional references which include phone numbers and email addresses and official transcripts (copies accepted, however originals required upon hire) to the address below.

Address:          Lori Chau

000082

UH, John A. Burns School of Medicine
Office of Medical Education
651 Ilalo Street, Medical Education Bldg., 3rd Floor
Honolulu, HI 96813

Inquiries:                       Dr. Damon Sakai; 808-692-1001

The University of Hawaii is an equal opportunity/affirmative action institution and is committed to a policy of nondiscrimination on the basis of race, sex, gender identity and expression, age, religion, color, national origin, ancestry, disability, marital status, sexual orientation, status as a protected veteran, National Guard participation, breastfeeding, and arrest/court record (except as permissible under State law).

Employment is contingent on satisfying employment eligibility verification requirements of the Immigration Reform and Control Act of 1986; reference checks of previous employers; and for certain positions, criminal history record checks.

In accordance with the Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics Act, annual campus crime statistics for the University of Hawaii may be viewed at: http://ope.ed.gov/security/, or a paper copy may be obtained upon request from the respective UH Campus Security or Administrative Services Office.

In accordance with Article 10A of the unit 08 collective bargaining agreement, bargaining unit members receive priority consideration for APT job vacancies. As a result, external or non BU 08 applicants may not be considered for some APT vacancies. BU 08 members with re-employment rights or priority status are responsible for informing the hiring unit of their status.

Print                                                                                                                        Close

## Your craigslist posting 'Educational Technology Specialist'

**craigslist.org**                                                                                       5:58 AM
To gmurata@hotmail.com

Confirmation for Posting ID# 1883997567

Your ad, titled 'Educational Technology Specialist' has been posted as follows:

http://honolulu.cra.gslist.org/oah/tch/1883997567.html (technical support jobs)

Posts will appear in the list of postings and in search results in about 15 minutes.

If you have trouble finding your ad, please check our help page:[?]

Please log in into your account if you need to edit or delete your posting:
https://accounts.craigslist.org/login

If you did not post this ad please change your account password asap:
https://accounts.craigslist.org/login/chgpwd

For your protection please check our list of common scams.

Thanks for using craigslist!

hawaii craigslist > oahu > jobs > technical support jobs                                      [ help ] [ post ]

all hawaii   oahu   big island   maui   kauai   molokai

search for:                              in:  tech support jobs        ▾      ⃝ title only  ⊙ entire post  [ Search ]

☐ telecommute  ☐ contract  ☐ internship  ☐ part-time  ☐ non-profit  ☐ has image

[ Fri, 06 Aug 06:32:14 ]            [ FTC Warning on JOB SCAMS ] [ craigslist vs monster vs careerbuilder ] [ jobs forum ] [ success story? ]
                                    [ AVOIDING SCAMS & FRAUD ] [ PERSONAL SAFETY TIPS ] [ craigslist {tv} ] [ unofficial flagging faq ]
                                                                                                    [ craigslist blog ]

**Fri Aug 06**

Educational Technology Specialist - (U of HI School of Medicine)

**Thu Aug 05**

Technician - (Kauai)

Auto Detailer (Kaneohe) - (Windward Auto Spa)

**Wed Aug 04**

IT Technician - (Honolulu)

**Mon Aug 02**

PV Estimator-Designer - (Oahu)

Journeyman Electrician - (Oahu)

Systems Engineer - (Honolulu)

Network Assistant at HPU - (Downtown campus)

Field Services Manager - IT Support - (Honolulu, HI)

Educational Technology Specialist

8/5/10 8:34 PM

hawaii craigslist > oahu > jobs > technical support jobs

email this posting to a friend

Avoid scams and fraud by dealing locally! Beware any deal involving Western Union, Moneygram, wire transfer, cashier check, money order, shipping, escrow, or any promise of transaction protection/certification/guarantee. *More info*

please flag with care:

miscategorized

prohibited

spam/overpost

best of craigslist

# Educational Technology Specialist (U of HI School of Medicine)

Date: 2010-08-06, 5:58AM HST
Reply to: see below

- Develops medical education and administrative software applications for JABSOM, utilizing personal data assistants (PDA), web, & other interfaces, packaged & in-house developed software programs, & data repositories in a distributed environment.

- System Administration: manages & administers applications used by faculty, staff, & students for medical education, including user administration, security management, & virtual group management.

- Designs, implements & integrates subsystems of medium to high complexity using a variety of programming languages, including Microsoft Access, Visual Basic, Active Server Pages, .NET, SQL, & PHP.

- Tests & debugs systems of medium to high complexity for a distributed computing environment.

- Mobile Devices: provides application training & support, as well as technical support/troubleshooting for Mobile device access (iPhone, Windows Mobile, Palm, Blackberry, etc.) & applications (T-Res) for coursework/clinical rotations.

- Prepares written technical documentation for systems of medium to high complexity.

- Generates materials & conducts training for end-users including faculty, staff, & students on use of software, web applications, PDAs, Databases, etc.

- Database Management: Designs, develops, implements & maintains databases supporting student education & curriculum administration.

- Database Management: supports statistical analysis & data management of exam responses, survey questions, course materials, and curriculum map.

- Keeps abreast of emerging technologies & trends in higher education by reviewing articles in trade journals, periodicals, technical manuals, etc. in both paper & electronic formats & by attending classes, conferences, presentations.

http://honolulu.craigslist.org/oah/tch/1883697567.html

Page 1 of 4

- Identifies technologies applicable to or of potential use to JABSOM; acquires knowledge of these technologies/systems, hardware/software in order to perform current duties & advise users on the application of identified technologies.

- Assists users in evaluating & selecting appropriate computer hardware & software to meet operational requirements or problem resolution; also, provides technical consulting on the implementation & application of selected solutions.

- Integrates IT skills and knowledges in support of JABSOM's educational mission, which may include the usage of principles of education in conjunction with leading edge technology for JABSOM.

- Other duties as assigned

Minimum Qualifications:

- Possession of a pertinent baccalaureate educational degree in Management Information Systems, Computer Science, Project Management, or related field and 3 years of progressively responsible professional information technology experience with responsibilities for desktop application support, web application support, and/or user application support/help desk, of which 2 years of the experience must have been comparable in scope and complexity to the next lower payband in the University of Hawaiʻi broadband system; or equivalent education/training or experience.

- Considerable working knowledge of the use of computers for teaching, training and /or learning (e.g., educational technology systems) as demonstrated by the broad knowledge and understanding of the full range of pertinent standard and evolving information technology concepts, principles and methodology.

- Considerable working knowledge and understanding of the broad technology, systems, hardware and software associated with application development, teaching, training, and/or learning with technology (e.g., educational technology).

- Demonstrated ability to recognize a wide range of intricate problems, use reasoning and logic to determine accurate causes, and apply principles and practices to determine, evaluation, integrate, and implement practical and thorough solutions in an effective and timely manner.

- Demonstrated ability to interpret and present information and ideas clearly and accurately in writing, verbally and by preparation of reports and other materials.

- Demonstrated ability to establish and maintain effective working relationships with internal and external organizations, groups, team leaders and members, and individuals.

- For supervisory work, demonstrated ability to lead subordinates, manage work priorities and projects, and manage employee relations.

Educational Technology Specialist                                                                    8/5/10 8:34 PM

- Any equivalent combination of education and/or professional work experience which provides the required education, knowledge, skills and abilities as indicated.

- Considerable working knowledge of scripting languages & web development platforms such as ASP, ASP.NET, PHP, and Perl.

- Considerable working knowledge of system administration as related to user provisioning, security management, systems optimization, upgrade implementation, & customer service.

- Knowledge of application development as demonstrated by a comprehensive understanding of current application development principles & methodology.

- Working knowledge of database integration and management including SQL and MySQL, & ability to create relational databases as needed.

- Considerable knowledge of the limitations, capabilities, uses for desktop applications (e.g. Microsoft Word, Microsoft Excel, Microsoft PowerPoint, Microsoft Outlook).

Desirable Qualifications:

- Knowledge of medical education or curriculum management.

- Knowledge of troubleshooting procedures & practices for hardware, software, & connectivity in a distributed computing environment.

- Considerable knowledge of hand held devices including iPhone, Palm, WindowsMobile, and Smart Phones & their software applications.

- Knowledge of student financial accounting and human resource information systems.

**TO APPLY:** For full position information, please visit the listing on workatuh. Listing includes very specific application instructions for University positions.

Job Posting Closes: September 4, 2010.

- Location: U of HI School of Medicine
- Compensation: Pay Band B Minimum monthly salary: $3,684
- This is at a non-profit organization.
- Principals only. Recruiters, please don't contact this job poster.
- Phone calls about this job are ok.
- Please do not contact job poster about other services, products or commercial interests.

http://honolulu.craigslist.org/oah/tch/1883997567.html                                              Page 3 of 4

Educational Technology Specialist

8/5/10 8:34 PM

PostingID: 1883997567

**No contact info?**

if the poster didn't include a phone number, email, or

other contact info, craigslist can notify them via email.   Send Note!

Copyright © 2010 craigslist, inc.   terms of use   privacy policy   feedback forum

http://honolulu.craigslist.org/oah/tch/1883997567.html

Page 4 of 4

000089



# Detailed Job Listing

Return to Search Results

Position Title : Information Technology (Ed Tech Specialist)
Qualifications :
    Possession of a pertinent baccalaureate educational degree in Management
    Information Systems, Computer Science, Project Management, or related field
    and 3 years of progressively responsible professional information technology
    experience with responsibilities for desktop application support, web application
    support, and/or user application support/help desk, of which 2 years of the
    experience must have been comparable in scope and complexity to the next
    lower payband in the University of Hawai'i broadband system; or equivalent
    education/training or experience.
    Considerable working knowledge of the use of computers for teaching, training
    and /or learning (e.g., educational technology systems) as demonstrated by the
    broad knowledge and understanding of the full range of pertinent standard and
    evolving information technology concepts, principles and methodology.
    Considerable working knowledge and understanding of the broad technology,
    systems, hardware and software associated with application development,
    teaching, training, and/or learning with technology (e.g., educational
    technology).
    Demonstrated ability to recognize a wide range of intricate problems, use
    reasoning and logic to determine accurate causes, and apply principles and
    practices to determine, evaluation, integrate, and implement practical and
    thorough solutions in an effective and timely manner.
    Demonstrated ability to interpret and present information and ideas clearly and
    accurately in writing, verbally and by preparation of reports and other materials.
    Demonstrated ability to establish and maintain effective working relationships
    with internal and external organizations, groups, team leaders and members,
    and individuals.
    For supervisory work, demonstrated ability to lead subordinates, manage work
    priorities and projects, and manage employee relations.
    Any equivalent combination of education and/or professional work experience
    which provides the required education, knowledge, skills and abilities as
    indicated.
    Considerable working knowledge of scripting languages & web development
    platforms such as ASP, ASP.NET, PHP, and Perl.
    Considerable working knowledge of system administration as related to user
    provisioning, security management, systems optimization, upgrade
    implementation, & customer service.
    Knowledge of application development as demonstrated by a comprehensive
    understanding of current application development principles & methodology.
    Working knowledge of database integration and management including SQL
    and MySQL, & ability to create relational databases as needed.
    Considerable knowledge of the limitations, capabilities, uses for desktop
    applications (e.g. Microsoft Word, Microsoft Excel, Microsoft PowerPoint,

UH Center for Career Development & Student Employment
University employment opportunities posted on SECE Job Board

000090

8/15/10 8:50 PM

Microsoft Outlook).

|  |  |
|---|---|
| Duties | : |

Develops medical education and administrative software applications for JABSOM, utilizing personal data assistants (PDA), web, & other interfaces, packaged & in-house developed software programs, & data repositories in a distributed environment.
System Administration: manages & administers applications used by faculty, staff, & students for medical education, including user administration, security management, & virtual group management.
Designs, implements & integrates subsystems of medium to high complexity using a variety of programming languages, including Microsoft Access, Visual Basic, Active Server Pages, .NET, SQL, & PHP.
Tests & debugs systems of medium to high complexity for a distributed computing environment.
Mobile Devices: provides application training & support, as well as technical support/troubleshooting for Mobile device access (iPhone, Windows Mobile, Palm, Blackberry, etc.) & applications (T-Res) for coursework/clinical rotations.
Prepares written technical documentation for systems of medium to high complexity.
Generates materials & conducts training for end-users including faculty, staff, & students on use of software, web applications, PDAs, Databases, etc.
Database Management: Designs, develops, implements & maintains databases supporting student education & curriculum administration.
Database Management: supports statistical analysis & data management of exam responses, survey questions, course materials, and curriculum map.
Keeps abreast of emerging technologies & trends in higher education by reviewing articles in trade journals, periodicals, technical manuals, etc. in both paper & electronic formats & by attending classes, conferences, presentations.
Identifies technologies applicable to or of potential use to JABSOM; acquires knowledge of these technologies/systems, hardware/software in order to perform current duties & advise users on the application of identified technologies.
Assists users in evaluating & selecting appropriate computer hardware & software to meet operational requirements or problem resolution; also, provides technical consulting on the implementation & application of selected solutions.
Integrates IT skills and knowledges in support of JABSOM's educational mission, which may include the usage of principles of education in conjunction with leading edge technology for JABSOM.
Other duties as assigned

| | |
|---|---|
| Salary range | : To be discussed at time of interview. |
| Other salary info | : Pay Band: B |
| Benefits | : Information is available at www.hawaii.edu/ohr |
| Address | : 651 Ilalo St Honolulu, HI, 96813 |





Page 2 of 3

000091

Cooke St

Ohe St

(92)

Ala Moana Blv

Koula St

Map data ©2010 Google, Sanborn -

| | | |
|---|---|---|
| No. of Openings | : | 1 |
| Start Date | : | ASAP |
| Closing Date | : | 09-04-2010 |
| Job Program | : | FULL TIME |
| Job Affiliation | : | UH Manoa |
| Job Number | : | 98805 |

Return to Search Results

Copyright © 2002 MIS - University of Hawai'i

12/13/2010 11:29 AM

CDSE Homepage | SECE Job Database






Students ▾   Alumni   UH Employers ▾   Non-UH Employers ▾   Events ▾   Workshops ▾   About Us ▾   Site Map



# CDSE Job Programs

The Center for Career Development and Student Employment offers students and alumni the opportunity to find employment through a series of job programs. Below you will find a list of the job programs we offer. If you would like more information about the following programs send an email to cdse@hawaii.edu to request more information.

## University Employment

Working at the University. There are nearly 4,000 students working on the UHM campus. CDSE can help you find the University job you've been looking for.

- Variety of positions
- Convenient on-campus locations
- Flexible hours

Search for University Employment on the seca job board

## Non-University Employment

Working in the community. From small businesses to international corporations, CDSE allows you to connect with employers suited to your interest.

- Seasonal positions & Summer jobs
- Part-time work
- Full-time, permanent work

Search for Non-University Employment on the sece job board

## Cooperative Education (Co-op) / Internships

Working in your Major. The Cooperative Education and Internship programs allow you to gain practical real world experience in your major while still in school.

- Individualized career planning
- Develop a marketable job portfolio
- Network with professionals
- Put theory into practice & gain professional skills

Learn More | Search for Co-op / Internships on the sece job board

## Federal Work Study

Working in the community and university. Federal Work Study is a financial-aid based program that subsidizes a portion of college expenses by offering employment in career or community service positions.

- Personalized employment counseling
- High priority for job referrals
- Variety of positions on and off campus

Learn More | Search for Federal Work Study opportunities on the sece job board




Featuring UHM Program and Course
Internships, Employers, and Resour
related to Sustainability.

Learn More ▸



CDSE invites students to browse thr
virtual library containing helpful bool
Internships, Careers, Job Search, ar
Graduate School Application.

Learn More ▸


Staff Directory
CDSE staff Directory


Office Hours
We are open from 8:00am -


Map to our Office
QLCSS Room 212

Upcoming Events                    Job Programs:

http://cdse.hawaii.edu/jobPrograms.php#university    Career Development and Student Employment at the

- Career Spotlight posted - Sustainability
- Craft Fair and Silent Auction dates announced
- Employer Recruitment Schedule now online
- Graduate and Law Schools Fair date announced
- Full-time Jobs are now available online
- Store your Credential Files at CDSE
- Student applicants interviewed via webcam

- University Employment
- Non-University Employment
- Cooperative Education (Co-op) / Internships
- Federal Work Study

**What can I do with this major?**

Still trying to decide which major is right for you? About to finish your degree and you still don't know what kind of jobs you can get with your major? Take a look at our fact sheet to learn more about your major. Learn More

Email Address:
cdse@hawaii.edu

Phone Number:
(808) 956-7007

Fax Number:
(808) 956-4082

**Subscribe to the CDSE Listse**

Enter your email address and click th up button to subscribe to the CDSE

[                    ] Sign Up

## Leave a Comment

Your Name: (required)

Your Email Address: (required)

Write your comment here: (required)

officially *Journsi*

Type the two words:

Submit Comment    Clear Form

*All comments must be approved before they are posted to the website.

http://cdse.hawaii.edu/jobPrograms.php#university      Career Development and Student Employment at th

12/13/2010 11:28 AM

CDSE Homepage  |  SECE Job Database

[ Search field ]  Search



### CDSE
## UNIVERSITY of HAWAI'I
### MĀNOA
CAREER DEVELOPMENT & STUDENT EMPLOYMENT

**SECE**
Student employment & cooperative education
UNIVERSITY OF HAWAI'I

Students ▾ | Alumni | UH Employers ▾ | Non-UH Employers ▾ | Events ▾ | Workshops ▾ | About Us ▾ | Site Map

Home > About

# About CDSE

Information | Staff Directory | Office Hours | Map to our Office | Contact Us

## Information about our office

CDSE is a new and evolving department in the Office of Student Affairs. Our primary mission is to partner with both University and Non-University employers to empower UH Manoa students to engage in career life planning through awareness, exploration, experience, and reflection.

## Mailing Address

Career Development and Student Employment
2600 Campus Rd. Room 212
Honolulu, HI 96822

**Upcoming Events**

- Career Spotlight posted - Sustainability
- Craft Fair and Silent Auction dates announced
- Employer Recruitment Schedule now online
- Graduate and Law Schools Fair date announced
- Full-time Jobs are now available online
- Store your Credential Files at CDSE
- Student applicants interviewed via webcam

**Job Programs:**

- University Employment
- Non-University Employment
- Cooperative Education (Co-op) / Internships
- Federal Work Study

 **What can I do with this major?**

Still trying to decide which major is right for you? About to finish your degree and you still don't know what kind of jobs you can get with your major? Take a look at our fact sheet to learn more about your major. Learn More

**Find us on Facebook**

**Follow us on Twitter**



**Career Spotlight**

Featuring UHM Program and Courses, Paid Internships, Employers, and Resources related to Sustainability.

Learn More ▸

**resourceLibrary**

CDSE invites students to browse through the virtual library containing helpful books on Internships, Careers, Job Search, and Graduate School Application.

Learn More ▸

 **Staff Directory**
CDSE staff Directory

 **Office Hours**
We are open from 8:00am - 4:00pm.

 **Map to our Office**
QLCSS Room 212

 **Email Address:**
cdse@hawaii.edu

 **Phone Number:**
(808) 956-7007

 **Fax Number:**
(808) 956-4082

Subscribe to the CDSE Listserv

http://cdse.hawaii.edu/about_index.php
CDSE - About Career Development and Student Employment



John A. Burns School of Medicir
Office of the Dea

February 9, 2011

U.S. Department of Labor
Audit Team
Atlanta Processing Center
Harris Tower
233 Peachtree Street, Suite 410
Atlanta, GA  30303

RE:    ETA Case Number:    A-10344-38244
       Alien's Name:       Ya-Wen Hsiao

To Whom It May Concern:

Thank you for the opportunity to respond to questions related to Case # A-10344-38244.
It is very important that our institution is in full compliance with the requirements of the
U.S. Department of Labor.

**Response to Audit Reason:**

The minimum requirements and/or skills necessary to perform the listed duties of this
position cannot, in our context, be achieved with on-the-job training within a reasonable
period of time.  The justification for this determination falls in three parts.  First, this
position requires a unique set of interdependent skills.  Second, there are no supervisors
within the Office of Medical Education able to teach or train a new hire in all of the
required skills. Third, we require an educational technologist to begin working now as
classes requiring their expertise have already begun.

**A Unique Set of Interdependent Skills**

The Educational Technology position at the Office of Medical Education is a multi-
faceted position requiring interdependent skills.  Not only do we require a worker capable
of supporting desktop software, developing software applications, internet connectivity,
mobile devices, computer trouble-shooting, audiovisual devices, iPhone, iPad, web-based
content, and the myriad of other programs listed, but this person must be able to work
with faculty and staff to select, manage, and administer the application of these
technologies to medical education.  In our context, these skills are interdependent.
Without the technical knowledge, our employee cannot provide the support or assistance
of its use to others.  Without familiarity with medical education environments and the
ability to train and/or consult with the users, the technical knowledge is without value.  A

651 Ilalo Street
Medical Education Building
Honolulu, Hawai'i 96813
An Equal Opportunity/Affirmative Action Institution

000096

U.S. Department of Labor
Audit Team
February 9, 2011
Page 2

successful candidate in our view must possess the entire skills set. It simply is not possible for us to teach a candidate the technical knowledge, the educational environment in which it is applied, and the ability to interface with many faculty and staff in multiple parallel educational projects within a reasonable period of time.

**No Office Supervisors Able to Teach or Train the Educational Technologist in the Required Skills**

The Office of Medical Education is charged with oversight of the entire first-two years of the JABSOM curriculum and contributes to courses in the third and fourth years. Our faculty consists primarily of clinician or basic science educators. We have an excellent staff of employees trained in educational support; however, there are currently no faculty or staff members within the office trained in educational technology. We have no faculty members even approaching the technical knowledge listed in the minimum requirements for this position. Furthermore, we have no faculty members experienced in guiding other faculty members from multiple departments in the development of online educational content. Even if it were possible for a candidate to learn all the skills necessary in a reasonable period of time, we have no mentor available for that candidate.

**A Fully Functional Educational Technologist is Needed Now**

We require an educational technologist to be fully functional now since classes have already started. One specific example to further explain this is our placement of first-year students in the neighbor island of Hilo, Hawaii, for the first time in the school's history. Our use of JBOWS, an online educational resource for students, and our ability to broadcast lectures and other educational sessions from the Medical Education Building are essential for these students. This is also a requirement of our accrediting agency, the Liaison Committee on Medical Education (LCME), which stipulates that medical schools must utilize off-campus education for selected medical students. The LCME is the organization that determines accreditation of each medical school within the United States. These courses began at the start of January 2011; therefore, even a brief training period would be detrimental to our efforts.

Our intent with this position was to hire the individual who could best meet the stated requirements. The skill set is unique and interdependent. We have no one in our office able to teach these skills, and full use of these skills is required now. For these reasons, we respectfully submit our view that the skills required for this position in our context cannot be learned on-the-job in a reasonable amount of time.

U.S. Department of Labor
Audit Team
February 9, 2011
Page 3


**Response to Audit Request:**

Enclosed are copies of all cover letters, resumes, list of references, transcripts, and
University of Hawaii Employment Application Form 64 for the applicants (total of four
(4)) who applied for the position of Information Technology (Educational Technology
Specialist) for the College of Health Sciences and Social Welfare/John A. Burns School
of Medicine, Office of Medical Education at the University of Hawaii at Manoa.

Two (2) applicants that were not selected and one (1) applicant withdrew his application
for the position.   Lloyd Nakata (hereinafter Nakata) and James Shoemaker (hereinafter
Shoemaker) were the two applicants that were not selected. Craig Spurrier (hereinafter
Spurrier) withdrew his application.

Nakata was contacted on October 12, 2010, to schedule an interview with the Office of
Medical Education's Interview Committee and was interviewed on October 19, 2010,
with the Committee.   Nakata was again contacted on October 21, 2010, to arrange a
second interview with the Director of the Office of Medical Education, Damon Sakai
(hereinafter Sakai).  Nakata interviewed with Sakai on October 29, 2010.

Nakata was not selected as he did not meet the two minimum qualifications of: 1- having
demonstrated ability to lead subordinates and manage employee relations; and, 2-
possessing any equivalent combination of education and/or professional work experience
which provided the education, knowledge, skills, and abilities required for this position.
During the interview, Nakata's responses indicated that he was an independent worker
who had very minimal interaction with peers and students throughout his IT career.
Nakata also stated that when faced with challenges with the systems, he would prefer to ·
take matters to his supervisor for resolution.  Nakata also indicated a lack of direct
experiences with various systems and other modalities which would hinder his ability to
perform the minimum requirements of the position.

In reference to Shoemaker, it was determined by the Screening Committee that
Shoemaker would not be interviewed because he did not meet six (6) of the thirteen (13)
minimum qualifications.  The minimum qualifications that were not met included: 1-
possession of a pertinent baccalaureate degree or equivalent education/training or
experience; 2- demonstrated ability to lead subordinates and manage employee relations;
3-any equivalent combination of education and/or professional work experience
providing the required education, knowledge, skills and abilities; 4-considerable working
knowledge of scripting languages and web development platforms such as ASP,

ASP.NET, PHP, and Perl; 5- working knowledge of database integration and U.S.
Department of Labor
Audit Team
February 9, 2011
Page 4


management including SQL and MySQL, and ability to create relational databases as
needed; and, 6- considerable knowledge of the limitations, capabilities, and uses for
desktop applications (e.g. Microsoft Word, Microsoft Excel, Microsoft PowerPoint,
Microsoft Outlook).

In reference to Spurrier, Sakai had left a voice message requesting Spurrier to contact
him to discuss his qualifications for the position. However, sometime at the end of
October, 2010, Spurrier left a voice message for Sakai stating that he had already found
another position at which time his application was withdrawn.

Both Nakata and Shoemaker were notified via telephone and letters dated February 4,
2011, stating that another candidate had been selected for the position of Educational
Technology Specialist.

Your review and consideration of this matter is appreciated and we look forward to your
determination of our request regarding ETA Case Number: A-10344-38244.

With best regards,

Jerris R. Hedges, M.D., M.S., M.M.M.
Dean, John A. Burns School of Medicine
University of Hawaii at Manoa

000099

## Ya-Wen (Sarah) Hsiao

423 Namahana St., Apt.102, Honolulu, Hawaii 96815
808-728-2646 ◦ yawen@hawaii.edu

August 3, 2010

Dr. Damon Sakai
UH, John A. Burns School of Medicine
Office of Medical Education
651 Ilalo Street, Medical Education Building, 3rd Floor
Honolulu, Hawaii 96813

Dear Dr. Sakai,

Having been working with JABSOM for the past 5 years, it could not have been any more exciting when I saw the opportunity to work not only in the same general field, but to actually be hands on with what I am truly passionate about. That is why I would like to submit my application for the position of Educational Technology Specialist.

For the past five years, I have been working as a helpdesk specialist to the Office of Information Technology at the John A. Burns School of Medicine giving both PC and MAC support to over 800 clients and users on a daily basis. I have progressively been given responsibilities that not only advanced my desire to help the school be at the cutting edge of technology, it also honed my management skills and gave me the tools needed to be a technically skilled; detail oriented and well organized task manager.

Being one of three specialists that take care of the entire school, I am pushed to constantly learn new technologies and share new solutions to my co-workers and the clients that we serve. This situation also called for a strong demand of efficiency and effectiveness in dealing with technical issues that we handle. I have taken on the task of documenting not only each and every case that we handle, but also the solutions that we have taken to solve the problem. I can confidently say that this practice has not only doubled our efficiency, it has also alleviated and diffused numerous misunderstandings between us and the clients.

Planning and implementing a new technology is never an easy task. There are so much pieces to every project that communication is not just a tool, I believe that good communication skills is a requirement to every endeavor. That is why I am so proud of spearheading and being the lead coordinator for the Resource Scheduler and the Resource Web Request that JABSOM currently uses as the room reservation system. This project entailed me working with the vendors and in-house programmers to plan, to design and to implement this integral system.

Some of the current projects that I am helping with are the medical students evaluation system and the clinical optimization scheduling system. Also on the horizon is being one of the project managers for the FAS and the Non-compensated faculty evaluation system.

As you can see, not only do I bring a can-do attitude to this position, I also bring the technical, practical and managerial skills that you require and that this position deserves.  I look forward to scheduling an interview with you at your earliest convenience and hope that I will be given the opportunity to create an even greater positive impact to the school.

Respectfully yours,

Ya-Wen (Sarah) Hsiao

# UNIVERSITY OF HAWAI'I
## EMPLOYMENT APPLICATION FORM
### Administrative, Professional and Technical Positions

This form is used to provide information about you relative to the position(s) for which you are applying. This completed form and a **comprehensive resume**, must both be submitted in accordance with the filing requirements specified in the advertisement. (See Suggested Resume Format - PDF Format).

| Position Title: Information Technology-Educational Technology Specialist | Position No.: 0078233 |
|---|---|

| Name: | Last HSIAO | First YA-WEN | Middle Initial |
|---|---|---|---|

| Home Address: | Street 423 Namahana Street, | Apt. # 102 | City Honolulu | State HI | Zip Code 96815 |
|---|---|---|---|---|---|

Home Telephone: 808-728-2646                    Business Telephone:   808-692-1103

Email Address:  yawen@hawaii.edu

If selected, **all** individuals must present documentary evidence to verify their eligibility to work, pursuant to the Immigration Reform and Control Act of 1986.

**Employment Status:** Complete the following if you are **presently** or **formerly** employed by the University of Hawai'i:

| Department: Office of Information Technology | Official Position Title: | Campus Phone No.: |
|---|---|---|
| College:   John A. Burns School of Medicine | Information Technology Specialist | 808-692-1103 |

| Present or Last Appointment Period (if applicable): | FTE: 100% | BU: 08 |
|---|---|---|

Check **one** of the following boxes if you are exercising employment rights in accordance with Article 10, BU 8 collective bargaining agreement (eligibility subject to verification by the hiring unit):

[ ] I am being/have been relieved or terminated because of a lack of work or other legitimate reasons and have reemployment rights as outlined in Article 9, Employment Security.

[✓] I am currently in the bargaining unit.

**Non-Discrimination and Affirmative Action Information:** The University of Hawai'i is an equal opportunity/affirmative action institution and is committed to a policy of nondiscrimination on the basis of race, sex, age, religion, color, national origin, ancestry, disability, marital status, sexual orientation, status as a protected veteran, National Guard participation, breastfeeding, and arrest/court record (except as permissible under State law).

**CLERY ACT:** In accordance with the Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics Act, annual campus crime statistics for the University of Hawai'i may be viewed at: http://ope.ed.gov/security/, or a paper copy may be obtained upon request from the respective UH Campus Security or Administrative Services Office.

I hereby certify that all statements in this application are true and correct to the best of my knowledge, and I agree and understand that any misstatements of material facts herein may cause forfeiture of all rights to any employment with the University of Hawai'i. I also understand that, if selected, I must present documentary evidence to verify my employment eligibility, pursuant to the Immigration Reform and Control Act of 1986. For electronic submissions, original signatures required prior to interview.

_____                    8/3/2010
Signature                                              Date

**NOTE:** Attach/Submit a **comprehensive resume** and include: 1) your name, current address, phone number(s); 2) **work history -** provide sufficient detailed information with which to determine your qualifications for the position for which you are applying, list all employment in last 10 years beginning with most recent employment and other pertinent employment beyond 10 years; 3) **education -** chronologically list all higher education institutions attended beyond Grade 12, including name, address, major field of study degree/diploma/certificate & date received; 4) **relevant experience -** chronologically list pertinent military, professional, trade, technical, etc., courses you have completed, including institution name, address, subject area, certificate & date received; 5) **publications/research/other professional activities (if applicable to position)** – include co-authors, title of journal/publication & date, if book, publication date & publisher; 6) **knowledge of language other than English if required for position** – identify language and include ability to read, write, converse; and 7) **pertinent professional memberships and awards** - list, as appropriate, membership in professional or scientific societies, honors, awards, fellowships, etc; 8) **references** – provide complete contact information, as required by position advertisement. See Suggested Resume Format - PDF format.

### An Equal Opportunity/Affirmative Action Institution

Form 64 Rev 05-07

000102

423 Namahana St., Apt.102    Cell phone: 1-808-728-2646
Honolulu, Hawaii 96815,      Work phone:1-808-692-1103
USA                          E-mail: yawen@hawaii.edu
                                     sarah@pioux.com

# Ya-Wen (Sarah) Hsiao

| Education | | |
|---|---|---|
| | September 2003 – December 2005<br>Master of Science in Information System | Hawaii Pacific University |
| | September 2001 – June 2003<br>B.B.A  Applied Foreign Languages | Shih Chieh University |
| | September 1996 – June 2001<br>Associate Degree in Applied Foreign Language | Kun Shan University of Technology |

**Experiences**

**Information Technology Specialist**
November 2005 – current          John A. Burns School of Medicine, University of Hawaii
- Responsible for providing technical support for PC and MAC to over 800 clients on a daily basis
- Respond to clients' issues by email, phone, and personally doing on-site troubleshooting within 24 hours
- Provide Audio Visual support to JABSOM personnel as well as affiliated organizations in using the different meeting facilities even during non-office hours
- Created and maintained a detailed record of all service tickets resulting in an overwhelming increase in efficiency for the Office of Information Technology
- Spearheaded and coordinated with the vendors and in-house programmers with the planning, design, testing, implementation and support of Resource Scheduler and Resource Scheduler Web Request for JABSOM room reservation.
- Provide telecommunication support which includes both phone and network connectivity
- Analyze and provide advice and vendor quotations to clients looking to upgrade department technology capital by continually keeping myself abreast of current technologies
- Coordinate and delegate tasks to the entire Helpdesk personnel
- Currently working closely with the vendors with the planning and implementation of medical students evaluation system and clinical rotating scheduling optimization system
- One of the project managers for FAS and Non Compensate Faculty Evaluation System
- Fill in the gaps of the IT department by taking on extra responsibilities

**Assistant Computer Support Specialist**
February 2004 – November 2005          Hawaii Pacific University
- Responsible for troubleshooting PC hardware and software issues for the entire campus
- Provide telephone support to students, faculty and staff
- Follow up and ensure timely response to the issues that are experienced by the clients
- Utilize and manage limited resources to repair out of service PCs

**Applied Foreign Languages Department Student Assistant**
February 2002 – February 2003          Shih Chieh University
- Interpreter for the department
- Maintain computers for faculty and staff

**Computer Center  Student Assistant**
March 1998 – June 2001          Kun Shan University of Technology
- Responsible for maintaining over 200 computers on campus
- Help students troubleshoot computers

**Skills**
- 10 years experience in Windows OS (Win95 – Win7), MS Office ('95 – 2010), Word, Excel, Access, PowerPoint, FrontPage, Project, rebuilding PCs and Mac, various application usages and installations, configuring/troubleshooting e-mail (MS Outlook, Outlook Express, Thunderbird, Entourage, Eudora, Mail), setting up and troubleshooting printer/fax/Cisco phones, malware/spyware/virus removal, and experienced in Citrix remote control
- 4 years experience in Mac OS, Mac applications
- 8 years experience in Project Management
- Experience in using Rational Rose (UML) application for creating customized web application
- HTML, JAVA, SQL, Photoshop, Adobe Acrobat Professional PDF
- Basic knowledge in programming concepts
- Excellent communication skills towards clients and vendors
- Language skills: English, Chinese, Chinese-Taiwanese

| References | Virginia Tanji<br>University of Hawaii, JABSOM<br>Director<br>Health Sciences Library<br>Phone 1-808-692-0283<br>Email:  tanji@hawaii.edu<br><br>Corinne M. Seymour<br>University of Hawaii, JABSOM<br>Director<br>Fiscal and Administrative Affairs Office<br>Phone  1-808-692-1160<br>Email:  cseymour@hawaii.edu<br><br>Gregg T. Takayama<br>University of Hawaii, Manoa<br>Director<br>Community and Government Affairs<br>Phone  1-808-956-9836<br>          1-808-383-3212<br>Email:  greggt@hawaii.edu |

000104



OFFICIAL TRANSCRIPT

The official signature of the Registrar is white
superimposed upon a light blue institutional seal.
The official document as original is on a blue tinted historic

**Hawai'i Pacific University**

Student No: 000641054   Date of Birth: 04-JAN-1981   Date Issued: 08-DEC-2010

Record of: Ya-Wen Hsiao   Page: 1

Issued To: Attn Lori Chau
Medical Education Building
Office of Medical Education
651 Ilalo Street
Honolulu, HI 96813
United States of America

Richard L. Yount
University Registrar

Course Level: Graduate
Student Type: Continuing - Degree Seeking

Degree Awarded : Master of Sci in Info Systems 18-DEC-2005
        Major : ·

| SUBJ | NO. | C | COURSE TITLE | CRED | GRD | PTS | R |
|------|-----|---|--------------|------|-----|-----|---|
| | | | Institution Information continued: | | | | |
| IS | 6020 | D | Mod Methods in Project Mgmt | 3.00 | A | 12.00 | |
| IS | 6050 | D | Modern Programming Practice | 3.00 | B | 9.00 | |
| IS | 6991 | H | Paid Internship | 3.00 | P | 0.00 | |
| | | | Ehrs: 12.00 GPA-Hrs: 9.00 QPts: | | | 33.00 GPA: 3.66 | |

| SUBJ | NO. | C | COURSE TITLE | CRED | GRD | PTS | R |
|------|-----|---|--------------|------|-----|-----|---|
| | | | Spring 2005 | | | | |
| IS | 5070 | D | Intro to Hardware & Data Comm | 3.00 | B | 9.00 | |
| IS | 6065 | D | Enterprise Info Management | 3.00 | C | 6.00 | |
| IS | 6100 | D | Corporate Information Systems | 3.00 | A | 12.00 | |
| | | | Ehrs: 9.00 GPA-Hrs: 9.00 QPts: | | | 27.00 GPA: 3.00 | |

INSTITUTION CREDIT:

| | | | Spring 2004 | | | | |
|------|-----|---|--------------|------|-----|-----|---|
| IS | 6000 | D | Cont Issues in I.S. Profession | 3.00 | B | 9.00 | |
| MATH | 1123 | D | Statistics | 3.00 | B | 9.00 | |
| MGMT | 6100 | D | Res Meth and Writ | 3.00 | A | 12.00 | |
| | | | Ehrs: 9.00 GPA-Hrs: 9.00 QPts: | | | 30.00 GPA: 3.33 | |

| | | | Summer Term II 2005 | | | | |
|------|-----|---|--------------|------|-----|-----|---|
| IS | 6110 | D | Comp Software Eng | 3.00 | B | 9.00 | |
| IS | 7010 | D | Technology Strategy | 3.00 | B | 9.00 | |
| IS | 7100 | D | Professional Paper I | 3.00 | A | 12.00 | |
| | | | Ehrs: 9.00 GPA-Hrs: 9.00 QPts: | | | 30.00 GPA: 3.33 | |

| | | | Summer Term III 2004 | | | | |
|------|-----|---|--------------|------|-----|-----|---|
| QM | 6010 | D | Quantitative Methods | 3.00 | C+ | 6.90 | |
| | | | Ehrs: 3.00 GPA-Hrs: 3.00 QPts: | | | 6.90 GPA: 2.30 | |

| | | | Fall 2005 | | | | |
|------|-----|---|--------------|------|-----|-----|---|
| IS | 6120 | D | Software Engineering Practicum | 3.00 | A | 12.00 | |
| IS | 6130 | D | Telecommunications | 3.00 | B | 9.00 | |
| IS | 6991 | H | Paid Internship | 1.00 | P | 0.00 | |
| IS | 7200 | D | Professional Paper II | 3.00 | A | 12.00 | |
| | | | Ehrs: 10.00 GPA-Hrs: 9.00 QPts: | | | 33.00 GPA: 3.66 | |

| | | | Summer Term IV 2004 | | | | |
|------|-----|---|--------------|------|-----|-----|---|
| FIN | 3000 | D | Business Finance | 3.00 | B | 9.00 | |
| IS | 5050 | D | Modern Prog Fundamentals | 3.00 | A | 12.00 | |
| | | | Ehrs: 6.00 GPA-Hrs: 6.00 QPts: | | | 21.00 GPA: 3.50 | |

**************** TRANSCRIPT TOTALS ****************

| | Earned Hrs | GPA Hrs | Points | GPA |
|---|------------|---------|--------|-----|
| TOTAL INSTITUTION | 58.00 | 54.00 | 180.90 | 3.35 |
| TOTAL TRANSFER | 0.00 | 0.00 | 0.00 | 0.00 |
| OVERALL | 58.00 | 54.00 | 180.90 | 3.35 |

| | | | Fall 2004 | | | | |
|------|-----|---|--------------|------|-----|-----|---|
| IS | 5060 | D | Software Engineering Tools | 3.00 | A | 12.00 | |

**************** CONTINUED ON NEXT COLUMN ****************

**************** END OF TRANSCRIPT ****************

OFFICIAL TRANSCRIPT
The official signature of the Registrar white and is imposed upon a light blue institutional seal. Photocopied document as official if features distorted

# Hawai'i Pacific University

Student No: 000641054     Date of Birth: 04-JAN-1981     Date Issued: 08-DEC-2010

DEC - 9 2010

Record of: Ya-Wen Hsiao     Page: 1

Issued To: Attn Lori Chau
            Medical Education Building
            Office of Medical Education
            651 Ilalo Street
            Honolulu, HI 96813
            United States of America

Richard L. Yount
University Registrar

Course Level: English Foundations

| SUBJ NO: C | COURSE TITLE | CRED | GRD | PTS | R |
|------------|-------------|------|-----|-----|---|

INSTITUTION CREDIT:

Fall 2003
| EFP | 1360 | D | College Grammar Review | 3.00 | A- | 11.10 | |
| EFP | 1500 | D | Advanced Oral Fluency/GS | 3.00 | A- | 11.10 | |
| EFP | 1550 | D | Advanced Reading/GS | 3.00 | B | 9.00 | |
| EFP | 1570 | D | Advanced Composition/GS | 3.00 | B+ | 9.90 | |
| EFP | 1590 | D | Adv Acdm Research & Writing/GS | 3.00 | B | 9.00 | |

Ehrs: 15.00 GPA-Hrs: 15.00 QPts: 50.10 GPA: 3.34

*********************** TRANSCRIPT TOTALS ***********************

|  | Earned Hrs | GPA Hrs | Points | GPA |
|--|-----------|---------|--------|-----|
| TOTAL INSTITUTION | 15.00 | 15.00 | 50.10 | 3.34 |
| TOTAL TRANSFER | 0.00 | 0.00 | 0.00 | 0.00 |
| OVERALL | 15.00 | 15.00 | 50.10 | 3.34 |

*********************** END OF TRANSCRIPT ***********************

000106

# Applicant #2

# Lloyd Nakata

000107

SEP - 1 2010

Lloyd A. Nakata
2249 Dole Street
Honolulu, HI. 96822

September 1, 2010

Information Technology

To whom it may concern:

I am a graduate from Hawaii Pacific University with a Bachelor of Science degree in Computer Science. The primary focus in school was upon programming and analysis. My strengths are my hands on experience I have faced with problems in both software applications and hardware.

In my previous job at PCS I was responsible for setting up the LAN environment and installing the programs and resources to ensure a cohesive work environment. I have also answered problem calls concerning both hardware and software problems. I have replaced and fixed hardware in PC's as well as in printers and was responsible for testing new software packages.

I have created a web application that automatically created reports and uploaded it to the web for all Community Colleges to retrieve using secure log ins using only Microsoft products.

Currently my job position requires me to write new programs and to modify existing program to fulfill the needs of the users. I am also the trouble shooter for the Accounts Receivable department for all 10 campuses staff and students for Banner and TouchNet. I am responsible to test and train any new applications I develop or any upgrades to the Banner or TouchNet system.

I have experience in forming new ideas and techniques in developing a system or a procedure which would benefit the users by helping them become more productive and find it very satisfying once accomplished. I believe my diverseness is my strengths as well as my eagerness to learn.

Sincerely,

Lloyd A. Nakata

Lloyd A. Nakata

000108



# UNIVERSITY OF HAWAI'I
## EMPLOYMENT APPLICATION FORM
### Administrative, Professional and Technical Positions

This form is used to provide information about you relative to the position(s) for which you are applying. This completed form and a **comprehensive resume**, must both be submitted in accordance with the filing requirements specified in the advertisement. (See Suggested Resume Format - PDF Format).

| Position Title: Information Technology (Educational Technology Specialis | Position No.: 0078233 |
|---|---|

| Name: Last Nakata | First Lloyd | Middle Initial A |
|---|---|---|

| Home Address: Street Apt. # 2249 Dole Street | City Honolulu | State HI | Zip Code 96822 |
|---|---|---|---|

| Home Telephone: (808)947-3837 | Business Telephone: ¥(808)956-3171 |
|---|---|

Email Address: lloydn@hawaii.edu

If selected, **all** individuals must present documentary evidence to verify their eligibility to work, pursuant to the Immigration Reform and Control Act of 1986.

**Employment Status:** Complete the following if you are **presently** or **formerly** employed by the University of Hawai'i:

| Department: Cashier's Office | Official Position Title: Information Technology | Campus Phone No.: (808)956-3171 |
|---|---|---|
| College: | | |

| Present or Last Appointment Period (if applicable): 5/1/1995 – pres | FTE: 1.00 | BU: 08 |
|---|---|---|

Check **one** of the following boxes if you are exercising employment rights in accordance with Article 10, BU 8 collective bargaining agreement (eligibility subject to verification by the hiring unit):

- [ ] I am being/have been relieved or terminated because of a lack of work or other legitimate reasons and have reemployment rights as outlined in Article 9, Employment Security.
- [✓] I am currently in the bargaining unit.

**Non-Discrimination and Affirmative Action Information:** The University of Hawai'i is an equal opportunity/affirmative action institution and is committed to a policy of nondiscrimination on the basis of race, sex, age, religion, color, national origin, ancestry, disability, marital status, sexual orientation, status as a protected veteran, National Guard participation, breastfeeding, and arrest/court record (except as permissible under State law).

**CLERY ACT:** In accordance with the Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics Act, annual campus crime statistics for the University of Hawai'i may be viewed at: http://ope.ed.gov/security/, or a paper copy may be obtained upon request from the respective UH Campus Security or Administrative Services Office.

I hereby certify that all statements in this application are true and correct to the best of my knowledge, and I agree and understand that any misstatements of material facts herein may cause forfeiture of all rights to any employment with the University of Hawai'i. I also understand that, if selected, I must present documentary evidence to verify my employment eligibility, pursuant to the Immigration Reform and Control Act of 1986. For electronic submissions, original signatures required prior to interview.

| _Lloyd Nakata_ | _9/1/2010_ |
|---|---|
| Signature | Date |

NOTE: Attach/Submit a **comprehensive resume** and include: 1) your name, current address, phone number(s); 2) **work history** - provide sufficient detailed information with which to determine your qualifications for the position for which you are applying, list all employment in last 10 years beginning with most recent employment and other pertinent employment beyond 10 years; 3) **education** - chronologically list all higher education institutions attended beyond Grade 12, including name, address, major field of study degree/diploma/certificate & date received; 4) **relevant experience** - chronologically list pertinent military, professional, trade, technical, etc., courses you have completed, including institution name, address, subject area, certificate & date received; 5) **publications/research/other professional activities** (if applicable to position) - include co-authors, title of journal/publication & date, if book, publication date & publisher; 6) **knowledge of language other than English if required for position** - identify language and include ability to read, write, converse; and 7) **pertinent professional memberships and awards** - list, as appropriate, membership in professional or scientific societies, honors, awards, fellowships, etc; 8) **references** - provide complete contact information, as required by position advertisement. See Suggested Resume Format - PDF format.

### An Equal Opportunity/Affirmative Action Institution

# LLOYD A. NAKATA
**2249 Dole Street**
**Honolulu, Hawaii 96822**
**Phone: (808) 947-3837**

**JOB OBJECTIVE**:  Desire a position as an IT Educational Technology Specialist with an opportunity for advancement.

**EDUCATION**:

1992 – 1993  **Hawaii Pacific University**, Honolulu, Hawaii
Bachelor of Science, Computer Science December 1993.
Areas of studies: PC and LAN with emphasis on programming, hardware technology and software applications.

1983 – 1990  **Kapiolani Community College**, Honolulu, Hawaii
Associate of Science, Data Processing December 1990.
Areas of studies: microcomputers, minicomputers and mainframes. Projects included a system used by OAIS Student Services and a banking system design.

1982 – 1983  **University of Puget Sound**, Tacoma, Washington
Educational start in Computer Science

1978 – 1982  **Saint Louis High School**, Honolulu Hawaii
High School diploma May 1982

**WORK EXPERIENCE**:

1997 – pres  **University of Hawaii**, Honolulu, Hawaii
**IT Specialist** Write new programs requested by the users.  Modify existing programs to fit the need of the users.  Upload and download data from the PC to the mainframe.  Set up and maintain Cashier's Office network including servers, email, cabling, databases, computers and printers.  Database Administrator, Network Administrator, Security Administrator.

1995 – 1997  **Pacifico Creative Services**, Honolulu, Hawaii
**Specialist** Responsible to write programs which the users request. Setting up PC and the Local Area Network.  Handling upgrades for both hardware and software on both PC's and the AS/400. Troubleshooting any software and hardware problems on the PC's and AS/400.  Design accounting system using MS Access.

1994 – 1995  **MNS Ltd. (ABC Stores)**, Honolulu, Hawaii
**Computer Programmer** Responsible to write programs with enable the AS/400 to run efficiently for the users.  Oversee the

operations of the Data Processing Department.  Prepare stores who are to receive the Point of Sales systems.  Ensure that each store system is running efficiently and error free.

1991 – 1994     **Hawaiian Dredging Construction**, Honolulu, Hawaii
**Computer Operator/Coordinator** Responsibilities include oversee operations of the AS/400, system programming and monitor system work flow.

1987 – 1990     **Halekulani**, Honolulu, Hawaii
**Waiter** full-time at a five diamond hotel.  Good communications skills, customer service, and a team-player.  Promoted from busboy after one year.

1986 – 1987     **Tony Romas**, Honolulu, Hawaii
**Supervisor** full-time of the night crew.  Responsible for food preparation and cooking.

1983 – 1986     **Zippys**, Honolulu, Hawaii
**Trained** new employees on procedures and policies
**Shift Leader** in charge of the kitchen crew.
**Head Cook** responsible to delegate duties, food preparation, food control, and cost control.

1980 – 1982     **P & P**, Honolulu, Hawaii
**Courtesy Clerk** responsible to aid cashiers, stock shelves and assistant to the manager.

**TECHNICAL SKILLS**:

Knowledge in SQL, SQL Server, TCP/IP, eMail, HTML, JAVA, Natural, RPG II/III, CL, COBOL, JCL, CICS, PASCAL, Assembler, System Analysis, WordPerfect, Visual Basic, Ethernet, LAN, WAN, MS Word/Excel/Access/Publisher/PowerPoint, FTP, Banner

**PERSONAL**:

Helped organized the March of Dimes Walk for Life campaign and the Cancer fund raiser for Hawaii.  My hobbies include softball, basketball, volleyball, golf and bowling.

000111

<u>Professional References</u>

| | | | |
|---|---|---|---|
| Gregg Yoshimura | Student Service Specialist | 956-9432 | greggy@hawaii.edu |
| Derek Seu | Director of Cashier's Office | 956-2100 | dseu@hawaii.edu |
| Janice Kondo | Asst Dir of Cashier's Office | 956-2101 | kondoj@hawaii.edu |
| Lori Ty | Cashier Manager | 734-9898 | lty@hawaii.edu |

000112



official signature the Registrar is whit
is imposed upon a light blue institutional
Reject document as official if either is dist

Student No: 801163392          Date of Birth: 31-JUL-1964          Date Issued: 24-AUG-2010
                                                                                        0

Record of: Lloyd Akishige Nakata                                                    Page:  1

Issued To: Lloyd Nakata
           2249 Dole Street
           Honolulu, HI 96822                              Richard L. Yount
                                                           University Registrar

| SUBJ | NO. | C | COURSE TITLE | CRED | GRD | PTS R |
|------|-----|---|--------------|------|-----|-------|

Institution Information continued:

Course Level: Undergraduate          CSCI 431   D   Algorithms              3.00 D    1.00 I
Student Type: Continuing - Degree Seeking   ENG  120   D   Advanced Composition   3.00 B    9.00 I
                                     MATH 301   D   Discrete Mathematics    3.00 C    6.00 I
                                     PSCI 100   D   American Institutions   3.00 B    9.00 I
Comments:                            Ehrs: 15.00 GPA-Hrs: 15.00  QPts:  33.00 GPA:  2.20
Conferral Summary for BS in Computer Science
  University of Puget Sound 15
  Kapiolani Community College 52          Spring Semester 1993
                                     CSCI 375   D   Operating Sys:Desgn/Implt  3.00 WF   0.00 I
Degree Awarded : Bachelor of Science 31-DEC-1993  ECON 210   D   Prin of Microeconomics  3.00 B   9.00 I
  Major : Computer Science           MATH 204   D   Calculus: Bus/SocSci I  3.00 A   12.00 I
                                     SCI  202   D   Elements of Physics     4.00 C    8.00 I
| SUBJ | NO. | C | COURSE TITLE | CRED | GRD | PTS R |   Ehrs:  10.00 GPA-Hrs: 10.00  QPts:  29.00 GPA:  2.90
|------|-----|---|--------------|------|-----|-------|

PRE-SYSTEM TRANSFER SUMMARY HOURS                  Ext Summer Session 1993
  Ehrs:  67.00 GPA-Hrs:   0.00  QPts: 0.00 GPA: 0.00   CSCI 375   D   Operating Sys:Desgn/Implt  3.00 B   9.00 I
                                     Ehrs:  3.00 GPA-Hrs: 3.00   QPts:  9.00 GPA:  3.00
INSTITUTION CREDIT

Spring Semester 1992                            Summer Session 2 1993
CSCI 305   D   Prog Concepts with Pascal  3.00 A   12.00 I   MATH 215   D   Calculus II   3.00 D   3.00 I
CSCI 338   D   Microcomp Applics to Mgmt  3.00 A   12.00 I   Ehrs:  3.00 GPA-Hrs: 3.00   QPts:  3.00 GPA:  1.00
LAW  300   D   Business Law I          3.00 B    9.00 I
MATH 325   D   Statistical Techniques I   3.00 C    6.00 I
MGMT 100   D   Organization & Management  3.00 B    9.00 I   Fall Semester 1993
  Ehrs:  15.00 GPA-Hrs: 15.00  QPts:  48.00 GPA:  3.20   CSCI 401   D   Computer Hardware Tech   3.00 B   9.00 I
                                     HUM  300   D   The Contemporary Choices  3.00 B   9.00 I
                                     HUM  450   D   The World Problematique   3.00 B   9.00 I
Ext Summer Session 1992              MGMT 310   D   Career Communications   3.00 A   12.00 I
CSCI 311   D   Data Structures         3.00 C    6.00 I   Ehrs:  12.00 GPA-Hrs: 12.00  QPts:  39.00 GPA:  3.25
  Ehrs:  3.00 GPA-Hrs: 3.00   QPts:   6.00 GPA:  2.00

Fall Semester 1992                  *************** CONTINUED ON PAGE 2 ***************
CSCI 402   D   Software Theory & Design  3.00 C    6.00 I
************** CONTINUED ON NEXT COLUMN **************

000113



*Hawai'i Pacific University*

OFFICIAL TRANSCRIPT
The official signature of the Registrar is white a...
is imposed upon a light blue institutional se...
Reject document as official if either is distort...

Student No. 801183372                    Date of Birth: 31-JUL-1964          Date Issued: 24-AUG-2010
                                                                                                    0

Record of: Lloyd Akishige Nakata                                                        Page: 2
         Level: Undergraduate

                                                                      Richard L. Yount
                                                                      University Registrar

```
************************ TRANSCRIPT TOTALS ************************
                  Earned Hrs  GPA Hrs   Points    GPA
TOTAL INSTITUTION    61.00     61.00    167.00    2.73

TOTAL TRANSFER       67.00      0.00      0.00    0.00

OVERALL             128.00     61.00    167.00    2.73
******************** END OF TRANSCRIPT ********************
```



John A. Burns School of Medicine
Office of Medical Education

February 4, 2011

Mr. Lloyd Nakata
2249 Dole Street
Honolulu, HI  96822

Dear Mr. Nakata,

Thank you for applying for the Information Technology (Educational Technology Specialist), Position 0078233, with the John A. Burns School of Medicine.  This is to inform you that, after careful consideration, we have selected the best qualified applicant for this position.

Thank you for your time and interest in the School of Medicine. We wish you the best in your future endeavors.

Sincerely yours,

Damon H. Sakai, M.D.
Director

651 Ilalo Street, Medical Education Building
Honolulu, Hawai'i 96813-5534
An Equal Opportunity/Affirmative Action Institution

000115

# Applicant #3

# James Shoemaker

James R. Shoemaker
PO Box 10183
Hilo, HI 96721
(808) 938-0133
james@jamesrshoemaker.com

04SEP10

Lori Chau
UH, John A. Burns School of Medicine
Office of Medical Education
651 Ilalo Street, Medical Education Bldg., 3rd Floor
Honolulu, HI 96813

Aloha Ms. Chau,

Please accept this application packet for the available position of Educational Technology Specialist (78233) with The John A. Burns School of Medicine. My extensive background of hands-on, real world application combined with my Associates Degree in Information Technology, have provided me with the tools necessary for the job and my ability to recognize solutions to inevitable problems, along with my dedication to lifelong learning, make me an outstanding candidate. Having 15 years of experience installing, troubleshooting, and maintaining local area networks, hardware, software, and peripheral equipment, I know I will be a valuable addition to the John A. Burns School of Medicine staff. I am familiar with all Windows operating systems and Mac OS-X, have experience with the entire Office suite, Visual Studio, several programming languages, and have run my own ftp and web servers. I am experienced in planning and budgeting for system expansion as well as end-user support and training. My time spent in the United States Marine Corp has given me not only leadership experience, but also the confidence to confront any challenge and the determination to persist against all obstacles. I am currently lecturing two Information Technology courses at Hawaii Community College as well as holding the position of MIS Specialist with the Hawaii National Guard - Kulani Youth Challenge Academy. While these commitments will keep me on the Big Island for this Semester, I can be available to JABSOM at the beginning of next year. I look forward to meeting with you so that we may discuss how my talents and abilities can best serve your department, the University of Hawaii, and its students, faculty and staff. Thank you for your time and consideration.
Sincerely,

James R. Shoemaker

enclosures:
UH Form 64
Resume with references
Copy of Official Transcripts



**UNIVERSITY OF HAWAI'I**
**EMPLOYMENT APPLICATION FORM**
**Administrative, Professional and Technical Positions**

SEP - 7 2010

This form is used to provide information about you relative to the position(s) for which you are applying. This completed form and a *comprehensive resume*, must both be submitted in accordance with the filing requirements specified in the advertisement. (See Suggested Resume Format – PDF Format).

| Position Title: Educational Technology Specialist | Position No.: 78233 |
|---|---|

| Name: | Last | First | Middle Initial |
|---|---|---|---|
| | Shoemaker | James | R |

| Home Address: | Street | Apt. # | City | State | Zip Code |
|---|---|---|---|---|---|
| PO Box 10183 | | | Hilo | HI | 96721 |

| Home Telephone: 808.938.0133 | Business Telephone: |
|---|---|

Email Address: james@jamesrshoemaker.com

If selected, **all** individuals must present documentary evidence to verify their eligibility to work, pursuant to the Immigration Reform and Control Act of 1986.

**Employment Status:** Complete the following if you are **presently** or **formerly** employed by the University of Hawai'i:

| Department: Business Education and Technology | Official Position Title: | Campus Phone No.: |
|---|---|---|
| College: Hawaii Community College | Lecturer | 808.974.7327 |

| Present or Last Appointment Period (if applicable): Fall 2010 | FTE:27.5% | BU: N/A |
|---|---|---|

Check one of the following boxes if you are exercising employment rights in accordance with Article 10, BU 8 collective bargaining agreement (eligibility subject to verification by the hiring unit):

☐ I am being/have been relieved or terminated because of a lack of work or other legitimate reasons and have reemployment rights as outlined in Article 9, Employment Security.

☐ I am currently in the bargaining unit.

**Non-Discrimination and Affirmative Action Information:** The University of Hawai'i is an equal opportunity/affirmative action institution and is committed to a policy of nondiscrimination on the basis of race, sex, age, religion, color, national origin, ancestry, disability, marital status, sexual orientation, status as a protected veteran, National Guard participation, breastfeeding, and arrest/court record (except as permissible under State law).

**CLERY ACT:** In accordance with the Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics Act, annual campus crime statistics for the University of Hawai'i may be viewed at: http://ope.ed.gov/security/, or a paper copy may be obtained upon request from the respective UH Campus Security or Administrative Services Office.

I hereby certify that all statements in this application are true and correct to the best of my knowledge, and I agree and understand that any misstatements of material facts herein may cause forfeiture of all rights to any employment with the University of Hawai'i. I also understand that, if selected, I must present documentary evidence to verify my employment eligibility, pursuant to the Immigration Reform and Control Act of 1986. For electronic submissions, original signatures required prior to interview.

Signature                                                    04SEP10
                                                             Date

**NOTE:** Attach/Submit a *comprehensive resume* and include: 1) your name, current address, phone number(s); 2) **work history** - provide sufficient detailed information with which to determine your qualifications for the position for which you are applying, list all employment in last 10 years beginning with most recent employment and other pertinent employment beyond 10 years; 3) **education** - chronologically list all higher education institutions attended beyond Grade 12, including name, address, major field of study degree/diploma/certificate & date received; 4) **relevant experience** - chronologically list pertinent military, professional, trade, technical, etc., courses you have completed, including institution name, address, subject area, certificate & date received; 5) **publications/research/other professional activities (if applicable to position)** - include co-authors, title of journal/publication & date, if book, publication date & publisher; 6) **knowledge of language other than English if required for position** - identify language and include ability to read, write, converse; and 7) **pertinent professional memberships and awards** - list, as appropriate, membership in professional or scientific societies, honors, awards, fellowships, etc; 8) **references** - provide complete contact information, as required by position advertisement. See Suggested Resume Format – PDF format.

**An Equal Opportunity/Affirmative Action Institution**

Form 64 Rev 05-07

# JAMES R. SHOEMAKER

PO Box 10183
Hilo, HI 96721
(808) 938-0133
james@jamesrshoemaker.com

## Employment

| | | |
|---|---|---|
| July 2005 To March 2010 | St. Joseph School – Jeri Spain (Business Manager) 1000 Ululani St. | Hilo, HI |

Technology Coordinator / Systems Administrator / Computer Technician
- Budgeting, Planning, Evaluating, Ordering, Installing, Maintaining, and Troubleshooting, System Hardware and Software
- Installation, Configuration, Troubleshooting, Training, and Support for Polycom VSX/VTC System
- Installation, Configuration, Maintenance, Troubleshooting, Training, and Support of 175 Desktop and Laptop Computers
- Installation, Configuration, and Troubleshooting of AVG Network Edition Anti-Virus Software
- Installation, Configuration, and Troubleshooting of Library Database
- Installation, Maintenance, Troubleshooting, Training, and Support for Inkjet, B/W Laser, Color Laser, Local and Networked Printers
- Installation, Maintenance, Troubleshooting, Training, and Support for Scanners, Document Cameras, Webcams, and Digital Cameras
- Technical Support for 50 Faculty and 300 Students
- Installation, Maintenance, and Troubleshooting for TCP/IP Local Area Network
- EIA/TIA Compliant Cabling
- Installation, Configuration, and Troubleshooting of Routers
- Configuration and Troubleshooting of Subnets
- Installation, Configuration, and Troubleshooting of 20 Wireless Access Points (Linksys, D-Link)
- Installation, Configuration, and Troubleshooting of Wireless Bridge
- Installation and Troubleshooting of D-Link 24 Port Switches
- Installation, Configuration, and Troubleshooting of Buffalo Network Attached Storage
- Installation, Configuration, and Troubleshooting of Vicomsoft Policy Manager
- Installation, Configuration, and Troubleshooting of ContentProtect Security Appliance
- Windows 98/NT/Me/2000/XP/Vista/7
- Mac OS-X
- Microsoft Office 2000/2003/2007
- Updating of Operating Systems and Software, Installation of Security Patches, and Removal of Computer Viruses
- End-User Support and Training for Microsoft Word, Excel, PowerPoint, Outlook, Publisher, Access, Info Path, Visio, Adobe Acrobat, Photoshop

| | | |
|---|---|---|
| August 2001 To August 2005 | The Flower Garden - Malinda Anderson (Owner) 808 Kilauea Ave | Hilo, HI |

Computer Technician / Bookkeeper / Shipping Manager
- Maintained Computer Network
- Updated Operating Systems and Software
- Installed Security Patches
- Removal of Computer Viruses
- Troubleshooting of Peripheral Devices
- Maintained Accounts Payable

- Invoiced and Maintained Accounts Receivable
- Drafted all Outgoing Checks
- Processed Payments
- Reconciled Bank Accounts
- Cashiering
- Ordered Flowers and Supplies
- Processed Internet Orders
- Answered Customer Emails
- Processed Telephone Orders
- Filled Customer Orders
- Shipped Orders via Federal Express, UPS, and USPS
- Delivered Local Orders
- Trained Delivery Drivers
- Trained Shop Employees
- Coordinated Local Deliveries
- Resolved Customer Complaints

| December 1985<br>To May 1991 | HQ Battery, 3rd Battalion, 14th Marines, 4th Marine Division<br>Field Radio Operator | Philadelphia, PA |

- Non-Commissioned Officer Training
- VHF Radio Transmitter/Receiver Operator
- UHF Radio Transmitter/Receiver Operator
- Platoon Vehicle Maintenance Provider
- Licensed M 151 ¼-Ton Jeep Driver
- Licensed High Mobility Multipurpose Wheeled Vehicle (Humvee) Driver
- Licensed M-923 5-Ton Cargo Truck Driver
- Expert Rifle Marksman (M-16 Assault Rifle)
- Expert Pistol Marksman (9mm & .45 Caliber)

**Education**

| Graduated<br>May 2006 | Hawaii Community College<br>Associate in Science in Information Technology | Hilo, HI |

- Windows Operating Systems
- Microsoft Office – Word, Excel, PowerPoint, Access, Outlook
- PC Hardware Support
- PC Software Support
- Event Driven Programming – Visual Basic
- Applied Database Programming in an Object Oriented Environment
- Network Administration
- Help Desk Support
- Data Communication Fundamentals
- Cooperative Education / Internship / Practicum
- Cisco CCNA 1 Networking Basics
- Cisco CCNA 2 Routers/Routing Basics
- Web Site Development
- Principals of Accounting
- Practical Accounting Applications
- Payroll and General Excise Tax
- Income Tax Preparation
- Using Computers in Accounting
- Speech Communications
- Concepts of Physics
- World Civilizations

- Introduction to Sociology
- Survey of Mathematics
- Business Math for Merchandising, Financing, and Investing
- College Reading Skills

Previously Enrolled        University of Hawaii at Hilo              Hilo, HI
                           Liberal Arts with an emphasis on Computer Science
- Object Oriented Programming – C++
- Software Development
- Web Technology

Previously Enrolled        The Pennsylvania State University         Hazleton, PA
                           Undergraduate Studies with an emphasis on Business
- Macroeconomics
- Microeconomics
- College Algebra
- Introduction to Psychology
- Introduction to Financial Accounting
- Rhetoric and Composition
- American National Government
- Biology of Man
- Genetic Ecology and Evolution
- Genetic Evolution of Humans
- Survey of Western Art
- Music Appreciation
- Tennis

## Awards

December 2002        Hawaii Community College        Hilo, HI
                     Dean's List

March 1986           United States Marine Corps Recruit Training Depot        Parris Island, SC
                     Meritorious Promotion to Private First Class

## Interests and Activities

Computers, Guitar playing, Gastronomy
Golf, Tennis, Swimming, Mountain Biking, Hiking
SCUBA Diving (PADI Advanced Certification), Sea Kayaking

## References

William S. Smith - Programmer
VIA Studio – http://viastudio.com
(502) 498-8470     stofer@viastudio.com

David Whilldin - Field Systems Engineer
Infrasound Laboratory, University of Hawai'i
(808) 327-6206     whilldin@isla.hawaii.edu

Annie Brown – Information Technology Professor
Hawaii Community College
(808) 974-7429     annie@hawaii.edu

Patrick Naughton – Executive Director
Hilo Rite Care
(808) 961-4625     pnaughton@gmail.com

SSN: *****9969
Student No: 10814525
Date of Birth: 09-MAY-

Date Issued: 04-JAN-2016

Record of: James R Shoemaker

Page: 1

PO Box 10183
Hilo, HI 96721

Issued To: James Shoemaker (student) -RUSH
PO Box 10183
Hilo, HI 96721

| SUBJ. NO. | COURSE TITLE | CRED GRD | PTS R |
|---|---|---|---|

Course Level: Undergraduate

**Institution Information continued:**

Degree Awarded: Associate in Science 15-MAY-2006
Major - Information Technology

Spring 1996

| SUBJ. NO. | COURSE TITLE | CRED GRD | PTS R |
|---|---|---|---|
| ENG 102 | College Reading Skills | 3.00 W | 0.00 |
| HD 105B | Decision-Making | 1.00 D | 1.00 |
| HD 105C | Enhance Yourself | 1.00 D | 1.00 |
| HD 105D | World of Work | 1.00 D | 1.00 |
| HIST 152 | World Civilization II | 3.00 D | 3.00 |
| PHYS 100 | Concepts of Physics | 3.00 B | 9.00 |
| SOC 100 | Survey of Gen Sociology | 3.00 B | 9.00 |

**TRANSFER CREDIT ACCEPTED BY THE INSTITUTION:**

Summer 1987        Pennsylvania State University
Ehrs: 6.00 GPA-Hrs: 6.00 QPts: 18.00 GPA: 3.00

Ehrs: 12.00 GPA-Hrs: 12.00 QPts: 24.00 GPA: 2.00

Fall 1987        Pennsylvania State University
Ehrs: 3.00 GPA-Hrs: 3.00 QPts: 12.00 GPA: 4.00

Fall 1996

| MATH 100 | Survey of Mathematics | 3.00 F | 0.00 E |
| SCI 124 | Intro Environmental Sci | 3.00 R | 0.00 |
| SCI 124L | Intro Environ Sci Lab | 1.00 F | 0.00 |
| SOC 289 | Sociology of Knowledge | 3.00 F | 0.00 |

Ehrs: 0.00 GPA-Hrs: 7.00 QPts: 0.00 GPA: 0.00

Spring 1988        Pennsylvania State University
Ehrs: 6.00 GPA-Hrs: 6.00 QPts: 21.00 GPA: 3.50

Probation

Fall 1988        Pennsylvania State University
Ehrs: 0.50 GPA-Hrs: 0.50 QPts: 1.00 GPA: 2.00

Fall 1997

| ENG 102 | College Reading Skills | 3.00 W | 0.00 |
| MATH 100 | Survey of Mathematics | 3.00 W | 0.00 |
| PSY 170 | Psych of Adjustment | 3.00 W | 0.00 |
| SPCO 151 | Intro to Speech & Comm | 3.00 W | 0.00 |

Summer 1989        Pennsylvania State University
Ehrs: 3.00 GPA-Hrs: 3.00 QPts: 9.00 GPA: 3.00

Ehrs: 0.00 GPA-Hrs: 0.00 QPts: 0.00 GPA: 0.00

Fall 1989        Pennsylvania State University
Ehrs: 0.00 GPA-Hrs: 0.00 QPts: 0.00 GPA: 0.00

Probation Continued

**INSTITUTION CREDIT**

Fall 2000

| ICS 101 | Micro Computer Applica | 3.00 C | 6.00 |
| ITS 103 | Intro Program Process | 3.00 F | 0.00 E |

Fall 1995

| ENG 102 | College Reading Skills | 3.00 W | 0.00 |
| HIST 241 | Intro American Hist I | 3.00 W | 0.00 |
| MATH 100 | Survey of Mathematics | 3.00 W | 0.00 |
| OCN 201 | Science of the Sea | 3.00 W | 0.00 |
| SPCO 151 | Intro to Speech & Comm | 3.00 W | 0.00 |

Ehrs: 3.00 GPA-Hrs: 3.00 QPts: 6.00 GPA: 2.00

Probation after Dismissal

Ehrs: 0.00 GPA-Hrs: 0.00 QPts: 0.00 GPA: 0.00

Fall 2002

| ACC 20 | Fund of Accounting I | 3.00 B | 9.00 |
| ACC 20 | Practical Accounting Applc | 3.00 A | 12.00 |

********** CONTINUED ON NEXT COLUMN **********                ********** CONTINUED ON PAGE 2 **********



REGISTRAR

SSN: ****9969                                                                                      Date Issued: 04-JAN-2010
Student No: 10814525
Date of Birth: 09-MAY

Record of: James R Shoemaker                                                                                Page: 2
High Level: Undergraduate

| SUBJ | NO. | COURSE TITLE | CRED GRD | PTS R | SUBJ | NO. | COURSE TITLE | CRED GRD | PTS R |
|------|-----|--------------|----------|-------|------|-----|--------------|----------|-------|
| | | Institution Information continued: | | | | | Institution Information continued: | | |
| BUS | 55B | Numeric Keypad | 1.00 A | 4.00 | | | | | |
| BUS | 55C | Business Math Concepts | 1.00 A | 4.00 | Summer 2004 | | | | |
| BUS | 55D | Bus Math of Accounting | 1.00 A | 4.00 | SPCO | 151 | Intro to Speech & Comm | 3.00 A | 12.00 I |
| OAT | 21B | Keyboarding I | 1.00 A | 4.00 | Ehrs: 3.00 GPA-Hrs: 3.00   QPts:   12.00 GPA:   4.00 | | | | |
| OAT | 21C | Keyboarding II | 1.00 A | 4.00 | | | | | |
| OAT | 21D | Keyboarding III | 1.00 A | 4.00 | Fall 2004 | | | | |
| Ehrs: 12.00 GPA-Hrs: 12.00 QPts: 45.00 GPA:   3.75 | | | | | ITS | 151 | Applied Database Programing | 4.00 B | 12.00 |
| Dean's List | | | | | ITS | 215 | Network Administration | 4.00 C | 8.00 |
| Probation Continued | | | | | Ehrs: 9.00 GPA-Hrs: 9.00   QPts:   20.00 GPA:   2.50 | | | | |
| Spring 2003 | | | | | | | | | |
| ACC | 24 | Principles of Accounting I | 4.00 B | 12.00 | Spring 2005 | | | | |
| ACC | 151 | Income Tax Preparation | 3.00 B | 9.00 | ITS | 221 | Help Desk Support | 3.00 B | 9.00 |
| ACC | 50 | Using Computers in Accting | 3.00 B | 9.00 | ITS | 284 | Data Comm Fundamentals | 3.00 B | 9.00 |
| BUS | 55E | Bus Math of Merchandising | 1.00 B | 3.00 | Ehrs: 6.00 GPA-Hrs: 6.00   QPts:   18.00 GPA:   3.00 | | | | |
| BUS | 55F | Bus Math of Financing | 1.00 A | 4.00 | | | | | |
| BUS | 55G | Bus Math of Investing | 1.00 A | 4.00 | Fall 2005 | | | | |
| ITS | 10A | Intro Network & Support | 4.00 B | 12.00 | BUS | 120 | Principles of Business | 3.00 B | 12.00 |
| Ehrs: 17.00 GPA-Hrs: 17.00 QPts:   53.00 GPA:   3.11 | | | | | ENG | 102 | College Reading Skills | 3.00 CR | 0.00 |
| | | | | | Ehrs: 6.00 GPA-Hrs: 3.00   QPts:   12.00 GPA:   4.00 | | | | |
| Fall 2003 | | | | | | | | | |
| BUS | 10B | CCNA 1 Networking Basics | 4.00 A | 16.00 | Spring 2006 | | | | |
| ITS | 103 | Intro to Programming Process | 4.00 B | 12.00 I | ITS | 193 | CWB/Internship/Practicum | 3.00 CR | 0.00 |
| ITS | 123 | Web Site Development | 3.00 B | 9.00 | MATH | 100 | Survey of Mathematics | 3.00 B | 9.00 I |
| Ehrs: 11.00 GPA-Hrs: 11.00 QPts:   37.00 GPA:   3.36 | | | | | Ehrs: 6.00 GPA-Hrs: 3.00   QPts:   9.00 GPA:   3.00 | | | | |
| Spring 2004 | | | | | *************** TRANSCRIPT TOTALS *************** | | | | |
| ACC | 25 | Principles of Accounting II | 4.00 C | 8.00 | | | Earned Hrs   GPA Hrs   Points   GPA | | | |
| BUS | 101 | COBA 2 Routers/Routing Basics | 3.00 A | 12.00 | TOTAL INSTITUTION | | 37.00   38.00   277.00   2.82 | | |
| ITS | 126 | Visual Basics Progrmg Bus Apps | 4.00 A | 16.00 | | | | | |
| OAT | 43R | Preemployment Preparation | 1.00 B | 3.00 | TOTAL TRANSFER | | 18.50   18.50   61.00   3.29 | | |
| Ehrs: 12.00 GPA-Hrs: 12.00 QPts:   39.00 GPA:   3.25 | | | | | ************* END OF TRANSCRIPT ************* | | | | |

***************** CONTINUED ON NEXT COLUMN *****************

REGISTRAR



John A. Burns School of Medicine
Office of Medical Education

February 4, 2011

Mr. James Shoemaker
P.O. Box 10183
Hilo, HI  96721

Dear Mr. Shoemaker,

Thank you for applying for the Information Technology (Educational Technology Specialist), Position 0078233, with the John A. Burns School of Medicine.  This is to inform you that, after careful consideration, we have selected the best qualified applicant for this position.

Thank you for your time and interest in the School of Medicine. We wish you the best in your future endeavors.

Sincerely yours,

Damon H. Sakai, M.D.
Director

651 Ilalo Street, Medical Education Building
Honolulu, Hawai'i 96813-5534
An Equal Opportunity/Affirmative Action Institution

000124

# Applicant #4

# Craig Spurrier

Craig T. Spurrier
1561 Kanunu Street, #403
Honolulu, Hawaii 96814
803-979-7051

Dear Search Committee,

I am applying for the position of Educational Technology Specialist. I have the education, the experience, the talent, and the strong desire to work in this position. My diverse background in education, computer technology, research, as well as life experiences makes me uniquely qualified for the position.

My educational experience has been diverse. I have received a MA in Anthropology from the University of South Carolina in Columbia. Anthropology provides me with the framework for working with the diverse cultures that UH encompasses. I received my BA from the University of South Carolina in Aiken in Sociology. At USCA, I conducted research looking at social control in online groups.

I have a strong passion for technology and the people it impacts. I have worked as a consultant for many companies and organizations in a number of sectors including education. I have extensive experience with a wide variety of computer systems and programming languages. I have been responsible for the installation and maintenance of  Windows Server 2003, Windows Server 2008, Windows Small Business Server, Solaris, Debain, Ubuntu, Red Hat and Gentoo web, file and print servers, running a variety of server software, including Apache, Lighttpd, Tomcat, Samba, NFS, MySQL, PostgreSQL, Postfix, and Sendmail. I have experience developing for and maintaining MySQL, Microsoft SQL Server and PostgreSQL servers, as well as smaller Microsoft Access based systems.

I have extensive programming experience in PHP, Perl, Python, C, Javascript and Unix and Windows Shell Scripting. I developed a number of web sites and web applications utilizing HTML, XHTML, XML, CSS, AJAX and SOAP. I have worked extensively with Drupal, Joomla and MediaWiki based sites, as well as custom developed content management systems. I have developed and supported a wide variety of web applications including  voter canvassing software, court case management software, point of sale systems, web stores, content management systems, server management software and billing systems.  I have also developed for a variety of platforms including mobile phones, pdas, thin clients and set-top boxes. I have contributed to a number of open source projects including MediaWiki. I am also the primary developer for ASVCS, an open source web based version control system. It currently has several thousand users including several open sources projects and Texas A&M.

I have supported workstations for a number of organizations. I have experience supporting workstations running Windows 3.11 through Windows 7, Mac OS 8 through Mac OS X, as well as a variety of desktop Linux distributions. I have also been responsible for hardware and peripherals maintenance and repair, including deploying wired and wireless networks for several schools and businesses. I am skilled in and have experience supporting many common desktop applications including Microsoft Office, OpenOffice, Adobe Dreamweaver, Adobe PhotoShop and Adobe Illustrator.

I am very comfortable sharing information in a one-on-one setting, as well as presenting to large groups. During my two years at the University of South Carolina, I taught several sections of Anthropology, with classes of up to 30 students. I received outstanding reviews from my students and supervising professors. I have also presented various research projects at conferences in Taiwan, Egypt and Argentina. These experiences as well as presenting at professional Sociology and Anthropology conferences in the Southeast, have enhanced my presentation and organizational style. It has also made me more aware of how to present with a world view to diverse groups.

I would like the chance to discuss my qualifications with you in more detail. While I am currently in South Carolina, I will be returning home to Hawaii shortly. . Please feel free to contact me at anytime either by email at craig@hawaiihosting.com or by phone at 803-979-7051.

Thank you for your consideration.
        -Craig Spurrier



**UNIVERSITY OF HAWAI'I**
**EMPLOYMENT APPLICATION FORM**    SEP - 7 2010
**Administrative, Professional and Technical Positions**

This form is used to provide information about you relative to the position(s) for which you are applying. This completed form and a *comprehensive resume*, must both be submitted in accordance with the filing requirements specified in the advertisement.  (See Suggested Resume Format - PDF Format).

| | |
|---|---|
| Position Title: Information Technology (Educational Technology Specialis | Position No.: 0078233 |

| Name:  Last | First | Middle Initial |
|---|---|---|
| Spurrier | Craig | T |

| Home Address:    Street          Apt. # | City | State | Zip Code |
|---|---|---|---|
| 1561 Kanunu St #403 | Honolulu | Hi | 96814 |

| Home Telephone: 803-979-7051 | Business Telephone: |
|---|---|

Email Address:  craig@hawaiihosting.com

If selected, **all** individuals must present documentary evidence to verify their eligibility to work, pursuant to the Immigration Reform and Control Act of 1986.

**Employment Status:** Complete the following if you are **presently** or **formerly** employed by the University of Hawai'i:

| Department: | Official Position Title: | Campus Phone No.: |
|---|---|---|
| College: | | |

| Present or Last Appointment Period (if applicable): | FTE: | BU: |
|---|---|---|

Check **one** of the following boxes if you are exercising employment rights in accordance with Article 10, BU 8 collective bargaining agreement (eligibility subject to verification by the hiring unit):

☐  I am being/have been relieved or terminated because of a lack of work or other legitimate reasons and have reemployment rights as outlined in Article 9, Employment Security.
☐  I am currently in the bargaining unit.

**Non-Discrimination and Affirmative Action Information:**  The University of Hawai'i is an equal opportunity/affirmative action institution and is committed to a policy of nondiscrimination on the basis of race, sex, age, religion, color, national origin, ancestry, disability, marital status, sexual orientation, status as a protected veteran, National Guard participation, breastfeeding, and arrest/court record (except as permissible under State law).

**CLERY ACT:**  In accordance with the Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics Act, annual campus crime statistics for the University of Hawai'i may be viewed at: http://ope.ed.gov/security/, or a paper copy may be obtained upon request from the respective UH Campus Security or Administrative Services Office.

I hereby certify that all statements in this application are true and correct to the best of my knowledge, and I agree and understand that any misstatements of material facts herein may cause forfeiture of all rights to any employment with the University of Hawai'i.  I also understand that, if selected, I must present documentary evidence to verify my employment eligibility, pursuant to the Immigration Reform and Control Act of 1986.  For electronic submissions, original signatures required prior to interview.

Signature                                          Date  2 Sept 2010

**NOTE:** Attach/Submit a *comprehensive resume* and include: 1) your name, current address, phone number(s); 2) **work history** - provide sufficient detailed information with which to determine your qualifications for the position for which you are applying, list all employment in last 10 years beginning with most recent employment and other pertinent employment beyond 10 years; 3) **education** - chronologically list all higher education institutions attended beyond Grade 12, including name, address, major field of study degree/diploma/certificate & date received; 4) **relevant experience** - chronologically list pertinent military, professional, trade, technical, etc., courses you have completed, including institution name, address, subject area, certificate & date received; 5) **publications/research/other professional activities (if applicable to position)** - include co-authors, title of journal/publication & date, if book, publication date & publisher; 6) **knowledge of language other than English if required for position** - identify language and include ability to read, write, converse; and 7) **pertinent professional memberships and awards** - list, as appropriate, membership in professional or scientific societies, honors, awards, fellowships, etc; 8) **references** - provide complete contact information, as required by position advertisement. See Suggested Resume Format - PDF format.

**An Equal Opportunity/Affirmative Action Institution**

Form 64 Rev 05-07                                       000128

Craig Spurrier
1561 Kanunu Street, #403
Honolulu, Hawaii 96814
(803)979-7051
craig@hawaiihosting.com

## Education

MA in Cultural Anthropology, University of South Carolina, 2010
BA in Sociology, Magna Cum Laude, University of South Carolina at Aiken, 2008

## Work experience

BlueFishPond/HawaiiHosting
P.O Box 155
Hawi, HI 96719
803-443-0018
    January 2007 – Present
    Partner: I am in charge of customer support and server administration

University of South Carolina
Department of Anthropology, Hamilton College
Columbia, SC 29208
803-777-5927
    August 2008 – May 2010
    Teaching Assistant: I was responsible for planning, grading and teaching three weekly class meetings.

2nd Circuit Solicitor Office
109 Park Avenue SE
Aiken, SC 29801
803-642-1557
    July 2007 – September 2007
    Software Developer: I was responsible for developing a web based case management system through which prosecutors and victim advocates could see and manage all information related to a criminal case.

2nd Circuit Solicitor Office, Victim-Witness Assistance Program
109 Park Avenue SE
Aiken, SC 29801
803-642-1557
    May 2007 – July 2007
    Intern: I was responsible for providing tech support, maintaining files and assisting Victim Advocates with their duties.

Voter Contact Services
P.O. Box 390817
Mtn. View, CA 94039
808-884-5557
    December 2005 – April 2008

000129

**References**

Julia Rooney
Voter Contact Services
Supervisor
Email: julia@whalespout.com
Phone: (808) 884-5557

Dr. David Simmons
TA Supervisor
University of South Carolina
Email: dsimmons@mailbox.sc.edu
Phone: 803-777-2321

Dr. Ann Kingsolver
Graduate Thesis Supervisor
University of South Carolina
Email: aekingso@mailbox.sc.edu
Phone: 803-777-5927

Dr. Trudy Henson
University of South Carolina - Aiken
Undergraduate Research Supervisor
Email: trudyh@usca.edu
Phone: 803-641-3475

# UNIVERSITY OF SOUTH CAROLINA
OFFICE OF THE UNIVERSITY REGISTRAR • COLUMBIA, SC 29208-0001

FICE: 3448
CEEB: 5818
ACT : 3880

FAX (803) 777-6349

PAGE: 2

STUDENT NAME: CRAIG TIMOTHY SPURRIER
STUDENT NUMBER: USC-00-7786
BIRTH DATE:
11/13

## ACADEMIC TRANSCRIPT

This transcript is printed on special security paper with a gamet background, the seal of the University of South Carolina at Columbia and the signature of the University Registrar, Barbara Rogers Blaney. This is an official sealed instrument; a raised seal is not required. The student is in good academic standing unless otherwise noted.

University Registrar

CONTROL NO: 945256   DATE ISSUED: 05/19/2010

*** ISSUED TO STUDENT IN A SEALED ENVELOPE ***

BEGINNING OF GRADUATE RECORD

DEGREE(S) AWARDED:
SPRING 2010    05/08/2010
DEGREE: MASTER OF ARTS
SCHOOL: COLLEGE OF ARTS AND SCIENCES
MAJOR: ANTHROPOLOGY
LOCATION: USC COLUMBIA

MASTER THESIS:
CASSAVA, COCONUT AND CURRY: FOOD AND NATIONAL IDENTITY IN POST
COLONIAL FIJI
DIRECTOR OF THESIS: ANN E. KINGSOLVER, PHD

GRADUATE QUALIFYING INFORMATION:
FIRST MASTERS:
ADMITTED TO PROGRAM: 02/28/2008
COMPREHENSIVE EXAM: 11/06/2009
THESIS DEFENSE: 04/06/2010

| COURSE TITLE | DEPT | CRSE | GRD | HC | HE | GH | GP | GPA |
|---|---|---|---|---|---|---|---|---|
| FALL 2008 | ARTS & SCIENCES-GRAD | | | | | | | |
| SESSION DATES 08/21/2008 - 12/05/2008 | | | | | | | | |
| CULT/IDENT/AFRI DIASPORA | ANTH | 580 | A | 3.0 | 3.0G | | | |
| ANTHROPOLOGICAL INQUIRY | ANTH | 703 | A | 3.0 | 3.0G | | | |
| TOPICS/LANGUAGE IDEOLOGY | ANTH | 791L | A | 3.0 | 3.0G | | | |
| SEMESTER TOTALS: | | | | 9.0 | 9.0 | 9.0 | 36.00 | 4.000 |
| SPRING 2009 | ARTS & SCIENCES-GRAD | | | | | | | |
| SESSION DATES 01/12/2009 - 04/27/2009 | | | | | | | | |
| GLOBALIZTN&CULTRL QUESTN | ANTH | 581 | A | 3.0 | 3.0G | | | |
| ANTHROPOLOGICL CONNECTN. | ANTH | 704 | A | 3.0 | 3.0G | | | |
| ETHICS AND ANTHROPOLOGY | ANTH | 714 | A | 3.0 | 3.0G | | | |
| FIELD PROB IN ETHNOLOGY | ANTH | 719 | B+ | 3.0 | 3.0G | | | |
| SEMESTER TOTALS: | | | | 10.0 | 10.0 | 10.0 | 38.50 | 3.850 |
| FALL 2009 | ARTS & SCIENCES-GRAD | | | | | | | |
| SESSION DATES 08/20/2009 - 12/04/2009 | | | | | | | | |
| TCHING PRACTICUM/ANTH | ANTH | 714 | A | 3.0 | 1.0G | | | |
| CINEMA & ARCHAEOLOGY | ANTH | 777 | A | 1.0 | 1.0G | | | |
| MASTERS THESIS: | ANTH | 799 | T | 6.0 | 6.0G | | | |
| SEMESTER TOTALS: | | | | 8.0 | 8.0 | 1.0 | 4.00 | 4.000 |
| | | | | | | | | PASS/FAIL |

| COURSE TITLE | DEPT | CRSE | GRD | HC | HE | GH | GP | GPA |
|---|---|---|---|---|---|---|---|---|
| SPRING 2010 | ARTS & SCIENCES-GRAD | | | | | | | |
| SESSION DATES 01/11/2010 - 04/26/2010 | | | | | | | | |
| NUTRITIONAL ANTHROPOLOGY | ANTH | 568 | A | 3.0 | 3.0G | | | |
| MASTERS THESIS | ANTH | 799 | T | 1.0 | 1.0G | | | |
| NEW TECH & MASS MEDIA | JOUR | 740 | B+ | 3.0 | 3.0G | | | |
| SEMESTER TOTALS: | | | | 7.0 | 7.0 | 6.0 | 22.50 | 3.750 |
| GRADUATE TOTALS: | | | | | | | | |
| CUMULATIVE U.S.C. | | | | 34.00 | 34.00 | 26.00 | 101.00 | 3.885 |

*** END OF UNDERGRADUATE RECORD ***
*** END OF GRADUATE RECORD ***
*** SEE UNDERGRADUATE RECORD ***
*** END OF TRANSCRIPT ***

000131

# UNIVERSITY OF SOUTH CAROLINA

OFFICE OF THE UNIVERSITY REGISTRAR • COLUMBIA, SC 29208-0001

F/ICE: 3448
CEEB: 5818
ACT: 3880

FAX: (803) 777-6349

PAGE 1

## ACADEMIC TRANSCRIPT

This transcript is printed on special security paper with a garnet background, the seal of the University of South Carolina at Columbia and the signature of the University Registrar, Barbara Rogers Blaney. This is an official sealed instrument; a raised seal is not required. The student is in good academic standing unless otherwise noted.

*University Registrar*

STUDENT NAME:
CRAIG TIMOTHY SPURRIER

STUDENT NUMBER:  BIRTH DATE:
USC-00-7786  11/13

CONTROL NO: 945256  DATE ISSUED: 05/19/2010

## BEGINNING OF UNDERGRADUATE RECORD

DEGREE(S) AWARDED:
SPRING 2008:
DEGREE: BACHELOR OF ARTS
SCHOOL: AIKEN CAMPUS
MAJOR: SOCIOLOGY
EMPHASIS: CRIMINOLOGY AND CRIMINAL JUSTICE
HONORS: MAGNA CUM LAUDE
LOCATION: UNIVERSITY OF SOUTH CAROLINA AIKEN

TRANSFER CREDIT ACCEPTED:
AIKEN TECHNICAL COLL AIKEN    SC  29902  08/2003-05/2006  50.00 HOURS

CREDIT COUNTED TOWARD THE USC DEGREE IS DETERMINED BY STUDENT'S MAJOR PROGRAM OF STUDY.

| COURSE TITLE | DEPT | CRSE | GRD | HC | HE | GH | GP | GPA |
|---|---|---|---|---|---|---|---|---|
| **FALL 2006** | AIKEN | | | | | | | |
| SESSION DATES 08/24/2006 - 12/09/2006 | | | | | | | | |
| ANTH, MAGIC AND RELIGION | AANP | A352 | A | 3.0 | 3.0 | 3.0 | 12.00 | |
| COMPOSITION AND LIT | AEGL | A102 | B+ | 3.0 | 3.0 | 3.0 | 10.50 | |
| BEGINNING GERMAN | AGER | A101 | B | 4.0 | 4.0 | 4.0 | 12.00 | |
| RELIGIOUS SYMBOLISM | AREL | A390K | A | 3.0 | 3.0 | 3.0 | 12.00 | |
| INTRODUCTORY SOCIOLOGY | ASCY | A101 | B+ | 3.0 | 3.0 | 3.0 | 10.50 | |
| SEMESTER TOTALS: | | | | 16.0 | 16.0 | 16.0 | 57.00 | 3.563 |
| DEAN'S HONOR LIST | | | | | | | | |
| **SPRING 2007** | AIKEN | | | | | | | |
| SESSION DATES 01/16/2007 - 04/30/2007 | | | | | | | | |
| INTERPERS COMMUNICATION | ACOM | A201 | B+ | 3.0 | 3.0 | 3.0 | 10.50 | |
| CONTINUING GERMAN | AGER | A102 | B | 4.0 | 4.0 | 4.0 | 12.00 | |
| MINORITY GROUP RELATIONS | ASCY | A355 | A | 3.0 | 3.0 | 3.0 | 12.00 | |
| POLICE IN SOCIETY | ASCY | A359 | A | 3.0 | 3.0 | 3.0 | 12.00 | |
| SOCY OF SOCIAL CONTROL | ASCY | A507 | B+ | 3.0 | 3.0 | 3.0 | 10.50 | |
| SEMESTER TOTALS: | | | | 16.0 | 16.0 | 16.0 | 57.00 | 3.563 |
| DEAN'S HONOR LIST | | | | | | | | |
| **SUMMER I 2007** | AIKEN | | | | | | | |
| SESSION DATES 06/04/2007 - 07/03/2007 | | | | | | | | |
| ETHICS | APHL | A311 | A | 3.0 | 3.0 | 3.0 | 12.00 | |
| SEMESTER TOTALS: | | | | 3.0 | 3.0 | 3.0 | 12.00 | 4.000 |
| DEAN'S HONOR LIST | | | | | | | | |

## *** ISSUED TO STUDENT IN A SEALED ENVELOPE ***

| COURSE TITLE | DEPT | CRSE | GRD | HC | HE | GH | GP | GPA |
|---|---|---|---|---|---|---|---|---|
| **FALL 2007** | AIKEN | | | | | | | |
| SESSION DATES 08/23/2007 - 12/07/2007 | | | | | | | | |
| PEOPLE OF INDIAN SUBCONT | AANP | A315 | A | 3.0 | 3.0 | 3.0 | 12.00 | |
| INTRO TO PHILOSOPHY | APHL | A102 | A | 3.0 | 3.0 | 3.0 | 12.00 | |
| QUAN ANAL IN THE BEH SCI | APSY | A225 | A | 3.0 | 3.0 | 3.0 | 12.00 | |
| INDIVIDUAL AND SOCIETY | ASCY | A320 | A | 3.0 | 3.0 | 3.0 | 12.00 | |
| INTERNSHIP | ASCY | A400 | A | 3.0 | 3.0 | 3.0 | 12.00 | |
| SOCIOLOGY OF DEVIANCE | ASCY | A523 | A | 3.0 | 3.0 | 3.0 | 12.00 | |
| SEMESTER TOTALS: | | | | 16.0 | 16.0 | 16.0 | 72.00 | 4.000 |
| PRESIDENT'S HONOR LIST | | | | | | | | |
| ASCY A400  INTERNSHIP IN VICTIM-WITNESS SERVICES | | | | | | | | |
| **SPRING 2008** | AIKEN | | | | | | | |
| SESSION DATES 01/14/2008 - 04/28/2008 | | | | | | | | |
| UNDERSTAND OTHER CULTURE | AANP | A512 | A | 3.0 | 3.0 | 3.0 | 12.00 | |
| SOCIAL DEMOGRAPHY | ASCY | A510 | A | 4.0 | 4.0 | 4.0 | 16.00 | |
| SOCIOL DELINQ YOUTH BEH | ASCY | A350 | A | 3.0 | 3.0 | 3.0 | 12.00 | |
| INDEPENDENT STUDY | ASCY | A399 | A | 3.0 | 3.0 | 3.0 | 12.00 | |
| SOCIOLOGCL RESRCH METHOD | ASCY | A497 | A | 4.0 | 4.0 | 4.0 | 16.00 | |
| SEMESTER TOTALS: | | | | 17.0 | 17.0 | 17.0 | 68.00 | 4.000 |
| PRESIDENT'S HONOR LIST | | | | | | | | |
| ASCY A399  BOUNDARY CREATION & MAINTENANCE IN VIRTUAL ORGANIZATION | | | | | | | | |
| UNDERGRADUATE TOTALS: | | | | 70.00 | 70.00 | 70.00 | 266.00 | 3.800 |
| CUMULATIVE U.S.C. | | | | 70.00 | 70.00 | 70.00 | 266.00 | 3.800 |

*** END OF UNDERGRADUATE RECORD ***

*** SEE GRADUATE RECORD ***

IN ACCORDANCE WITH USC 438 (6), (4) (B) (THE FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT OF 1974) YOU ARE HEREBY NOTIFIED THAT THIS INFORMATION IS PROVIDED UPON THE CONDITION THAT YOU, YOUR AGENTS OR EMPLOYEES, WILL NOT PERMIT ANY OTHER PARTY ACCESS TO THIS RECORD WITHOUT CONSENT OF THE STUDENT. ALTERATION OF THIS TRANSCRIPT MAY BE A CRIMINAL OFFENSE.

2000132

**AIKEN TECHNICAL COLLEGE**
ADMISSIONS AND RECORDS OFFICE
P.O. DRAWER 696, AIKEN SC 29802
PHONE: (803)593-9231 FAX: (803)593-6526
FICE: 010066; CEEB: 5037; ACT: 3824

STUDENT NAME: MR. CRAIG T. SPURRIER
STUDENT ID: 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
DATE: AUG 23, 2010

| COURSE | | TITLE | GRD | R | ATT HRS | ERND HRS | GRADE POINTS | COURSE DATES | | | COURSE | | TITLE | GRD | R | ATT HRS | ERND HRS | GRADE POINTS | COURSE DATES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| BIO | 101 | Biological Science B | B | | 4.00 | 4.00 | 12.0000 | 08/18/03-12/09/03 |
| CPT | 101 | Intro to Digital Tech | A | | 3.00 | 3.00 | 12.0000 | 08/18/03-12/09/03 |

Term 2003FA  Totals:  7.00  7.00  24.0000  GPA = 3.485
Cumulative Totals:  7.00  7.00  24.0000  GPA = 3.285

| ART | 105 | Fine As. Art | A | | 3.00 | 3.00 | 12.0000 | 01/07/04-04/28/04 |
| HIS | 102 | Western Civ. Post. | A | | 3.00 | 3.00 | 12.0000 | 01/07/04-04/28/04 |

Term 2004SP  Totals:  6.00  6.00  24.0000  GPA = 4.0000
Cumulative Totals:  13.00  13.00  48.0000  GPA = 3.6923

| HIS | 101 | Western Civilizati | A | | 3.00 | 3.00 | 12.0000 | 08/23/04-12/14/04 |
| HIS | 201 | Amer.-Hist. Discov | A | | 3.00 | 3.00 | 12.0000 | 08/23/04-12/14/04 |
| MAT | 110 | College Algebra | A | | 3.00 | 0.00 | 0.0000 | 08/23/04-12/14/04 |
| PSY | 201 | General Psychology-A | A | | 3.00 | 3.00 | 12.0000 | 08/23/04-12/14/04 |

Term 2004FA  Totals:  12.00  9.00  36.0000  GPA = 4.0000
Cumulative Totals:  25.00  22.00  84.0000  GPA = 3.8100

| REL | 103 | Comparative-Religi | A | | 3.00 | 3.00 | 12.0000 | 01/12/05-04/26/05 |
| PSC | 201 | American Government | A | | 3.00 | 3.00 | 12.0000 | 01/12/05-04/26/05 |

Term 2005SP  Totals:  6.00  6.00  24.0000  GPA = 4.0000
Cumulative Totals:  31.00  28.00  108.0000  GPA = 3.8571

| CRJ | 101 | Intro to Criminal | A | | 3.00 | 3.00 | 12.0000 | 08/22/05-12/05/05 |
| ECO | 210 | Macroeconomics | A | | 3.00 | 3.00 | 12.0000 | 08/22/05-12/05/05 |
| MAT | 110 | College Algebra | B | | 3.00 | 3.00 | 9.0000 | 08/22/05-12/05/05 |

Term 2005FA  Totals:  13.00  13.00  49.0000  GPA = 3.7692
Cumulative Totals:  44.00  41.00  157.0000  GPA = 3.8293

| ENG | 101 | English Compositio | A | | 3.00 | 3.00 | 12.0000 | 01/09/06-04/24/06 |
| CRJ | 242 | Criminal Law I | A | | 3.00 | 3.00 | 12.0000 | 01/09/06-04/24/06 |
| CRJ | 115 | Criminology | A | | 3.00 | 3.00 | 12.0000 | 01/09/06-04/24/06 |
| MAT | 111 | College Trigonomet | A | | 3.00 | 3.00 | 12.0000 | 01/09/06-04/24/06 |

Term 2006SP  Totals:  12.00  12.00  45.0000  GPA = 3.7500
Cumulative Totals:  56.00  53.00  202.0000  GPA = 3.8113

TOTALS: CRED ATT = 56.00 CRED.CPT = 53.00 GRADE PTS = 202.0000 GPA = 3.8113

*Dawn W Butts*
Dawn W Butts
Registrar

In accordance with the Family Educational Rights and Privacy Act of 1974, as amended, transcripts may not be released to a third party without the written consent of the student.

TEST FOR AUTHENTICITY: This transcript is printed on the College name and logo appear at the top left and th of the entire document. When photocopied, the wo A raised seal is not required. The words AIKEN TECHNICAL Q Further authentication may be obtained by contacting th ALTERATION OR FORGERY OF THIS DOCUMEN

000133



University of Hawai'i at Mānoa
Office of International & Exchange Programs
Faculty & Scholar Immigration Services
2565 McCarthy Mall, PSB 102-105
Honolulu, HI 96822

7002 0030 0000 2697 4656

AUDIT REVIEW TEAM
ATLANTA NATIONAL PROCESSING CENTER
HARRIS TOWER
233 PEACHTREE STREET, STE 410
ATLANTA, GA 30303

FIRST CLASS

ZIP 96822
001371 0004895
US POSTAGE >> PITNEY BOWES
$ 005.85°
HONOLULU HI   MAR 05 2012

**U.S. Department of Labor**          **Employment and Training Administration**

Office of Foreign Labor Certification
Atlanta National Processing Center
Harris Tower
233 Peachtree Street, Suite 410
Atlanta, GA 30303

February 28, 2012

| | |
|---|---|
| UNIVERSITY OF HAWAII<br>c/o Signe Nakayama<br>Faculty & Scholar Immigration Services<br>2565 McCarthy Mall, PSB 105 Honolulu,<br>HI 96822 | ETA Case Number:   A-10344-38244<br>Alien's Name:   YA-WEN HSIAO<br><br>Computer Software Engineers,<br>Applications, Non R&D,<br>Occupation:   15-1034.00<br>Date of Acceptance for<br>Processing:   January 13, 2011 |

In Response, refer to:     Audit Review Team
Atlanta National Processing Center
Harris Tower
233 Peachtree Street, Suite 410
Atlanta, GA 30303

Dear UNIVERSITY OF HAWAII

The Application for Permanent Labor Certification (ETA Form 9089) submitted to the United States Department of Labor on January 13, 2011 was selected for audit on January 18, 2011. In an effort to continue the adjudication of your case, the Atlanta National Processing Center will need to obtain the following information:

- A statement signed by the employer indicating whether you would like to proceed with the processing of this application. Should your statement indicate a desire to not continue the processing of this application, the Atlanta National Processing Center will deem the application withdrawn and no further action will be taken.

OR

- Should you choose to continue with the processing of this case, *please provide the information requested in the attachment to this letter*.

The required documentation must be submitted by March 29, 2012. If the required documentation has not been electronically emailed or mailed and post marked by the date specified to the address listed above:

- The application will be denied
- The failure to provide the requested documentation in a timely manner will constitute refusal to exhaust available administrative remedies; and
- The administrative judicial review procedure provided in 20 CFR § 656.26 will not be available

**NOTE:** *In accordance with the Department's regulations at 20 CFR § 656.20(b), a substantial failure by the employer to provide the required audit documentation will result in the application being denied under § 656.24, and may result in a determination by the Certifying Officer to require the employer to conduct supervised recruitment under § 656.21 in future filings of labor certification applications for up to 2 years. Moreover, a pattern or practice of failing to comply in the audit process, which includes but is not limited to, a failure to provide required documentation, in accordance with the Department's regulations at 20 CFR § 656.20, is a ground for debarment of an employer, attorney, agent, or any combination thereof from the permanent labor certification program for a period of up to three years under § 656.31(f)(iv).*

Sincerely,

William Carlson, Ph.D.
National Certifying Officer

Enclosure(s): Requested Information

*Knowingly furnishing false information in the preparation of this form (ETA Form 9089) or any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by a fine, imprisonment up to five years or both (18 U.S.C.2, 1001).*

## Requested Information

**Additional Audit Request:**

Provide a copy of the complete, original response as submitted on February 16, 2011.  Copies may be used if original documents (tear sheets, PWD, etc.) were sent with the prior submission.

000136

UNIVERSITY OF HAWAII
c/o Signe Nakayama

Faculty & Scholar Immigration Services
2565 McCarthy Mall, PSB 105

Honolulu, HI 96822

000137

The employer's response to audit received by the Department of Labor's Office of Foreign Labor Certification on 02/16/2011 is not available for inclusion in the administrative file.  If the employer's response to audit received by the Department of Labor's Office of Foreign Labor Certification on 02/16/2011 becomes available, a supplement to the administrative file will be immediately provided to the Board of Alien Labor Certification Appeals (BALCA); the employer/employer's authorized representative (as appropriate); and the Employment and Training Legal Services (ETLS).

It is noted the employer's response to audit received by the Department of Labor's Office of Foreign Labor Certification on 02/16/2011 is not necessary to render an accurate determination on the employer's request for reconsideration as outlined in the Transmittal Letter.

000138

**U.S. Department of Labor**   **Employment and Training Administration**

Atlanta National Processing Center

Harris Tower

233 Peachtree Street, Suite 410

Atlanta, GA 30303



## AUDIT NOTIFICATION

January 18, 2011

| | |
|---|---|
| UNIVERSITY OF HAWAII | ETA Case Number: A-10344-38244 |
| c/o Signe Nakayama | Alien's Name: YA-WEN HSIAO |
| Faculty & Scholar Immigration Services | |
| 2565 McCarthy Mall, PSB 105 Honolulu, | Computer Software Engineers, |
| HI 96822 | Applications, Non R&D, |
| | Occupation: 15-1034.00 |
| | Date of Acceptance for |
| | Processing: January 13, 2011 |

In Response, refer
to:
    Audit Team

    Atlanta Processing Center

    Harris Tower

    233 Peachtree Street, Suite 410

    Atlanta, GA 30303

Dear UNIVERSITY OF HAWAII

The Application for Permanent Employment Certification (ETA Form 9089) submitted to the U.S. Department of Labor on January 13, 2011 has been selected for audit. In accordance with § 656.20, please submit the following information to the address specified above:

- The documentation listed on the following attachment supporting the attestations made on the application.
- A copy of this Audit Notification.
- A copy of the submitted ETA Form 9089, **with original signatures** in Section L (Alien Declaration), Section M (Declaration of Preparer (if applicable)), and Section N (Employer Declaration).
- Proof of business necessity as outlined by § 656.17(h) if the answer for question H-12 is no, the answer for questions H-13, H-15, or H-17 are yes, or the job duties and/or requirements are beyond those defined for the job by the SOC/O*Net code and Occupation Title provided by the National Prevailing Wage Center.
- Documentation required for live-in household domestic service workers as outlined by §656.19(b) if the answer to question H-18 is yes.
- Notice of filing documentation as outlined in 656.10(d).
  - Documentation submitted in response to this audit notification must include proof that the employer's notice of filing was posted for ten (10) consecutive business days and was accessible to all employees. If one or more of the 10 business days is a Saturday, Sunday, and/or a holiday, the employer must submit documentation to demonstrate that it was open for business on the Saturday, Sunday, and/or holiday in question and, again, demonstrate that employees had access to the posting location of the notice of filing.
- Recruitment Documentation
  - § 656.17 Basic Process:
    - The recruitment report for this position as described in § 656.17(g)(1) signed by the employer or the employer's representative describing the recruitment steps undertaken and the results achieved, the number of hires, and, if applicable, the number of U.S. workers rejected, summarized by the lawful job-related reasons for such rejections. Be advised, the Certifying

Officer, after reviewing the employer's recruitment report, may request U.S. workers' resumes or applications, sorted by the reasons the workers were rejected.
o A copy of the Prevailing Wage Determination received from the National Prevailing Wage Center (NPWC) and if not included in the Prevailing Wage Determination, a copy of the request for the determination as originally submitted to the NPWC.
o A copy of the job order placed with the SWA serving the area of intended employment downloaded from the SWA Internet job listing site, a copy of the job order provided by the SWA, or other proof of publication from the SWA containing the content of the job order, where a job order is required by the recruitment provisions of 20 CFR 656 and/or a job order is listed on the ETA Form 9089 as a recruitment source.
o Documentation as outlined in 656.17(e).

**OR**

- § 656.18 College and University Teachers Special Recruitment:
  o A statement signed by an official with actual hiring authority outlining in detail the complete recruitment procedures undertaken; and which set forth the total number of applicants for the job opportunity and the specific lawful job-related reasons why the foreign worker is more qualified than each U.S. worker who applied for the job.
  o A final report of the faculty, student, and/or administrative body making the recommendation or selection of the foreign worker.
  o A copy of the advertisement for the job opportunity and, if appropriate, evidence of all other recruitment sources.
  o A written statement attesting to the degree of the foreign worker's educational or professional qualifications and academic achievements.
  o A copy of the Prevailing Wage Determination received from the National Prevailing Wage Center (NPWC) and if not included in the Prevailing Wage Determination, a copy of the request for the determination as originally submitted to the NPWC.

The required documentation must be submitted by February 17, 2011. If the required documentation has not been mailed and postmarked by the date specified to the address listed above:

- The application will be denied;
- The failure to provide the requested documentation in a timely manner will constitute a refusal to exhaust available administrative remedies; and
- The administrative judicial review procedure provided in § 656.26 will not be available.

If the Certifying Officer determines the employer substantially failed to produce required documentation, i.e., the documentation was not provided or was inadequate:

- The application will be denied; and
- The employer may be required to conduct supervised recruitments pursuant to § 656.21 in future filings of labor certification applications for up to two years from the date of the Final Determination.

Once analysis of the documentation is complete under the standards in § 656.24, the employer will be notified in writing (either electronically and/or mail) of the labor certification determination. In the event the application is denied, the determination can be appealed by filing either a request for reconsideration or a request for review within 30 days of receipt of the notification of the labor certification determination as outlined in 20CFR § 656.24(g) and 656.26.

Sincerely,

Atlanta NPC
Certifying Officer

CC: UNIVERSITY OF HAWAII

**Important note:** *Pursuant to 20 CFR 656.20(b), a substantial failure by the employer to provide the*

*required audit documentation will result in the application being denied under 20 CFR 656.24, and may result in a determination by the Certifying Officer to require the employer to conduct supervised recruitment under 20 CFR 656.21 in future filings of labor certification applications for up to 2 years. Moreover, a pattern or practice of failing to comply in the audit process, which includes but is not limited to, a failure to provide required documentation, pursuant to 20 CFR 656.20, is a ground for debarment of an employer, attorney, agent, or any combination thereof from the permanent labor certification program for a period of up to three years under 20 CFR 656.31(f)(iv).*

### Attachment: Required Documentation for Response to Notification of Audit

### Case # A-10344-38244:

In addition to the information requested in the body of the letter, please provide the following:

**Audit Reason:**

The U.S. Department of Labor is unable to determine if potentially qualified U.S. workers who applied for the job opportunity were rejected for lawful, job-related reasons. The Code of Federal Regulations (CFR) at 20 CFR 656.24(b)(2)(i) requires the Certifying Officer to make a determination to grant or deny the labor certification based on whether there are able, willing, qualified, and available U.S. workers to perform the job opportunity. The employer must consider a U.S. worker able and qualified for the job opportunity if the worker, by education, training, experience, or a combination thereof, is able to perform in the normally accepted manner the duties involved in the occupation as customarily performed by other U.S. workers similarly employed. Per 20 CFR 656.17(g)(2), a U.S. worker is able and qualified for the job opportunity if the worker can acquire the skills necessary to perform the duties involved in the occupation during a reasonable period of on-the-job training. It is not a lawful job-related reason to reject a U.S. worker for lacking the skills necessary to perform the duties involved in the occupation, where the U.S. workers are capable of acquiring the skills during a reasonable period of on-the-job training.

**Audit Request:**

Please provide the resumes and applications for all U.S. workers who applied for the employer's job opportunity listed on the ETA Form 9089. In addition, please provide a report that lists the following information for each U.S. worker rejected for the job opportunity: the date(s) the employer contacted the U.S. worker; the date(s) the employer interviewed the U.S. worker; if appropriate, the reason(s) the employer did not interview the employee; the specific lawful job related reason(s) the U.S. worker was rejected; and how the U.S. worker was informed he or she did not qualify for the job opportunity. Also include information that documents the employer contacted the applicant(s) by phone (telephone logs), e-mail (dated copy of electronic transmission) and/or by mail (copy of letter sent to applicant(s) along with a copy of certified mail/"signed" green return receipt card).

*Knowingly furnishing false information in the preparation of this form (ETA 9089) and any subsequent thereto or to aid, abet, or counsel another to do so is a federal offense punishable by a fine, imprisonment up to five years or both (18 U.S.C. 2, 1001)*

UNIVERSITY OF HAWAII
c/o Signe Nakayama

Faculty & Scholar Immigration Services
2565 McCarthy Mall, PSB 105

Honolulu, HI 96822

000142

OMB Approval: 1205-0451
Expiration Date: 08/31/2014

Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**



**Please read and review the filing instructions before completing this form.  A copy of the instructions can be found at** http://www.foreignlaborcert.doleta.gov/pdf/9089inst.pdf

Employing or continuing to employ an alien unauthorized to work in the United States is illegal and may subject the employer to criminal prosecution, civil money penalties, or both.

**A.  Refiling Instructions**

| 1. Are you seeking to utilize the filing date from a previously submitted Application for Alien Employment Certification (ETA 750)? | ☐ Yes | ☑ No |
|---|---|---|

1-A.  If Yes, enter the previous filing date

1-B.  Indicate the previous SWA or local office case number OR if not available, specify state where case was originally filed:

**B.  Schedule A or Sheepherder Information**

| 1. Is this application in support of a Schedule A or Sheepherder Occupation? | ☐ Yes | ☑ No |
|---|---|---|

If Yes, do NOT send this application to the Department of Labor.  All applications in support of Schedule A or Sheepherder Occupations must be sent directly to the appropriate Department of Homeland Security office.

**C.  Employer Information (Headquarters or Main Office)**

1. Employer's name
   UNIVERSITY OF HAWAII
2. Address 1
   FACULTY & SCHOLAR IMMIGRATION SERVICES
   Address 2
   2565 MCCARTHY MALL, PSB 102-106
3. City                         State/Province          Country                              Postal code
   HONOLULU                     HI                      UNITED STATES OF AMERICA             96822
4. Phone number                                         Extension
   (808) 956-0935
5. Number of employees          6. Year commenced business
   8900                            1907
7. FEIN( Federal Employer Identification Number)        8. NAICS Code
   996000354                                             611310

| 9. Is the employer a closely held corporation, partnership, or sole proprietorship in which the alien has an ownership interest, or is there a familial relationship between the owners, stockholders, partners, corporate officers, incorporators, and the alien? | ☐ Yes | ☑ No |
|---|---|---|

**D.  Employer Contact Information (This section must be filled out.  This information must be different from the agent or attorney information listed in Section E).**

1. Contact's last name          First name              Middle initial
   Nakayama                      Signe
2. Address 1
   Faculty & Scholar Immigration Services
   Address 2
   2565 McCarthy Mall, PSB 105
3. City                         State/Province          Country                              Postal code
   Honolulu                     HI                      UNITED STATES OF AMERICA             96822
4. Phone number                                         Extension
   (808) 956-0935
5. E-mail address
   signen@hawaii.edu

---

ETA Form 9089              This Certification is valid from _____ to _____              Page 1 of 12

ETA Case Number: A-10344-38244



OMB Approval:  1205-0451
Expiration Date:  08/31/2014


Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**

## E.  Agent or Attorney Information (If applicable)

| 1. Agent or attorney's last name | First name | Middle initial |
|---|---|---|

2. Firm name

| 3. Firm EIN | 4. Phone number | Extension |
|---|---|---|

5. Address 1

Address 2

| 6. City | State/Province | Country | Postal code |
|---|---|---|---|

7. E-mail address

## F.  Prevailing Wage Information (as provided by the State Workforce Agency)

| 1. Prevailing wage tracking number (if applicable)  P10010244371217 | 2. SOC/O*NET(OES) code  15-1034.00 |
|---|---|

3. Occupation Title
Computer Software Engineers, Applications, Non       4. Skill Level

5. Prevailing wage     Per:  (Choose only one)
$ 44,208.00      ☐ Hour  ☐ Week  ☐ Bi-Weekly  ☐ Month  ☑ Year

6. Prevailing wage source (Choose only one)
☐ OES  ☑ CBA  ☐ Employer Conducted Survey  ☐ DBA  ☐ SCA  ☐ Other

6-A. If Other is indicated in question 6, specify:

| 7. Determination date  09/30/2010 | 8. Expiration date  07/01/2011 |
|---|---|

## G.  Wage Offer Information

1. Offered wage
From:        To: (Optional)      Per:  (Choose only one)
$ 57,194.00      $
☐ Hour  ☐ Week  ☐ Bi-Weekly  ☐ Month  ☑ Year

## H.  Job Opportunity Information (Where work will be performed)

1. Primary worksite (where work is to be performed) address 1
University of Hawaii at Manoa
Address 2
John A. Burns School of Medicine, 651 Ilalo Street

| 2. City  Honolulu | State  HI | Postal code  96813 |
|---|---|---|

3. Job title
Information Technology Specialist (Educational Technology Specialist)

4. Education: minimum level required:
☐ None  ☐ High School  ☐ Associate's  ☑ Bachelor's  ☐ Master's  ☐ Doctorate  ☐ Other

4-A. If Other is indicated in question 4, specify the education required:

4-B. Major field of study
Management Information Systems

5. Is training required in the job opportunity?     5-A. If Yes, number of months of training required:
☐ Yes  ☑ No

ETA Form 9089     This Certification is valid from _____ to _____     Page 2 of 12

ETA Case Number: A-10344-38244

OMB Approval:  1205-0451          Application for Permanent Employment Certification
Expiration Date:  08/31/2014                     ETA Form 9089
                                      **U.S. Department of Labor**



---

**H.  Job Opportunity Information Continued**

5-B.  Indicate the field of training:

6.  Is experience in the job offered required for the job?      6-A.  If Yes, number of months experience required:

☐ Yes      ☑ No

7.  Is there an alternate field of study that is acceptable?                    ☑ Yes      ☐ No

7-A.  If Yes, specify the major field of study:
**Information Systems, Computer Sci, Project Mgmt, Electrical Engineering; s·**

8.  Is there an alternate combination of education and experience that is acceptable?      ☐ Yes      ☑ No

8-A.  If Yes, specify the alternate level of education required:

☐ None      ☐ High School      ☐ Associate's      ☐ Bachelor's      ☐ Master's      ☐ Doctorate      ☐ Other

8-B.  If Other is indicated in question 8-A, indicate the alternate level of education required:

8-C.  If applicable, indicate the number of years experience acceptable in question 8:

9.  Is a foreign educational equivalent acceptable?      ☑ Yes      ☐ No

10.  Is experience in an alternate occupation acceptable?      10-A.  If Yes, number of months experience in alternate occupation required:

☐ Yes      ☑ No

10-B.  Identify the job title of the acceptable alternate occupation:

11.  Job duties – If submitting by mail, add attachment if necessary.  Job duties description must begin in this space.
**See Attachment**

12.  Are the job opportunity's requirements normal for the occupation?

*If the answer to this question is No, the employer must be prepared to provide documentation demonstrating that the job requirements are supported by business necessity.*

☑ Yes      ☐ No

13.  Is knowledge of a foreign language required to perform the job duties?

*If the answer to this question is Yes, the employer must be prepared to provide documentation demonstrating that the language requirements are supported by business necessity.*

☐ Yes      ☑ No

14.  Specific skills or other requirements – If submitting by mail, add attachment if necessary.  Skills description must begin in this space.
**See Attachment**

---

ETA Form 9089          This Certification is valid from _____ to____ _____          Page 3 of 12

ETA Case Number: **A-10344-38244**

000145



OMB Approval: 1205-0451
Expiration Date: 08/31/2014

Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**



**H.  Job Opportunity Information Continued**

| | |
|---|---|
| 15.  Does this application involve a job opportunity that includes a combination of occupations? | ☐ Yes   ☑ No |
| 16.  Is the position identified in this application being offered to the alien identified in Section J? | ☑ Yes   ☐ No |
| 17.  Does the job require the alien to live on the employer's premises? | ☐ Yes   ☑ No |
| 18.  Is the application for a live-in household domestic service worker? | ☐ Yes   ☑ No |
| 18-A.  If Yes, have the employer and the alien executed the required employment contract and has the employer provided a copy of the contract to the alien? | ☐ Yes   ☐ No   ☐ NA |

**I.  Recruitment Information**

***a.  Occupation Type – All must complete this section.***

| | |
|---|---|
| 1.  Is this application for a **professional occupation**, other than a college or university teacher? Professional occupations are those for which a bachelor's degree (or equivalent) is normally required. | ☑ Yes   ☐ No |
| 2.  Is this application for a college or university teacher? **If Yes, complete questions 2-A and 2-B below.** | ☐ Yes   ☑ No |
| 2-A.  Did you select the candidate using a competitive recruitment and selection process? | ☐ Yes   ☐ No |
| 2-B.  Did you use the basic recruitment process for professional occupations? | ☐ Yes   ☐ No |

***b.  Special Recruitment and Documentation Procedures for College and University Teachers – Complete only if the answer to question I.a.2-A is Yes.***

| |
|---|
| 3.  Date alien selected: |
| 4.  Name and date of national professional journal in which advertisement was placed: |
| 5.  Specify additional recruitment information in this space.  Add an attachment if necessary. |

***c.  Professional/Non-Professional Information –  Complete this section unless your answer to question B.1 or I.a.2-A is YES.***

| | |
|---|---|
| 6.  Start date for the SWA job order<br>08/04/2010 | 7.  End date for the SWA job order<br>09/03/2010 |
| 8.  Is there a Sunday edition of the newspaper in the area of intended employment? | ☑ Yes   ☐ No |
| 9.  Name of newspaper (of general circulation) in which the first advertisement was placed:<br>**Honolulu Star-Advertiser** | |
| 10.  Date of first advertisement identified in question 9:<br>08/08/2010 | |
| 11.  Name of newspaper or professional journal (if applicable) in which second advertisement was placed:<br>**Honolulu Star-Advertiser** | ☑ Newspaper   ☐ Journal |

ETA Form 9089          This Certification is valid from _____ to _____          Page 4 of 12

ETA Case Number: **A-10344-38244**

OMB Approval:  1205-0451
Expiration Date:  08/31/2014

Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**



**I.  Recruitment Information Continued**

| 12.  Date of second newspaper advertisement or date of publication of journal identified in question 11: |
|---|
| 08/15/2010 |

*d.  Professional Recruitment Information – Complete if the answer to question I.a.1 is YES or if the answer to I.a.2-B is YES.   Complete at least 3 of the items.*

| 13.  Dates advertised at job fair<br>From:                 To: | 14.  Dates of on-campus recruiting<br>From:                 To: |
|---|---|
| 15.  Dates posted on employer web site<br>From: 08/02/2010 To: 09/04/2010 | 16.  Dates advertised with trade or professional organization<br>From:                 To: |
| 17.  Dates listed with job search web site<br>From: 08/05/2010 To: 09/04/2010 | 18.  Dates listed with private employment firm<br>From:                 To: |
| 19.  Dates advertised with employee referral program<br>From:                 To: | 20.  Dates advertised with campus placement office<br>From: 08/15/2010   To: 09/04/2010 |
| 21.  Dates advertised with local or ethnic newspaper<br>From:                 To: | 22.  Dates advertised with radio or TV ads<br>From:                 To: |

*e.  General Information – All must complete this section.*

| 23.  Has the employer received payment of any kind for the submission of this application? | ☐ Yes  ☑ No |
|---|---|
| 23-A.  If Yes, describe details of the payment including the amount, date and purpose of the payment : | |

| 24.  Has the bargaining representative for workers in the occupation in which the alien will be employed been provided with notice of this filing at least 30 days but no more than 180 days before the date the application is filed? | ☑ Yes  ☐ No  ☐ NA |
|---|---|
| 25.  If there is no bargaining representative, has a notice of this filing been posted for 10 business days in a conspicuous location at the place of employment, ending at least 30 days before but not more than 180 days before the date the application is filed? | ☐ Yes  ☐ No  ☑ NA |
| 26.   Has the employer had a layoff in the area of intended employment in the occupation involved in this application or in a related occupation within the six months immediately preceding the filing of this application? | ☐ Yes  ☑ No |
| 26-A.  If Yes, were the laid off U.S. workers notified and considered for the job opportunity for which certification is sought? | ☐ Yes  ☐ No  ☐ NA |

**J.  Alien Information (This section must be filled out.  This information must be different from the agent or attorney information listed in Section E).**

| 1.  Alien's last name<br>HSIAO | First name<br>YA-WEN | Full middle name |
|---|---|---|

| 2.  Current address 1 |
|---|
| 423 NAMAHANA ST. #102 |
| Address 2 |

| 3.  City<br>HONOLULU | State/Province<br>HI | Country<br>UNITED STATES OF AMERICA | Postal code<br>96815 |
|---|---|---|---|

| 4.  Phone number of current residence |
|---|
| 808-728-2646 |

| 5.  Country of citizenship<br>TAIWAN | 6.  Country of birth<br>TAIWAN |
|---|---|
| 7.  Alien's date of birth<br>01/04/1981 | 8.  Class of admission<br>H-1B |
| 9.  Alien registration number (A#)<br>135787942 | 10.  Alien admission number (I-94)<br>06150274322 |

| 11.  Education: highest level achieved relevant to the requested occupation: |
|---|
| ☐ None  ☐ High School  ☐ Associate's  ☐ Bachelor's  ☑ Master's  ☐ Doctorate  ☐ Other |

OMB Approval: 1205-0451
Expiration Date: 08/31/2014

 Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**



**J. Alien Information Continued**

| | |
|---|---|
| 11-A. If Other indicated in question 11, specify | |
| 12. Specify major field(s) of study<br>INFORMATION SYSTEMS | |
| 13. Year relevant education completed<br>2005 | |
| 14. Institution where relevant education specified in question 11 was received<br>HAWAII PACIFIC UNIVERSITY | |
| 15. Address 1 of conferring institution<br>1164 BISHOP STREET | |
| Address 2 | |

| 16. City<br>HONOLULU | State/Province<br>HI | Country<br>UNITED STATES OF AMERICA | Postal code<br>96813 |
|---|---|---|---|

| 17. Did the alien complete the training required for the requested job opportunity, as indicated in question H.5? | ☐ Yes ☐ No ☑ NA |
|---|---|
| 18. Does the alien have the experience as required for the requested job opportunity indicated in question H.6? | ☐ Yes ☐ No ☑ NA |
| 19. Does the alien possess the alternate combination of education and experience as indicated in question H.8? | ☐ Yes ☐ No ☑ NA |
| 20. Does the alien have the experience in an alternate occupation specified in question H.10? | ☐ Yes ☐ No ☑ NA |
| 21. Did the alien gain any of the qualifying experience with the employer in a position substantially comparable to the job opportunity requested? | ☐ Yes ☑ No ☐ NA |
| 22. Did the employer pay for any of the alien's education or training necessary to satisfy any of the employer's job requirements for this position? | ☐ Yes ☑ No |
| 23. Is the alien currently employed by the petitioning employer? | ☑ Yes ☐ No |

**K. Alien Work Experience**

**List all jobs the alien has held during the past 3 years. Also list any other experience that qualifies the alien for the job opportunity for which the employer is seeking certification.**

*a. Job 1*

| | |
|---|---|
| 1. Employer name<br>University of Hawaii | |
| 2. Address 1<br>John A. Burns School of Medicine, 651 Ilalo St. | |
| Address 2 | |

| 3. City<br>Honolulu | State/Province<br>HI | Country<br>UNITED STATES OF AMERICA | Postal code<br>96813 |
|---|---|---|---|

| 4. Type of business<br>Education - University | | 5. Job title<br>Info Technology Specialis |
|---|---|---|
| 6. Start date<br>12/05/2005 | 7. End date | 8. Number of hours worked per week<br>40 |

Job 1 continued on next page

---

ETA Form 9089    This Certification is valid from _____ to _____    Page 6 of 12

ETA Case Number: A-10344-38244



OMB Approval:   1205-0451
Expiration Date:   08/31/2014

Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**

**K. Alien Work Experience Continued**

9. Job details (duties performed, use of tools, machines, equipment, skills, qualifications, certifications, licenses, etc. Include the phone number of the employer and the name of the alien's supervisor.)

Provide IT support; serve on the Help Desk team, including assisting with managing Help Desk operations; documenting procedures; troubleshooting; other related duties in computer software and hardware support.

Supervisor: Terry Gerber
Phone: 808-692-1111

Note: Ms. Hsiao briefly held the position of IT Specialist (Educational Technology Specialist) from 06/24/2010 - 07/21/2010. On 07/22/2010, she resumed the IT Specialist position described here.

**b.  Job 2**

| 1.  Employer name |||
|---|---|---|
| Hawaii Pacific University |||
| 2.  Address 1 |||
| 1164 Bishop Street |||
| Address 2 |||

| 3.  City | State/Province | Country | Postal code |
|---|---|---|---|
| Honolulu | HI | UNITED STATES OF AMERICA | 96813 |

| 4.  Type of business | 5.  Job title |
|---|---|
| Education - University | Asst Computer Support Spec |

| 6.  Start date | 7.  End date | 8.  Number of hours worked per week |
|---|---|---|
| 02/17/2004 | 10/31/2005 | 17 |

9. Job details (duties performed, use of tools, machines, equipment, skills, qualifications, certifications, licenses, etc. Include the phone number of the employer and the name of the alien's supervisor.)

Provided telephone support to University users; troubleshooting; resolved hardware and software problems; installed, configured, and maintained personal computers.

Supervisor: Tom Thomas
Phone: 808-544-1193

**c.  Job 3**

| 1.  Employer name |||
|---|---|---|
| 2.  Address 1 |||
| Address 2 |||

| 3.  City | State/Province | Country | Postal code |
|---|---|---|---|

| 4.  Type of business | 5.  Job title |
|---|---|

| 6.  Start date | 7.  End date | 8.  Number of hours worked per week |
|---|---|---|

Job 3 continued on next page

---

ETA Form 9089          This Certification is valid from _____ to_____ .                    Page 7 of 12

ETA Case Number: A-10344-38244

OMB Approval:  1205-0451          Application for Permanent Employment Certification
Expiration Date:  08/31/2014                        ETA Form 9089
                                                   **U.S. Department of Labor**



---

**K. Alien Work Experience Continued**

> 9. Job details (duties performed, use of tools, machines, equipment, skills, qualifications, certifications, licenses, etc. Include the phone number of the employer and the name of the alien's supervisor.)

**L. Alien Declaration**

*I declare under penalty of perjury that Sections J and K are true and correct. I understand that to knowingly furnish false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by a fine or imprisonment up to five years or both under 18 U.S.C. §§ 2 and 1001. Other penalties apply as well to fraud or misuse of ETA immigration documents and to perjury with respect to such documents under 18 U.S.C. §§ 1546 and 1621.*

*In addition, I **further declare** under penalty of perjury that I intend to accept the position offered in Section H of this application if a labor certification is approved and I am granted a visa or an adjustment of status based on this application.*

| 1. Alien's last name | First name | Full middle name |
|---|---|---|
| HSIAO | YA-WEN | |
| 2. Signature | Date signed | |

*Note* – The signature and date signed do not have to be filled out when electronically submitting to the Department of Labor for processing, but must be complete when submitting by mail. If the application is submitted electronically, any resulting certification MUST be signed *immediately upon receipt* from DOL before it can be submitted to USCIS for final processing.

**M. Declaration of Preparer**

| 1. **Was the application completed by the employer?** If No, you must complete this section. | ☑ Yes | ☐ No |
|---|---|---|

*I hereby certify that I have prepared this application at the direct request of the employer listed in Section C and that to the best of my knowledge the information contained herein is true and correct. I understand that to knowingly furnish false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by a fine, imprisonment up to five years or both under 18 U.S.C. §§ 2 and 1001. Other penalties apply as well to fraud or misuse of ETA immigration documents and to perjury with respect to such documents under 18 U.S.C. §§ 1546 and 1621.*

| 2. Preparer's last name | First name | Middle initial |
|---|---|---|
| 3. Title | | |
| 4. E-mail address | | |
| 5. Signature | Date signed | |

*Note* – The signature and date signed do not have to be filled out when electronically submitting to the Department of Labor for processing, but must be complete when submitting by mail. If the application is submitted electronically, any resulting certification MUST be signed *immediately upon receipt* from DOL before it can be submitted to USCIS for final processing.

---

ETA Form 9089                This Certification is valid from _____ to_____ _____          Page 8 of 12

ETA Case Number: A-10344-38244

OMB Approval:  1205-0451
Expiration Date:  08/31/2014



Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**



**N. Employer Declaration**

*By virtue of my signature below, I HEREBY CERTIFY the following conditions of employment:*

1. The offered wage equals or exceeds the prevailing wage and I will pay at least the prevailing wage.
2. The wage is not based on commissions, bonuses or other incentives, unless I guarantees a wage paid on a weekly, bi-weekly, or monthly basis that equals or exceeds the prevailing wage.
3. I have enough funds available to pay the wage or salary offered the alien.
4. I will be able to place the alien on the payroll on or before the date of the alien's proposed entrance into the United States.
5. The job opportunity does not involve unlawful discrimination by race, creed, color, national origin, age, sex, religion, handicap, or citizenship.
6. The job opportunity is not:
    a. Vacant because the former occupant is on strike or is being locked out in the course of a labor dispute involving a work stoppage; or
    b. At issue in a labor dispute involving a work stoppage.
7. The job opportunity's terms, conditions, and occupational environment are not contrary to Federal, state or local law.
8. The job opportunity has been and is clearly open to any U.S. worker.
9. The U.S. workers who applied for the job opportunity were rejected for lawful job-related reasons.
10. The job opportunity is for full-time, permanent employment for an employer other than the alien.

**I hereby designate** the agent or attorney identified in section E (if any) to represent me for the purpose of labor certification and, by virtue of my signature in Block 3 below, **I take full responsibility** for the accuracy of any representations made by my agent or attorney.

**I declare** under penalty of perjury that **I** have read and reviewed this application and that to the best of my knowledge the information contained herein is true and accurate. *I understand that to knowingly furnish false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by a fine or imprisonment up to five years or both under 18 U.S.C. §§ 2 and 1001. Other penalties apply as well to fraud or misuse of ETA immigration documents and to perjury with respect to such documents under 18 U.S.C. §§ 1546 and 1621.*

| 1.  Last name | First name | Middle initial |
|---|---|---|
| Nakayama | Signe | |
| 2.  Title | | |
| Immigration Specialist | | |
| 3.  Signature | Date signed | |
| | | |

***Note*** – The signature and date signed do not have to be filled out when electronically submitting to the Department of Labor for processing, but must be complete when submitting by mail.  If the application is submitted electronically, any resulting certification MUST be signed *immediately upon receipt* from DOL before it can be submitted to USCIS for final processing.

**O.  U.S. Government Agency Use Only**

Pursuant to the provisions of Section 212 (a)(5)(A) of the Immigration and Nationality Act, as amended, I hereby certify that there are not sufficient U.S. workers available and the employment of the above will not adversely affect the wages and working conditions of workers in the U.S. similarly employed.

This Certification is valid from _____ to _____

_____        ____   04/30/2012
Signature of Certifying Officer        Date          Signed

A-10344-38244                          ____   01/13/2011
Case Number                                   Filing Date

ETA Form 9089                This Certification is valid from _____ to _____            Page 9 of 12

ETA Case Number: A-10344-38244

OMB Approval:  1205-0451
Expiration Date:  08/31/2014

Application for Permanent Employment Certification
ETA Form 9089
**U.S. Department of Labor**



**P.  OMB Information**                    *Paperwork Reduction Act Information Control Number 1205-0451*

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.

Respondent's reply to these reporting requirements is required to obtain the benefits of permanent employment certification (Immigration and Nationality Act, Section 212(a)(5)).  Public reporting burden for this collection of information is estimated to average 1¼ hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate to the Division of Foreign Labor Certification * U.S. Department of Labor * Room C4312 * 200 Constitution Ave., NW * Washington, DC * 20210.
**Do NOT send the completed application to this address.**

**Q.  Privacy Statement Information**

In accordance with the Privacy Act of 1974, as amended (5 U.S.C. 552a), you are hereby notified that the information provided herein is protected under the Privacy Act.  The Department of Labor (Department or DOL) maintains a System of Records titled Employer Application and Attestation File for Permanent and Temporary Alien Workers (DOL/ETA-7) that includes this record.

Under routine uses for this system of records, case files developed in processing labor certification applications, labor condition applications, or labor attestations may be released as follows:  in connection with appeals of denials before the DOL Office of Administrative Law Judges and Federal courts, records may be released to the employers that filed such applications, their representatives, to named alien beneficiaries or their representatives, and to the DOL Office of Administrative Law Judges and Federal courts; and in connection with administering and enforcing immigration laws and regulations, records may be released to such agencies as the DOL Office of Inspector General, Employment Standards Administration, the Department of Homeland Security, and the Department of State.

Further relevant disclosures may be made in accordance with the Privacy Act and under the following circumstances:  in connection with federal litigation; for law enforcement purposes; to authorized parent locator persons under Pub. L. 93-647; to an information source or public authority in connection with personnel, security clearance, procurement, or benefit-related matters; to a contractor or their employees, grantees or their employees, consultants, or volunteers who have been engaged to assist the agency in the performance of Federal activities; for Federal debt collection purposes; to the Office of Management and Budget in connection with its legislative review, coordination, and clearance activities; to a Member of Congress or their staff in response to an inquiry of the Congressional office made at the written request of the subject of the record; in connection with records management; and to the news media and the public when a matter under investigation becomes public knowledge, the Solicitor of Labor determines the disclosure is necessary to preserve confidence in the integrity of the Department, or the Solicitor of Labor determines that a legitimate public interest exists in the disclosure of information, unless the Solicitor of Labor determines that disclosure would constitute an unwarranted invasion of personal privacy.

---

ETA Form 9089          This Certification is valid from _____ to_____ _____          Page 10 of 12

ETA Case Number: **A-10344-38244**

Addendum
_____
H. 11. Job duties
_____

Develop medical education & administrative software applications for JABSOM, utilizing
personal data assistants (PDA), web, & other interfaces, packaged & in-house developed
software programs, & data repositories in a distributed environment; System
Administration: manage & administer applications used by faculty, staff, & students
for medical education, including user administration, security management, & virtual
group management; design, implement & integrate subsystems of medium to high
complexity using a variety of programming languages, including Microsoft Access,
Visual Basic, Active Server Pages, .NET, SQL, & PHP; test & debug systems of medium to
high complexity for a distributed computing environment; Mobile Devices: provide
application training & support, as well as technical support/troubleshooting for
Mobile device access (iPhone, Windows Mobile, Palm, Blackberry, etc.) & applications
(T-Res) for coursework/clinical rotations; prepare written technical documentation for
systems of medium to high complexity; generate materials & conduct training for
end-users including faculty, staff, & students on use of software, web applications,
PDAs, databases, etc.; Database Management: design, develop, implement & maintain
databases supporting student education & curriculum administration; Database
Management: support statistical analysis & data management of exam responses, survey
questions, course materials, & curriculum map; keep abreast of emerging technologies &
trends in higher education by reviewing articles in trade journals, periodicals,
technical manuals, etc. in both paper & electronic formats & by attending classes,
conferences, presentations; identify technologies applicable to or of potential use to
JABSOM-acquires knowledge of these technologies/systems, hardware/software in order to
perform current duties & advise users on the application of identified technologies;
assist users in evaluating & selecting appropriate computer hardware & software to
meet operational requirements or problem resolution-also provide technical consulting
on the implementation & application of selected solutions; integrates IT skills &
knowledge in support of JABSOM's educational mission, which may include the usage of
principles of education in conjunction with leading edge technology for JABSOM; other
duties as assigned.

_____
ETA Form 9089          This Certification is valid from _____ to _____          Page 11 of 12

ETA Case Number: A-10344-38244

Addendum

H. 14.  Specific skills or other requirements

***H.7-A cont: Civil Engineering with emphasis in project mgmt, business degree in mgmt (ie: project mgmt, training, business technology, educational degree with emphasis on technical training, instructional design).***

3 years of progressively responsible professional information technology experience with responsibilities for desktop application support, web application support, &/or user application support/help desk, of which 2 years of the experience must have been comparable in scope & complexity to the next lower payband in the UH broadband system (PBA rank); or equivalent education/training or experience; considerable working knowledge of the use of computers for teaching, training &/or learning (e.g., educational technology systems) as demonstrated by the broad knowledge & understanding of the full range of pertinent standard & evolving information technology concepts, principles & methodology; considerable working knowledge & understanding of the broad technology, systems, hardware & software associated with application development, teaching, training, &/or learning with technology (e.g., educational technology); demonstrated ability to recognize a wide range of intricate problems, use reasoning & logic to determine accurate causes, & apply principles & practices to determine, evaluation, integrate, & implement practical & thorough solutions in an effective & timely manner; demonstrated ability to interpret & present information & ideas clearly & accurately in writing, verbally & by preparation of reports & other materials; demonstrated ability to establish & maintain effective working relationships with internal & external organizations, groups, team leaders & members, & individuals; for supervisory work, demonstrated ability to lead subordinates, manage work priorities & projects, & manage employee relations; any equivalent combination of education &/or professional work experience which provides the required education, knowledge, skills and abilities as indicated; considerable working knowledge of scripting languages & web development platforms such as ASP, ASP.NET, PHP, & Perl; considerable working knowledge of system administration as related to user provisioning, security management, systems optimization, upgrade implementation, & customer service; knowledge of application development as demonstrated by a comprehensive understanding of current application development principles & methodology; working knowledge of database integration & management including SQL & MySQL, & ability to create relational databases as needed; considerable knowledge of the limitations, capabilities, uses for desktop applications (e.g. Microsoft Word, Microsoft Excel, Microsoft PowerPoint, Microsoft Outlook).

**U.S. Department of Labor**

Board of Alien Labor Certification Appeals
800 K Street, NW, Suite 400-N
Washington, DC  20001-8002

(202) 693-7300
(202) 693-7365 (FAX)

SEP 11 2012

# **IMPORTANT NOTICE**

THE ENCLOSED NOTICE AND ORDER REQUIRES THAT THE EMPLOYER, OR
ITS REPRESENTATIVE, FILE <u>WITH THE BOARD</u> A STATEMENT OF INTENT TO
PROCEED <u>WITHIN 15 DAYS</u> OF THE DATE OF THE NOTICE.  (See address on the
letterhead above).

IT IS ALSO REQUIRED THAT THE STATEMENT OF INTENT TO PROCEED BE
SERVED ON THE ASSOCIATE SOLICITOR FOR EMPLOYMENT AND TRAINING
LEGAL SERVICES (See address in the enclosed Notice and Order).

FAILURE TO FILE A STATEMENT OF INTENT TO PROCEED <u>WILL</u> RESULT IN
<u>**DISMISSAL**</u> OF THE APPEAL.

**U.S. Department of Labor**

Board of Alien Labor Certification Appeals
800 K Street, NW, Suite 400-N
Washington, DC  20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



**Issue Date: 07 September 2012**

BALCA Case No.:   **2012-PER-02131**
ETA Case No.:   A-10344-38244

*In the Matter of:*

# UNIVERSITY OF HAWAII,
*Employer*

on behalf of

# HSIAO, YA-WEN,
*Alien.*

### NOTICE OF DOCKETING
### AND
### ORDER REQUIRING SUBMISSION OF
### STATEMENT OF INTENT TO PROCEED

This matter arises pursuant to an application for permanent alien labor certification under Section 212(a)(5)(A) of the Immigration and Nationality Act, 8 U.S.C. §1182(a)(5)(A), and the "PERM" regulations found at Title 20, Part 656 of the Code of Federal Regulations.

*Notice of Docketing:*  The parties are hereby notified that the Board of Alien Labor Certification Appeals (BALCA) has docketed an appeal in the above-referenced matter.

*Order Requiring Statement of Intent to Proceed:*  BALCA's experience with PERM appeals is that many of the appeals are moot by the time they are docketed or that the Employer was only seeking reconsideration by the Certifying Officer and not a formal appeal to BALCA. Accordingly, in order to prevent expenditure of resources on moot appeals, the Employer is **ORDERED** to file with this Board a **STATEMENT OF INTENT TO PROCEED** within **15 DAYS** of the date of this Notice and Order.  The timely filing of a Statement of Intent to Proceed is very important.

**Failure to file a Statement of Intent to Proceed will result in a finding that the Employer is not interested in review by the Board, and <u>dismissal</u> of the appeal.**  This statement may be filed either by the Employer, or by the Employer's agent or attorney listed on the ETA Form 9089, Section E, or by a newly retained agent or attorney, provided that the newly retained agent or attorney also submits a written entry of appearance.  A USCIS Form G-28 may be used for this purpose.  The Statement of Intent to Proceed <u>shall also be served on the Counsel for Litigation,</u>

<u>Division of Employment and Training Legal Services</u> at the address shown below at the same time that it is filed with the Board.

*Employer or Alien's Change of Address:*  If the Employer or the Alien has changed his or her address, the Employer (or its agent or attorney) must provide the new address with the Statement of Intent to Proceed.   Please note that all non-U.S. citizens (aliens) who are required to be registered are also required to keep the USCIS informed of their current address by filing a Form AR-11.

*Order Requiring Statement of Position or Legal Brief:*  **All parties shall have 45 days** from the date of this Notice and Order to submit a statement of position or a legal brief.  **If not already stated in your request for review by the Board, the grounds for the appeal must be specified in a statement or a brief.**  Failure to specify the grounds for the appeal may result in a **<u>dismissal</u>** of the appeal. *North American Printing Ink Co.*, 1988-INA-42 (Mar. 31, 1988) (en banc).

*Filing and Service:*   All further correspondence with the Board must refer to the BALCA case number shown on the caption above, and be mailed to:

> U.S. Department of Labor
> Board of Alien Labor Certification Appeals
> 800 K Street, NW
> Suite 400-N
> Washington, DC  20001-8002

All pleadings shall, in addition to being filed with the Board, be served on all parties and shall include a written statement setting forth the date and manner of service.  A copy of each pleading submitted by the Employer and the Alien **must** be served on the Solicitor at:

> Counsel for Litigation
> U.S. Department of Labor, Office of the Solicitor
> Division of Employment and Training Legal Services
> Room N-2101, FPB
> 200 Constitution Avenue, NW
> Washington, DC  20210

**SO ORDERED.**                    For the Board:



Digitally signed by WILLIAM COLWELL
DN: CN=WILLIAM COLWELL,
OU=ADMINISTRATIVE LAW JUDGE,
O=Office of Administrative Law Judges,
L=Washington, S=DC, C=US
Location: Washington DC

William S. Colwell
Associate Chief Administrative Law Judge

-2-

## SERVICE SHEET

Case Name:  In_re_UNIVERSITY_OF_HAWAII_

Case Number: **2012PER02131**

Document Title: **NOTICE OF DOCKETING AND ORDER REQUIRING SUBMISSION OF STATEMENT OF INTENT TO PROCEED**

I hereby certify that a copy of the above-referenced document was sent to the following this 7th day of September, 2012:



Digitally signed by TIANA BERRIOS
DN: CN=TIANA BERRIOS, OU=LEGAL
ASSISTANT, O=Office of Administrative
Law Judges, L=Washington, S=DC,
C=US
Location: Washington DC

**TIANA BERRIOS**
LEGAL ASSISTANT

ALC Certification Officer
U. S. Department of Labor/ETA
Harris Tower
233 Peachtree Street
Suite 410
ATLANTA GA 30303
          *{Hard Copy - Regular Mail}*

Counsel for Litigation
Employment and Training Legal Services
Room N-2101, FPB
200 Constitution Ave., N. W.
WASHINGTON DC 20210
          *{Hard Copy - Regular Mail}*

Administrator
Office of Foreign Labor Certification
U.S. Department of Labor/ETA
Room C-4312, FPB
200 Constitution Ave., N.W.
WASHINGTON DC 20210
          *{Hard Copy - Regular Mail}*

YA-WEN HSIAO
423 NAMAHANA ST. #102
HONOLULU HI 96815
          *{Hard Copy - Regular Mail}*

Signe Nakayama
UNIVERSITY OF HAWAII
FACULTY & SCHOLAR IMMIGRATION SERVICES
2565 MCCARTHY MALL, PSB 102-106
HONOLULU HI 96822
          *{Hard Copy - Regular Mail}*

PITNEY
$ 002.30
SEP
0003185397
MAILED FROM ZIP CODE 2
02 1P
OFFICIAL BUSINESS

ALC Certification Officer
U. S. Department of Labor/ETA
Harris Tower
233 Peachtree Street
Suite 410
ATLANTA GA 30303



Office of International and Exchange Programs
Faculty and Scholar Immigration Services



UNIVERSITY
of HAWAI'I
MĀNOA

US DEPT OF LABOR
ADMIN LAW JUDGES

September 14, 2012

2012 SEP 17 A 10: 55

U.S. Department of Labor
Board of Alien Labor Certification Appeals
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

RE:   STATEMENT OF INTENT TO PROCEED
      BALCA Case Number: 2012-PER-02131
      In the Matter of University of Hawaii, Employer on behalf of Hsiao, Ya-Wen, Alien
      ETA Case Number: A-10344-38244

Dear Sir/Madam,

This letter is to notify you that the University of Hawaii wishes to proceed with appealing the denial of the above-mentioned labor certification application. Pursuant to the Notice of Docketing and Order Requiring Submission of Statement of Intent to Proceed, dated September 7, 2012, we will submit a separate Statement of Position/Legal Brief within 45 days of the notice.

Please contact me if you have any questions. Thank you for your time and attention.

Sincerely,

Signe Nakayama
Immigration Specialist

2565 McCarthy Mall, PSB 102-106, Honolulu, Hawai'i 96822
Phone: (808) 956-0935 I Fax: (808) 956-5030
signen@hawaii.edu I www.hawaii.edu/isis
An Equal Opportunity/Affirmative Action Institution

000160



**FedEx® USA Airbill Express**

Sender's FedEx
Account Number

8418503145 29

**FedEx Retrieval Copy**

Form
I.D. No.

0200

**1 From**

Date 09/14/2012                    Phone 808 956-0935

Sender's
Name Signe Nakayama

Company University of Hawaii Faculty an dScholar Immigration Services

Address 2565 McCarthy Mall, PSB 105                    Dept/Floor/Suite/Room

City Honolulu    State HI    ZIP 96822

**2 Your Internal Billing Reference**

**3 To**

Recipient's
Name US Dept of Labor                    Phone

Company Board of Alien Labor Certification Appeals

Address 800 K Street, NW, Suite 400-N    We cannot deliver to P.O. boxes or P.O. ZIP codes.
To "HOLD" at FedEx location, print FedEx address.

Address                                     Dept/Floor/Suite/Room

City Washington    State DC    ZIP 20001-8002

**4a Express Package Service**    *Packages up to 150 lbs.*
Delivery commitment may be later in some areas.

1 [XX] FedEx Priority Overnight
Next business morning

5 [ ] FedEx Standard Overnight
Next business afternoon

6 [ ] FedEx First Overnight
Earliest next business morning delivery to select areas.

3 [ ] FedEx 2Day
Second business day

20 [ ] FedEx Express Saver
Third business day
FedEx Envelope rate not available. Minimum charge: One-pound rate.

**4b Express Freight Service**    *Packages over 150 lbs.*
Delivery commitment may be later in some areas.

7 [ ] FedEx 1Day Freight*
Next business day

8 [ ] FedEx 2Day Freight
Second business day

83 [ ] FedEx 3Day Freight
Third business day
*Call for Confirmation.    *Declared value limit $500

**5 Packaging**

6 [XX] FedEx Envelope*    2 [ ] FedEx Pak*
Includes FedEx Small Pak, FedEx Large Pak, and FedEx Sturdy Pak

1 [ ] Other

**6 Special Handling**    Include FedEx address in Section 3.

3 [ ] SATURDAY Delivery
Available only for
FedEx Priority Overnight
and FedEx 2Day to select
ZIP codes.

1 [ ] HOLD Weekday
at FedEx Location
Available only for
FedEx Priority Overnight
and FedEx First Overnight

31 [ ] HOLD Saturday
at FedEx Location
Available only for
FedEx Priority Overnight
and FedEx 2Day to
select locations

Does this shipment contain dangerous goods?
One box must be checked.

No 4[XX]    Yes 4[ ]    Yes 6[ ] Dry Ice
Shipper's Declaration    Shipper's Declaration    Dry Ice, 9, UN 1845    x____ kg
not required    not attached
Dangerous Goods (including Dry Ice) cannot be shipped in FedEx packaging.

[ ] Cargo Aircraft Only

**7 Payment** *Bill to:*

1 [ ] Sender    2 [ ] Recipient    3 [XX] Third Party    4 [ ] Credit Card    5 [ ] Cash/Check
Acct. No. in Section
1 will be billed.

Enter FedEx Acct. No. or Credit Card No. below.

FedEx Acct. No.
Credit Card No. 1353-1427-7

Credit Card    Exp.
Date

**Total Packages    Total Weight    Total Charges**

$ ____ .

**8 Release Signature** *Sign to authorize delivery without obtaining signature.*

By signing you authorize us to deliver this shipment without obtaining a signature
and agree to indemnify and hold us harmless from any resulting claims.

[ ] Obtain Recip.
Acct. No.

[ ] Cash/Check

Total Charges

$ ____ .

Credit Card Auth.

$ ____ .

†Our liability is limited to $100 unless you declare a higher value. See the *FedEx Service Guide* for details.

Rev. Date 10/01•Part #157612•©1994–2001 FedEx•PRINTED IN U.S.A    WCSL 03

8418 5031 4529

000161

44

**FedEx** ® USA Airbill
Express

FedEx Tracking Number **8418503145529**

**1 From**

Date 09/14/2012

Sender's Name Signe Nakayama

Phone 808 956-0935

Company University of Hawaii
Faculty an dScholar Immigration Services

Address 2565 McCarthy Mall, PSB 105

City Honolulu   State HI   ZIP 96822

**2 Your Internal Billing Reference**

**3 To**

Recipient's Name US Dept of Labor    Phone

Company Board of Alien Labor Certification Appeals

Address 800 K Street, NW, Suite 400-N

We cannot deliver to P.O. boxes or P.O. ZIP codes.

City Washington   State DC   ZIP 20001-8002

Form I.D. No. **0200**

Recipient's Copy

**4a Express Package Service**

*Packages up to 150 lbs.*
Delivery commitment may be later in some areas.

☐ FedEx Priority Overnight
Next business morning

☒ FedEx First Overnight
Earliest next business morning delivery to select locations

☐ FedEx Standard Overnight
Next business afternoon

☐ FedEx 2Day
Second business day

☐ FedEx Express Saver
Third business day
FedEx Envelope rate not available. Minimum charge: One-pound rate

**4b Express Freight Service**

*Packages over 150 lbs.*
Delivery commitment may be later in some areas.

☐ FedEx 1Day Freight*
Next business day

☐ FedEx 2Day Freight
Second business day

☐ FedEx 3Day Freight
Third business day

*Call for Confirmation.

**5 Packaging**
* Declared value limit $500

☒ FedEx Envelope*   ☐ FedEx Pak*
Includes FedEx Small Pak, FedEx Large Pak, and FedEx Sturdy Pak   ☐ Other

**6 Special Handling**  Include FedEx address in Section 3.

☐ SATURDAY Delivery
Available only for FedEx Priority Overnight and FedEx 2Day to select ZIP codes.

☐ HOLD Weekday
at FedEx Location
Not available for FedEx First Overnight

☐ HOLD Saturday
at FedEx Location
Available only for FedEx Priority Overnight and FedEx 2Day to select locations

Does this shipment contain dangerous goods?
One box must be checked.

☒ No   ☐ Yes As per attached Shipper's Declaration   ☐ Yes Shipper's Declaration not required   ☐ Dry Ice
Dry Ice, 9, UN 1845   x ___ kg

☐ Cargo Aircraft Only

Dangerous Goods (including Dry Ice) cannot be shipped in FedEx packaging.

**7 Payment**  Bill to:
Enter FedEx Acct. No. or Credit Card No. below.

☒ Sender
Acct. No. in Section 1 will be billed.   ☐ Recipient   ☒ Third Party   ☐ Credit Card   ☐ Cash/Check

Total Packages  Total Weight  Total Declared Value†

†Our liability is limited to $100 unless you declare a higher value. See back for details.

**8 Release Signature** Sign to authorize delivery without obtaining signature.

By signing you authorize us to deliver this shipment without obtaining a signature and agree to indemnify and hold us harmless from any resulting claims.
**Questions? Visit our Web site at fedex.com**
or call 1.800.Go.FedEx® 800.463.3339.
Rev. Date 10/01•Part #157617•©1994–2001 FedEx•PRINTED IN U.S.A.   WCSL 03

Total Charges

Credit Card Auth.

**446**

000162

# Terms And Conditions

**Definitions**   On this Airbill, "we," "our," and "us" refer to Federal Express Corporation, its employees, and agents. "You" and "your" refer to the sender, its employees, and agents.

**Agreement To Terms**   By giving us your package to deliver, you agree to all the terms on this Airbill and in our current Service Guide, which is available on request. You also agree to those terms on behalf of any third party with an interest in the package. If there is a conflict between the Service Guide and this Airbill, the Service Guide will control. No one is authorized to change the terms of our Agreement.

**Responsibility For Packaging And Completing Airbill**   You are responsible for adequately packaging your goods and properly filling out this Airbill. If you omit the number of packages and/or an estimated "default" weight per package as determined by us.

**Responsibility For Payment**   Even if you give us different payment instructions, you will always be primarily responsible for all delivery costs, as well as any cost we incur in either returning your package to you or warehousing it pending disposition.

**Limitations On Our Liability And Liabilities Not Assumed**

- Our liability in connection with this shipment is limited to the lesser of your actual damages or $100, unless you declare a higher value, pay an additional charge, and document your actual loss in a timely manner. You may pay an additional charge for each additional $100 of declared value. The declared value does not constitute, nor do we provide, cargo liability insurance.

- In any event, we will not be liable for any damage, whether direct, incidental, special, or consequential in excess of the declared value of a shipment, whether or not Federal Express had knowledge that such damages might be incurred including but not limited to loss of income or profits.

- We won't be liable:

  – for your acts or omissions, including but not limited to improper or insufficient packing, securing, marking, or addressing, or those of the recipient or anyone else with an interest in the package.

  – if you or the recipient violates any of the terms of our Agreement.

  – for loss or damage to shipments of prohibited items.

  – for loss, damage, or delay caused by events we cannot control, including but not limited to acts of God, perils of the air, weather conditions, acts of public enemies, war, strikes, civil commotions, or acts of public authorities with actual or apparent authority.

**Declared Value Limits**

- The highest declared value allowed for a FedEx Envelope and FedEx Pak shipment is $500.

- For other shipments, the highest declared value allowed is $50,000 unless your package contains items of extraordinary value, in which case the highest declared value allowed is $500.

– Items of extraordinary value include shipments containing such items as artwork, jewelry, furs, precious metals, negotiable instruments, and other items listed in our Service Guide.

- You may send more than one package on this Airbill and fill in the total declared value for all packages, not to exceed the $100, $500, or $50,000 per package limit described above. (Example: 5 packages can have a total declared value of up to $250,000.) In that case, our liability is limited to the actual value of the package(s) lost or damaged, but may not exceed the maximum allowable declared value(s) or the total declared value, whichever is less. You are responsible for proving the actual loss or damage.

**Filing A Claim**   YOU MUST MAKE ALL CLAIMS IN WRITING and notify us of your claim within strict time limits set out in the current Service Guide.

You may call our Customer Service department at 1.800.Go.FedEx® 800.463.3339 to report a claim; however, you must still file a timely written claim.

Within 90 days after you notify us of your claim, you must send us all the information you have about it. We aren't obligated to act on any claim until you have paid all transportation charges, and you may not deduct the amount of your claim from those charges.

If the recipient accepts your package without noting any damage on the delivery record, we will assume the package was delivered in good condition. For us to process your claim, you must make the original shipping cartons and packing available for inspection.

**Right To Inspect**   We may, at our option, open and inspect your packages before or after you give them to us to deliver.

**Right Of Rejection**   We reserve the right to reject a shipment when such shipment would be likely to cause delay or damage to other shipments, equipment, or personnel; or if the shipment is prohibited by law; or if the shipment would violate any terms of our Airbill or our current Service Guide.

**C.O.D. Services**   C.O.D. SERVICE IS NOT AVAILABLE WITH THIS AIRBILL. IF C.O.D. Service is required, please use a Federal Express C.O.D. Airbill.

**Air Transportation Tax Included**   A federal excise tax when required by the Internal Revenue Code on the air transportation portion of this service, if any, is paid by us.

**Money-Back Guarantee**   In the event of untimely delivery, Federal Express will, at your request and with some limitations, refund or credit all transportation charges. See current Service Guide for more information.

**U.S. Department of Labor**    Office of Administrative Law Judges
800 K Street, NW, Suite 400-N
Washington, DC  20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



**Issue Date: 04 August 2016**

BALCA Case No.:    **2012-PER-02131**
ETA Case No.:    A-10344-38244

*In the Matter of:*

**UNIVERSITY OF HI,**
*Employer*

on behalf of

**HSIAO, YA-WEN,**
*Alien.*

## ORDER REQUIRING CERTIFICATION ON MOOTNESS

The above-captioned matter is approaching assignment to a three-judge panel of the Board of Alien Labor Certification Appeals.  Due to delay in adjudication caused by a heavy backlog of PERM appeals, the Board is concerned about moot appeals.  Accordingly, the Employer is **ORDERED** to certify whether:

(1) The job identified in the PERM Application is still open and available on the same terms set forth in the Application; and

(2) The alien identified in the PERM Application to fill the position is ready, willing and able to fill the position should the decision below be overturned.

**The Employer's certification must be filed with the Board at the U.S. Department of Labor Board of Alien Labor Certification Appeals, 800 K Street, NW, Suite 400-N, Washington, DC  20001-8002, within 14 days of the date of this order and served on all parties.**

A response indicating that the job is no longer available or that the alien is no longer available will result in an order of dismissal of the appeal based on mootness.  Failure to respond to this Order Requiring Certification on Mootness will also result in dismissal of the appeal.

**SO ORDERED.**

For the Board:



Digitally signed by STEPHEN R.
HENLEY
DN: CN=STEPHEN R. HENLEY,
OU=ADMINISTRATIVE LAW JUDGE,
O=US DOL Office of Administrative Law
Judges, L=Washington, S=DC, C=US
Location: Washington DC

**STEPHEN R. HENLEY**
Chief Administrative Law Judge

000164

000165

Office of International and Exchange Programs
Faculty and Scholar Immigration Services



# UNIVERSITY
*of* HAWAI'I®

## MĀNOA

August 17, 2016

U.S. Department of Labor
Board of Alien Labor Certification Appeals
Office of Administrative Law Judges

*RECEIVED AUG 2 3 2016*

|  | | |
|---|---|---|
| **RE:** | BALCA Case No: | 2012-PER-02131 |
| | **ETA Case Number:** | **A-10344-38244** |
| | **Alien's Name:** | **Ya-Wen HSIAO** |
| | **Employer's Name:** | **University of HI** |

Dear Panel:

In response to Order Requiring Certification on Mootness issued on August 4, 2016, on behalf of the University of HI, I certify the following:

(1)   The job identified in the PERM Application that is the subject of this appeal is still open and available on the same terms set forth in the Application; and

(2)   I have conferred with Ya-Wen Hsiao, the alien identified in the PERM Application to fill the position, and confirmed that he is ready, willing and able to fill the position should the decision below be overturned.

I declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. § 1746, that the foregoing is true and correct.

_____
Signe Nakayama
Director, Faculty and Scholar Immigration Services

08/17/2016
Date

2565 McCarthy Mall, PSB 102-106, Honolulu, Hawai'i 96822
signen@hawaii.edu I 808.956.0935 I www.hawaii.edu/fsis

An Equal Opportunity/Affirmative Action Institution

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Employer Certification has been served on the

U.S. Department of Labor Board of Alien Labor Certification Appeals
800 K Street NW, Suite 400-N
Washington, DC 20001-8002
{via courier service}

ALC Certification Officer
United States Department of Labor/ETA
Harris Tower
233 Peachtree St. Suite 410
Atlanta, GA 30303

Counsel for Litigation
Employment and Training Legal Services
Room N-2101, FPB
200 Constitution Ave NW
Washington DC 20210

Administrator
Office of Foreign Labor Certification
United States Department of Labor/ETA
Room C-4312, FPB
200 Constitution Ave NW
Washington DC 20210

Ya-Wen Hsiao
423 Namahana St. #102
Honolulu, HI 96815

Signe Nakayama
University of Hawaii
Faculty & Scholar Immigration Services
2565 McCarthy Mall, PSB 102-106
Honolulu, HI 96822

Via regular mail on this 17th day of August, 2016.

_____
David A. M. Ware, Esq.

000167

**U.S. Department of Labor**

Office of Administrative Law Judges
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



**Issue Date: 04 August 2016**

**BALCA Case No.:** 2012-PER-02131
**ETA Case No.:** A-10344-38244

*In the Matter of:*

**UNIVERSITY OF HI,**
                    *Employer*

        *on behalf of*

**HSIAO, YA-WEN,**
                    *Alien.*

<u>**ORDER REQUIRING CERTIFICATION ON MOOTNESS**</u>

        The above-captioned matter is approaching assignment to a three-judge panel of the Board of Alien Labor Certification Appeals. Due to delay in adjudication caused by a heavy backlog of PERM appeals, the Board is concerned about moot appeals. Accordingly, the Employer is **ORDERED** to certify whether:

        (1) The job identified in the PERM Application is still open and available on the same terms set forth in the Application; and

        (2) The alien identified in the PERM Application to fill the position is ready, willing and able to fill the position should the decision below be overturned.

**The Employer's certification must be filed with the Board at the U.S. Department of Labor Board of Alien Labor Certification Appeals, 800 K Street, NW, Suite 400-N, Washington, DC 20001-8002, within 14 days of the date of this order and served on all parties.**

        A response indicating that the job is no longer available or that the alien is no longer available will result in an order of dismissal of the appeal based on mootness. Failure to respond to this Order Requiring Certification on Mootness will also result in dismissal of the appeal.

        **SO ORDERED.**

                                        For the Board:



                                        Digitally signed by STEPHEN R.
                                        HENLEY
                                        DN: CN=STEPHEN R. HENLEY,
                                        OU=ADMINISTRATIVE LAW JUDGE,
                                        O=US DOL Office of Administrative Law
                                        Judges, L=Washington, S=DC, C=US
                                        Location: Washington DC

                                        **STEPHEN R. HENLEY**
                                        Chief Administrative Law Judge

000168

## SERVICE SHEET

Case Name: **In_re_UNIVERSITY_OF_HAWAII_**

Case Number: **2012PER02131**

Document Title: **ORDER REQUIRING CERTIFICATION ON MOOTNESS**

I hereby certify that a copy of the above-referenced document was sent to the following this 4th day of August, 2016:

 Digitally signed by Theresa N. Ferguson
DN: CN=Theresa N. Ferguson, OU=Legal
Assistant, O=US DOL Office of
Administrative Law Judges, L=Washington,
S=DC, C=US
Location: Washington DC

**Theresa N. Ferguson**
Legal Assistant

ALC Certification Officer
U. S. Department of Labor/ETA
Harris Tower
233 Peachtree Street
Suite 410
ATLANTA GA 30303
*{Hard Copy - Regular Mail}*

Counsel for Litigation
Employment and Training Legal Services
Room N-2101, FPB
200 Constitution Ave., N. W.
WASHINGTON DC 20210
*{Hard Copy - Regular Mail}*

Administrator
Office of Foreign Labor Certification
U.S. Department of Labor/ETA
Room C-4312, FPB
200 Constitution Ave., N.W.
WASHINGTON DC 20210
*{Hard Copy - Regular Mail}*

YA-WEN HSIAO
423 NAMAHANA ST. #102
HONOLULU HI 96815
*{Hard Copy - Regular Mail}*

Signe Nakayama
UNIVERSITY OF HAWAII
FACULTY & SCHOLAR IMMIGRATION SERVICES
2565 MCCARTHY MALL, PSB 102-106
HONOLULU HI 96822
*{Hard Copy - Regular Mail}*

David A. M. Ware, Esq.
Ware/Gasparian
3850 N. Causeway Blvd.
Suite 555
METAIRIE LA 70002
*{Hard Copy - Regular Mail}*

000169

neopost
08/17/2016
US POSTAGE $000.48⁰

ZIP 70002
041L10248659

NEW ORLEANS
LA 700
16 AUG '16
PM 4 L

**WARE | IMMIGRATION**
3850 N. CAUSEWAY BLVD. • SUITE 555 • METAIRIE, LA 70002-1752

ALC Certification Officer
United States Department of Labor/ETA
Harris Tower
233 Peachtree St. Suite 410
Atlanta, GA 30303

30303-157310

000170

**U.S. Department of Labor**

Board of Alien Labor Certification Appeals
800 K Street, NW, Suite 400-N
Washington, DC  20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



**Issue Date: 16 November 2016**

BALCA Case No.:  **2012-PER-02131**
ETA Case No.:   A-10344-38244

RECEIVED  NOV 2 1 2016

*In the Matter of:*

**UNIVERSITY OF HAWAII,**
        *Employer,*

        *on behalf of*

**YA-WEN HSIAO,**
        *Alien.*

Certifying Officer:      William Carlson, Ph.D.
                        National Certifying Officer
                        Atlanta National Processing Center

Appearance:             David A.M. Ware, Esquire
                        Ware Gasparian
                        Metarie, Louisiana
                        *For the Employer*

Before:                 Colleen A. Geraghty, *District Chief Administrative Law Judge* and
                        Timothy J. McGrath and Daniel F. Sutton, *Administrative Law Judges*

Opinion for the Board filed by GERAGHTY, *District Chief Administrative Law Judge* with whom
McGRATH and SUTTON, *Administrative Law Judges*, join:

## DECISION AND ORDER
## AFFIRMING DENIAL OF CERTIFICATION

This matter which arises under Section 212(a)(5)(A) of the Immigration and Nationality
Act ("INA"), 8 U.S.C. § 1182(a)(5)(A) and the "PERM" labor certification regulations at 20
C.F.R. Part 656[1] is before the Board of Alien Labor Certification Appeals ("the Board") on the
Employer's request for review pursuant to 20 C.F.R. § 656.26 of the administrative denial of its

---

[1] "PERM" is an acronym for the "Program Electronic Review Management" system established by the regulations
that went into effect on March 28, 2005.  69 Fed. Reg. 77326 (Dec. 27, 2004).

application for a Permanent Employment Certification. The Board's consideration of the request for review is based on a review of the record upon which the denial of certification was made, the request for review, and any statement of position or legal brief. 20 C.F.R. § 656.27(c). For the reasons set forth below, we affirm the denial of the Employer's Application for Permanent Employment Certification.

# BACKGROUND

On January 13, 2011, the Certifying Officer ("CO") accepted for filing the Employer's *Application for Permanent Employment Certification* ("Form 9089") sponsoring the Alien for permanent employment in the United States as an "Information Technology Specialist (Educational Technology Specialist)" in Honolulu, Hawaii at the offered annual wage of $57,194.00. (AF 140-151).[2] The occupational title listed on the Employer's Form 9089, Section F-3 was "Computer Software Engineers, Applications, Non," Standard Occupational Classification Code 15-1034.00. (AF 141). The Employer attested that the job of Information Technology Specialist is a professional occupation, that the minimum education requirement is a Bachelor's degree in Management Information Systems, and that no experience in the job is required. (AF 141-143). The Employer further attested that it would accept a Bachelor's degree in Information Systems, Computer Science, Project Management or Electrical Engineering but that there is no alternate combination of education and experience that is acceptable. (AF 142).

On January 18, 2011, the CO issued an *Audit Notification* which directed the Employer to submit documentation supporting the attestations made in the Form 9089 including recruitment documentation as described in 20 C.F.R. § 656.17. (AF 136-139). The Employer submitted the requested audit information on February 16, 2011. (AF 136). The CO then issued a second *Audit Notification* letter on February 28, 2011. (AF 132-133). In this letter, the CO requested the Employer to "[p]rovide a copy of the complete, original response as submitted on February 16, 2011. Copies may be used if original documents (tear sheets, PWD, etc.) were sent with the prior submission." (AF 133).[3] As requested, the Employer resubmitted its audit response under cover letter dated March 1, 2011. (AF 35-131).

The CO denied certification of the Employer's application on two grounds in a letter dated March 23, 2012. (AF 32-34). In Denial Reason #1, the CO stated the Employer had failed to provide adequate documentation of the additional recruitment steps required for professional

---

[2] Citations to the Appeal File are abbreviated as "AF" followed by the page number.

[3] The Employer's audit response that was filed with the CO on February 16, 2011 is not included in the Appeal File that was transmitted to the Board by the CO, apparently because it is no longer available for reasons that are not clear from the record. The CO included the following statement in the AF:

> It is noted the employer's response to audit received by the Department of Labor's Office of Foreign Labor Certification on 02/16/2011 is not necessary to render an accurate determination on the employer's request for reconsideration as outlined in the Transmittal Letter.

(AF 136). The Employer has not raised any issue on appeal regarding the absence of its February 16, 2011 audit response, presumably as it was subsequently provided an opportunity to resubmit the response.

occupations as requested in the *Audit Notification* letter. (AF 33). The CO noted that the Employer indicated in the Form 9089 that it used its web site to advertise the job opportunity and that it had "provided a document which looks to be a word document that is title[d], "Work at UH Advertisement." (AF 33).[4] The CO stated that "[t]he document does not appear to be from a website, nor is there any proof that the documentation was posted to the employer's website." (AF 33). The CO concluded that the Employer had failed to provide dated copies of the pages from the site that advertised the job opportunity and that denial of its application was authorized by 20 C.F.R. § 656.17(e)(l)(ii)(B) which states that "[t]he use of the employer's web site as a recruitment medium can be documented by providing dated copies of pages from the site that advertise the occupation involved in the application." (AF 33). As Denial Reason #2, the CO stated that the documentation submitted as proof of the Employer's website advertising "offers terms and conditions of employment that are less favorable than those offered to the foreign worker. Specifically, the advertisement contains a wage of $3,684 per month, $44,220.80 per year which is lower than the offered wage, $57,194.00 per year listed in section G.l on the ETA Form 9089." (AF 33). The CO concluded that denial was authorized by 20 C.F.R. § 656.17(f)(7) which provides that advertisements placed in newspapers of general circulation or in professional journals must "not contain wages or terms and conditions of employment that are less favorable than those offered to the alien." (AF 33).

On April 19, 2012, the Employer filed a request for reconsideration with the CO. (AF 3-31). In response to Denial Reason #1, the Employer stated,

> As a matter of University of Hawaii (UH) policy, every position being recruited is advertised on our Work at UH website (workatuh.hawaii.edu). Attached is a printout of the advertisement from the Work at UH website which contains the URL and print date of August 3, 2010 as proof that this ad was indeed posted on the University's website during the period stated in the ETA Form 9089. This particular printout was not previously provided by the UH John A. Burns School of Medicine, which conducted the recruitment, to the Office of Faculty and Scholar Immigration Services (FSIS), which handled the filing of the PERM application. Thus, only the printout of the ad without the URL and print date (due to printer settings) was available to FSIS at the time of the audit response.

(AF 3). With regard to Denial Reason #2, the Employer requested reconsideration, asserting that §656.17(f)(7), which the CO cited, only applies to "advertisements placed in newspapers of general circulation or in professional journals" and not to website advertisements. (AF 3). The Employer further contended,

> Even if Sec. 656.17(f)(7) can be applied to advertisements under 656.17(e)(1)(ii), the University clearly indicated in the ad that the salary included in the Work at UH advertisement was a "minimum" amount. Any applicant would have been

---

[4] The document referred to by the CO is found at pages 77-80 of the Appeal File. It bears the heading, "Work at UH Advertisement" and contains a "Date Posted: August 02, 2010" and a "Closing Date: September 04, 2010." (AF 77). The document is otherwise not dated, nor does it appear, as the CO pointed out, to be a copy of an advertisement printed from a website.

immediately apprised of this fact upon even a cursory glance at the ad. Since it was specified that this salary was the starting point from which a successful applicant could negotiate, the University was not attempting to offer the foreign national a more favorable wage than it would to an equally or better qualified [. . .] applicant.

(AF 4). The Employer added that,

> IT Specialist positions are classified as Administrative, Professional, and Technical (APT) positions, which are covered by a collective bargaining agreement that contains salary schedules. At the time of the original posting of the position, all University APT positions were advertised on the Work at UH job posting website stating only the minimum salary per the collective bargaining agreement between the University of Hawaii and the Hawaii Government Employees Association (HGEA). The IT Specialist position described in the ETA Form 9089 is a Pay Band B position with a possible salary range from $42,492 per year through $107,748 per year.

(AF 4). The Employer stated that the "details of the salary ranges are available to the public on the University Office of Human Resources website for the APT Broadband System and in an "Information Technology Point Conversion Worksheet" also available on the website. (AF 4).

In a letter dated April 30, 2012, the CO notified the Employer it had not overcome the deficiencies cited in the initial determination. (AF 1-2). Specifically, the CO determined that the printout containing the URL and the print date that the Employer submitted with its request for reconsideration were barred by 20 C.F.R. §§ 656.24(g)(2) because the Employer had the opportunity to submit adequate proof of the website advertisement with its audit response and failed to do so. (AF 1). The CO thus concluded that "[s]ince the employer failed to provide adequate proof of the advertisement on the employer's website in response to the audit letter," denial was valid in accordance with 20 C.F.R. § 656.17(e)(l)(ii)(B). The CO also concluded that Denial Reason #2 remained valid despite the Employer's arguments in support of reconsideration:

> However, the employer's website is one part of the recruitment effort used by the employer to test the labor market and must therefore contain the same information required of advertisements set forth in Departmental regulations at 20 CFR § 656.17(f). Additionally, the advertisements must not contain wages and terms and conditions of employment that are less favorable than those offered to the foreign worker in accordance with Departmental regulations at 20 CFR § 656.17(f)(7).

Since the advertisement on the Employer's website contained a wage less than the offered wage as listed on the ETA Form 9089, the CO determined that Denial Reason #2 was valid pursuant to 20 C.P.R. § 656.17(£)(7). (AF 1-2).

After denying the Employer's request for reconsideration, the CO forwarded the case to the Board. In response to the Board's notice of docketing, the Employer filed a statement

confirming its intention to proceed with the appeal. The Employer also filed a brief ("Emp. Br.") with the Board. On August 4, 2016, the Board issued an *Order Requiring Certification on Mootness*. The Employer responded by letter dated August 17, 2016 which certified that the job is still open and available and that the Alien is still ready, willing, and able to fill the position. The CO did not file an appellate brief.

## STANDARD OF REVIEW

The Board's review of the CO's legal and factual determinations when denying an application for permanent alien labor certification is *de novo*, limited in scope by 20 C.F.R. § 656.27(c). *Albert Einstein Medical Center*, 2009-PER-00379 (Nov. 21, 2011) (*en banc*), slip op. at 32. Thus, the Board engages in *de novo* review of the record upon which the CO denied permanent alien labor certification, together with the request for review, and any statements of position or legal briefs. *Id.* at 25. The Board may not consider evidence first presented in an appellate brief. *Id.* at 7. The Board permits general legal argument in briefs, but will not consider wholly new arguments not made before the CO. *Id.* at 8. The Board will not decide an appeal on grounds for denial not raised while the case was before the CO. *Loews Anatole Hotel*, 1989-INA-00230 (Apr. 26, 1991) (*en banc*); *Mandy Donuts Corp.*, 2009-PER-00481 (Jan. 7, 2011).

## DISCUSSION

The permanent labor certification process is the first step an employer must complete in order to sponsor certain foreign workers for lawful permanent resident status.[5] 8 U.S.C. § 1182(a). The labor certification represents the Secretary of Labor's certification that there are no able, willing, qualified, and available U.S. workers for the position the alien seeks to perform on a permanent basis.[6] 8 U.S.C. § 1182(a)(5)(A)(i)(I). PERM is an attestation-based program. 20 C.F.R. § 656.10(c). Among other attestations, an employer must attest that the job opportunity listed in the application for permanent employment certification has been and is clearly open to any U.S. worker. 20 C.F.R. § 656.10(c)(8). Accordingly, the regulations require an employer to conduct mandatory recruitment steps and make a good-faith effort to recruit U.S. workers prior to filing an application for permanent alien labor certification. *See* 20 C.F.R. § 656.17(e); *Labor Certification for the Permanent Employment of Aliens in the United States; Implementation of New System*, 69 Fed. Reg. 77326, 77348 (Dec. 27, 2004). If the employer's recruitment efforts do not yield any able, willing, qualified, and available U.S. workers, the employer may file an application on Form 9089. *See, e.g.,* 20 C.F.R. § 656.17(a). An employer sponsoring a foreign worker for permanent labor certification bears the burden of proving that all regulatory requirements have been satisfied before the CO can grant certification. 8 U.S.C. § 1361; 20 C.F.R. § 656.2(b).

---

[5] Lawful permanent resident status is commonly referred to as having a green card. Among the benefits afforded to lawful permanent residents is the opportunity to apply for naturalization. 8 U.S.C. § 1427(a).

[6] The labor certification also represents the Secretary of Labor's certification that the permanent employment of the foreign worker will not adversely affect the wages and working conditions of similarly employed U.S. workers. 8 U.S.C. § 1182(a)(5)(A)(i)(II).

Where, as in this case, an employer sponsors an alien worker for a job opportunity classified as a professional occupation, the employer must conduct additional recruitment steps, one of which is use of the employer's website. 20 C.F.R. § 656.17(e)(1)(ii)(B). Section 656.17(e)(1)(ii)(B) provides that "[t]he use of the employer's Web site as a recruitment medium can be documented by providing dated copies of pages from the site that advertise the occupation involved in the application." An employer seeking permanent labor certification must also be prepared to submit required documentation of those steps in the event of an audit. *Peritus Inc.*, 2012-PER-01227 (Apr. 30, 2013), *see also* 20 C.F.R. §§ 656.10(f) (requirement that supporting documentation be retained for five years from the filing date) and 656.17(a)(3) (requirement that employer produce required documentation in the event of an audit).

The CO denied certification because the Employer did not submit a dated copy of the advertisement from its website, and he refused to consider the dated copies that the Employer submitted with its request for reconsideration. In *Kyyba Inc.*, 2012-PER-01465 (Aug. 30, 2016), another Board panel recently affirmed the CO's denial of certification and refusal to accept documentation that was not provided in the audit response under identical circumstances. *See also Nippon Travel Agency Micronesia,* Inc., 2012-PER-00125 (Apr. 14, 2012); *DGN Technologies, Inc.,* 2011-PER-02869 (Mar. 26, 2013). We fully agree with this precedent and conclude that since the Employer admittedly failed to submit acceptable proof of its website recruitment in response to the CO's *Audit Notification*, denial of certification pursuant to 20 C.F.R. § 656.17(e)(l)(ii)(B) is warranted. We also conclude that the CO properly refused to accept the Employer's proof that was offered for the first time with its request for reconsideration because the Employer had the opportunity, and indeed the responsibility, to submit this evidence with its audit response. 20 C.F.R. § 656.24(g)(2)(i)-(ii).

In concluding that affirmance of the CO's Denial Reason #1 is warranted, we have considered but are unpersuaded by the Employer's arguments on appeal that the proof of website advertising that it submitted with its audit response complied with the requirements of § 656.17(e)(l)(ii)(B) based on the Board's decision in *EZCHIP, Inc.*, 2010-PER-00120 (Jan. 12, 2011) and that the evidence submitted with its request for reconsideration is properly before the Board because it was considered by the CO and is, thus, part of the record. Emp. Br. at 3-5. The Employer's reliance on *EZCHIP* is unavailing. In *EZCHIP,* the Board panel stated,

> The regulations do not preclude an employer from providing documentation of the advertisement posted on its website in a manner other than by submitting dated printouts of the website advertisement, and the Office of Foreign Labor Certification ("OFLC") website notes that the CO may find documentation adequate even if the Employer cannot provide the dated copies of the advertisement from the website. The OFLC website includes a response to a Frequently Asked Question ("FAQ") stating that if an employer does not have a copy of the posting from its website, "the employer may provide an affidavit from the official within the employer's organization responsible for the posting of such occupations on the website attesting, under penalty of perjury, to

-6-

> the posting of the job." However, the FAQ states that such a submission does not guarantee that the CO will find such a submission to be adequate documentation of the posting on the website.

Slip op. at 4 (footnotes omitted).  We concur with this analysis.  However, in *EZCHIP*, the documentation submitted by the employer with its audit response (1) included a letter from the Employer's Vice President of Worldwide Sales, certifying that he posted the job opportunity on the website from May 29, 2007, to July 19, 2007, (2) and a five-page document dated September 24, 2007, showing a listing of open positions for the Employer's organization, and showing the Employer's website address at the bottom of each page.  *Id.*  The Employer in this case submitted no affidavit as described in the FAQ and no letter or other attestation from any appropriate university official.  More importantly, the Employer seems to have overlooked the panel's ultimate holding in *EZCHIP*:

> Because the five page job announcement document showed the date of posting as September 24, 2009 — as opposed to a date between May 29 and July 19, 2007 — it did not by itself comply with the regulatory requirement of documentation through dated copies of the website posting.  Thus, the Employer needed some other proof of the dates of the posting. The statement of the Vice President of Worldwide Sales, included with the audit response, did not indicate that the Vice President was the official within the Employer's organization responsible for the posting of such occupations on the website. Thus, the audit response documentation did not establish the dates of posting in the affidavit format specified by the OFLC FAQ. Moreover, we note that the affidavit was dated October 10, 2007, almost three months after the dates that the posting assertedly was made.
>
> Website pages are often ephemeral. Thus, retention of reliable contemporaneous documentation of the status of a web page on the dates attested to in the Form 9089 is essential for an employer to be able to meet the PERM documentation requirement of dated copies of company website postings. In the instant case, the Employer failed to document the website advertisement through the method specified under the regulation, the alternate method articulated in the FAQ response, or any other adequately credible documentation. Although the Vice President's letter may constitute a form of documentation, it did not provide enough information for the CO to determine that the Vice President of Worldwide Sales personally posted the job opportunity on the Employer's website. *See PSI Family Services, Inc.*, 2010-PER-97 (Apr. 16, 2010); *Living Earth Landscape Design, LLC*, 2009-PER-480 (Apr. 15, 2010).

Id. at 4-5 (footnotes omitted).  Consequently, the panel affirmed the CO's denial of certification for noncompliance with the proof requirements of § 656.17(e)(l)(ii)(B). *Id.* at 6.  Therefore, rather than supporting the Employer's position, *EZCHIP* confirms that the CO correctly determined that the undated, unverified documentation submitted with the audit response, which was clearly inferior to the proof submitted in *EZCHIP*, failed to comply with the requirements of

- 7 -

§ 656.17(e)(l)(ii)(B).  We also reject as totally at odds with the record the Employer's claim that the CO considered the documentation offered with the request for reconsideration, thus placing it before the Board.  That is, the record unambiguously demonstrates that the CO refused to consider the Employer's new evidence pursuant to 20 C.F.R. §§ 656.24(g)(2) because he determined that the Employer had the opportunity to submit adequate proof of the website advertisement with its audit response and failed to do so.  (AF 1).

Since the CO did not err in denying certification pursuant to 20 C.F.R. § 656.17(e)(l)(ii)(B), we affirm.[7]

## ORDER

**IT IS ORDERED** that the denial of labor certification in this matter is hereby **AFFIRMED**.

**SO ORDERED.**

For the panel:



Digitally signed by Colleen Geraghty
DN: CN=Colleen Geraghty,
OU=Administrative Law Judge, O=US
DOL Office of Administrative Law
Judges, L=Boston, S=MA, C=US
Location: Boston MA

**COLLEEN A. GERAGHTY**
Administrative Law Judge

---

[7] In view of our determination to affirm denial of certification for noncompliance with § 656.17(e)(l)(ii)(B), we find it unnecessary to address the CO's second denial reason.

**NOTICE OF OPPORTUNITY TO PETITION FOR REVIEW:** This Decision and Order will become the final decision of the Secretary unless within twenty days from the date of service a party petitions for en banc review by the Board. Such review is not favored and ordinarily will not be granted except (1) when en banc consideration is necessary to secure or maintain uniformity of the Board's decisions, or (2) when the proceeding involves a question of exceptional importance. Petitions must be filed with:

**Chief Docket Clerk**
**Office of Administrative Law Judges**
**Board of Alien Labor Certification Appeals**
**800 K Street, NW**
**Suite 400N**
**Washington, DC 20001-8002**

Copies of the petition must also be served on other parties and should be accompanied by a written statement setting forth the date and manner of service. The petition shall specify the basis for requesting en banc review with supporting authority, if any, and shall not exceed ten double-spaced pages. Responses, if any, shall be filed within ten days of service of the petition, and shall not exceed ten double-spaced pages. Upon the granting of a petition the Board may order briefs.

# SERVICE SHEET

Case Name:  **In_re_UNIVERSITY_OF_HAWAII_**

Case Number: **2012PER02131**

Document Title: **DECISION AND ORDER AFFIRMING DENIAL OF CERTIFICATION**

I hereby certify that a copy of the above-referenced document was sent to the following this 16th day of November, 2016:

 Digitally signed by Kristian Hinojosa
DN: CN=Kristian Hinojosa, OU=Legal
Assistant, O=US DOL Office of
Administrative Law Judges, L=Boston,
S=MA, C=US
Location: Boston MA

**Kristian Hinojosa**
Legal Assistant

ALC Certification Officer
U. S. Department of Labor/ETA
Harris Tower
233 Peachtree Street
Suite 410
ATLANTA GA 30303
*{Hard Copy - Regular Mail}*

Counsel for Litigation
Employment and Training Legal Services
Room N-2101, FPB
200 Constitution Ave., N. W.
WASHINGTON DC 20210
*{Hard Copy - Regular Mail}*

Administrator
Office of Foreign Labor Certification
U.S. Department of Labor/ETA
Room C-4312, FPB
200 Constitution Ave., N.W.
WASHINGTON DC 20210
*{Hard Copy - Regular Mail}*

YA-WEN HSIAO
423 NAMAHANA ST. #102
HONOLULU HI 96815
*{Hard Copy - Regular Mail}*

Signe Nakayama
UNIVERSITY OF HAWAII
FACULTY & SCHOLAR IMMIGRATION SERVICES
2565 MCCARTHY MALL, PSB 102-106
HONOLULU HI 96822
*{Hard Copy - Regular Mail}*

David A. M. Ware, Esq.
Ware/Gasparian
3850 N. Causeway Blvd.
Suite 555
METAIRIE LA 70002
*{Hard Copy - Regular Mail}*

000180



neopost

049.J00740432

$ 09.450

11/16/2016   Mailed From  02222

US POSTAGE

US OFFICIAL MAIL
$300 Penalty
For Private Use

...ment of Labor
...dministrative Law Judges
...O'Neill Federal Building
...ay Street, Room 411
...N 02222

ALC Certification Officer
U. S. Department of Labor/ETA
Harris Tower
233 Peachtree Street
Suite 410
ATLANTA GA 30303

USPS TRACKING #

9114 9999 4431 4102 6632 07

Label 400 Jan 2013
7690-16-000-7948



UNIVERSITY
of HAWAI'I
MĀNOA

John A. Burns School of Medicine
Office of the Dean

651 Ilalo Street, Medical Education Building
Honolulu, Hawai'i 96813-5534
An Equal Opportunity/Affirmative Action Institution

December 1, 2016

Chief Docket Clerk
Office of Administrative Law Judges
Board of Alien Labor Certification Appeals
800 K Street, NW
Suite 400N
Washington, DC 20001-8002

RE:    **Petition of En Banc Review**
       **BALCA Case Number:   2012-PER-02131**
       **ETA Case Number:        A-10344-38244**
       **In the Matter of University of Hawaii, Employer on behalf of Ya-Wen Hsiao, Alien**

Dear Sir/Madam,

Enclosed please find the Petition for En Banc Review in connection with the above-referenced case. The petition is timely filed as it has been submitted within 20 days of the November 16, 2016 Decision and Order Affirming the Denial of Certification.

Please contact me if you require any additional information.

William. F. Haning, III, MD
Director, Undergraduate Medical Education (Director, M.D. Programs)
Professor and Program Director, Addiction Psychiatry/Addiction Medicine

John A. Burns School of Medicine
University of Hawai'i
651 Ilalo Street, Medical Education Building
Honolulu, Hawai'i 96813-5534



UNIVERSITY
*of* HAWAI'I
MĀNOA

John A. Burns School of Medicine
Office of the Dean

651 Ilalo Street, Medical Education Building
Honolulu, Hawai'i 96813-5534
An Equal Opportunity/Affirmative Action Institution

# DEPARTMENT OF LABOR
# BOARD OF ALIEN LABOR CERTIFICATION APPEALS

BALCA Case Number: 2012-PER-02131

ETA Case Number: A-10344-38244

December 1, 2016

In the Matter of

Permanent Labor Certification

Application of

## University of Hawaii

On Behalf of

## Ya-Wen Hsiao

## <u>Petition for En Banc Review by the Board (*Pro Se*)</u>

We respectfully petition the court to grant an En Banc review on BALCA Case No. 2012-PER-02131 in the matter of University of Hawaii on behalf of Ya-Wen Hsiao to secure and maintain uniformity of its decisions. As well as to address procedural criteria and in which the board constitutes as adequate documentation, fundamental fairness and due process, all of which are issues of exceptional importance.

### <u>Background</u>

On November 16, 2016, the BALCA adjudicated the case in point and issued a Decision and Order (DO) in the matter of University of Hawaii on behalf of Ya-Wen Hsiao. The decision and order was affirming the denial of certification.

Under the Decision and Order (DO), the board discussed the issue wherein the CO properly refused to accept the proof of website posting that was submitted on the initial request for reconsideration dated April 13, 2012. The board also concurred with the analysis that the regulations do not preclude an employer from providing documentation other than dated printouts of the website.

-1-

000183

**En Banc Review is needed to maintain uniformity of the Boards decisions**

**(IBM 2011-PER-01264 August 23, 2012)**

The instant case is indistinguishable with IBM, 2011-PER-01264 (August 23, 2012) where the board reversed the denial citing that the record was successful in creating a logical nexus that the additional recruitment steps were conducted. In fact, there were more evidences in the instant case's appeal file as compared with the IBM case where the board found enough evidence to form a logical nexus that the additional recruitment steps were taken.

In IBM, the panel enumerated the following criteria: A signed statement as evidence of additional recruitment steps. The document stating the name of the job opportunity found on ETA form 9089, signed by employer's immigration coordinator. The dates match the dates provided by the employer in section I(d)15. Furthermore, according to the employers ETA Form, the immigration coordinator is the employers contact under section D. She is also the signer of the NOF. In addition, the employer also submitted the posting with an email showing the posting went live. (IBM 2011-PER-01264 p3-4)

In the instant case, Signe Nakayama has attested on the first appeal that it was a matter of policy that every position is advertised on the UH Website (AF3). On the February 10, 2011 submission of audit materials, Nakayama also declares under penalty of perjury through the audit notification that the ad was placed on the employer's website. (AF 37 and 38) Nakayama is also the signer on ETA Form 9089 that declares under penalty of perjury (AF 27) that recruitment information was posted on the employer's website from August 2, 2010 to September 4, 2010.(AF 23) Nakayama is also the employer's contact under section D (AF 19) and the signer for the Notice of Filing (AF 55) Aside from Nakayama, Damon Sakai who was the supervisor and director of both the department (AF 69) and recruitment efforts (AF 61) signed the recruitment report which attests to the website posting on the matching dates printed on the ETA Form. (AF 59)

Additionally, the newspaper tear sheets all direct interested applicants to the website. It specifically says "For Full Description and other employment listings, visit website above". The dated tear sheets clearly shows that the dates match the employer's website as well. (AF 73, 74, 76)

The campus placement ad which is dated accordingly with the web address as part of the additional recruitment steps required also directs applicants to the website for more information (AF 88)

In IBM, the panel concluded that the evidence found on the appeal file which was part of the record and apart from the submitted documentation which was first presented on appeal, was sufficient evidence that recruitment was conducted. The instant case has clearly met and exceeded the criteria set forth in IBM. The panel in the instant case was silent on all other evidences that was present in the appeal file.

-2-

**Criteria to determine adequate and credible documentation apart from a dated printout is vague and inconsistent**

The panel determined that the documentation submitted with the request for reconsideration was "clearly inferior" to the proof submitted in EZCHIP. (DO 7) This was because the board only considered the document that was rejected by the CO (DO 7) and not the appeal file in its entirety. This despite the employer's claim that there is enough evidence to show that the job was indeed posted on the employer's website, the employer respectfully disagrees and present its arguments which are all within the record of the appeal file.

The Board's discussion and citation in the ruling in EZCHIP Inc., 2010-PER-00120 presents two additional "documentation" to prove that there was a website posting. Namely the 5 page job announcement and the statement of the VP. The panel pointed out that the holding in that case was an affirmation of the denial.

In the instant case, there is far more evidence of the website posting than just two. In contrast to EZCHIP, where the employer's VP did not attest under penalty of perjury, the employer in the University of Hawaii case made just such a declaration. (AF 27) Secondly, the newspaper tear sheets also show numerous openings for the employer's position with the web address clearly stated and the ad was not a mere 3 line ad, it was an ad that was almost one fourth page size that was displayed on two Sunday editions of the largest circulated paper in the State of Hawaii. Additionally, unlike EZCHIP, University of Hawaii has the dates matched up. If these two requirements are the only criteria to demonstrate that the job was indeed posted, we present that we have exceeded those requirements. This is in contradiction of the panel where it said that there was no letter or other attestation from any appropriate university official. (DO 7) We also would like to point out inconsistencies and ambiguity in past similar cases.

The refusal or failure to look though the appeal file and see the evidence as stated above despite agreeing and concurring that "the regulations do not preclude an employer from providing documentation of the advertisement posted on its website in manner other than by submitting dated printouts of the website" and even discussing it at length in the Decision and Order is unfair. Example of cases where the board has looked through and considered other evidence apart from the document rejected by the CO: EZCHIP where the board considered 2 additional documents. AMNEAL Pharmaceuticals (2012-PER-03266) where the board considered three different documentations. In each of these instances, the instant case would meet the criteria that those panels have stated. The board in KPMG LLP, 2010-PER-01204 (Oct 5, 2011), Revenue Management, 2010-PER-01287 (Oct 3, 2011) and Vinmar International, 2011-PER-00516 (January 18, 2012) all stated that the panels in those cases have looked through the documentation and said:

"Employer did not provide documentation of the website advertisement through the method specified under the regulation, the method articulated in the FAQ response, *or any other adequately credible documentation*" Vinmar (p4, emphasis added). Vinmar was silent on what would constitute this credible documentation.

We respectfully petition the court for an En Banc review to clarify what criteria would be considered in deciding what constitutes "adequately credible documentation" to support that the website posting was indeed posted. This will serve to maintain uniformity with BALCA decisions.

### Reliance on faulty findings of fact that cause prejudicial assumptions offends fundamental fairness and due process

The Decision and Order dated November 16, 2016 stated factual mistakes with regards to the dates. On DO page 2, the background information or statement of facts section of the Decision and Order states that the CO issued a second Audit Notification dated February 28, 2011. (DO 2) The record will show that second request was not given to the employer for more than one year after the stated date. The correct date is February 28, 2012. (AF 36) The significance of this is that at footnote of (DO 2), the board states that the employer "has not raised any issue on appeal regarding the absence of its February 16, 2011 audit response, *presumably as it was subsequently provided an opportunity to resubmit the response*" (DO 2 footnote emphasis added)

The board incorrectly stated that the CO requested another audit 40 days after the initial audit dated January 18, 2011. (DO 2)

The correct timeline is as follows:

January 13, 2011 – Employment and Training Administration (ETA) accepted Form ETA 9089 for processing (AF 136)

January 18, 2011 – ETA selects the application for audit and requests documentation (AF 136)

February 10, 2011 – Employer submits requested audit documentation. (AF 38)

*February 28, 2012* – ETA requests another copy of the audit response (AF 36) (emphasis on date)

March 1, **2012** – Employer re-submits documents required by ETA (AF 35) (emphasis on date)

March 23, 2012 – Initial Denial (AF 32)

We respectfully propose that the erroneous information that the board considered on the initial facts of the case is a clear violation of due process. The assumption made by the board at the footnote clearly indicates that this was not a mere typographical error and the board in reviewing this case was operating under the false idea that the employer was given another chance past the 30 days to submit its audit response. Another proof that this is not a mere typographical error is that the board on DO (2) incorrectly stated that the cover letter was dated March 1, 2011. When the cover letter (AF 35) very clearly stated the year to be 2012. This shows that the board's written finding of fact was inaccurate and offends fundamental fairness and procedural due process. With all due respect, as opposed to simple clerical mistakes, such factual errors on the part of BALCA seem to contradict its impartiality. The panel in this case may have made an honest mistake with the date on the second request for the audit response which was Feb 28, 2012. But to continue on to the next document which was very clearly marked as March 1, 2012 (AF 35) and state in the DO that it was March 1, 2011 to fit the preconceived notion that the employer was deficient from the beginning, is the very demonstration of "prejudice". The bias of which was obvious from the board's statements on the footnote. Further demonstration of this is the board's statement that:

"The employer in this case submitted no affidavit as described in the FAQ and no letter or other attestation from any appropriate university official" (DO 7)

This statement is, too, is simply not true. (AF 3, AF 27, AF 38, AF 59) BALCA's impartial assessments must be based on an accurate reading of the facts.

Finally, the board in its ruling and footnote on DO(2) failed to cite that the "note" provided by the CO in the first paragraph also states that when the employer's first audit file received on February 16, 2011 becomes available, it will be provided to BALCA. In fact, nowhere in the DO was this mentioned. This "note" was only made aware to the employer in the appeal file. In fact, there was no mention of the "non-necessity" of a complete appeal file on the cover page of the transmittal letter. The very first page only stated that it will be made available to all parties "when they find it". We find it unfair to assume that our apparent silence was presumed to mean we did not have issues, particularly when the CO twice led us to believe that the appeal file would be supplemented, and it was not. (Transmittal Letter and AF 135) It was also unfair that the panel in this case left out this statement which was mentioned twice as opposed to one sentence mentioned once on a "note" that was not signed, not dated, and does not have an official ETA header. (AF 135) The employer never accused the CO of losing the first audit response and they clearly did not claim so either. (Transmittal Memo) The board in the past has clearly stated and quoted in the finding of facts that the CO will forward the missing appeal file to the board as it becomes available. (BAMM INC 2010-PER-01180 p2) The board has held in the past that the failure to provide a complete and accurate appeal file for review would result in the panel resolving all inferences in favor of the employer. (BAMM

-5-

INC 2010-PER-01180 p8) The employer recognizes that the second audit response was identical to the first one that was submitted. However, this suggests favoritism by the panel in this case towards the CO, which is a denial of fundamental fairness and due process.

Because of this reason and in addition to others, the employer petitions the court for an En Banc review with the correct facts of the case considered. We furthermore request equitable remedy by ordering a reversal of denial due to the bias that was lobbied against the employer stemming from the violation of due process.

## Substance over Form

Finally, the board on DO (3, 4) concedes that the CO did acknowledge the website posting and its contents. The brief for the employer explained that the second reason for denial was a "concession after considering the evidence submitted in response to the audit notification and the request for reconsideration, *that the advertisement was posted*" (emphasis added) (employers brief at page 4)

Fundamental fairness dictates that facts need to be consistent. We find it unreasonable to cite the webpage advertisement as "not acceptable", then use the same "unacceptable document" as basis for the second reason for denial. The board itself on the DO (3, 4) states as a fact in the second reason for denial that the CO specifically cites the documentation submitted as proof for the webpage posting. One of the employer's argument against the first reason for denial is predicated on recognizing that the CO agrees that there was a website posting. Applying one evidence against one reason then using the same evidence for another corrupts the conditions on which due process is required. The CO simply cannot have his cake and eat it too.

## Conclusion

For these reasons we respectfully petition the court to grant an en banc review of the instant case with accurate facts. We also ask for equitable remedy. It is in our opinion through the reasons presented that an en banc review of the case is very much required to maintain uniformity of the Board's decisions as well as to address the instances where fundamental fairness and proper due process were absent. Thank you.

-6-

000188

William. F. Haning, III, MD
Director, Undergraduate Medical Education (Director, M.D. Programs)
Professor and Program Director, Addiction Psychiatry/Addiction Medicine

John A. Burns School of Medicine
University of Hawai'i
651 Ilalo Street, Medical Education Building
Honolulu, Hawai'i  96813-5534

Cc:

Counsel for Litigation
U.S. Department of Labor, Office of the Solicitor
Division of Employment and Training Legal Services
Room N-2101, FPB
200 Constitution Avenue, NW
Washington, DC 20210
{hard copy – FedEx Overnight}

000189



UNIVERSITY
of HAWAI'I·
MĀNOA

John A. Burns School of Medicine
Office of the Dean

651 Ilalo Street, Medical Education Building
Honolulu, Hawai'i 96813-5534
An Equal Opportunity/Affirmative Action Institution

## SERVICE SHEET

Case Name:             University of Hawaii

Case Number:           2012-PER-02131

Document Title:        Petition for En Banc Review by the Board

                       BALCA Case Number: 2012-PER-02131

                       ETA Case Number: A-10344-38244

                       In the Matter of University of Hawaii, Employer on

                       behalf of Ya-Wen Hsiao, Alien

I hereby certify that a copy of the above-referenced document was sent to the following this 1st day of December, 2016 by FedEx Overnight.

Counsel for Litigation
U.S. Department of Labor, Office of the Solicitor
Division of Employment and Training Legal Services
Room N-2101, FPB
200 Constitution Avenue, NW
Washington, DC 20210
(Hard Copy – FedEx Overnight)

Chief Docket Clerk
Office of Administrative Law Judges
Board of Alien Labor Certification Appeals
800 K Street, NW
Suite 400N
Washington, DC 20001-8002
(Hard Copy – FedEx Overnight)

William. F. Haning, III, MD
Director, Undergraduate Medical Education (Director, M.D. Programs)
Professor and Program Director, Addiction Psychiatry/Addiction Medicine

John A. Burns School of Medicine
University of Hawai`i
651 Ilalo Street, Medical Education Building
Honolulu, Hawai'i 96813-5534

000190

**U.S. Department of Labor**

Board of Alien Labor Certification Appeals
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



**Issue Date: 16 November 2016**

BALCA Case No.:   **2012-PER-02131**
ETA Case No.:     A-10344-38244

*In the Matter of:*

# UNIVERSITY OF HAWAII,
     *Employer,*

     *on behalf of*

# YA-WEN HSIAO,
     *Alien.*

Certifying Officer:     William Carlson, Ph.D.
                   National Certifying Officer
                   Atlanta National Processing Center

Appearance:         David A.M. Ware, Esquire
                   Ware Gasparian
                   Metarie, Louisiana
                   *For the Employer*

Before:             Colleen A. Geraghty, *District Chief Administrative Law Judge* and
                   Timothy J. McGrath and Daniel F. Sutton, *Administrative Law Judges*

Opinion for the Board filed by GERAGHTY, *District Chief Administrative Law Judge* with whom
McGRATH and SUTTON, *Administrative Law Judges*, join:

## DECISION AND ORDER
## AFFIRMING DENIAL OF CERTIFICATION

      This matter which arises under Section 212(a)(5)(A) of the Immigration and Nationality
Act ("INA"), 8 U.S.C. § 1182(a)(5)(A) and the "PERM" labor certification regulations at 20
C.F.R. Part 656[1] is before the Board of Alien Labor Certification Appeals ("the Board") on the
Employer's request for review pursuant to 20 C.F.R. § 656.26 of the administrative denial of its

---

[1]  "PERM" is an acronym for the "Program Electronic Review Management" system established by the regulations
that went into effect on March 28, 2005. 69 Fed. Reg. 77326 (Dec. 27, 2004).

application for a Permanent Employment Certification. The Board's consideration of the request for review is based on a review of the record upon which the denial of certification was made, the request for review, and any statement of position or legal brief. 20 C.F.R. § 656.27(c). For the reasons set forth below, we affirm the denial of the Employer's Application for Permanent Employment Certification.

## BACKGROUND

On January 13, 2011, the Certifying Officer ("CO") accepted for filing the Employer's *Application for Permanent Employment Certification* ("Form 9089") sponsoring the Alien for permanent employment in the United States as an "Information Technology Specialist (Educational Technology Specialist)" in Honolulu, Hawaii at the offered annual wage of $57,194.00. (AF 140-151).[2]  The occupational title listed on the Employer's Form 9089, Section F-3 was "Computer Software Engineers, Applications, Non," Standard Occupational Classification Code 15-1034.00. (AF 141). The Employer attested that the job of Information Technology Specialist is a professional occupation; that the minimum education requirement is a Bachelor's degree in Management Information Systems, and that no experience in the job is required. (AF 141-143). The Employer further attested that it would accept a Bachelor's degree in Information Systems, Computer Science, Project Management or Electrical Engineering but that there is no alternate combination of education and experience that is acceptable. (AF 142).

On January 18, 2011, the CO issued an *Audit Notification* which directed the Employer to submit documentation supporting the attestations made in the Form 9089 including recruitment documentation as described in 20 C.F.R. § 656.17. (AF 136-139). The Employer submitted the requested audit information on February 16, 2011. (AF 136). The CO then issued a second *Audit Notification* letter on February 28, 2011. (AF 132-133). In this letter, the CO requested the Employer to "[p]rovide a copy of the complete, original response as submitted on February 16, 2011. Copies may be used if original documents (tear sheets, PWD, etc.) were sent with the prior submission." (AF 133).[3]  As requested, the Employer resubmitted its audit response under cover letter dated March 1, 2011. (AF 35-131).

The CO denied certification of the Employer's application on two grounds in a letter dated March 23, 2012. (AF 32-34). In Denial Reason #1, the CO stated the Employer had failed to provide adequate documentation of the additional recruitment steps required for professional

---

[2] Citations to the Appeal File are abbreviated as "AF" followed by the page number.

[3] The Employer's audit response that was filed with the CO on February 16, 2011 is not included in the Appeal File that was transmitted to the Board by the CO, apparently because it is no longer available for reasons that are not clear from the record.  The CO included the following statement in the AF:

> It is noted the employer's response to audit received by the Department of Labor's Office of Foreign Labor Certification on 02/16/2011 is not necessary to render an accurate determination on the employer's request for reconsideration as outlined in the Transmittal Letter.

(AF 136). The Employer has not raised any issue on appeal regarding the absence of its February 16, 2011 audit response, presumably as it was subsequently provided an opportunity to resubmit the response.

000192

occupations as requested in the *Audit Notification* letter. (AF 33). The CO noted that the Employer indicated in the Form 9089 that it used its web site to advertise the job opportunity and that it had "provided a document which looks to be a word document that is title[ed], "Work at UH Advertisement." (AF 33).[4] The CO stated that "[t]he document does not appear to be from a website, nor is there any proof that the documentation was posted to the employer's website." (AF 33). The CO concluded that the Employer had failed to provide dated copies of the pages from the site that advertised the job opportunity and that denial of its application was authorized by 20 C.F.R. § 656.17(e)(l)(ii)(B) which states that "[t]he use of the employer's web site as a recruitment medium can be documented by providing dated copies of pages from the site that advertise the occupation involved in the application." (AF 33). As Denial Reason #2, the CO stated that the documentation submitted as proof of the Employer's website advertising "offers terms and conditions of employment that are less favorable than those offered to the foreign worker. Specifically, the advertisement contains a wage of $3,684 per month, $44,220.80 per year which is lower than the offered wage, $57,194.00 per year listed in section G.l on the ETA Form 9089." (AF 33). The CO concluded that denial was authorized by 20 C.F.R. § 656.17(f)(7) which provides that advertisements placed in newspapers of general circulation or in professional journals must "not contain wages or terms and conditions of employment that are less favorable than those offered to the alien." (AF 33).

On April 19, 2012, the Employer filed a request for reconsideration with the CO. (AF 3-31). In response to Denial Reason #1, the Employer stated,

> As a matter of University of Hawaii (UH) policy, every position being recruited is advertised on our Work at UH website (workatuh.hawaii.edu). Attached is a printout of the advertisement from the Work at UH website which contains the URL and print date of August 3, 2010 as proof that this ad was indeed posted on the University's website during the period stated in the ETA Form 9089. This particular printout was not previously provided by the UH John A. Burns School of Medicine, which conducted the recruitment, to the Office of Faculty and Scholar Immigration Services (FSIS), which handled the filing of the PERM application. Thus, only the printout of the ad without the URL and print date (due to printer settings) was available to FSIS at the time of the audit response.

(AF 3). With regard to Denial Reason #2, the Employer requested reconsideration, asserting that §656.17(f)(7), which the CO cited, only applies to "advertisements placed in newspapers of general circulation or in professional journals" and not to website advertisements. (AF 3). The Employer further contended,

> Even if Sec. 656.17(f)(7) can be applied to advertisements under 656.17(e)(1)(ii), the University clearly indicated in the ad that the salary included in the Work at UH advertisement was a "minimum" amount. Any applicant would have been

---

[4] The document referred to by the CO is found at pages 77-80 of the Appeal File. It bears the heading, "Work at UH Advertisement" and contains a "Date Posted: August 02, 2010" and a "Closing Date: September 04, 2010." (AF 77). The document is otherwise not dated, nor does it appear, as the CO pointed out, to be a copy of an advertisement printed from a website.

- 3 -

immediately apprised of this fact upon even a cursory glance at the ad. Since it was specified that this salary was the starting point from which a successful applicant could negotiate, the University was not attempting to offer the foreign national a more favorable wage than it would to an equally or better qualified [. . .] applicant.

(AF 4). The Employer added that,

> IT Specialist positions are classified as Administrative, Professional, and Technical (APT) positions, which are covered by a collective bargaining agreement that contains salary schedules. At the time of the original posting of the position, all University APT positions were advertised on the Work at UH job posting website stating only the minimum salary per the collective bargaining agreement between the University of Hawaii and the Hawaii Government Employees Association (HGEA). The IT Specialist position described in the ETA Form 9089 is a Pay Band B position with a possible salary range from $42,492 per year through $107,748 per year.

(AF 4). The Employer stated that the "details of the salary ranges are available to the public on the University Office of Human Resources website for the APT Broadband System and in an "Information Technology Point Conversion Worksheet" also available on the website. (AF 4).

In a letter dated April 30, 2012, the CO notified the Employer it had not overcome the deficiencies cited in the initial determination. (AF 1-2). Specifically, the CO determined that the printout containing the URL and the print date that the Employer submitted with its request for reconsideration were barred by 20 C.F.R. §§ 656.24(g)(2) because the Employer had the opportunity to submit adequate proof of the website advertisement with its audit response and failed to do so. (AF 1). The CO thus concluded that "[s]ince the employer failed to provide adequate proof of the advertisement on the employer's website in response to the audit letter," denial was valid in accordance with 20 C.F.R. § 656.17(e)(l)(ii)(B). The CO also concluded that Denial Reason #2 remained valid despite the Employer's arguments in support of reconsideration:

> However, the employer's website is one part of the recruitment effort used by the employer to test the labor market and must therefore contain the same information required of advertisements set forth in Departmental regulations at 20 CFR § 656.17(f). Additionally, the advertisements must not contain wages and terms and conditions of employment that are less favorable than those offered to the foreign worker in accordance with Departmental regulations at 20 CFR § 656.17(f)(7).

Since the advertisement on the Employer's website contained a wage less than the offered wage as listed on the ETA Form 9089, the CO determined that Denial Reason #2 was valid pursuant to 20 C.P.R. § 656.17(£)(7). (AF 1-2).

After denying the Employer's request for reconsideration, the CO forwarded the case to the Board. In response to the Board's notice of docketing, the Employer filed a statement

- 4 -

confirming its intention to proceed with the appeal. The Employer also filed a brief ("Emp. Br.") with the Board. On August 4, 2016, the Board issued an *Order Requiring Certification on Mootness.* The Employer responded by letter dated August 17, 2016 which certified that the job is still open and available and that the Alien is still ready, willing, and able to fill the position. The CO did not file an appellate brief.

## STANDARD OF REVIEW

The Board's review of the CO's legal and factual determinations when denying an application for permanent alien labor certification is *de novo,* limited in scope by 20 C.F.R. § 656.27(c). *Albert Einstein Medical Center*, 2009-PER-00379 (Nov. 21, 2011) (*en banc*), slip op. at 32. Thus, the Board engages in *de novo* review of the record upon which the CO denied permanent alien labor certification, together with the request for review, and any statements of position or legal briefs. *Id.* at 25. The Board may not consider evidence first presented in an appellate brief. *Id.* at 7. The Board permits general legal argument in briefs, but will not consider wholly new arguments not made before the CO. *Id.* at 8. The Board will not decide an appeal on grounds for denial not raised while the case was before the CO. *Loews Anatole Hotel*, 1989-INA-00230 (Apr. 26, 1991) (*en banc*); *Mandy Donuts Corp.*, 2009-PER-00481 (Jan. 7, 2011).

## DISCUSSION

The permanent labor certification process is the first step an employer must complete in order to sponsor certain foreign workers for lawful permanent resident status.[5] 8 U.S.C. § 1182(a). The labor certification represents the Secretary of Labor's certification that there are no able, willing, qualified, and available U.S. workers for the position the alien seeks to perform on a permanent basis.[6] 8 U.S.C. § 1182(a)(5)(A)(i)(I). PERM is an attestation-based program. 20 C.F.R. § 656.10(c). Among other attestations, an employer must attest that the job opportunity listed in the application for permanent employment certification has been and is clearly open to any U.S. worker. 20 C.F.R. § 656.10(c)(8). Accordingly, the regulations require an employer to conduct mandatory recruitment steps and make a good-faith effort to recruit U.S. workers prior to filing an application for permanent alien labor certification. *See* 20 C.F.R. § 656.17(e); *Labor Certification for the Permanent Employment of Aliens in the United States; Implementation of New System*, 69 Fed. Reg. 77326, 77348 (Dec. 27, 2004). If the employer's recruitment efforts do not yield any able, willing, qualified, and available U.S. workers, the employer may file an application on Form 9089. *See, e.g.,* 20 C.F.R. § 656.17(a). An employer sponsoring a foreign worker for permanent labor certification bears the burden of proving that all regulatory requirements have been satisfied before the CO can grant certification. 8 U.S.C. § 1361; 20 C.F.R. § 656.2(b).

---

[5] Lawful permanent resident status is commonly referred to as having a green card. Among the benefits afforded to lawful permanent residents is the opportunity to apply for naturalization. 8 U.S.C. § 1427(a).

[6] The labor certification also represents the Secretary of Labor's certification that the permanent employment of the foreign worker will not adversely affect the wages and working conditions of similarly employed U.S. workers. 8 U.S.C. § 1182(a)(5)(A)(i)(II).

000195

Where, as in this case, an employer sponsors an alien worker for a job opportunity classified as a professional occupation, the employer must conduct additional recruitment steps, one of which is use of the employer's website. 20 C.F.R. § 656.17(e)(1)(ii)(B). Section 656.17(e)(1)(ii)(B) provides that "[t]he use of the employer's Web site as a recruitment medium can be documented by providing dated copies of pages from the site that advertise the occupation involved in the application." An employer seeking permanent labor certification must also be prepared to submit required documentation of those steps in the event of an audit. *Peritus Inc.*, 2012-PER-01227 (Apr. 30, 2013), *see also* 20 C.F.R. §§ 656.10(f) (requirement that supporting documentation be retained for five years from the filing date) and 656.17(a)(3) (requirement that employer produce required documentation in the event of an audit).

The CO denied certification because the Employer did not submit a dated copy of the advertisement from its website, and he refused to consider the dated copies that the Employer submitted with its request for reconsideration. In *Kyyba Inc.*, 2012-PER-01465 (Aug. 30, 2016), another Board panel recently affirmed the CO's denial of certification and refusal to accept documentation that was not provided in the audit response under identical circumstances. *See also Nippon Travel Agency Micronesia,* Inc., 2012-PER-00125 (Apr. 14, 2012); *DGN Technologies, Inc.*, 2011-PER-02869 (Mar. 26, 2013). We fully agree with this precedent and conclude that since the Employer admittedly failed to submit acceptable proof of its website recruitment in response to the CO's *Audit Notification*, denial of certification pursuant to 20 C.F.R. § 656.17(e)(1)(ii)(B) is warranted. We also conclude that the CO properly refused to accept the Employer's proof that was offered for the first time with its request for reconsideration because the Employer had the opportunity, and indeed the responsibility, to submit this evidence with its audit response. 20 C.F.R. § 656.24(g)(2)(i)-(ii).

In concluding that affirmance of the CO's Denial Reason #1 is warranted, we have considered but are unpersuaded by the Employer's arguments on appeal that the proof of website advertising that it submitted with its audit response complied with the requirements of § 656.17(e)(1)(ii)(B) based on the Board's decision in *EZCHIP, Inc.*, 2010-PER-00120 (Jan. 12, 2011) and that the evidence submitted with its request for reconsideration is properly before the Board because it was considered by the CO and is, thus, part of the record. Emp. Br. at 3-5. The Employer's reliance on *EZCHIP* is unavailing. In *EZCHIP,* the Board panel stated,

> The regulations do not preclude an employer from providing documentation of the advertisement posted on its website in a manner other than by submitting dated printouts of the website advertisement, and the Office of Foreign Labor Certification ("OFLC") website notes that the CO may find documentation adequate even if the Employer cannot provide the dated copies of the advertisement from the website. The OFLC website includes a response to a Frequently Asked Question ("FAQ") stating that if an employer does not have a copy of the posting from its website, "the employer may provide an affidavit from the official within the employer's organization responsible for the posting of such occupations on the website attesting, under penalty of perjury, to

- 6 -

> the posting of the job." However, the FAQ states that such a submission does not guarantee that the CO will find such a submission to be adequate documentation of the posting on the website.

Slip op. at 4 (footnotes omitted). We concur with this analysis. However, in *EZCHIP*, the documentation submitted by the employer with its audit response (1) included a letter from the Employer's Vice President of Worldwide Sales, certifying that he posted the job opportunity on the website from May 29, 2007, to July 19, 2007, (2) and a five-page document dated September 24, 2007, showing a listing of open positions for the Employer's organization, and showing the Employer's website address at the bottom of each page. *Id.* The Employer in this case submitted no affidavit as described in the FAQ and no letter or other attestation from any appropriate university official. More importantly, the Employer seems to have overlooked the panel's ultimate holding in *EZCHIP*:

> Because the five page job announcement document showed the date of posting as September 24, 2009 — as opposed to a date between May 29 and July 19, 2007 — it did not by itself comply with the regulatory requirement of documentation through dated copies of the website posting. Thus, the Employer needed some other proof of the dates of the posting. The statement of the Vice President of Worldwide Sales, included with the audit response, did not indicate that the Vice President was the official within the Employer's organization responsible for the posting of such occupations on the website. Thus, the audit response documentation did not establish the dates of posting in the affidavit format specified by the OFLC FAQ. Moreover, we note that the affidavit was dated October 10, 2007, almost three months after the dates that the posting assertedly was made.
>
> Website pages are often ephemeral. Thus, retention of reliable contemporaneous documentation of the status of a web page on the dates attested to in the Form 9089 is essential for an employer to be able to meet the PERM documentation requirement of dated copies of company website postings. In the instant case, the Employer failed to document the website advertisement through the method specified under the regulation, the alternate method articulated in the FAQ response, or any other adequately credible documentation. Although the Vice President's letter may constitute a form of documentation, it did not provide enough information for the CO to determine that the Vice President of Worldwide Sales personally posted the job opportunity on the Employer's website. *See PSI Family Services, Inc.*, 2010-PER-97 (Apr. 16, 2010); *Living Earth Landscape Design, LLC*, 2009-PER-480 (Apr. 15, 2010).

Id. at 4-5 (footnotes omitted). Consequently, the panel affirmed the CO's denial of certification for noncompliance with the proof requirements of § 656.17(e)(l)(ii)(B). *Id.* at 6. Therefore, rather than supporting the Employer's position, *EZCHIP* confirms that the CO correctly determined that the undated, unverified documentation submitted with the audit response, which was clearly inferior to the proof submitted in *EZCHIP*, failed to comply with the requirements of

§ 656.17(e)(l)(ii)(B).  We also reject as totally at odds with the record the Employer's claim that the CO considered the documentation offered with the request for reconsideration, thus placing it before the Board.  That is, the record unambiguously demonstrates that the CO refused to consider the Employer's new evidence pursuant to 20 C.F.R. §§ 656.24(g)(2) because he determined that the Employer had the opportunity to submit adequate proof of the website advertisement with its audit response and failed to do so.  (AF 1).

Since the CO did not err in denying certification pursuant to 20 C.F.R. § 656.17(e)(l)(ii)(B), we affirm.[7]

## <u>ORDER</u>

**IT IS ORDERED** that the denial of labor certification in this matter is hereby **AFFIRMED.**

**SO ORDERED.**

For the panel:



Digitally signed by Colleen Geraghty
DN: CN=Colleen Geraghty,
OU=Administrative Law Judge, O=US
DOL Office of Administrative Law
Judges, L=Boston, S=MA, C=US
Location: Boston MA

**COLLEEN A. GERAGHTY**
Administrative Law Judge

---

[7] In view of our determination to affirm denial of certification for noncompliance with § 656.17(e)(l)(ii)(B), we find it unnecessary to address the CO's second denial reason.

- 8 -

000198

**NOTICE OF OPPORTUNITY TO PETITION FOR REVIEW:** This Decision and Order will become the final decision of the Secretary unless within twenty days from the date of service a party petitions for en banc review by the Board. Such review is not favored and ordinarily will not be granted except (1) when en banc consideration is necessary to secure or maintain uniformity of the Board's decisions, or (2) when the proceeding involves a question of exceptional importance. Petitions must be filed with:

**Chief Docket Clerk**
**Office of Administrative Law Judges**
**Board of Alien Labor Certification Appeals**
**800 K Street, NW**
**Suite 400N**
**Washington, DC 20001-8002**

Copies of the petition must also be served on other parties and should be accompanied by a written statement setting forth the date and manner of service. The petition shall specify the basis for requesting en banc review with supporting authority, if any, and shall not exceed ten double-spaced pages. Responses, if any, shall be filed within ten days of service of the petition, and shall not exceed ten double-spaced pages. Upon the granting of a petition the Board may order briefs.

000199

**SERVICE SHEET**

Case Name:  In_re_UNIVERSITY_OF_HAWAII_

Case Number: **2012PER02131**

Document Title: **DECISION AND ORDER AFFIRMING DENIAL OF CERTIFICATION**

I hereby certify that a copy of the above-referenced document was sent to the following this 16th day of November, 2016:



Digitally signed by Kristian Hinojosa
DN: CN=Kristian Hinojosa, OU=Legal
Assistant, O=US DOL Office of
Administrative Law Judges, L=Boston,
S=MA, C=US
Location: Boston MA

**Kristian Hinojosa**
Legal Assistant

ALC Certification Officer
U. S. Department of Labor/ETA
Harris Tower
233 Peachtree Street
Suite 410
ATLANTA GA 30303
       *{Hard Copy – Regular Mail}*

Counsel for Litigation
Employment and Training Legal Services
Room N-2101, FPB
200 Constitution Ave., N. W.
WASHINGTON DC 20210
       *{Hard Copy – Regular Mail}*

Administrator
Office of Foreign Labor Certification
U.S. Department of Labor/ETA
Room C-4312, FPB
200 Constitution Ave., N.W.
WASHINGTON DC 20210
       *{Hard Copy – Regular Mail}*

YA-WEN HSIAO
423 NAMAHANA ST. #102
HONOLULU HI 96815
       *{Hard Copy – Regular Mail}*

Signe Nakayama
UNIVERSITY OF HAWAII
FACULTY & SCHOLAR IMMIGRATION SERVICES
2565 MCCARTHY MALL, PSB 102-106
HONOLULU HI 96822
       *{Hard Copy – Regular Mail}*

David A. M. Ware, Esq.
Ware/Gasparian
3850 N. Causeway Blvd.
Suite 555
METAIRIE LA 70002
       *{Hard Copy – Regular Mail}*

**U.S. Department of Labor**

Board of Alien Labor Certification Appeals
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



**Issue Date: 29 March 2017**

BALCA Case No:  **2012-PER-02131**
ETA Case No:    A-10344-38244

*In the Matter of:*

**RECEIVED** MAR 2 2 2018

**UNIVERSITY OF HAWAII,**
            *Employer,*

    *on behalf of,*

**HSIAO, YA-WEN,**
            *Alien.*

## ORDER DENYING PETITION FOR EN BANC REVIEW

On November 16, 2016, a three-member panel of the Board of Alien Labor Certification Appeals issued a decision and order affirming the Certifying Officer's denial of certification in the above-captioned permanent labor certification matter. The Employer timely filed a petition for en banc review. Upon consideration of the arguments presented in the Employer's petition, the Board finds that en banc review is not necessary to secure or maintain uniformity of decisions or to resolve a question of exceptional importance. Accordingly, the Employer's petition for en banc review is hereby **DENIED**.

Entered at the direction of the Board by:



Digitally signed by TODD R. SMYTH
DN: CN=TODD R. SMYTH, OU=LEGAL
COUNSEL, O=US DOL Office of
Administrative Law Judges,
L=Washington, S=DC, C=US
Location: Washington DC

**Todd R. Smyth**
Secretary to the Board

# SERVICE SHEET

Case Name: **In_re_UNIVERSITY_OF_HAWAII_**

Case Number: **2012PER02131**

Document Title: **ORDER DENYING EN BANC REVIEW**

I hereby certify that a copy of the above-referenced document was sent to the following this 29th day of March, 2017:



Digitally signed by Carla Thomas
DN: CN=Carla Thomas, OU=Paralegal,
O=US DOL Office of Administrative Law
Judges, L=Washington, S=DC, C=US
Location: Washington DC

**Carla Thomas**
Paralegal

ALC Certification Officer
U. S. Department of Labor/ETA
Harris Tower
233 Peachtree Street
Suite 410
ATLANTA GA 30303
*{Hard Copy - Regular Mail}*

Counsel for Litigation
Employment and Training Legal Services
Room N-2101, FPB
200 Constitution Ave., N. W.
WASHINGTON DC 20210
*{Hard Copy - Regular Mail}*

Administrator
Office of Foreign Labor Certification
U.S. Department of Labor/ETA
Room C-4312, FPB
200 Constitution Ave., N.W.
WASHINGTON DC 20210
*{Hard Copy - Regular Mail}*

YA-WEN HSIAO
423 NAMAHANA ST. #102
HONOLULU HI 96815
*{Hard Copy - Regular Mail}*

Signe Nakayama
UNIVERSITY OF HAWAII
FACULTY & SCHOLAR IMMIGRATION SERVICES
2565 MCCARTHY MALL, PSB 102-106
HONOLULU HI 96822
*{Hard Copy - Regular Mail}*

David A. M. Ware, Esq.
Ware/Gasparian
3850 N. Causeway Blvd.
Suite 555
METAIRIE LA 70002
*{Hard Copy - Regular Mail}*

John A. Burns School of Medicine
Office of the Dean
Office of Medical Education
651 Ilalo Street, Medical Education Building, Room 307
Honolulu, Hawai'i 96813-5534
An Equal Opportunity/Affirmative Action Institution

UNIVERSITY
of HAWAI'I·
MĀNOA

July 14, 2017

The Most Honorable Chief Judge Stephen Henley
Office of Administrative Law Judges
Board of Alien Labor Certification Appeals
800 K Street, NW
Suite 400N
Washington, DC 20001-8002

RE:   Pro Se Motion for Relief from Judgement and Order and Personal letter from alien beneficiary
      **BALCA Case Number:   2012-PER-02131**
      **ETA Case Number:      A-10344-38244**
      **In the Matter of University of Hawaii, Employer on behalf of Ya-Wen Hsiao, Alien**

Dear Sir/Madam,

Enclosed please find the Pro Se Motion for Relief from Judgement and Order and Personal Letter from Alien beneficiary in connection with the above-referenced case. Please contact me if you require any additional information.

William. F. Haning, III, MD
Professor and Program Director, Addiction Psychiatry/Addiction Medicine

John A. Burns School of Medicine
University of Hawai'i
651 Ilalo Street, Medical Education Building
Honolulu, Hawai'i 96813-5534

UNIVERSITY
of HAWAIʻI

MĀNOA

John A. Burns School of Medicine
Office of the Dean
Office of Medical Education
651 Ilalo Street, Medical Education Building, Room 307
Honolulu, Hawaiʻi 96813-5534
An Equal Opportunity/Affirmative Action Institution

# SERVICE SHEET

Case Name:                          University of Hawaii

Case Number:                        2012-PER-02131

Document Title:                     Pro Se Motion for Relief from Judgement and Order and Personal Letter
from Alien beneficiary

BALCA Case Number: 2012-PER-02131

ETA Case Number: A-10344-38244

In the Matter of University of Hawaii, Employer on

behalf of Ya-Wen Hsiao, Alien

I hereby certify that a copy of the above-referenced document was sent to the following this 14th day of July, 2017 by FedEx Overnight.

Counsel for Litigation
U.S. Department of Labor, Office of the Solicitor
Division of Employment and Training Legal Services
Room N-2101, FPB
200 Constitution Avenue, NW
Washington, DC 20210
(Hard Copy – FedEx Overnight)

Most Honorable Chief Judge Stephen Henley
Office of Administrative Law Judges
Board of Alien Labor Certification Appeals
800 K Street, NW
Suite 400N
Washington, DC 20001-8002
(Hard Copy – FedEx Overnight)

William. F. Haning, III, MD
Professor and Program Director, Addiction Psychiatry/Addiction Medicine

John A. Burns School of Medicine
University of Hawaiʻi
651 Ilalo Street, Medical Education Building
Honolulu, Hawaiʻi 96813-5534

UNIVERSITY
of HAWAI‘I®
MĀNOA

John A. Burns School of Medicine
Office of the Dean
Office of Medical Education

651 Ilalo Street, Medical Education Building, Room 307
Honolulu, Hawai'i 96813-5534
An Equal Opportunity/Affirmative Action Institution

Department of Labor
Board of Alien Labor Certification Appeals

The Most Honorable Judge Stephen Henley
Chief Administrative Law Judge and Chair of the Board of Alien Labor Certification Appeals

BALCA Case Number: 2012-PER-02131
ETA Case Number: A-10344-38244

July 14, 2017

In the Matter of Permanent Labor Certification Application of

University of Hawaii

On Behalf of

Ya-Wen Hsiao

### Pro Se Motion for Relief from Judgement and Order

We respectfully petition and request a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure to the Chief Administrative Law Judge, the most honorable Judge Henley for relief from the Decision and Order for the instant case dated November 16, 2016 and the Order Denying Petition for En Banc Review dated March 29, 2017.

### Background

On November 16, 2016, a three-member panel of the BALCA issued a Decision and Order on the instant case. The employer filed a timely petition for En Banc review of the Decision and a motion for equitable relief. On March 29, 2017, the BALCA issued an order denying the petition for review but did not address the motion that was requested for in the petition. There were also no named judges on the order as was the standard procedures in past cases when an En Banc review petition was being adjudicated. (Exhibit A) The order appeared to be a "boiler plate" response. On April 5, 2017, the alien Ms. Hsiao called the OALJ office to request the names of the judges who were in the En Banc panel and was told that there were no judges involved. On April 17, 2017, the employer called the office to verify this statement and was given the same information. Ms. Hsiao and the employer, surprised at the answer then initiated a Freedom of Information Act Request to the OALJ to gather more information as to the procedures that were

- 1 -

used. In the process of the documents being released, it was evident that the chances for successful granting of En Banc review has dramatically changed. The responsive documentation also showed that there were only two responses from the call to vote from the Deputy Secretary. There was no evidence through the responsive documents released to the alien that any member of the En Banc panel considered or voted on the motion that the employer requested. The employer through a letter from Associate Chief Judge for Immigration, Judge Almanza also discovered that the En Banc procedures which were adopted on January 7, 2015 were never published. (Exhibit A) The final release of the FOIA documents were received on July 3, 2017.

Discussion

The board in Benish Corporation, 2011-PER-00510 (October 18, 2012) stated that because BALCA's rules of practice and procedure does not contain a provision on motions to reopen a case, it looks to the The Federal Rules of Civil Procedure for guidance. The Federal Rules of Civil Procedure Rule 60 states:

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> …
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The rules on timing states that the motion for relief under Rule 60 must be made within a year of the order and as such, this motion is timely filed. The employer presents the following reasons why the employer believes that the prior orders should be vacated and relief from those orders be granted to the employer.

*Rule 60(b)(1) and 60(b)(6) – Mistake, Inadvertence, Surprise, or excusable neglect; any other reason that justifies relief*

A) Substantive En Banc Procedures were never published; the employer was not aware of rules that directly would have changed the legal strategy in appealing the instant case.

The Employer was not aware of the procedural changes in the En Banc process that was used by the board. This is significant because if the employer knew that the possibility of En Banc review has dramatically changed, the whole strategy of how to proceed with the appeals would have been different. In particular, the employer would have considered to initially request a motion for reconsideration within ten days of the original three judge panel order (80 Federal Register 28767, 29 CFR 18.93). It is an absolute surprise that the En Banc Procedures have changed, and there was no way that the employer would have known about this because all prior cases after

the procedural changes has not listed the judges involved. The only conceivable way for the employer to "deduce" the current process was to sift through the OALJ website and read the prior En Banc Decisions. Even so, this would have not been possible because there had been no En Banc review granted since the new En Banc procedures were adopted. This is in addition to the fact that these procedures were not published anywhere and the employer only found out from doing a FOIA request. As well as confirmation of this from Judge Almanza's letter.

    B) The nine judge panel made a mistake in not considering and ruling on the motion that was clearly articulated in the Petition for En Banc review

The En Banc panel's lack of discussion, consideration and ruling for the motion that was clearly stated in the En Banc petition was a mistake. (Exhibit B – documenting only two votes without any consideration or opinion from anyone on the panel with regards to the equitable relief asked.) Prior to the procedures that was adopted in January of 2015, the five judge panels in the past have addressed other motions or issues that were presented. It was clear from these other cases and that the arguments and distinct facts and situations of those cases were considered in the respective employer's En Banc Petitions

*Benish Corporation, 2011-PER-00510 (October 18, 2012)* – Discussing at length whether FRCP rule 60 applies to the issues at hand. En Banc petition also asked for equitable relief and the panel addressed this.

*Amazon Global Resources, 2011-PER-02476 (May 13, 2013)* - Noting and discussing employer's assertion that it was not given an opportunity to present a brief

*PJ Clake's on the Hudson, 2010-PER-00064 (April 5, 2011)* – Noting that the counsel for the employer misstated the legal requirements for notice under 20 CFR 656.10 (d)

The employer at this point have no way of knowing Mr. Harry Shienfeld's recommendation because it was redacted, but as for the two judges that voted, there was no indication that the motion in the petition was voted on or discussed.

    C) The threshold for En Banc review being necessary to secure or maintain uniformity of the Board's decisions has been met as described and pointed out in the petition for En Banc.

The Denial for En Banc review did not address or explain why the instant case is distinguishable from IBM Corporation, 2011-PER-01264 (August 23, 2012). The facts of the case are point for point identical. The indistinguishable nature of these two cases is the quintessential demonstration of "en banc consideration is necessary to secure or maintain uniformity of the Board's decisions" Again, there was no indication of consideration or discussion of this in the records that were released.

    D) The original decision and order had factual and adjudicative errors which were clearly not typographical errors.

- 3-

i)    The original decision and order dated November 16, 2016 stated material and adjudicative facts wrong. The panel incorrectly stated that a second audit notification was requested on February 18, 2011. The statement of facts also stated that the employer replied on March 1, 2011. Due process demands correct and undisputable finding of facts. The footnote on page two of the order shows that the panel was clearly operating on the assumption that the Certifying Officer gave the employer another chance to comply with the second audit request. Attached is Exhibit C which demonstrates that the employer actually followed up with ETA well over a year after the initial audit request then the ETA requesting another copy of the complete audit response as opposed to what the original panel stated. Appeal File (AF 35) and (AF 36) will also prove that the dates were a mistake, as well as AF 131 which is the mailing envelope with the postmarked date of March 5, 2012.

ii)   On the decision and order, that panel stated that "the record *unambiguously* demonstrates that the CO refused to consider the Employer's new evidence"

We strongly disagree. On the final determination, the CO stated "**<u>Since the advertisement on the employer's website</u>** contained a wage less than the offered wage as listed on the the ETA Form 9089, the certifying officer has determined this reason for denial as valid in accordance with Departmental Regulations at 20 CFR 656.17(f)(7)"

It is logically fallacious and intellectually dishonest to state that there was no website posting because the employer cannot prove it, reject the evidence, then say the employer posted something wrong on its website. Using the first reason for denial as a basis for the second reason by the CO is the very antithesis of unambiguous.

*Rule 60(b)(5) - the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;*

A)    In CB & I, 2015-PER-000005 (December 30, 2016), the very same panel reversed a denial of certification which by if that standard of deliberation that was applied, should have reversed the instant case. The panel accepted not only a statement that was not in existence during the time of application, it was just the body of the advertisement from "Career Builder" pointing to their internal website. By the same analysis, the instant case has Ms. Signe Nakayama signing form 9089, the Notice of Filing and other documents, and Dr. Damon Sakai attesting to the posting in the recruitment report in addition to the campus placement ad that has the body of the website advertisement that has a direct link to the original posting and the newspaper ad directing applicants to the website. Applying the denial prospectively to this case is clearly not equitable. It is not point for point indistinguishable, because there is even more evidence in the record for the instant case that shows that there was a website posting, but the standard applied to the reversal in CB & I was clearly lower than the instant case.

- 4-

<u>Relief sought</u>

The employer would like to respectfully petition the Chief Judge to vacate both orders and to assign the instant case to a different panel to review the case with a new review and impartial view.

It would not be equitable to request this motion to the nine judge panel because the employer believes that the rules were changed without notice on a such a substantive procedure that it would be clearly unfair to request this relief from that panel. This was also the reason for addressing this motion for relief to the Chief Judge as opposed to the nine-judge panel.

It would also be untenable in the employers' opinion, to return the instant case to the original panel because as stated in the Employer's En Banc petition, apart from the factual and adjudicative errors, with evidence, the employer has demonstrated that the original panel has shown favoritism towards the certifying officer in the instant case. This in addition to the complete appellate procedures being inconsistent from past procedures.

We respectfully ask these in the interest of justice or in the alternative, a just and fair solution to the issues presented. Thank you.

William. F. Haning, III, MD
Professor and Program Director, Addiction Psychiatry/Addiction Medicine

John A. Burns School of Medicine
University of Hawai`i
651 Ilalo Street, Medical Education Building
Honolulu, Hawai'i  96813-5534


Cc:

Counsel for Litigation
U.S. Department of Labor, Office of the Solicitor
Division of Employment and Training Legal Services
Room N-2101, FPB
200 Constitution Avenue, NW
Washington, DC 20210
{hard copy – FedEx Overnight}

July 14, 2017

The Most Honorable Judge Stephen Henley

Chief Administrative Law Judge and Chair of the Board of Alien Labor Certification Appeals

Aloha,

My name is Ya-Wen Hsiao and my friends and colleagues call me Sarah. I moved to this country, particularly to Hawaii in 2003. I met the love of my life the second day I arrived here and from that day on, I had no doubt I was "home". I earned my Master Degree in Information Systems and was blessed with the opportunity to work for University of Hawaii. It has been 14 years since I have built a life here. Hawaii is what I consider my home, 14 years in any place will make you fall in love with the people and the place. If you have been to Hawaii and felt how special the "Aloha spirit" is, you will understand what I mean.

In 2011, an opportunity came up for me to serve John A. Burns School of Medicine as an Educational Technology Specialist. I took this opportunity in to be able to file for the PERM process, but on the other hand, the labor union rules do not allow us to do a "labor market test", this means, I had to quit my then current position and re-apply as a regular applicant at the risk of not being the chosen candidate and losing everything. I took that risk and went through the bona fide recruitment process as demanded by the policies of the labor union and the university.

The following events that followed has been, in my opinion, a series of mistakes and injustices that continues to frustrate, confuse and sadden me to this day. First, the CO essentially loses our audit response, in which the original panel basically dismissed by stating significant dates and adjudicative facts wrong. Second, the panel allowed a denial reason to be used as sword on one hand and a shield on another. There is absolutely no sense in saying "there is no proof of a website posting" on the first denial reason, then saying "you posted something wrong on your website" on another. This is like a prosecutor having evidence thrown out, then using the same evidence to convict someone. After the denial of En Banc review, my employer and I deemed it so unlikely that our arguments were not on point that we called the office and was given erroneous information. Not only did we find a case that was point for point indistinguishable compared to our case, we also pointed out due process issues on the consideration of facts. On getting more information from my FOIA request, we then find out that the En Banc review rules have been changed so dramatically that it was essentially impossible to get an En Banc review approved and there was absolutely no evidence that any judge considered our motions that was in the petition for En Banc review. There were 2 judges that voted, not even enough for a "quorum" based on the old procedure of 5 judges, and one judge decided on voting to deny it in less than 20 minutes from the sending of the request to vote. Additionally, our motion was ignored and was not addressed at all.

Your honor, I introduced myself, described my history and attached pictures (on page 3) of me and my husband to let you know that I do not expect to have special treatment if the rules are fair and to put a face to this. I have no problems with following the rules, I have waited for more than 7 years over adjudicating this case. We have gone through the reconsideration and motions, but these motions would all be moot if the people who are expected to impartially consider the facts and situations of the case, ignore it. We live

000210

in a civil society and you and your colleagues, as judges, are the pillars of that. Going through five miscarriages and my husband now battling stage 4 terminal cancer and currently on my sixth pregnancy, I know and accept that life is never fair. What I refuse to accept is that the court system carries that injustice. It is in your office that justice is meant to be served, it is your office and the judges in it that ensures that the system is fair. It is the judges that enforces that intellectual honesty and justice is served. That the rule of law is upheld fairly.

I implore you and your office to consider the motion that my employer has filed. I plead with you to read the facts of the case as outlined in our petition for En Banc review. I write this letter, not to ask for pity, as I have said, I have accepted that life is not fair. What I do want to impress upon you and your office is that I am more than a number, I am more than a case file. Behind the 200 or so pages of the record and Appeal File is a hopeful mother, a grieving wife and a caregiver who fights a terrible disease together with her husband every day. I do not demand to deserve an outright reversal. Right from the beginning, all we wanted was a fair and honest hearing of our case. At the very least, my future, my unborn child's future and the life of my husband which depends on this deserves more than "silence". At the very least, this case deserves more than 20 minutes of consideration. Judges are human beings too, and so I appeal to your humanity and honor to recognize that the decision that you or your colleagues impose impacts us much more than the word "denied". I do not yet know what I would do if this was not successful, the implications of this case is of such an incomprehensible magnitude that my mind still cannot grasp it. My current working visa status expires in less than two months and we are in limbo right now.

I apologize from the bottom of my heart if this letter does not rise to the professionalism or legal intellectual level that you are used to. I am just a lay person trying my best to understand the legalities of this with the support of my employer. We have tried to ask many lawyers and every single one would not meet us because they would not believe our story, I pray that with the record in front of you, that you will.

With warm Aloha


Ya-Wen Hsiao

07/14/17


Joined and endorsed by

William. E. Haning, III, MD

000211



Baby ultrasound at 18 weeks





Husband at treatment for cancer

000212

# Exhibit  A

000213

**U.S. Department of Labor**          Board of Alien Labor Certification Appeals
800 K Street, NW, Suite 400-N
Washington, DC  20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



JUN 0 6 2017

Ms. Yawen Hsiao
651 Ilalo St., MEB 307
Honolulu, HI  96813

     Subject:  BALCA En Banc Voting Procedures

Dear Ms. Hsiao:

     Thank you for your email inquiry to Todd R. Smyth on June 5, 2017.  Mr. Smyth has brought it to my attention as I am the Associate Chief Administrative Law Judge ("ALJ") who currently manages the operations of the Board of Alien Labor Certification Appeals ("BALCA" or "Board") under the direction of the Chief ALJ, Stephen R. Henley.  Your email indicates that in a telephone call, our receptionist gave you incorrect information about the Board's process for reviewing petitions for en banc review.  Please accept my apology on behalf of the Board for this error.

     Under the en banc procedure used by the Board at the time of receipt of the petition for en banc review in *University of Hawai'i*, 2012-PER-02131, when the Board received a petition for en banc review, the Board's paralegal, Carla Thomas, used an online application to randomly select eight BALCA ALJs to consider the petition.  The Chief ALJ, as Chair of BALCA, reviewed all en banc petitions.  Thus, there was a nine ALJ panel who considered the petition.  As you can see from the documents sent to you with the FOIA response, the ALJs who considered the petition in *University of Hawai'i*, 2012-PER-02131, were Chief ALJ Henley, District Chief ALJ Geraghty, and ALJs Price, Barto, Kennington, Romero, Calianos, Rosen and Rosenow.  Under the voting procedure, the petition would be automatically denied at the end of the voting period unless a majority of the en banc panel voted to grant the petition.  In the *University of Hawai'i* matter, no ALJs voted to grant en banc review.  The Order Denying En Banc Review was issued by Mr. Smyth as the Secretary to the Board.  Mr. Smyth's role in issuing the Order, however, was ministerial; he played no part in deciding whether to grant or deny the petition.

     You are correct that the Board's procedure for considering en banc petitions has changed over the years, and that at one time, only five ALJs considered en banc petitions and a vote sheet was used to record a "yes" or "no" vote.  You are also correct that the Board's internal procedures for voting on en banc petitions are not published.

     I again apologize for the incorrect information you were given by our receptionist.  I will address this matter with her so that a similar incident does not happen again.

Ms. Yawen Hsaio
Subject:  BALCA En Banc Voting Procedures
Page 2


       Additionally, I would like to note that the Order Denying En Banc Review in your case did not list the ALJs who reviewed the petition.  The Board's staff has been directed to list the reviewing ALJs in such documents in the future.

       As to the other parts of your email to Mr. Smyth about the continuation of your FOIA request, I will defer to the FOIA officers for a response.

                    Sincerely,

                    Paul R. Almanza
                    Associate Chief Administrative Law Judge for
                    Longshore and Immigration

# Exhibit   B

000216

**U.S. Department of Labor**      Office of Administrative Law Judges
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



June 30, 2017

Ya-Wen Hsiao
651 Illalo St., MEB 307
Honolulu, HI 96813

Subject:      FOIA No. F2017-830108
Final Release of Responsive Documents

Dear Ms. Hsiao,

This is the final release of documents in response to your Freedom of Information Act
(FOIA) request, received by the Office of Administrative Law Judges (OALJ) on May 9, 2017.
Your FOIA request involved four appeals before Board of Alien Labor Certification Appeals
(BALCA): *University of Hawaii*, 2012-PER-02131; *The China Press*, 2011-PER-02924;
*Symantec Corp.*, 2011-PER-01856; and *CB&I Inc.*, 2015-PER-00005.

*Background*

In the initial release on May 30, 2017, OALJ provided you with documents in OALJ's
custody regarding the four BALCA appeals, including Appeal Files transferred from the
Certifying Officer, copies of the documents issued by BALCA in regard to those cases, and
internal memoranda and other documents relating to assignment of the three-judge and en banc
panels.

For the initial release, OALJ had not yet attempted a dedicated search for documents
other than those stated above because most of the remaining documents would involve the
judges' deliberations on these cases (i.e., draft decisions, legal memoranda, and emails between
judges and staff such as law clerks, etc.). You were provided a costs estimate for searching for
these additional materials, and notified you that you would have to pay for search costs even if
most, if not all documents located were withheld based on the FOIA Exemption 5, deliberative
process privilege. In a June 7, 2017 email, you indicated that you understood that deliberative
process materials would be withheld, but that you would like continue the search for additional
materials, albeit limited to the *University of Hawaii*, 2012-PER-02131 case. You agreed to pay
up to $700 to continue the search. In subsequent emails, you noted your expectation that in
applying deliberative process privilege, OALJ would apply the distinction between deliberative
and factual materials. OALJ agreed that factual portions of otherwise deliberative materials that
are segregable should be released, but OALJ noted that the caselaw recognizes that the
factual/deliberative distinction is not a rigid rule, and that the very act of distilling facts can be an
exercise of judgment and interpretation by agency personnel.

This is to reiterate that judicial deliberations may be the quintessential example of deliberative process. Judges need to be able to communicate frankly with support staff without fear that their deliberations will be later released. Such releases would chill communications and make judicial deliberations less efficient. Thus, OALJ firmly applies EX 5 deliberative process privilege.

*The search*

To complete this FOIA search, all judges who participated in the three-judge panel review, and the nine-judge en banc review panel , and their legal and clerical staffs, were asked to search their files for any documents relating to the *University of Hawaii* appeal beyond the materials which had already been provided to you. The Board's paralegal and senior attorneys at BALCA headquarters were also asked to search their files for similar documents.

*The documents located*

Two categories of documents were located.

The first category involves communications between the judges and support staff, both legal and clerical, from assignment through disposition of the en banc petition. Everything located in this category was in the form of emails and attachments to those emails. Redactions were made of information from these emails under FOIA EX 5 when they may have identified which support staff worked on the matter,[1] or when there were deliberative communications about the appeal. Some of the redacted communications included statements about the facts of the appeal; but these were not purely factual materials that could be segregated without revealing the judges' or support staff's exercise of judgment and interpretation of case. Draft decisions attached to the emails were withheld in their entirety under EX 5.

The second category involves case management materials maintained by the Board's senior attorneys and paralegal who work for the Associate Chief Judge for Immigration These materials are used to monitor the location and status of appeals, and to assist in case assignments. Prior to late 2016, an Excel spreadsheet was used to maintain this information. There are several copies of this Excel spreadsheet in existence. Included in the responsive materials are excerpts from spreadsheets specific to the *University of Hawaii* appeal. These excerpts are part of a very large spreadsheet covering the docketed cases at the time. The excerpts cover several dates so that you can see what they looked like on those dates. The FOIA disclosure officer was informed that there are other existing copies of the spreadsheet, but they have identical information. Redactions to these materials were made for the column that identified the issue in the appeal. These identifications are done by the legal staff of BALCA and represent their mental impression of the main issue or issues in the appeal. As such, they are deliberative process materials protected from release by FOIA EX 5.

---

[1] *See Brinton v. Dep't of State*, 636 F.2d 600, 604 (D.C. Cir. 1980) (protecting identities of attorneys who provided legal advice to Secretary of State).

000218

Also included in the responsive materials is an excerpt from BALCA's internal SharePoint site. The Excel spreadsheets were imported into SharePoint in late 2016 and maintenance of the spreadsheet discontinued. Unlike the Excel spreadsheets, SharePoint is constantly updated. Thus, what is being provided in the FOIA response materials is the entry for the *University of Hawaii* appeal on the date the search was conducted (June 12, 2017). The "Issue" column was redacted under EX 5 for the same reason as the redactions from the Excel spreadsheet excerpts.

*Costs*

When the search instructions were distributed to the judges and staff, they were asked to accurately track their search time and report back to the FOIA disclosure officer. Although 20 employees were asked to search their records, just six employees reported their time,[2] for a total of 1.5 hours of search time. Thus, you will only be charged $60.00 for professional search time.[3]

The photocopies total 54 pages, which amounts to a fee of $8.10.[4]

We are waiving mailing costs.

In total, your search and duplication costs amount to $68.10.

Please remit a check payable to the Treasury of the United States in the amount of $68.10. Please send the check to my attention.

Sincerely,

Jason Nunez
FOIA Coordinator

---

[2]   Many of the 20 employees may have had only minimal involvement, and therefore probably did not bother to report insignificant search time.

[3]   Most of the time involved in processing your request was in complying and reviewing the materials, coming in at just under six hours of professional time. As a first person requester, however, you are not charged for document compilation and review time.

[4]   In order to assist you when reviewing the materials, divider sheets were placed between documents. You are not being charged for these divider sheets.

000219

If you need any further assistance or would like to discuss any aspect of your request please do not hesitate to contact this office or the DOL FOIA Public Liaison, Thomas Hicks, at 202-693-5427. Alternatively, you may contact the Office of Government Information Services National Archives and Records Administration (OGIS) to inquire the mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road, College Park, MD 20740-6001. You can also reach that office by e-mail at ogis@nara.gov, by phone at 202-741-5770, by fax at 202-741-5769, or by calling toll-free at 1-877-684-6448.

If you are not satisfied with the response to this request, you may administratively appeal by writing to the Solicitor of Labor within 90 days from the date of this letter. The appeal must state in writing the grounds for the appeal, and it may include any supporting statements or arguments, but such statements are not required. In order to facilitate processing of the appeal, please include your mailing address and daytime telephone number, as well as a copy of the initial request and copy of this letter. The envelope and letter of the appeal should be clearly marked "Freedom of Information Act Appeal." Any amendment to the appeal must be made in writing and received prior to a decision. The appeal should be addressed to the Solicitor of Labor, Division of Management and Administrative Legal Services, U.S. Department of Labor, 200 Constitution Avenue, NW, Room N2420, Washington, DC 20210. Appeals may also be submitted by email to foiaappeal@dol.gov. Appeals submitted to any other email address will not be accepted.

000220

2 -16 -17

**Nielsen, Rebecca A. - OALJ**

| | |
|---|---|
| **From:** | Thomas, Carla - OALJ |
| **Sent:** | Thursday, February 16, 2017 10:53 AM |
| **To:** | Henley, Stephen R. - OALJ; Geraghty, Colleen - OALJ; Price, Larry - OALJ; Barto, William T. - OALJ; Kennington, Clement - OALJ; Romero, Lee - OALJ; Calianos, Jonathan C - OALJ; Rosen, Dana A. - OALJ; Rosenow, Patrick - OALJ |
| **Cc:** | Smyth, Todd - OALJ; Sheinfeld, Harry L. - OALJ; Koli, Kevin J. - OALJ; Nielsen, Rebecca A. - OALJ |
| **Subject:** | Petition for En Banc Review University of Hawaii 2012-PER-02131 |
| **Attachments:** | Petition for En Banc Review University of Hawaii 2012-PER-02131.pdf |

Greetings Judges,

You were selected to evaluate the above-referenced petition for en banc review. The attached PDF includes a copy of the petition and the associated three-judge panel decision. The administrative file is available on CTS, and Harry Sheinfeld's recommendation is attached below. If you wish to grant the petition, please email your vote to me by **March 2, 2017**. If a majority of you do not vote in favor of granting en banc review by the end of this voting period, the Employer's petition will be denied and the Board will not hear this matter en banc.

Regards,

Carla Thomas
Paralegal Specialist
Office of Administrative Law Judges
(202) 693-7336

---

*University of Hawaii, 2012-PER-02131*

EX 5

2 - 16 - 17

000223

## Smyth, Todd - OALJ

**From:** Geraghty, Colleen - OALJ
**Sent:** Monday, June 12, 2017 2:24 PM
**To:** Smyth, Todd - OALJ; Nunez, Jason - OALJ
**Subject:** FW: Petition for En Banc Review University of Hawaii 2012-PER-02131

**From:** Geraghty, Colleen - OALJ
**Sent:** Thursday, February 16, 2017 11:20 AM
**To:** Thomas, Carla - OALJ
**Subject:** RE: Petition for En Banc Review University of Hawaii 2012-PER-02131

Luck of the draw I gues...

Colleen A. Geraghty
*District Chief Judge*
*U.S. Department of Labor*
*Office of Administrative Law Judges*
*O'Neill Federal Building*
*10 Causeway Street, Room 411*
*Boston, MA 02222*
*(617)223-9355*

**From:** Geraghty, Colleen - OALJ
**Sent:** Thursday, February 16, 2017 11:06 AM
**To:** Thomas, Carla - OALJ
**Subject:** RE: Petition for En Banc Review University of Hawaii 2012-PER-02131

How can I have been selected for two en bacn reviews on the same day?

Colleen A. Geraghty
*District Chief Judge*
*U.S. Department of Labor*
*Office of Administrative Law Judges*
*O'Neill Federal Building*
*10 Causeway Street, Room 411*
*Boston, MA 02222*
*(617)223-9355*

**From:** Thomas, Carla - OALJ
**Sent:** Thursday, February 16, 2017 10:53 AM
**To:** Henley, Stephen R. - OALJ; Geraghty, Colleen - OALJ; Price, Larry - OALJ; Barto, William T. - OALJ; Kennington, Clement - OALJ; Romero, Lee - OALJ; Callanos, Jonathan C - OALJ; Rosen, Dana A. - OALJ; Rosenow, Patrick - OALJ
**Cc:** Smyth, Todd - OALJ; Sheinfeld, Harry L. - OALJ; Koll, Kevin J. - OALJ; Nielsen, Rebecca A. - OALJ
**Subject:** Petition for En Banc Review University of Hawaii 2012-PER-02131

Greetings Judges,

1

You were selected to evaluate the above-referenced petition for en banc review. The attached PDF Includes a copy of the petition and the associated three-judge panel decision. The administrative file is available on CTS, and Harry Sheinfeld's recommendation is attached below. If you wish to grant the petition, please email your vote to me by **March 2, 2017.** If a majority of you do not vote in favor of granting en banc review by the end of this voting period, the Employer's petition will be denied and the Board will not hear this matter en banc.

Regards,

Carla Thomas
Paralegal Specialist
Office of Administrative Law Judges
(202) 693-7336

*University of Hawaii*, 2012-PER-02131



2

000225

2-16-17

**From:** Barto, William T. - OALJ
**To:** ▓▓▓▓▓▓▓ EX 5
**Subject:** Fw: Petition for En Banc Review University of Hawaii 2012-PER-02131
**Date:** Thursday, February 16, 2017 11:10:45 AM
**Attachments:** Petition for En Banc Review University of Hawaii 2012-PER-02131.pdf

EX 5

**From:** Thomas, Carla - OALJ
**Sent:** Thursday, February 16, 2017 10:52 AM
**To:** Henley, Stephen R. - OALJ; Geraghty, Colleen - OALJ; Price, Larry - OALJ; Barto, William T. - OALJ; Kennington, Clement - OALJ; Romero, Lee - OALJ; Calianos, Jonathan C. - OALJ; Rosen, Dana A. - OALJ; Rosenow, Patrick - OALJ
**Cc:** Smyth, Todd - OALJ; Sheinfeld, Harry L. - OALJ; Koll, Kevin J. - OALJ; Nielsen, Rebecca A. - OALJ
**Subject:** Petition for En Banc Review University of Hawaii 2012-PER-02131

Greetings Judges,

You were selected to evaluate the above-referenced petition for en banc review. The attached PDF includes a copy of the petition and the associated three-judge panel decision. The administrative file is available on CTS, and Harry Sheinfeld's recommendation is attached below. **If you wish to grant the petition, please email your vote to me by March 2, 2017.** If a majority of you do not vote in favor of granting en banc review by the end of this voting period, the Employer's petition will be denied and the Board will not hear this matter en banc.

Regards,

Carla Thomas
Paralegal Specialist
Office of Administrative Law Judges
(202) 693-7336

*University of Hawaii, 2012-PER-02131*

EX 5

000227



3-2-17

000229

| | |
|---|---|
| **From:** | Barto, William T. - OALJ |
| **To:** | Thomas, Carla - OALJ |
| **Subject:** | RE: Petition for En Banc Review University of Hawaii 2012-PER-02131 |
| **Date:** | Thursday, March 02, 2017 8:38:00 AM |

Carla: I vote to deny the petition.

WTB

**From:** Thomas, Carla - OALJ
**Sent:** Thursday, February 16, 2017 10:53 AM
**To:** Henley, Stephen R. - OALJ; Geraghty, Colleen - OALJ; Price, Larry - OALJ; Barto, William T. - OALJ; Kennington, Clement - OALJ; Romero, Lee - OALJ; Callanos, Jonathan C - OALJ; Rosen, Dana A. - OALJ; Rosenow, Patrick - OALJ
**Cc:** Smyth, Todd - OALJ; Sheinfeld, Harry L. - OALJ; Koll, Kevin J. - OALJ; Nielsen, Rebecca A. - OALJ
**Subject:** Petition for En Banc Review University of Hawaii 2012-PER-02131

Greetings Judges,

You were selected to evaluate the above-referenced petition for en banc review. The attached PDF includes a copy of the petition and the associated three-judge panel decision. The administrative file is available on CTS, and Harry Sheinfeld's recommendation is attached below. **If you wish to grant the petition, please email your vote to me by March 2, 2017.** If a majority of you do not vote in favor of granting en banc review by the end of this voting period, the Employer's petition will be denied and the Board will not hear this matter en banc.

Regards,

Carla Thomas
Paralegal Specialist
Office of Administrative Law Judges
(202) 693-7336

*University of Hawaii*, 2012-PER-02131



EX 5



## Thomas, Carla - OALJ

| | |
|---|---|
| **From:** | Rosen, Dana A - OALJ |
| **Sent:** | Thursday, February 16, 2017 11:13 AM |
| **To:** | Thomas, Carla - OALJ |
| **Subject:** | RE: Petition for En Banc Review University of Hawaii 2012-PER-02131 |

Deny. Thank you.

Judge Rosen

**From:** Thomas, Carla - OALJ
**Sent:** Thursday, February 16, 2017 10:53 AM
**To:** Henley, Stephen R. - OALJ; Geraghty, Colleen - OALJ; Price, Larry - OALJ; Barto, William T. - OALJ; Kennington, Clement - OALJ; Romero, Lee - OALJ; Calianos, Jonathan C - OALJ; Rosen, Dana A. - OALJ; Rosenow, Patrick - OALJ
**Cc:** Smyth, Todd - OALJ; Sheinfeld, Harry L. - OALJ; Koll, Kevin J. - OALJ; Nielsen, Rebecca A. - OALJ
**Subject:** Petition for En Banc Review University of Hawaii 2012-PER-02131

Greetings Judges,

You were selected to evaluate the above-referenced petition for en banc review. The attached PDF includes a copy of the petition and the associated three-judge panel decision. The administrative file is available on CTS, and Harry Sheinfeld's recommendation is attached below. If you wish to grant the petition, please email your vote to me by **March 2, 2017.** If a majority of you do not vote in favor of granting en banc review by the end of this voting period, the Employer's petition will be denied and the Board will not hear this matter en banc.

Regards,

Carla Thomas
Paralegal Specialist
Office of Administrative Law Judges
(202) 693-7336

*University of Hawaii,* 2012-PER-02131

To the En Banc panel



000232

EX 5

## Thomas, Carla - OALJ

| | |
|---|---|
| **From:** | Barto, William T. - OALJ |
| **Sent:** | Thursday, March 02, 2017 8:38 AM |
| **To:** | Thomas, Carla - OALJ |
| **Subject:** | RE: Petition for En Banc Review University of Hawaii 2012-PER-02131 |

Carla: I vote to deny the petition

WTB

**From:** Thomas, Carla - OALJ
**Sent:** Thursday, February 16, 2017 10:53 AM
**To:** Henley, Stephen R. - OALJ; Geraghty, Colleen - OALJ; Price, Larry - OALJ; Barto, William T. - OALJ; Kennington, Clement - OALJ; Romero, Lee - OALJ; Calianos, Jonathan C - OALJ; Rosen, Dana A. - OALJ; Rosenow, Patrick - OALJ
**Cc:** Smyth, Todd - OALJ; Sheinfeld, Harry L. - OALJ; Koll, Kevin J. - OALJ; Nielsen, Rebecca A. - OALJ
**Subject:** Petition for En Banc Review University of Hawaii 2012-PER-02131

Greetings Judges,

You were selected to evaluate the above-referenced petition for en banc review. The attached PDF includes a copy of the petition and the associated three-judge panel decision. The administrative file is available on CTS, and Harry Sheinfeld's recommendation is attached below. If you wish to grant the petition, please email your vote to me by **March 2, 2017.** If a majority of you do not vote in favor of granting en banc review by the end of this voting period, the Employer's petition will be denied and the Board will not hear this matter en banc.

Regards,

Carla Thomas
Paralegal Specialist
Office of Administrative Law Judges
(202) 693-7336

---

*University of Hawaii,* 2012-PER-02131

To the En Banc panel



1

000234



2

Thomas, Carla - OALJ

| | |
|---|---|
| **From:** | Thomas, Carla - OALJ |
| **Sent:** | Thursday, February 16, 2017 10:53 AM |
| **To:** | Henley, Stephen R. - OALJ; Geraghty, Colleen - OALJ; Price, Larry - OALJ; Barto, William T. - OALJ; Kennington, Clement - OALJ; Romero, Lee - OALJ; Calianos, Jonathan C - OALJ; Rosen, Dana A. - OALJ; Rosenow, Patrick - OALJ |
| **Cc:** | Smyth, Todd - OALJ; Sheinfeld, Harry L. - OALJ; Koll, Kevin J. - OALJ; Nielsen, Rebecca A. - OALJ |
| **Subject:** | Petition for En Banc Review University of Hawaii 2012-PER-02131 |
| **Attachments:** | Petition for En Banc Review University of Hawaii 2012-PER-02131.pdf |

**Tracking:**



| Recipient | Read |
|---|---|
| Henley, Stephen R. - OALJ | Read: 2/16/2017 10:55 AM |
| Geraghty, Colleen - OALJ | Read: 2/16/2017 11:05 AM |
| Price, Larry - OALJ | Read: 2/16/2017 2:30 PM |
| Barto, William T - OALJ | Read: 2/16/2017 10:55 AM |
| Kennington, Clement - OALJ | |
| Romero, Lee - OALJ | Read: 2/16/2017 10:59 AM |
| Calianos, Jonathan C - OALJ | Read: 2/16/2017 12:46 PM |
| Rosen, Dana A - OALJ | |
| Rosenow, Patrick - OALJ | |
| Smyth, Todd - OALJ | |
| Sheinfeld, Harry L. - OALJ | |
| Koll, Kevin J. - OALJ | |
| Nielsen, Rebecca A. - OALJ | Read: 2/16/2017 11:11 AM |

*[handwritten: "9 Judges" and "4 attorney"]*

Greetings Judges,

You were selected to evaluate the above-referenced petition for en banc review. The attached PDF includes a copy of the petition and the associated three-judge panel decision. The administrative file is available on CTS, and Harry Sheinfeld's recommendation is attached below. If you wish to grant the petition, please email your vote to me by **March 2, 2017.** If a majority of you do not vote in favor of granting en banc review by the end of this voting period, the Employer's petition will be denied and the Board will not hear this matter en banc.


Regards,

Carla Thomas
Paralegal Specialist
Office of Administrative Law Judges
(202) 693-7336

*University of Hawaii, 2012-PER-02131*

000236

To the En Banc panel



EX 5

000237

# Exhibit   C

000238

Case 1:18-cv-00502-JAO-KJM   Document 80   Filed 01/07/21   Page 239 of 283   PageID #: 1659



**UNIVERSITY**
*of* **HAWAI'I**
SYSTEM

Yawen Hsiao <yawen@hawaii.edu>

---

## Fwd: UNIVERSITY OF HAWAII - A-10344-38244- YA-WEN HSIAO

1 message

---

**Signe Nakayama** <signen@hawaii.edu>                     Thu, Feb 2, 2012 at 10:57 AM
To: Damon H Sakai <damon@hawaii.edu>, Kathy Matsumoto <morifuji@hawaii.edu>, Ya-wen Hsiao
<yawen@hawaii.edu>

All,

Just fyi - got the boilerplate response below. I must say I wasn't really expecting anything more, but I was certainly hoping.

Signe


-------- Original Message --------
**Subject:** UNIVERSITY OF HAWAII - A-10344-38244- YA-WEN HSIAO
   **Date:** Thu, 02 Feb 2012 15:50:34 -0500
   **From:** PLC, Atlanta - ETA <plc.atlanta@dol.gov>
      **To:** Signe Nakayama <signen@hawaii.edu>


Dear Signe Nakayama,

Thank you for your inquiry to the Atlanta National Processing Center concerning your application filed under the Permanent Labor Certification Program.

Please be advised, case# **A-10344-38244** is still in process and official correspondence will be forthcoming.

Applications are processed in the order they are received.  Once the Analyst reaches your case in their queue, based on the principles of **FIFO** (first in first out) it will be reviewed and official correspondence will be issued.

However, because each application is unique, processing times may vary depending on the specific circumstances of the case.

The policy of the U.S. DOL/ETA National Office prohibits the expediting of applications.

We apologize for the delay.

If the case was mailed in, then the employer and representative must await correspondence from this office.  If the case was filed online, status of the case may be checked online, by following the directions below.

To check the status of your case filed online: go to the My Applications tab, then the Search Cases tab, you can enter your case number and see the current status. You can also search by a partial number.  For more details, see Page 40 of the User Guide by clicking the Online Help link at the top of the PERM web page.

Sincerely,
ANPC Permanent Program Help Desk #24


---

**From:** Signe Nakayama [mailto:signen@hawaii.edu]
**Sent:** Wednesday, February 01, 2012 5:13 PM

000239

Case 1:18-cv-00502-JAO-KJM   Document 80   Filed 01/07/21   Page 240 of 283   PageID #: 1660

**To:** PLC, Atlanta - ETA
**Cc:** Ya-wen Hsiao; Damon H Sakai; Kathy Matsumoto
**Subject:** Status of audited ETA 9089 - A-10344-38244

Hello,

We filed an ETA 9089 application for permanent labor certification on behalf of Ya-Wen Hsiao on 01/13/2011, case number A-10344-38244, which was audited on 01/18/2011. Since the PERM processing time posted on iCERT for audited applications is now June 2011, which is more than 3 months after our filing date, I'm inquiring about the status of this application.

Please let me know if you need additional information.

Thank you,

Signe Nakayama
Interim Director & Immigration Specialist
Faculty & Scholar Immigration Services
University of Hawaii
Contact: www.hawaii.edu/fsis/about.html

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

Case 1:18-cv-00502-JAO-KJM   Document 80   Filed 01/07/21   Page 241 of 283   PageID #: 1661



Yawen Hsiao <yawen@hawaii.edu>

## Fwd: Second notice for Ya-Wen Hsiao
1 message

**Damon Sakai** <damon@hawaii.edu>                              Fri, Mar 2, 2012 at 4:00 PM
To: "Yawen (Sarah) Hsiao" <yawen@hawaii.edu>

Here it is.

Damon
Damon H. Sakai, M.D.
Associate Professor of Medicine
Director of Medical Student Education
Director of the Office of Medical Education
John A. Burns of School of Medicine
University of Hawaii
651 Ilalo Street, Suite 307V
Honolulu, Hawaii 96813
Phone (808)692-1001   Fax (808)692-1252
Email: damon@hawaii.edu


---------- Forwarded message ----------
From: **Signe Nakayama** <signen@hawaii.edu>
Date: Fri, Mar 2, 2012 at 1:41 PM
Subject: Re: Second notice for Ya-Wen Hsiao
To: Damon Sakai <damon@hawaii.edu>
Cc: Kathy Matsumoto <morifuji@hawaii.edu>


Thanks Damon. It's completely ludicrous - I know! That's the Dept of Labor!

I'll send the response with a copy today.

Thanks!
Signe


On 3/2/2012 12:49 PM, Damon Sakai wrote:

Hi Signe,

I'm definitely in favor of proceeding as we have in asking them to confirm the application.  It's interesting to
ask people for an audit response in two weeks, take a year to review it, not allow inquiries into it's processing for a
year or so, then ask us again did we really, really, really want to pursue this...  if so, please send another copy of
your audit response.  🖼

Oh well.  Our answer is yes lol.  Thank so much for your help Signe.  I really appreciate it!  Perhaps we should send
a letter to our congressman.


Damon

000241

Damon H. Sakai, M.D.
Associate Professor of Medicine
Director of Medical Student Education
Director of the Office of Medical Education
John A. Burns of School of Medicine
University of Hawaii
651 Ilalo Street, Suite 307V
Honolulu, Hawaii 96813
Phone (808)692-1001   Fax (808)692-1252
Email: damon@hawaii.edu

On Fri, Mar 2, 2012 at 9:11 AM, Signe Nakayama <signen@hawaii.edu> wrote:
  Hi Damon and Kathy,

  I received another notice from the Dept of Labor regarding Ya-Wen Hsiao's labor certification application. The letter is just asking us to confirm that we would like them to continue processing the application. If so, we are required to send a copy of our previous audit response. If not, I just need to send a letter asking that the application be withdrawn.

  I've never received such a notice before, so I double checked with an immigration lawyer to confirm that this shouldn't be of major concern and he agreed. He said they've most likely lost our audit response and that's why they need us to send it again. I know - it's ridiculous.

  Please let me know either way as soon as possible.

  Thanks,
  Signe

**noname**
1K

**U.S. Department of Labor**    Board of Alien Labor Certification Appeals
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



**Issue Date: 18 October 2012**

**BALCA Case No.:**   **2011-PER-00510**
ETA Case No.:   C-08080-35036

*In the Matter of:*

**BENISH CORPORATION,**
            *Employer*

        *on behalf of*

**JUDHANI, FATEH ALI,**
            *Alien.*

Certifying Officer:    William Carlson
                Atlanta Processing Center

Appearances:    Sherin Thawer, Esquire
                Irving, Texas
                *For the Employer*

                Gary M. Buff, Associate Solicitor
                Stephen R. Jones, Attorney
                Office of the Solicitor
                Division of Employment and Training Legal Services
                Washington, DC
                *For the Certifying Officer*

Before:        **Burke, Colwell, Johnson, Purcell and Vittone**
                Administrative Law Judges

### ORDER DENYING EN BANC REVIEW
### AND DENYING REOPENING OF APPEAL

    The Certifying Officer's filing date determination was affirmed by a panel decision of the Board issued on December 23, 2011. On January 12, 2012, the Board received the Employer's

000243

petition for *en banc* review.  Upon consideration of the arguments presented in the petition, the Board concludes that *en banc* review is not necessary either to secure or maintain uniformity of decisions or to resolve a question of exceptional importance.  Accordingly, the Employer's petition for *en banc* review is hereby **DENIED.**

Although the Employer expressly sought en banc review, because the petition for en banc review presented documentation that potentially shows that the CO's filing date determination was based on a faulty premise – that there was no pre-PERM application filed with the Texas State Workforce Agency under the SWA Case No. 0063813 – and because labor certification was granted and the filing date determination is of crucial importance to the USCIS priority date determination – we have sua sponte also considered whether grounds exist to reopen the matter. BALCA's rules of practice and procedure do not contain a provision on motions to reopen. Accordingly, it looks to the Federal Rules of Civil Procedure for guidance.  Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> \* \* \*
>
> (6) any other reason that justifies relief.

In the instant case, the Employer indicated on its pro se PERM application that it was seeking to retain the filing date of a pre-PERM application filed in Texas on April 23, 2011.  (AF 20).  The CO granted certification, but declined to award the pre-PERM filing date based on a finding that there had been no pre-PERM application. (AF 5).   The Employer and the Alien, through newly retained counsel, requested reconsideration.  (AF 2-17).  The attorney noted that the only information the Employer had provided about the identity of the pre-PERM application on the Form 9089 application was that it was filed in "Texas."  The attorney stated that the Employer had filed such a pre-PERM application, and provided the Case Number 0063813.  (AF 2).  The CO reconsidered, but stated that a "review of our records does not show a pre-PERM filing with the case number 0063813;" found that the Employer had not provided sufficient information to support its claim of an eligible pre-PERM application; and found that the decision not to award the earlier filing date was valid. (AF 1).   On appeal, a new attorney made an entry of appearance.  The Employer, however, did not file an appellate brief or other statement of position, and based on the record before it, the BALCA panel affirmed the CO's filing date determination.

Attached to the Employer's petition for en banc review is documentation that very clearly shows that an employer under the name "Ramzan Punjani, $1.00 Store" filed a pre-PERM

- 2 -

application with the Texas SWA on April 23, 2011 under the ALC Case No 0063813.  In a supplemental filing the Employer submitted documentation which purports to establish that the named Employer for the PERM application, "Benish Corporation," has a direct business relationship to the named Employer for the pre-PERM application "Ramzan Punjani, $1.00 Store."  Thus, at least arguably, the CO's finding in his decision on reconsideration that there was no pre-PERM application under the case number 0063813 was an error.

Nonetheless, we decline to order relief under the criteria of FRCP 60(b).  First, this documentation was not presented to either the CO or the Board prior to the Employer's petition for en banc review.  The only explanation for the tardy submission of this documentation was that the Employer's newly retained attorney "relied on the record believing that it already contains evidence of ETA 750 filing (now (re)submitted)."  (Employer's petition for en banc review at 3).  However, this was not a reasonable belief.  The CO's decision on reconsideration clearly notified the Employer that the CO had been unable to find evidence of a pre-PERM filing in Texas under the case number provided by the Employer and that there was insufficient evidence before the CO to support the claimed pre-PERM filing.  Thus, the failure to present the concrete documentation of the pre-PERM filing with the Texas SWA until the petition for en banc review cannot be found to have been due to "mistake, inadvertence, surprise, or excusable neglect."  Nor can the documentation be found to constitute "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move" for a reopening of the record prior to the BALCA panel's decision.  Thus, the only remaining potential ground for Rule 60(b) relief is the generic "any other reason that justifies relief."

The Employer's en banc petition makes a plea for equitable relief given that the Employer and the Alien had much time and money invested in the labor certification process and that "clearly there exists evidence of ETA 750 filing on April 23, 2001."  (Employer's petition for en banc review at 5).  BALCA's caselaw has recognized equitable relief from non-jurisdictional time deadlines where not to provide such relief would work a "manifest injustice." *See Madeleine S. Bloom*, 1988-INA-152 (Oct. 13, 1989) (en banc), recon. den. (Dec. 20, 1990) (per curiam).  However, such equitable relief is only granted in rare instances, and has been limited to type of egregious circumstances as occurred in *Bloom*.  In *Bloom*, a pre-PERM case involving an untimely rebuttal of a Notice of Findings, the Employer had provided a single piece of rebuttal evidence to its attorney, which if timely filed, made a grant of certification virtually inevitable.  Such equitable relief has not been granted where "evaluation of the Employer's rebuttal documentation in the present case would require more than the essentially ministerial function anticipated by the *Bloom* case facts." *Park Woodworking, Inc.*, 1990-INA-93 (Jan. 29, 1992)(en banc).  In the instant case, it is unlikely that reopening the record to consider the pre-PERM application would result in a change to the CO's filing date determination.

As the Department of Labor implemented the PERM regulatory scheme, it included a regulatory provision which permitted, under certain narrow circumstances, re-filing of pending pre-PERM applications under the PERM regulations without loss of the filing date of the pre-PERM application.  Specifically, the regulation at 20 C.F.R. § 656.17(d) provides in pertinent part:

- 3 -

000245

(d) *Refiling Procedures*. (1) Employers that filed applications under the regulations in effect prior to March 28, 2005, may, if a job order has not been placed pursuant to those regulations, refile such applications under this part without loss of the original filing date by:

(i) Submitting an application for an identical job opportunity after complying with all of the filing and recruiting requirements of this part 656; and

\* \* \*

(4) For purposes of paragraph (d)(1)(i) of this section, a job opportunity shall be considered identical if the employer, alien, job title, job location, job requirements, and job description are the same as those stated in the original application filed under the regulations in effect prior to March 28, 2005.

\* \* \*

Thus, Section 656.17(d)(4) unambiguously requires that the job requirements be "identical" under the PERM and the pre-PERM applications in order for the pre-PERM filing date to be retained. The Board has repeatedly affirmed the CO's decision to assign a priority date based on the PERM application where the job requirements or the job description specified on the PERM application differed from those specified on the employer's pre-PERM application. *See, e.g., North Forest Independent School District*, 2008-PER-62 (Aug. 27, 2008); *M & K Enterprises*, 2008-PER-91 (Oct. 29, 2008); *B&M Auto Service Inc.*, 2008-PER-122 (Oct. 28, 2008); *Hatzlocha Holdings Corp.*, 2011-PER-2346 (May 25, 2012). So too, under the regulations the location of the job opportunity must be identical in order to retain the pre-PERM filing date.

In the instant case, assuming arguendo that "Benish Corporation" and "Ramzan Punjani, $1.00 Store" are in fact the same Employer, the job requirements and the job location specified on the Forms 750 and 9089 are not identical. The Form 750 stated the job requirements to be a high school education, *no training*, and two years of experience in either the job offered or a related occupation. The Form 9089 stated a different set of job requirements: a high school education, *six months of training*, and two years of experience in the job offered, *or an Associate's degree with one year of experience*. The Form 750 listed the Employer's address as 11122 Airline Drive, Houston, Texas. The Form 9089 listed the Employer's address, and the job location, as 1520 E I-30, Garland, Texas. We take administrative notice that Garland, Texas is a suburb of Dallas. Given these obvious differences in the Form 750 and the Form 9089, the circumstances of this case clearly do not fit into the narrow "manifest injustice" standard of *Bloom* and *Park Woodworking* as it is hardly likely reopening the matter would result in a reversal of the CO's filing date determination.

Based on the foregoing, we decline to reopen this appeal.

For the Board:



Digitally signed by WILLIAM COLWELL
DN: CN=WILLIAM COLWELL,
OU=ADMINISTRATIVE LAW JUDGE,
O=Office of Administrative Law Judges,
L=Washington, S=DC, C=US
Location: Washington DC

**WILLIAM S. COLWELL**
Associate Chief Administrative Law Judge

- 5 -

**U.S. Department of Labor**

Board of Alien Labor Certification Appeals
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



**Issue Date: 23 August 2012**

BALCA Case No.:   **2011-PER-01264**
ETA Case No.:     A-08252-85098

*In the Matter of:*

**IBM CORPORATION,**
                    *Employer*

   *on behalf of*

**WABINSKI, TOM,**
                    *Alien.*

| | |
|---|---|
| Certifying Officer: | William Carlson |
| | Atlanta National Processing Center |
| | |
| Appearances: | Jeffrey M. Crusha, Esq. |
| | Fragomen, Del Rey, Bernsen & Loewy, LLP |
| | New York, New York |
| | *For the Employer* |
| | |
| Before: | Sarno, Bergstrom, Krantz |
| | Administrative Law Judges |

## DECISION AND ORDER
## VACATING DENIAL OF LABOR CERTIFICATION
## AND REMANDING FOR FURTHER PROCESSING

This matter arises under Section 212 (a)(5)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(5)(A), and the "PERM" regulations found at Title 20, Part 656 of the Code of Federal Regulations ("C.F.R.").

000248

# BACKGROUND

On September 15, 2008, the Certifying Officer ("CO") accepted for filing the Employer's Application for Permanent Employment Certification for the position of "Software Engineer" (AF 65-76).[1]   On April 8, 2009, the CO sent the Employer an Audit Notification Letter requesting that the Employer provide certain information in accordance with 20 C.F.R. § 656.20. (AF 61-64)  On May 11, 2009, the Employer responded to the audit notification. (AF 12-60).

On October 19, 2010, the CO denied the application. (AF 10-11). The CO listed a single reason for denial stating that the "[t]he employer failed to provide adequate documentation of the additional recruitments steps for professional occupations as required in the Audit Notification letter. The employer indicated in Item I.d.15 of ETA Form 9089 that it used its web site to advertise the job opportunity described in Section H. However, the employer has provided only a typed word document, and thus there is no indication of the employer's actual website being used." (AF 11). Specifically, the CO cited to the regulation at 20 C.F.R. 656.17(e)(1)(ii)(B) that states, "[t]he use of the employer's web site as a recruitment medium can be documented by providing dated copies of pages from the site that advertise the occupation involved in the application." *Id.*

On November 18, 2010 the Employer requested reconsideration. (AF 2-9). The Employer explained that it had provided documentation of the job opportunity posting from its website in its audit notification response. (AF 2). The Employer also attached additional documentation as evidence that it had posted the job opportunity on its website. (AF 2-9). On May 3, 2011 the CO found that the Employer had not overcome the deficiencies in its application. (AF 1).

The CO forwarded the case to BALCA on May 3, 2011, and BALCA issued a Notice of Docketing on July 22, 2011.  The Employer filed a Statement of Intent to Proceed on August 3, 2011, but did not file an appellate brief. The CO did not file a Statement of Position.

---

[1]   In this decision, AF is an abbreviation for Appeal File.

# DISCUSSION

An employer can satisfy one of its recruitment requirements for a professional position by advertising the position on the employer's website. 20 C.F.R. § 656.17(e)(4)(ii). The regulation states that "the use of the employer's Web site as a recruitment medium *can* be documented by providing dated copies of pages from the site that advertise the occupation involved in the application." 20 C.F.R. § 656.17(e)(4)(ii)(B) (emphasis added). Copies of all supporting documentation must be retained by the employer for five years from the date of filing the application for permanent labor certification. 20 C.F.R. § 656.10(f). Audit regulations provide that a substantial failure by the employer to provide the required documentation will result in denial of the application. 20 C.F.R. § 656.20(b).

However, BALCA has previously held:

> [t]he regulations do not preclude an employer from providing documentation of the advertisement posted on its website *in a manner other than by submitting dated printouts* of the website advertisement, and the Office of Foreign Labor Certification (OFLC) website notes that the CO may find documentation adequate even if the Employer cannot provide the dated copies of the advertisement from the website. The OFLC website includes a response to a Frequently Asked Question (FAQ) stating that if an employer does not have a copy of the posting from its website, "the employer may provide an affidavit from the official within the employer's organization responsible for the posting of such occupations on the web site attesting, under penalty of perjury, to the posting of the job."

*Living Earth Landscape Design, LLC,* 2009-PER-00490, slip. op. at 5 (April 15, 2010) (emphasis added).

In the instant case, the Employer submitted a signed statement as evidence of its additional recruitment steps. (AF 50). This document, which states the name of the job opportunity found on ETA Form 9089 and describes the details of this job opportunity, is signed by the Employer's "Immigration Coordinator" (Brenda Foster) and dated June 13, 2008. *Id.* The document states that "[a] copy of this notice [advertising the position in question] was posted on [the Employer's website] from 5/29/08 to 6/13/08." *Id.* These dates match the dates provided by the Employer in section I(d)(15) of its ETA Form 9089. (AF 69). Furthermore, according to the Employer's ETA Form 9089, Brenda Foster is the Employer's contact under Section D. (AF 65).

- 3 -

She is the signer of not only this document, but also of the Employer's Notice of Filing. (AF 43-44). Thus, it is logical that Brenda Foster is "an official in the employer's organization responsible for the posting of such occupations on the web site." (FAQ). In addition, the Employer submitted a copy of an e-mail from its "NetMedia eRecruitment System" confirming that the posting for the "Software Engineer" position went live on May 29, 2008. (AF 51). This e-mail, which provides a hyperlink to the Employer's site, establishes that the position of "Software Engineer" was "made live" on May 29, 2008 on the Employer's website. *Id.*

The CO argues that the evidence "was insufficient to reach a logical nexus that the additional recruitment steps were conducted." (AF 1). To the contrary, the evidence provided by the Employer in its response to audit notification documents the position being advertised, the dates, and the location of the Employer's web posting. (AF 12-60). Together, this evidence constitutes a sufficient nexus that the additional recruitment steps were conducted. Although it would have been more efficient for the Employer to provide dated screen-shots of the job posting on its own webpage, such as were provided for the first time in the Request for Reconsideration, we find that the regulations do not require the documentation of webpage recruitment in this manner. We find the information provided here, the body of the advertisement as well as the attesting signature from the Employer's listed contact, are sufficient to establish the webpage advertisement complied with 20 C.F.R. § 656.17(e)(4)(ii)(B).

Based on the foregoing, we find that the most appropriate remedy is to remand this case to permit the CO to continue processing the Employer's application.

# ORDER

**IT IS HEREBY ORDERED** that the Certifying Officer's denial of Employer's application for labor certification in the above-captioned matter is **VACATED** and **REMANDED** for further processing consistent with this opinion.

For the Panel:

# A

DANIEL A. SARNO, JR.
District Chief Administrative Law Judge

DAS,JR./AMJ/jcb
Newport News, Virginia

**NOTICE OF OPPORTUNITY TO PETITION FOR REVIEW:** This Decision and Order will become the final decision of the Secretary unless within twenty days from the date of service a party petitions for review by the full Board. Such review is not favored and ordinarily will not be granted except (1) when full Board consideration is necessary to secure or maintain uniformity of its decisions, or (2) when the proceeding involves a question of exceptional importance. Petitions must be filed with:

> Chief Docket Clerk
> Office of Administrative Law Judges
> Board of Alien Labor Certification Appeals
> 800 K Street, NW Suite 400
> Washington, DC 20001-8002

Copies of the petition must also be served on other parties and should be accompanied by a written statement setting forth the date and manner of service. The petition shall specify the basis for requesting full Board review with supporting authority, if any, and shall not exceed five double-spaced pages. Responses, if any, shall be filed within ten days of service of the petition, and shall not exceed five double-spaced pages. Upon the granting of a petition the Board may order briefs.

- 5 -

000252

**U.S. Department of Labor**

Board of Alien Labor Certification Appeals
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



**Issue Date: 30 December 2016**

BALCA Case No.: **2015-PER-00005**
ETA Case No.: A-13008-28632

*In the Matter of:*

## CB & I, INC.,
    *Employer,*

    *on behalf of*

## MARCIAL MAYAM ONG PANGANIBAN, Jr.,
    *Alien.*

Certifying Officer:    William L. Carlson, Ph.D.
    National Certifying Officer
    Atlanta National Processing Center

Appearance:    Laurie E. Snider, Esquire
    Berry Appleman & Leiden LLP
    Dallas, Texas
    *For the Employer*

Before:    Colleen A. Geraghty, *District Chief Administrative Law Judge,* and
    Timothy J. McGrath and Daniel F. Sutton,[1] *Administrative Law Judges*

Opinion for the Board filed by GERAGHTY, *District Chief Administrative Law Judge,* with whom McGRATH and SUTTON, *Administrative Law Judges,* join:

## DECISION AND ORDER
## REVERSING DENIAL OF CERTIFICATION

    This matter which arises under Section 212(a)(5)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(5)(A) and the "PERM" labor certification regulations at 20 C.F.R. Part 656[2] is before the Board of Alien Labor Certification Appeals ("the Board") on the

---

[1] Appointed under the U.S. Office of Personnel Management Senior Administrative Law Judge Program. *See* 5 C.F.R. § 930.209.
[2] "PERM" is an acronym for the "Program Electronic Review Management" system established by the regulations that went into effect on March 28, 2005. 69 Fed. Reg. 77326 (Dec. 27, 2004).

Employer's request for review pursuant to 20 C.F.R. § 656.26 of the administrative denial of its application for a Permanent Employment Certification by the Certifying Officer ("CO") of the Department of Labor's Office of Foreign Labor Certification ("OFLC"). The Board's consideration of the request for review is based on a review of the record upon which the denial of certification was made, the request for review, and any statement of position or legal brief. 20 C.F.R. § 656.27(c). For the reasons set forth below, we reverse the CO's denial of the Employer's Application for Permanent Employment Certification.

## **BACKGROUND**

On February 1, 2013, the Employer filed an *Application for Permanent Employment Certification* ("Form 9089") with the CO sponsoring the Alien for permanent employment in the United States as a "Senior Process Engineer" in Houston, Texas at the offered annual wage of $96,071.56. (AF 93-94).[3] The occupational title listed on the Employer's Form 9089, Section F-3 was "Chemical Engineers," Standard Occupational Classification Code 17-2041. (AF 94). The Employer stated in Section I.a.1. of the Form 9089 that its application was for a professional position. (AF 96). Section I of the Form (Recruitment Information) also requires the Employer to list its efforts to recruit candidates for the job opportunity, and the Employer stated in Section I.d.15. that one of the recruitment steps that it had used was advertising the job opportunity on the Employer's website from September 5, 2012 to November 2, 2012. (AF 97).

The CO's office notified the Employer by letter dated July 29, 2013 that its application had been selected for audit, and it requested the employer to submit information. (AF 88-92). Among the items requested by the CO were a "recruitment report" for the job opportunity as described in 20 C.F.R. §656.17(g)(1) and recruitment documentation as outlined in 20 C.F.R. §656.17(e). (AF 89). The CO stated that the requested documentation must be submitted by August 28, 2013 or the application would be denied. (AF 89).

The Employer responded to the CO's audit request on August 27, 2013. (AF 17-87). The response included a report of the Employer's recruitment steps and supporting documentation. (AF 49-87). In its report, the Employer indicated that "[a]ttached are print-outs of the job opportunity which was listed from 9/05/2012 to 11[/]02/2012 on CB&I Inc.'s external website." (AF 49). Attached to the report is a memorandum dated August 22, 2013 from Carla Aguilar, the Employer's Human Resources Manager, who stated, "[p]lease note that the website advertisement, for the above mentioned recruitment, was posted on CB&I Inc.'s website from 9/05/2012 to 11[/]02/2012." (AF 63). No copy of pages from the Employer's website were included in the Employer's audit response, but the Employer did attach a copy of a job advertisement from the website www.careerbuilder.com. (AF 60-62). This advertisement contains the following statement: "TO APPLY: www.cbi.com/careers/job-search-and-registration/ indicating job code 1892.79." (AF 62).

On July 29, 2014, the CO informed the Employer that certification of its application was denied because the Employer failed to provide dated copies of the pages from its website that advertised the job opportunity. (AF 14-16). The CO acknowledged the copy of the

---

[3] Citations to the Appeal File are abbreviated as "AF" followed by the page number.

advertisement that the Employer submitted from the Careerbuilder.com website but stated that Careerbuilder is a commercial job search site that could not qualify as one of the Employer's required recruitment steps because the employer had listed another job search website, "chron.com," on its Form 9089.  (AF 16).  As authority for the denial of certification, the CO cited § 656.17(e)(l)(ii)(B) of the PERM regulations which states, that "[t]he use of the employer's web site as a recruitment medium can be documented by providing dated copies of pages from the site that advertise the occupation involved in the application."  20 C.F.R. § 656.17(e)(l)(ii)(B).  (AF 16).

On August 27, 2014, the Employer mailed a "REQUEST FOR RECONSIDERATION / REQUEST FOR REVIEW" to the CO, arguing that it had in fact advertised the job opportunity on its own website in addition to the commercial job search sites discussed in the CO's denial letter.  (AF 3-13).  As evidence that the job opportunity was posted on its website, the Employer submitted an affidavit from William Stein, Global Talent Acquisition Manager, who stated that "[b]ased on the parameters of CB&I's account with CareerBuilder, the job posting was posted on CareerBuilder's job board first and fed immediately to CB&I's career page."  (AF 12).  Mr. Stein further stated that the Employer no longer had a copy of the advertisement that was posted on its website, but he confirmed "under penalty of perjury" that the advertisement was posted on the Employer's website from September 5, 2012 to November 2, 2012.  (AF 12).  The Employer also submitted a letter dated August 22, 2013 from Ms. Aguilar who stated that the job opportunity was posted on the Employer's website.  (AF 11).

By letter dated October 1, 2014, the CO informed the Employer that its request for reconsideration did not overcome the deficiency noted in the denial letter.  (AF 1-2).  The CO acknowledged the affidavit that the Employer submitted from Mr. Stein and that an employer "is permitted to provide an affidavit from a company official attesting to the Website posting based on the Department's Frequently Asked Questions (FAQs) which allows the employer to submit alternative evidence of an advertisement, such as an affidavit attesting to the posting of the job opportunity."  (AF 1).  However, the CO further stated that the Employer "did not provide any documentary evidence that its advertisement was placed on its website" and that "[t]here is no evidence from CareerBuilder that the employer's posting was placed on the employer's website." (AF 1).  The CO noted that the Employer had not submitted a "sworn affidavit from CareerBuilder" and that the Employer did not "adequately demonstrate that its website posting was displayed during the required recruitment period."  (AF 1).  The CO thus concluded:

> Although the employer is not specifically required to provide dated copies of its Website advertisement, documentation provided must demonstrate a logical nexus between the job listed on the ETA Form 9089 and the placement of an advertisement on the employer's Website to allow the Certifying Officer to verify the appropriate use and compliance of the employer's Website advertisement as an additional recruitment step.

(AF 1-2).  Since he found that the Employer failed to provide adequate documentation proving recruitment on its website during the required recruitment period for the job opportunity, the CO determined that denial of the application was valid in accordance with § 656.17(e)(1)(ii)(B).  (AF 2).

- 3 -

Having confirmed denial of the Employer's application on reconsideration, the CO transferred the case to the Board for administrative review. Upon receipt of the Appeal File, the Board issued a Notice of Docketing and Briefing Schedule. The Employer's attorney filed a statement of the Employer's intent to proceed in response to the Board's notice. Neither the CO nor Employer filed any brief with the Board.

## STANDARD OF REVIEW

The Board's review of the CO's legal and factual determinations when denying an application for permanent alien labor certification is *de novo*, limited in scope by 20 C.F.R. § 656.27(c). *Albert Einstein Medical Center*, 2009-PER-00379 (Nov. 21, 2011) (*en banc*), slip op. at 32. Thus, the Board engages in *de novo* review of the record upon which the CO denied permanent alien labor certification, together with the request for review, and any statements of position or legal briefs. *Id.* at 25. The Board may not consider evidence first presented in an appellate brief. *Id.* at 7. The Board permits general legal argument in briefs, but will not consider wholly new arguments not made before the CO. *Id.* at 8. The Board will not decide an appeal on grounds for denial not raised while the case was before the CO. *Loews Anatole Hotel*, 1989-INA-00230 (Apr. 26, 1991) (*en banc*); *Mandy Donuts Corp.*, 2009-PER-00481 (Jan. 7, 2011).

## DISCUSSION

The permanent labor certification process is the first step an employer must complete in order to sponsor certain foreign workers for lawful permanent resident status.[4]  8 U.S.C. § 1182(a). The labor certification represents the Secretary of Labor's certification that there are no able, willing, qualified, and available U.S. workers for the position the alien seeks to perform on a permanent basis.[5]  8 U.S.C. § 1182(a)(5)(A)(i)(I). PERM is an attestation-based program. 20 C.F.R. § 656.10(c). Among other attestations, an employer must attest that the job opportunity listed in the application for permanent employment certification has been and is clearly open to any U.S. worker. 20 C.F.R. § 656.10(c)(8). Accordingly, the regulations require an employer to conduct mandatory recruitment steps and make a good-faith effort to recruit U.S. workers prior to filing an application for permanent alien labor certification. *See* 20 C.F.R. § 656.17(e); *Labor Certification for the Permanent Employment of Aliens in the United States; Implementation of New System*, 69 Fed. Reg. 77326, 77348 (Dec. 27, 2004). If the employer's recruitment efforts do not yield any able, willing, qualified, and available U.S. workers, the employer may file an application on Form 9089. *See, e.g.*, 20 C.F.R. § 656.17(a). An employer sponsoring a foreign worker for permanent labor certification bears the burden of proving that all regulatory requirements have been satisfied before the CO can grant certification. 8 U.S.C. § 1361; 20 C.F.R. § 656.2(b).

---

[4] Lawful permanent resident status is commonly referred to as having a green card. Among the benefits afforded to lawful permanent residents is the opportunity to apply for naturalization. 8 U.S.C. § 1427(a).

[5] The labor certification also represents the Secretary of Labor's certification that the permanent employment of the foreign worker will not adversely affect the wages and working conditions of similarly employed U.S. workers. 8 U.S.C. § 1182(a)(5)(A)(i)(II).

Where, as in this case, an employer sponsors an alien worker for a job opportunity classified as a professional occupation, the employer must conduct additional recruitment steps, one of which is advertising the job opportunity on the employer's website.  20 C.F.R. § 656.17(e)(1)(ii)(B).  Section 656.17(e)(1)(ii)(B) provides that "[t]he use of the employer's Web site as a recruitment medium can be documented by providing dated copies of pages from the site that advertise the occupation involved in the application."  In his decision on reconsideration, the CO conceded that this documentation requirement can be satisfied by alternative means such as an affidavit attesting to the posting of the job opportunity, and Board panels have also interpreted § 656.17(e)(1)(ii)(B) flexibly to afford employers the opportunity to document their efforts through "reasonably equivalent alternative methods."  *Amneal Pharmaceuticals, LLC*, 2012-PER-03266, slip op. at 3 (Oct. 16, 2016); *see also St. Landry Parish School Board*, 2012-PER-01135 (Apr. 28, 2016); *DGN Technologies, Inc.*, 2011-PER-01366 (July 31, 2015).  However, the Board has also cautioned that because of the often "ephemeral" nature of website, "retention of reliable contemporaneous documentation of the status of a web page on the dates attested to in the Form 9089 is essential for an employer to be able to meet the PERM documentation requirement of dated copies of company website postings." *EZChip, Inc.*, 2010-PER-00120, slip op., at 5 (Jan. 12, 2011).  *See also Spring Branch Independent School Dist.*, 2012-PER-01160, slip op. at 4-5 (Mar. 10, 2016) (documentation of the "actual content" of the website advertisement is necessary in addition to the dates of posting for the CO to determine whether the advertisement is for the occupation listed on the ETA Form 9089 and whether the advertisement was placed in good faith and the job was clearly open to U.S. applicants).

In this case, the Employer did not submit dated copies of the pages from its website containing the job advertisement that it attested to posting in the Form 9089, but it did submit a dated copy of the advertisement posted on Careebuilder.com and an affidavit from Mr. Stein who states that the advertisement posted on Careerbuilder.com was simultaneously "fed" to the Employer's website where it was posted from September 5, 2012 to November 2, 2012.  Because the CO did not bar Mr. Stein's affidavit pursuant to 20 C.F.R. § 656.24(g), we have considered it along with the other documentation submitted by the Employer.  *See Amneal Pharmaceuticals*, slip op. at 3 n.6 (citing *Actuarial Systems Corp.*, 2012-PER-01599 (May 26, 2016)).  Based on our review of the record which contains the full text of the job advertisement that was posted on Careerbuilder and Mr. Stein's sworn statement that Careerbuilder advertisement was also posted on the Employer's website from September 5, 2012 to November 2, 2012, we find that the Employer's documentation is reasonably equivalent to a dated copy of the website job advertisement and thus satisfied the requirements of § 656.17(e)(1)(ii)(B).  Accordingly, we find no basis for the CO's determination that the Employer was also required to submit an affidavit from Careerbuilder, and we reverse his denial of certification.

- 5 -

# ORDER

**IT IS ORDERED** that the denial of labor certification in this matter is hereby **REVERSED,** and the CO is directed to **GRANT** certification.

**SO ORDERED.**

For the panel:



Digitally signed by Colleen Geraghty
DN: CN=Colleen Geraghty,
OU=Administrative Law Judge, O=US
DOL Office of Administrative Law
Judges, L=Boston, S=MA, C=US
Location: Boston MA

**COLLEEN A. GERAGHTY**
Administrative Law Judge

- 6 -

**NOTICE OF OPPORTUNITY TO PETITION FOR REVIEW:** This Decision and Order will become the final decision of the Secretary unless within twenty days from the date of service a party petitions for en banc review by the Board. Such review is not favored and ordinarily will not be granted except (1) when en banc consideration is necessary to secure or maintain uniformity of the Board's decisions, or (2) when the proceeding involves a question of exceptional importance. Petitions must be filed with:

**Chief Docket Clerk**
**Office of Administrative Law Judges**
**Board of Alien Labor Certification Appeals**
**800 K Street, NW**
**Suite 400N**
**Washington, DC 20001-8002**

Copies of the petition must also be served on other parties and should be accompanied by a written statement setting forth the date and manner of service. The petition shall specify the basis for requesting en banc review with supporting authority, if any, and shall not exceed ten double-spaced pages. Responses, if any, shall be filed within ten days of service of the petition, and shall not exceed ten double-spaced pages. Upon the granting of a petition the Board may order briefs.

000259

**· U.S. Department of Labor**    Board of Alien Labor Certification Appeals
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



**Issue Date: 05 April 2011**

BALCA No.:     **2010-PER-00064**
ETA No.:     A-07226-65947

*In the Matter of:*

**PJ CLARKE'S ON THE HUDSON,**
        *Employer,*

    *on behalf of*

**JUAN HERRERA,**
        *Alien.*

Appearance:     Carina Defferrire-Duffy, Esquire
        New York, New York

Before:     **Bergstrom, Colwell, Krantz, Malamphy and Sarno**
        Administrative Law Judges

## ORDER DENYING PETITION FOR EN BANC REVIEW

The Certifying Officer's denial of labor certification was affirmed by a panel decision of the Board on February 11, 2011. On March 10, 2011, the Board received the Employer's petition for *en banc* review. Upon consideration of the arguments presented in the petition, the Board concludes that *en banc* review is not necessary either to secure or maintain uniformity of decisions or to resolve a question of exceptional importance. Employer's counsel misstated the legal requirements for Notice under 20 C.F.R. § 656.10(d). Subsection 656.10(d)(4) requires the Notice to also contain all the information required in 20 C.F.R. § 656.17(f). Accordingly, the Employer's petition for *en banc* review is hereby **DENIED.**

Entered at the direction of the Board by:



**A**

Todd R. Smyth
Secretary to the Board of Alien
Labor Certification Appeals

**U.S. Department of Labor**     Board of Alien Labor Certification Appeals
800 K Street, NW, Suite 400-N
Washington, DC  20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



**Issue Date: 13 May 2013**

**BALCA Case No.:**  **2011-PER-02476**
ETA Case No.:  A-08311-02831

*In the Matter of:*

**AMAZON GLOBAL RESOURCES, INC.,**
*Employer*

   *on behalf of*

**NAIR, SHYAMLAL PURUSHOTHAMAN,**
*Alien.*

Appearance:  Dan Marani, Esquire
Fragromen, Del Rey, Bernsen & Loewy, LLP
Boston, Massachusetts
*For the Employer*

Before:  **Calianos, Colwell, Geraghty, Johnson and McGrath**
Administrative Law Judges

## ORDER DENYING PETITION FOR EN BANC REVIEW

    The Certifying Officer's denial of labor certification was affirmed by a panel decision of the Board issued on December 17, 2012.  Thereafter, the Board received the Employer's petition for *en banc* review.  Upon consideration of the arguments presented in the petition, the Board concludes that *en banc* review is not necessary either to secure or maintain uniformity of decisions or to resolve a question of exceptional importance.

    We note that in its petition for en banc review, the Employer asserted that it had not been given the opportunity to present a brief or statement of position as required by 20 C.F.R. § 656.27(b).  This contention is based on the lack of a briefing schedule stated in an email sent to the Employer's attorney by a Legal Intern for the Board on September 5, 2012.  But the purpose of the Intern's email was merely to verify that the appeal was still active.  The Board issued its Notice of Docketing on November 21, 2011.  That Notice of Docketing set a briefing schedule permitting the filing of briefs within 45 days of the date of the Notice.  Although the Employer's

000261

attorney did not receive the Notice of Docketing until December 15, 2011 due to a change of the law firm's address, that attorney filed the Employer's statement of intent to proceed with the Board. Thus, the Employer's attorney was on actual notice of the opportunity to file a brief no later than December 15, 2011, which was still within the 45 day period for filing a brief. Thus, the contention that the Employer was denied the opportunity to file a brief is without merit.

Accordingly, the Employer's petition for *en banc* review is hereby **DENIED.**

For the Board:



Digitally signed by WILLIAM COLWELL
DN: CN=WILLIAM COLWELL,
OU=ADMINISTRATIVE LAW JUDGE,
O=Office of Administrative Law Judges,
L=Washington, S=DC, C=US
Location: Washington DC

**WILLIAM S. COLWELL**
Associate Chief Administrative Law Judge

000262

**U.S. Department of Labor**

Board of Alien Labor Certification Appeals
800 K Street, NW
Washington, DC  20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



**Issue Date: 19 June 2018**

BALCA Case No:  **2012-PER-02131**
ETA Case No:     A-10344-38244

*In the Matter of:*

**UNIVERSITY OF HAWAII,**
             *Employer,*

RECEIVED   JUN 2 5 2018

  *on behalf of,*

**HSIAO, YA-WEN,**

## ORDER GRANTING EMPLOYER LEAVE
## TO RESUBMIT OCTOBER 19, 2012 BRIEF

      The Employer currently has pending a Pro Se Motion for Relief from Judgment and Order.  While the original motion has remained in our office, the physical case file was inadvertently transferred to the Atlanta National Processing Center.  BALCA has retained electronic copies of the case file's substantive documents with the exception of the Employer's brief filed on October 19, 2012.  BALCA has requested that the case file be transferred back from the Atlanta National Processing Center.  In the interest of reducing administrative delay, the Employer is hereby afforded an opportunity to resubmit the October 19, 2012 brief within fifteen days of this order if it would like the brief to be considered during the adjudication of its Pro Se Motion for Relief from Judgment and Order.

      SO ORDERED.



Digitally signed by STEPHEN R.
HENLEY
DN: CN=STEPHEN R. HENLEY,
OU=ADMINISTRATIVE LAW JUDGE,
O=US DOL Office of Administrative Law
Judges, L=Washington, S=DC, C=US
Location: Washington DC

           Stephen R. Henley
           Chief Administrative Law Judge
            and
           Chair of the Board of Alien Labor
           Certification Appeals

# SERVICE SHEET

Case Name:  HSIAO_YA-WEN_v_UNIVERSITY_OF_HAWAII_

Case Number: **2012PER02131**

Document Title: **ORDER GRANTING EMPLOYER LEAVE TO RESUBMIT OCTOBER 19, 2012 BRIEF**

I hereby certify that a copy of the above-referenced document was sent to the following this 19th day of June, 2018:



Digitally signed by BRENDA D. WILLIAMS
DN: CN=BRENDA D. WILLIAMS,
OU=LEGAL ASSISTANT, O=US DOL Office
of Administrative Law Judges,
L=Washington, S=DC, C=US
Location: Washington DC

**BRENDA D. WILLIAMS**
LEGAL ASSISTANT

ALC Certification Officer
U. S. Department of Labor/ETA
Harris Tower
233 Peachtree Street
Suite 410
ATLANTA GA 30303
    *{Hard Copy - Regular Mail}*

Counsel for Litigation
Employment and Training Legal Services
Room N-2101, FPB
200 Constitution Ave., N. W.
WASHINGTON DC 20210
    *{Hard Copy - Regular Mail}*

Administrator
Office of Foreign Labor Certification
U.S. Department of Labor/ETA
Room C-4312, FPB
200 Constitution Ave., N.W.
WASHINGTON DC 20210
    *{Hard Copy - Regular Mail}*

YA-WEN HSIAO
423 NAMAHANA ST. #102
HONOLULU HI 96815
    *{Hard Copy - Regular Mail}*

Signe Nakayama
UNIVERSITY OF HAWAII
FACULTY & SCHOLAR IMMIGRATION SERVICES
2565 MCCARTHY MALL, PSB 102-106
HONOLULU HI 96822
    *{Hard Copy - Regular Mail}*

David A. M. Ware, Esq.
Ware/Gasparian
3850 N. Causeway Blvd.
Suite 555
METAIRIE LA 70002
    *{Hard Copy - Regular Mail}*

# U.S. Department of Labor

Office of Administrative Law Judges
Suite 400 North
800 K Street, N.W.
Washington, D.C. 20001-8002

**Official Business**
Penalty for private use, $300



02 1P $ **000.47⁰**
00031 85397      JUN 19 2018
MAILED FROM ZIP CODE 20001

ALC Certification Officer
U. S. Department of Labor/ETA
Harris Tower
233 Peachtree Street
Suite 410
ATLANTA GA 30303

UNIVERSITY of HAWAI'I·

MĀNOA

John A. Burns School of Medicine
Office of the Dean
Office of Medical Education

651 Ilalo Street, Medical Education Building, Room 307
Honolulu, Hawai'i 96813-5534
An Equal Opportunity/Affirmative Action Institution

June 25, 2018

The Most Honorable Chief Judge Stephen Henley Office of Administrative Law Judges
Board of Alien Labor Certification Appeals
800 K Street, NW
Suite 400N
Washington, DC 20001 '8002

RE:   ORDER GRANTING EMPLOYER LEAVE TO RESUBMIT OCTOBER 19, 2012 BRIEF
      **BALCA Case Number: 2012-PER-02131**
      **ETA Case Number:    A-10344-38244**
      **In the Matter of University of Hawaii, Employer on behalf of Ya-Wen Hsiao, Alien**

Dear Sir/Madam,

On June 19, 2018, The most honorable Stephen Henley, Chief Judge and Chair of BALCA, published an "Order Granting Employer Leave to Resubmit October 19, 2012 Brief". On the same day, Mr. Kevin Koll, through email correspondence, also forwarded a "status update" from Associate Chief Judge Almanza in which among other things, indicated that, in the interest of efficiency, BALCA is requesting we provide a copy of the October 19, 2012 brief.

The alien, Ms. Hsiao forwarded the electronic copy on June 19, 2018 and Mr. Koll has acknowledged receipt of the aforementioned brief. In the interest of efficiency and fastidiousness, attached is a hard copy of the brief.

Please do not hesitate to contact me if you have any questions.

Jill SM Omori, MD
Associate Professor of Family Medicine and Community Health
Director, Office of Medical Education
Director, Hawaii H.O.M.E. Project

John A. Burns School of Medicine, University of Hawaii
651 Ilalo Street, MEB 307L
Honolulu, Hawaii 96813

000266

Align bottom of peel and stick airbill or pouch here.

After printing this label:

From: (504) 830-5900
David M. Janklow
Ware | Gasparian
3850 N Causeway Blvd., Suite 555

Meteria, LA 70002

Origin ID: MSYA

SHIP TO: (504) 330-5900
Counsel for Litigation
U.S. DOL, Office of the Solicitor
200 Constitution Avenue, NW
Room N-2101, FPB
Washington, DC 20210

BILL SENDER

FedEx
Express

Ship Date: 18OCT12
ActWgt: 1.0 LB
CAD: 8602557/INET3300

Delivery Address Bar Code

Ref #
Invoice #
PO #
Dept #

DJ 12625

TRK#  7992 3075 4907
0201

XC TSGA

FRI - 19 OCT A2
PRIORITY OVERNIGHT

20210
DC-US
DCA

5fS9fFOOZBrhA44

FedEx carbon-neutral
envelope shipping

earthsmart

Align top of FedEx Express® shipping label here.

000267



WARE | GASPARIAN

*Immigration and Nationality Law*

October 18, 2012

Counsel for Litigation
U.S. Department of Labor, Office of the Solicitor
Division of Employment and Training Legal Services
Room N-2101, FPB
200 Constitution Avenue, NW
Washington, DC 20210

**MAIN OFFICE**
3850 N. Causeway Blvd., Suite 555
Metairie, LA 70002-1752

PH:   (800) 537-0179
      (504) 830-5900
F:    (504) 830-5909

info@david-ware.com
www.david-ware.com

RE:   **LEGAL BRIEF**
      **BALCA Case Number: 2012-PER-02131**
      **ETA Case Number: A-10344-38244**
      **In the Matter of University of Hawaii, Employer on behalf of Ya-Wen Hsiao, Alien**

Dear Sir/Madam,

Enclosed please find a copy of the Legal Brief timely filed with the Board of Alien Labor
Certification Appeals.

Sincerely,

David A. M. Ware
Counsel for applicant appellant



**WARE | GASPARIAN**

*Immigration and Nationality Law*

October 18, 2012

U.S. Department of Labor
Board of Alien Labor Certification Appeals
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

MAIN OFFICE
3850 N. Causeway Blvd., Suite 555
Metairie, LA 70002-1752

PH:   (800) 537-0179
      (504) 830-5900
F:    (504) 830-5909

RE:   **LEGAL BRIEF**
      **BALCA Case Number: 2012-PER-02131**
      **ETA Case Number: A-10344-38244**
      **In the Matter of University of Hawaii, Employer on behalf of Ya-Wen Hsiao, Alien**

info@david-ware.com
www.david-ware.com

Dear Sir/Madam,

Enclosed please find the legal brief filed in connection with the above-referenced case. The legal brief is timely filed as it has been submitted within 45 days of the September 7, 2012 Notice and Order.

As I am making an entry of appearance after the case has been docketed before BALCA, please find enclosed an executed Form G-28.

Please contact me if you require any additional information.

Sincerely,

David A. M. Ware
Attorney at Law

NEW ORLEANS, LA · BATON ROUGE, LA · JACKSON, MS · PENSACOLA, FL · BIRMINGHAM, AL · SEATTLE, WA

000269

OMB No. 1615-0105; Expires 04/30/2012

## G-28, Notice of Entry of Appearance as Attorney or Accredited Representative

Department of Homeland Security

### Part 1. Notice of Appearance as Attorney or Accredited Representative

**A. This appearance is in regard to immigration matters before:**

☐ USCIS - List the form number(s): _____    ☐ CBP - List the specific matter in which appearance is entered: _____

☐ ICE - List the specific matter in which appearance is entered: _____

**B. I hereby enter my appearance as attorney or accredited representative at the request of:**

List Petitioner, Applicant, or Respondent. NOTE: Provide the mailing address of Petitioner, Applicant, or Respondent being represented, and not the address of the attorney or accredited representative, except when filed under VAWA.

| Principal Petitioner, Applicant, or Respondent | A Number or Receipt Number, if any | |
|---|---|---|
| Name: Last          First          Middle | | ☐ Petitioner |
| Jerris R. Hedges, Dean and Professor of Medicine<br>University of Hawaii at Manoa, John A. Burns School of Medicine | | ☐ Applicant<br><br>☐ Respondent |

| Address:   Street Number and Street Name | Apt. No. | City | State | Zip Code |
|---|---|---|---|---|
| 651 Ilalo Street, Medical Education Bldg. | | Honolulu | Hawaii | 96813 |

Pursuant to the Privacy Act of 1974 and DHS policy, I hereby consent to the disclosure to the named Attorney or Accredited Representative of any record pertaining to me that appears in any system of records of USCIS, USCBP, or USICE.

Signature of Petitioner, Applicant or Respondent          **Date** OCT - 5 2012

### Part 2. Information about Attorney or Accredited Representative   *(Check applicable item(s) below)*

**A.** ☒ I am an attorney and a member in good standing of the bar of the highest court(s) of the following State(s), possession(s), territory(ies), commonwealth(s), or the District of Columbia: Louisiana

I am not ☒ or ☐ I am subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law (If you are subject to any order(s), explain fully on reverse side).

**B.** ☐ I am an accredited representative of the following qualified non-profit religious, charitable, social service, or similar organization established in the United States, so recognized by the Department of Justice, Board of Immigration Appeals pursuant to 8 CFR 1292.2. Provide name of organization and expiration date of accreditation: _____

**C.** ☐ I am associated with _____

The attorney or accredited representative of record previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative is at his or her request *(If you check this item, also complete item A or B above in Part 2, whichever is appropriate).*

### Part 3. Name and Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before the Department of Homeland Security. I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

| Name of Attorney or Accredited Representative | Attorney Bar Number(s), if any |
|---|---|
| David A. M. Ware | LA13239 |

| Signature of Attorney or Accredited Representative | Date |
|---|---|
| | 10/18/2012 |

Complete Address of Attorney or Organization of Accredited Representative (Street Number and Street Name, Suite No., City, State, Zip Code)

Ware|Gasparian 3850 N. Causeway Blvd., Ste. 555, Metairie, LA 70002

| Phone Number (Include area code) | Fax Number, if any (Include area code) | E-Mail Address, if any |
|---|---|---|
| 504-830-5900 | 504-830-5909 | dware@david-ware.com |

Form G-28 (Rev. 04/22/09)N

000270

DEPARTMENT OF LABOR
BOARD OF ALIEN LABOR CERTIFICATION APPEALS

| | | |
|---|---|---|
| In the Matter of | * | Request for Review |
| | * | |
| Permanent Labor Certification | * | |
| Application of | * | |
| | * | |
| University of Hawaii | * | BALCA Case Number 2012-PER-02131 |
| | * | |
| On behalf of | * | |
| | * | |
| Hsiao, Ya-Wen | * | ETA Case Number A-10344-38244 |

## Brief in Support of Request for Review

Please accept this brief in support of our request for review of the denial of the above-referenced Application for Permanent Employment Certification. The Notice of Docketing is dated September 7, 2012 so this legal brief is timely filed.

We respectfully request that you review the denial of the labor certification and, pursuant, to 20 CFR § 656.27(c)(2), direct the Certifying Officer to grant certification, or in your discretion, remand the case to the CO for further processing.

I.     Summary of the Facts

The Application for Permanent Employment Certification filed by the University of Hawaii (hereinafter "the employer") on behalf of Ms. Ya-Wen Hsiao (hereinafter "Ms. Hsiao") was accepted for processing on January 13, 2011. (AF at 1). On January 18, 2011, the Atlanta National Processing Center (hereinafter "ANPC") issued an Audit Notification (AF at 136). On February 16, 2011, the employer's response to the Audit Notification was timely delivered to the

000271

Department of Labor. (AF at 37). On February 28, 2012, the ANPC issued a notification seeking a signed statement from the employer indicating whether it would like to proceed with the processing of the application along with a copy of the complete, original response as submitted on February 16, 2011. *Id.* The employer replied with the appropriate documents on March 1, 2012. (AF at 35).

On March 23, 2012, the ANPC denied the labor certification. (AF at 32). The reasons for denial were, as specified by the Certifying Officer, that (1) the employer failed to provide adequate documentation of the additional recruitment steps for professional occupations by not providing dated copies of the pages from the site that advertised the job opportunity and (2) the documentation provided by the employer as proof of the employer's website offered terms and conditions of employment that were less favorable than those offered to the foreign worker. *Id.*

On April 13, 2012, the employer filed a request for reconsideration with the ANPC. (AF at 3). In response, on April 30, 2012 the ANPC notified the employer that it chose not to reconsider the decision to deny the application and forwarded the permanent labor certification file to the Board of Alien Labor Certification Appeals (hereinafter "you" or "the Board"). (AF at 1).

On September 7, 2012, you issued a *Notice of Docketing and Order Requiring Submission of Statement of Intent to Proceed.* The employer responded to the notice on September 14, 2012, and informed you that a separate *Statement of Position/Legal Brief* would be submitted within 45 days of the notice.

2

II.   **The employer provided adequate documentation to satisfy 20 CFR § 656.17(e)(1)(ii)(B).**

   a.   **The evidence submitted in the employer's request for reconsideration in connection with Denial Reason #1 was considered by the Certifying Officer, as evidenced in the April 30, 2012 denial notification, and may be considered by the Board.**

The documentation the employer provided in its request for reconsideration in connection with Denial Reason #1 is part of the record forwarded to the Board and may be considered by the Board in its review of the denial of labor certification.  The Board "…must review a denial of labor certification…on the basis of the record upon which the decision was made…" 20 CFR § 656.27(c).   When the CO considers documentation submitted by the employer on reconsideration, it becomes part of the record and may be considered by the Board on review.  *See Hellmuth Obata + Kassabaum, Inc.*, 2011-PER-00240 (Dec. 14, 2011) (citing to *Waffle House Inc.*, 2010-PER-799 (Dec. 15, 2010); *Kamlaine d/b/a Comfort Inn & Suites*, 2010-PER-616 (Dec. 27, 2010).

On March 23, 2012, the CO denied labor certification, in part, because "[t]he employer failed to provide adequate documentation…" of the use of the employer's website.  (AF at 7).  It further stated, "[t]he document [submitted] does not appear to be from a website, nor is there any proof that the documentation was posted to the employer's website."  *Id.*  In its request for reconsideration, the employer included a dated printout of the employer's website posting sufficient to establish that it was properly posted as documented at Section I.d.15 of ETA Form 9089.  (AF at 9-11).  The website posting submitted in the request for reconsideration was considered by the CO as, in the denial of reconsideration and in connection with the second

3

reason for denial, it is stated that the "…advertisement on the employer's website contained a wage less than the offered wage as listed on the ETA Form 9089." (AF at 1-2). This statement of the CO is a concession, after considering the evidence submitted in response to the audit notification and the request for reconsideration, that the advertisement was posted.

**b. The evidence submitted in the employer's response to the audit notification and in its request for reconsideration satisfied 20 CFR 656.17(e)(1)(ii)(B).**

The employer's response to the audit notification and its request for reconsideration contained evidence clearly adequate to document, under 20 CFR § 656.17(e)(1)(ii)(B), that the position of Information Technology Specialist (hereinafter "IT Specialist") was advertised on the employer's website from August 2, 2010 through September 4, 2010.

The CO improperly applied 20 CFR 656.17(e)(1)(ii)(B), as he/she interpreted the regulation as to only provide one method of documenting use of the employer's website as an additional recruitment step. 20 CFR 656.17(e)(1)(ii)(B) states, "[t]he use of the employer's Web site as a recruitment medium can be documented by providing dated copies from the site that advertise the occupation involved in the application." The regulation does not "preclude an employer from providing documentation of the advertisement posted on its website in a manner other than by submitting dated printouts of the website advertisement." *Matter of EZCHIP, Inc.* 2010-PER-00120 (Jan. 12, 2001).

In connection with the documentation the employer submitted in its response to the audit notification, the CO states:

4

The document does not appear to be from a website, nor is there any proof that the documentation was posted to the employer's website.  The employer failed to provide dated copies of the pages from the site that advertised the job opportunity.

(AF at 7)

Clearly, the CO's narrow interpretation of 20 CFR § 656.17(e)(1)(ii)(B) is not in conformity with the interpretation held by the Board in *Matter of EZCHIP, Inc.* 2010-PER-00120 (BALCA 2010).   As a result, the documentation submitted in the employer's response to the audit notification, alone, was sufficient to satisfy 20 CFR § 656.17(e)(1)(ii)(B).  (AF at 77-80).

Furthermore, the documentation submitted by the employer in its request for reconsideration and considered by the CO further establishes that the employer complied with 20 CFR § 656.17(e)(1)(ii)(B).

The documentation submitted was sufficient to demonstrate that the employer posted the advertisement for the position of IT Specialist on its website, as specified in Item I.d.15 of ETA form 9089.

IV.    **The employer's website did not contain wages or terms and conditions of employment that were less favorable than those offered to the alien.**

The employer's website did not contain a wage that was less favorable than the wage offered to the alien.  When the wage offered to the alien is greater than the wage advertised due to experience the alien has acquired while the job, the difference cannot form the basis for finding that U.S. workers were offered a wage less favorable than the one offered to the alien. *See Matter of University of North Carolina*, 90-INA-422 (Jun. 9, 1992).  While the employer's

5

website advertised a wage of $44,208 and Section G.1 of Form ETA 9089 states the offered wage was $57,194, U.S. workers were not offered a less favorable wage.

The present matter is analogous to *Matter of North Carolina*. In *Matter of North Carolina*, the advertised salary was $23,100 and the salary offered to the alien at the time of filing was $30,000, "due to normal merit increases while working for the Employer in the position offered for several years." *Id.* at 2-3. The Board held that the "no less favorable than offered the alien" language of 656.21(g)(8) requires the employer to advertise a wage offer that is no less than the alien's wage when initially hired in order to match the value of the minimum requirements. *Id.* at 5-6. As a result, the employer is advertising a wage that matches the value of the minimum requirements and not the experience and training gained with the employer, which U.S. workers are not required to possess. *Id.* at 5.

As applied to the present matter before the Board, the wage advertised on the employer's website reflected the minimum salary for the position of IT Specialist, as determined by the Collective Bargaining Agreement (hereinafter "CBA") in place between the University of Hawaii and the Hawaii Government Employees Association. This was acknowledged by the Department of Labor when it issued its prevailing wage determination (hereinafter "PWD"). The DOL, citing to the CBA as the prevailing wage source, determined the prevailing wage to be $44,208 (AF at 66). After the employer's *bona fide* recruitment for the position of IT Specialist and after determining that no U.S. workers were able, willing, qualified, and available for the position, it offered the position to Ms. Hsiao. Thereafter, the employer determined that the appropriate salary to offer Ms. Hsiao, based on her several years of experience and qualifications

and using the IT Salary Matrix found at page 15 of the record, was $57,194. Subsequently, the employer posted its Notice of Filing and listed the wage offered to the alien, Ms. Hsiao, of $57,194 and included it at Section G.1 of Form ETA 9089.

The Board's discussion of *Matter of North Carolina* in *Matter of Sensus Metering Systems*, 2010-PER-00849 (Jul. 20, 2011) is consistent with the position of the employer. The Board, in *Matter of Sensus Metering* only limited the application of *Matter of North Carolina* to situations in which the employer lists a lower wage on the Notice of Filing than the wage listed at Section G.1 of Form ETA 9089. The Board's decision to shield the Notice of Filing from the holding of *Matter of North Carolina* was necessary in light of 656.10(d)(4). The regulation reads:

> If an application is filed under §656.17, the notice must contain the information required for advertisements by §656.17(f), must state **the rate of pay** (which must equal or exceed the prevailing wage entered by the SWA on the prevailing wage request form), and must contain the information required by paragraph (d)(3) of this section. (emphasis added).

In this case, *Matter of Sensus Metering* is inapplicable because the employer's Notice of Filing properly listed the alien's rate of pay of $57,194 per year and this is the same wage listed at Section G.1 of Form ETA 9089.

Consistent with the Board's decision in *Matter of North Carolina*, the employer's website did not contain wages or terms and conditions of employment that were less favorable than those offered to the alien.

## V.     Conclusion

For these reasons, we respectfully request that the ETA-9089 Application for Permanent Employment Certification filed by the University of Hawaii on behalf of Ms. Hsiao be certified, or in your discretion, remanded to the CO for further processing.

_____          10/18/2012
David A. M. Ware                                               Date
Attorney at Law

8

# SERVICE SHEET

**Case Name:**        **University of Hawaii**

**Case Number:**         **2012-PER-02131**

**Document Title:**   **LEGAL BRIEF**
**BALCA Case Number: 2012-PER-02131**
**ETA Case Number: A-10344-38244**
**In the Matter of University of Hawaii, Employer on behalf of Ya-Wen Hsiao, Alien**

I hereby certify that a copy of the above-referenced document was sent to the following this 18 day of October, 2012 by FedEx Overnight.

Counsel for Litigation
U.S. Department of Labor, Office of the Solicitor
Division of Employment and Training Legal Services
Room N-2101, FPB
200 Constitution Avenue, NW
Washington, DC 20210
*{Hard Copy – FedEx Overnight}*


David A. M. Ware
Counsel for applicant appellant

**U.S. Department of Labor**

Board of Alien Labor Certification Appeals
800 K Street, NW
Washington, DC  20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



**Issue Date: 20 August 2018**

**BALCA Case No:**  **2012-PER-02131**
ETA Case No:       A-10344-38244

*In the Matter of*:

**UNIVERSITY OF HAWAII**,
                *Employer*,

        *on behalf of*,

**HSIAO, YA-WEN,**
                *Alien*.

<u>**ORDER DENYING EMPLOYER'S PRO SE**</u>
<u>**MOTION FOR RELIEF FROM JUDGMENT AND ORDER**</u>

        A three-judge panel of the Board of Alien Labor Certification Appeals ("BALCA")
issued a decision and order ("D&O") affirming denial of certification in this matter on November
16, 2016.  The D&O included the following notice regarding en banc review:

        <u>**NOTICE OF OPPORTUNITY TO PETITION FOR REVIEW:**</u> This
        Decision and Order will become the final decision of the Secretary unless within
        twenty days from the date of service a party petitions for en banc review by the
        Board. Such review is not favored and ordinarily will not be granted except (1)
        when en banc consideration is necessary to secure or maintain uniformity of the
        Board's decisions, or (2) when the proceeding involves a question of exceptional
        importance. Petitions must be filed with:

        **Chief Docket Clerk**
        **Office of Administrative Law Judges**
        **Board of Alien Labor Certification Appeals**
        **800 K Street, NW Suite 400N**
        **Washington, DC 20001-8002**

        Copies of the petition must also be served on other parties and should be
        accompanied by a written statement setting forth the date and manner of service.
        The petition shall specify the basis for requesting en banc review with supporting
        authority, if any, and shall not exceed ten double-spaced pages. Responses, if any,

shall be filed within ten days of service of the petition, and shall not exceed ten double-spaced pages. Upon the granting of a petition the Board may order briefs.

D&O at 9 (emphasis in original).

On December 5, 2016, BALCA received a petition for en banc review filed on behalf of the University of Hawai'i.  The en banc review procedures in effect at that time were as follows:

a.   Who may request that BALCA hear/rehear a case en banc?

   i.   Before issuing a decision, a three-judge panel may *sua sponte* call for a matter to be heard en banc if at least two judges on the panel agree that (1) en banc consideration is necessary to secure or maintain uniformity of the Board's decisions;  or (2) the proceeding involves a question of exceptional importance.  In making such a suggestion, the panel will write a short statement explaining why the matter merits en banc review and forward the case to the Deputy Secretary to BALCA (Deputy Secretary).  The Deputy Secretary will circulate the panel's statement in support of en banc review for a vote in accordance with the procedures outlined in section b.

   ii.   After a three-judge panel has issued a decision, a party to the case may file a petition for en banc rehearing on the grounds that (1) en banc consideration is necessary to secure or maintain uniformity of the Board's decisions; or (2) the proceeding involves a question of exceptional importance.  Upon receipt of such a petition, the Deputy Secretary will circulate it for a vote in accordance with the procedures outlined in section b.

b.   "En Banc" Hearing Before Limited En Banc Panels

   i.   Calls for en banc hearings and petitions for en banc rehearings will be evaluated by a panel of nine administrative law judges comprised of the Associate Chief Administrative Law Judge for Immigration and eight additional judges selected at random from the group of judges appointed to BALCA to review PERM appeals under 20 C.F.R. part 656.

   ii.   Upon receipt of a call or petition for en banc review, the Deputy Secretary will circulate an email to the nine-judge panel and request a vote on whether the matter should be heard or reheard en banc.  A matter will only be heard or reheard en banc if, within two weeks of the date on which the email is circulated, a majority of the judges on the nine-judge panel vote to hear or rehear the matter en banc.

   iii.   If a majority of the judges on the nine-judge panel to whom the call or petition is circulated vote to hear or rehear the matter en banc, then the matter will be heard or reheard en banc and the same nine-judge panel will preside over the en banc hearing or rehearing.

2

In accordance with these procedures, District Chief Administrative Law Judges Geraghty and Romero and Administrative Law Judges Price, Barto, Kennington, Calianos, Rosen, and Rosenow were selected at random to review the petition. The position of Associate Chief Administrative Law Judge for Immigration was vacant at the time the Employer filed its petition. Therefore, I served as the ninth judge in my capacity as the chair of BALCA. Two judges affirmatively voted to deny the petition. The remaining seven did not record a vote. Because en banc review required the affirmative support of a majority of the nine-judge panel, and no judge voted for en banc review, on March 29, 2017, BALCA issued an order denying the Employer's petition.

On June 17, 2017, the Employer filed a Pro Se Motion for Relief from Judgment and Order ("Motion to Reopen").[1] In its motion, the Employer requests that I "vacate both orders and . . . assign the instant case to a different panel to review the case with a new review and impartial view." Motion to Reopen at 5. The Employer advances four arguments for why a new en banc panel is necessary.

First, the Employer contends that the en banc review procedures in effect at the time it filed its December 5, 2016 petition were not publicly accessible and that it "would have changed the legal strategy in appealing the instant case" if it had notice of the operative procedures. *Id.* at 2. According to the Employer, it drafted its petition for en banc review with the understanding that an older version of the procedures, which contemplated a five-judge panel rather than a nine-judge panel, were still in effect. According to the Employer, if it "knew that the possibility of En Banc review has dramatically changed, the whole strategy of how to proceed with the appeals would have been different. In particular, the employer would have considered to initially request a motion for reconsideration within ten days of the original three judge panel order (80 Federal Register 28767, 29 CFR 18.93)." *Id.*

Second, the Employer argues that the nine-judge panel failed to adequately consider the petition for en banc review because BALCA's March 29, 2017 order did not contain any discussion or analysis and instead appeared to be "boilerplate." *Id.* at 1, 3. In support of its argument, the Employer cites to three orders denying en banc review that contained varying degrees of substantive analysis.[2]

Third, the Employer argues that en banc review is necessary to maintain uniformity of decisions. *Id.* at 3.

---

[1] After the Employer filed its Motion to Reopen, the case file was inadvertently transferred to the Atlanta National Processing Center ("ANPC"). BALCA retained possession of the Motion to Reopen as well as electronic copies of the file's substantive documents but for the Employer's brief filed on October 19, 2012. While BALCA requested that the ANPC transfer the file back, in the interest of efficiency, I issued an order on June 19, 2018 affording the Employer an opportunity to resubmit the brief. The Employer provided a copy of the brief on June 28, 2018. Therefore, my adjudication of the Employer's Motion to Reopen is based on a review of all substantive documents in the case file.

[2] *Amazon Global Resources*, 2011-PER-02476 (May 13, 2013) (Order Denying En Banc Review); *Benish Corporation*, 2011-PER-00510 (October 18, 2012) (Order Denying En Banc Review); *PJ Clarke's on the Hudson*, 2010-PER-00064 (Apr. 5, 2011) (Order Denying En Banc Review).

Fourth, the Employer argues that "[t]he original decision and order had factual and adjudicative errors which were clearly not typographical errors."  *Id.*

The Employer's arguments are unavailing. First, the D&O provided the Employer with adequate notice of the en banc review procedures.  The D&O contained the deadline for filing a petition and the standard BALCA applied when deciding whether to grant en banc review.  That the Employer believed a five-judge panel would review its petition rather than a nine-judge panel is not so material as to alter the Employer's "whole strategy."  Furthermore, the only change in strategy the Employer states it would have made was to file its petition within ten days of the D&O's issuance.[3]  However, as stated in the D&O, the Employer had twenty days from the date of service in which to request en banc review.  The Employer timely filed a petition within that period.  Filing earlier would have had no bearing on the Employer's petition.  Second, there is no regulatory or procedural requirement that an order denying en banc review contain substantive analysis of an employer's arguments.  While prior panels have occasionally provided some level of explanation for why en banc review was being denied, that does not mean every panel must always provide an explanation.  Finally, the Employer argued in its December 5, 2016 petition that en banc review was necessary to maintain uniformity of decisions and to correct material errors of fact and law in the D&O.  Those arguments were presented to a nine-judge panel in accordance with BALCA's procedures.  No judge voted in favor of en banc review.  The Employer may not raise those arguments again in an attempt to re-open the en banc review process.  Accordingly, the Employer's motion is **DENIED** and this case remains **CLOSED**.

**SO ORDERED.**




Stephen R. Henley
Chief Administrative Law Judge
 and
Chair of the Board of Alien Labor
Certification Appeals

---

[3] The authority cited by the Employer is not relevant.  The Federal Register entry at 80 Fed. Reg. 28767 is a request for information by the Internal Revenue Service regarding Form 5452, Corporate Report of Nondividend Distributions.  The regulation at 29 C.F.R. § 18.93 sets forth the procedures for filing a motion for reconsideration with the Office of Administrative Law Judges ("OALJ").  While BALCA is housed within OALJ, the procedural regulations at 29 C.F.R. Part 18, Subpart A only apply to BALCA proceedings when the labor certification regulations and internal BALCA policies do not provide guidance on specific procedural matters.  *See Sunnyvale School District*, 2014-PER-00620 (June 22, 2017).  In this case, the D&O provided the Employer with notice that it had twenty days to file a petition for en banc review.  Thus, the Employer was under no obligation to satisfy the ten day deadline set forth at 29 C.F.R. § 18.93.