ORIGINAL

Ya-Wen Hsiao
1141 Hoolai St. Apt 201
Honolulu HI 96814
808-728-2646
rabbityhsiao@gmail.com
*Pro Se*

USDC JAN 8 '21 12:25PM

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 08 2021

at 12 o'clock and 25 min. P M
MICHELLE RYNNE, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| YA-WEN HSIAO,<br><br>Plaintiff,<br><br>vs.<br><br>EUGENE SCALIA, in his capacity as the United States Secretary of Labor,<br><br>Defendant. | CIVIL NO. 1:18-CV-00502-JAO-KJM<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS AMMENDED COMPLAINT (73)**<br><br>**CERTIFICATE OF WORD COUNT**<br><br>**CERTIFICATE OF SERVICE**<br><br>Hearing Date: February 12, 2020<br>Time:          9:00 AM<br>Before:      Hon. Judge Jill Otake |

Mailed On
Date 1/11/2021  jm

# Table of Contents

**STATEMENT OF THE CASE** ............................................................................... 1

**SUMMARY OF THE PLAINTIFF'S OPPOSITION** ......................................... 2

**LAW OF THE CASE** ............................................................................................ 2

**ARGUMENT** ......................................................................................................... 2

   **I.**    LIBERTY INTEREST ............................................................................. 3

  **II.**    PROPERTY INTEREST ......................................................................... 4

 **III.**    SHOCKS THE CONSCIENCE AND OFFENDS THE COMMUNITY'S
        SENSE OF FAIR PLAY AND DECENCY ............................................ 9

 **IV.**    ALLEGED ACTIONS ........................................................................... 13

          A. NOTICE REQUIREMENT ........................................................... 13

          B.  RIGHT TO AN IMPARTIAL FACT-FINDER ............................ 16

          C. ACCURATE FACT-FINDING ...................................................... 18

**CONCLUSION** ................................................................................................... 19

# Table of Authorities

**Cases**

American-Arab Anti-Discrimination v. Reno,
   70 F.3d 1045, 1069 (9th Cir. 1995) .............................................................................3

Ching v. Mayorkas,
   725 F.3d 1149, 1155 (9th Cir. 2013) ..........................................................................5

Frost v. City and County of Honolulu,
   584 F. Supp. 356, 360, 362, 363 (D. Haw. 1984)...........................................11, 12, 18

Gladysz v. Donovan,
   595 F. Supp. 50, 53 (N.D. Ill. 1984)...........................................................................7

Hsiao v. Scalia,
   No. 19-16870, at *5 (9th Cir. July 13, 2020)...............................................................3

In re Murchison,
   349 U.S. 133, 136-137 (1955) ...................................................................................17

Lodge v. Burwell,
   227 F. Supp. 3d 198, 206 (D. Conn. 2016)..................................................................14

Merritt v. Mackey,
   827 F.2d 1368, 1370, 1371 (9th Cir. 1987) ..............................................................8, 9

Mullane v. Central Hanover Bank & Trust Co.,
   339 U.S. 306, 314 (1950).............................................................................................14

Purdue Univ. v. Scalia,
   Action No. 20-3006 (EGS) (D.D.C. Dec. 14, 2020) ...................................................15

Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.,
   908 F.3d 476, 518 (9th Cir. 2018) .........................................................................9, 10

Rochin v. California,
   342 U.S. 165, 175-76 (1952) .....................................................................................10

Sylvia Landfield Trust v. City of L.A.,
   729 F.3d 1189 (9th Cir. 2013) ..............................................................................13, 19

Tumey v. Ohio,
   273 U.S. 510 (1927) ...................................................................................................16

United States v. Houser,
   804 F.2d 565, 567 (9th Cir. 1986) ...............................................................................2

Williams v. Pennsylvania,
   136 S. Ct. 1899, 1905 (2016) ...............................................................................16, 18

Zerezghi v. USCIS
   955 F.3d 802, 808 (9th Cir. 2020) ................................................................................................6

