KENJI M. PRICE  #10523
United States Attorney
District of Hawaii
HARRY YEE  #3790
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Email: Harry.Yee@usdoj.gov

JENNIFER B. DICKEY
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director
GLENN M. GIRDHARRY
Assistant Director
SAMUEL P. GO  NYS BAR #4234852
Assistant Director
United States Department of Justice
Office of Immigration Litigation, District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-9923
E-mail: samuel.go@usdoj.gov

Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YA-WEN HSIAO, | ) Civil No. 1:18-cv-00502-JAO-KJM |
| | ) |
| Plaintiff, | ) DEFENDANT'S REPLY IN SUPPORT |
| | ) OF DEFENDANT'S PARTIAL |
| v. | ) MOTION TO DISMISS |
| | ) |
| EUGENE SCALIA, Secretary of Labor, | ) Hon. Jill A. Otake |
| | ) |
| Defendant. | ) ORAL ARGUMENT REQUESTED |

Plaintiff's Fifth Amendment due process claim, as set forth in Count 3 of the Amended Complaint, should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. In Plaintiff's opposition, Plaintiff now appears to contend that she has alleged both a procedural and substantive due process claim. *See, e.g.*, ECF No. 82, Plaintiff's Opposition to Defendant's Partial Motion to Dismiss ("Opp.") at 3, 9. However, Plaintiff's allegations, as set forth in her Amended Complaint, fail to plead sufficient facts to state a viable due process claim, procedural or substantive.

As noted is Defendant's Partial Motion to Dismiss (ECF No. 73) ("Mot."), "A procedural due process claim has two elements: deprivation of a constitutionally protected liberty or property interest and denial of adequate procedural protection." Mot. at 6 (quoting *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 970 (9th Cir. 2010) (internal citation omitted). Plaintiff's due process claim fails to plead any facts sufficient to show that she was involved in the en banc review such that she had a liberty or property interest in (1) being notified of BALCA's alleged adoption of En Banc rules in 2015; (2) BALCA's representation of dates when the Employer responded to the Certifying Officer's (CO) audit request; or (3) Mr. Sheinfeld's alleged conflict of interest.  *See* ECF No. 35, Amended Complaint ("Am. Compl.") at ¶¶ 118-43. The adjudication Plaintiff challenges in her due process claim is the

Employer's request for en banc review, in which the parties involved were BALCA and the Employer, and not the Plaintiff. *See* ECF No. 35-5, Exhibit 5, Petition for En Banc Review filed by Employer. As Plaintiff alleges in her Amended Complaint, the "Rules of Practice and Procedure for Administrative Hearings before the Office of Administrative Law Judges requires notice to parties of any changes to rules and procedures." Am. Compl. at ¶ 84 (citing 29 C.F.R. § 18.10(c)). However, Plaintiff was not a party to the Employer's request for en banc review. Accordingly, the rules cited by Plaintiff did not require BALCA to notify Plaintiff of any changes to rules and procedures.

Plaintiff does not plead sufficient facts showing that BALCA deprived her of a constitutionally protected life, liberty, or property interest. *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008); *Yagman v. Garcetti*, No. 20-cv-2722-DMG(JEMx), 2020 WL 7079355, at *5 (C.D. Cal. Dec. 3, 2020) (citing *Shanks*); *see also* Am. Compl. at ¶¶ 118-43. Plaintiff only cursorily alleges that "[w]hen BALCA adopted the En Banc rules in 2015 without proper notice to Employer and the Plaintiff, they violated Plaintiff's due process rights under the Fifth Amendment." Am. Compl. at ¶ 135. However, nowhere in Plaintiff's due process claim does Plaintiffs allege sufficient facts showing how she has a constitutionally protected life, liberty, or property interest in being notified of BALCA's adoption of the En Banc rules in 2015, or in BALCA's representation of dates when the

