KENJI M. PRICE  #10523
United States Attorney
District of Hawaii
HARRY YEE  #3790
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Email: Harry.Yee@usdoj.gov

BRIAN M. BOYNTON
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director
GLENN M. GIRDHARRY
Assistant Director
SAMUEL P. GO  NYS BAR #4234852
Assistant Director
United States Department of Justice
Office of Immigration Litigation, District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-9923
E-mail: samuel.go@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| YA-WEN HSIAO, | ) | Civil No. 1:18-cv-00502-JAO-KJM |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S MEMORANDUM IN |
| | ) | RESPONSE TO THE COURT'S |
| v. | ) | FEBRUARY 16, 2021 ORDER |
| | ) | |
| EUGENE SCALIA, Secretary of Labor, | ) | Hon. Jill A. Otake |
| | ) | |
| Defendant. | ) | |

On February 16, 2021, the Court issued an Order in this matter stating the

following:

> In her [84] Motion for Preliminary Injunction, Plaintiff argues that
> pursuant to the law of the case doctrine, this Court should award the
> same injunctive relief granted by the Ninth Circuit with respect to her
> Emergency Motion for Injunctive Relief Pending Appeal. The Court
> has reviewed the briefing submitted to the Ninth Circuit and notes that
> the parties addressed the merits of this litigation, not merely Plaintiff's
> likelihood of success on appeal. Defendant is directed to file a
> memorandum by 2/22/21, not to exceed five (5) pages, discussing
> whether the Court is obligated to award the same injunctive relief
> and/or whether Defendant is agreeable to the same relief pending the
> resolution of this action.

ECF No. 86.  Pursuant the Court's February 16, 2021 Order, Defendants

responds as follows:

## The Court is not obligated to award Plaintiff the same injunctive relief granted by the Ninth Circuit with respect to her Emergency Motion for Injunctive Relief Pending Appeal.

With respect to Plaintiff's current preliminary injunction motion, the Court

is not obligated to award the same injunctive relief granted by the Ninth Circuit

with respect to her Emergency Motion for Injunctive Relief Pending Appeal.

Under the law of the case doctrine, "a court is generally precluded from

reconsidering an issue that has already been decided by the same court, or a higher

court in the identical case." *U.S. v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998)

(citations omitted). Similarly, "when a case has been decided by an appellate court

and remanded, the court to which it is remanded must proceed in accordance with

the mandate and such law of the case as was established by the appellate court."

*U.S. v. Luong*, 627 F.3d 1306 (9th Cir. 2010); *see also U.S. v. Miller*, 822 F.2d

828, 832 (9th Cir. 1987) ("The rule is that the mandate of an appeals court

precludes the district court on remand from considering matters which were either

expressly or implicitly disposed of upon appeal."). However, the doctrine "merely

expresses the practice of courts generally to refuse to reopen what has been

decided, not a limit to their power." *Leslie Salt Co. v. U.S.*, 55 F.3d 1388, 1393

(9th Cir. 1995). The doctrine does not apply to issues not addressed by the

appellate court. *See United States v. Cote*, 51 F.3d 178, 181 (9th Cir.1995) (quoting

*Luckey v. Miller*, 929 F.2d 618, 621 (11th Cir.1991)). The doctrine applies to the

appellate court's "explicit decisions as well as those issues decided by necessary

implication." *Id.* (quoting *Eichman v. Fotomat Corp.*, 880 F.2d 149, 157 (9th

Cir.1989)).

      Here, the law of the case doctrine does not apply. The Ninth Circuit has held

that generally, its decisions at the preliminary injunction phase do not constitute

the law of the case, noting that:

> In general . . . "our decisions at the preliminary injunction phase do
> not constitute the law of the case." *Ranchers Cattlemen Action Legal
> Fund United Stockgrowers of Am. v. U.S. Dep't. of Agric.*, 499 F.3d
> 1108, 1114 (9th Cir. 2007). This is true for the reason that a
> preliminary injunction decision is just that: preliminary. *Id.* "This rule
> acknowledges that 'decisions on preliminary injunctions ... must often
> be made hastily and on less than a full record.' " *Id.* (quoting *S. Or.
> Barter Fair v. Jackson Cnty.*, 372 F.3d 1128, 1136 (9th Cir. 2004)).

*Ctr. for Biological Diversity v. Salazar*, 706 F.3d 1085, 1090 (9th Cir. 2013).

