IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YA-WEN HSIAO,<br><br>    Plaintiff,<br><br>    vs.<br><br>EUGENE SCALIA, Secretary of Labor,<br><br>    Defendant. | Civil No. 18-00502 JAO-KJM<br><br>ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS AMENDED COMPLAINT |

**ORDER GRANTING DEFENDANT'S PARTIAL MOTION
TO DISMISS AMENDED COMPLAINT**

Plaintiff Ya-Wen Hsiao ("Plaintiff"), proceeding pro se, seeks review of the Department of Labor's ("DOL") denial of an application for permanent employment certification under the Administrative Procedure Act ("APA"), 5 U.S.C. § 704.  Defendant Eugene Scalia ("Defendant") moves to dismiss Plaintiff's Fifth Amendment due process claim for failure to state a claim.  For the following reasons, the Court GRANTS Defendant's Partial Motion to Dismiss Amended Complaint ("Motion").

## BACKGROUND

I.      <u>Factual History</u>

Plaintiff is an "alien" who lives in Honolulu, Hawai'i. ECF No. 35 at 6 & ¶ 1. On January 13, 2011, her employer, the University of Hawai'i John A. Burns School of Medicine ("JABSOM"), filed an Application for Permanent Employment Certification ("labor certification") on her behalf with the Department of Labor ("DOL"), for an Educational Technology Specialist position. *Id.* ¶ 2.

On March 23, 2012, the Certifying Officer ("CO") denied the application on the grounds that JABSOM (1) provided inadequate proof that the job advertisement was posted on a website and (2) presented evidence showing the advertisement offered less favorable terms and conditions of employment to non-foreigners than to Plaintiff. *Id.* ¶ 9. JABSOM requested reconsideration, which was denied on April 30, 2012. *Id.* ¶¶ 10, 13.

The CO then forwarded the case and appeal file to the Board of Alien Labor Certification Appeals ("BALCA"). *Id.* ¶ 16. In its briefing to BALCA, JABSOM argued that the second ground for denial undercut the first ground for denial and that the appeal file contained evidence to prove that it posted the job advertisement on a website. *Id.* ¶ 20. JABSOM further argued that as a bona fide recruitment, the advertisement did not offer terms more favorable to Plaintiff. *Id.* ¶ 21.

On November 16, 2016, a three-judge panel from BALCA affirmed the denial of the application based on the first ground and consequently declined to address the second ground. *Id.* ¶¶ 22–23. JABSOM requested en banc review, which BALCA denied on March 29, 2017. *Id.* ¶¶ 24, 27.

Plaintiff filed a Freedom of Information Act ("FOIA") request on May 1, 2017, seeking information related to the en banc process. *Id.* ¶ 30. Administrative Law Judge ("ALJ") Paul Almanza responded, explaining that ALJs on the panel had previously used a vote sheet to record a "yes" or "no" vote; the order denying en banc review did not list the judges who reviewed the petition; and en banc voting procedures are not published. *Id.* ¶ 31.

The next month, JABSOM filed a Pro Se Motion for Relief from Judgment and Order with the Chief ALJ and BALCA Chair, arguing that en banc procedures were not published and that it was not notified of changes to the en banc procedures. *Id.* ¶¶ 32–33. The Chief ALJ denied the Motion and barred JABSOM from presenting further issues. *Id.* ¶¶ 44, 51.

Plaintiff then submitted a FOIA request to obtain the employment records of Harry Sheinfeld ("Sheinfeld"), then Counsel for Litigation for Employment Legal and Training Services ("ETLS") and records from the administrative file. *Id.* ¶¶ 52, 88. Plaintiff received some responsive documents on October 8, 2018. *Id.* ¶ 53.

On November 6, 2018, Plaintiff received notification from JABSOM that her employment would terminate on November 1, 2019, the date her visa expired, because it could not renew her H1-B visa nor proceed with the labor certification. *Id.* ¶ 54.

