KENJI M. PRICE  #10523
United States Attorney
District of Hawaii
HARRY YEE  #3790
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Email: Harry.Yee@usdoj.gov

BRIAN M. BOYNTON
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director
GLENN M. GIRDHARRY
Assistant Director
SAMUEL P. GO  NYS BAR #4234852
Assistant Director
United States Department of Justice
Office of Immigration Litigation, District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-9923
E-mail: samuel.go@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YA-WEN HSIAO, <br> Plaintiff, <br><br> v. <br><br> AL STEWART, Acting Secretary of Labor, <br> Defendant. | ) Civil No. 1:18-cv-00502-JAO-KJM <br> ) <br> ) DEFENDANT'S OPPOSITION TO <br> ) THE PLAINTIFF'S MOTION FOR <br> ) PRELIMINARY INJUNCTION <br> ) <br> ) <br> ) Hon. Jill A. Otake <br> ) <br> ) <br> ) |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................... ii

INTRODUCTION ...............................................................................1

STATEMENT OF THE CASE................................................................2

STATUTORY AND REGULATORY BACKGROUND.........................................4

ARGUMENT ....................................................................................5

I.    The Court Lacks the Authority to Grant the Requested Relief Because the Relief is Unrelated to Plaintiff's Claims ...................................................7

II.   Plaintiff Fails to Meet the Heightened Standard Required for a Mandatory Injunction, as She Fails to Show in her Motion that the Law and Facts of her Claims Clearly Favor her Position....................................9

III.  Plaintiff Fails to Show that She Will Suffer Irreparable Harm Absent Her Requested Preliminary Relief, as the Reopening of the Labor Certification Application Itself Does Not Mean Plaintiff Will Receive an H-1B Extension ........................................................................12

IV.   The APA Does Not Provide the Basis for Plaintiff's Requested Relief ..13

V.    Plaintiff's Requested Relief is not Consistent with the Public Interest ...14

VI.   The Relief Sought by the Plaintiff would Leave the Court Without Jurisdiction, Since Reopening the Application Would Render the Agency's Decision Non-Final ................................................................15

CONCLUSION .................................................................................18

i

# TABLE OF AUTHORITIES

## CASES

*All. For the Wild Rockies v. Cottrell,*
  632 F.3d 1127 (9th Cir. 2011) .........................................................................5, 17

*Am. Bioscience, Inc. v. Thompson,*
  269 F.3d 1077 (D.C. Cir. 2001) ...............................................................................11

*Anderson v. United States,*
  612 F.2d 1112 (9th Cir. 1980) ....................................................................................6

*Bennett v. Spear,*
  520 U.S. 154 (1997) ...................................................................................................16

*Bhasin v. U.S. Dep't of Homeland Sec.,*
  413 F. App'x 983 (9th Cir. 2011) .............................................................................16

*Brown v. United States Forest Serv.,*
  465 F. Supp. 3d 1119 (D. Or. 2020) ............................................................... 10, 11

*Cabaccang v. U.S. Citizenship & Immigration Servs.,*
  627 F.3d 1313 (9th Cir. 2010) ..................................................................................15

*Casavelli v. Johanson,*
  No. CV-20-00497-PHX-JAT, 2020 WL 3035959 (D. Ariz. June 5, 2020)..........11

*CleanFish, LLC v. Sims,*
  No. 19-CV-03663-HSG, 2019 WL 2716293 (N.D. Cal. June 28, 2019)..............10

*Davis ex rel. Davis v. United States,*
  343 F.3d 1282 (10th Cir. 2003)................................................................................16

*DISH Network Corp. v. F.C.C.,*
  653 F.3d 771 (9th Cir. 2011).......................................................................................5

*Earth Island Inst. v. Carlton,*
  626 F.3d 462 (9th Cir. 2010) .................................................................................. 11

ii

*FCC v. Fox Television Stations, Inc.*,
  556 U.S. 502 (2009) ...........................................................................11

*Garcia v. Google, Inc.*,
  786 F.3d 733 (9th Cir. 2015) ...................................................... 1, 7, 10

*Hsiao v. Scalia*,
  821 F. App'x 680 (9th Cir. 2020) ...........................................................3

*Innovation Law Lab v. Nielsen*,
  310 F. Supp. 3d 1150 (D. Or. 2018) ....................................................10

