JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii
HARRY YEE  #3790
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email: Harry.Yee@usdoj.gov

BRIAN M. BOYNTON
Assistant Attorney General
WILLIAM C. PEACHEY
Director
SAMUEL P. GO
Assistant Director
JAMES C. GRAULICH  FL BAR #89804
Trial Attorney
United States Department of Justice
Office of Immigration Litigation, District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 598-0246
E-mail: james.c.graulich@usdoj.gov

Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| YA-WEN HSIAO, | ) | Civil No. 1:18-cv-00502-JAO-KJM |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S ANSWER TO |
| | ) | SECOND AMENDED COMPLAINT |
| v. | ) | |
| | ) | |
| MARTIN WALSH,  Secretary of | ) | |
| Labor, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COME NOW Defendant and answers Plaintiff's Amended Complaint, ECF No. 102, as follows:

## PARTIES

**Complaint**: Plaintiff Ya-Wen Hsiao is an individual domiciled in the city of Honolulu, Hawaii. Plaintiff resides at 1141 Hoolai Street, Apt. 201, Honolulu, Hawaii 96814. Plaintiff's telephone number is 808-728-2646 and her e-mail address is rabbityhsiao@gmail.com.

Defendant lacks sufficient knowledge to form an opinion on the allegations in Unnumbered Paragraph 1 and on that basis denies.

**Complaint**:  Plaintiff has been living in Hawaii for 15 years, since August of 2003.

Defendant lacks sufficient knowledge to form an opinion on the allegations in Unnumbered Paragraph 2 and on that basis denies.

**Complaint**: Plaintiff Ya-Wen Hsiao is legally employed by the University of Hawaii (Employer) though an H1-B visa since 2006. The six-year limit for her H1-B expired in 2012 and an H1-B extension has since been granted by the USCIS on a yearly basis as opposed to the three-year basis because the Labor Certification before the DOL has been pending final agency action since 2011.

Unnumbered Paragraph 3 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

**Complaint:** Plaintiff Ya-Wen Hsiao is the sole beneficiary specifically identified by the Labor Certification application by the Employer.

Defendant admits unnumbered Paragraph 4.

**Complaint:** Plaintiff's current H1-B visa expires on November 1, 2019. After this date, she will be out-of-status and be considered an illegal immigrant, will be unemployed and be subject to deportation and a 10-year bar from the United States.

Defendant denies unnumbered Paragraph 5, but avers that Plaintiff was allowed to extend her H-1B visa beyond November 1, 2019 and currently is in legal status.

**Complaint**: Defendant Al Stewart is sued in his capacity as the Acting Secretary of Labor for the United States of America.

Defendant admits unnumbered Paragraph 6, but avers that Martin Walsh is now the Secretary of Labor.

## <u>JURISDICTION</u>

**Complaint**: The Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331.

Unnumbered Paragraph 1 in this section contains a statement of jurisdiction and requires no response. If the Court requires a response, Defendant denies that the Court has jurisdiction over this matter.

**Complaint**: The Court has personal jurisdiction over the Defendant because this lawsuit seeks review of an administrative decision by the United States Department of Labor.

Unnumbered Paragraph 2 in this section contains a statement of jurisdiction and requires no response. If the Court requires a response, Defendant denies that the Court has jurisdiction over this matter.

**Complaint**:  This Court may grant declaratory and injunctive relief pursuant to 5 U.S.C. § 701-706, 28 U.S.C. § 2201-2202.

Unnumbered Paragraph 3 in this section is a characterization of the 5 U.S.C. § 701-706 and 28 U.S.C. § 2201-2202, which speak for themselves and require no response. If the Court requires a response, Defendant denies Plaintiff's characterization of 5 U.S.C. § 701-706 and 28 U.S.C. § 2201-2202.

## STATUTORY AND REGULATORY BACKGROUND

**Complaint**:  The Immigration and Nationality Act provides a three-step process for aliens who are already admitted into the country to adjust their status to that of a lawful permanent resident. See https://www.uscis.gov/green-card/green-card-processes-and-procedures/adjustment-status.

Unnumbered Paragraph 1 of this section is a characterization of the three-step process for noncitizens already admitted to the United States to adjust status, which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of the three-step process for noncitizens already admitted to the United States to adjust status.

**Complaint:** The INA grants Aliens who are on H1-B visas, 3 years of permission to work in the United States, which is renewable once, which extends the H1-B visa to a total of 6 years.

Unnumbered Paragraph 2 of this section is a characterization of the Immigration and Nationality Act (INA) regarding H-1B visas, which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of the INA regarding H-1B visas.

**Complaint:** Granted by statutes in the INA, the Alien may adjust their status to that of a lawful permanent resident in a number of ways, one of which is an Employment based petition which starts with the Labor Certification application by the Employer. After the Labor Certification Application is approved by the DOL, the Employer then files a I-140 petition for the Alien. After approval of the I-140, the Alien then waits for her "priority date" to be current due to the limited number of immigrant visas available annually. When the non-citizen's "priority date" becomes current, the alien may then file an I-485 petition for adjustment of

- 4 -

status to that of a lawful permanent resident. The priority date for the alien is determined by the date on which the Department of Labor accepts the filing of the Labor Certification Application. 8 C.F.R. § 204.5(d) The alien may then apply for citizenship 5 years after the approval of the I-485.

Unnumbered Paragraph 3 of this section is a characterization of the INA's provision for adjustment of status through labor certifications and DOL regulations regarding labor certifications, which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of the INA's provisions regarding adjustment of status and DOL's regulations regarding labor certifications.

**Complaint:** There is no specific visa for an alien who is in the process of gaining an immigrant petition. H1-B is considered a "dual-intent", precisely because aliens who are typically intending to permanently immigrate to the United States start with receiving their H1-B then parlaying it to the Labor Certification process. This intent has been long recognized by the Government and is clearly demonstrated at 8 USC § 1184 (b) which excludes H1-B holders from having a nonimmigrant "intent" in applying for non-immigrant status. The pertinent part of which partly states: "Every alien (other than a nonimmigrant described in subparagraph (H)(i) or (L) of Section 101(a)(15)) shall be presumed to be an immigrant until he establishes to the satisfaction of the consular officer, at the time

of application for a visa, and the immigration officers, at the time of application for admission, that he is entitled to a nonimmigrant status under section 101(a)(15)."

Unnumbered Paragraph 4 of this section is a characterization of H-1B visas as "dual intent" and 8 U.S.C. § 1184(b), which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterizations of the INA regarding H-1B visas and 8 U.S.C. § 1184(b).

**Complaint:** At the end of the validity of the H1-B, the alien is required to leave the country for one year. If the alien does not, the alien will accrue "illegal presence" from the first day of expiration of status, which subjects her to among other things, deportation and a 10-year bar from entering the United States and the permanent ineligibility to apply for lawful permanent status. 8 U.S.C. § 1255(c).

