Ya-Wen Hsiao
1141 Hoolai St. Apt 201
Honolulu HI 96814
808-728-2646
rabbityhsiao@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YA-WEN HSIAO,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MARTIN JOSEPH WALSH, United States Secretary of Labor,<br><br>　　　　　　Defendant. | CIVIL NO. 1:18-cv-00502 JAO-KJM<br><br>**MOTION TO SUPPLEMENT AND COMPLETE THE ADMINISTRATIVE RECORD**<br><br>**Exhibit A**<br><br>**Certificate of Service** |

# INTRODUCTION

The Plaintiff started this action against the Defendant for judicial review of the denial of an application for a labor certification pursuant to the Administrative Procedure Act. Ms. Hsiao also alleged constitutional violations. The record will reflect the procedural history.

Of particular relevance for this instant motion is ECF 80 which is the Certified Administrative Record that the Defendant submitted.

The APA claims must be reviewed based on the complete record before the Defendant. The submitted record is incomplete and must be completed and supplemented for the Court to "review the whole record or those parts of it cited by a party . . .." 5 U.S.C. § 706

The Plaintiff has conferred with the Defendant multiple times about the insufficiency of the Administrative Record but the Defendant to date has not completed the administrative record.

# LEGAL STANDARD

Courts generally limit APA review to the administrative record. *Lands Council v. Powell*, 395 F.3d 1019, 1029 (9th Cir. 2005). A complete administrative record consists of materials considered by the agency "directly or indirectly" in making a decision. *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989). Such materials usually must exist at the time of the decision. *Lands Council*, 395 F.3d at

1029 (quoting *S.W. Ctr. For Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996)).

Courts may grant motions to complete the administrative record where the agency has not submitted the "whole record" before it at the time it made an agency action that was allegedly arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706. The whole record encompasses "all the evidence that was before the decision-making body." *Pub. Power Council v. Johnson*, 674 F.2d 791, 794 (9th Cir. 1982). Evidence includes documents contrary to the agency's position and "all documents and materials directly or indirectly considered by agency decision-makers." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989). If the agency determines that certain documents that were considered, directly or indirectly, should be excluded while designating the Administrative Record index, those documents should be entered into a privilege log to submit the "whole record" to the court. See *Inst. for Fisheries Res. v. Burwell*, No. 16-CV-01574-VC, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017), mandamus denied sub nom. In re Thomas E. Price, No. 17-71121 (9th Cir. Jan. 18, 2018).

An agency's designation of the record is presumed complete, but plaintiffs may overcome the presumption by "identify[ing] the allegedly omitted materials with sufficient specificity and identify[ing] reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the

record." *Oceana, Inc. v. Pritzker*, No. 16-CV-06784-LHK (SVK), 2017 WL 2670733, at *2 (N.D. Cal. June 21, 2017) (internal quotations and citation omitted). "Plaintiffs need not show bad faith or improper motive to rebut the presumption." *People of State of Cal. ex rel. Lockyer v. U.S. Dep't of Agric.,* No. C05-03508 EDL, 2006 WL 708914, at *2 (N.D. Cal. Mar. 16, 2006).

The Ninth Circuit recognizes several exceptions to the general rule that a district court may not consider extra-record evidence in APA cases. *San Luis & Delta-Mendota Water Auth. v. Locke,* 776 F.3d 971, 992 (9th Cir. 2014). A reviewing court may consider extra- record evidence where admission of that evidence (1) is necessary to determine whether the agency has considered all relevant factors and has explained its decision; (2) is necessary to determine whether the agency has relied on documents not in the record; (3) is necessary to explain technical terms or complex subject matter; or (4) "a plaintiff makes a showing of agency bad faith." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (quoting *Sw. Ctr. For Biological Diversity v. U.S.F.S.*, 100 F.3d 1443, 1450 (9th Cir. 1996)) (internal quotations omitted). These exceptions are meant to "identify and plug holes in the administrative record." *Id.*; see, e.g., *Camp v. Pitts*, 411 U.S. 138, 142-43 (1973). Though widely accepted, these exceptions are narrowly construed and applied. *Lands Council v. Powell,* 395 F.3d 1019, 1030 (9th Cir. 2005).

# THE MISSING RECORDS

## A. The BALCA's Administrative Record in adopting the En Banc Procedures

The APA's requirement of notice and comment is "'designed to assure due deliberation of agency regulations' and 'foster the fairness and deliberation of a pronouncement of such force.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 745 (9th Cir. 2018) ("EBSC I") (quoting *United States v. Mead Corp.*, 533 U.S. 218, 230 (2001), quoting *Smiley v. Citibank* (S.D.), N.A., 517 U.S. 735, 741 (1996)).

The submitted Certified Administrative Record (CAR) at ECF 80 is devoid of, among other things, records, deliberations, studies, statements of position on implementing the "En Banc Procedures" adopted by the Defendants in adjudicating labor certification applications.