Zetino v. Holder,
   596 F.3d 517, 533 (9th Cir. 2010) ................................................................................................7

## Statutes and Regulations

5 USC § 554 (d)(2) ................................................................................................................18

5 USC § 2635.502 .................................................................................................................18

8 USC § 1182 (5)(A)(i) ...........................................................................................................5

18 USC § 207, 208..................................................................................................................18

## Federal Register Publications

69 Fed. Reg. 77325................................................................................................................4

69 Fed. Reg. 77363................................................................................................................7

## Website URL Links

19-16870 Ya-Wen Hsiao v. Eugene Scalia   https://youtu.be/LmHEuzRgjqI .................................7

69 Fed Reg 77363   https://www.federalregister.gov/d/04-27653/p-478 .......................................7

DOL OALJ Memos, 2018-MIS-00002, 2019-MIS-00002, 2020-MIS-00002, 2021-MIS-00002
https://www.dol.gov/agencies/oalj ..............................................................................................14

## STATEMENT OF THE CASE

The Plaintiff initiated this action against the Department of Labor (DOL) on December 26, 2018. The Plaintiff among other things alleged the denial of the Employer's application for Labor Certification on her behalf was an abuse of discretion and was arbitrary and capricious in violation of the APA. The Plaintiff also alleged due process violations and challenged the legality of the En Banc procedures adopted by the Office of Administrative Law Judges at the DOL.

On March 4, 2019, the Defendant filed a Rule 12 Motion to Dismiss (ECF 13). On June 28, 2019, the Court granted the Government's Motion to Dismiss without prejudice. The Plaintiff filed her First Amended Complaint on July 19, 2019 along with a renewed Motion for Preliminary Injunction and the Defendant filed their Motion to Dismiss the Amended Complaint.

On September 23, 2019, the Court granted the Motion to Dismiss with prejudice. The Plaintiff timely filed an appeal as well a Motion for an Emergency Injunction to the Ninth Circuit Court of Appeals. The Appeals court granted the Emergency Injunction and on July 13, 2020, vacated the district court's dismissal.

On December 2, 2020, the Defendant filed a Partial Motion to Dismiss Amended Complaint. The Plaintiff now comes to oppose that motion.

## SUMMARY OF THE PLAINTIFF'S OPPOSITION

The Government re-hashes questions of law that has been settled by the Appeals Court. The Defendant also misconstrues the liberty and property interests that are implicated by their misconduct.

## LAW OF THE CASE

"The term "law of the case" applies to the principle that in order to maintain consistency during the course of a single lawsuit, reconsideration of legal questions previously decided should be avoided" United States v. Houser, 804 F.2d 565, 567 (9th Cir. 1986)

A trial court may not reconsider a question decided by an appellate court. *Id*

## ARGUMENT

The Defendant and the Court is aware of the allegations as was articulated in the First Amended Complaint (FAC). The crux of the Defendant's argument seems to be two-fold: First, there is no constitutionally protected liberty or property interest implicated by the process used or the adjudication itself. Second, the Labor Certification (PERM) process was between the Employer and the Defendant. In essence, the Defendant is stating that if there was a due process violation, that would be a violation against the Employer and not the Plaintiff. Both arguments fail.

The Defendant states that there is no liberty or property interest implicated in the alleged violations. This is simply not true. The order on remand in no uncertain terms stated that the "The labor certification would provide Hsiao eligibility to work in the United States" Hsiao v. Scalia, No. 19-16870, at *5 (9th Cir. July 13, 2020) and "Further, if Hsiao was able to successfully complete the three-step process she would receive a visa and the opportunity to apply for adjustment of status." Hsiao v. Scalia, No. 19-16870, at *5 (9th Cir. July 13, 2020)

## I.   Liberty Interest

With respect to the Plaintiff's procedural due process claim, the Defendant does not argue that Plaintiff has adequately stated a claim regarding the denial of adequate procedural protection.  Rather, Defendants argue only that Plaintiff has not alleged the deprivation of a constitutionally protected liberty or property interest. Defendants are incorrect.