Employer responded to the CO's audit request, or in Mr. Sheinfeld's alleged conflict of interest. *See id.* at ¶¶ 118-43. Plaintiff's failure to allege sufficient facts showing how she has the liberty or property interest required for a valid procedural due process claim is further evident from Plaintiffs' Opposition. In Plaintiffs' Opposition, Plaintiff argues that she has a liberty and property interest required for a valid procedural due process claim. *See* Opp. at 4-9. However, Plaintiff tellingly makes no reference in her Opposition as to where she has alleged sufficient facts showing she has the requisite liberty or property interest in the Amended Complaint. *See id.* For example, Plaintiff states in her Opposition, "[t]he 9th Circuit stated that Aliens who have resided for more than a decade in this country have a strong liberty interest in remaining in their homes." *See* Opp. at 4. However, nowhere in the Amended Complaint does Plaintiff allege this particular liberty interest. *See generally* Am. Compl. Similarly, Plaintiff states in her Opposition that "the nature of the interest at stake in private employment is a property interest" and that there is a property interest in continued employment, *see* Opp. at 9, but does not state where she has alleged sufficient facts showing the requisite property interest for a valid procedural due process claim in the Amended Complaint. *See id.* at 4-9.  Because Plaintiff failed to allege sufficient facts showing she has a liberty and property interest required for a valid procedural due process claim, it follows that Plaintiff failed to allege sufficient facts showing a denial of adequate

procedural protection of the requisite liberty or property interest. Accordingly, Plaintiff's due process claim fails to state a procedural due process claim under the Fifth Amendment upon which relief can be granted, and Plaintiff's Opposition does not prove otherwise.

Plaintiff's due process claim also fails to state a substantive due process claim upon which relief can be granted. To establish a substantive due process claim, a plaintiff must (1) show a government deprivation of life, liberty, or property, and (2) allege government conduct that "shock[s] the conscience and offend[s] the community's sense of fair play and decency." Mot. at 8 (citations omitted). "'Substantive due process' analysis must begin with a careful description of the asserted right[.]" *Id.* (quoting *Reno v. Flores*, 507 U.S. 292, 302 (1993)).

Plaintiff's due process claim fails to identify a government deprivation of life, liberty, or property, as required to state a viable substantive due process claim. *See* Am. Compl. at ¶¶ 118-43. Plaintiff's Opposition does not show otherwise. As noted previously, Plaintiff does not identify in her Opposition where in the Amended Complaint she sufficiently alleges facts showing that the government deprived her of life, liberty or property. *See* Opp. at 2-9.  Furthermore, as noted above, substantive due process analysis must begin with "a careful description of the asserted right." However, Plaintiff's due process claim does not include any

- 4 -

allegations that carefully describe an asserted right of Plaintiff. *See* Am. Compl. at ¶¶ 118-43.

Finally, the immigration relief Plaintiff seeks – the adjustment of her status to that of a permanent lawful resident – is discretionary. *See* 8 U.S.C. § 1255(a) ("The status of an alien ... may be adjusted by the Attorney General, in his discretion ... to that of an alien lawfully admitted for permanent residence"). Thus, as noted in Defendant's Motion, because discretionary immigration relief "is a privilege created by Congress, denial of such relief cannot violate a substantive interest protected by the Due Process clause." *See* Mot. at 9 (quoting *Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir. 2003)). Accordingly, Plaintiff's due process claim fails to state a substantive due process claim under the Fifth Amendment upon which relief can be granted. As Plaintiff's due process claim fails to state either a procedural or substantive due process claim upon which relief can be granted, the Court should dismiss Plaintiff's due process claim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

For the reasons indicated above, the Court should find that Plaintiff's due process claim fails to state a claim upon which relief can be granted. The Court, therefore, should dismiss Plaintiff's due process claim as set forth in her Amended Complaint.

Dated: January 15, 2021            Respectfully submitted,

KENJI M. PRICE
United States Attorney
District of Hawaii

By:/s/ Harry Yee
HARRY YEE
Assistant U.S. Attorney

JENNIFER B. DICKEY
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director
GLENN M. GIRDHARRY
Assistant Director

By:/s/ Samuel P. Go
SAMUEL P. GO
NYS Bar No. 4234852
Assistant Director
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-9923
E-mail: Samuel.go@usdoj.gov

Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on January 15, 2021 by the method of service noted

below, a true and correct copy of the foregoing was served on the following at their

last known address:

Served by First-Class Mail:

Ya-Wen Hsiao                                     January 15, 2021
1141 Hoolai St., Apt. 201
Honolulu, HI 96814

<u>/s/ Samuel P. Go</u>
Samuel P. Go
Assistant Director
District Court Section
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 353-9923
Fax: (202) 305-7000