Plaintiff's cited case of *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agr.*, 499 F.3d 1108 (9th Cir. 2007), also notes that the district court should abide by "the general rule" that decisions at the preliminary injunction phase do not constitute the law of the case. *Id.* at 1114. However, the Ninth Circuit notes that "[a]ny of our conclusions on pure issues of law, however, are binding." *Id.* (further citations omitted). While Plaintiff argues that this holding means that the law of the case doctrine should apply to her preliminary injunction motion, this argument is incorrect. The Ninth Circuit's decision on Plaintiff's previous preliminary injunction motion made no conclusions on pure issues of law, but only ordered that the Department of Labor ("DOL") stay entry in Board of Alien Labor Certification Appeals ("BALCA") case number 2012-PER-02131, such that the labor certification application at issue would remain pending until the issuance of the mandate for the appeal. Case No. 19-16870, Dkt. No. 8.  The Ninth Circuit's subsequent judgment on appeal only held that Plaintiff has Article III and prudential standing to pursue her claim for a review of the DOL's denial of her employer's labor certification application, and thus, vacated the district court's grant of Defendant's previous motion to dismiss and remanded the case to the district court. ECF No. 61 at 5. Both decisions made no conclusions on pure issues of law that are present with the instant preliminary

injunction motion, which is whether or not Plaintiff is entitled to the preliminary injunctive relief of administratively reopening BALCA case number 2012-PER-02131 while the court decides the merits of her case. The Ninth Circuit's preliminary injunction order only held that Plaintiff was entitled to injunctive relief while her appeal of the district court's order on Defendant's motion to dismiss was being decided; it did not address whether Plaintiff is entitled to preliminary injunctive relief while she pursues her case on the merits.  *See* Case No. 19-16870, Dkt. No. 8. The Ninth Circuit's subsequent judgment on appeal only addressed the issue of whether Plaintiff had the requisite standing to pursue her case; it also did not address whether Plaintiff is entitled to preliminary injunctive relief while she pursues her case on the merits. *See* ECF No. 61.

Moreover, application of the law of the case doctrine is discretionary and motivated by the need to "maintain consistency and avoid reconsideration of matters once decided." *Karasek v. Regents of Univ. of California*, --- F.Supp.3d ---, 2020 WL 6684869, at *12 (N.D. Cal. Nov. 12, 2020) (quoting *Ingle v. Circuit City*, 408 F.3d 592, 595 (9th Cir. 2005)); *see also City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) ("[T]he law of the case doctrine is discretionary, and 'is in no way a limit on a court's power to revisit, revise, or rescind an interlocutory order prior to entry of final judgment in the case.'"); *City & Cty. of San Francisco v. Purdue Pharma L.P.*, --- F.Supp.3d ----,

2020 WL 5816488, at *2 (N.D. Cal. Sept. 30, 2020) (holding that the law of the case doctrine is a discretionary practice). Accordingly, the Court is not obligated to award Plaintiff the same injunctive relief granted by the Ninth Circuit with respect to her Emergency Motion for Injunctive Relief Pending Appeal.

## CONCLUSION

For the reasons indicated above, the Court should find that the Court is not obligated to award Plaintiff the same injunctive relief granted by the Ninth Circuit with respect to her Emergency Motion for Injunctive Relief Pending Appeal. Finally, Defendant is not agreeable to the same relief pending the resolution of this action on the current record.[1]

Dated: February 22, 2021

Respectfully submitted,

KENJI M. PRICE
United States Attorney
District of Hawaii

By:/s/ Harry Yee

---

[1] In part, the requested relief of "re-opening" the BALCA proceedings should arguably strip the court of jurisdiction to review the labor certification denial as there would no longer be a final agency action from DOL subject to the court's review. *Sierra Club v. Trump*, 977 F.3d 853, 876 (9th Cir. 2020) ("The APA provides for judicial review of 'final agency action for which there is no other adequate remedy in a court.'") (citing 5 U.S.C. § 704); *see also generally Utah Life Real Estate Grp., LLC v. USCIS*, 259 F. Supp. 3d 1294 (D. Utah 2017) (holding that the decision to reopen employer's application rendered prior decision non-final and deprived district court of subject matter jurisdiction under the Section 704).

HARRY YEE
Assistant U.S. Attorney

BRIAN M. BOYNTON
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director
GLENN M. GIRDHARRY
Assistant Director

By:/s/ Samuel P. Go
SAMUEL P. GO
NYS Bar No. 4234852
Assistant Director
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-9923
E-mail: Samuel.go@usdoj.gov

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that, on February 22, 2021 by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served by First-Class Mail:

Ya-Wen Hsiao                                      February 22, 2021
1141 Hoolai St., Apt. 201
Honolulu, HI 96814


/s/ Samuel P. Go
Samuel P. Go
Assistant Director
District Court Section
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 353-9923
Fax: (202) 305-7000

- 7 -