II. Procedural History

Plaintiff commenced this action on December 26, 2018. On March 4, 2019, Defendant filed a Motion to Dismiss for Lack of Jurisdiction. ECF No. 13. On June 7, 2019, the same day as the hearing on the Motion to Dismiss, Plaintiff filed a Motion for Temporary Injunction. ECF Nos. 28–29. The Court deferred ruling on the Motion for Temporary Injunction until it ruled on the Motion to Dismiss. ECF No. 30.

On June 28, 2019, the Court granted the Motion to Dismiss, dismissing Plaintiff's claims with leave to amend. ECF No. 31.

On July 19, 2019, Plaintiff filed another Motion for Temporary Injunction and a First Amended Complaint ("FAC"). ECF Nos. 34–35. The FAC asserts the following claims: Count 1 – the denial of the labor certification violated the Administrative Procedures Act ("APA") and deprived Plaintiff of the opportunity to apply for permanent residence, which caused her to face the imminent threat of losing her employment and becoming out-of-status; Count 2 – the en banc denial was in bad faith because the procedures were arbitrary, capricious, and failed to

comply with applicable law; Count 3 – Plaintiff's Fifth Amendment due process rights were violated because notice of substantive changes to en banc procedures was not provided, the case was adjudicated by a biased tribunal, and the facts were falsified;[1] Count 4 – the Chief ALJ and BALCA Chair engaged in abusive behavior toward Plaintiff and JABSOM by misrepresenting arguments in the Pro Se Motion for Relief from Order and Judgment, and the order denying the Motion was arbitrary, capricious, and an abuse of discretion; Count 5 – the injustices caused by DOL irreparably harmed Plaintiff; and Count 6 – the CO's second basis for denial is not supported by the regulations articulated by BALCA in other cases.

Defendant filed a Motion to Dismiss Amended Complaint and Opposition to Plaintiff's Motion for Temporary Injunction on August 5, 2019.  ECF No. 41.

On September 23, 2019, the Court issued an Order Granting Defendant's Motion to Dismiss ("Dismissal Order"), concluding that Plaintiff lacked constitutional and prudential standing.  ECF No. 51.  Judgment entered the same day.  ECF No. 52.

Plaintiff subsequently appealed.  ECF No. 53.  On July 13, 2020, the Ninth Circuit issued a memorandum, ECF No. 61, vacating the Dismissal Order and

---

[1] According to Plaintiff, BALCA misrepresented JABSOM's response date to the audit requested by the CO.  ECF No. 35 ¶ 120.

remanding the case. *See Hsiao v. Scalia*, 821 F. App'x 680, 683 (9th Cir. 2020). It determined that Plaintiff has Article III and prudential standing. *Id.*

Defendant filed the present Motion on December 2, 2020. ECF No. 73. Plaintiff filed her Opposition on January 8, 2021, ECF No. 82, and Defendant filed a Reply on January 15, 2021, ECF No. 83. A hearing was held on February 12, 2021. ECF No. 85.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion to dismiss, "the court accepts the facts alleged in the complaint as true," and "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)) (alteration in original). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (citation omitted). Furthermore, the court need not accept as true allegations that contradict matters

properly subject to judicial notice.  *See Sprewell*, 266 F.3d at 988.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The tenet that the court must accept as true all of the allegations contained in the complaint does not apply to legal conclusions.  *See id.*  As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)) (some alterations in original).  If dismissal is ordered, the plaintiff should be granted leave to amend unless it is clear that the claims could not be saved by amendment.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007) (citation omitted).

DISCUSSION

Defendant moves to dismiss Plaintiff's Fifth Amendment claim (Count 3) for failure to state a claim.  At the hearing, defense counsel explained that the sole

7

basis for seeking dismissal is Plaintiff's failure to allege sufficient facts regarding the deprivation of due process and he conceded that amendment could potentially cure this defect.