*Johnson v. Cal. State Bd. of Accountancy*,
  72 F.3d 1427 (9th Cir. 1995) ..................................................................6

*Kern Cnty. Farm Bureau v. Allen*,
  450 F.3d 1072 (9th Cir. 2006) ........................................................ 11, 12

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
  571 F.3d 873 (9th Cir. 2009) ..................................................................6

*Mazurek v. Armstrong*,
  520 U.S. 968 (1997) ............................................................................ 11

*Monsanto Co. v. Geertson Seed Farms*,
  561 U.S. 139 (2010) ..............................................................................5

*Motor Vehicle Mfrs. Ass'n. v. State Farm Mut. Auto. Ins. Co.*,
  463 U.S. 29 (1983) ..............................................................................12

*Net–Inspect, LLC v. United States Citizenship & Immigration Services*,
  No. C14-1514JLR, 2015 WL 880956 (W.D. Wash. Mar. 2, 2015)......................17

*New Motor Vehicle Bd. of California v. Orrin W. Fox Co.*,
  434 U.S. 1345 (1977) ..........................................................................14

*Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*,
  810 F.3d 631 (9th Cir. 2015)...............................................................7, 9

*Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*,
  636 F.3d 1150 (9th Cir. 2011) .................................................................6

*River Runners for Wilderness v. Martin*,
  593 F.3d 1064 (9th Cir. 2010) ...............................................................12

*Salt Pond Assocs. v. U.S. Army Corps of Eng'rs*,
  815 F. Supp. 766 (D. Del. 1993) ............................................................13

*Shell Offshore, Inc. v. Greenpeace, Inc.*,
  709 F.3d 1281 (9th Cir. 2013) .................................................................5

*Sierra Club v. Trump*,
  977 F.3d 853 (9th Cir. 2020) .................................................................16

*Small v. Avanti Health Systems, LLC*,
  661 F.3d 1180 (9th Cir. 2011) ........................................................ 13, 14

*Stanley v. Univ. of Southern Calif.*,
  13 F.3d 1313 (9th Cir. 1994) ...................................................................9

*True Capital Management, LLC v. United States Department of Homeland Security*,
  No. 13-261 JSC, 2013 WL 3157904 (N.D. Cal. June 20, 2013) ...........17

*Utah Life Real Estate Grp., LLC v. USCIS*,
  259 F. Supp. 3d 1294 (D. Utah 2017) ...................................................16

*Winter v. Natural Res. Def. Council*, Inc.,
  555 U.S. 7 (2008) ........................................................................... 5, 9

## STATUTES

5 U.S.C. § 702 ...........................................................................................2

5 U.S.C. § 704 ................................................................................... 15, 16

5 U.S.C. § 705 ......................................................................................... 13

5 U.S.C. § 706(2)(A) ............................................................................... 11

8 U.S.C. § 1101(a)(15)(H)(i)(b) ..................................................................12

8 U.S.C. § 1153(b)(3)(C) ...........................................................................4

8 U.S.C. § 1182(a)(5)(A)(i) .....................................................................14

8 U.S.C. § 1182(a)(5)(A)(i)(I) ..............................................................4, 18

8 U.S.C. § 1182(a)(5)(A)(i)(II) .............................................................4, 18

8 U.S.C. § 1255(a) .....................................................................................5

28 U.S.C. § 1331 ........................................................................................2

## REGULATIONS

8 C.F.R. § 204.5(g)(2) ................................................................................5

8 C.F.R. § 204.5(l)(1) .................................................................................4

8 C.F.R. § 204.5(l)(3)(ii) ............................................................................4

8 C.F.R. § 214.2(h)(4)(iii) ........................................................................12

8 C.F.R. § 214.2(h)(13)(iii)(D)(2) ............................................................7

20 C.F.R. § 656.21 .............................................................................. 18, 19

## RULES

Fed. R. Civ. P. 25(d) ..................................................................................1

Federal Rule of Civil Procedure 12(b)(6) ................................................3

## MISCELLANEOUS

*Retention of EB-1, EB-2 and Immigrant Workers and Program Improvement Affecting High-Skilled Nonimmigrant Workers*,
    81 Fed. Reg. 82398 (Dep't of Homeland Security Nov. 18, 2016) ......................8