Unnumbered Paragraph 5 of this section is a characterization of the consequences of overstaying an expired H-1B visa pursuant to 8 U.S.C. § 1255(c), which speaks for itself and requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of the consequences of overstaying an expired H-1B visa pursuant to 8 U.S.C. § 1255(c).

**Complaint:** The six-year limitation applies to the alien, not to the employer. The six-year validity of the H1-B does not reset when an alien changes employer. The alien is permitted to change jobs while on H1-B, but the alien will need to apply for the visa again, and the new employer will need to go through the

regulatory process such as applying for a new "Labor Condition Application"
(LCA) with the Department of Labor, wait for that to be approved, and as well as
payment of fees.

Unnumbered Paragraph 6 of this section is a characterization of the length of
validity of H-1B visas and whether an individual can change jobs on an H-1B visa,
which requires no response. If the Court requires a response, Defendant denies
Plaintiff's characterization of the length of validity of H-1B visas and whether an
individual can change jobs on an H-1B visa.

**Complaint:** If the alien is beyond the 6-year limit and is on an annual
renewal with the USCIS, there is no conceivable way to move to another employer.
The alien is tethered to the Employer who filed for the Labor Certification
Application until she receives the approval for I–765 Application for Employment
Authorization or the approval for the I-485 in changing her status to a lawful
permanent resident (green card holder). Leaving the employer who filed the Labor
Certification Application would mean the Labor Certification Application would
be withdrawn and the employer certainly cannot move on to filing the I-140 for the
alien because he/she is no longer employed with them. (George v Napolitano, 693
F. Supp. 2d 125, 131 (D.D.C. 2010)).

Unnumbered Paragraph 7 of this section is a characterization of the 6-year
limit on H-1B visas and whether an individual can conceivably change jobs after

the six years of H-1B visa validity are exhausted, which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of the 6-year limit on H-1B visas and whether an individual can conceivably change jobs after the six years of H-1B visa validity are exhausted.

**Complaint:** In October 17, 2000, Congress passed the American Competitiveness in the Twenty-first Century Act (AC21).

Defendant admits that the allegation in Unnumbered Paragraph 8 that Congress passed the American Competitiveness in the Twenty-First Century Act (AC21) on October 17, 2000.

**Complaint:** AC21 section 106 requires the Attorney General to extend the validity of aliens who are in H1-B status in one-year increments if more than 365 days have elapsed since the filing of a labor certification application on the alien's behalf.

Unnumbered Paragraph 9 of this section is a characterization of AC 21 § 106, which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of AC 21 § 106.

**Complaint:**  AC21 section 106 also amended 8 U.S.C. § 1182(a)(5)(A) to add the following clause:

"(iv) LONG DELAYED ADJUSTMENT APPLICANTS- A certification made under clause (i) with respect to an individual whose petition is covered by

section 204(j) shall remain valid with respect to a new job accepted by the individual after the individual changes jobs or employers if the new job is in the same or a similar occupational classification as the job for which the certification was issued."

Unnumbered Paragraph 10 of this section is a characterization of 8 U.S.C. § 1182(a)(5)(A), which speaks for itself and requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of 8 U.S.C. § 1182(a)(5)(A).

**Complaint:**  8 USC § 1182(a)(5)(A) states that the Secretary of Labor must certify that:

(I) there are not sufficient workers who are able, willing, qualified (or equally qualified in the case of an alien described in clause (ii)) and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor, and

(II) the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed.

Unnumbered Paragraph 11 of this section is a characterization of 8 U.S.C. §  1182(a)(5)(A), which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of 8 U.S.C. § 1182(a)(5)(A).

**Complaint:** The criteria that the Employer must meet to demonstrate that there are not sufficient workers able willing and qualified and that the employment of such alien will not adversely affect the wages and conditions of workers in the United States similarly employed and the regulations governing them are not by statute but by regulations that are purely the creation of the DOL.

Unnumbered Paragraph 12 of this section is a characterization of DOL regulations, which speak for themselves and require no response. If the Court requires a response, Defendant denies Plaintiff's characterization of DOL regulations.

**Complaint:** While visa requirements for issuance of other visas such as the H1-B visa is generally specified by statute and inadmissibility conditions are described with particularity, the determination of whether the Secretary of Labor issues a labor certification is governed by 8 C.F.R. § 656.17.

Unnumbered Paragraph 13 of this section is a characterization of 8 C.F.R. § 656.17, which speaks for itself and requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of 8 C.F.R. § 656.17.

**Complaint**: The Labor Certification regulations provide for an appeal process to the Board of Alien Labor Certification Appeals (BALCA) but there are no provisions for En Banc review by the BALCA in the regulations. By regulation,

the decision by the BALCA is considered the final decision by the Secretary of Labor.

Unnumbered Paragraph 14 of this section is a characterization of the appeal process of a labor certification denial with the Board of Alien Labor Certification Appeals (BALCA), BALCA's en banc procedures, and what is considered a final agency action, which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of the appeal process of a labor certification denial with BALCA, BALCA's en banc procedures, and what are considered final agency actions. Additionally, Defendant avers that on May 20, 2020, the Secretary of Labor published an amendment to 29 C.F.R. § 18.95, which implements a procedure that describes how the Secretary may choose, on a discretarionary basis, to review BALCA decisions. *See* 85 Fed. Reg. 30608 (May 20, 2020).

**Complaint:**  If the Labor Certification is denied by final agency action, the Employer is barred from filing an I-140 for the alien beneficiary. If the alien is already employed by the Employer and the alien is beyond the 6-year limit, this would also bar the Employer from extending the alien's H1-B status and would be essentially forced to lay off the Employee.

Unnumbered Paragraph 15 of this section is a characterization of the consequences of the denial of a labor certification petition, which require no

response. If the Court requires a response, Defendant denies Plaintiff's

characterization of the consequences of denial of a labor certification petition.

**Complaint:**  The Administrative Procedures Act ("APA") states that "[a]

person suffering legal wrong because of agency action, or adversely affected or

aggrieved by agency action within the meaning of a relevant statute, is entitled to

judicial review thereof." 5 U.S.C. § 702.

Unnumbered Paragraph 16 of this section is a characterization of the

Administrative Procedure Act (APA), which speaks for itself and requires no

response. If the Court requires a response, Defendant denies Plaintiff's

characterization of the APA.

**Complaint:**  The statute at 5 U.S.C. § 706 of the APA enumerates the

legislatively conferred causes of action.

Unnumbered Paragraph 17 of this section is a characterization of the APA,

which speaks for itself and requires no response. If the Court requires a response,

Defendant denies Plaintiff's characterization of the APA.