Supplementing the record in the APA context requires the movant to specify the exact record sought to be included into evidence and why it is relevant. But there is no record submitted pertaining to the "En Banc Procedures".

The Defendant has argued that the en banc procedure is an internal process procedure exempted from the APA's "notice-and-comment" requirement. But even if the "En Banc Procedures" is an interpretive rule which is not subject to formal rulemaking (it is not), the Government is not exempted from compiling the administrative record in implementing the rule.

Due process requires notice of any rule and, at a minimum, must be published in the Federal Register under 44 U.S.C. § 1505. This publication was not submitted. Because the CAR does not have any documents in relation to the En Banc rules, the Plaintiff keeps open the possibility of a succeeding Motion to Supplement with regards to the En Banc rules, should the records present itself to be incomplete.

## B. Motion to Complete the Administrative Record related to BALCA case 2012-PER-02131

1. Original Audit Response Received on Feb 16, 2011.

2. Employer's follow up request to Certifying Officer on February 1, 2012 and Certifying Officer's response dated February 2, 2012.

3. Original Brief Submitted to BALCA by Employer's Counsel dated October 18, 2012.

4. Email Call to vote to En Banc panel dated February 16, 2017 and votes.

5. Email thread starting on May 30, 2017 inquiring about FOIA request and inquiry about the En Banc Process used in the Employer's BALCA appeal.

6. June 6, 2017 letter from ALJ Almanza in response to Plaintiff's inquiry.

7. July 28, 2017 letter from ALJ Almanza in response to Employer's request for a status update.

8. April 25, 2018 email thread from Plaintiff's husband to Jason Nunez.

9. April 25, 2018 email thread from Plaintiff to Todd Smyth following up on Motion

10. April 26, 2018 email thread from BALCA to Kenyon McWilliams requesting the case file for BALCA case 2012-PER-02131.

All the records above were directly or indirectly related to this case and was not submitted with the CAR. All the materials above existed and are related to the PERM application at the time of the Final Agency action which concluded on August 20, 2018.

### C. **Motion to Supplement the Administrative Record related to BALCA case 2012-PER-02131**

"District courts are permitted to admit extra-record evidence: (1) if admission is necessary to determine 'whether the agency has considered all relevant factors and has explained its decision,' (2) if 'the agency has relied on documents not in the record,' (3) 'when supplementing the record is necessary to explain technical terms or complex subject matter,' or (4) 'when plaintiffs make a showing of agency bad faith.'" Conservation Cong. v. U.S. Forest Serv., No. 2:13-cv-00934-JAM-DB, at *4 (E.D. Cal. May 27, 2020)

In the APA part of this suit, Plaintiff alleges an impermissible conflict of interest. Harry Sheinfeld was the advisor to BALCA on the Employer's application and he was personally served the employer's initial brief to BALCA in his capacity as the

"Counsel for Litigation". These factual allegations have already been admitted by the Defendant in their Answer.

The APA and due process prohibits an employee or agent engaged in the performance of investigative or prosecuting functions in a factually related case, participate or advise in the decision, recommended decision, or agency review pursuant to section 557. *See* 5 U.S.C. § 554 (d)(2)

The Plaintiff therefore moves the Court to order the Defendant to supplement the record by producing:

1. Personnel records of Harry Sheinfeld when he served as Counsel for Litigation for the CO and as a Senior Attorney for BALCA.

2. Agency personnel policy which specifically relates to "rehired annuitants" and communication that illustrates the mechanism and reasoning by officials responsible for hiring Shienfeld that allowed him to serve as a senior attorney at BALCA and advice on cases in which he served as counsel for the Certifying Officer. These documents are highly relevant and are also necessary 'to explain technical terms or complex subject matter'.

3. Exhibit A indicates that Chief ALJ requested a "dual-compensation waiver" for Sheinfeld to assist with the PERM backlog. The record must also be supplemented hiring records because these are directly related to policies that show under what authority was BALCA was able to assign a lawyer to advice

on cases he was directly involved in while serving as counsel for litigation for the Certifying Officer.

Examples of these are presented in Exhibit A of this Motion which were acquired through a FOIA request. In this exhibit, it demonstrates that Sheinfeld's position description was exclusively to assist with "Whistleblower" cases. The "Power Recruiting" summary indicated that this was a vacancy that was "open to everyone" and the posting was requested on July 2, 2015. However, the same document also indicates that Sheinfeld has been already appointed and the email between Shienfeld and OALJ demonstrates that the decision to place him in this position has been decided well before June 18, 2015.

## **CONCLUTION**

For the foregoing reasons, the Plaintiff moves the Court for an order directing the Department of Labor to complete and supplement the record. These records are essential for meaningful review of the issues before this Court.

Respectfully Submitted on May 10, 2021,

**/s/ Ya-Wen Hsiao**
1141 Hoolai St. Apt 201
Honolulu HI 96814
(808) 728-2646
rabbityhsiao@gmail.com
*Pro Se Plaintiff*