The 9th Circuit stated that Aliens who have resided for more than a decade in this country have a strong liberty interest in remaining in their homes. The Court stated that liberty interests are implicated even for those who are unlawfully here. It went further in stating: "Similarly, the denial of legalization impacts the opportunity of an alien to work, which also raises constitutional concerns." American-Arab Anti-Discrimination v. Reno, 70 F.3d 1045, 1069 (9th Cir. 1995)

The Plaintiff has been a legal immigrant for the past 18 years and she has a constitutionally protected interest in being able to remain in the United States. The multiple due process denials have caused the PERM application to be illegally rejected. As the Appeals Court has found, if the Plaintiff was able to successfully complete the three-step process, she would be able to ultimately permanently immigrate to the US. The denial strips the Plaintiff of that opportunity to be able to adjust her status and places her legal immigrant status to one of undocumented and be deportable.

## II.    **Property Interest**

Having explained that the Plaintiff has a liberty interest in being able to remain in the US, the Defendant proposes that the first step in the Employment Based track for immigrating to the United States is a "discretionary action". This is inaccurate. As presented in Plaintiff's Opposition on Defendants Motion to Dismiss at ECF 44 page 9, the PERM process is not discretionary. The promulgated regulations which were published at 69 Fed Reg 77325 state the legal requirements for issuance of the Certificate. The standards are articulated and as long as the Employer meets those standards, the Certificate must be issued. The Ninth Circuit explained that ""*determinations* that 'require application of law to factual determinations' are nondiscretionary." Hernandez v. Ashcroft,345 F.3d 824, 833–34 (9th Cir.2003) (internal alteration omitted); see also Garfias–Rodriguez v. Holder,702 F.3d 504,

525–26 n. 16 (9th Cir.2012) (en banc) (contrasting INA § 204(b)'s language with discretionary authority elsewhere in the INA);" Ching v. Mayorkas, 725 F.3d 1149, 1155 (9th Cir. 2013) (emphasis added).

The Labor Certification statute states: "Any alien who seeks to enter the United States for the purpose of performing skilled or unskilled labor is inadmissible, unless the Secretary of Labor has *determined* and certified to the Secretary of State and the Attorney General that…" 8 U.S.C. § 1182 (5)(A)(i) (emphasis added)

The preamble for the PERM regulations further state that the purpose of the process used is to "streamline" the process. The Government in fact recognizes this as articulated at the hearing on September 6, 2019. See Transcript at ECF 50 page 37.

*THE COURT: How do you respond to her statement that the labor certification process is not discretionary, that after PERM, it was really kind of a pro forma check-the-box sort of process, where if you checked all these boxes then the labor certification would issue?*

*MR. GO: Well, Your Honor, I think that this is -- along the lines of what defendant said, if the -- or what plaintiff has said, if the employer meets all the requirement to the labor certification process, you know, checks the -- checks the boxes of meeting the requirements, then they will get a labor certification application.*

> *So if all those boxes are checked, there's not an instance where DOL would say, you know, even though these boxes are checked, you don't get the labor certification application.*
>
> *So in that sense, I think that perhaps the parties may be in agreement.*

The fact that approval of the Certificate is nondiscretionary therefore creates for the Plaintiff a constitutionally protected interest in such approval.  Zerezghi v. USCIS, 955 F.3d 802, 808 (9th Cir. 2020).  As the CA9 explained for such nondiscretionary immigration decisions, "[t]his administrative framework thus creates a 'legitimate claim of entitlement' that is 'grounded in the statute defining eligibility,' rather than on a mere 'unilateral expectation' for the petition's approval.'" *Id.*

Furthermore, the argument that the Labor Certification is a discretionary immigration benefit is problematic and in fact Janus-faced because the Defendant cannot possibly claim that the process is between the US Employer and the DOL and in the same breath state that the relief asked for is a discretionary immigration benefit for the alien.