In the FAC, Plaintiff alleges that she was denied due process because she did not receive notice of changes to en banc procedures, the case was adjudicated by a biased tribunal, and the facts were falsified. ECF No. 35 at 32. Although unclear from the FAC,[2] Plaintiff confirmed at the hearing that her procedural due process claim is premised on BALCA's failure to provide her or JABSOM with notice of its adoption of the En Banc rules in 2015 and her substantive due process claim is based on Sheinfeld's impartiality and the false representation of facts.

I.  Due Process Framework

The Due Process clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "'A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution.'" *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 996 (9th Cir. 2007) (citation omitted); *see Zerezghi v. U.S. Citizenship & Immigr. Servs.*, 955 F.3d 802, 808 (9th Cir. 2020). Liberty interests "may arise from the Constitution

---

[2] Plaintiff's allegations related to procedural and substantive components are conflated.

itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted). Property interests do not arise from the Constitution; "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972).

A procedural due process claim consists of two elements: (1) "'whether there exists a liberty or property interest of which a person has been deprived'" and (2) "'whether the procedures followed by the [government] were constitutionally sufficient.'" *Zerezghi*, 955 F.3d at 808 (alteration in original) (citation omitted). "[T]o establish a constitutional violation based on substantive due process, [plaintiffs] must show both a deprivation of [their] liberty and conscience shocking behavior by the government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006) (footnote omitted).

    A.    <u>Liberty or Property Interest</u>

Nowhere in the FAC does Plaintiff identify liberty or property interests related to her due process claim. Indeed, for the first time in her Opposition, Plaintiff asserts a liberty interest in remaining in the United States and a property interest in continued employment. ECF No. 82 at 7–13. Defense counsel clarified

9

at the hearing that Defendant does not presently take a position about whether Plaintiff has a viable liberty or property interest. Rather, he challenges the sufficiency of her allegations that the DOL denied her due process.

"'In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.'" *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (citation omitted); *see Thomas v. Hernandez*, No. 09cv1336-LAB (PCL), 2012 WL 4496826, at *6 (S.D. Cal. Sept. 28, 2012) ("[A]s a general rule plaintiffs can't add facts in an opposition brief in order to save a claim." (citation omitted)). Courts should consider "[f]acts raised for the first time in plaintiff's opposition papers . . . in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." *Broam*, 320 F.3d at 1026 n.2 (citation omitted). Although Plaintiff raised multiple allegations and arguments in her Opposition and at the hearing, they cannot save her due process claim because the FAC does not contain allegations about her liberty or property interests nor clearly identify the contours of her claim. Plaintiff articulates her purported *injuries* in Count 3 — inability to apply for other jobs, consequences to economic and personal interests, inability to renew her employment with JABSOM, danger of losing legal status which will bar her from adjusting to that of

a lawful permanent resident — but without identifying a legitimate liberty or property interest, these allegations do not sufficiently state a due process claim.

Even if Plaintiff included these allegations in the FAC, her due process claim is deficient. With respect to her interests, Plaintiff on one hand asserts that the denial of the labor certification application, a non-discretionary process, deprives her of the ability to legally remain in the country at this time. ECF No. 82 at 7–10. Yet she also repeatedly emphasizes that this denial affects her future ability to obtain permanent residency through the immigration process. *Id.* at 10–11.

          1.    Liberty or Property Interest in Permanently Remaining in the United States

Plaintiff does not have a constitutionally protected right to adjust her immigration status to that of Lawful Permanent Resident ("LPR"). Relying on *American-Arab Anti-Discrimination Committee v. Reno*, 70 F.3d 1045, 1069 (9th Cir. 1995), she contends that aliens have a strong liberty interest in remaining in their homes. ECF No. 82 at 7. However, this is not so when an alien's entitlement to remain in the United States is discretionary.[3] *See Mendez-Garcia v. Lynch*, 840 F.3d 655, 669 (9th Cir. 2016) ("Discretionary immigration relief gives rise to no

---

[3] In *American-Arab*, 8 U.S.C. § 1255a(a) governed the entitlement to remain in the country. 70 F.3d at 1069. Under § 1255a(a), the Attorney General lacked the discretion to deny relief if the eligibility requirements were satisfied. *See id.*

11

'substantive interest protected by the Due Process Clause.' Nor did Congress provide aliens with such an interest." (citation omitted)); *Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir. 2003) ("Since discretionary relief is a privilege created by Congress, denial of such relief cannot violate a substantive interest protected by the Due Process clause." (citations omitted)).