# INTRODUCTION

Defendant Al Stewart[1] hereby files his Opposition to Plaintiff's Motion for Preliminary Injunction ("Motion" or "Mot."). This Court lacks the authority to grant Plaintiff's requested relief to reopen the Department of Labor's ("DOL") denial of the Employer's Application for Permanent Employment Certification ("labor certification application") so that Plaintiff can obtain a one-year H-1B extension pursuant to Section 106 of the American Competitiveness in the Twenty-First Century Act ("AC 21 § 106"), as AC 21 § 106 is unrelated to Plaintiff's claims in her appeal. Plaintiff also fails to meet the heightened standard for her requested mandatory injunction "[to] establish that the law and facts *clearly favor* her position." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (emphasis in original). First, Plaintiff fails to meet the heightened standard for her requested mandatory injunctive relief as she fails to show through her motion that the law and facts of her claims against Defendant clearly favor her position. Second, Plaintiff also fails to show that she will suffer irreparable harm absent her requested preliminary relief, as the reopening of the Employer's labor certification application itself does not mean Plaintiff will receive an H-1B extension.

---

[1] On January 20, 2021, Al Stewart became the Acting Secretary of Labor, automatically substituting for Eugene Scalia, former Secretary of Labor, as a party in accordance with Fed. R. Civ. P. 25(d).

Moreover, Plaintiff must establish that her employer is willing to pursue the reopened application and, if so, willing to complete any further requests by the agency on the reopened application while it remains pending. Finally, the Administrative Procedure Act ("APA") does not provide a basis for Plaintiff's requested relief, and her requested relief is not consistent with the public interest.

## STATEMENT OF THE CASE

Plaintiff filed her Amended Complaint in this civil action against Defendant under the APA, 5 U.S.C. § 702 *et seq.*, and 28 U.S.C. § 1331, alleging, among other things, that (1) DOL's denial of the University of Hawaii John A. Burns School of Medicine's ("Employer") labor certification application, and the Board of Alien Labor Certification's ("BALCA") affirmance of DOL's denial, is an abuse of discretion in violation of the APA; (2) the En Banc denial by BALCA was in bad faith, and that the procedures used were arbitrary, capricious, and not in accordance with applicable laws; and that (3) Plaintiff was denied due process "when notice on substantive changes to the [en banc] procedures were withheld, the case was adjudicated by a biased tribunal and the facts of the case are falsified." *See* ECF No. 35, Amended Complaint ("Am. Compl."). In the labor certification application, the Employer asserted that it sought to employ Plaintiff as an information technology specialist. *See* ECF No. 35-1, at 148-58. On March 23, 2012, DOL denied the Employer's application, noting that (1) the prospective

employer "failed to provide adequate documentation of the additional recruitment steps for professional occupations as required in its Audit Notification Letter," and that (2) "the documentation provided by the employer as proof of the employer's website offers terms and conditions of employment that are less favorable than those offered to the foreign worker." *See id.* at 13-14. The Employer subsequently appealed DOL's denial to BALCA, which affirmed DOL's denial on November 16, 2016. *See* Am. Compl. at ¶ 22. The Employer filed a petition for En Banc Review, which BALCA denied on March 29, 2017. *See id.* at ¶ 27. The Employer then filed a "Pro Se Motion for Relief from Judgement and Order" on July 14, 2017, challenging the En Banc procedures. *See id.* at ¶ 32. On August 20, 2018, the Chief Administrative Law Judge denied the motion for relief. *See id.* at ¶ 44. Plaintiff, but not the Employer, then filed her Complaint in the instant action on December 26, 2018. ECF No. 1, Complaint.

On July 13, 2020, the Ninth Circuit Court of Appeals vacated the district court's dismissal of the Amended Complaint for lack of standing and remanded the instant matter back to the district court. *Hsiao v. Scalia*, 821 F. App'x 680 (9th Cir. 2020). On March 3, 3021, this Court granted Defendant's partial motion to dismiss Plaintiff's due process claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 94.

# STATUTORY AND REGULATORY BACKGROUND

The Immigration and Nationality Act ("INA") provides a three-step process for non-citizens to obtain permanent employment in the United States in certain occupations. First, the employer must apply for a permanent labor certification from DOL confirming that:

> there are not sufficient workers who are able, willing, qualified ... and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor, and the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed.