**Complaint:**  Federal government agencies are required to comply with the

Administrative Procedure Act (APA), 5 U.S.C. § 550 et seq., when promulgating

or changing legislative rules and regulations.

Unnumbered Paragraph 18 of this section is a characterization of the APA, which speaks for itself and requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of the APA.

## STANDING

**Complaint:**  Standing, in the APA context, is not an "especially demanding" test. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1389, 188 L. Ed. 2d 392, 405, (quoting *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 225, 132 S. Ct. 2199, 2210, 183 L. Ed. 2d 211, 225 (2012)). "The test forecloses suit only when a plaintiff's 'interests are so marginally related to or inconsistent with the purposes implicit in the statute that it cannot reasonably be assumed that Congress intended to permit the suit.'" *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 225, 132 S. Ct. 2199, 2210, 183 L. Ed. 2d 211 (2012) (quoting *Clarke v. Sec. Indus. Ass'n*, 479 U.S. 388, 399, 107 S. Ct. 750, 757, 93 L. Ed. 2d 757 (1987)).

Unnumbered Paragraph 1 of the standing section contains a characterization of case law which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that cited case law speaks for itself.

**Complaint:** Plaintiff is the direct named beneficiary of a Labor Certification Application by the Employer. The unlawful denial of the Labor Certification Application has deprived her of the opportunity to apply for permanent residence

- 13 -

status and even citizenship. The denial of the labor certification application also imminently threatens her employment and therefore her livelihood.

With respect to Unnumbered Paragraph 2, Defendant admits that the Plaintiff was the beneficiary of an application for permanentlabor certification filed by her employer. The remaining allegations consist of Plaintiff's characterization of facts in the administrative record.  Because these factual allegations are merely legal conclusions for review by the district court, Defendant denies Plaintiff's characterization of the facts in the administrative record.

**Complaint:** As the person who stands to benefit from being permitted to become a lawful permanent resident and to be able to work in the United States, the Plaintiff clearly has suffered and continues to suffer injuries caused by the actions of the DOL. This Court has the power to redress and stop these injuries through the APA.

Unnumbered Paragraph 3 consists of Plaintiff's characterization of facts in the administrative record.  Because these factual allegations are merely legal conclusions for review by the district court, Defendant denies Plaintiff's characterization of the facts in the administrative record.

**Complaint:** Whether a litigant has standing to sue in federal court is not dependent on any agency regulation.

- 14 -

Unnumbered Paragraph 4 contains a legal conclusion relating to standing, which requires no response.  If the Court requires a response, Defendant denies Plaintiff's legal conclusion.**Complaint**: As the beneficiary of the regulations promulgated by the DOL, the Plaintiff also has constitutional standing to challenge these unlawful appeal procedures by the DOL as she is a non-citizen  and the regulations have a direct effect on her current and future employment. As explained by the Ninth Circuit in *Abboud v. I.N.S.*, 140 F.3d 843, 847 (9th Cir. 1998), an immigrant beneficiary has standing to challenge the denial of an immigration-related petition submitted by a petitioner when that beneficiary "is more than just a mere onlooker; it is her own status that is at stake when the agency takes action" on the petition. Similarly, the Sixth Circuit explained that an immigrant beneficiary has standing under these circumstances because the loss of an opportunity to become a permanent resident is an injury traceable to the government. *Patel v. U.S. Citizenship and Immigration Services*, 732 F.3d 633, 638 (6th Cir. 2013). And as the Eleventh Circuit held, an immigrant beneficiary's loss of the ability to apply for adjustment of status due to the government's actions similarly confers constitutional standing upon that beneficiary. *Kurapati v. U.S. Bureau of Citizenship and Immigration Services*, 775 F.3d 1255, 1260 (11th Cir. 2014). *See also Mantena v. Johnson*, 809 F.3d 721, 731 (2d Cir. 2015). Finally, both the DC Circuit in *De Jesus Ramirez v. Reich*, 156 F.3d 1273 (D.C. Cir. 1998)

and the Seventh Circuit in *Stenographic Machines, Inc. v. Regional Administrator for Employment and Training*, 577 F.2d 521 (7th Cir., 1978) both plainly found that alien beneficiaries for Labor Certification has standing.

Unnumbered Paragraph 5 contains legal conclusions relating to standing and characterizations of case law, which require no response.  If the Court requires a response, Defendant denies Plaintiff's legal conclusions and characterization of the case law cited, and avers that the case law speaks for itself.

**Complaint:** Similarly, Plaintiff has prudential standing to bring this lawsuit, because she lies within the zone of interests of the applicable statutes. The Labor Certification directly benefits her by allowing Plaintiff to continue her employment and by making her eligible to apply for permanent residence status and even citizenship. *See, e.g., Patel v. U.S. Citizenship and Immigration Services*, 732 F.3d 633, 636 (6th Cir. 2013); *Kurapati v. U.S. Bureau of Citizenship and Immigration Services*, 775 F.3d 1255, 1261 (11th Cir. 2014); *Mantena v. Johnson*, 809 F.3d 721, 731 (2d Cir. 2015).

Unnumbered Paragraph 6 contains legal conclusions relating to standing and characterizations of case law, which require no response.  If the Court requires a response, Defendant denies Plaintiff's legal conclusions and characterization of the case law cited, and avers that the case law speaks for itself.

**Complaint**: 5 U.S.C § 706 of the APA provides the causes of action. A direct application of the zone-of-interest test on the legislatively conferred cause of action and the proximate-cause requirements supply the relevant limits on statutory standing. (*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377)

Unnumbered Paragraph 7 contains legal conclusions relating to the APA and characterizations of case law, which require no response.  If the Court requires a response, Defendant denies Plaintiff's legal conclusion and characterization of the case law cited and avers that the case law speaks for itself.

**Complaint:** However, even considering 5 U.S.C. § 702 which in part says: "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.", the Labor Certification statute at 8 U.S.C. §1182(a)(5) protecting "workers in the United States similarly employed" shows that congress was not indifferent to the interests of qualified aliens who are already in the country.

Unnumbered Paragraph 8 contains legal conclusions and characterizations relating to the APA and regulations involving labor certifications, which require no response.  If the Court requires a response, Defendant denies Plaintiff's legal conclusions and characterizations of the APA and regulations involving labor certifications.

**Complaint:** In fact, the INA was amended in October of 2000 to add the following clause at 8 U.S.C. § 1182(a)(5)(iv):

(iv) Long delayed adjustment applicants

A certification made under clause (i) with respect to an individual whose petition is covered by section 1154(j) of this title shall remain valid with respect to a new job accepted by the individual after the individual changes jobs or employers if the new job is in the same or a similar occupational classification as the job for which the certification was issued.