In a renewed attempt to muddy the waters to mislead this Court as they did in the earlier proceedings, the Government conveniently interchanges immigration proceedings and other agency adjudications. They claim that the property interest asserted is in issuance of the visa through the Immigration and Nationality Act

(INA). This is misguided and misleading as only the United States Citizenship and Immigration Service (USCIS) may issue visas and not the Department of Labor (DOL). As alleged in the First Amended Complaint (FAC) at page 26 and throughout the complaint, the denial of the Labor Certification (PERM) application bars the Employer from extending her visa with the USCIS (who is not a party to this lawsuit), which would result in the termination of her employment, *See also* ECF 44, which deprives her of the opportunity for a green card.

For the proposition that the Alien has no interest in the application because it is between the Employer and the DOL, the Defendant is wrong and this question of law has been answered by the Appeals Court finding that she has Article III standing and is within the "zone of interests". ( watch mark 22:00 Oral Argument before the CA9 at https://youtu.be/LmHEuzRgjqI )

Prior to the current regulations, the Alien is allowed to participate in the appeals process. See 69 Fed Reg 77363 (https://www.federalregister.gov/d/04-27653/p-478 ) It was only through regulation that the Alien was excluded from the agency appeals process. Agencies cannot make laws and therefore cannot strip statutory, much less constitutional interests from individuals. The DOL cannot unilaterally override the review provisions of the APA, only Congress may do so. See Zetino v. Holder, 596 F.3d 517, 533 (9th Cir. 2010) citing Gladysz v. Donovan, 595 F. Supp. 50, 53 (N.D. Ill. 1984) The Order by the 9th Circuit on remand stressed that the Plaintiff is more

than just a mere onlooker. Whether or not she was involved in the "process" (which was promulgated by the Defendant) does the Defendant no good here because it is her liberty and property interests that are at stake. The Government may not strip an individual of their constitutionally protected interests through regulation.

Merritt v. Mackey, 827 F.2d 1368 (9th Cir. 1987) is instructive in this regard. In that case, federal agents for the Government demanded that for an alcohol and drug abuse center to continue receiving grants, they inexplicably demanded that the plaintiff must be fired.

Citing the Supreme Court, the CA9 said: "the Supreme Court noted that "the right to hold specific private employment and to follow a chosen profession free from unreasonable governmental interference comes within the `liberty' and `property' concepts of the Fifth Amendment."" Merritt v. Mackey, 827 F.2d 1368, 1370 (9th Cir. 1987)

When a private employee is deprived of his employment through government conduct, the cause of action available to the employee is not merely the right to sue for interference with contractual relationships. Where the actions of private individuals operate to deprive an individual of his employment, a suit for interference with private contractual relationships would lie, but where government

officials are involved, the nature of the interest at stake in private employment is a property interest. *Id*

The Defendant again stresses that it was the loss of the visa that would cause her termination and not the denial of the Certification. But that is unavailing in the context of protected property interest in continued employment as well. "That KADA and not the government officials themselves terminated Merritt's employment does not change the nature of his protected property interest." Merritt v. Mackey, 827 F.2d 1368, 1371 (9th Cir. 1987)

Simply put, there would be no property interest implicated in continued employment if the disagreement was between the Employer and Employee. However, when the Government, through malfeasance, interferes in the ability of an employer to continue that employment or the ability of the employee to work for the employer, property interest in continued employment is implicated.