In its memorandum addressing the appeal in the present case, the Ninth Circuit described the Immigration and Nationality Act's three-step process to become a permanent resident by obtaining an employment visa, applicable to Plaintiff:

> First, the alien's employer is required to submit an Application for Permanent Employment Certification to the DOL on behalf of the alien as the beneficiary in the process. . . . Second, if the DOL approves the labor certification, the employer must then submit the employment certification on behalf of the alien worker as the beneficiary of the application process through an I-140 (Immigrant Petition for Alien Worker) with the U.S. Citizenship and Immigration Services ("USCIS"). The employer must also submit documentation to show that the noncitizen worker meets any educational, training and experience, or other requirements dictated by the labor certification. 8 U.S.C. § 1153(b)(3); 8 C.F.R. § 204.5. Third, if USCIS approves the visa petition, the alien may file an I-485 Application to Register Permanent Residence or Adjust Status with the USCIS. 8 U.S.C. § 1255.

*Hsiao*, 821 F. App'x at 682. Attaining permanent residency requires Plaintiff to

adjust her status pursuant to Section 1255(a), which is discretionary.[4] *See* 8 U.S.C. § 1255(a) ("The status of an alien . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence[.]"). Therefore, even if Plaintiff had articulated adjustment to LPR status as her liberty interest or related facts in the FAC, it could not support a due process claim.

Neither could Plaintiff have a property interest in adjusting her immigration status to LPR. "'To have a property interest in a benefit, a person clearly must have more than an abstract need or desire' and 'more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) (quoting *Roth*, 408 U.S. at 577). And again, because Plaintiff's ability to obtain LPR status is discretionary,[5] she has no property interest in that benefit. *See id.* (stating that benefits are not protected entitlements "if government officials may grant or deny [them] in their discretion" (citation omitted)).

---

[4] Plaintiff accuses Defendant of characterizing the labor certification application process (step one) as discretionary. ECF No. 82 at 8. In fact, Defendant only describes the immigration process as discretionary. ECF No. 73-1 at 8; ECF No. 83 at 6.

[5] The labor certification application is the first of three steps in what is ultimately a discretionary decision. *See* 8 U.S.C. § 1255(a).

Accordingly, to the extent Plaintiff's due process claim is premised on an interest in obtaining permanent residency,[6] it is DISMISSED. *See Munoz*, 339 F.3d at 953–54 (rejecting the plaintiff's argument that he has due process rights to stay in the United States because he has resided there for nearly his entire life and his family and friends are there). Because amendment of a legally deficient claim would be futile, the dismissal on the ground of the asserted interest (obtaining LPR status) is with prejudice. *Cf. Sadideen v. U.S. Citizenship & Immigr. Servs.*, No. CV-19-05122-PHX-MTM, 2020 WL 3893388, at *3–4 (D. Ariz. July 10, 2020) (dismissing with prejudice the plaintiffs' due process claim because there is no constitutionally protected property interest in an I-140 visa, which the Attorney General has the discretion to grant or deny).

### 2. Property Interest in Continued Employment

In her Opposition, Plaintiff also asserts a property interest in continued employment.[7] ECF No. 82 at 12–13. Continued employment can only constitute a

---

[6] The Court declines to address the narrower issue of whether Plaintiff has a liberty or property interest related to the denial of the labor certification application itself, independent of the immigration process, until it is clear Plaintiff alleges as much. This includes any imminent loss of legal status Plaintiff claims to suffer from the denial. ECF No. 35 ¶ 142.