8 U.S.C. § 1182(a)(5)(A)(i)(I)-(II). Simply put, approval of the labor certification application means that DOL has determined that there are no U.S. workers available for the position the company seeks to fill with a foreign worker.

Second, once the certification is obtained, the employer must submit the certification along with an I–140 visa petition to United States Citizenship and Immigration Services ("USCIS") on behalf of the non-citizen worker, who is known as the "beneficiary" to the petition, to obtain an immigrant visa based on employment. 8 C.F.R. § 204.5(l)(1); *see* 8 U.S.C. § 1153(b)(3)(C). The employer must also submit documentation to show that the non-citizen worker meets any educational, training and experience, or other requirements dictated by the labor certification. 8 C.F.R. § 204.5(l)(3)(ii). The employer must also show that it has the ability to pay the wage specified in the labor certification, from the date on which

the request for the labor certification was submitted to DOL until the non-citizen

worker obtains lawful permanent resident status. 8 C.F.R. § 204.5(g)(2).

Third, if USCIS approves the I–140 petition, the non-citizen worker, if

lawfully present in the United States and is otherwise eligible, may apply to adjust

his or her immigration status to that of a lawful permanent resident by filing an I–

485 Application to Register Permanent Residence or Adjust Status. 8 U.S.C.

§ 1255(a).

## ARGUMENT

An injunction is "a drastic and extraordinary remedy, which should not be

granted as a matter of course," *Monsanto Co. v. Geertson Seed Farms*, 561 U.S.

139, 165 (2010), and requires the Plaintiff to establish that: (1) she is likely to

succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of

preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction

is in the public interest. *Winter v. Natural Res. Def. Council*, Inc., 555 U.S. 7, 20

(2008) (citations omitted); *DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776 (9th

Cir. 2011) ("To warrant a preliminary injunction, [Plaintiff] must demonstrate that

[she] meets all four of the elements of the preliminary injunction test established in

[*Winter*]."); *see also Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291

(9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135

(9th Cir. 2011)) ("[I]f [Plaintiff] can only show that there are 'serious questions

going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in [Plaintiff's] favor,' and the other two *Winter* factors are satisfied.").

Preliminary injunctive relief should always be denied if the probability of success on the merits is low. *See Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995) (stating that "even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits") (citation omitted). And, where the Plaintiff seeks an injunction requiring Defendant to take affirmative action – such as her request for an order to reopen an already adjudicated labor certification application – it is considered a mandatory injunction and is "particularly disfavored." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (citations omitted). A mandatory injunction is "not granted unless extreme or very serious damage will result and [is] not issued in doubtful cases or where the injury complained of is capable of compensation in damages." *Id.* (quoting *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1980)); *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1160 (9th Cir. 2011). Plaintiff, in seeking a mandatory injunction, "must establish that the law and facts *clearly favor* her position, not

simply that she is likely to succeed." *Garcia v. Google, Inc.*, 786 F.3d 733, 740

(9th Cir. 2015) (emphasis in original).

## VII. The Court Lacks the Authority to Grant the Requested Relief Because the Relief is Unrelated to Plaintiff's Claims.

As a threshold matter, Ninth Circuit precedent explains, "there must be a

relationship between the injury claimed in the motion for injunctive relief and the

conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v.*

*Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship between

the preliminary injunction and the underlying complaint is sufficiently strong

where the preliminary injunction would grant 'relief of the same character as that

which may be granted finally.'" *Id.* But, without a relationship between the

injunctive relief requested and the underlying claims asserted in the Amended

Complaint, the Court "lacks authority to grant the relief." *Id.* at 635.