Unnumbered Paragraph 9 contains a characterization of 8 U.S.C. § 1182(a)(5)(iv), which speaks for itself and requires no response.  If the Court requires a response, Defendant denies Plaintiff's characterization of 8 U.S.C. § 1182(a)(5)(iv).

**Complaint:** This plainly shows that the beneficiaries of an employment-based petitions are part of the interests that Congress considered as this provision solely protects beneficiaries of Labor Certification Applications.

Unnumbered Paragraph 10 contains legal conclusions and characterizations relating to beneficiaries of labor certifications, which require no response.  If the Court requires a response, Defendant denies Plaintiff's legal conclusions and characterizations involving beneficiaries of labor certifications.

**Complaint**: Standing as to rights protecting due process and liberty interests is guaranteed to everyone in the United States.

Unnumbered Paragraph 11 contains a legal conclusion relating to standing, which requires no response.  If the Court requires a response, Defendant denies Plaintiff's legal conclusion.

## FACTUAL BACKGROUND

Defendant admits Paragraph 1.

Defendant admits Paragraph 2.

Defendant admits Paragraph 3.

With respect to Paragraph 4, Defendant admits the first sentence that the employer responded to the audit request on February 16, 2011. The second sentence consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Defendant lacks knowledge or information sufficient to form a basis as to the allegations in Paragraph 5, and on that basis, denies.

Defendant lacks knowledge or information sufficient to form a basis as to the allegations in Paragraph 6, and on that basis, denies.

Defendant admits Paragraph 7.

Defendant admits Paragraph 8.

Paragraph 9 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Paragraph 10 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant admits that the employer's request for reconsideration was received on April 19, 2012, and otherwise denies.

Paragraph 11 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Paragraph 12 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Defendant admits Paragraph 13.

Paragraph 14 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Paragraph 15 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Defendant admits Paragraph 16.

With respect to Paragraph 17, Defendant admits that on September 7, 2012, BALCA issued a notice of docketing and required a statement of intent to proceed. Defendant avers that Plaintiff's name is listed in the caption as the foreign beneficiary of the employer's application for permanent labor certification.

With respect to Paragraph 18, the first sentence consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies. Defendant admits the second sentence that Harry Sheinfeld was the "Counsel for Litigation" at the time BALCA issued its order.

With respect to the first sentence of Paragraph 19, Defendant denies and avers that the Plaintiff filed a brief on October 19, 2012.  With respect to the second sentence of Paragraph 19, Defendant lacks knowledge or information sufficient to form a basis that brief was sent via Fedex to BALCA or the "Counsel for Litigation."

Paragraph 20 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Paragraph 21 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

With respect to Paragraph 22, Defendant admits the first sentence. The second sentence consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies, and avers that Plaintiff's name is listed in the caption as the foreign beneficiary of the employer's application for permanent labor certification.

Paragraph 23 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Paragraph 24 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies, and avers that the employer filed a "Petition for En Banc Review by the Board (*Pro Se*)," which was received by BALCA on December 5, 2016.

Paragraph 25 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Paragraph 26 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

With respect to Paragraph 27, Defendant admits the first sentence that on March 29, 2017, BALCA issued an "Order Denying Petition for En Banc Review." The second sentence consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies, and avers that Plaintiff's name is listed in the caption as the foreign beneficiary of the employer's application for permanent labor certification.

Paragraph 28 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Defendant admits Paragraph 29.

With respect to Paragraph 30, Defendant admits that Plaintiff submitted a FOIA request on May 1, 2017. Defendant lacks knowledge or information sufficient to form a basis as to the remainder of allegations in the paragraph 30, and on that basis, denies.

Paragraph 31 consists of Plaintiff's characterization of Exhibit 6 attached to the Second Amended Complaint, which speak for themselves and do not require a

response. To the extent that a response is required, Defendant denies Plaintiff's characterization of Exhibit 6 attached to the Second Amended Complaint.

Paragraph 32 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies. Defendant avers that the Employer filed a"Pro Se Motion for Relief from Judgement and Order," which was received by BALCA on July 17, 2017.

Paragraph 33 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Paragraph 34 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Paragraph 35 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Paragraph 36 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Paragraph 37 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Paragraph 38 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Defendant admits Paragraph 39.

Defendant lacks knowledge or information sufficient to form a basis as to the allegations in Paragraph 40, and on that basis, denies.

Defendant lacks knowledge or information sufficient to form a basis as to the allegations in Paragraph 41, and on that basis, denies.

Defendant lacks knowledge or information sufficient to form a basis as to the allegations in the first sentence of Paragraph 42, and on that basis, denies. The remainder of this Paragraph is a characterization of Exhibit 9 attached to the Second Amended Complaint, which speaks for itself and requires no response. To the extent that a response is required, Defendant denies the characterization of the exhibit.

With respect to Paragraph 43, the first sentence consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant

denies, and avers that BALCA issued an "Order Granting Employer Leave to Resubmit October 19, 2012 Brief" on June 19, 2018. The Defendant lacks knowledge or information sufficient to form a basis as to the allegations in the second sentence of paragraph 43, and on that basis, denies.

With respect to Paragraph 44, Defendant admits that on August 20, 2018, BALCA issued an order to the employer titled "Order Denying Employer's Pro Se for Relief from Judgment and Order," which quoted the "Notice of Opportunity to Petition for Review" included in BALCA's November 16, 2016 "Decision and Order Affirming Denial of Certification." Defendant denies the remaining allegations in this paragraph.

Paragraph 45 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Paragraph 46 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Paragraph 47 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Paragraph 48 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Paragraph 49 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Paragraph 50 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Paragraph 51 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

With respect to Paragraph 52, Defendant admits that Plaintiff made a FOIA request on August 22, 2018 regarding Harry Sheinfeld's records and correspondence regarding the administrative file, but denies that the administrative file was "inadvertently" sent to Atlanta National Processing Center as a characterization that requires no response.

With respect to Paragraph 53, Defendant admits that Plaintiff received a response to her FOIA request. The remainder of this Paragraph is a characterization of Exhibit 2 attached to the Second Amended Complaint, which

speaks for itself and requires no response. To the extent that a response is required, Defendant denies the characterization of the exhibit.

Paragraph 54 is characterization of Exhibit 16 submitted with the Second Amended Complaint, which speaks for itself and does not require a response. To the extent that a response is required, Defendant denies the characterization of the exhibit.

Defendant admits Paragraph 55.

Defendant admits Paragraph 56, but avers that Defendant filed three motions to dismiss. The March 4, 2019 motion to dismiss referenced in this paragraph, as well as the December 2, 2020 motion, were granted without prejudice. The August 5, 2019 motion to dismiss was granted with prejudice.