**III.  Shocks the Conscience and Offends the Community's sense of fair play and Decency**

As for the Plaintiff's substantive due process claim, the questions of what liberty and property interests were implicated by the illegal actions of the Defendant are discussed above. The Plaintiff now turns to what is "conduct that 'shock[s] the conscience and offend[s] the community's sense of fair play and decency.'" Regents

of the Univ. of Cal. v. U.S. Dep't of Homeland Sec., 908 F.3d 476, 518 (9th Cir. 2018)

The standards for these requirements originated with Rochin v. California, 342 U.S. 165 (1952). In that criminal case that originated in state court, police officers forcefully induced Rochin to vomit evidence that he swallowed. Though he was found guilty in state court, the case made its way to the Supreme Court where the majority reversed and found that "the Due Process Clause empowers this Court to nullify any state law if its application "shocks the conscience," offends "a sense of justice" or runs counter to the "decencies of civilized conduct." The majority emphasize that these statements do not refer to their own consciences or to their senses of justice and decency. For we are told that "we may not draw on our merely personal and private notions"; our judgment must be grounded on "considerations deeply rooted in reason and in the compelling traditions of the legal profession." We are further admonished to measure the validity of state practices, not by our reason, or by the traditions of the legal profession, but by "the community's sense of fair play and decency"; by the "traditions and conscience of our people"; or by "those canons of decency and fairness which express the notions of justice of English-speaking peoples." These canons are made necessary, it is said, because of "interests of society pushing in opposite directions." Rochin v. California, 342 U.S. 165, 175-76 (1952)

Judge Fong of this district wrote a breathtakingly informative analysis on substantive and procedural due process violations when constitutional interests are implicated. In Frost v. City and County of Honolulu, 584 F. Supp. 356 (D. Haw. 1984), the plaintiff in that case sued the City for a § 1983 claim. The City claimed that the plaintiff failed to state a claim under § 1983 because state law tort claims gave him alternative remedies to the Federal Claim.

The court stated a number of factors in considering whether the procedures or government conduct depriving a person constitutional interest should be addressed by a Federal Court. "Other relevant factors considered by this court on the present Motion to Dismiss include: 1) whether a property or a liberty interest was infringed, *Wakinekona*; 2) whether the conduct of the state actor was "random and unauthorized," *Parratt*; and 3) whether the deprivation was intentional or merely negligent, *Weiss and Piatt.*" Frost v. City and County of Honolulu, 584 F. Supp. 356, 360 (D. Haw. 1984)

The allegations and facts in the FAC demonstrate a betrayal of the public's trust and the presumption of regularity and honesty. "In both this case and Piatt the state actor was in a position of significant public trust, and the federal Constitution cannot close its eyes to the deliberate actions of responsible state officers." Frost v. City and County of Honolulu, 584 F. Supp. 356, 362 (D. Haw. 1984)

The Court further listed examples of instances where government actions violate structures of substantive due process where it "shocks the conscience" or is otherwise offensive to the "concept of ordered liberty. "State action is said to violate structures of substantive due process when it "shocks the conscience" or is otherwise offensive to the "concept of ordered liberty." Rochin v. People of California,342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952); Palko v. Connecticut,302 U.S. 319, 325, 58 S.Ct. 149, 152, 82 L.Ed. 288 (1937). Under either test, examples of conduct found to violate substantive due process include: refusal of state to waive court fees for indigents seeking dissolution of their marriages, Boddie v. Connecticut,401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); forcible extraction of narcotics from suspect by probing his mouth and pumping his stomach, Rochin, supra; bribery of young child by policeman in order to obtain evidence to be used against the parent, United States v. Penn,647 F.2d 876 (9th Cir. 1980); policeman causing victim of assault, over her objections, to be photographed naked, and then circulating photographs among other officers, York v. Story,324 F.2d 450 (9th Cir. 1963); and, failure of draft board to inform draftee seeking conscientious objector classification of his right to obtain disclosure of evidence used to defeat his claim, Chernekoff v. United States,219 F.2d 721 (9th Cir. 1955)." Frost v. City and County of Honolulu, 584 F. Supp. 356, 363 (D. Haw. 1984).

*Frost at 361* further explained that deprivations of liberty interests are more egregious because when only property interests are involved, there is a greater chance of recovery of the property.