[7] Plaintiff's reliance on *Merritt v. Mackey*, 827 F.2d 1368, 1370–71 (9th Cir. 1987), for this asserted property interest is misplaced. There, in a report evaluating Klamath Alcohol and Drug Abuse, Inc. ("KADA"), state and federal officials conditioned further state and federal funding on the termination of the plaintiff's

(continued . . .)

protected property interest if a plaintiff has a legitimate claim of entitlement to it. *See Town of Castle Rock*, 545 U.S. at 756 (citation omitted). "[A] mere expectation that employment will continue does not create a property interest." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) (citation omitted). Aliens have "'no constitutional right to work without authorization.'" *Aliens for Better Immigr. Laws v. United States*, 871 F. Supp. 182, 186 (S.D.N.Y. 1994) (citations omitted); *see WJA Realty Ltd. P'ship v. Nelson*, 708 F. Supp. 1268, 1273 (S.D. Fla. 1989) ("Aliens acquire only the 'limited status' established by the regulations and statutes and they have no constitutional right to work without authorization." (citation omitted)). Non-citizens even lack a "liberty interest in being permitted to work legally in the U.S. between the time they obtain labor certification and the time they receive their visas." *Aliens for Better Immigr. Laws*, 871 F. Supp. at 186.

---

(. . . continued)
employment with KADA. *See Merritt*, 827 F.2d at 1370. The *Merritt* court concluded that the plaintiff had a property interest in continued employment because: (1) the government interfered with the plaintiff's private employment; and (2) pursuant to KADA's personnel policies, permanent employees could only be fired "for cause," and "just cause" policies can form part of an employment contract under Oregon law. *See id.* Here, Plaintiff is an alien and has not presented allegations that she has a legitimate claim of entitlement to continued employment. And the fact that there is a labor certification process for aliens suggests otherwise. In any event, *Merritt* does not support Plaintiff's assertion that she has a property interest in continued employment.

Therefore, to the extent Plaintiff's due process claim is predicated on a continued right to employment, it fails and is DISMISSED. The Court will authorize leave to amend if Plaintiff can identify independent rules supporting her entitlement to a property interest in continued employment.

II.   Amendment of the FAC

Because Plaintiff has not successfully identified valid liberty or property interests, and she has not articulated sufficient facts concerning the deprivation of due process,[8] Defendant's Motion is GRANTED. However, the Court grants leave to amend as outlined herein; that is, Plaintiff is not foreclosed from reasserting a due process claim. If Plaintiff elects to amend her due process claim, she must comply with these requirements: (1) amendment is limited to the parameters articulated in this Order; (2) Plaintiff must allege a liberty or property interest and is reminded that she will ultimately have to identify the source of her articulated liberty and/or property interest(s); (3) Plaintiff may not assert a liberty or property interest in permanently remaining in the United States; (4) Plaintiff must clearly present her claim and delineate between procedural and substantive due process violations; (5) any other amendments to the FAC are prohibited; and (6) the amended pleading should be titled "Second Amended Complaint" and is

---

[8] Due to this failure, the Court need not address other aspects of the due process claim.

due by **March 23, 2021**. The amended pleading "may not incorporate any part of a prior pleading by reference," *see* LR10.4, and it will supersede all prior pleadings, which will be treated as non-existent. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citations omitted). Failure to comply with these requirements may result in the dismissal of the due process claim.

If Plaintiff declines to amend the claim, her case will proceed as to the APA claim — consisting of all remaining counts — which is the crux of this case.

## CONCLUSION

In accordance with the foregoing, the Court GRANTS Defendant's Motion, ECF No. 73, and dismisses Plaintiff's due process claim with leave to amend. Her deadline to file an amended pleading is March 23, 2021 and she must comply with all requirements set forth above.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, March 2, 2021.



Jill A. Otake
United States District Judge

Civil No. 18-00502 JAO-KJM; *Hsiao v. Scalia*; ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS AMENDED COMPLAINT