Accordingly, the Court lacks the authority to grant Plaintiff's requested

relief to reopen the Employer's labor certification application so that Plaintiff can

attempt to obtain a one-year H-1B extension pursuant to AC 21 § 106. AC 21

§ 106 does not apply to Plaintiff: the provision only grants employers the ability to

request extensions of temporary, H-1B nonimmigrant worker status if an

employer's labor certification application or immigrant petition remains pending,

and the alien is subject to an immigrant visa quota backlog, which does not pertain

to Plaintiff's appeal. *See* 8 C.F.R. § 214.2(h)(13)(iii)(D)(2). Plaintiff's requested

relief undermines the purpose of AC 21 § 106, which is primarily intended to provide flexibility for U.S. employers to employ and retain high-skilled workers who are beneficiaries of employment-based immigrant visa petitions that remain pending administrative adjudication. *See, e.g.*, *Retention of EB-1, EB-2, and Immigrant Workers and Program Improvement Affecting High-Skilled Nonimmigrant Workers,* 81 Fed. Reg. 82398, 82399. Here, as the labor certification application submitted by Plaintiff's employer has already been adjudicated and denied, AC 21 § 106 cannot apply. Moreover, this requested relief by Plaintiff is unrelated to her claims asserted in her appeal. Plaintiff's appeal is based upon her APA and due process challenge to DOL's denial of the labor certification application filed by a U.S. employer, and BALCA's affirmance of that denial on administrative appeal. *See generally* Dkt. Entry No. 2, Plaintiff's Opening Brief. Her opening brief does not challenge, nor implicate, AC 21 § 106. *See id.* Plaintiff only invokes AC 21 § 106 as a circuitous way to pursue a one-year H-1B visa extension by asking the Court to make "pending" again a labor certification application that has already been adjudicated and denied. However, the title of AC 21 § 106 – "SPECIAL PROVISIONS IN CASES OF LENGTHY ADJUDICATIONS" – makes clear that the provision is intended to provide flexibility for U.S. employers to retain aliens for whom they have a pending immigrant visa petition, and by extension allowing the sponsored alien to maintain

status during a lengthy adjudication of a labor certification application and/or immigration petition, not for an alien to utilize AC 21 § 106 to obtain injunctive relief from a Court when she disagrees with DOL's adjudication of an employer's labor certification application. Plaintiff is thus asking the Court to provide her with an immigration benefit that Congress did not intend for her to have. Accordingly, the Court should not grant Plaintiff injunctive relief under AC 21 § 106, as this "Special Provision" by Congress does not apply to Plaintiff's situation and has no relationship or nexus to the claims set forth in the underlying complaint. *See Pac. Radiation Oncology*, 810 F.3d at 635-38.

## VIII. Plaintiff Fails to Meet the Heightened Standard Required for a Mandatory Injunction, as She Fails to Show in her Motion that the Law and Facts of her Claims Clearly Favor her Position.

Because Plaintiff's Motion – which requests a mandatory injunction of ordering Defendant to affirmatively reopen an already adjudicated labor certification application – "goes well beyond simply maintaining the status quo *pendente lite* and is particularly disfavored," the court must be "extremely cautious." *Stanley v. Univ. of Southern Calif.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994) (internal quotations and alteration omitted). Under the first *Winter* factor, a plaintiff seeking a TRO or preliminary injunction must generally show that he or she "is likely to succeed on the merits." *Winter*, 555 U.S. at 22. However, when a plaintiff requests a "mandatory injunction," that "already high standard ... is further

heightened," and the plaintiff must "'establish that the law and facts *clearly favor* her position, not simply that she is likely to succeed.'" *Brown v. United States Forest Serv.*, 465 F. Supp. 3d 1119, 1127–28 (D. Or. 2020), *appeal dismissed*, No. 20-35591, 2020 WL 5814263 (9th Cir. Aug. 12, 2020) (quoting *Innovation Law Lab v. Nielsen*, 310 F. Supp. 3d 1150, 1156–57 (D. Or. 2018) (quoting *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (emphasis in *Garcia*)). Here, Plaintiff alleges violations of the APA and of due process, but she has not shown a likelihood of success on the merits of either claim, let alone that the law and facts clearly favor her position. *See* Mot. at 4; *Brown*, 465 F. Supp. 3d at 1127-28. As previously set forth in Defendant's partial motion to dismiss, Plaintiff failed to identify what liberty or property interest she was allegedly denied in violation of her due process rights. ECF No. 73-1 at 7-9. On March 3, 3021, this Court granted Defendant's partial motion to dismiss Plaintiff's due process claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 94.