## **CLAIMS FOR RELIEF**

**COUNT 1** - The Department of Labor, Employment and Training Agency's decision to deny and BALCA's decision to affirm the denial is an abuse of discretion in violation of the APA that has caused the Plaintiff to be deprived the opportunity to apply for permanent residence, face the imminent threat of losing her employment and becoming out-of-status.

With respect to Paragraph 57, Defendant hereby incorporates by reference all of the previous responses contained herein.

Paragraph 58 consists of Plaintiff's characterization of facts in the administrative record and legal conclusions.  Because these factual allegations are merely legal conclusions for review by the district court, Defendant denies Plaintiff's characterization of the facts in the administrative record, and denies Plaintiff's legal conclusions.

Paragraph 59 consists of Plaintiff's characterization of facts in the administrative record.  Because these factual allegations are merely legal conclusions for review by the district court, Defendant denies Plaintiff's characterization of the facts in the administrative record.

Paragraph 60 consists of Plaintiff's characterization of facts in the administrative record,  which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Paragraph 61 consists of Plaintiff's characterization of facts in the administrative record,  which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Paragraph 62 contains a characterization of case law which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that the cited case law speaks for itself.

Paragraph 63 contains legal conclusions for review by the district court, which Defendant denies.

Defendant denies Paragraph 64.

Paragraph 65 contains a characterization of case law which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that cited case law speaks for itself.

Paragraph 66 contains a characterization of case law which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that cited case law speaks for itself.

Defendant denies Paragraph 67.

Paragraph 68 consists of Plaintiff's characterization of 20 C.F.R. § 656.17(e)(1)(i) and (ii), which speaks for itself and requires no response.  If the Court requires a response, Defendant denies.

Defendant denies Paragraph 69.

Defendant admits the first sentence of Paragraph 70. Defendant lacks knowledge or information sufficient to form a basis as to the allegation in the second sentence of Paragraph 70, and on that basis, denies.

Defendant lacks knowledge or information sufficient to form a basis as to the allegations in Paragraph 71, and on that basis, denies.

Defendant denies Paragraph 72.

Defendant denies Paragraph 73.

Paragraph 74 contains legal conclusions for review by the district court, which Defendant denies.

Paragraph 75 contains legal conclusions for review by the district court, which Defendant denies.

With respect to Paragraph 76, the first sentence contains legal conclusions for review by the district court, which Defendant denies.  Defendant denies the second sentence since it calls for speculation, but avers that it if Plaintiff falls out of legal status she could be forced to depart the United States.

Paragraph 77 contains legal conclusions for review by the district court, which Defendant denies.

Paragraph 78 contains legal conclusions for review by the district court, which Defendant denies.

**COUNT 2** – The En Banc denial by the BALCA was in bad faith. The procedures used were arbitrary, capricious and not in accordance with applicable laws. The substantive En Banc procedures were changed without notice which caused an unfair and "stacked" appeals process.

With respect to Paragraph 79, Defendant hereby incorporates by reference all of the previous responses contained herein.

Paragraph 80 of this section is a characterization  of the Administrative Procedure Act (APA), which speaks for itself and requires no response. If the

Court requires a response, Defendant denies Plaintiff's characterization of the APA.

Paragraph 81 contains legal conclusions for review by the district court, which Defendant denies.

Paragraph 82 contains a characterization of case law which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that cited case law speaks for itself.

Paragraph 83 contains characterizations of what the Plaintiff believes Supreme Court stated regarding substantive rules and interpretive rules, which require no response. If the Court requires a response, Defendant denies Plaintiff's characterization.

Paragraph 84 of this section is a characterization of the Rules of Practice and Procedure for Administrative Hearings before the Office of Administrative Law Judges which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of the Rules of Practice and Procedure for Administrative Hearings before the Office of Administrative Law Judges.

Paragraph 85 contains a characterization of case law which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that cited case law speaks for itself.

Defendant denies Paragraph 86.

With respect to Paragraph 87, Defendant admits that Harry Sheinfeld made a recommendation to the en banc panel on whether to grant or deny review. Defendant denies that Mr. Sheinfeld was the only or primary advisor to the panel.

With respect to the first sentence of Paragraph 88, Defendant lacks knowledge or information sufficient to form a basis as to the allegations in the first sentence of Paragraph 88, and on that basis, denies, but avers that Harry Sheinfeld served with the Department of Labor beginning in 1974 and started working on immigration matters in 1978.  Defendant denies the second sentence, but avers that at all times relevant to this matter, attorneys in DOL's Office of the Solicitor, Employment and Training Legal Services Division (ETLS) rarely participated in appeals of PERM decisions.

With respect to Paragraph 89, Defendant denies the first sentence and avers that the referenced brief was  addressed to "Counsel for Litigation, U.S. Department of Labor, Office of the Solicitor, Division of Employment and Training Legal Services."  Defendant lacks knowledge or information sufficient to form a basis as to the allegations for the remainder of the paragraph, and on that basis, denies. The Defendant avers that Harry Sheinfeld was a Senior Attorney inETLS and later served as Counsel for Litigation.

Paragraph 90 contains legal conclusions for review by the district court, which Defendant denies.

Defendant denies Paragraph 91.

Defendant denies Paragraph 92.

Defendant denies Paragraph 93, and avers that the procedure for petitioning for en banc review is published on every decision affirming or reversing the Office of Foreign Labor Certification's (OFLC) denial of an application for permanent labor certification.

Defendant denies Paragraph 94, but avers BALCA's historical practice had been to include the names of the judges who voted on en banc petitions in the caption of orders denying en banc review.  In 2016 to 2017, BALCA had inadvertently stopped including the names in orders denying en banc review, but subsequently began including the names again.

Defendant lacks knowledge or information sufficient to form a basis as to the allegations in Paragraph 95, and denies on that basis. However, Defendant avers that all BALCA decisions are published on the OALJ's website automatically the next business day after issuance, and have been since the fall of 2000. Defendant also avers that *MSA Partners LLC*, 2012-PER-01232 (November 30, 2016), is listed on the en banc section of the DOL webpage and all en banc panel members are listed in the decision..

Defendant admits Paragraph 96.

Paragraph 97 contains legal conclusions for review by the district court, which Defendant denies.

Paragraph 98 contains legal conclusions for review by the district court, which Defendant denies.

Defendant denies Paragraph 99.

Paragraph 100 contains legal conclusions for review by the district court, which Defendant denies.

Defendant denies Paragraph 101.

Defendant denies Paragraph 102.

Defendant lacks knowledge or information sufficient to form a basis as to the allegations in Paragraph 103, and on that basis, denies.

Paragraph 104 contains legal conclusions for review by the district court, which Defendant denies.