Where the government had a "reasonable time for deliberation before acting, we consider conduct to be conscience-shocking if it was taken with deliberate indifference toward a plaintiff's constitutional rights." Sylvia Landfield Trust v. City of L.A., 729 F.3d 1189 (9th Cir. 2013).

It is important to note that the Defendant does not argue that the allegations in the Complaint do not rise to the standard of shocking to the conscience or offends the "community's sense of fair play and decency". Indeed, it seems that the Government's argument is: The actions of the Defendant's, no matter how egregious it is, does not implicate the constitutional interests of the Plaintiff because the process was between the Employer and the DOL.

This is false. The misconducts perpetrated by Government actors have caused the Plaintiff to be deprived of well-established liberty and property interests.

## IV.    <u>Alleged Actions</u>

### A. <u>Notice Requirement</u>

Notice is "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all

the circumstances, to apprise *interested parties* of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). (emphasis added)

"The APA establishes procedures that agencies must use to promulgate legislative rules. 5 U.S.C. § 551(5). Under the APA, agencies must ensure that *individuals subject to their rule-making authority* receive due process; the APA guarantees this by requiring that agencies first issue a notice of proposed rule-making, respond to comments on the proposed rule, and, when issuing a final rule, include a general statement of the rule's basis and purpose." Lodge v. Burwell, 227 F. Supp. 3d 198, 206 (D. Conn. 2016) (emphasis added). Alien beneficiaries such as the Plaintiff are both "interested parties" and "individuals subject to their (agency) rule-making authority".

As alleged, the DOL is continually skirting the APAs "Notice and Comment" requirement and therefore denying both Aliens and Employers of due process. The absurdity and egregiousness of this is clearly demonstrated by the fact that the BALCA has substantively changed the proceedings at least 4 times within the last 3 years. (See publicly available DOL OALJ memos accessible at https://www.dol.gov/agencies/oalj): 2018-MIS-00002, 2019-MIS-00002, 2020-MIS-00002, 2021-MIS-00002. These are actions which are not authorized by the APA nor regulation. In fact, neither the PERM regulations nor the statute authorizes

the Defendant to utilize "En Banc" review. Further, as alleged, this is a process that they apply exclusively to PERM adjudications. The Plaintiff does not go into how these changes equate to "rigged" proceedings. Suffice it to say for the purposes of "community's sense of fair play and decency", the Defendants continue to change the rules and procedures with no regard to the due process requirements owed to stakeholders that are subject to their rule making authority.

It is uncontested that rules of practice before a governmental administrative adjudicative body are substantive/legislative rules. The Defendants certainly have the right to promulgate rules and procedures. But when substantive or legislative rules are adopted in the absence of the required "notice and comment" imposed by the APA, those rules are illegal and unenforceable. The most recent example of this is in Purdue Univ. v. Scalia, Civ. Action No. 20-3006 (EGS) (D.D.C. Dec. 14, 2020). There, the DOL issued new wage rules and published it in the Federal Register and invoked the "good cause" exception to the notice-and-comment requirement of the APA. The Court granted summary judgement in favor of the Plaintiffs requiring the DOL to engage in notice-and-comment before implementing the rule.

In this instance, there was not even "notice". This is most certainly unacceptable not merely in the APA context but implicates due process concerns because "notice" is an elementary and fundamental requirement of due process.

In the Constitutional context, the *change* in the En Banc procedures without notice-and-comment offends "procedural due process" protections towards immigrants. However, the adoption of an En Banc procedure itself offends substantive due process because it is unauthorized and adopted without notice. In continuing to amend and change the procedures despite this pending action challenging those modifications clearly show that this was intentional rather than negligent.

B. Right to an Impartial Fact-Finder

Tumey v. Ohio, 273 U.S. 510 (1927) is perhaps the seminal case on an individual's due process right to an impartial adjudicator. The teaching of that case and a basic tenet of impartiality is that a prosecutor may not be an adjudicator.