Plaintiff's Motion makes only bare conclusory allegations that the denial of her employer's labor certification application was arbitrary and capricious, the Defendant engaged in malfeasance resulting in due process violations, and that Defendant did not go through the required notice of "notice and comment" for the En Banc Procedures. *See* Mot. at 4. Conclusory allegations alone are not sufficient to demonstrate a likelihood of success on the merits. *CleanFish, LLC v. Sims*, No.

19-CV-03663-HSG, 2019 WL 2716293, at *4 (N.D. Cal. June 28, 2019).

Temporary injunctive relief may not issue "unless the movant, by a clear showing, carries the burden of persuasion" of showing a likelihood of success on the merits. *Casavelli v. Johanson*, No. CV-20-00497-PHX-JAT, 2020 WL 3035959, at *2 (D. Ariz. June 5, 2020) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). Here, Plaintiffs' Motion failed to meet her burden, which goes beyond showing a likelihood of success on the merits, but to show that the law and facts clearly favor her position. *See* Mot. at 4; *Brown*, 465 F. Supp. 3d at 1127-28.

Additionally, whether DOL complied with the APA is a question of law. *See Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). "In deciding whether a plaintiff is likely to succeed on the merits of its motion for a preliminary injunction, the APA sets forth additional requirements for review." *Earth Island Inst. v. Carlton*, 626 F.3d 462, 468 (9th Cir. 2010). The APA "sets forth the full extent of judicial authority to review executive agency action for procedural correctness." *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 513 (2009). "The APA states, in relevant part, that a reviewing court may set aside only agency actions that are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Earth Island*, 626 F.3d at 468 (quoting 5 U.S.C. § 706(2)(A)). This is a "highly deferential" standard that "presume[s] the agency action to be valid and [requires] affirming the agency action if a reasonable basis

- 11 -

exists for its decision," *Kern Cnty. Farm Bureau v. Allen*, 450 F.3d 1072, 1076

(9th Cir. 2006) (second alteration in original), and bars courts from substituting

their own judgment for that of the agency's. *Motor Vehicle Mfrs. Ass'n. v. State*

*Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983); *River Runners for Wilderness v.*

*Martin*, 593 F.3d 1064, 1067 (9th Cir. 2010) (explaining how a plaintiff must

satisfy a "high threshold" to overturn an agency under the APA, and noting how

"[t]he court's task is not to make its own judgment"). Thus, for the foregoing

reasons, Plaintiff fails to meet the heightened standard for mandatory injunctions

that "the law and facts *clearly favor* her position," as Plaintiff fails to demonstrate

a likelihood of success on the merits of her claims.

**IX.  Plaintiff Fails to Show that She Will Suffer Irreparable Harm Absent Her Requested Preliminary Relief, as the Reopening of the Labor Certification Application Itself Does Not Mean Plaintiff Will Receive an H-1B Extension.**

Plaintiff fails to show that she will suffer irreparable harm absent her

requested preliminary relief, as the reopening of the labor certification application

itself does not mean Plaintiff will receive an H-1B extension. Any such conclusion

is, at best, speculative. First, the employer petitioning for an H-1B worker must file

an extension petition on the worker's behalf. Not only will the Employer have to

file an H-1B extension petition on Plaintiff's behalf, but the extension petition will

have to meet all the requirements of eligibility for the H-1B extension (specialty

occupation, no U.S. workers can fill the position, etc.). *See* 8 U.S.C.

§ 1101(a)(15)(H)(i)(b); 8 C.F.R. §§ 214.2(h)(4)(iii), *et seq.* Plaintiff must also establish that her employer is willing to pursue the reopened application and, if so, willing to complete any further requests by the agency on the reopened application while it remains pending. Thus, as the reopening of the labor certification application does not mean that Plaintiff will receive an H-1B extension, Plaintiff fails to show that she will suffer irreparable harm absent her requested relief.

## X.     The APA Does Not Provide the Basis for Plaintiff's Requested Relief.

The APA only authorizes courts to issue preliminary injunctions to "postpone the effective date of an agency action" or to "preserve status or rights pending conclusion of the review proceedings." *Salt Pond Assocs. v. U.S. Army Corps of Eng'rs*, 815 F. Supp. 766, 775-76 (D. Del. 1993). By its very terms, 5 U.S.C. § 705 does not authorize district courts to issue preliminary injunctions that alter the status quo or dictate specific terms and conditions to an agency. *Salt Pond*, 815 F. Supp. at 776. By seeking resolution of an APA suit through a preliminary injunction, Plaintiff is effectively bypassing the normal manner of review under the APA, in which the court reviews the administrative record and determined whether the agency's decision violates the APA. Accordingly, Plaintiff's APA claims do not support the relief she seeks.