Defendant lacks knowledge or information sufficient to form a basis as to the allegations in Paragraph 105, and on that basis, denies.

Defendant denies Paragraph 106.

Defendant denies Paragraph 107.

Defendant denies Paragraph 108.

With respect to Paragraph 109, Defendant denies the characterization by Plaintiff, but avers that BALCA has not changed the notice of opportunity to

petition for en banc review that is appended to every decision affirming or reversing OFLC's denial of an application for permanent labor certification. Defendant also avers that in a Memorandum issued on December 2, 2020, BALCA provided notice of the five ALJs designated to serve on BALCA for review of PERM appeals, and that in that Memorandum, it was noted "En banc proceedings will be conducted by a panel consisting of all BALCA members listed above, provided, however, that if one or two judges are unavailable, en banc proceedings may be conducted with a quorum of at least three judges.".

Defendant denies Paragraph 110.

Paragraph 111 contains legal conclusions for review by the district court, which Defendant denies.

Defendant denies Paragraph 112.

Paragraph 113 contains legal conclusions for review by the district court, which Defendant denies.

Paragraph 114 contains legal conclusions for review by the district court, which Defendant denies.

Paragraph 115 contains legal conclusions for review by the district court, which Defendant denies.

With respect to Paragraph 116, the first sentence contains legal conclusions for review by the district court, which Defendant denies. Defendant denies the

second sentence since it calls for speculation, but avers that if Plaintiff falls out of legal status she could be forced to depart the United States.

Defendant denies Paragraph 117.

**COUNT 3** – Violations of the Fifth Amendment. Plaintiff was denied due process when notice on substantive changes to the procedures were withheld and the case was adjudicated by a biased tribunal.

With respect to Paragraph 118, Defendant hereby incorporates by reference all of the previous responses contained herein.

Defendant denies Paragraph 119, but avers that Plaintiff is the beneficiary of the labor certification subject to this civil action.

Defendant denies Paragraph 120, but avers that Plaintiff has been served with documents pertaining to this civil action and the permanent labor certification for which her employer applied on her behalf.

Defendant denies Paragraph 121, but avers that the Plaintiff's name is listed in the caption of BALCA-issed decisions as the foreign beneficiary of the employer's application for permanent labor certification. Defendant further avers that, as the foreign beneficiary, Plaintiff was not a party to these proceedings.

With respect to Paragraph 122, the Defendant lacks knowledge or information sufficient to form a basis as to the allegations in first sentence of this

paragraph, and on that basis, denies. The Defendant admits the second sentence that the Plaintiff wrote a personal letter to BALCA.

Defendant denies paragraph 123, but avers that Plaintiff's name is listed in the caption as the foreign beneficiary of the employer's application for permanent labor certification.

Paragraph 124 contains legal conclusions for review by the district court, which Defendant denies.

Paragraph 125 contains legal conclusions for review by the district court, which Defendant denies.

Paragraph 126 contains a characterization of case law which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that cited case law speaks for itself.

Paragraph 127 contains a characterization of case law which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that cited case law speaks for itself.

Defendant lacks knowledge or information sufficient to form a basis as to the allegations in Paragraph 128, and on that basis, denies.

Defendant lacks knowledge or information sufficient to form a basis as to the allegations in Paragraph 129, and on that basis, denies.

Defendant lacks knowledge or information sufficient to form a basis as to the allegations in Paragraph 130, and on that basis, denies.

Paragraph 131 in this section is a characterization of Plaintiff's employment contract, which speaks for itself and requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of her employment contract.

Defendant lacks knowledge or information sufficient to form a basis as to the allegations in Paragraph 132, and on that basis, denies.

Paragraph 133 contains legal conclusions for review by the district court, which Defendant denies.

Paragraph 134 contains a characterization of case law which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that cited case law speaks for itself.

Defendant lacks knowledge or information sufficient to form a basis as to the allegations in Paragraph 135, and on that basis, denies.

Paragraph 136 contains a characterization of case law which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that cited case law speaks for itself.

Paragraph 137 is a characterization of the labor certification process, which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of the labor certification process.

Paragraph 138 is a characterization of the labor certification process, which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of the labor certification process.

Paragraph 139 is a characterization of the process of filing a Petition for Alien Worker (I-140), which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of the I-140 process.

Paragraph 140 contains a characterization of case law which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that cited case law speaks for itself.

Paragraph 141 contains a characterization of 8 U.S.C. § 1153(b)(2)(B)(i) which speaks for itself and requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that the statute speaks for itself.

Paragraph 142 is a characterization of National Interest Waivers, which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of National Interest Waivers.

Paragraph 143 contains a characterization of case law which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that cited case law speaks for itself.

Paragraph 144 contains a characterization of 8 U.S.C. § 1153(b)(3) which speaks for itself and requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that the statute speaks for itself.

Paragraph 145 contains a characterization of 8 U.S.C. § 1153(b)(3) which speaks for itself and requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that the statute speaks for itself.

Defendant lacks knowledge or information sufficient to form a basis as to the allegations in Paragraph 146, and on that basis, denies.

Defendant denies Paragraph 147.

Paragraph 148 contains a characterization of the elements of a substantive due process claim and requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of the elements of a substantive due process claim.

Paragraph 149 contains a characterization of the elements of a procedural due process claim and requires no response. If the Court requires a response,

Defendant denies Plaintiff's characterization of the elements of a procedural due process claim.

Defendant denies Paragraph 150.

Defendant denies Paragraph 151.

Paragraph 152 contains legal conclusions for review by the district court, which Defendant denies.

With respect to Paragraph 153, Defendant admits that Ms. Hsiao is currently authorized to work in the United States. Defendant lacks knowledge or information sufficient to form a basis as to the allegation the Plaintiff has not applied for another visa that allows her to work. Defendant admits Ms. Hsiao currently has an H-1B visa which allows her to work.

Paragraph 154 contains a characterization of AC21 which speaks for itself and requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of AC21.

Paragraph 155 contains a characterization of 81 Fed. Reg. 82413 which speaks for itself and requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that the rule speaks for itself.

Paragraph 156 contains a characterization of 8 C.F.R. § 214.2(h)(13)(iii)(D)(3) which speaks for itself and requires no response. If the

Court requires a response, Defendant denies Plaintiff's characterization, and avers that the regulation speaks for itself.

Paragraph 157 of this section is a characterization of the APA, which speaks for itself and requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of the APA.

Paragraph 158 is a characterization of Congressional intent for passing AC21 which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of Congressional intent for passing AC21.

Paragraph 159 is a characterization of a Congressional report addressing AC21 which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of Congressional report addressing AC21.

Paragraph 160 contains a characterization of case law which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that cited case law speaks for itself.