The Supreme Court recently reiterated that doctrine and found structural error when it said: "The Court now holds that under the Due Process Clause there is an impermissible risk of actual bias when a judge earlier had significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case." Williams v. Pennsylvania, 136 S. Ct. 1899, 1905 (2016)

It is undisputed that Harry Sheinfeld was the Counsel for Litigation before the case was heard in BALCA. He represented the Certifying Officer who denied the application. It is also undisputed that he eventually became an adviser to BALCA

and was the one who wrote the recommendation to the ALJ's who denied En Banc review in the present case. This falls squarely as a structural error. *Id*

In a hypothetical scenario, it would be no different than the presiding judge or law clerk of this Court giving advice to the Court of Appeals on this instant case if it found against the Plaintiff and the case was appealed. Impermissible bias occurs against due process when the same person serves as an "accuser" and an "adjudicator" See In re Murchison, 349 U.S. 133, 136-137 (1955)

The 'shock' here is not the impossibility of that happening. The "shock to the conscience" is that it *did happen* for at least two years. The extremely disturbing question here is: In addition to the Plaintiff, how many aliens have been denied the due process right to an impartial adjudicator without them knowing? How many immigrants have been denied their liberty and property interest in being able to stay and work in the United States because of an impartial adjudicator?

The Plaintiff goes further. BALCA is not oblivious to the fact that Harry Sheinfeld represented the Certifying Officer in virtually all PERM cases that came before them. BALCA's impartiality as a neutral adjudicator is easily questioned when they are not merely complicit, but in fact was instrumental in perpetrating due process denials to the Plaintiff and an unknown number of legal aliens.

The Plaintiff reviews the last two factors articulated in Frost v. City and County of Honolulu, 584 F. Supp. 356, 360 (D. Haw. 1984). Whether the conduct of the state actor was unauthorized and whether the deprivation was intentional or merely negligent.

The conduct of Harry Sheinfeld and the BALCA's facilitation of hiring him was not merely unconstitutionally intolerable, Williams v. Pennsylvania, 136 S. Ct. 1899, 1905 (2016), it was forbidden not only by federal "revolving door" laws as mentioned in the FAC (5 USC § 2635.502), it was not only forbidden by the APA (5 USC § 554 (d)(2)), his actions were criminally punishable (18 USC § 207, 208). Certainly, the requirement of an impartial adjudicator falls within the procedural due process rubric and from there alone, the partial motion to dismiss fails. When the misconduct is done in violation of "the law", it implicates more than just the "process" that was used. The Defendant facilitated this for at least two years which shows it was intentional and that, could not be more shocking to the conscience.

C. Accurate Fact-Finding

Facts matter. The Defendant cannot possibly be claiming that false representation of facts by an agency's adjudicative body that led to the denial of Plaintiff's constitutional interests does not fall within the due process clause. A mistake that was not corrected nor addressed even after pointing it out. This demonstrates it was

intentional and done in bad faith. BALCA is obviously aware that PERM cases involve immigrants' rights to be able to immigrate as it is the first step in obtaining permanent residence. BALCA adjudicates the first step in the *Employment Based* track of the process which makes them aware that their adjudications also implicate an immigrants' right to work. The Defendant took more than six years adjudicating this case. There was more than "reasonable time for deliberation before acting" and their actions were "conscience-shocking" because "it was taken with deliberate indifference toward a plaintiff's constitutional rights".  Sylvia Landfield Trust v. City of L.A., 729 F.3d 1189 (9th Cir. 2013).

## CONCLUSION

For the stated reasons, the Plaintiff has shown that she has constitutionally protected liberty and property interests in being able pursue her ability to stay in the United States and the Defendant's processes and malfeasance in interfering with her employer's ability to continue her employment violates both her substantive and procedural due process rights. The Partial Motion to Dismiss must be denied.

Respectfully submitted and dated this 8th day of January 2021,

/S/ Ya-Wen Hsiao
*Pro Se Plaintiff*
1141 Hoolai St. Apt 201
Honolulu HI 96814
808-728-2646
rabbityhsiao@gmail.com