**XI.    Plaintiff's Requested Relief is not Consistent with the Public Interest.**

Importantly, "the public interest favors applying federal law correctly." *Small v. Avanti Health Systems, LLC*, 661 F.3d 1180, 1197 (9th Cir. 2011). Here, as indicated above, Congress did not intend for the "Special Provision" of AC 21 § 106 to be used in the situation that Plaintiff is asking the Court to employ – to enter a temporary injunction so that she can attempt to obtain an immigration benefit reserved for otherwise qualified alien beneficiaries whose employer's labor certification application or immigrant petition remains pending due to an immigration visa quota backlog.

Congress requires DOL to administer the labor certification process to ensure that the employment of foreign workers will not adversely affect the employment, wages, and working conditions of U.S. workers. *See* 8 U.S.C. § 1182(a)(5)(A)(i). Plaintiff's request for relief requires the DOL to act contrary to this authority and is against the public's interest. *See Avanti Health Sys.*, 661 F.3d at 1197.

Moreover, any order that grants "particularly disfavored" relief by micro-managing a governmental entity's vested control over a statutory program, or enjoining the governmental entity from administering the statute it is charged with enforcing, constitutes irreparable injury to the Government and weighs heavily against the entry of injunctive relief. *New Motor Vehicle Bd. of California v. Orrin*

*W. Fox Co.*, 434 U.S. 1345, 1351 (1977). Plaintiff's requested relief in this case would require the agency to take affirmative action that is contrary to governing law and DOL's congressionally-mandated authority, and therefore weighs heavily against the entry of an injunction. *See id.* Accordingly, the balance of equities and the public interest tip in favor of the Government.

**XII. The Relief Sought by the Plaintiff would Leave the Court Without Jurisdiction, Since Reopening the Application Would Render the Agency's Decision Non-Final.**

On February 23, 2021, the Court issued an Order in this matter stating the following:

> Defendant's opposition is due by 3/19/21 and should more comprehensively address the argument advanced in footnote 1 of his Memorandum in Response to the Court's February 16, 2021 Order. In particular, Defendant must explain how jurisdiction would only now be lost by granting the same injunctive relief already awarded by the Ninth Circuit during the pendency of the appeal.

ECF No. 89. Pursuant the Court's February 23, 2021 Order, Defendant responds as follows:

The requested relief of "re-opening" the BALCA proceedings would strip the Court of jurisdiction to review the labor certification denial as there would no longer be a final agency action from DOL subject to the court's review. Under the APA, district courts have the authority to review agency action only when the action is (1) "made reviewable by statute," or (2) "a final agency action for which there is no other adequate remedy in court." 5 U.S.C. § 704; *see also Cabaccang v.*

*U.S. Citizenship & Immigration Servs.*, 627 F.3d 1313, 1315 (9th Cir. 2010).

Agency action is final (1) if it marks the consummation of the agency's decision-

making process and (2) if it is one by which rights or obligations have been

determined, or from which legal consequences will flow. *Bennett v. Spear*, 520

U.S. 154, 177–78 (1997). Dismissal for lack of subject matter jurisdiction is proper

when the challenged agency action is not final. *See Davis ex rel. Davis v. United*

*States*, 343 F.3d 1282, 1295-96 (10th Cir. 2003); *see also Sierra Club v. Trump*,

977 F.3d 853, 876 (9th Cir. 2020) ("The APA provides for judicial review of 'final

agency action for which there is no other adequate remedy in a court.'") (citing 5

U.S.C. § 704).

Here, by requesting the "re-opening" of BALCA's decision, Plaintiff is

asking this Court to strip itself of jurisdiction by reversing the final agency action

that gives this Court the ability to review the denial of the labor certification. *See*

*Utah Life Real Estate Grp., LLC v. USCIS*, 259 F. Supp. 3d 1294 (D. Utah 2017)

(holding that the agency's decision to reopen employer's H-1B petition rendered

the agency's prior decision non-final and deprived the district court of subject

matter jurisdiction). Jurisdiction would not just be lost now, but was likely lost

when the Ninth Circuit reopened the denial of the labor certification application

pending the appeal as well. *See Bhasin v. U.S. Dep't of Homeland Sec.*, 413 F.