Defendant lacks knowledge or information sufficient to form a basis as to the allegations in Paragraph 161, and on that basis, denies. Defendant avers that the Counsel for Litigation in ETLS, which is the position Harry Sheinfeld held, typically was not involved in cases while they were with the Certifying Officer.

Defendant denies Paragraph 162, but avers that the employer's brief was addressed to "Counsel for Litigation, U.S. Department of Labor, Office of the Solicitor, Division of Employment and Training Legal Services."

Defendant denies Paragraph 163.

Defendant denies Paragraph 164.

Paragraph 165 contains a characterization of case law which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that cited case law speaks for itself.

Paragraph 166 contains a characterization of case law which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that cited case law speaks for itself.

Defendant denies Paragraph 167.

Defendant denies Paragraph 168.

Defendant denies Paragraph 169.

Paragraph 170 contains a characterization of case law which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that cited case law speaks for itself.

Paragraph 171 contains a legal conclusion, which requires no response.  If the Court requires a response, Defendant denies Plaintiff's legal conclusion.

Paragraph 172 contains a legal conclusion, which requires no response.  If the Court requires a response, Defendant denies Plaintiff's legal conclusion.

Paragraph 173 contains a characterization of 18 U.S.C. § 207(a)(1) and 25 C.F.R. § 700.563(a)(1) which speak for themselves and requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that the the statute and regulation cited speak for themselves.

Defendant denies Paragraph 174.

Paragraph 175 contains a characterization of 18 U.S.C. § 207(a)(2) and 25 C.F.R. § 700.563(a)(2) which speaks for itself and requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that the the statute and regulation cited speak for themselves.

Paragraph 176 contains a characterization of 18 U.S.C. § 207(c) and 25 C.F.R. § 700.563(b)(3) which speak for themselves and requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that the the statute and regulation cited speak for themselves.

With respect to Paragraph 177, Defendant denies the first sentence since it contains characterizations of statutes and regulations which speak for themselves and require no response. The second sentence of Paragraph 177 is a characterization of Harry Sheinfeld's dual compensation waiver which requires no

response. If the Court requires a response, Defendant denies Plaintiff's characterization.

Paragraph 178 contains a characterization of 5 U.S.C. § 2635.502 which speaks for itself and requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that the statute speaks for itself.

Paragraph 179 of this section is a characterization of the APA, which speaks for itself and requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of the APA.

Defendant denies Paragraph 180.

Defendant denies Paragraph 181.

Defendant denies Paragraph 182.

Defendant denies Paragraph 183.

Defendant denies Paragraph 184, and avers the Plaintiff's labor certification was denied based on her employer's failure to supply evidence of additional recruitment during the audit that complied with DOL regulations, but admits denial of her permanent labor certification application precludes the employer from renewing Plaintiff's H-1B visa.

Defendant denies Paragraph 185 because it calls for speculation, but admits that without legal immigration status, Plaintiff may be forced to depart the United States.

Defendant lacks knowledge or information sufficient to form a basis as to the allegations in Paragraph 186, and on that basis, denies. Defendant avers that the denial of the employer's application for permanent labor certification forecloses the employer from seeking an I-140 on Plaintiff's behalf.

Paragraph 187 contains a characterization of case law which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that cited case law speaks for itself.

Defendant denies Paragraph 188.

With respect to Paragraph 189, the Defendant admits that Harry Sheinfeld was a rehired annuitant at time of the University of Hawaii decision and that appointment ended on July 24, 2017. Defendant avers that Mr. Sheinfeld is currently a subcontractor to JAB Solutions. JAB Solutions provides contract legal services to OALJ, and sometimes makes Mr. Sheinfeld available to OALJ. The Defendant avers that the ultimate hiring decision was made by the Chief ALJ.  To the extent that the Plaintiff alleges that persons who advised the Chief ALJ on the decision to engage Mr. Sheinfeld are still employed by Defendant, Defendant avers that some of the personnel are still employed by the Department of Labor.

Paragraph 190 contains a characterization of case law which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that cited case law speaks for itself.

Defendant denies Paragraph 191.

Defendant denies Paragraph 192.

With respect Paragraph 193, Defendant admits that BALCA case are initially decided by a  panel of three administrative law judges, but denies the remainder of the paragraph.

Defendant admits Paragraph 194.

Defendant admits Paragraph 195.

Paragraph 196 is a characterization of BALCA's en banc procedures which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of BALCA's en banc procedures.

Defendant denies Paragraph 197.

Paragraph 198 is a characterization of the Labor Certification statute which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of the Labor Certification statute.

Paragraph 199 contains legal conclusions for review by the district court, which Defendant denies.

Defendant denies Paragraph 200.

Defendant denies Paragraph 201.

Defendant denies Paragraph 202.

Defendant denies Paragraph 203.

With respect to Paragraph 204, Defendant admits that the Secretary of Labor published an amendment to 29 CFR § 18.95 on May 20, 2020. Defendant denies the remaining allegations, but avers the Employment and Training Administration published an amendment to the PERM regulations on January 14, 2021.

Paragraph 205 is a characterization of the Federal Register which speaks for itself and requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of the Federal Register.

With respect to Paragraph 206, Defendant denies that due process violations were the reason for the denial of the labor certification. Defendant admits that the denial of the labor certification forecloses her employer from seeking an I-140 on her behalf.

With respect to Paragraph 207, Defendant denies that due process violations were the reason for the denial of the labor certification. Defendant admits that the denial of the permanent labor certification application forecloses her employer from seeking an extension of her H-1B visa on her behalf.

Defendant denies Paragraph 208 since it calls for speculation, but avers that if Plaintiff's employer was not able to extend her H-1B visa or Plaintiff was not

able to obtain work authorization through another visa application, she would not have authorization to work legally in the United States.

Defendant denies Paragraph 209 since it calls for speculation, but avers that it would be illegal for the employer to continue her employment if she is not legally authorized to work.

Defendant denies Paragraph 210 since it calls for speculation, but avers that if Plaintiff's H-1B visa expires it could subject her to deportation and a 3-year or 10-year ban from the United States from the day her status expires.

Defendant denies Paragraph 211 since it calls for speculation, but avers that if Plaintiff's H-1B status expired and she had no other way to secure legal status, it may be illegal for Plaintiff to remain in the United States.

Defendant denies Paragraph 212

Paragraph 213 contains legal conclusions for review by the district court, which Defendant denies.

Defendant denies Paragraph 214.

**COUNT 4** – The Chief Judge and chair of BALCA engaged in abusive behavior towards Plaintiff and Employer misrepresenting arguments made in the "Pro Se Motion for Relief from Order and Judgement". The order by the Chief Judge is arbitrary, capricious and an abuse of discretion which could have corrected the unlawful denial.