App'x 983 (9th Cir. 2011) (unpublished) (finding that because USCIS vacated its

denial of a visa petition, the denial was no longer "final agency action" and was not subject to judicial review under the APA).

District courts in the Ninth Circuit have found that reopening employment-based visa petitions stripped district courts of APA jurisdiction since there was no longer final agency action. *See Net–Inspect, LLC v. United States Citizenship & Immigration Services,* No. C14-1514JLR, 2015 WL 880956, at *1 (W.D. Wash. Mar. 2, 2015) (finding the agency's reopening of the employer's H-1B petition rendered the agency's previous denial of the petition non-final and deprived the court of jurisdiction to review the denial); *True Capital Management, LLC v. United States Department of Homeland Security,* No. 13-261 JSC, 2013 WL 3157904, at *1 (N.D. Cal. June 20, 2013) (same); *Utah Life Real Estate Grp., LLC v. USCIS*, 259 F. Supp. 3d 1294 (D. Utah 2017) (same).

Thus, if the Court grants a preliminary injunction forcing the reopening of the labor certification application, there will no longer be final agency action required for judicial review under the APA. If there is no final agency action, there is no jurisdiction to hear this case. This Court cannot order the reopening of the BALCA decision without stripping itself of jurisdiction. To the extent the Court is inclined to grant Plaintiff's requested relief, the more appropriate remedy would be to reopen the labor certification application and remand to the agency for to ensure recruitment is appropriately conducted. Such remedy would balance Plaintiff's

interests in attempting to secure an extension of her H-1B status with the Defendant's statutory mandate, *see* 8 U.S.C. § 1182(a)(5)(A)(i)(I)-(II), as well as the Court's interest in exercising proper jurisdiction.

## CONCLUSION

For the reasons indicated above, the Court should deny Plaintiff's Motion. The Court lacks the authority to grant Plaintiff's requested relief as it is unrelated to the Amended Complaint. Plaintiff fails to meet the heightened standard for her requested mandatory injunctive relief as she fails to show through her motion that the law and facts of her claims against Defendant clearly favor her position. Second, Plaintiff also fails to show that she will suffer irreparable harm absent her requested preliminary relief, as the reopening of the Employer's labor certification application itself does not mean Plaintiff will receive an H-1B extension; rather, Plaintiff must establish that her employer is willing to pursue the reopened application and, if so, willing to complete any further requests by the agency on the reopened application while it remains pending. Finally, the APA also does not provide a basis for Plaintiff's requested relief, and her requested relief is not consistent with the public interest. To the extent the Court determines that the Plaintiff's requested relief should be granted, Defendant respectfully requests that upon reopening the labor certification application, consistent with the APA, the Court remand the application to DOL for further processing, including conducting

new recruitment under the supervised recruitment procedures at 20 C.F.R.

§ 656.21.

Dated: March 3, 2021

Respectfully submitted,

KENJI M. PRICE
United States Attorney
District of Hawaii

By:/s/ Harry Yee
HARRY YEE
Assistant U.S. Attorney

BRIAN M. BOYNTON
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director
GLENN M. GIRDHARRY
Assistant Director

By:/s/ Samuel P. Go
SAMUEL P. GO
NYS Bar No. 4234852
Assistant Director
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-9923
E-mail: Samuel.go@usdoj.gov

Attorneys for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that, on March 3, 2021 by the method of service noted

below, a true and correct copy of the foregoing was served on the following at their

last known address:

Served by First-Class Mail:

Ya-Wen Hsiao                                        March 3, 2021
1141 Hoolai St., Apt. 201
Honolulu, HI 96814


                                                    */s/ Samuel P. Go*
                                                    Samuel P. Go
                                                    Assistant Director
                                                    District Court Section
                                                    Office of Immigration Litigation
                                                    Civil Division
                                                    U.S. Department of Justice
                                                    P.O. Box 868, Ben Franklin Station
                                                    Washington, D.C. 20044
                                                    Tel: (202) 353-9923
                                                    Fax: (202) 305-7000