With respect to Paragraph 215, Defendant hereby incorporates by reference all of the previous responses contained herein.

Paragraph 216 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Paragraph 217 is a characterization of statements by the Chief ALJ, the APA's notice and comment procedure, and when notice to parties is required for rule changes, which requires no response.  If the Court requires a response, Defendant denies Plaintiff's characterizations of statements by the Chief ALJ, the APA's notice and comment procedure, and when notice to parties is required for rule changes.

Paragraph 218 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Paragraph 219 contains a characterization of case law which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that cited case law speaks for itself.

Paragraph 220 is a characterization of BALCA's en banc procedures at the time the Plaintiff's permanent labor certification application was denied and the Chief ALJ's statements in his order denying Plaintiff's Pro Se Motion for Relief

from Order and Judgement which requires no response. To the extent that a response is required, Defendant denies the Plaintiff's characterizations of BALCA's en banc procedures and the Plaintiff's Pro Se Motion for Relief from Order and Judgement.

With respect to Paragraph 221, Defendant admits that two ALJs voted affirmatively to deny Plaintiff's en banc petition and remaining judges remained silent, but denies the remainder of the paragraph.

Paragraph 222 are characterizations of the December 12, 2018 memo and a personal letter referenced by the Plaintiff which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterizations of the December 12, 2018 memo and a personal letter referenced by the Plaintiff.

Paragraph 223 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Paragraph 224 consists of Plaintiff's characterization of facts in the administrative record and case law, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Defendant denies Paragraph 225.

Paragraph 226 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Paragraph 227 consists of Plaintiff's characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

With respect to Paragraph 228, Defendant admits the first sentence of this paragraph regarding 80 Fed. Reg. 28767, but denies the remainder of the paragraph as it is characterization of facts in the administrative record, which speak for themselves and do not require a response. To the extent that a response is required, Defendant denies.

Defendant denies Paragraph 229.

Defendant denies Paragraph 230.

Defendant admits Paragraph 231.

Paragraph 232 contains legal conclusions for review by the district court, which Defendant denies.

Paragraph 233 contains legal conclusions for review by the district court and speculation to whether Plaintiff can find another employer to sponsor her, which Defendant denies.

Paragraph 234 contains legal conclusions for review by the district court and speculation to whether Plaintiff will accrual illegal presence and have to leave United States, which Defendant denies.

Defendant denies Paragraph 235.

**COUNT 5** – The multiple injustices at the hands of the Department of Labor has caused irreparable harm to Plaintiff.

With respect to Paragraph 236, Defendant hereby incorporates by reference all of the previous responses contained herein.

Defendant lacks knowledge or information sufficient to form a basis as to the allegations in Paragraph 237, and on that basis, denies.

With respect to Paragraph 238, the first sentence is a characterization of the effect of stress on miscarriages and premature births, which requires no response. Defendant lacks knowledge or information sufficient to form a basis as to the remaining allegations in Paragraph 238, and on that basis, denies.

Paragraph 239 is characterization of the BALCA order denying the Employer's Pro Se Motion for Relief from Judgment, a letter from her employer, and the effects of both documents on Plaintiff, which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of the BALCA order denying the Employer's Pro Se Motion for Relief from Judgment, the letter from her employer, and both documents' effects on Plaintiff.

Defendant lacks knowledge or information sufficient to form a basis as to the allegations in Paragraph 240, and on that basis, denies.

Paragraph 241 is characterization of the requirement to renew an H-1B visa annually after the initial six years and Plaintiff's ability to change jobs, which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization of the requirement to renew an H-1B visa annually after the initial six years and Plaintiff's ability to change jobs.

Defendant denies Paragraph 242.

With respect to Paragraph 243, Defendant admits that an applicant for permanent residence must wait five years to apply for naturalization after approval of an I-485, but denies the remainder of the allegations in this paragraph.

Defendant denies Paragraph 244.

Defendant denies Paragraph 245.

Defendant denies Paragraph 246.

Defendant lacks knowledge or information sufficient to form a basis as to the allegations in Paragraph 247, and on that basis, denies.

Defendant lacks knowledge or information sufficient to form a basis as to the allegations in Paragraph 248, and on that basis, denies.

Defendant denies Paragraph 249.

**COUNT 6** – The second reason for denial by the CO is not supported by the regulations as articulated by BALCA on numerous prior cases.

Paragraph 250 contains a characterization of case law which requires no response. If the Court requires a response, Defendant denies Plaintiff's characterization, and avers that cited case law speaks for itself.

## PRAYER

Paragraphs 1 through 8 in this section describe Plaintiff's requests for relief, which require no response. If the Court requires a response, Defendant denies that Plaintiff is entitled to any relief whatsoever.

\*\*\*

## GENERAL DENIAL

Defendant denies any and all remaining allegations in the complaint not specifically admitted.

\*\*\*

## AFFIRMATIVE DEFENSES

In further answer to Plaintiff's complaint and as separate affirmative defenses, Defendant states as follows:

1.      Plaintiff's complaint and each cause of action therein fails to state a claim upon which relief may be granted.

2.      All actions taken by Defendant were grounded in good faith and are not in violation of any federal law or the United States Constitution.

3.      Although Defendant does not presently have specific facts in support of their remaining defenses, they hereby put Plaintiff on notice that Defendant raises the following affirmative defenses, as set forth in Federal Rule of Civil Procedure 8, should Defendant become aware of facts that support those defenses, including but not limited to: estoppel, res judicata, waiver, statute of limitations and fraud.

4.      Defendant reserves the right to amend this answer as necessary.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant having fully answered Plaintiff's complaint, respectfully prays for judgment denying each and every prayer for relief, dismissing the action, granting Defendant their costs, and granting such other and further relief as this Court deems just and proper.


DATED:  May 5, 2021                              Respectfully submitted,

                                                 BRIAN M. BOYNTON
                                                 Acting Assistant Attorney General
                                                 WILLIAM C. PEACHEY
                                                 Director
                                                 SAMUEL P. GO
                                                 Assistant Director

                                                 By: *s/ James C. Graulich*
                                                 JAMES C. GRAULICH
                                                 Trial Attorney

United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-0246
Fax: (202) 305-7000
Email: james.c.graulich@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 5, 2021, I electronically filed the foregoing DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT with the Clerk of Court by using the CM/ECF system, which will provide electronic notice and an electronic link to this document to the Plaintiff:

> Ya-Wen Hsiao
> 1141 Hoolai St. Apt 201
> Honolulu HI 96814
> 808-728-2646
> rabbityhsiao@gmail.com

DATED:  May 5, 2021

> *s/ Samuel P. Go*
> SAMUEL P. GO
> Assistant Director
> United States Department of Justice
> Civil Division